UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., successors-in-interest to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF JOHNSON CITY, TN, et al.,<br><br>*Defendants*. | CASE NO. |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

Plaintiffs JANE DOES 1-9 ("Plaintiffs"), through their undersigned attorneys, make this Motion to Proceed Under Pseudonym and seek permission to proceed in the above-captioned case as pseudonymous plaintiffs. This Court should permit Plaintiffs to protect their true identities from public disclosure because their factual allegations involve extremely intimate details of sexual assault and rape by a convicted felon, the public disclosure of which would risk retaliatory physical and mental harm, and result in extreme emotional distress. Proceeding under pseudonym will safeguard Plaintiffs' privacy and wellbeing without prejudicing Defendants who will be provided with Plaintiffs' identities in a sealed filing and who will be able to use Plaintiffs' names during discovery upon the Court's issuance of a protective order.

### STATEMENT OF FACTS[1]

---

[1] These facts are derived from the allegations in the Complaint that is being filed contemporaneously with this Motion.

Plaintiffs were all victims of Sean Williams, a local drug dealer and convicted felon who, for years, drugged and raped women in Johnson City, Tennessee. Each of them suffered sexual assault or attempted sexual assault committed by Williams or his coconspirator, Alvaro Fernando Diaz-Vargas. Defendants the City of Johnson City, Tennessee, Chief Karl Turner, Captain Kevin Peters, Detective Toma Sparks, and John Does 1-5, knowingly obstructed any criminal investigation into these crimes. JCPD's practice of failing to investigate and charge Williams' crimes was motivated, in part, by officers' actual discriminatory animus towards women, in violation of Plaintiffs' Equal Protection and Due Process Rights. JCPD's discrimination on the basis of sex against the women Plaintiffs also violated Title IX. JCPD officers also corruptly and unlawfully conspired to permit Williams to remain at large because of benefits they received from Williams.

Plaintiffs have lived in fear for years, both because of the crimes Williams committed against them, and because of JCPD's inaction and obstruction. After Williams absconded from a federal warrant for his arrest – which was enabled by JCPD officers tipping him off – a year passed during which he evaded law enforcement. During this time, Plaintiffs feared for their safety. Plaintiffs had reason to believe that JCPD would not protect them against this predator, and indeed, in one instance, JCPD Detective Toma Sparks informed a victim of Williams, JANE DOE 2, that JCPD would not protect her if she came forward and pressed criminal charged against Williams.

Plaintiffs are concerned that filing this Complaint under their true identities at this time will place them at risk of retaliation both by Williams's coconspirators, who remain at large, and by officers of JCPD who remain in positions of power. Plaintiffs further fear that identifying themselves publicly at this time will interfere with their physical and emotional well-being, and could impede their efforts to process, cope with, and recover from the conduct described in the

2

Complaint. The offenses described in the Complaint include information "of the utmost intimacy," namely, specific details of forced sex acts which the Plaintiffs endured at the hands of Williams and Diaz-Vargas.

Accordingly, Plaintiffs respectfully request that the Court permit them to proceed pseudonymously. Under well-settled law and policy, there is good cause to grant Plaintiffs this relief.

## LEGAL ARGUMENT

The Federal Rules of Civil Procedure state that "the title of the complaint must name all the parties" and "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a) & 17(a)(1). Even so, courts "approve[] of litigating under pseudonym in certain circumstances" in order to protect plaintiffs appearing in federal court. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008); *see also Doe v. Bolton*, 410 U.S. 179 (1973) (hearing case with pseudonymous plaintiff without criticism). "[T]he decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court." *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n. 2 (3rd Cir. 2008). To proceed anonymously, a plaintiff must demonstrate that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

In *Porter*, the Sixth Circuit identified four, non-exhaustive factors courts may consider in determining whether a party's interest in anonymity outweighs the presumption of open proceedings:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs

3

to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4) whether the plaintiffs are children.

*Id.*

As set forth below, courts can consider a number of other factors as well, and no one factor is dispositive. *See Doe v. University of Pittsburgh*, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Two of the *Porter* factors weigh heavily in favor of granting Plaintiffs relief here. First, Plaintiffs are suing a government entity, the City of Johnson City, as well as JCPD officers acting under color of law, and therefore satisfy the first *Porter* factor. Specifically, Plaintiffs are alleging police corruption, obstruction of a federal criminal investigation, and violations of their Constitutional rights. The factual allegations detailed in the Complaint represent truly outrageous government misconduct, the type of "exceptional circumstances" that would warrant the right to purse the claims anonymously. *See Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020) (plaintiffs' First Amendment right to redress against government conduct should be protected in "exceptional circumstances" which justify anonymity). Revealing Plaintiffs' identities in this case, given the nature of the allegations against the government actors, would have a chilling effect on their First Amendment right to pursue their claims. Plaintiffs have legitimate fears for their physical and mental safety, and possible retaliation.

This factor is also supported here where Plaintiffs' allegations involve the policies and practices of JCPD, which Plaintiffs allege violated their Equal Protection and Due Process rights under the Constitution. *See G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that the first *Porter* factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute"). Accordingly, the first

*Porter* factor weighs heavily in favor of granting the instant motion and allowing Plaintiffs to proceed under pseudonym.

There can be no dispute that the second *Porter* factor – whether the suit reveals information "of the utmost intimacy" – also applies here. Indeed, the descriptions of the forced sex acts alleged in the Complaint disclose the most traumatic and deeply personal experiences of these Plaintiffs' lives. In the case of JANE DOE 9, the memories of the sexual assault were so traumatic that she has never recounted the details of the assaults to anyone prior to the filing of this suit. These were crimes of sexual violence perpetrated against the victim Plaintiffs, which were personally devastating. Forcing Plaintiffs to reveal their identities in order to seek justice for these wrongs would add to the extreme emotional and psychological harm they have already had to endure and is not necessary here.

Providing anonymity to the Plaintiffs here would mirror protections that have long been applied in state court in Tennessee to victims of sexual assault pursuing civil remedies. *See, e.g.*, *Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173 (Tenn. 1992) (sexual assault case); *Doe v. Board of Educ. of Memphis City Schools*, 799 S.W.2d 246 (Tenn. App. 1990) (same); *Doe v. Goodwin*, 254 S.W.3d 428 (Tenn. Ct. App. 2007) (same); *Doe v. Mama Taori's Premium Pizza, LLC*, No. M1998-00992-COAR9-CV, 2001 WL 327906 (Tenn. Ct. App. 2001) (same).

Federal courts also generally allow a plaintiff to litigate under a pseudonym where there are allegations of sexual assault because these cases concern highly sensitive and personal subjects. *See Doe v. De Amigos*, LLC, No. 11-cv-1755, *5 (D.D.C. Apr. 30, 2012) (citing cases); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615, 2013 WL 5634337,

at *3, *4 (D. Md. Oct. 15, 2013) (finding that "sexual assault" is a "highly sensitive and personal matter"); *Roe v. St. Louis Univ.*, No. 08-cv-1474-JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing use of pseudonym because rape is a "personal matter of the utmost intimacy").

Accordingly, the second *Porter* factor weighs heavily in favor of granting the instant motion. Plaintiffs should not be further harmed by the disclosure of information "of the utmost intimacy" because they seek to hold accountable those who committed acts of sexual violence against them or enabled such acts.

In addition to the *Porter* factors, courts have considered the following – all of which apply here – in determining whether to grant plaintiffs anonymity in litigating:

> (1) the risk of retaliatory physical or mental harm to innocent non-parties; (2) the extent to which the identity of the litigant has been kept confidential; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) the undesirability of an outcome adverse to the pseudonymous party and attributable to the party's refusal to pursue the case at the price of being publicly identified; (5) whether the motivations of the party seeking to pseudonymously, or those opposing the use of a pseudonym, are illegitimate; (6) risk of injury to plaintiff if identified; (7) possible prejudice of defendant by plaintiff's use of a pseudonym; and (8) whether less drastic means of preserving the plaintiff's interests are available.

*See Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (quoting *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)); *Doe v. Oshrin*, 299 F.R.D. 100, 103 (D.N.J. 2014); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *Doe v. Shakur*, 164

F.R.D. 359, 361 (S.D.N.Y. 1996); *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 140 (S.D. Ind. 1996).

There is a "'strong [public] interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" *De Amigos*, No. 11-cv-1755, at *6 (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195-96 (E.D.N.Y. 2006)). This is especially true here where there are almost certainly other victims of Williams's sexual abuse, who are innocent non-parties to this suit, who have yet to report his crimes and fear retaliation. Protecting Plaintiffs' identities will also serve to protect their innocent family members, who may also be targets of retaliation, and to encourage additional victims of Williams and Diaz-Vargas to come forward.

Finally, Defendants will not be prejudiced by granting Plaintiffs' request to proceed by pseudonym, and there are no less drastic means of protecting Plaintiffs' confidentiality and dignity here. This motion is not sought "to impair defendant's ability to defend [itself], to delay the litigation or to increase the costs to defendant." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Pa. 1997). The Parties can enter into a protective order that ensures Defendants are not prejudiced in discovery or in their ability to defend the case.

The strongest public interest lies in preventing the stigmatization of victims of sexual violence and allowing victims of sexual violence to vindicate their rights. *See Oshrin*, 299 F.R.D. at 104; *Kolko*, 242 F.R.D. at 195–96. This Court should accordingly grant Plaintiffs' motion so that they may seek to redress the harm they have already experienced without incurring further injury as a result.

Dated: June 21, 2023          Respectfully submitted,

                              */s Heather Moore Collins*
                              Heather Moore Collins BPR # 026099

Caroline Drinnon BPR # 037016
**HMC Civil Rights PLLC**
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
caroline@hmccivilrights.com

*-- and --*

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones CABN # 281715
(*Pro Hac Vice* Forthcoming)
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
(510) 500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for the Plaintiffs*

8

Case 2:23-cv-00071   Document 3   Filed 06/21/23   Page 8 of 8   PageID #: 54