UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOES 1-9, | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 2:23-CV-71 |
| CITY OF JOHNSON CITY, TN, et al., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

In their lawsuit, Plaintiffs allege that they have been victims of sexual assault. The alleged victims, filing initially as Jane Does 1-9, filed a Motion to Proceed Under Pseudonym [Doc. 2]. The pending motion is before the undersigned pursuant to 28 U.S.C. § 636 and is now ripe for resolution.

I.     BACKGROUND

Plaintiffs allege that at various points between 2018 and 2021 they were unwillingly drugged and sexually assaulted by Sean Williams at his Johnson City, Tennessee apartment. Plaintiffs further allege that Defendants ignored and diminished their reports of sexual assault against Mr. Williams, failed to investigate Mr. Williams' alleged crimes against women, and failed to appropriately refer charges against Mr. Williams for prosecution. [Doc. 1]. Plaintiffs allege that Defendants had an institutional policy to "ignore complaints of criminal activity and bodily harm, including allegations of rape and drug activity by [Mr.] Williams and his accomplices," which they

instituted as to multiple women under [Defendants'] jurisdiction. *Id.* at p. 2. Plaintiffs are seeking monetary and declaratory relief. *Id.* at p. 37-38.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a). "Allowing a plaintiff to proceed pseudonymously is the exception, not the rule." *Doe v. Penske Truck Leasing, Co. LP*, No. 1:18-CV-00203-HSM-SKL, 2019 WL 13299259, at *1 (E. D. Tenn. Feb. 8, 2019) (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). At the same time, the court may allow a plaintiff to proceed under a pseudonym in certain circumstances. To be permitted to proceed pseudonymously, the moving party must show that his or her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. Several factors are considered in making this determination, including: "(1) whether the plaintiffs seeking anonymity are suing to challenge a governmental activity; (2) whether prosecution of the suit will compel plaintiffs to disclose information 'of the utmost intimacy;' (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." citing *Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). The decision of whether to grant leave to proceed under a pseudonym is within the discretion of the Court. *See id.*

## III.   ANALYSIS

It is apparent from the face of the complaint filed in this matter that the case involves information "of the utmost intimacy." Further, Plaintiffs are challenging a governmental activity, and the facts related to the complaint include the use of illegal drugs and the possibility that one or more of the plaintiffs operated a motor vehicle under the influence of drugs and/or alcohol. As such, by revealing these facts Plaintiffs may be risking criminal prosecution. Taking all these

factors into consideration, the Court finds that Plaintiffs' "privacy interests substantially outweigh the presumption of open judicial proceedings" at this juncture. *Id.* This is consistent with previous rulings in this District. *See, e.g., Penske Truck Leasing, Co. LP*, No. 1:18-CV-00203-HSM-SKL, 2019 WL 13299259, at *2-3; *Doe v. Ross Univ. Sch. Of Med.*, No. 3:18-cv-411, 2018 WL 11512587 (E.D. Tenn. Oct. 2, 2018).

### IV. CONCLUSION

Based upon the foregoing, the Court finds Plaintiff's Motion to Proceed Under Pseudonym [Doc. 2] well-taken, and it is **GRANTED**. Accordingly, Plaintiffs shall be permitted to proceed pseudonymously with respect to pretrial proceedings, or until such time as this Order is modified by the Court.[1]

While this Order is in effect, Defendants **SHALL NOT** identify any Plaintiff to any nonparty other than as may be necessary to defend against this action. If an issue arises as to the need to identify a Plaintiff in this action to a nonparty, the parties **SHALL** confer to address the issue. Consistent with this Order and Federal Rule of Civil Procedure 5.2, any party that files a document in the public record **SHALL** redact any personal identifying information of any Plaintiff.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] The Court notes that Defendants have not yet been served with process in this matter and, as such, have not had an opportunity to object to Plaintiffs' request. Accordingly, should Defendants wish to challenge the Court's grant of Plaintiffs' motion, they may do so by filing a motion for reconsideration with an accompanying memorandum of law. It is further noted that entry of this Order does not relieve Plaintiffs of their obligations to properly serve Defendants with process in accordance with the Federal Rules of Civil Procedure.