JANE DOE 1, JANE DOE 2, JANE DOE 3,   ]
JANE DOE 4, JANE DOE 5, K.T. and   ]
M.T., Successors-in-interest to JANE DOE 6,   ]
JANE DOE 7, JANE DOE 8, and JANE DOE   ]
9,   ]
   ]
   Plaintiffs,   ]   No.: 2:23-cv-00071-TRM-CRW
   ]
v.   ]   PLAINTIFFS' DEMAND
   ]   JURY TRIAL
CITY OF JOHNSON CITY, TN., et al.,   ]
   ]
   Defendants.   ]

## ANSWER OF THE CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,[1] CAPTAIN KEVIN PETERS, IN HIS OFFICIAL CAPACITY,[1] AND INVESTIGATOR TOMA SPARKS, IN HIS OFFICIAL CAPACITY[1]

Come now the Defendants, City of Johnson City, Tennessee ("City" or "Johnson City"), Karl Turner, in his individual and in his official capacities ("Chief Turner")[1], Captain Kevin Peters ("Captain Peters"), in his official capacity[1], and Investigator Toma Sparks ("Investigator Sparks") in his official capacity[1], to respond the *Complaint* filed against them and would answer as follows:

## FIRST DEFENSE

The official capacity *Complaints* against Chief Turner, Captain Peters, and Investigator Sparks are redundant and superfluous claims since the City of Johnson City is a named party and such claims are subject to dismissal as a matter of law.

---

[1] Official capacity claims are the functional equivalent of claims against the municipality and reflect a redundant and superfluous pleading subject to dismissal as a matter of law. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).

## **SECOND DEFENSE**

The federal and state law claims of all Plaintiffs are time barred by the applicable statute of limitations.  Tenn. Code Ann. § 28-3-104(a)(1); and § 29-20- 305(b).

## **THIRD DEFENSE**

The claims brought pursuant to Title IX fail to state a claim as a matter of law, in that the Complaint fails to allege that the City of Johnson City is an educational institution, fails to allege that the City of Johnson City deprived the Plaintiffs of the benefits of an educational program, and fails to state a claim as to any individual employee of the City. 20 U.S.C. § 1681(a); *Doe v. Belmont Univ.*, 367 F. Supp. 3d 732, 755 (M.D. Tenn. Mar. 13, 2019)

## **FOURTH DEFENSE**

The Plaintiffs substantive due process claims are subject to dismissal as a matter of law since the Plaintiffs have alleged violations of explicit constitutional rights available as their source of protection such that their substantive due process claim is subsumed into their more particularized constitutional claims.  *Handy-Clay v. City of Memphis, Tenn.,* 695 F3d 531 (6th Cir. 2012).

## **FIFTH DEFENSE**

This Court lacks jurisdiction over the unnamed parties until a *Protective Order* is submitted allowing both the Court and the Defendants to know the names and addresses of those filing suit. Fed. Rule Civ. Proc. 10(a); *Citizens for a Strong Ohio v. Marsh,* 123 Fed. Appx. 630, 636 (6th Cir. 2005).

## SIXTH DEFENSE

Any allegation expressly or impliedly asserting a conspiracy fails to state a claim due to a lack of specificity and meeting the requirements of pleading a civil conspiracy.

## SEVENTH DEFENSE

The Intracorporate Conspiracy Doctrine is affirmatively asserted as a bar to some or all of any conspiracy claims expressly or impliedly asserted.

## EIGHTH DEFENSE

It is affirmatively asserted that the Plaintiffs are without standing to sue the Defendants for alleged failure to prosecute or investigate an assailant.

## NINTH DEFENSE

Karl Turner, in his individual capacity, asserts his entitlement to dismissal as to all claims against him, with prejudice, on the basis of the doctrine of qualified immunity.

## TENTH DEFENSE

All limitations and immunities contained within Tennessee's Governmental Tort Liability Act ("GTLA") are affirmatively asserted as to each Plaintiffs claims against the City of Johnson City, including but not limited to the limitations identified in Tenn. Code Ann. § 29-20-201, § 29-20-205, and § 29-20-205(1)(2)(3)(5)(6).

**ELEVENTH DEFENSE**

The Public Duty Doctrine is hereby affirmatively asserted as a bar to some or all of the individual Plaintiff's claims.

**TWELFTH DEFENSE**

It is affirmatively asserted that the Plaintiffs have failed to comply with Rule 4 of the Fed. R. Civ. P. and/or the Tenn. R. Civ. P. with respect to service of process of their *Complaint.*

**THIRTEENTH DEFENSE/COMPARATIVE FAULT**

As to any state law claim, it is affirmatively asserted that the reckless, gross negligence or intentional conduct of (1) Female 1; (2) Alvaro "Alvie" Fernandez Diaz; (3) Sean Williams or (4) Jane Doe 2, as to the claims of Jane Doe 3, of engaging in the conduct alleged in the *Complaint* ¶¶ 19, 20, 26, 34, 35, 38, 39, 41, 66, 89, 122, 147, 157, 164, 168, 196, were comparatively at fault and are subject to being joined as defendants as responsible parties for the injuries about which the Plaintiffs complain.

It is further affirmatively asserted that each individual plaintiff (or the decedent *Jane Doe 6*) was contributorily and comparatively at fault in that she knew or should have known that choosing to partake in illegal drugs and/or alcohol made available and provided by a person either unknown to them, not well known to them, or sufficiently known to them, carried certain risks of becoming overdosed on drugs, incapacitated and unconscious or otherwise made vulnerable to the type of conduct alleged to have occurred to them during the early morning hours while partying in a non-public, secluded, residential setting.

It is affirmatively asserted that the identified at fault contributing tortfeasors as well as each

4

Plaintiff's conduct, mistaken judgment, and choice to engage in consumption of controlled substances constitute and comprise fifty percent (50%) or more of the total comparative fault and/or negligence resulting in the injuries about which they each now complain.

These Defendants affirmatively raise the doctrine of modified comparative fault as a defense to any state law claims the Plaintiffs have asserted. These Defendants specifically allege that any injuries sustained by any Plaintiff she may prove at trial could have only come about as the result of the acts of the alleged perpetrator identified in the Plaintiffs' *Complaint*. The trier of fact should be allowed to consider the actions of the alleged perpetrators identified in the Plaintiffs' *Complaint* as being the sole and proximate cause of any injuries or alleged injuries sustained by the individual Plaintiffs. The trier of fact should be allowed to place percentages of fault on the alleged perpetrators that should mitigate and/or bar any recovery against these Defendants.

## FOURTEENTH DEFENSE/ANSWER

The allegations contained in the unnumbered introductory paragraph of the *Complaint* are denied.

## JURISDICTION AND VENUE

1.      The statutory and constitutional grounds on which the Plaintiffs seek to base their claims are noted. It is denied any Plaintiff is entitled to maintain any such a claim against these responding Defendants.


2.      Admitted this Court has federal jurisdiction in this case contingent upon the Plaintiffs' identifying themselves to the Court and all Defendants with the submittal of a proposed *Protective Order*. It is denied that supplemental jurisdiction as to state law claims should be

5

considered by the Court until such time as it is determined that a viable federal claim exists.

3.      Admitted venue is proper with this Court in that all named Defendants reside within Upper East Tennessee and within the jurisdiction of this Court.

## **PARTIES**

4-12.    These responding Defendants cannot admit or deny the allegations contained in paragraphs four (4) through twelve (12) of the *Complaint* due to a lack of sufficient knowledge or information as a result of the non-disclosure of the names and addresses of the Plaintiffs.

13.     It is admitted that Johnson City is a Tennessee governmental entity organized and existing under the laws of the State of Tennessee. The remaining allegations in Paragraph 13 contain legal conclusions to which no response is required, and none is given.

14.     It is denied that Chief Turner currently resides in Johnson City, Tennessee, but admitted that he was the Chief of Police from February 17, 2018 to February 27, 2023, and that he was a law enforcement officer employed by Johnson from May 8, 1991 until February 27, 2023.

15.     It is denied that Kevin Peters currently resides in Johnson City, but it is admitted that he was employed as a Captain assigned to the Johnson City Police Department from July 4, 2020 until February 28, 2023,  and it is further admitted he was an employee of Johnson City assigned to its Police Department from January 2, 1991 to February 27, 2023.

16. It is denied that Toma Sparks currently resides in Johnson City, but it is admitted he was an Investigator assigned to the Johnson City Police Department Criminal Investigation Division effective March 16, 2019, until the present and, prior thereto, was an employee of Johnson City assigned to its Police Department starting on October 1, 2007.

17. Paragraph seventeen (17) of the *Complaint* makes no factual allegations and, therefore, no response is required or made.

## FACTUAL BACKGROUND

**A.      Williams Conspired to Drug and Rape Women in Johnson City.**

18. These responding Defendants are without sufficient knowledge or information, at this time, to admit or deny the allegations contained in paragraph eighteen (18) of the *Complaint*.

19. These responding Defendants are without sufficient knowledge or information, at this time, to admit or deny the allegations contained in paragraph nineteen (19) of the *Complaint*.

20. These responding Defendants are without sufficient knowledge or information, at this time, to admit or deny the allegations contained in paragraph twenty (20) of the *Complaint*.

**B.      Jane Doe 1's Factual Allegations**

21-33. These responding Defendants can neither admit or deny the allegations contained in paragraphs twenty-one (21) through thirty-three (33) of the *Complaint* due to a lack of sufficient knowledge or information, including the lack of the identity of Jane Doe 1.

**C.      Jane Doe 2's Factual Allegations**

34-60.  These responding Defendants can neither admit or deny the allegations contained in paragraphs thirty-four (34) through sixty (60) of the *Complaint* due to a lack of sufficient knowledge or information, including the lack of the identity of Female 1 or Jane Doe 2.

**D.      JCPD Officers Fail to Investigate Female 2's Report of Sexual Assault**

61.      Admitted that the Dahl *Complaint*, No. 2:22-cv-00072-KAC-JEM (E.D. TN) makes these allegations, however, there have been no adjudications of factual allegations and these Defendants incorporate by reference their answer to the allegations made by Plaintiff Dahl.

62.      Denied.

63.      Denied.

64.      Admitted in part, denied in part.  Admitted Female 2 was cooperative by coming to the Police Department as requested on December 15, 2020.  Otherwise, the allegations contained in paragraph sixty-four (64) of the *Complaint* are denied.

65.      Admitted.

**E.     Jane Doe's Factual Allegations**

66-80.  These responding Defendants can neither admit or deny the allegations contained in paragraphs sixty-six (66) through eighty (80) of the *Complaint* due to a lack of sufficient knowledge or information, including the lack of the identity of Jane Doe 3 or Female 1.

**F.     Jane Does's Factual Allegations**

81-88.  These responding Defendants can neither admit or deny the allegations contained in paragraphs eighty-one (81) through eighty-eight (88) of the *Complaint* due to a lack of knowledge or information, including the lack of the identity of Jane Doe 4.

**G.     Jane Doe 5's Factual Allegations**

89-99.  These responding Defendants can neither admit or deny the allegations contained in paragraphs eighty-nine (89) through ninety-nine (99) of the *Complaint* due to a lack of knowledge or information, including the lack of the identity of Jane Doe 5 or Female 1.

**H.     Jane Doe 6's Factual Allegations**

100-120.  These responding Defendants can neither admit or deny the allegations contained in paragraphs one hundred (100) through one hundred twenty (120) of the *Complaint* due to a lack of knowledge or information, including the lack of the identity of Sister 1, Sister 2, or any allegedly involved JCPD law enforcement officer.

**I.     Jane Doe 7's Factual Allegations**

121-137.  These responding Defendants can neither admit or deny the allegations contained

in paragraphs one hundred twenty-one (121) through one hundred thirty-seven (137) of the *Complaint* due to a lack of sufficient knowledge or information.

138.    Admitted Jane Doe 7 reported being sexually assaulted to the Federal Bureau of Investigation instead of JCPD.  Due to a lack of knowledge or information, these responding Defendants can neither admit or deny the reason for Jane Doe 7's choice to report her allegations of being sexually assaulted to the FBI instead of JCPD.

139.    These responding Defendants can neither admit or deny what Jane Doe 7 may have reported to agents in the FBI's Johnson City's field office and any action those agents may have taken with respect to Jane Doe 7's cell phone or what Jane Doe 7 may have believed regarding her cell phone.

140.    Admitted.

141.    Admitted.

142.    Denied, as stated.  Admitted Jane Doe 7 was interviewed at the JCPD offices regarding her sexual assault allegations.

143.    These responding Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph one hundred forty-three (143) of the *Complaint.*

144.    Admitted that no charges have been brought against Williams for the sexual assault reported by Jane Doe 7.  Neither admitted or denied due to a lack of knowledge or information as to any remaining allegations.

**J.      Jane Doe 8's Factual Allegations**

145-162.    These responding Defendants can neither admit or deny the allegations contained in paragraphs one hundred forty-five (145) through one hundred sixty-two (162) of the *Complaint* due to a lack of knowledge or information including the lack of the identity of Jane Doe 8 or Jane Doe 8's friend.

**K.      Jane Doe 9's Factual Allegations**

163-177.  These responding Defendants can neither admit or deny the allegations contained in paragraphs one hundred sixty-three (163) through one hundred seventy-seven (177) of the *Complaint* due to a lack of knowledge or information, including the lack of the identity of Jane Doe 9 and Female 1.

**L.      Johnson City Police Department's Search of Williams' Apartment**

178.    Admitted that the investigation by the JCPD determined that from available evidence Female 3 was not pushed out of a window in Sean Williams condominium, but that her fall was accidental.

179.    Admitted.

180.    Admitted Williams was uncooperative but otherwise denied.

181.    Denied as stated; Williams was taken the police department.

182.    These responding Defendants can neither admit or deny the allegations contained in paragraph one hundred eighty-two (182) of the *Complaint* due to a lack of knowledge or information, including the lack of the identity of Jane Doe 5.

183.    It is admitted that JCPD obtained a search warrant and seized various items from Williams's apartment, but it must be denied, at this time, due to a lack of knowledge or information, what Jane Doe 5 may have observed since her identity has not been disclosed.

184.    It is admitted that cameras were noticed by officers upon their initial entry into Williams's apartment, but due to a lack of knowledge or information, it is neither admitted nor denied that Williams recorded his and his guests' activities with these cameras.

185.    The allegation contained in paragraph one hundred eighty-five (185) of the *Complaint* cannot be admitted or denied since the identification of the Plaintiffs have not been disclosed.

186.    The allegation contained in paragraph one hundred eighty-six (186) of the *Complaint* cannot be admitted or denied due to a lack of knowledge or information regarding

what Jane Doe 5 may have observed since her identity has not been disclosed.

187.     Denied, as stated.  Admitted officers photographed a handwritten note reflecting a list of first names of individuals under the heading "raped."

188.     These responding Defendants cannot admit or deny the allegation contained in paragraph one hundred eighty-eight (188) of the *Complaint* due to a lack of knowledge or information.

189.     Admitted.

190.     Denied that Female 3 was capable of communicating with officers until a few weeks after her fall and at that time reported she had no memories of the events leading up to her fall.  Thereafter, Female 3 has spoken to the media and others and stated that she thinks she may have been drugged before falling.  However, no evidence to date has been discovered supporting this suggestion.

191.     Admitted.

**M.     Johnson City Police Department Interfere with Federal Criminal Investigation into Williams**

192.     These responding Defendants incorporate by reference all responses and defenses heretofore made.

193.    It is admitted that on November 12 or 13, 2020, Det. Sparks presented a potential felon in possession of ammunition case against Williams to the SAUSA Dahl for her review.

194.    Admitted a single count of possession of ammunition by a felon was not a common charge, but denied the potential incarceration upon conviction was minimal.

195.    Denied.

196.    The commentary contained in paragraph one hundred ninety-six (196) of the *Complaint* makes no factual allegations against these responding Defendants or any Johnson City Police Department officer and therefore no response is required or made**.** To the extent a response may be required, these responding Defendants would aver that it is an equally plausible reason law enforcement officers were seeking a criminal charge against Williams was to apprehend him and achieve a conviction that included incarceration such that women might come forward without fear of retaliation as to claims against Williams for sexual assault.

197.    Admitted in part and denied in part.  Admitted SAUSA Dahl agreed in November 2020 to pursue an indictment, and the indictment was obtained on April 13, 2021, any remaining allegations are denied.

198.    Admitted Dahl made the allegations which have not been adjudicated and these Defendants incorporate by reference their answer to these allegations made by Plaintiff Dahl.

199. (a-m)  Admitted Dahl made the allegations which have not been adjudicated and these Defendants incorporate by reference their answer to these allegations made by Plaintiff Dahl.

**N.**    **Johnson City Police Department–Deprivation of Constitutional Right to Equal Protection under the Law**

200.    It is admitted that in November, 2019, a female reported she had been raped by Sean Williams and a case file was opened and an investigation initiated.

201.    Denied.

202.    Denied.

203.    Denied as stated in that the allegation lacks any reference to a timeframe.

204.    These responding Defendants cannot admit or deny the allegations contained in paragraph two hundred four (204) of the *Complaint* due to a lack of sufficient knowledge or information.

205-210.      Denied.

**O.**     **JCPD's Policy and Procedures Were Motivated by Discriminatory Animus Towards Women**

211.     Denied.

212(a-e).  Denied.

**P.**     **Plaintiffs Learned of JCPD's of JCPD's Discriminatory Animus Towards Women on June 23, 2022**

213.     These responding Defendants are without knowledge or information to admit or deny the allegations contained in paragraph two hundred thirteen (213) of the *Complaint*. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.

214.     These responding Defendants are without knowledge or information to admit or deny the allegations contained in paragraph two hundred fourteen (214) of the *Complaint*. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.

215.     These responding Defendants are without knowledge or information to admit or deny the allegations contained in paragraph two hundred fifteen (215) of the *Complaint*. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.

216.     Denied that the Dahl *Complaint* revealed any factual evidence directed to the allegations contained in paragraph two hundred sixteen (216) of the *Complaint*. Any remaining allegations contained in paragraph two hundred sixteen (216) are likewise denied to the extent the allegations in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 25, 2022, then such allegations are denied.

217.     These responding Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph two hundred seventeen (217) of the *Complaint*, including the lack of the identity of the Jane Doe Plaintiffs.   However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.   It is also denied that the Plaintiffs have suffered a constitutional injury due to the actions or inactions of these responding Defendants.

**Q.     Plaintiffs Experienced and Continue to Experience Severe Harm and Damages**

218.     Denied.

219.     These responding Defendants can neither admit or deny the allegations contained in paragraph two hundred nineteen (219) of the *Complaint* as to the nature of injuries the Plaintiffs may have received as a result of their encounters, involvements and acquaintance with Sean Williams, Alvaro "Alvie" Diaz Vargus, Female 1 or others, due to a lack of knowledge or information.  These responding Defendants deny that they caused the Plaintiffs to sustain any of the injuries alleged in this paragraph of the *Complaint*.

## COUNT I
### Equal Protection, 42 U.S.C. § 1983
### Unconstitutional Policy

220.     These responding Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

221.     The allegations in paragraph two hundred twenty-one (221) assert a legal conclusion without sufficient facts or context to support its premise.  To the extent the Plaintiffs are asserting claims and allegations against these responding Defendants it is admitted only that these responding Defendants were acting under color of law and denied Johnson City maintained an unconstitutional policy or custom.

222.     Denied.

223.     Denied.

224.     The allegations contained in paragraph two hundred twenty-four (224) fail to state a claim upon which relief can be granted against these responding Defendants. To the extent the Plaintiffs are asserting claims and allegations against these responding Defendants in this paragraph of the *Complaint*, then these responding Defendants are without knowledge or information to admit or deny the allegations.

225.     These responding Defendants are without knowledge or information to admit or deny the allegations contained in paragraph two hundred twenty-five (225) of the *Complaint*

involving injuries they may have suffered due to their encounters, involvement with and/or affiliation with Sean Williams, Alvaro "Alvie" Diaz Vargus, Female 1 or others. These responding Defendants deny that they caused the Plaintiffs to sustain any of the injuries alleged in this paragraph of the *Complaint*.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

**COUNT II**
**Equal Protection, 42 U.S.C. § 1983**
**Violation of Substantive Rights to Due Process**

230. These responding Defendants incorporate by reference their responses and defenses to all allegations heretofore asserted.

231. The allegation contained in paragraph two hundred thirty-one (231) of the *Complaint* asserts a statement of law to which no response is required or made. To the extent a response may be required, the assertion is denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

## COUNT III
### Title IX, 20 U.S.C. § 1681

237. These responding Defendants incorporate by reference their responses and defenses to all allegations heretofore asserted.

238. The allegation contained in paragraph two hundred thirty-eight (238) of the *Complaint* is a statement of law to which no response is required or made. To the extent a response may be required, the legal quotation is stipulated to be accurate.

239. Admitted the City of Johnson City received federal funds and directs some of those funds to its Police Department.

240. The allegation contained in paragraph two hundred forty (240) of the *Complaint* cannot be admitted or denied due to a lack of knowledge or information, including the lack of identity of the Plaintiffs.

241-245. Denied.

**COUNT IV**
**Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-205**

246.     These responding Defendants would incorporate by reference the responses and defenses to all allegations heretofore asserted.

247-251.   Denied.

**COUNT V**
**Negligence, Failure to Train**

252.     These responding Defendants would incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

253.     The allegation contained in paragraph two hundred fifty-three (253) of the *Complaint* asserts a statement of law to which no response is required or made. To the extent the Plaintiffs are asserting claims and allegations against these responding Defendants in paragraph 253 that these Defendants breached a duty of care owed to the Plaintiffs, then such claims and allegations are denied.

254-257.   Denied.

**COUNT VI**
**Negligence, Failure to Supervise**

258.     These responding Defendants would incorporate by reference their responses and defenses to all allegations heretofore asserted.

259-260. The allegations contained in paragraphs two hundred fifty-nine (259) and two hundred sixty (260) of the *Complaint* are assertions of law to which no response is required or made. To the extent the Plaintiffs are asserting claims and allegations against these responding Defendants in paragraph 259-260 that these Defendants breached a duty of care owed to the Plaintiffs, then such claims and allegations are denied.

261-264. Denied.

Now having fully responded to the *Complaint*, these responding Defendants would ask that the cause be docketed for further proceedings. Any allegation not heretofore expressly admitted is denied. These responding Defendants demand a trial by jury.

Respectfully submitted,

*s/K. Erickson Herrin*
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: lisa@hbm-lawfirm.com

*s/ Emily C. Taylor*
Emily C. Taylor, BPR # 027157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*

22

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Heather Moore Collins
Caroline Drinnon
Ashley Shoemaker Walter
HMC CIVIL RIGHTS LAW, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
caroline@hmccivilright.com
ashley@hmccivilrights.com

*Counsel for Plaintiffs*

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kberexa@fbb.law
ballen@fbb.law

*Counsel for Toma Sparks in his individual capacity*

Vanessa Baehr-Jones
ADVOCATES FOR SURVIVORS OF ABUSE, PC
4200 Park Boulevard No. 413
Oakland, CA 94602
vanessa@advocatesforsurvivors.com

*Counsel for Plaintiffs*

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
danny@moorerader.com

*Counsel for Kevin Peters in his individual capacity*

Dated this 25th day of August, 2023.

s/Emily C. Taylor, BPR No. 27157
EMILY C. TAYLOR, BPR NO. 27157
Attorney for Defendants
**WATSON, ROACH, BATSON,
& LAUDERBACK, P.L.C.**
Attorneys at Law
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700
etaylor@watsonroach.com