IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 2:23-cv-71 |
| CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, individually and in his official capacity as Chief of the Johnson City Police Department, KEVIN PETERS, individually and in his official capacity as Captain of the Johnson City Police Department, TOMA SPARKS, individually and in his official capacity as Detective of the Johnson City Police Department, and DOES 5-10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | Judge McDonough Magistrate Wyrick |
| Defendants. | ) | |

### ANSWER TO COMPLAINT ON BEHALF OF DETECTIVE TOMA SPARKS, IN HIS INDIVIDUAL CAPACITY

Defendant, Detective Toma Sparks, ("Det. Sparks"), hereby responds to the complaint filed against him in the above-captioned cause of action as follows:

To the extent the allegations in the unnumbered introductory paragraphs relate to Det. Sparks, such allegations are denied.

### JURISDICTION AND VENUE

1. Det. Sparks admits that Plaintiffs bring their claims under the legal authorities cited, but Det. Sparks denies he is liable under any of the stated legal authorities.

FB981660 / PEP 7423                            1

2. Det. Sparks admits this Court has federal jurisdiction in this case contingent upon the Plaintiffs identifying themselves and all Defendants to the Court with the submittal of a proposed Protective Order. Det. Sparks denies that this Court should consider supplemental jurisdiction until it is determined that a viable federal claim exists.

3. Det. Sparks admits the allegations contained in paragraph 3.

## PARTIES

4-12. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 through 12 due to the non-disclosure of the names and addresses of the Plaintiffs.

13. Det. Sparks admits the allegations contained in sentence one of paragraph 13. The remaining allegations in paragraph 13 contain legal conclusions to which no response is required.

14. Det. Sparks is without knowledge or information sufficient to form a belief as to where former Chief Turner currently resides. Det. Sparks admits the remaining allegations contained in paragraph 14.

15. Det. Sparks is without knowledge or information sufficient to form a belief as to where former Capt. Peters currently resides. Det. Sparks admits the remaining allegations contained in paragraph 15.

16. Det. Sparks admits the allegations contained in paragraph 16.

17. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

# FACTUAL BACKGROUND

## A. Williams Conspired to Drug and Rape Women in Johnson City

18. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

## B. Jane Doe 1's Factual Allegations

21-33. Det. Sparks can neither admit nor deny the allegations contained in paragraphs 21 through 33 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 1.

## C. Jane Doe 2's Factual Allegations

34-55. Det. Sparks can neither admit nor deny the allegations contained in paragraphs 34 through 55 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 2.

56. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 at this time due to the lack of identity of Jane Doe 2.

57. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 at this time due to the lack of identity of Jane Doe 2.

58. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 at this time due to the lack of identity of Jane Doe 2.

59. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 at this time due to the lack of identity of Jane Doe 2.

60. Det. Sparks admits that, to date, no criminal charges for sexual assault have been brought against Williams or Diaz-Vargas.

**D. JCPD Officers Fail to Investigate Female 2's Report of Sexual Assault**

61. Based upon information and belief, Det. Sparks admits the allegations are contained in the *Dahl* Complaint as cited, but Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of these allegations.

62-64. Det. Sparks can neither admit nor deny the allegations contained in paragraphs 62 through 64 due to a lack of sufficient knowledge or information, including the lack of identity of Female 2.

65. Det. Sparks admits that, to date, no criminal charges for sexual assault have been brought against Williams.

**E. Jane Doe 3's Factual Allegations**

66-80. Det. Sparks can neither admit nor deny the allegations contained in paragraphs 66 through 80 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 3.

### F. Jane Doe 4's Factual Allegations

81-88. Det. Sparks can neither admit nor deny the allegations contained in paragraphs 81 through 88 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 4.

### G. Jane Doe 5's Factual Allegations

89-97. Det. Sparks can neither admit nor deny the allegations contained in paragraphs 89 through 97 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 5.

98. Det. Sparks admits that, to date, no criminal charges for sexual assault have been brought against Williams.

99. Det. Sparks can neither admit nor deny the allegations contained in paragraph 99 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 5.

### H. Jane Doe 6's Factual Allegations

100-120. Det. Sparks can neither admit nor deny the allegations contained in paragraphs 100 through 120 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 6, Sister 1, Sister 2, or any allegedly involved JCPD law enforcement officer.

### I. Jane Doe 7's Factual Allegations

121. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123-137. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 123 through 137.

138. Based on information and belief, Det. Sparks admits Jane Doe 7 reported being sexually assaulted to the FBI's field office in Johnson City. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 138.

139. Based on information and belief, Det. Sparks admits Jane Doe 7 reported being sexually assaulted to the FBI's field office in Johnson City. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 139.

140. Det. Sparks admits the allegations contained in paragraph 140.

141. Det. Sparks admits the allegations contained in paragraph 141.

142. Det. Sparks admits Jane Doe 7 went to the JCPD offices after leaving the hospital, but Det. Sparks denies the remaining allegations as stated in paragraph 142.

143. Det. Sparks denies the allegations as stated in paragraph 143.

144. To the extent the allegations in sentence one of Paragraph 144 relate to Det. Sparks, Det. Sparks did not share the results from the rape kit with Jane Doe 7. Det. Sparks admits the remaining allegations in paragraph 144.

## J. Jane Doe 8's Factual Allegations

145-162.   Det. Sparks can neither admit nor deny the allegations contained in paragraphs 145 through 162 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 8.

## K. Jane Doe 9's Factual Allegations

163-177.   Det. Sparks can neither admit nor deny the allegations contained in paragraphs 163 through 177 due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 9.

## L. Johnson City Police Department's Search of Williams' Apartment

178.   Det. Sparks admits the allegations contained in paragraph 178. Det. Sparks further avers that based upon available evidence developed during JCPD's investigation, Female 3's fall was accidental.

179.   Det. Sparks admits the allegations contained in paragraph 179.

180.   Det. Sparks denies the allegation contained in paragraph 180.

181.   Det. Sparks admits he took Wiliams to the police department for questioning, and the other JCPD officers left. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 181.

182.   Det. Sparks can neither admit nor deny the allegations contained in paragraph 182 due to a lack of knowledge, including the lack of identity of Jane Doe 5.

183.   Det. Sparks admits JCPD obtained a search warrant and seized various items, but Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 183.

184. Det. Sparks admits that Williams had cameras in his apartment, but Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 184.

185. Det. Sparks can neither admit nor deny the allegations contained in paragraph 185 due to a lack of sufficient knowledge or information, including the lack of identity of Plaintiffs.

186. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations that Jane Doe 5 witnessed JCPD officers seize a safe from Williams' apartment or that she had previously seen large amounts of cash kept within the safe. Det. Sparks admits the allegations that JCPD officers seized a safe from Williams' apartment.

187. Det. Sparks admits a photograph of the handwritten note described in paragraph 187 was taken by JCPD officers, but Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 187.

188. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188.

189. Det. Sparks admits the allegations contained in paragraph 189.

190. Denied that Female 3 was capable of communicating with officers until a few weeks after her fall and at that time reported she had no memories of the events leading up to her fall. Thereafter, Female 3 has spoken to the media and others and stated that she thinks she may have been drugged before falling. However, no evidence to date has been discovered supporting this suggestion.

191. Det. Sparks admits that no criminal charges have been filed with respect to Female 3 falling from the window, but federal criminal charges have been filed as a result of ammunition found in Williams' safe that was seized pursuant to a search warrant executed during the investigation.

**M. Johnson City Police Department Interfere with the Federal Criminal Investigation into Williams**

192. To the extent the Plaintiffs incorporate by reference each allegation, Det. Sparks hereby incorporates all denials, averments, and defenses made in this Answer.

193. Det. Sparks denies the allegation that he presented a potential felon in possession of ammunition case against Williams to SAUSA Dahl for her review on November 13, 2020, but does admit he presented a potential felon in possession of ammunition case against Williams to SAUSA Dahl for her review on November 12, 2020.

194. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194.

195. Det. Sparks denies the allegations contained in paragraph 195, to the extent that "recovered" implies taking possession.

196. The statements contained in paragraph 196 make no factual allegations against Det. Sparks, and thus, no response is required.

197. Det. Sparks admits that SAUSA Dahl agreed to pursue an indictment, but any remaining allegations in paragraph 197 are denied.

198. Det. Sparks admits SAUSA Dahl agreed to pursue a federal indictment, and she also mentioned that she wanted to work on a broader case against Williams. Det. Sparks denies the remaining allegations contained in paragraph 198.

199. To the extent the introductory clause in paragraph 199 relates to Det. Sparks, Det. Sparks denies such allegations.

a. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(a).

b. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(b).

c. Det. Sparks denies the allegations as stated contained in paragraph 199(c).

d. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(d).

e. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(e).

f. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(f).

g. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(g).

h. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(h).

i. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(i).

j. To the extent the allegations in paragraph 199(j) relate to Det. Sparks, such allegations are denied.

k. Det. Sparks denies the allegations contained in paragraph 199(k).

l. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(l).

m. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199(m).

## N. Johnson City Police Department- Deprivation of Constitutional Right to Equal Protection under the Law

200. To the extent the allegations in paragraph 200 relate to Det. Sparks, such allegations are denied.

201. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201.

202. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202.

203. Det. Sparks can neither admit nor deny the allegations contained in paragraph 203 due to the lack of a referenced timeframe and the vagueness of the term "vast."

204. Det. Sparks can neither admit nor deny the allegations contained in paragraph 204 due to lack of sufficient knowledge or information, including the lack of identity of Jane Does 2, 5, and 6.

205-210. Det. Sparks denies the allegations contained in paragraphs 205 through 210.

## O. JCPD's Policy and Procedures Were Motivated by Discriminatory Animus Towards Women

211. Det. Sparks denies the allegations contained in paragraph 211.

212. Det. Sparks admits that the allegations contained in paragraph 212 are set forth in the *Dahl* Complaint, but to the extent such allegations relate to Det. Sparks, Det. Sparks denies any such allegations. Further, Det. Sparks denies any discriminatory animus towards women victims of sexual assault.

## P. Plaintiff's Learned of JCPD's Discriminatory Animus Towards Women on June 23, 2022

213. Det. Sparks admits that the *Dahl* Complaint was filed on June 23, 2022. Det. Sparks denies all other allegations contained in paragraph 213. Further, to the extent the allegations contained in paragraph 213 attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied.

214. To the extent Plaintiffs allege discrimination by Det. Sparks, Det. Sparks denies such allegations. Further, to the extent the allegations contained in paragraph 214 attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied.

215. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215. Further, to the extent the allegations contained in paragraph 215 attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied.

216. Det. Sparks denies the *Dahl* Complaint revealed any factual evidence directed to the allegations contained in paragraph 216 of the Complaint. Any remaining allegations contained in paragraph 216 are likewise denied to the extent the allegations in this paragraph attempt to allege that the Plaintiffs' statute of limitation began to run on June 23, 2022, then such allegations are denied.

217. Det. Sparks lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 217, including the lack of identity of the Jane Doe Plaintiffs. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied. It is also denied that the Plaintiffs have suffered a constitutional injury due to the actions or inactions of Det. Sparks.

## Q. Plaintiffs Experienced and Continue to Experience Severe Harm and Damages

218. Det. Sparks denies the allegations in paragraph 218.

219. Det. Sparks can neither admit nor deny the allegations contained in paragraph 219 as to the nature of the injuries they may have received as a result of their encounters with Sean Williams or with any other individuals who are affiliated or alleged to be affiliated with him. Det. Sparks denies he is liable, in any way, for Plaintiffs' alleged injuries.

## COUNT I
## Equal Protection, 42 U.S.C. § 1983
## Unconstitutional Policy

220. Det. Sparks restates and incorporates herein the responses in the above paragraphs.

221. Det. Sparks admits he was acting under color of law. The remainder of the allegations assert a legal conclusion without sufficient facts or context to support its premise.

222. Det. Sparks denies the allegations in paragraph 222, including subparts (a-f).

223. Det. Sparks denies the allegations in paragraph 223. Further, to the extent the allegations contained in paragraph 223 attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied.

224. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 224.

225. To the extent the allegations in paragraph 225 relate to Det. Sparks, Det. Sparks denies the allegations.

226. To the extent the allegations in paragraph 226 relate to Det. Sparks, Det. Sparks denies the allegations.

227. To the extent the allegations in paragraph 227 relate to Det. Sparks, Det. Sparks denies the allegations.

228. Det. Sparks admits that any actions taken as part of a police investigation are taken under color of law. Det. Sparks denies all other allegations contained in paragraph 228.

229. Det. Sparks denies the allegations in paragraph 229.

## COUNT II
## Equal Protection, 42 U.S.C. § 1983
## Violation of Substantive Rights to Due Process

230. Det. Sparks restates and incorporates herein the responses in the above paragraphs.

231. The allegation contained in paragraph 231 is a statement of law, and no response is required. To the extent the allegation alleges Det. Sparks deprived Plaintiffs of this constitutional violation, such allegation is denied.

232-236. Det. Sparks denies the allegations in paragraphs 232 through 236.

## COUNT III
## Title IX, 20 U.S.C. § 1681

237. Det. Sparks restates and incorporates herein the responses in the above paragraphs.

238. Det. Sparks admits the legal quotation is accurate, but Det. Sparks denies he is subject to any liability pursuant to the stated statute.

239. Det. Sparks admits the allegations in paragraph 239.

240. Det. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240.

241-245. Det. Sparks denies the allegations in paragraphs 241 through 245.

## COUNT IV
## Tennessee Government Tort Liability Act, T.C.A. 29-20-205

246. Det. Sparks restates and incorporates herein the responses in the above paragraphs.

247-251. To the extent the allegations contained in paragraphs 247 through 251 relate to Det. Sparks, Det. Sparks denies such allegations.

## COUNT V
## Negligence, Failure to Train

252. Det. Sparks restates and incorporates herein the responses in the above paragraphs.

253. The allegations contained in paragraph 253 are not directed to Det. Sparks and are merely an assertion of a statement of law, thus, no response is required by Det. Sparks.

254-257. To the extent the allegations contained in paragraphs 254 through 257 relate to Det. Sparks, Det. Sparks denies such allegations.

## COUNT VI
## Negligence, Failure to Supervise

258. Det. Sparks restates and incorporates herein the responses in the above paragraphs.

259. The allegations contained in paragraph 259 are not directed to Det. Sparks and are merely an assertion of a statement of law, thus, no response is required by Det. Sparks.

260-264. To the extent the allegations contained in paragraphs 260 through 264 relate to Det. Sparks, Det. Sparks denies such allegations.

265. Any allegations not previously admitted or denied are hereby denied.

## RELIEF REQUESTED

Det. Sparks admits that a jury demand has been made and is available in this case. Det. Sparks denies that Plaintiffs are entitled to any other relief requested in the prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted against Det. Sparks in his individual capacity.

2. The federal and state law claims of all Plaintiffs are time barred by the applicable statute of limitations.

3. This Court lacks jurisdiction over the unnamed parties until a Protective Order is submitted allowing both the Court and the Defendants to know the names and addresses of those filing suit.

4. Any allegation expressly or impliedly asserting a conspiracy fails to state a claim due to a lack of specificity and meeting the requirements of pleading a civil conspiracy.

5. The Intracorporate Conspiracy Doctrine is affirmatively asserted as a bar to some or all of any conspiracy claims expressly or impliedly asserted.

6. It is affirmatively asserted that the Plaintiffs are without standing to sue Det. Sparks for alleged failure to prosecute or investigate an assailant.

7. Det. Sparks is entitled to qualified immunity, and as such, all claims against him should be dismissed with prejudice.

8. All limitations and immunities contained within Tennessee's Governmental Tort Liability Act ("GTLA") are affirmatively asserted to the extent Plaintiffs' state law claims are pled against Det. Sparks.

9. The Public Duty Doctrine is hereby affirmatively asserted as a bar to some or all of Plaintiffs' claims to the extent any state law claims are pled against Det. Sparks.

10. To the extent any state law claim is pled against Det. Sparks, it is affirmatively asserted that any injuries and/or damages claimed by each individual plaintiff in this action must be viewed under the principles of modified comparative fault, as adopted by the State of Tennessee. To the extent it may be shown that other parties and/or any other person identified in this Complaint or the *Dahl* Complaint caused or contributed to any individual plaintiff's injuries and damages, any damages the Plaintiffs may recover must be reduced/diminished by the percentage of fault attributable to such other persons.

11. Plaintiffs have failed to comply with Rule 4 of the Fed. R. Civ. P. and/or the Tenn. R. Civ. P. with respect to service of process of their *Complaint*.

12. Det. Sparks specifically reserves the right to amend this pleading and plead further based upon the facts that become available during the discovery process and once the identification of the Jane Does is completed.

Having answered the Complaint and asserted his affirmative defenses, Det. Sparks prays that this Complaint be dismissed.

Respectfully submitted,

*/s/Kristin E. Berexa*
Kristin E. Berexa, BPR# 14833
Benjamin C. Allen, BPR #35923
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Suite 480
Brentwood, Tennessee 37027
(615) 254-3060
kberexa@fbb.law
ballen@fbb.law
*Counsel for Toma Sparks*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 25th day of August 2023, a true and correct copy of the foregoing has been forwarded via the Court's electronic notification system to:

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Fax: 615-691-7019
Email: caroline@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Fax: 615-691-7019
Email: heather@hmccivilrights.com
*Attorneys for Plaintiffs*


Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Emily C. Taylor
Watson Roach Batson & Lauderback
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
(423) 929-7113
Email: lisa@hbm-lawfirm.com
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Daniel H. Rader IV
Moore, Rader, Fitzpatrick and York, P.C.
46 N. Jefferson Avenue
Cookeville, TN 38501
(931) 526-3311
Email: danny@moorerader.com
*Attorney for Kevin Peters*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN 37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his individual capacity*

/s/ Kristin E. Berexa
Kristin E. Berexa