IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, | ) | |
| JANE DOE 4, JANE DOE 5, K.T. and M.T., | ) | |
| Personal Representatives to JANE DOE 6, | ) | |
| JANE DOE 7, JANE DOE 8, and | ) | |
| JANE DOE 9, | ) | No. 2:23-cv-00071-TRM-CRW |
| | ) | |
|     Plaintiffs | ) | |
| | ) | |
| VERSUS | ) | |
| | ) | |
| CITY OF JOHNSON CITY, TENNESSEE, | ) | |
| KARL TURNER, individually and in his | ) | |
| official capacity as Chief of the | ) | |
| Johnson City Police Department, | ) | |
| KEVIN PETERS, individually and in his | ) | |
| official capacity as Captain in the | ) | |
| Johnson City Police Department, | ) | |
| TOMA SPARKS, individually and in his | ) | |
| official capacity as Detective in the | ) | |
| Johnson City Police Department, | ) | |
| JUSTIN JENKINS, individually and in his | ) | |
| Official capacity as Investigator in the | ) | |
| Johnson City Police Department, and | ) | |
| DOES 6 – 20, inclusive, | ) | |
| | ) | |
|     Defendants | ) | |

**ANSWER OF DEFENDANT, KEVIN PETERS,**
**IN HIS INDIVIDUAL CAPACITY TO THE FIRST AMENDED COMPLAINT**

    Comes now the Defendant, Kevin Peters, and for response to the amended

complaint filed against him in his individual capacity, would state and show unto the

Court as follows:

1

To the extent the complaint alleges claims against Defendant, Kevin Peters, in his official capacity, those claims are the functional equivalent of claims against the municipality, and are redundant claims subject to dismissal as a matter of law.

The allegations in the unnumbered, apparently introductory, paragraphs of the complaint are all denied except that upon information and belief, it is admitted that Johnson City retained a third-party to conduct a review of the Johnson City Police Department sexual assault investigations and that a report was released on or about July 18, 2023, which report speaks for itself, and that upon information and belief, investigation into Sean Williams has continued, and additional digital evidence has been obtained. All remaining allegations, including the characterizations, in the unnumbered, apparently introductory, paragraphs, are denied.

1.      Defendant Peters admits that Plaintiffs bring their claims under the legal authority cited, but denies that he is liable under any of the stated legal authorities, or by virtue of any theory of law, whatsoever.

2.      Admitted as to all federal questions. It is denied that this Court has or should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, particularly with respect to any claims under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-205 and/or common law. This Defendant avers that exclusive jurisdiction for these claims is in the Circuit Court for Washington County, Tennessee. This Defendant further avers that the Court's jurisdiction is contingent on the Plaintiffs identifying themselves and all Defendants to the Court with submittal of and in accordance with any protective order.

2

3.     Admitted.

4 – 12.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of these paragraphs due to the non-disclosure of the names and identities of the individual Plaintiffs. This Defendant demands strict proof of same.

13.     The first grammatical sentence is admitted. The remaining allegations contain legal conclusions to which no response is required, and to which none is given.

14.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the actual residence of Chief Turner, but upon information and belief, it is denied. It is admitted that Chief Turner was an employee of the City of Johnson City.

15.     It is denied that Defendant Peters resides in Johnson City, but it is admitted that he was employed by the City of Johnson City during the operative time.

16.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the residence of Defendant Toma Sparks, but upon information and belief, the allegations are admitted. It is admitted that Defendant Sparks was an employee of the City of Johnson City at the operative time.

17.     It is admitted that Defendant Jenkins was an employee of the City of Johnson City. This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and demands strict proof of the same.

18.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

19 – 21.  This Defendant is without sufficient knowledge or information to admit or deny the allegations of these paragraphs, and demands strict proof of same.

22 - 34.   This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 1.

35-63.   This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 2.

64.     Upon information and belief, it is admitted that the complaint referenced makes certain allegations similar to those set forth in paragraph 64.  However, there has been no adjudication of such allegations, the identity of Female 2 has not been made known, and this Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

65 – 68.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Female 2.

69 - 83.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 3.

84 – 91.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 4.

92 - 102.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 5.

103 - 123.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 6.

124 - 147.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 7.

148 - 165.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 8.

166 - 180.     This Defendant can neither admit nor deny the allegations contained in these paragraphs due to a lack of sufficient knowledge or information, including the lack of identity of Jane Doe 9.

181.   Upon information and belief, it is admitted that an event occurred.  Upon information and belief, it is averred that the investigation suggested the fall described in this paragraph was accidental.

182.   Upon information and belief, the allegations are admitted.

183.   Upon information and belief, the document referenced in this paragraph makes statements similar to those herein, but the allegation in the Amended Complaint omits that the document states that Mr. Williams was already with another officer, and

5

that Sparks and Jenkins wanted to join. However, this Defendant is without sufficient knowledge or information to admit or deny the truth of the allegations, and demands strict proof of the same.

184. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

185. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

186. Denied as stated.

187. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

188. Upon information and belief, the document referenced in this paragraph includes statements similar to those described herein. However, this Defendant is without sufficient knowledge or information to admit or deny the truth of the allegations, and demands strict proof of the same.

189. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

190 - 212. This Defendant does not have a copy of the video of the interview and lacks sufficient knowledge or information to admit or deny allegations with respect to the details described in these paragraphs, and therefore demands strict proof of the same.

213. Upon information and belief, it is admitted that a search warrant was issued and several items were seized. This Defendant is without sufficient knowledge or

6

information to admit or deny the remaining allegations of this paragraph, and demands strict proof of the same.

214. Upon information and belief, it is admitted that a search warrant was issued and several items were seized. This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and demands strict proof of the same.

215. Upon information and belief, it is admitted that a search warrant was issued and several items were seized. Upon information and belief, it is averred that the items that were seized were handled properly in accordance with the search warrant and the probable cause that the investigators had based on the information present at the time.

216. This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same. To the extent this paragraph asserts that Defendant Peters did anything improper, it is denied.

217. Denied as stated.

218. Upon information and belief, it is admitted that officers photographed a handwritten note generally described in this paragraph. This Defendant lacks sufficient knowledge or information to admit or deny any remaining allegations in this paragraph, and demands strict proof of the same.

219. Upon information and belief, the allegations are admitted.

220. Upon information and belief, it is denied that the individual who appears to be identified as Female 3 was capable of communicating with officers until a few weeks after her fall and at that time reported she had no memories of the events leading up to

7

her fall.  Thereafter, the individual that appears to be identified as Female 3 has evidently spoken to media and others with such statements.  However, to this Defendant's knowledge, no evidence has been discovered through the end of this Defendant's employment supporting this suggestion.

221.    This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

222.    Upon information and belief, it is admitted that a search warrant was issued and several items were seized.  This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, particularly as to what unidentified Jane Doe 5 claims to have witnessed, and demands strict proof of the same.

223 - 227.    Upon information and belief, it is admitted that Detective Sparks sought a search warrant.  This Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of these paragraphs, and demands strict proof of the same.

228.    Upon information and belief, it is admitted that asset seizures occur from time to time, but that they do not benefit this Defendant.  This Defendant is without sufficient knowledge or information to admit or deny the specific details described in paragraph 228, and demands strict proof of the same.  It is specifically denied that the allegations of this paragraph have any bearing on Mr. Williams or the Plaintiffs' case, by virtue of any theory of law whatsoever.

229.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

230.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the date, but upon information and belief, admits that in that general timeframe, Defendant Sparks presented a case against Williams based upon Mr. Williams being a potential felon in possession of ammunition, and that the case was submitted to SAUSA Dahl for her review. This Defendant affirmatively avers that he and the other officers wished to work a case against Williams, and that this Defendant believed that pursuing such a charge against Williams would further other investigations into Williams, and give potential witnesses and/or victims comfort in coming forward and pursuing claims.

231.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same. This Defendant affirmatively avers that this was an appropriate charge.

232.    Denied as stated.

233.    This paragraph contains no allegations against this Defendant or other factual allegations to which a response is required. To the extent a response is required, this Defendant specifically denies that this Defendant had any such motivation as is insinuated in this paragraph. This Defendant affirmatively avers that this charge should have been promptly pursued, and any insinuation that a "compelling reason" should be required for a proper charge beyond the validity of the charge is denied.

9

234.    It is admitted generally that at some point SAUSA Dahl did take steps to pursue the case, and that eventually an indictment was obtained, considerably later. The remaining allegations of this paragraph are denied.

235.    It is admitted that SAUSA Dahl has filed a complaint in which she has made certain allegations. That document speaks for itself, without the summary offered by the Plaintiffs in this case, and without assuming that SAUSA Dahl's self-serving allegations or characterizations are accurate. This Defendant is without sufficient knowledge or information to otherwise admit or deny the allegations of this paragraph, and demands strict proof of the same.

236.    It is admitted that often crimes of rape and sexual assault are typically prosecuted by a local prosecutor. It is admitted that there is a crime of sex trafficking prescribed by federal statute. This Defendant is without knowledge or information to admit or deny whether SAUSA Dahl attempted to investigate the matter as a federal offense.

237 – 250.    To the extent that any of these paragraphs assert any allegations against this Defendant Peters, they are denied. With respect to paragraph 243 only, Defendant Peters does not dispute that he has remarked on the appearance of an individual, but as the individual is not identified in paragraph 243, this Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, but generally denies the characterization "ridiculing". All allegations in these paragraphs are, upon information and belief, denied as stated.

10

251.    It is admitted that the City of Johnson City engaged the Daigle Law Group to conduct an evaluation.  Upon information and belief, the evaluation covered the period described in this paragraph.  The remaining allegations are denied as stated.

252.    It is admitted that a report was released on or about July 18, 2023.  Any allegations inconsistent with the foregoing are denied.

253.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

254.    It is admitted that the entity described in this paragraph reviewed a number of case files during the period described, and interviewed members of the Police Department.

255.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

256.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

257.    The entity's report speaks for itself.  The remaining allegations of this paragraph are denied as stated.

11

258.     It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

259.     It is admitted that this entity conducted a review.  The entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

260.     This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the particular statistics.  The entity's report speaks for itself.  The remaining allegations of this paragraph are denied as stated. To the extent this paragraph attempts to couch an opinion of this entity as a fact, such an opinion is not a fact, and no response is required.  To the extent a response is required, it is denied.

261.     It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

262.     The entity's report speaks for itself.  This Defendant is without sufficient knowledge or information to admit or deny the factual predicate of the report, and demands strict proof of the same.

12

263 – 271.   Denied as stated.

272.   It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

273.   The entity's report speaks for itself.  This Defendant is without sufficient knowledge or information to admit or deny the factual predicate of the report, and demands strict proof of the same.  This Defendant further is without sufficient knowledge or information based on the failure to identify "Female 2" in this allegation.

274.   This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.  To the extent this date refers to allegations of a "Female 2" in the Dahl lawsuit, this Defendant is without sufficient knowledge or information to admit or deny such allegations, as the individual has not been identified to him.

275.   Denied.

276.   It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

277.   To the extent this paragraph is directed to this Defendant Peters, it is denied.

13

278. To the extent this paragraph is directed to this Defendant Peters, it is denied.

279. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

280. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

281. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the particular statistics, but the entity's report speaks for itself. The remaining allegations of this paragraph are denied as stated. To the extent this paragraph attempts to couch an opinion of this entity as a fact, such an opinion is not a fact, and no response is required. To the extent a response is required, it is denied.

282. To the extent this paragraph is directed to this Defendant Peters, it is denied.

283. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the particular statistics, but the entity's report speaks for itself. The remaining allegations of this paragraph are denied as stated. To the extent this paragraph attempts to couch an opinion of this entity as a fact,

14

such an opinion is not a fact, and no response is required. To the extent a response is required, it is denied.

284. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

285. It is admitted that this entity conducted review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

286. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

287. To the extent this paragraph insinuates in any way that there was any "corruption" or wrongdoing of any kind by this Defendant, it is specifically denied. Any remaining allegations are denied as stated.

288. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

289. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

15

290.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

291.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.  However, it is averred that there was and is no basis to assert any wrongdoing by this Defendant.

292.    Denied.

293.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

294.    To the extent the allegations in this paragraph relate to this Defendant, the allegations are denied.

295.    Upon information and belief, the Dahl complaint was filed in 2022, not 2021.  It is admitted that the public complaint makes allegations which speak for themselves.  The second grammatical sentence of paragraph 295 are denied.

296.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

297.    To the extent the allegations in paragraph 297 relate to this Defendant, the allegations are denied.

16

298.    To the extent the allegations in paragraph 298 relate to this Defendant, the allegations are denied.

299.    This Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph, including the lack of identity of Jane Doe 2, and demands strict proof of the same.

300.    This Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph, including the lack of identity of Jane Doe 5, Jane Doe 6, Jane Doe 7, Female 2, and Female 3, and demands strict proof of the same.

301.    This Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and demands strict proof of the same.

302.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, including the lack of identity of Jane Doe 2, Jane Doe 5, Jane Doe 6, and Jane Doe 7, and demands strict proof of the same.

303 – 315.    Denied.

316.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against this Defendant Peters, it is denied.

317.    To the extent this paragraph asserts any allegations against this Defendant Peters, it is denied.  To the extent this paragraph refers to Jane Does 2 and 7 and Females 2 and 3, this Defendant can neither admit or deny the allegations contained in the

paragraph due to a lack of sufficient knowledge or information, including the lack of identity of these persons.

318 – 323.    This Defendant admits that certain allegations are contained in the Dahl complaint, including generally certain allegations contained in these paragraphs. With respect to paragraph 320, this Defendant admits that he has made a joking remark about the appearance of an individual on occasion.  It is denied that any such comment constitutes any discriminatory animus or any failure to take any legitimate allegation seriously.  To the extent any of these paragraphs otherwise relate to Defendant Peters, they are denied.

324.    It is admitted that the Dahl complaint was filed on or about June 23, 2022. The remaining allegations in this paragraph are denied.  To the extent that the Plaintiffs attempt to allege that the Plaintiffs' statute of limitations did not begin to run earlier than June 23, 2022, such allegations are denied.

325.    To the extent this paragraph asserts any wrongful conduct by this Defendant, by virtue of any theory of law, or any discrimination by him, this Defendant denies such allegations.  This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to Jane Doe 2, Jane Doe 5, Jane Doe 7, and Jane Doe 6, based on the lack of identity of these individuals, and demands strict proof of the same.  To the extent that this paragraph insinuates that the statute of limitations did not accrue prior to June 23, 2022, such allegation is denied.

326.    This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, including the identity of the Plaintiffs, and demands

18

strict proof of the same. To the extent that this paragraph suggests that the statute of limitations did not begin to run earlier than June 23, 2022, it is denied.

327. It is denied that the Dahl complaint "revealed" any factual evidence suggested in this paragraph of the complaint or that any such circumstance existed. To the extent this paragraph tends to allege that the Plaintiffs' statute of limitations did not begin to run earlier than June 23, 2022, the allegation is denied.

328. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, including the lack of identity of any of the Plaintiffs. However, the existence of any constitutional injury as appears to be alleged in this complaint is denied. To the extent the allegations in this paragraph attempt to allege that the Plaintiffs' statute of limitations did not begin to run earlier than June 23, 2022, then such allegations are denied. It is specifically denied that any Plaintiff in this case, known or unknown, has suffered a constitutional injury due to the conduct of this Defendant Peters.

329. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore, demands strict proof of the same.

330. Denied.

331. This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, based on lack of identity of the Plaintiffs, with respect to any injuries that they may have received or claim to have received as a result of any encounter that they had with Sean Williams or any other individual affiliated with

19

him.  It is specifically denied that this Defendant has caused any injury or is liable in any way for any injury alleged or attempted to be alleged in this complaint.

332.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

333.    The existence of the statute cited is admitted.  It is denied that the Plaintiffs may properly bring such a claim pursuant to that statute.  It is specifically denied that this Defendant is liable to the Plaintiffs by virtue of this statute or any other theory of law, whatsoever.  It is further denied that this Defendant received, or that any Defendant received, any financial benefits or participated in any such venture as alleged in this paragraph.

334.    Denied.

335.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph based upon lack of identity of Plaintiffs Jane Does 2, 5, and 7, as well as Female 2.  It is specifically denied that this Defendant knowingly, corruptly, or otherwise, mishandled any such report.  All remaining allegations of this paragraph are denied.

336 – 346.    To the extent these paragraphs assert any allegations against this Defendant Peters, they are all denied.  Upon information and belief, they are denied as to all Defendants.

20

347.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

348.    The existence of the statutes cited are admitted.  It is denied that this Defendant is liable to the Plaintiffs by virtue of any of these statutes or any other theory of law.

349 (and all subparts).   To the extent this paragraph or subparts assert any allegations against this Defendant, they are denied.  Upon information and belief, they are denied as to all Defendants.

350 – 357.    To the extent these paragraphs assert any allegation against this Defendant, it is denied.  Upon information and belief, these paragraphs are denied as to all Defendants.

358.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

359.    Although Defendant Peters admits generally that he acted under color of law when he was engaged in the course and scope of his employment with the Johnson City Police Department, because the Plaintiffs have been unidentified, this Defendant lacks sufficient knowledge or information with respect to any individual event, and demands strict proof of the same.  The remaining allegations assert a legal conclusion without sufficient facts or context to support this premise.  To the extent this allegation

21

insinuates or intended to support any allegation that this Defendant is liable to any of the Plaintiffs, by virtue of any theory of law whatsoever, it is denied.

360.  Denied, and all subparts are denied.

361.  Denied.

362.  This Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

363.  To the extent the allegations in this paragraph relate to this Defendant Peters, the allegations are denied.  This Defendant lacks sufficient information to otherwise admit or deny the allegations of this paragraph, including the lack of identity of the Plaintiffs, and demands strict proof of the same.

364.  To the extent the allegations of this paragraph relate to Defendant Peters, the allegations are denied.

365.  The first grammatical sentence of this paragraph is denied as stated.  The remaining allegations are denied.

366.  Although Defendant Peters admits generally that he acted under color of law when he was engaged in the course and scope of his employment with the Johnson City Police Department, because the Plaintiffs have been unidentified, this Defendant lacks sufficient knowledge or information with respect to any individual event, and demands strict proof of the same.  The remaining allegations assert a legal conclusion without sufficient facts or context to support this premise.  To the extent this allegation insinuates or intended to support any allegation that this Defendant is liable to any of the Plaintiffs, by virtue of any theory of law whatsoever, it is denied.

22

367.    Denied.

368.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

369.    The allegations of this paragraph assert a statement of law to which no response is required.  To the extent this paragraph alleges that this Defendant violated any right of any of the Plaintiffs, such allegation is denied.

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Denied.

375.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

376.    This allegation asserts a statement of law to which no response is required. This Defendant admits the existence of the law, but denies that this Defendant is liable to the Plaintiffs by virtue of this law, whatsoever.

377.    Upon information and belief, the allegations are admitted.

378.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demands strict proof of the same.

23

379.    This Defendant is without sufficient knowledge or information to admit or deny the allegations of paragraph no. 379, including the lack of identity of the Plaintiffs, and demands strict proof of the same.  To the extent this paragraph asserts that this Defendant did not conduct himself properly or is liable to the Plaintiffs by virtue of any theory of law whatsoever, it is denied.

380.    Denied.

381.    Denied.

382.    Denied.

383.    Denied.

384.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

385 – 389.    To the extent the allegations of any of these paragraphs relate to this Defendant Peters, the allegations are denied.  This Defendant further asserts total personal immunity for any state law claims against him pursuant to the Tennessee Governmental Tort Liability Act, pursuant to T.C.A. § 29-20-310.

390.    The responses to each and every other allegation of the complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

391.    The allegations in this paragraph are not directed to this Defendant, and are merely assertion of a statement of law, and thus, no response is required.  It is specifically denied that this Defendant engaged in any wrongful conduct, whatsoever.

24

392 – 395.    To the extent the allegations in this paragraph relate to this Defendant Peters, they are denied.  It is specifically averred that this Defendant may not be personally liable for negligence pursuant to T.C.A. § 29-20-310.

396.    The responses to each and every other allegation of this complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

397.    The allegations in this paragraph are not directed to this Defendant, and are merely assertion of a statement of law, and thus, no response is required.  It is specifically denied that this Defendant engaged in any wrongful conduct, whatsoever.

398 – 402.    To the extent the allegations in this paragraph relate to this Defendant Peters, they are denied.  It is specifically averred that this Defendant may not be personally liable for negligence pursuant to T.C.A. § 29-20-310.

403.    It is denied that the Plaintiffs are entitled to any relief set forth in their prayer for relief.

404.    Any and all other allegations not heretofore specifically admitted or denied, are here and now denied as if taken up individually and denied separately.

## AFFIRMATIVE DEFENSES

1.    The Plaintiffs' complaint fails to state a claim upon which relief can be granted against this Defendant Peters in his individual capacity.  It is affirmatively averred that there are no sufficient factual allegations against this Defendant consistent with *Twombly* and *Iqbal* that will support a claim against him.  It is further asserted that

25

the individual causes of action do not state a claim upon which relief can be granted against this Defendant.

2.      It is averred that the claims of all Plaintiffs, federal and state, are barred by the applicable statute of limitations, including but not limited to T.C.A. § 28-3-104 and T.C.A. § 29-20-305.

3.      Plaintiffs' allegations and assertions pursuant to 18 USC § 1591 fail to state a claim for which relief can be granted. It is specifically averred that these allegations are specious and frivolous, and are without a good faith basis.

4.      It is averred that the Plaintiffs, and each of them, lack standing to bring a claim pursuant to 18 USC § 1591, et seq that the Defendant's conduct can, in any way constitute participation in a sex trafficking venture, or conspiracy, by virtue of any theory of law, whatsoever. It is averred that these claims should be summarily dismissed.

5.      It is averred that Plaintiffs' allegations pursuant to Title IX may not be brought against this Defendant, and fails to state a claim for which relief can be granted and should be dismissed.

6.      To the extent the Plaintiffs attempt to assert a cause of action in accordance with the Tennessee Governmental Tort Liability Act, for negligence, including failure to train and failure to supervise, this Defendant is entitled to total personal immunity pursuant to T.C.A. § 29-20-310.

7.      To the extent the Plaintiffs' complaint attempts to bring a claim pursuant to the Tennessee Governmental Tort Liability Act, for negligence, including failure to train

or failure to supervise, it is averred that exclusive jurisdiction over any such action is exclusively in the Circuit Court for Washington County, Tennessee, pursuant to T.C.A. § 29-20-305, and this Court should decline to exercise supplemental jurisdiction over any such claim against this Defendant or otherwise. It is averred that these allegations are improperly joined in this suit and must be dismissed.

8. It is averred that this Court lacks jurisdiction over the unnamed parties, including all Plaintiffs, unless and until the identity of the Plaintiffs is submitted to the Court, and the Defendant is informed of the identity of the Plaintiffs attempting to assert claims against him.

9. It is averred that any substantive due process claims are subject to dismissal as a matter of law, since the Plaintiffs have alleged violations of explicit constitutional rights available as their source of protection such that any due process claim is subsumed into their more particularized constitutional claims.

10. Any allegation expressly or impliedly asserting a conspiracy fails to state a claim due to lack of specificity in meeting the requirements of pleading a civil conspiracy.

11. The Intracorporate Conspiracy Doctrine is affirmatively asserted as a bar to some or all of any conspiracy claims expressly or impliedly asserted.

12. It is affirmatively asserted that the Plaintiffs are without standing to sue this Defendant for failure to prosecute or investigate an alleged assailant.

13. This Defendant is entitled to qualified immunity, including an immunity from the suit process, and all claims against him should be dismissed with prejudice.

This Defendant asserts all limitations and immunities in accordance with the doctrine of sovereign immunity and the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, et seq., including the limitation on damages and the limitation to a non-jury trial. It is averred that at no time was any clearly established constitutional right of any Plaintiff violated by anyone, and the claims against this individual Defendant should be dismissed.

14. This Defendant asserts the public duty doctrine as a bar to some or all of the Plaintiffs' claims to the extent any state law claims are plead against this Defendant.

15. It is averred that this Defendant did not owe a duty or special duty to any of the Plaintiffs by virtue of any theory of law, and did not create any danger to any Plaintiff or the public.

16. It is asserted that the Plaintiffs have failed to comply with Rule 4 of the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure with respect to either the issuance of process or service of process concerning their complaint. It is averred that the filing of the complaint is insufficient to toll the running of the statute of limitations, and the claim is time barred.

17. This Defendant asserts insufficiency of process and insufficiency of service of process, based on the failure to issue a summons at all, and the failure to serve this Defendant with process, at all.

18. To the extent applicable, this Defendant asserts the doctrine of comparative fault. The fault of the Plaintiffs should be compared with the fault of this Defendant and all other Defendants. To the extent this Plaintiffs are fifty (50) percent or more at fault

28

for their own injuries, then the complaint is barred. To the extent that it may be shown that any other party or any other person identified in the complaint or in the Dahl complaint contributed to the individual Plaintiffs' injuries and damages, then any damages the Plaintiffs may recover must be reduced/diminished by the percentage of fault attributable to such other persons. This Defendant reserves the right to amend this answer to assert comparative fault against any non-parties as they are discovered, and after the identity of the Plaintiffs are disclosed.

19.     This Defendant reserves the right to supplement and amend this pleading based on further investigation and discovery.

20.     To the extent the complaint seeks injunctive and/or declaratory relief against this Defendant, the claim is moot, as this Defendant is no longer employed with the Johnson City Police Department, is not engaged in law enforcement, and no such relief can be had.

21.     This Defendant demands a jury of twelve (12) persons to try all issues joined in this cause, except for any GTLA issues, in which this Defendant demands a separate bench trial in accordance with the Tennessee Governmental Tort Liability Act. To the extent a twelve (12) person jury is not available in Federal Court, this Defendant asserts that he should receive a jury of the maximum number of permissible jurors, and without limiting the foregoing, a jury of no fewer than eight (8).

Respectfully submitted,

MOORE, RADER AND YORK, P. C.


By s/Daniel H. Rader IV, B.P.R. No.025998
     DANIEL H. RADER IV, BPR 025998
     DANIEL H. RADER III, BPR 002835
     Attorneys for Defendant
     Kevin Peters, in his individual capacity,
     P. O. Box 3347
     Cookeville, TN  38502
     (931-526-3311)


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on September 20, 2023.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN  37027
615-724-1996
Email:  ashley@hmccivilrights.com

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN  37027
615-724-1996
Email:  caroline@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN  37027
615-724-1996
Email:  heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA  94602
Email:vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN  37901-0131

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629

30

865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City,*
*Tennessee, and Karl Turner, in his*
*Individual Capacity*

Johnson City, TN  37605-0629
(423-929-7113)
*Attorney for the City of Johnson City,*
*Tennessee, Karl Turner, in his*
*individual and official capacities,*
*Toma Sparks, in his official*
*capacity, and Kevin Peters, in his*
*official capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN  37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City,*
*Tennessee, and Karl Turner, in his*
*Individual capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN  37027
615-254-3060
*Email:  kberexa@fbb.law*
*ballen@fbb.law*
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
(510)500-9634
vanessa@advocatesforsurvivors.com

This the 20th day of September, 2023.

MOORE, RADER AND YORK, P. C.

By s/Daniel H. Rader IV, B.P.R. No.025998
      DANIEL H. RADER IV, BPR 025998
      Attorneys for Defendant,
      Kevin Peters, in his individual capacity,
      P. O. Box 3347
      Cookeville, TN  38502
      (931-526-3311)