UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JANE DOE, et al., | ) |
|       Plaintiffs, | ) |
| vs. | ) 2:23-CV-71 |
| JOHNSON CITY, TENNESSEE, et al., | ) |
|       Defendants. | ) |

**ORDER**

On September 8, 2023, Defendants filed a Motion for Reconsideration [Doc. 26] and a supporting memorandum [Doc. 27] asking the Court to reconsider its Order [Doc. 7] granting Plaintiff's Motion to Proceed Under Pseudonym [Doc. 2]. Plaintiffs filed a Response [Doc. 30], and Defendants filed a Reply to the Response [Doc. 33]. The pending motion is before the undersigned pursuant to 28 U.S.C. § 636 and is now ripe for resolution.

**I.     BACKGROUND**

On June 21, 2023, Plaintiffs filed a Complaint and a Motion to Proceed under Pseudonym. [Docs. 1 & 2]. For reasons stated in its Order, the Court granted Plaintiffs Motion on July 28, 2023. [Doc. 7]. Plaintiffs then moved to file an amended complaint, and the Court granted Plaintiffs' motion. [Docs. 12 & 20]. Plaintiffs filed an Amended Complaint on September 6, 2023. [Doc. 21]. They have also filed a Motion to Enjoin Extrajudicial Conduct [Doc. 17], which is currently pending.

In support of their Motion for Reconsideration, Defendants contend that they have no objection to the Plaintiffs proceeding pseudonymously but that Plaintiffs must provide their identities to the Court so that the Court can determine whether it has jurisdiction to hear the case.

Additionally, they argue that that they are unable to effectively defend a case brought by unidentified plaintiffs. Defendants request that the Plaintiffs and two anonymous factual witnesses, referenced as Female 1 and Female 2, identify themselves to the Court and the named parties in the lawsuit through a proposed Protective Order filed under seal. They further request that the Court suspend its Order [Doc. 20] granting Plaintiffs' Motion to Amend the Complaint and hold in abeyance Plaintiffs' pending Motion to Enjoin Extrajudicial Conduct [Doc. 17] until the Court obtains jurisdiction.

Plaintiffs filed a Response indicating that they would provide their identities to the Court through a filing "for in camera reference or under seal, as the Court may direct", and that they would "also provide the same key for 'Attorneys' Eyes Only' designation upon entry of a mutually agreed to protective order." Defendants then filed a Reply asserting that Plaintiffs should "immediately file with the Court, under seal, the names of those seeking damages from the Defendants" rather than awaiting directive of the Court.[1]

## II. LEGAL ANALYSIS

Generally, a complaint "must name all the parties" to a lawsuit unless circumstances justify permitting plaintiffs to proceed under pseudonym. Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). When plaintiffs are permitted to proceed under pseudonym, the court may impose certain conditions, such as requiring the disclosure of the plaintiffs' identities under seal, to ensure the defendants are not unduly prejudiced in defending against the allegations. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.

---

[1] Defendants contend that Plaintiffs are seeking to delay proceedings as evidenced by their response to the motion for reconsideration and other filings in this case. The Court cautions all counsel involved in this case against making accusations about the motives of the other parties or their counsel unless they are prepared to provide evidence of improper conduct or motives. The Court notes that this case involves very serious issues for all parties concerned, be they plaintiffs or defendants. Additionally, the issues raised in the pleadings are of a nature to invoke strong emotion for all parties. For these reasons it is particularly important that counsel set the tone by engaging with one another in a civil manner which promotes public confidence in our judicial system.

1989); *Doe v. Mitchell*, No. 2:20-CV-00459, 2020 WL 6882601 (S.D. Ohio Nov. 24, 2020), *report and recommendation adopted*, No. 2:20-CV-459, 2021 WL 2313436, *6 (S.D. Ohio June 7, 2021) (finding private disclosure of Plaintiff's identity to defense counsel sufficient to protect defendants from prejudice). However, plaintiffs' failure to identify themselves is only fatal to a federal court's jurisdiction when they have not sought permission to proceed under pseudonym. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case" because federal courts lack jurisdiction over unnamed parties) (quoting *Gibbs*, 886 F.2d at 1245); *Gibbs*, 886 F.2d at 1245 ("Absent permission by the district court to proceed anonymously… the federal courts lack jurisdiction…"); *Mitchell*, 2021 WL 2313436, *4 ("Here, the Court does not lack jurisdiction over plaintiff Jane Doe's complaint. Plaintiff has filed a request to proceed anonymously.").

In this case, Plaintiffs sought permission to proceed under pseudonym, and the Court granted the request. Through this Order, Plaintiffs are being required to identify themselves to the Court. As such, this Court does not lack jurisdiction over the matter simply because Plaintiffs have not identified themselves to-date, given that they were already granted permission by the Court to proceed under a pseudonym.

Defendants have requested that Plaintiffs identify themselves and two anonymous witnesses referenced in their Complaint, under seal, so that Defendants can effectively defend the case. Given applicable law, the Court finds it appropriate to require Plaintiffs to disclose their identities and the identities of their anonymous witnesses under seal to the Court at this juncture, and to defense counsel once a protective order is in place. The Court further notes that Plaintiffs agree such disclosure is appropriate. However, the parties disagree as to whether disclosure of the

identities of Plaintiffs and anonymous witnesses to Defendants themselves is required. The Court will address that issue by separate order along with the entry of a protective order in this matter.

Accordingly, Defendants' Motion [Doc. 26] is **GRANTED in part** as to their request for the identities of Plaintiffs to be disclosed to the Court. Defendants' Motion is **DENIED in part** as to their requests that the Court suspend its Order [Doc. 20] granting Plaintiffs' Motion to Amend the Complaint and to hold in abeyance Plaintiffs' Motion to Enjoin Extrajudicial Conduct. Plaintiffs are **ORDERED** to file a document under seal and ex parte on or before **October 16, 2023,** disclosing their names and addresses as well as the names, addresses, and phone numbers of the factual witnesses referred to as Female 1 and Female 2 in their Complaint. Counsel for the parties are **ORDERED** to meet and confer as to a protective order and attempt to reach an agreement regarding an order to submit to the Court for consideration. If the parties are unable to agree as to a protective order, the parties shall each submit a proposed order and shall specifically outline the areas on which there is disagreement with opposing counsel as to the order. Counsel shall submit an order or make the necessary filings on or before **November 1, 2023**. Once the Court has addressed the protective order issue, the Court will provide the information regarding Plaintiffs' and the witnesses' identities to Defendants' counsel and will at that time address whether the information shall be disclosed to Defendants themselves as well. The parties are further instructed to confer regarding whether agreement might be reached regarding disclosure of the identities of Plaintiffs and their anonymous witnesses to Defendants themselves, and if so, they should address that matter in the proposed protective order as well.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge