UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Successors-in-interest to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF JOHNSON CITY, TN., et al.,<br><br>    Defendants. | No.: 2:23-cv-00071-TRM-CRW<br><br>PLAINTIFFS' DEMAND<br>JURY TRIAL |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Come now the Defendants, City of Johnson City, Tennessee ("City" or "Johnson City"), Karl Turner, in his individual and in his official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks in his official capacity (collectively, "the Johnson City Defendants") and submit the following Response in Opposition to Plaintiffs' Motion to Amend Plaintiff's Complaint [Doc. 23].

**PROCEDURAL HISTORY**

This lawsuit was originally filed on June 21, 2023. [*See* Compl., Doc. 1, PageID ##: 1-38]. In their original complaint, the Plaintiffs alleged violations of Equal Protection pursuant to 42 U.S.C. § 1983 based on an alleged unconstitutional policy (Count I), Equal Protection pursuant to 42 U.S.C. § 1983 based on an alleged violation of substantive rights to due process (Count II), Title IX (Count III), and state-law claims arising under the Tennessee Governmental Tort Liability

Act (Counts IV, V, and VI). [Compl., Doc. 1, PageID ##: 30-37].

The Plaintiffs did not, and still have not, served any of the Defendants with Process. After sixty (60) days had passed and they still had not been served, on August 25, 2023 and August 28, 2023, the Defendants elected to file answers to the complaint prior to service. [*See* Docs. 10, 11, and 15]. On August 26, 2023, the day after Defendants Toma Sparks, the City of Johnson City, and Carl Turner filed their Answers to the Complaint, the Plaintiffs filed their first Motion to Amend their Complaint and proposed Amended Complaint. [See Doc. 12, PageID # 107-108; Doc. 12-1, PageID # 110]. The proposed First Amended Complaint added twenty pages to the Complaint, an additional Defendant, almost one-hundred and fifty (150) new allegations, a claim for sex trafficking, and an obstruction claim. [Doc. 12-1, PageID # 110].

On or about September 1, 2023[1], before the Defendants had the opportunity to respond to the Motion to Amend, the Court granted Plaintiffs' Motion to Amend and directed the Plaintiffs to file their First Amended Complaint on or before September 8, 2023. [*See* Doc. 20, PageID # 233]. On September 6, 2023, the Plaintiffs filed their First Amended Complaint. [*See* Doc. 21, PageID # 234].

Just two days after the Amended Complaint was filed, on September 8, 2023, the Plaintiffs' filed their Motion to Amend the Amended Complaint and proposed Second Amended Complaint [Docs. 23 and 23-1]. The proposed Second Amended Complaint, much like the Amended Complaint, added pages of new allegations, a three (3) page, non-numbered "introductory" paragraph, a new plaintiff, and class action claims and allegations.

---

[1] According to the Order granting Plaintiffs' Motion to Amend [Doc. 20], the Court granted the Motion to Amend based on Fed. R. Civ. P. 15(a)(1)(B), which provides that a party may amend a pleading to which a responsive pleading is required once as a matter of course within 21 days after service of a responsive pleading. Since the Defendants' answers were filed less than 21 days prior to Plaintiffs' filing their Motion to Amend, the Court held the Plaintiffs were entitled to amend as a matter of course. [*See* Doc. 20].

For the reasons set forth below, Plaintiffs' Motion to Amend [Doc. 23] should be denied.

**LAW AND ARGUMENT**

I. **PLAINTIFFS' MOTION TO AMEND SHOULD BE DENIED BECAUSE THE DEFENDANTS WILL BE UNFAIRLY PREJUDICED IF THE AMENDMENT IS GRANTED AS THE PLAINTIFFS HAVE EXHIBITED BAD FAITH AND THE PROPOSED AMENDMENTS ARE FUTILE.**

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend] where justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court ...." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ("The decision as to whether justice requires the amendment is committed to the district court's sound discretion."). Rule 15 reinforces the principle that matters before the court "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982).

The Sixth Circuit Court of Appeals has consistently held that in determining whether an amendment should be denied a district court must consider the possibility of undue delay, bad faith, dilatory motive on movant's part, prejudice to the parties, and futility of the proposed amendment. *See Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007); *see also Restocon Corp. v. Metro. Knoxville Airport Authority*, 2023 WL 6614416, at *1 (E.D. Tenn. Aug. 25, 2023). In order to deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore*, 790 F.2d at 562; *see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Applying the factors identified in *Prater* to this case and the allegations raised in the proposed Second Amended Complaint, this Court should deny the Motion to Amend because (1) the Defendants are prejudiced by yet another filing of a proposed amended complaint made by

3

unidentified plaintiffs; (2) the Plaintiffs have exhibited bad faith with a dilatory motive in filing their Motion to Amend; and (3) Plaintiffs' proposed Second Amended Complaint is futile.

### A. These Defendants will experience significant prejudice if Plaintiff's most recent Motion to Amend is granted.

A mere two days after the Plaintiffs' Amended Complaint was filed, the Plaintiffs filed their second Motion to Amend and proposed Second Amended Complaint. The Defendants will experience significant and unfair prejudice if the Court allows Plaintiff's Second Amended Complaint to be filed. Therefore, this Honorable Court should deny Plaintiffs' motion.

The Defendants have been prejudiced by the Plaintiffs' repeated amendments to their complaint without revealing their identities. In their original Complaint, Amended Complaint, and now proposed Second Amended Complaint, the Plaintiffs make inflammatory and damaging allegations against the Defendants, including, for example, ludicrous allegations that the Defendants engaged in a sex trafficking conspiracy. [*See* Doc. 23-1, PageID # 366]. The Defendants are unable to blindly respond to these allegations, particularly since many of the Jane Does acknowledge that they did not report their alleged sexual assaults to the Johnson City Police Department. [*See* Doc. 23-1, ¶ 38 (Jane Doe 1), ¶ 87 (Jane Doe 3), ¶ 95 (Jane Doe 4), ¶ 169 (Jane Doe 8), ¶ 184 (Jane Doe 9)]. The Defendants should not and cannot be expected to respond to claims made by individuals whose identity they have no way of ascertaining absent some cooperation from counsel for the Plaintiffs.

"[O]rdinarily, delay alone will not justify the denial of leave to amend the complaint." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)); *see also Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986) ("delay alone, regardless of its length is not enough to bar [an amendment] if

4

the other party is not prejudiced."). Delay will become undue when the delay "plac[es] an unwarranted burden on the court," or "prejudicial, placing an unfair burden on the opposing party." *Bridgeport Music, Inc*, 410 F.3d at 806 (internal citations omitted). Additionally, "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).

Plaintiffs' repeated amendments to the Complaint, all while keeping their identities hidden from those they are suing, has delayed this cause and hindered the Defendants' ability to investigate the Plaintiffs' claims and begin discovery. It has now been almost four (4) months since the Plaintiffs filed their original Complaint, and the Defendants have not been able to determine if, for example, it has any records of reports made by any of the Jane Does. The Defendants need to know the identify of the Jane Does in order to determine what, if any, additional affirmative defenses they have against the claims made by the Jane Does. The Defendants should not be forced to spend resources examining every single sexual assault investigation conducted by the Johnson City Police Department in an effort to ascertain who each Jane Doe might or might not be. Nor should the Defendants be made to waste time and resources responding to yet another complaint (filed a mere two days after the Plaintiffs filed their first Amended Complaint) made by anonymous Plaintiffs.

Given the clear and unfair prejudice shown above, this Court should deny Plaintiffs' most recent Motion to Amend. Even if the Court does not deny the Plaintiffs' most recent Motion to Amend on prejudice grounds, it is submitted that this Court should stay Defendants' time to file a responsive pleading to the Second Amended Complaint until a reasonable time after the identities of the Jane Doe Plaintiffs are revealed to the Defendants.

### B. Plaintiffs have exhibited bad faith with a dilatory motive in filing their most recent Motion to Amend their Complaint.

As shown previously, Plaintiffs curiously turned around and filed a second Motion to Amend and Second Amended Complaint a mere two days after they filed their first Amended Complaint. It is submitted that Plaintiffs' actions exhibit bad faith and, accordingly, this Honorable Court should deny Plaintiff's second Motion to Amend.

The Eastern District of Tennessee has defined bad faith as "…generally involv[ing] willful failure to perform, evasive actions, lack of diligence, etc." *Larson v. Rush Fitness Corp.*, No. 3:12-CV-109, 2012 WL 12919624, at *1 (E.D. Tenn. Sept. 24, 2012) (analyzing dilatory motive in conjunction with bad faith).

Plaintiffs filed the instant Motion to Amend [Doc. 23] a mere two days after they filed their Amended Complaint [Doc. 21]. Surely the claims raised in the proposed Second Amended Complaint [Doc. 23-1] could have been raised in the Amended Complaint, yet instead the Plaintiffs have forced the Defendants to waste time and resources responding to an Amended Complaint that Plaintiffs quickly hope to supersede with the filing of the Second Amended Complaint.

Being forced to respond to back-to-back amended complaints, brought by anonymous Plaintiffs, has unnecessarily delayed this case, hindered the Defendants' ability to investigate the claims brought by the Plaintiffs, and unfairly prejudiced the Defendants. Thus, the Plaintiffs' Motion to Amend should be denied by this Honorable Court.

### C. Plaintiffs' proposed Second Amended Complaint contains claims that are futile and will not survive a Rule 12(b)(6) Motion to Dismiss.

Plaintiffs' proposed Second Amended Complaint contains multiple claims that, as a matter of law, are futile as they would not even survive a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. As such, this Honorable Court should deny Plaintiffs leave to file their proposed Second Amended Complaint.

In considering whether a motion to amend should be denied as futile, the Court must determine whether the proposed amendment could withstand a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In order to avoid futility, the proposed amendment must satisfy the Rule 12(b)(6) standard and contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must—when the record is construed in the light most favorable to the nonmoving party and when all well-pled factual allegations are accepted as true—contain 'either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (citing P*hiladelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013)). "Still, this court 'need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" *Id.* (citing *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

7

action will not do.' " *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246–47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)).

> 1. <u>The proposed amendment to add class action allegations is futile, because the proposed classes are overbroad and lack commonality and typicality.</u>

First, Plaintiffs seek to amend their Amended Complaint to add class action allegations. These proposed amendments are futile because the class allegations would not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

The class action device "is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (emphasis added). Class certification is not proper unless Plaintiffs can conclusively show that a case can be resolved through common proof. *Id*. To depart from the general rule and pursue claims through named representative parties, the following criteria must be met:

> (1) The class is so numerous that joinder of all members is impracticable;
>
> (2) There are questions of law or fact **common to the class**;
>
> (3) The claims or defenses of the representative parties are **typical** of the claims or defenses of the class; and
>
> (4) The representative parties will **fairly and adequately** protect the interests of the class.

Fed. R. Civ. P. 23(a) (emphasis added).

First, the proposed classes are overbroad and lack typicality and commonality. The proposed "conspiracy survivor class" consists of all women who were "abused, drugged, or trafficked by Sean Williams or Alvaro Farnado." [Doc. 23-1, PageID # 354, at ¶ 368]. This proposed class includes women who did not report an alleged crime to the Johnson City Police Department, including for example Jane Doe 1, 3, 4, 8, and 9. Those who did not report their alleged sexual assault to the Johnson City Police Department cannot be said to have suffered the same harm as a plaintiff who did.

Moreover, many of the putative class members' claims may be barred by the statute of limitations, as based on the allegations in the proposed Second Amended Complaint it appears their claims accrued at different times. For example, Jane Doe 3 was allegedly "too frightened to report her own [October 29, 2019 sexual assault]. She believed JCPD would not help Williams' victims." [Doc. 23-1, PageID # 313-314]. Thus, Jane Doe 3 knew, or should have known, in October of 2019 that she had an alleged claim. Similarly, Jane Doe 4, who was allegedly assaulted in September or October of 2020, did not report her alleged assault to the JCPD because, "she had been told that the police would take no action, as they never did when women reported assaulted by Williams…" [Doc. 23-1, PageID # 315].

Since the statute of limitations defense will be unique and individualized to each class member, as illustrated based on the allegations of Jane Doe 3 and 4, it cannot be said that Plaintiffs' claims and defenses are typical of the whole. Moreover, if this matter is allowed to proceed as a class action, the utility of proceeding as a class action, as contemplated by Rule 23(a), will be negated by the need to conduct individualized inquiries to determine at what point in time each putative plaintiff was informed—or reasonably should have known—that the she had a claim based on any alleged wrongdoing by the Defendants.

9

Similarly, the proposed "Reporter Survivor Class," is overbroad and lacks typicality and commonality, as this class includes *all* women who reported sexual abuse and trafficking by any person to JCPD from January 1, 2018 to April 25, 2023. This proposed class will, undoubtedly, include women that alleged assaults which were investigated and/or resulted in an arrest. To the extent an investigation resulted in an arrest, the proposed class members did not suffer an injury and therefore do not have standing to bring such claims. Including individuals in the class who did not suffer an injury is the definition of overbreadth. *See, e.g., Loreto v. Proctor & Gamble Co.*, No. 1:09-CV-815, 2013 WL 6055401, at *4 (S.D. Ohio Nov. 15, 2013) ("A class is overbroad if it includes significant numbers of [individuals] who have not suffered any injury or harm."). The same is true for a woman who reported, but later recanted, her sexual assault or a woman who declined to prosecute her sexual assault. None of these women would have a claim based on an alleged failure to investigate her sexual assault, yet under the overbroad class designation alleged in the proposed Second Amended Complaint, these women would be included as members of the class.

As the Sixth Circuit has previously stated:

> Where a class definition encompasses many individuals who have no claim at all to the relief requested, or where there are defenses unique to the individual claims of the class members, the typicality premise is lacking for—under those circumstances—it cannot be said that a class member who proves his own claim would necessarily prove the claims of other class members.

*Romberio v. Unumprovident Corp.*, 385 F. App'x 423, 431 (6th Cir. 2009) (internal citation omitted).

Thus, the class allegations raised in Plaintiffs' proposed Second Amended Complaint are overbroad, lack commonality and typicality, would not withstand a Rule 12(b)(6) motion to dismiss and are therefore futile.

2. <u>The Plaintiffs' Title IX Claims would not withstand a Rule 12(b)(6) Motion to Dismiss.</u>

In Count VII of their proposed Second Amended Complaint, the Plaintiffs attempt to bring a Title IX claim against the City of Johnson City. Title IX of 20 U.S.C. § 1681 states, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any <u>education program or activity receiving Federal financial assistance</u>." (Emphasis added).

Even a cursory review of Title IX cases makes it clear that Title IX is an inappropriate claim. A plaintiff can only bring a Title IX claim if the alleged discrimination occurred while they were participating or attempting to participate in an educational program or activity. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 708 (6th Cir. 2022). The modifier "education" applies to both programs and activities. *O'Connor v. Davis*, 126 F.3d 112, 117 (2d Cir. 1997).

The proposed Second Amended Complaint lacks any reference to allegations supporting even an inference that any of the Jane Does were attempting to participate in any educational activity or program conducted by the Johnson City Police Department. There are no allegations in the proposed Second Amended Complaint, beyond a mere recitation of the elements of the claim, supporting Plaintiffs' purported Title IX claim.

Since the Title IX claim would quite clearly not survive a Rule 12(b)(6) motion to dismiss, this claim as alleged in Plaintiffs' proposed Second Amended Complaint is futile.

3. <u>Plaintiffs' sex trafficking claims as alleged in Counts I, II, III and IV would not withstand a Rule 12(b)(6) motion to dismiss and are therefore futile.</u>

In Counts I, II, III, and IV of the proposed Second Amended Complaint, the Plaintiffs attempt to bring claims against the Defendants based on violations of the Trafficking Victim

Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA"). Plaintiffs' proposed amendments are futile as they would not withstand a Rule 12(b)(6) motion to dismiss.

In its early versions, the TVPRA imposed criminal liability for forced labor, forced-labor trafficking, and sex trafficking. 18 U.S.C. §§ 1589, 1590, 1591. In 2003, Congress codified 18 U.S.C. § 1595 and created a civil liability provision against the direct trafficker of the victims. *Id*. In 2008, Congress expanded the scope of civil liability, and the TVPRA now provides a civil remedy against not only the direct perpetrator, but also "*whoever knowingly benefits*, or attempts or conspires *to benefit, financially or by receiving anything of value* from participation in a venture which that person *knew or should have known* has engaged in an act in violation of this chapter," 18 U.S.C. § 1595(a) (emphases added). Counts I, II, III, and IV are all claims arising under § 1595 of the TVPRA, thus for each of these claims the Plaintiffs must plausibly plead that each of the Defendants knowingly benefited from taking part in a sex trafficking scheme.

There are two types of civil claims under the TVPRA, perpetrator and beneficiary liability. *Doe by Doe v. Piraino*, No. 3:22-CV-00560, 2023 WL 5310556 (M.D. Tenn. Aug. 17, 2023). A perpetrator liability claim allows a victim of sex trafficking to recover from the individuals who directly participated in the victim's sex trafficking. *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 552 (7th Cir. 2023). A beneficiary liability claim allows a victim of sex trafficking to also recover from individuals who benefited by participating in a venture with the perpetrator that they should have known violated 18 U.S.C. § 1591. *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021).

To state a beneficiary claim under the TVPRA "a plaintiff must plausibly allege that the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or

12

enterprise violated the TVPRA as to the plaintiff." *Red Roof Inns, Inc.*, 21 F.4th at 726; *Piraino*, No. 3:22-cv-00560, 2023 WL 5310556, at *16 (District court in the Middle District of Tennessee explicitly adopting the elements as stated by the Eleventh Circuit in *Red Roof Inns, Inc.* because there are no Sixth Circuit cases on beneficiary liability claims).

Plaintiffs appear to combine these claims by claiming Defendants were direct participants in and received financial benefit from William's "sex trafficking venture" (Doc. 23-1, PageID # 356, ¶¶ 376-390). Plaintiffs claim that Defendants,

> knowingly participated in a sex trafficking venture by benefiting financially. Defendants effectively accepted payments from Williams in furtherance of the conspiracy through the corrupt use of search warrants and other unlawful collection efforts. Said warrants were facially obtained and used to seize unlawfully obtain currency or narcotics assets but were in fact quid pro qui payments made to Defendants with either the implied or explicit understanding that Defendants would shield Williams, permitting him to continue his practice of abuse and trafficking with impunity in exchange for the payments.

[*Id*. at PageID # 357, ¶ 377].

This theory of participation in a "sex trafficking venture" does not satisfy the elements of the claim, even if one assumes that the Defendants benefited from civil asset forfeitures from its narcotics investigation into Williams. First, Plaintiffs provide no allegation as to how the several defendants sued in their individual capacity would benefit from such a seizure. Plaintiffs seem to suggest, without directly alleging, that individual defendants are taking bribes by civil asset forfeiture pursuant to a search warrant. Individual officers would have no access to any funds seized this way. There is no logical reason for an officer who is inclined to take a bribe to use civil asset forfeiture. The officer would unnecessarily draw attention to the transaction while preventing him from accessing the funds.

13

Second, any property seized due to a narcotics investigation into Williams could be seized if charges were properly brought for his sex crimes as well. Simply put, the prosecution or lack thereof of Williams's sex crimes has no effect on what can be lawfully seized in a parallel narcotics investigation. Third, this is not a "common undertaking or enterprise involving risk and potential profit." If the City had seized significant assets from Williams related to its narcotics investigation as Plaintiffs claim, there are no factual allegations establishing that this was done pursuant to a common scheme with Williams. Under Plaintiffs' theory of liability, a law enforcement agency becomes an active participant in sex trafficking if it takes possession of anything of value in a non-sex trafficking investigation, and it later becomes apparent that defendant was also engaged in sex trafficking. This argument is clearly inconsistent with the purpose of the TVPRA, and such a holding would discourage law enforcement officers from seizing assets from an individual who is accused of a crime due to a fear of later liability under the TVPRA.

Plaintiffs undercut their argument for financial benefit with the factual allegations they use to support the claim. Plaintiffs point to a search warrant application that allowed the Johnson City Police Department to seize any currency in Williams's safe. [Doc. 23-1, PageID #331 at ¶ 229]. Plaintiffs then allege "JCPD obtains substantial funds from asset seizures in narcotics investigations. For example, seven months after the search of Williams's apartment, in or about April 30, 2021, JCPD officers seized $805,624 in currency and seven vehicles in a drug bust which resulted in the arrest of 21 defendants charged in cocaine trafficking conspiracy." [*Id*. at PageID # 331, ¶ 331] (the described investigation, arrests, and seizures did not involve Williams in any way). JCPD cannot be said to have conspired to further the criminal enterprise of the referenced criminal defendants when it arrested them on federal charges and seized several cars and over $800,000 from those 21 defendants. The Defendants cannot be said to have participated in a

14

criminal enterprise when their arrest of the suspects and confiscation of the suspect's assets would have put an end to any sex trafficking activity the same as their drug dealing.

Plaintiffs' claims in Counts I, II, III and IV of their proposed Second Amended Complaint are futile, as they would not withstand a Rule 12(b)(6) motion to dismiss. Accordingly, this Honorable Court should deny Plaintiff's pending Motion to Amend.

## II. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT DOES NOT COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 8

A pleading that states a claim for relief must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a), (a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021). A plaintiff must plead enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (quoting *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)). It is "inaccurate to read [*Twombly* and *Iqbal*] so narrowly as to be the death of notice pleading." *Id.,* at 614. Rather, the Sixth Circuit Court of Appeals "recognize[s] the continuing viability of the 'short and plain' language of" Rule 8. *Id.*

The Sixth Circuit Court of Appeals has held that in determining when a complaint violates Rule 8, the court will look to determine what is a "…short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more complicated cases will generally require more pleading. Rule 8 proscribes is obfuscation of the plaintiff's claims." *See also Kensu,* 5 F.4th at 651. "The district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Id*. (internal quotations omitted).

Plaintiffs' proposed Second Amended Complaint, with eighty (80) pages and nearly five hundred (500) allegations cannot be considered a "short plain statement of the claim…" *See* Fed. R. Civ. P. 12(b)(6). A cursory review of the proposed Second Amended Complaint makes one wonder if this is a criminal cause of action against Sean Williams,[2] as the Plaintiffs go to great lengths to quote, almost verbatim, documents filed in a District Court criminal case involving Williams. The proposed Second Amended Complaint also reads like an employment action against the City of Johnson City related to the termination of former SAUSA Kateri Dahl, as the Plaintiffs similarly quote verbatim and appear to rely heavily on the allegations raised by Ms. Dahl in the District Court lawsuit she has filed. *See Dahl v. Johnson City and Karl Turner*, Docket No. 2:22−cv−00072−KAC-JEM, filed in the District Court on June 23, 2022.

The Defendants should not have to waste time and resources responding to pages and pages of allegations that simply have nothing to do with the actual claims raised by the Plaintiffs whose identities are currently hidden from the Defendants. By filling their proposed Second Amended Complaint with pages of superfluous allegations and recitations from documents unrelated to their case, the Plaintiffs are confusing the issues at hand and attempting to litigate three cases in one. It is therefore submitted that this Honorable Court should deny Plaintiffs' Motion to Amend for failure to comply with Federal Rule of Civil Procedure 8.

### III. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT DOES NOT COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 10.

Federal Rule of Civil Procedure 10(b) mandates that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

---

[2] Despite alleging they were drugged and raped by Sean Williams, Mr. Williams is not named as a Defendant in any of the Plaintiffs' complaints.

circumstances" and advises that, "[i]f so doing would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense." Fed. R. Civ. P. 10(b); *see also Sawyer v. City of Soddy Daisy*, No. 1:20-CV-153-TRM-SKL, 2022 WL 20651067, at *4 (E.D. Tenn. Jan. 26, 2022) (where this Court struck redundant portions of the Complaint for not complying with Rule 10(b)).

Plaintiffs' proposed Second Amended Complaint does not comply with Federal Rule of Civil Procedure 10(b). The first three (3) pages of the proposed Second Amended Complaint [PageID ## 302-304] consists of a single, unnumbered "introductory paragraph," that is more of a commentary or summary of the Plaintiffs' version of events. This unnumbered introductory paragraph is not a "numbered paragraph…limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). In light of the Plaintiffs' failure to comply with Federal Rule of Civil Procedure 10, the Plaintiffs' Motion to Amend should be denied.

## CONCLUSION

Due to the reasons cited herein, these Defendants request that this Court deny Plaintiffs' Motion to Amend their Complaint, as the Defendants have been prejudiced by the Plaintiffs' repeated amendments, the proposed amendment is futile, and because the Plaintiffs have failed to comply with Fed. R. Civ. P. 8(a) and 10(b).

Respectfully submitted,

*s/ Emily C. Taylor*
Emily Taylor, BPR # 027157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

*s/K. Erickson Herrin*  
K. Erickson Herrin, BPR # 012110  
**HERRIN, McPEAK & ASSOCIATES**  
P. O. Box 629  
Johnson City, TN 37605-0629  
Phone: (423) 929-7113  
Email: lisa@hbm-lawfirm.com  

*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, Investigator Toma Sparks, in his official capacity, and Investigator Justin Jenkins, in his official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Heather Moore Collins  
Caroline Drinnon  
Ashley Shoemaker Walter  
HMC CIVIL RIGHTS LAW, PLLC  
7000 Executive Center Drive, Suite 320  
Brentwood, TN 37027  
heather@hmccivilrights.com  
caroline@hmccivilright.com  
ashley@hmccivilrights.com  

*Counsel for Plaintiffs*

Vanessa Baehr-Jones  
ADVOCATES FOR SURVIVORS OF ABUSE, PC  
4200 Park Boulevard No. 413  
Oakland, CA 94602  
vanessa@advocatesforsurvivors.com  

*Counsel for Plaintiffs*

Kevin Osborne  
Elizabeth Kramer  
ERICKSON KRAMER OSBORNE, LLP  
44 Tehama Street  
San Francisco, CA 94105  
Kevin@eko.law  
elizabeth@eko.law  

*Counsel for Plaintiffs*

Kristin Ellis Berexa  
Ben C. Allen  
FARRAR BATES BEREXA  
12 Cadillac Drive, Suite 480  
Brentwood, TN 37027-5366  
kberexa@fbb.law  
ballen@fbb.law  

*Counsel for Toma Sparks in his individual capacity*

18

| | |
|---|---|
| Daniel H. Rader III<br>Daniel H. Rader IV<br>André S. Greppin<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>andre@moorerader.com<br><br>*Counsel for Kevin Peters in his individual capacity* | Keith H. Grant (BPR #023274)<br>Laura Beth Rufolo (BPR #015622)<br>Philip Aaron Wells (BPR #036248)<br>ROBINSON, SMITH & WELLS, PLLC<br>Suite 700, Republic Centre<br>633 Chestnut Street<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

Dated this 18th day of October, 2023.

<u>s/Emily C. Taylor, BPR No. 27157</u>
EMILY C. TAYLOR, BPR NO. 27157
Attorney for Defendants
**WATSON, ROACH, BATSON,
& LAUDERBACK, P.L.C.**
Attorneys at Law
P.O. Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700
etaylor@watsonroach.com
