IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Personal Representatives to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9, | ) ) ) ) ) | No. 2:23-cv-00071-TRM-CRW |
| Plaintiffs | ) ) ) | |
| VERSUS | ) ) | |
| CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, individually and in his official capacity as Chief of the Johnson City Police Department, KEVIN PETERS, individually and in his official capacity as Captain in the Johnson City Police Department, TOMA SPARKS, individually and in his official capacity as Detective in the Johnson City Police Department, and DOES 5-10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

**RESPONSE OF DEFENDANT, KEVIN PETERS,
TO SECOND MOTION TO AMEND**

Comes now the Defendant, Kevin Peters, and for response to the Plaintiff's motion to amend and submit a Second Amended Complaint (Docket Entry 23), would respond as follows:

Plaintiff's motion to amend the complaint a second time, to now include a class action, should be denied at this juncture notwithstanding the liberality applied to consideration of motions to amend a complaint. Granting such an amendment in this case at this stage would create undue prejudice to this Defendant. The amendment would

1

also likely be futile. But in large part because the Defendant cannot identify the individual "named" Plaintiffs, and the Court has declined to resolve this issue at this juncture and require Plaintiffs to provide these identities, the question of futility is partially premature. This Defendant requests the Court hold the Motion to Amend in abeyance pending resolution of that issue by the Court so that the parties may more fully argue the impact of that issue.

Judge McDonough has recently summarized the standard for the Court to consider when determining in its discretion whether to allow an amendment:

> Under Rule 15 of the Federal Rules of Civil Procedure, if a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Id.; see also Brown v. Chapman, 814 F.3d 436, 442 (6th Cir. 2016) ("Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.' "). Denial of leave to amend may nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend ultimately lies within the court's discretion. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330–31 (1971).

*Romanov v. State Farm Mutual Automobile Ins. Co.*, 2023 WL 6443034 (E.D. Tenn. Sept. 25, 2023).

Defendant Peters asserts that the proposed amended complaint is both futile (whether or not the Plaintiffs are identified), and would result in undue prejudice.

Notably, the proposed 80-page, 491-numbered paragraph proposed Second Amended Complaint contains only a single factual allegation against Defendant Peters (which the Plaintiffs evidently deem so significant they include the same allegation twice):

2

> 246. Captain Peters ridiculing and making jokes about a victim's appearance prior to the victim providing a statement about Williams' sexual assault to JCPD and SAUSA Dahl.
>
>     \*       \*       \*
>
> 317. On another occasion, JCPD Captain Peters made jokes about Williams' victim's clothing and appearances.

[Docket Entry 23-1].

The name Peters appears on just 12 of the 80 pages (including the first page containing only the caption). In each other instance where Peters's name is mentioned, it is included with a conclusory legal allegation couched as fact (e.g. "The aforementioned actions of JCPD, including but not limited to the actions of Defendants Chief Turner, Captain Peters, and Detective Sparks, shock the conscience, in that they acted with deliberate indifference…" ¶ 443).

The single factual allegation about an alleged "joke" concerning the clothing or appearance of one individual is not sufficient to state a claim against Defendant Peters under any of the causes of action included in the proposed Second Amended Complaint under *Twombly* and *Iqbal*, before one even touches the statute of limitations and substantive defenses with respect to these very incendiary allegations of "sex trafficking" against civil servants and a Tennessee local government.

Sean Williams, whatever this person may have done, is not a party to this case, and Plaintiffs' allegation that a Tennessee government itself, and public servants who worked there, "knowingly participated in a sex trafficking venture" (Docket Entry 23-1, ¶ 377) is respectfully beyond the pale.

With respect to the new proposed Second Amended Complaint, which purports to add two new causes of action, plus a class action element, the Complaint is futile, and the amendment should be denied.

Undue prejudice is also a critical issue, which is inextricably intertwined with the issue concerning the ability of Plaintiffs to proceed under a pseudonym now that Plaintiffs seek to serve as class representatives for two different classes, an issue which was not considered by the Court when ruling on the Plaintiffs' ex parte motion to proceed under pseudonym.

The Plaintiffs, not one of whom has been identified to Defendant Peters or even Defendant Peters' counsel, now seek to certify and represent not one but two purported classes of persons, without ever identifying themselves to Defendant Peters personally at all. (See Docket Entry 30, p.1, where Plaintiffs assert that the identities should be provided to the Court and "Attorneys' Eyes Only" thereby depriving the actual Defendants of participating in their own defense.) The Court expressly reserved its decision on this critical issue at this juncture. See Docket Entry 40, p. 3-4. At this point, this has empowered Plaintiffs to keep their identities from the Defendants (and so-far Defendants' counsel), and thus empowered the Plaintiffs to keep the actual Defendants from assisting their counsel by providing valuable factual information as to what transpired with respect to these alleged investigations, all of which may be relevant to the proposed amended complaint. Now, not only do the Plaintiffs not want the Defendants to know their identities, they now want these unidentified people to represent two different classes of unidentified people. This is incompatible with proceeding under pseudonym.

Allowing "named" Plaintiffs to proceed under a pseudonym **at all** has been **<u>rejected</u>** in the specific contest of a class action asserting relief under the Traffic Victims Protection Act that Plaintiffs propose to bring with the Second Amended Complaint. *Sherman v. Trinity Teen Solutions, Inc.*, 339 F.R.D. 203 (D. Wyo. 2021). In Sherman, the named plaintiff alleged abuse as a child. The court recognized that a plaintiff may be permitted to proceed under a pseudonym in "limited, exceptional circumstances," but the court must always balance the public interest against a plaintiff's claimed right to privacy. But the Court held that the public interest outweighed the use of a pseudonym in the class context, because the public interest in open and fair proceedings, particularly when attempting "to ascertain if Plaintiff and his counsel can fairly and adequately protect the interests of the class." *Id*. at 206. The court's reasoning is instructive:

ANALYSIS
>In weighing the two competing interests, the Court finds that Plaintiff's interests are not sufficiently exceptional to outweigh the public interest in maintaining open judicial proceedings in this case. First, the subject matter of this litigation is not highly sensitive in nature as typically defined by courts. Plaintiff claims the severity of the alleged child abuse is of the utmost intimacy. Generally, a showing of highly sensitive is met in cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Megless*, 654 F.3d at 409 (internal citations omitted). While child abuse is certainly serious, its sensitive nature is also weakened here because Plaintiff is no longer a child and these allegations occurred more than nine years ago.
>
>Plaintiff has also failed to show how disclosure of his child abuse would result in social stigma or the threat of real and imminent physical harm. Plaintiff asserts the social stigma includes personal embarrassment, harm to his reputation, and future prejudice in employment and relationships. Additionally, Plaintiff fears the risks associated with exposing his parents to "public shame and harassment." (ECF No. 7, at 3). While the Court is sympathetic with these fears, the risk of embarrassment is generally insufficient to allow anonymity. *Raiser*, 127 Fed. Appx. at 411. Further, Plaintiff has not shown how embarrassment would lead to any real

threat of imminent physical danger. Plaintiff claims his embarrassment will further exacerbate his psychiatric conditions. However, Plaintiff provided no particularized evidence documenting his psychiatric conditions, or proof that embarrassment would cause imminent danger.

In contrast, there is a public interest in open and fair proceedings. Plaintiff has publicly alleged serious wrongdoings against Defendants. Because the allegations are severe, policy and fairness to Defendants lean in favor of openness. *Raiser*, 127 F. App'x at 411 ("[l]awsuits are public events." (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992))).

**Plaintiff's role as the class representative in this case also weighs in favor of an open proceeding. If Plaintiff proceeds under a pseudonym, it will be difficult to ascertain if Plaintiff and his counsel can fairly and adequately protect the interests of the class.** First, without knowing Plaintiff's identity, it would be difficult to determine if he and his counsel have conflicts of interest with other class members. Second, and most important, as the class representative, **Plaintiff has a fiduciary duty and obligation to vigorously prosecute the interests of the class**. *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *4, 2016 U.S. Dist. LEXIS 46893, at *17-19 (E.D. Mo. Apr. 6, 2016). **In order to do so, the other class members should know who is representing them.**

<u>**Thus, when weighed against the public's interest in open court proceedings, the Court finds that Plaintiff has not sufficiently demonstrated that disclosure of his identity would reveal highly sensitive, personal information that would result in social stigma or the threat of real and imminent physical harm.**</u>

CONCLUSION

Courts allow plaintiffs to proceed under a pseudonym only in limited, exceptional circumstances. *Raiser*, 127 Fed. App'x. at 411. Furthermore, Plaintiff has a "fiduciary obligation to fairly represent the entire class." *In re Ashley Madison Customer Data Sec. Breach Litig.*, 2016 WL 1366616, at *4, 2016 U.S. Dist. LEXIS 46893, at *17-19. For these reasons, the Court denies Plaintiff's Motion. Nevertheless, the Court does recognize the sensitive and confidential nature of the claims in this matter, and Orders parties to confer about entering an appropriate protective order in this matter.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion to Proceed Under a Pseudonym [Doc. 7] is DENIED.

*Sherman v. Trinity Teen Solutions, Inc.*, 339 F.R.D. 203, 205–06 (D.Wyo., 2021).

The proposed Second Amended Complaint, as presented by Plaintiffs, attempts to preserve this anonymity in direct conflict with the interests of the proposed class, and by unreasonably delaying their motion to amend until the Court permitted them to proceed under pseudonym, has put the cart before the horse.

The Court should not grant permission to amend the complaint under these circumstances, as it would unduly prejudice this Defendant, prejudice the proposed class, and be futile in light of the authority underpinning *Sherman*.

This Court should, at a minimum, hold the motion to amend in abeyance until the Court addresses the outstanding issues concerning release of the identity of the named Plaintiffs, so that this Defendant and others can consult their clients and mount a meaningful challenge to this purported new "class action" complaint that has been proposed. Moreover, the Court should not permit the Plaintiffs to both proceed under pseudonym and also proceed as class representatives, because that would prejudice the prospective class members themselves, as explained in *Sherman*.

When the identities are revealed, it is also very likely that the amendment would prove futile based on the statute of limitations and other defenses. For instance, all of the "named" Plaintiffs appear from the original complaint to assert events far outside the one-year statute of limitations applicable to the constitutional claims that formed the basis of the original suit, and would certainly not be adequate class representatives for anyone else. It is respectfully submitted that the Amended Complaint and now the Second

Amended Complaint seek to add specious sex-trafficking claims[1] which if otherwise legitimate might arguably have a longer statutes of limitations, presumably all as part of a tactic to try and avoid immediate dismissal based on that lapse of time.

CONCLUSION

For any of the foregoing reasons, this Defendant asks the Court to deny Plaintiff's Second Motion to Amend, or alternatively hold such motion in abeyance pending the Court's final resolution of the Plaintiffs' ability to proceed under a pseudonym.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.


By s/Daniel H. Rader IV, B.P.R. No.025998
    DANIEL H. RADER IV, BPR 025998
    DANIEL H. RADER III, BPR 002835
    Attorneys for Defendant
    Kevin Peters, in his individual capacity,
    P. O. Box 3347
    Cookeville, TN 38502
    (931-526-3311)

---

[1] Specifically, Plaintiff's Amended Complaint added allegations that the Defendants, including a Tennessee municipality, "knowingly participated in a sex trafficking venture by benefiting financially." Docket Entry 23-1 ¶ 377. This type of incendiary allegation is not likely to have factual or legal support as to the City or the individuals such as this Defendant Peters. While this first cause of action for "sex trafficking" is contained in the First Amended Complaint that Plaintiffs filed as of right, the new proposed Second Amended Complaint recharacterizes and broadens this sex trafficking allegation substantially, newly asserting "Defendants effectively accepted payments from Williams in furtherance of the conspiracy through the corrupt use of search warrants and other unlawful collection efforts" [Id. at ¶ 377] and "JCPD officers knew that they would gain financial benefits by ignoring the women victims' complaints associated with Williams and by participating in his sex-trafficking venture." [Id. at ¶ 379]. This Defendant is unable to identify a good faith basis for any such allegation. The newly proposed complaint also adds new related counts based on these specious allegations, including Count III for "Aiding and Abetting a Sex-Trafficking Venture" and Count IV "Conspiracy to Commit Violations of the TVPA" without any particular factual allegation as to any defendant.

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing pleading was filed electronically on October 18, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN  37027
615-724-1996
Email:  ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN  37027
615-724-1996
Email:  heather@hmccivilrights.com

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN  37901-0131
865-637-1700
Email:  etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN  37027
615-724-1996
Email:  caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA  94602
Email:vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN  37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

| | |
|---|---|
| Thomas J. Garland, Jr.<br>Milligan & Coleman, PLLP<br>230 W Depot St.<br>Greeneville, TN  37743<br>Email:  tgarland@milligancoleman.com<br>*Attorney for the City of Johnson City,*<br>*Tennessee, and Karl Turner, in his*<br>*Individual capacity* | Ms. Kristin E. Berexa<br>Mr. Benjamin C. Allen<br>Farrar Bates Berexa<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN  37027<br>615-254-3060<br>Email:  kberexa@fbb.law<br>ballen@fbb.law<br>*Attorneys for Toma Sparks* |

This the 18th day of October, 2023.

                MOORE, RADER AND YORK, P. C.


                By s/Daniel H. Rader IV, B.P.R. No.025998
                    DANIEL H. RADER IV, BPR 025998
                    Attorneys for Defendant,
                    Kevin Peters, in his individual capacity,
                    P. O. Box 3347
                    Cookeville, TN  38502
                    (931-526-3311)