# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| JANE DOE, *et. al.*, | ) | |
| | ) | Case No. 2:23-cv-71 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| JOHNSON CIY, TENNESSEE, *et al.*, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

---

## ORDER

---

Before the Court is Plaintiffs' motion to enjoin extrajudicial conduct (Doc. 17). For the

reasons that follow, the motion (*id.*) will be **DENIED**.

## I.      BACKGROUND

Sean Williams, a local drug dealer residing in Johnson City, Tennessee, was discovered

to have sexually assaulted and taken exploitative images of Anonymous Plaintiffs Jane Does 1–9

("the Does"). (Doc. 18, at 2.) Williams engaged in these actions for years without consequence

because, according to the Does, Defendant Johnson City, Tennessee ("Johnson City") "corruptly

obstruct[ed] any federal criminal investigation into his sexual assaults." (*Id.* at 3.)

On June 21, 2023, the Does filed a complaint against Johnson City in this Court, alleging

civil rights claims under the Equal Protection and Due Process Clauses of the Constitution, as

well as claims under Title IX of the Education Amendments Act of 1972, and the common law.

(*See* Doc. 1.) The Does later amended their complaint to include claims for Sex Trafficking

pursuant to 18 U.S.C. §§ 1595 and 1591, as well as Obstruction of Enforcement pursuant to 18 U.S.C. §§ 1591, 1595, at 1591(d).[1]  (*See* Doc. 21.)

On August 25, 2023, approximately two months after the Does filed the present action, Cathy Ball, the City Manager for Johnson City, gave a press conference.  (Doc. 17, at 2; Soc. 18, at 1.)  The impetus for the conference, according to Ball, was to ensure "people get all the factual information" about the case.  (Doc. 37-3, at 4.)  At the press conference, Ball stated that the Does were, to some degree, "at fault" for their rapes because they "consumed and partook of illegal drugs during the course of that time period and visit."  (Doc. 17, at 1.)  At least one local news outlet has published a video recording of the press conference.  (Doc. 18-2.)  The Does now move to enjoin Johnson City from "making any further public, extrajudicial statements which are misleading, an/or factually and legally inaccurate."  (Doc. 17, at 3.)  The motion is ripe for review.

## II.    STANDARD OF LAW

Speech in connection with litigation "goes to the heart of [courts'] function under our system of civil liberty."  *United States v. Ford*, 830 F.2d 596, 598 (6th Cir. 1987).  Thus, "any prior restraint on expression comes . . . with a heavy presumption against its constitutional validity."  *Karhani v. Meijer*, 270 F.Supp.2d 926 (E.D. Mich. 2003) (citing *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971)).  That heavy presumption may be overcome only when a content-based prior restraint meets "the exacting 'clear and present danger' test for free speech cases."  *Id.* (citing *Near v. Minnesota*, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931)).  According to the Sixth Circuit, a clear and present danger "must be sporadic, not general.  It

---

[1] Because the Does had not amended their complaint until after the at-issue press conference occurred, the Court will primarily refer to the original complaint.

must be much more than a possibility or a 'reasonable likelihood' in the future.  It must be a 'serious and imminent threat' of a specific nature, the remedy for which can be narrowly tailored in an injunctive order."  *Ford*, 830 F.2d at 600; *see also Young*, 522 F.2d at 238–39 (discussing *Chase v. Robson*, 435 F.2d 1059 (7th Cir. 1970)).

The Local Rules of this Court have expressly adopted the Rules of Professional Conduct promulgated by the Supreme Court of Tennessee.  Local Rule 83.6 provides:

> LR83.6 Rules of Professional Conduct The Rules of Professional Conduct adopted by the Supreme Court of Tennessee are hereby adopted as rules of professional conduct insofar as they relate to matters within the jurisdiction of this court.

L.R. 83.6.

Rule 3.6 of the Tennessee Rules of Professional Conduct provides in relevant part that:

> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding.
>
> (b) Notwithstanding paragraph (a), a lawyer may state:
>
> > (1) the claim, offense, or defense involved and, except when prohibited by law, the identity of the persons involved;
> >
> > (2) information contained in a public record;
> >
> > (3) that an investigation of a matter is in progress;
> >
> > (4) the scheduling or result of any step in litigation;
> >
> > (5) a request for assistance in obtaining evidence and information necessary thereto;
> >
> > (6) a warning of danger concerning the behavior of a person involved, when there

is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest;

. . .

**(c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.**

. . .

Tenn. R. Prof. Conduct Rule 3.6 (emphasis added).

Additionally, Local Rule 83.2 governs an attorney's extrajudicial statements.  Local Rule 83.2 states:

No lawyer or law firm associated with a civil action shall, during its investigation or litigation, make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and if such dissemination relates to:

(1) evidence regarding the occurrence or transaction involved;

(2) the character, credibility, or criminal record of a party, witness, or prospective witness;

(3) the performance or results of any examinations or tests or the refusal or failure of a party to submit to such;

(4) the attorney's opinion as to the merits of the claims or defenses of a party, except as required by law or administrative rule; and

(5) any other matter reasonably likely to interfere with a fair trial of the action.

E.D. Tenn. L.R. 83.2(a).

4

## III. ANALYSIS

Though certainly lamentable at best,[2] Ball's press conference does not pose a serious and imminent threat to the Does' right to a fair trial. A trial date has not yet been set, and it is unlikely any statements made at present will have a lasting effect on the jury pool for a trial many months away. *See Karhani v. Meijer*, 270 F. Supp. 2d 926, 933–34 (E.D. Mich. 2003) (finding distributing leaflets about the case did not pose a clear a present danger when the "litigation [was] in its infancy"). And, any prejudice that may result can be rooted out through vigorous voir dire. *See Ford*, 830 F.2d at 599 (describing less restrictive approaches to limited jury bias, such as a change of venue, the sequestration of the jury, or a searching voir dire examination of the jury). Should Ball or other Johnson City agents continue to publicly issue such statements about the Does as the trial date approaches, they may move at that time to enjoin those actions.

The Court will not restrict Johnson City's speech at this time, but it will entertain a motion, should Counsel for the Does choose to file one, seeking leave from Local Rule 83.2 to permit them to respond to Ball's statements. As Counsel for the Does point out, Local Rule 83.2 bars attorneys from issuing certain statements about a pending case. (Doc. 38, at 6.) In observance of this rule, Counsel for the Does state they "have made no public statements about the case" since the time of filing. (*Id.*) But, as this Court has held, a party may seek relief from Local Rule 83.2 in favor of the Tennessee Rules of Professional Conduct, which permits an attorney to "make a statement that a reasonable lawyer would believe is required to protect a

---

[2] Social worker Alicia Vargas notes in her declaration that victim-blaming statements, like those issued by Ball, "create[] unnecessary barriers for victims to report their sexual assault because they understand that they will not be believed, or they will be blamed for the assault." (Doc. 18-5, at 2.) Vargas states that victim blaming also "has negative effects on victims' long[-]term healing processes and placed them yet again in a powerless position." (*Id.* at 3.)

client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client." Tenn. R. Prof. Conduct Rule 3.6; *see United States v. Oakley*, No. 3:07-cr-88 at *3-4 (E.D. Tenn. July 20, 2007).

## IV.    CONCLUSION

For the aforementioned, the Does' motion to enjoin Johnson City's extrajudicial conduct (Doc. 17) is **DENIED**.  Counsel for the Does may file a motion seeking relief from Local Rule 83.2 to issue a statement in accordance with Tennessee Rule of Professional Conduct 3.6(c).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**