IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**JANE DOES 1-9,**

    **Plaintiffs,**

v.                                               No: 2:23-cv-00071-TRM-CRW

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**

_____/

### MOTION FOR RELIEF FROM LOCAL RULE 83.2

Plaintiffs JANE DOES 1-9's hereby move for relief from Local Rule 83.2 in order to make a statement in accordance with Tennessee Rule of Professional Conduct 3.6(c). Plaintiffs make this motion pursuant to the Court's November 6, 2023, Order (ECF 61) on Plaintiffs' Motion to Enjoin Extrajudicial Conduct (ECF 17). Plaintiffs state:

1. On September 1, 2023, Plaintiffs filed their Motion to Enjoin Extrajudicial Conduct, asking the Court to enjoin Johnson City from making any further public, extrajudicial statements, and requesting the Court enter an order as follows: "Defendants Johnson City and their agents are enjoined from making any further extrajudicial statements shifting the blame to Plaintiffs or making any further statements as to their character or credibility or any statements as to a legal opinion as to the merits of their claims of defense as such statements may reasonably be likely to interfere with a fair trial in this matter."

2. On November 6, 2023, the Court denied Plaintiffs' motion, but provided leave for Plaintiffs to bring a motion seeking relief from Local Rule 83.2 to issue a statement

in accordance with Tennessee Rule of Professional Conduct 3.6(c) to respond to Ball's press conference.

3. Accordingly, Plaintiffs file the instant motion seeking leave to make a public statement in accordance with Tennessee Rule of Professional Conduct 3.6(c), in response to City Manager Cathy Ball's August 23, 2023, press conference.

4. Specifically, Ball stated that the Does were, to some degree, "at fault" for their rapes because they "consumed and partook of illegal drugs during the course of that time period and visit."

5. Plaintiffs therefore seek leave to "make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client." Tenn. R. Prof. Conduct 3.6.

6. Here, this public statement would directly respond to Ball's press conference by (1) explaining the nature of the forced sex acts by Williams and the overwhelming evidence showing Plaintiffs were not "at fault" (these facts are set forth in the Amended Complaint (ECF 21) and are part of the public record); (2) explaining why an "comparative fault" defense is legally unavailable to Defendants here; (3) reading the declarations of Jane Does 2 and 4 which were filed in support of Plaintiffs' Motion to Enjoin Extrajudicial Conduct (ECFs 18-3, 18-4); (4) discussing the effects and harm of victim blaming as set forth in the Declaration of Alicia Vargas (ECF 18-5); and (5) explaining why the timing of service of the Complaint was not dilatory, as Ball asserted.

WHEREFORE, for these reasons articulated herein, Plaintiffs JANE DOES 1-9 respectfully request that this Honorable Court grant the relief requested.

Dated this November 6, 2023.          Respectfully submitted,

HMC Civil Rights Law, PLLC
*s/ Heather Moore Collins*

Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com


Erickson Kramer Osborne, LLP

*/s/ Elizabeth Kramer*
Elizabeth Kramer (*pro hac vice*)
Kevin Osborne (*pro hac vice*)
44 Tehama St.
San Francisco, CA 94105
415-635-0631
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on November 6, 2023 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>*Counsel for Justin Jenkins in his individual capacity* |

                                                  */s Heather Moore Collins*
                                                  Heather Moore Collins