IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Personal Representatives to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| VERSUS | ) ) | No. 2:23-cv-00071-TRM-CRW |
| CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, individually and in his official capacity as Chief of the Johnson City Police Department, KEVIN PETERS, individually and in his official capacity as Captain in the Johnson City Police Department, TOMA SPARKS, individually and in his official capacity as Detective in the Johnson City Police Department, and DOES 5-10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO DISMISS

Come now Defendant Kevin Peters, in his individual capacity; Defendant Toma Sparks, in his individual capacity; and the City of Johnson City, Karl Turner, in his individual and official capacity; and Keven Peters and Toma Sparks in their official capacities; by and through their respective undersigned counsel, and respectfully move this Court to dismiss the suit against them pursuant to Fed. R. Civ. P. 12(b)(4) and (5) for insufficient process and insufficient service of process. This Defendant also moves to dismiss pursuant to Fed. R. Civ. P. 4(m).

These defenses were properly joined in these Defendants' Answers (Docket Entry 10, 11, 15, 34, 39, 41); pursuant to Fed. R. Civ. P. 12(b). Moreover, the intentional failure to issue and/or serve any summons resulted in a failure to toll the running of the statute of limitations. Thus, all

1

claims against these Defendants to which a one-year statute of limitations applies (Counts III through VIII of the operative Amended Complaint: 42 U.S.C. § 1983; GTLA; negligence; and Title IX) are all time-barred. *See Dolan v. U.S.*, 514 F.3d 587 (6th Cir. 2008); *Farivar v. Lawson*, 2017 WL 149970 (E.D. Tenn. 2017) (Varlan, J.); *Butler v. Lamplighter Apartments*, 278 S.W.3d 321 (Tenn. Ct. App. 2008). See, e.g., Docket Entry 15, p. 18, well within the original 90 days under Rule 4(m), placing Plaintiffs doubly on notice of the effect of this intentional failure to serve. Plaintiffs did nothing.

This action should be dismissed for insufficient process and service of process pursuant to Fed. R. Civ. P. 4(m) because Plaintiffs failed to issue any summons, these Defendants have never been served, and the Court therefore lacks jurisdiction over these defendants as a result of failure to issue (at all), attempt to serve (at all), or perfect service (at all). Plaintiffs have intentionally failed to issue process at all, or serve any of the Defendants, and the case should be dismissed for their failure to meet this basic jurisdictional requirement. Plaintiffs certainly do not have good cause for failure to issue summonses, attempt to serve summonses, or serve summonses, and have been on notice of this failure since the Clerk notified them just a single day after the original Complaint was filed, and each of the Defendants asserted it in their Answers.

This suit was filed on June 21, 2023, and as the Clerk promptly noted on the docket on June 22, 2023, no summonses were sent with the initiating documents, and no summonses were issued. No Defendant made any appearance in the case for over two months: with the City first appearing by Answer, filed August 25, 2023. Numerous pleadings have placed Plaintiffs on notice of the deficiency, and they nevertheless let the time under Rule 4(m) expire without any attempt to comply with the Rule:

2

| Docket# | Filing Description | Date |
|---|---|---|
| 10 | City's and Turner's original Answer, p. 4 | August 25, 2023 |
| 11 | Sparks's (individual) original Answer, p. 17 | August 25, 2023 |
| 15 | Peters's (individual) original Answer, p. 18 | August 28, 2023 |
| 34 | Peters's (individual) Answer to Am.Compl., p. 28 | Sept. 20, 2023 |
| 39 | Sparks's (individual) Answer to Am.Compl., p. 28 | Oct. 4, 2023 |
| 41 | City's and Turner's Answer to Am.Compl., p. 3 | Oct. 4, 2023 |
| 50 | City's and Turner's Resp. to Pl.'s Motion to Am., p. 2 | Oct. 23, 2023 |

All Defendants have consistently raised this issue, and have not engaged in any meaningful activity in the case awaiting service. Indeed, no Rule 26(f) conference has yet occurred.

Meanwhile, prior to any Defendants appearing or having been served, the Plaintiffs filed not one but two motions (Docket Entry 2 and 8), and a memorandum of support (Docket Entry 3) none of which contained a certificate of service (personally, by mail, or otherwise), because Plaintiffs intentionally did not serve or intend to serve these items (with the Complaint or otherwise) on the Defendants. These then-absent Defendants could not have been served through ECF as they made no appearance in the case.

Moreover, the Magistrate Judge previously assigned to the case (but who had already recused herself from the related *Dahl* case, the Complaint for which is extensively discussed in and formed the substantive basis of Plaintiffs' Complaint), acted on both of Plaintiffs' motions, granting both of them despite the fact that Plaintiffs had not even attempted to serve either motion on any Defendants or give them an opportunity to respond, or made any pretense to do so by including a certificate of service, had not even issued summonses (much less served them). Plaintiffs caused the case to proceed as if the Defendants themselves were unimportant.

Furthermore, all of Plaintiffs' § 1983, GTLA, negligence, and Title IX claims in the operative complaint are time-barred, because Plaintiffs' counsel intentionally delayed the issuance of process in this case, and the filing of the original complaint did not toll the statute of limitations,

3

which has now expired. Tenn. R. Civ. P. 4.01(3); *see Butler v. Lamplighter Apartments*, 278 S.W.3d 321 (Tenn. Ct. App. 2008); *Jones v. Cox*, 316 S.W.3d 616 (Tenn. Ct. App. 2008) (perm. app. denied); *Jones v. Vasu*, 326 S.W.3d 577 (Tenn. Ct. App. 2010). Moreover, it is clear from the face of the complaint that each Plaintiff discovered their alleged injury and its source more than one year prior to the filing of their Complaint.

Separately and additionally, the Amended Complaint fails to state a claim upon which relief can be granted, which will be addressed by separate motion.

Finally, irrespective of the failure of the summons, as will be addressed by a separate motion, the complaint by its own terms establishes that the statute of limitations has expired as to most or all of the alleged Jane Does as to § 1983, GTLA, negligence, and Title IX, regardless of any application of a discovery rule, and therefore fails to state a claim for which relief can be granted. Thus, there can be no good cause to extend the time for service with respect to these claims.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
  DANIEL H. RADER III / BPR #002835
  DANIEL H. RADER IV / BPR #025998
  ANDRÉ S. GREPPIN / BPR #036706
  P. O. Box 3347
  Cookeville, TN  38502
  Phone: (931) 526-3311
  Fax: (931) 526-3092
  andre@moorerader.com
  danny@moorerader.com
  danrader@moorerader.com
  Attorneys for Kevin Peters in his
  individual capacity

4

HERRIN, MCPEAK & ASSOCIATES

s/K. ERICKSON HERRIN, BPR #012110
  K. ERICKSON HERRIN, BPR 012110
  P. O. Box 629
  Johnson City, TN 37605-0629
  (423-929-7113)
  lisa@hbm-lawfirm.com
  Attorneys for Defendants, Johnson City,
  Tennessee, Karl Turner, in his individual and
  official capacities, Captain Kevin Peters, in his
  official capacity, Investigator Toma Sparks,
  in his official capacity and Investigator
  Justin Jenkins, in his official capacity


WATSON, ROACH, BATSON &
LAUDERBACK, PLC

s/EMILY TAYLOR, BPR #027157
  EMILY C. TAYLOR, BPR 027157
  REID SPAULDING, BPR 023363
  P. O. Box 131
  Knoxville, TN 37901-0131
  (865-637-1700)
  etaylor@watsonroach.com
  rspaulding@watsonroach.com
  Attorneys for Defendants, Johnson City,
  Tennessee, Karl Turner, in his official capacity,
  Captain Kevin Peters, in his official capacity,
  and Investigator Toma Sparks, in his official
  capacity


FARRAR BATES BEREXA

s/BEN ALLEN, BPR #035923
  BEN C. ALLEN, BPR 035923
  KRISTIN ELLIS BEREXA, BPR 014833
  12 Cadillac Drive, Suite 480
  Brentwood, TN 37027-5366
  (615-254-3060)
  ballen@fbb.law
  kberexa@fbb.law
  Attorneys for Toma Sparks in his individual
  capacity

5

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN  37743
Email:  tgarland@milligancoleman.com
*Attorney for the City of Johnson City,
Tennessee, and Karl Turner, in his
Individual capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN  37027
615-254-3060
Email:  kberexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

This the 13th day of November, 2023.

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR 025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN  38502
(931-526-3311)
danny@moorerader.com