UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JANE DOE, *et. al.*, | ) | |
|---|---|---|
| | ) | Case No. 2:23-cv-71 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| JOHNSON CITY, TENNESSEE, *et al.*, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**ORDER**

This matter is before the Court for case-management purposes. On June 21, 2023, Plaintiff Does filed a complaint in this case (Doc. 1). According to the docket, no summons was issued as to any Defendant until November 15, 2023 (Doc. 72). As of November 20, 2023, all Defendants in this matter appear to have been served (Docs. 77, 78, 79, 80, 81).

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Good cause typically refers to "a reasonable, diligent effort at proper service." *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (quotations and citations omitted). "Inadvertent failures or mistakes" are generally not sufficient to establish good cause. *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) (first citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir.1992); and then citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991)).

Absent good cause, a district court "also has discretion to permit late service" under Rule 4(m). *Bowden v. Brinly-Hardy Co.*, Inc., No. 3:20-cv-0438, 2020 WL 9607026, at *4 (W.D. Ky. Oct. 26, 2020) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[C]ourts have been accorded discretion to enlarge the [90]–day period 'even if there is no good cause shown.'") (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4)). According to the Sixth Circuit, district courts must consider seven factors when deciding whether to grant a discretionary extension of time to serve or dismiss the action absent good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). These seven factors are:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.*

In this case, more than 90 days have passed since the complaint was filed and Defendants were served. Although Plaintiffs offered some explanation for the delayed service in their response to Defendants' motion to dismiss for insufficient service (Doc. 75), they have not explained to the Court why it should permit an extension of Rule 4(m)'s service deadline.

Accordingly, Plaintiffs are hereby **ORDERED** to file a response justifying why the Court should extend the service deadline beyond the requirements of Rule 4(m). Plaintiff's response is due on or before **December 1, 2023**. Plaintiff is hereby **ON NOTICE** that failure to show cause by the date specified in this order may result in this action being dismissed without prejudice for failure to prosecute.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**