UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JANE DOE, *et. al.*, | ) | |
| | ) | Case No. 2:23-cv-71 |
|     *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| JOHNSON CITY, TENNESSEE, *et al.*, | ) | |
| | ) | |
|     *Defendant*. | ) | |
| | ) | |

## SCHEDULING ORDER

1. **_Introduction_**: Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling conference was held in this case on **November 21, 2023**.

2. **_Jurisdiction_**: In this case, the subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1331 and is not in dispute.

3. **_Disclosure and Discovery_**:

    (a) **_Rule 26(f) Meeting_**: The parties have held a discovery planning meeting as required by Rule 26(f).

    (b) **_Discovery Plan_**: The parties have filed with the Court a discovery plan in accordance with Rule 26(f).

    (c) **_Initial Disclosures_**: The parties have made initial disclosures.

    (d) **_Expert Testimony_**: Disclosure of any expert testimony any party seeks to use to meet its burden of proof shall be made on or before **June 10, 2024**, in accordance with Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure. Disclosure of rebuttal expert testimony shall be made by the parties on or before **July 10, 2024**. Rebuttal expert testimony challenges the opinions or methods of a previously disclosed expert and is no broader in scope.

    (e) **_Final Witness List_**: On or before **November 4, 2024**, the parties shall provide to all other parties a final witness list in accordance with Rule 26(a)(3)(A)(i). Within five days after service of this final witness list, the list may be supplemented. After that time the list may be supplemented with leave of the

court and for good cause.

(f) *__All Discovery__*:  All discovery, including the taking of depositions "for evidence," depositions of experts, and requests for admissions, shall be completed by **December 2, 2024**.

(g) *__Pretrial Disclosures__*:  On or before **March 3, 2025**, the parties shall make the pretrial disclosures specified in Rule 26(a)(3)(A)(ii) and (iii).  All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.  On or before **March 24, 2025**, the parties shall file any objections to the admissibility of deposition testimony designated pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(ii).  Any party disclosing an exhibit pursuant to Federal Rule 26(a)(3)(A)(iii) shall state whether the parties have stipulated to the authenticity of the exhibit in the joint list of exhibits set forth in the agreed final pretrial order.  If the authenticity of the document or exhibit is not stipulated, the party seeking to admit the document or exhibit must identify in the joint list of exhibits submitted in the agreed final pretrial order the witness who will authenticate the document or exhibit or identify the rule of evidence that makes the document or exhibit self-authenticating.

4. *__Other Scheduling Matters__*:

    (a) *__Protective Order__*:  Plaintiffs must file briefing as to their proposed protective order by **December 1, 2023**.  Defendants must file a response by **December 8, 2023**.

    (b) *__Class Certification__*:  Plaintiffs must file their motion for class certification by **August 15, 2024**, and Defendant must file its response by **September 16, 2024**.

    (c) *__Amendment of Pleadings__*:  Plaintiffs must provide Defendants their proposed second amended complaint by **December 7, 2023**.  By **December 12, 2023**, Plaintiffs must move to amend and advise the Court whether Defendants oppose the motion.  Accordingly, Plaintiffs' currently pending motion to file a second amended complaint (Doc. 23) is **DENIED AS MOOT**.

    (d) *__Dispositive Motions__*:  All dispositive motions under Rule 12 shall be filed no later than **February 2, 2024.**  The Court hereby **SETS** a telefonic conference on **December 15, 2023 at 2:00 p.m.** to discuss the possibility of separate dispositive-motion deadlines for Plaintiffs' two proposed classes.  All motions for summary judgment pursuant to Rule 56 shall be filed as soon as possible, but no later than **December 30, 2024**.  The failure to timely file such motions will be grounds to summarily deny them.  The parties must comply with § 5.H. of the Court's preferences concerning joint appendices relating to motions for summary judgment.

(e) **Daubert *Motions***: All motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 should be filed as soon as possible but no later than **December 30, 2024**.

(f) *Motions in Limine*: Any motions in limine must be filed no later than **March 10, 2025**. Consistent with Local Rule 7.1, the parties are limited to one motion in limine that identifies all evidence sought to be excluded and one supporting brief not to exceed twenty-five pages. Separately filed motions in limine will be summarily denied. Evidence sought to be excluded should be attached as an exhibit to the motion in limine to the extent practicable. Additionally, the Court will not entertain a motion to exclude expert testimony styled as a motion in limine. Any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 must be filed on or before the *Daubert* motion deadline set forth in § 5(c).

(g) *Trial Brief and Proposed Final Pretrial Order*: The parties should file trial briefs and a joint proposed final pretrial order at least **seven days** before the final pretrial conference. Trial briefs must state the parties' positions on anticipated evidentiary and legal issues. The agreed final pretrial order **must include** an updated witness list and the joint list of exhibits with specific objections to exhibits listed. The joint list of exhibits must set out any objections to authenticity, as well as any other objections to the exhibits' admissibility. Counsel shall also file copies of any exhibits that are objected to on the basis of authenticity or admissibility. A sample copy of the final pretrial order is located on the district court's web page at **http://www.tned.uscourts.gov**. The Court will not extend this deadline absent extraordinary circumstances.

(h) *Stipulations of Fact*: The parties shall confer and submit a list of stipulated facts for trial on or before **March 24, 2025**.

(i) *Special Requests to Instruct for Jury Trial*: The parties shall confer and submit a joint proposal for jury instructions and a proposed jury verdict form on or before **March 24, 2025**. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal, and shall state the legal basis for their disagreement. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority pursuant to Local Rule 7.4. A copy of the proposed jury instructions and verdict form should be sent to **mcdonough_chambers@tned.uscourts.gov**.

5. *Final Pretrial Conference*: A final pretrial conference will be held in Courtroom 3 on **March 31, 2025**, at **1:00 p.m.** at the U. S. Courthouse, 900 Georgia Avenue, Chattanooga, Tennessee. The parties shall be prepared to discuss the admissibility of exhibits at the final pretrial conference. Additionally, at least **seven days** before the final pretrial conference, the parties must identify the specific portions (by page and line) of

any deposition testimony that *__will__* be presented at trial. To the extent objections to deposition designations remain, the objecting party must file their objections, along with copy of the deposition transcripts at issue, at least **three days** before the final pretrial conference.

6. *__Trial__*: The trial of this case will be held in Chattanooga before the United States District Judge **and a jury** beginning on **April 14, 2025**, at **9:00 a.m.** If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date. **SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED. SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER CHANGING THOSE DATES.**[1]

   **SO ORDERED.**

   /s/ *Travis R. McDonough*
   **TRAVIS R. MCDONOUGH**
   **UNITED STATES DISTRICT JUDGE**

---

[1] The demands of the Court's docket dictate that all trials, including all pretrial hearings, in civil cases be conducted in Chattanooga, Tennessee. The Court will, however, entertain motions to conduct trial in another division of this Court upon a showing of good cause by the parties. Any such motions must be filed **after the dispositive motions deadline but no later than four weeks before the final pretrial conference**, and the grant or denial of the same rests in the Court's discretion.