IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JANE DOES 1-9,

    Plaintiffs,

v.                                     No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER**

Plaintiffs respond to the Court's Order to Show Cause issued November 28, 2023. (Doc. 85). Plaintiffs have good cause for delayed service of the Complaint. Beginning on August 25, 2023, with the filing of Defendants' Answers, counsel for both Plaintiffs and Defendants were actively engaged in litigation in this matter. This was well before the initial 90-day window under Federal Rule of Civil Procedure 4(m) was set to run. Defendants filed appearances, answers, and motions, all demonstrating that they had not only notice of the lawsuit but had apparently waived service. Moreover, Plaintiffs amended their initial complaint on September 6, 2023 (Doc. 21), giving Plaintiffs good cause to believe that their deadline for service had not yet expired. It was not until Defendants' November 13, 2023, motion to dismiss,[1] claiming Plaintiffs had failed to timely serve Defendants with the initial complaint, that Plaintiffs had any reason to believe Defendants were claiming service deficiencies of any kind. (Doc. 66, 67, 68, 69). Upon receiving

---

[1] All Defendants joined this motion except for Defendant Justin Jenkins in his individual capacity. Thus, for ease of reference, throughout this response "Defendants" will refer to all Defendants other than Mr. Jenkins in his individual capacity.

1

these arguments, Plaintiffs immediately dispatched a process server. Formal service of process was perfected on all Defendants on November 16-17, 2023. (Doc. 72, 77-81). As such, all Defendants were formally served before any discovery and before the case management conference took place. Based on these facts, and on the additional details and arguments below, Plaintiffs respectfully request the Court find that Plaintiffs have shown good cause justifying that Court should exercise its discretion and extend the service deadline beyond the requirements of Rule 4(m).

## PROCEDURAL HISTORY

Plaintiffs Jane Does 1-9 are victims of Sean Williams' sex trafficking conspiracy and Defendants' efforts to benefit from, and obstruct any investigation into, this conspiracy. They filed their Complaint on June 21, 2023, alleging claims under the Equal Protection and Due Process Clauses of the Constitution pursuant to 42 U.S.C. § 1983, Title IX of the Education Amendments Act of 1972, and the common law. (Doc. 1). The initial Complaint did not allege any claims under 18 U.S.C. §§ 1595, 1591. This was by design. Those claims related to, and would have revealed the existence of, an ongoing federal criminal investigation. (*See* Doc. 21, Am. Compl. ¶ 296). Under Rule 4(m), the 90-day window within which to serve the Complaint would have run on September 19, 2023.

On August 25, 2023, Defendant City of Johnson City, Defendant Karl Turner in his official and individual capacity, and Defendants Kevin Peters and Toma Sparks in their official capacities filed their Answer to the Complaint. (Doc. 10). Also on August 25, 2023, Defendant Sparks in his individual capacity filed his Answer to the Complaint. (Doc. 11). In doing so, these Defendants submitted to the jurisdiction of this Court and its ECF notice provisions. E.D. Tenn. L.R. 5.2(d)-(e).

On August 26, 2023, Plaintiffs filed a motion for leave to amend the Complaint (Doc. 12), which the Court granted on September 1, 2023 (Doc. 20). The order granting the motion instructed Plaintiffs to file the First Amended Complaint no later than September 8, 2023, and Plaintiffs filed on September 6, 2023. (Doc. 21). The 90-day window within which to serve the First Amended Complaint will therefore run on December 5, 2023. *See* Fed. R. Civ. P. 4(m).

On September 20, 2023, Defendant Peters in his individual capacity filed his Answer to the First Amended Complaint. (Doc. 34). On October 4, 2023, Defendant City, Defendant Turner in his official and individual capacities, and Defendants Peters and Sparks in their official capacities, as well as Defendant Sparks in his individual capacity, filed their Answers to the First Amended Complaint. (Doc. 39, 41). Counsel for Defendant Jenkins in his individual capacity indicated he would waive service of process of the First Amended Complaint. (Doc. 75-1, Decl. of Vanessa Baehr-Jones ("Baehr-Jones Decl.") ¶ 3; Exh. 1). Plaintiffs filed the waiver on November 9, 2023. (Doc. 65).

On September 8, 2023, Plaintiffs filed a second motion for leave to amend their Complaint, (Doc. 23). The proposed amendments added an additional Jane Doe Plaintiff, additional theories of liability under 18 U.S.C. §§ §§ 1595 and 1591, and class allegations. (*Id*.). Class counsel also made their appearance on the docket and filed motions to proceed *pro hac vice*. (Doc. 24, 25). Defendants indicated during the meet-and-confer process that they intended to oppose the motion for leave to amend but failed to file an opposition within the 14 days provided by the local rules. (*See* Doc. 43). The Court provided additional time for Defendants to respond, and, on October 18, 2023, Defendants filed their oppositions. (Doc. 50-53). This motion is now moot, as the Court has granted Plaintiffs leave to file another motion to amend by December 12, 2023. (Doc. No. 86).

On November 8, 2023, counsel for Plaintiffs attempted to resolve the issue of service with defense counsel, inquiring via email whether Defendants were contesting service after they had responded to the Complaint. (Baehr-Jones Decl. ¶ 5; Exh. 3). Defense counsel did not respond. (*Id.*).

On November 13, 2023, Defendants (save for Defendant Jenkins in his individual capacity) filed a motion to dismiss, contending that "the suit against them"[2] should be dismissed because Plaintiffs had failed to timely serve Defendants under Rule 4(m). (Doc. 67). Plaintiffs' counsel immediately reached out to counsel for Defendants again via email to clarify their understanding that Defendants had waived service by answering both the Complaint and Amended Complaint, and, when defense counsel indicated that they had not intended to waive this defense, to inquire whether defense counsel would accept service on behalf of their clients. (Baehr-Jones Decl. ¶ 6; Exh. 4). Defense counsel indicated they would neither waive service accept service for their clients. (*Id.*). Accordingly, Plaintiffs filed notices for summons and hired a process server. (Doc. 71, 72; Baehr-Jones Decl. ¶ 7). Formal service of process was served on all Defendants November 16-17, 2023. (Doc. 77-81).

## ARGUMENT

In *Stewart v. Tennessee Valley Authority*, the Sixth Circuit explained:

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. In other words, the court has discretion to permit late service even absent a showing of good cause.

---

[2] Defendants referred to both the "Complaint" and the "Amended Complaint" in arguing that service was not properly effected, but then requested the Court dismiss "the suit." (*See* Doc. 67 at 1.) The operative complaint here is the Amended Complaint. (*See* Doc. 20, 21.)

4

*Stewart v. Tenn. Valley Auth.* 238 F.3d. 424, [published in full-text format at 2000 U.S. App. LEXIS 29904] 2000 WL 1785749, at *1 (6th Cir. 2000))*,* (citing *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996)).

A. **Rule 4(m)'s 90-Day Window Had Not Run on Service of the Amended Complaint. Thus, Plaintiffs Have Good Cause to Believe the 90-Day Window Remains Open.**

The operative complaint before the Court on Defendants' motion to dismiss is the Amended Complaint. *See Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) ("When a pleading is amended pursuant to Federal Rule of Civil Procedure 15(a), the amended pleading supersedes the original pleading, *i.e.*, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading ….") (quotation omitted); *Durbin v. AmeriCredit Financial Servs., Inc.*, 466 F. Supp. 3d 743, 746 n.3 (W.D. Ky. 2020) ("The filing of the First Amended Complaint rendered moot the many motions to dismiss the Complaint."). Good cause requires at least excusable neglect. *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992). Here, Plaintiffs had good cause to believe their window for issuing service was based on the filing of the First Amended Complaint. Moreover, along with the fact that all Defendants had attorneys who had entered appearances, filed answers, and, in the case of JCPD, were making public statements about Plaintiffs' complaint, Plaintiffs had a reasonable belief formal process had been waived.

Rule 4(m)'s 90-day window runs from the date of the filing of the operative complaint. *See, e.g.*, *Stocker by Stocker v. U.S. Gov't, Dep't of Just.*, No. 1:22-CV-1083-STA-JAY, 2023 WL 25730, at *2 (W.D. Tenn. Jan. 3, 2023) ("Plaintiff filed her Amended Complaint on August 12, 2022. Plaintiff had until November 10, 2022, to serve each Defendant with summons and a copy of the Amended Complaint."); *see also* Baehr-Jones Decl., Exh. 7, Order in *Scott v. Wise Co.*, No. 1:19-CV-01291-STA-JAY, at 7 (W.D. Tenn. Sept. 28, 2020) ("Scott filed his Second Amended

5

Complaint on March 24, 2020; Scott therefore had until Monday, June 22, 2020 to properly serve the summons and Second Amended Complaint.").

Here, the First Amended Complaint was filed on September 6, 2023, and the 90-day window within which to serve the Amended Complaint will run on December 5, 2023. Thus, Plaintiffs had, and still have, good reason and good cause to believe the 90-day deadline has not expired.

**B.     The Court Has Discretion to Allow Late Service, Even in the Absence of Good Cause**

Rule 4(m) permits a district court the discretion to allow late service, even where a plaintiff fails to demonstrate good cause. *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996); Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4, Advisory Committee Notes, 2015 Amendment, Subdivision (m); Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 Amendment, Subdivision (m). Moreover, in discussing Rule 4(m), the Sixth Circuit has held that a defendant "forfeited his service defense through his extensive participation in the litigation," including filing a Rule 26(f) report, participating in discovery on the merits, attending depositions, moving to amend the court's scheduling order, joining a motion to extend the discovery deadline, and attending a status conference. *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012). Further, a "tactical" decision by defendant to allow a statute of limitations to run before bringing a motion to dismiss on Rule 4 for "gamesmanship purposes" weighs against a defendant asserting dismissal on those grounds. *Id*. at 661.

The Sixth Circuit has articulated seven factors that can be considered when deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;

> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). Each will be analyzed in turn.

As to the first factor, whether an extension of time would be "well beyond" the timely service of process is disputable. *See Sheila Ray v. Lane Coll.*, 2023 U.S. Dist. LEXIS 92959 *13 (W.D. Tenn. May 26, 2023) (54 days past the deadline was not insignificant, but weighing all factors, discretionary grant of extension of time was granted); *Dunham-Kiely v. United States*, 2010 U.S. Dist. LEXIS 46114, at *16 (147 day extension weighed in defendant's favor, but weighing all factors, the court denied the motion to dismiss and afforded plaintiff 30 days to effect service). Here, if the operative service deadline was September 19, 2023, the extension to November was approximately 60 days. However, as articulated above, the 90-day deadline to serve has not passed on the operative First Amended Complaint. That deadline will not pass until December 5, 2023—three weeks *after* service was effected.

The second factor, whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit, weighs overwhelmingly in Plaintiffs' favor. *Oakland Physicians Med. Ctr.*, 44 F.4th at 571 (giving as examples of actual prejudice "the loss of records or the death of a witness"). Defendants have fully engaged in the litigation process as though they had been served for months. They have responded, and in some cases, answered the initial and First Amended Complaints, and filed motions and oppositions to move the litigation forward, all the while engaging the Court's electronic service systems, without mentioning the

7

failure of service as an issue until a November motion. No discovery has taken place, and the alleged failure of service has not resulted in any cognizable delay or harm that would prevent Defendants from preparing their defenses.

The third factor, whether the defendant had actual notice of the lawsuit, again weighs entirely in Plaintiffs' favor. Indisputably, all Defendants had actual notice evidenced by the Answers filed by all Defendants named in the Complaint; each Defendant engaged attorneys who entered appearances and each Defendant filed an Answer to the Amended Complaint; each Defendant has engaged in motion practice and finally; City Manager Cathy Ball has held press conferences addressing the Complaint and Amended Complaint on June 22, 2023,[3] July 23, 2023,[4] and August 25, 2023. (Doc. 10, 11, 13, 14, 15, 22, 26, 32, 33, 34, 39, 41). *See Dunham-Kiely v. United States*, 2010 U.S. Dist. LEXIS 46114, at \*17 (defendant who filed motions and notices within the service period indicated actual notice, factor weighed in favor of plaintiff); *Rose v. Bersa*, 327 F.R.D. 628, 635 (S.D. Ohio Sept. 20, 2018) (defendant who retained attorneys, timely filed an answer, participated in a status conference with the court, and engaged in motion practice had notice; court denied motion to dismiss due to untimely service of process).

The fourth factor, whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred, weighs in Plaintiffs' favor. Arguably, Plaintiffs' state law and some of their § 1983 based claims could be time barred. As such, this factor weighs heavily in favor of Plaintiffs. *See Sheila Ray v. Lane Coll.*, 2023 U.S. Dist.

---

[3] Murry Lee & Jeff Keeling, *Johnson City addresses Sean Williams-centric lawsuit*, WJHL (Jun. 22, 2023), available at https://www.wjhl.com/news/local/sean-williams-case/johnson-city-to-address-sean-williams-centric-lawsuit/.

[4] Jayonna Scurry & Slater Teague, *City manager presents JCPD sexual assault audit to city commissioners*, WJHL (Jul. 23, 2023), available at https://www.wjhl.com/news/local/sean-williams-case/city-manager-presents-jcpd-sexual-assault-audit-to-city-commissioners/ (last accessed Sept. 20, 2023).

LEXIS 92959 *13 (dismissal that results in lawsuit being time barred substantially prejudices plaintiff, discretionary extension ultimately warranted); *Dunham-Kiely v. United States*, 2010 U.S. Dist. LEXIS 46114, at *18 (factor weighed "heavily" in favor of plaintiff if plaintiff's action were dismissed without prejudice, because it would have the same effect as dismissal *with* prejudice because the statute of limitations has run).

The fifth factor, whether the plaintiff made good faith efforts to effect proper service or was diligent in correcting deficiencies, again weighs in Plaintiffs' favor. Plaintiffs' counsel first inquired whether Defendants' counsel would accept service, which they refused to do. Then, within days of the time that it became clear Defendants were maintaining this defense, Plaintiffs' counsel expeditiously had summons issued and personal service perfected on all remaining Defendants. (Doc. 71, 72, 77-81).

The sixth factor, whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process, does not apply.

The final, seventh factor, considering equitable factors, also weigh in favor of Plaintiffs. As Plaintiffs noted in their First Amended Complaint, there was an ongoing covert federal criminal investigation in which Plaintiffs were cooperating witnesses. So as to not reveal the criminal investigation, Plaintiffs intended to amend the complaint as a matter of right pursuant to Rule 15(a)(1) and held off on service until after the amendment. It simply was not contemplated that Defendants would respond to the Complaint earlier than required, which forced Plaintiffs' hand to amend sooner than contemplated.

Initially the only notice Plaintiffs had that a Rule 4 defense was raised was in the twelfth defense of Johnson City, Turner, Peters and Sparks's (official capacity) August 25, 2023, Answer; Sparks' August 25, 2023, individual capacity Answer, and Peters' August 28, 2023, individual

capacity Answer. (Doc. 10 p. 5, Doc. 11 p. 17, Doc. 15 p. 18). However, at that time, it was an improperly alleged defense because Plaintiffs were well within the 90-day window of the filing of the initial Complaint. Thus, Defendants' claim that Plaintiffs should have known service was a problem when the initial answers were filed is completely disingenuous. To the extent it was unreasonable for Plaintiffs to believe Defendants waived service, Counsel further believed the subsequently filed First Amended Complaint was the operative complaint for timing of service, which would have had an operative service date of December 5, 2023. (Doc. 21). Plaintiffs' completed service is within that time frame.

Nonetheless, at the core of this case are the victims of Sean Williams, a serial rapist against whom JCPD and its officers refused to take action. These victims have been denied justice for years while a predator was allowed to roam free. Defendants' Rule 4 argument recently raised is a transparent attempt to avoid accountability on the merits. To deny them their day in court on the merits based on a specious Rule 4 argument is the definition of inequitable.

Accordingly, the weight of the seven factors that the Court must consider in determining whether to grant a discretionary extension of time in the absence of a finding of good cause pursuant to Rule 4(m) weighs overwhelmingly in favor of Plaintiffs being granted a discretionary extension.

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court find they acted with good cause when delaying service of the complaint in this matter until November 2023, or alternatively, exercise its discretion to permit service beyond the requirements of Rule 4(m). Plaintiffs respectfully request the Court permit this matter to proceed without an unnecessary and inequitable dismissal.

10
Case 2:23-cv-00071-TRM-JEM   Document 88   Filed 11/30/23   Page 10 of 12   PageID #: 1029

Dated: November 30, 2023            Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—and—

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs*

11

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on November 30, 2023 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>*Counsel for Justin Jenkins in his individual capacity* |

*s/Heather Moore Collins*