UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JANE DOE, *et. al.*, | ) |
| | ) Case No. 2:23-cv-71 |
| *Plaintiffs*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Jill E. McCook |
| JOHNSON CITY, TENNESSEE, *et al.*, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

## ORDER

On November 28, 2023, the Court ordered Plaintiffs to show good cause as to why they failed to timely serve Defendants in this case. (Doc. 85.) Two days later, Plaintiffs responded to the motion, arguing the Court should extend the service deadline beyond the requirements of Federal Rule of Civil Procedure 4(m). (Doc. 88, at 2.)

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court –
> on motion or on its own after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Good cause typically refers to "a reasonable, diligent effort at proper service." *Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (quotations and citations omitted). "Inadvertent failures or mistakes" are generally not sufficient to establish good cause. *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) (first citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir.1992); and then citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991)).

Plaintiffs are mistaken that the ninety-day clock resets from the time of filing the amended complaint. *See Grove v. Mohr*, No. 2:18-cv-1492, 2020 WL 1242395, at *6 (S.D. Ohio Mar. 16, 2020) ("[F]iling an amended complaint does not reset the 90-daytime limit for serving existing defendants. An additional ninety-day time period is warranted only for defendants who are newly added to the amended complaint.") (citing *Schlueter v. Ministry*, No. 2:17-cv-1055, 2018 WL 7892455, at *1 (S.D. Ohio Apr. 3, 2018)).

Neither Plaintiffs' incorrect assumption that Defendants waived service nor their misunderstanding of 4(m) constitutes good cause. *See Campbell v. McMinn Cnty., Tenn.*, No. 1:10-cv-278, 2011 WL 5921431, at *3 (E.D. Tenn. Nov. 28, 2011) (noting that "'[m]istake of counsel of ignorance of the rules usually does not suffice' to establish good cause") (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir.1992)); *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) ("Inadvertent failures or mistakes are not sufficient to establish good cause.") (citations omitted).

However, absent good cause, a district court "also has discretion to permit late service" under Rule 4(m). *Bowden v. Brinly-Hardy Co., Inc.*, No. 3:20-cv-0438, 2020 WL 9607026, at *4 (W.D. Ky. Oct. 26, 2020) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996) ("[C]ourts have been accorded discretion to enlarge the ninety–day period 'even if there is no good cause shown.'") (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4)). According to the Sixth Circuit, district courts must consider seven factors when deciding whether to grant a discretionary extension of time to serve or dismiss the action absent good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). These seven factors are:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.*

Consideration of the factors in this case warrant an extension of time to effectuate service under Rule 4(m) absent a showing of good cause. Though the first factor, whether the extension of time would be well beyond the timely service of process, weighs somewhat against Plaintiffs here, it does not preclude a discretionary extension. Service was effectuated on November 16th and 17th, approximately sixty days after the deadline passed. *See Ray v. Lane Coll.*, No. 1:22-cv-2537, 2023 WL 3690097, at *5 (W.D. Tenn. May 26, 2023) (finding that a discretionary service extension was warranted despite the passage of fifty-four days from the original service deadlines).

The second factor—the likelihood an extension of time would prejudice the defendant—weighs in Plaintiffs' favor. It does not appear Defendants have been at a significant disadvantage as a result of delayed service; rather, they have filed answers and responded to motions filed prior to service. Plaintiffs advise that discovery has not yet commenced. *See*

3

*Oakland Physicians Med. Ctr.*, 44 F.4th at 571 (giving as examples of actual prejudice to defendants "the loss of records or the death of a witness") (citation omitted).

The third factor—whether the defendants had actual notice of the suit—favors Plaintiffs. Defendants clearly had actual notice of the suit, as they filed answers to the complaint and amended complaint, engaged in motion practice, and had a representative hold a press conference addressing the allegations in the complaint. *See Beaver v. Siemens Healthineers, AG*, No. 5:22-cv-00172, 2023 WL 3232586, at *3 (E.D. Ky. May 3, 2023) (finding that a discretionary service extension was warranted when the defendants had notice of the case, even though the case had been pending for almost a year without service).

The fourth factor—whether refusal to extend service substantially prejudices the plaintiffs—militates in favor of an extension. Plaintiffs are concerned that dismissal of this action might create an issue with the statute of limitations for a number of their claims. Though "[t]he running of the state of limitations does not require a court to grant a discretionary extension," this factor weighs in Plaintiffs' favor. *Oakland Phys. Med. Ctr.*, 44 F.4th at 570 (collecting cases); *Ray*, 2023 WL 3690097, at *4 (finding that dismissal due to untimely service would substantially prejudice a plaintiff because it would cause her claims to be time-barred).

The fifth factor—a plaintiff's good faith efforts to effectuate service—neither favors nor disfavors Plaintiffs. While the record does not suggest Plaintiffs endeavored to serve Defendants early in the case, they effectuated service almost immediately after it became apparent their assumption Defendants waived service was incorrect. Therefore, the Court considers this factor to be neutral.

The sixth factor does not apply, because Plaintiffs are not proceeding *pro se*, and the Court does not find, for the seventh factor, that any equitable factors weigh heavily either way.

On the whole, application of the *Oakland* factors to this case warrant an extension of the service deadline. Accordingly, the Court **EXTENDS** the applicable service deadline under Rule 4(m) and deems Defendants timely served. As a result, the Court **DENIES AS MOOT** Defendants' motion to dismiss for failure to timely effectuate service. (Doc. 66.)

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**