# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## GREENEVILLE DIVISION

JANE DOES 1-9,

      **Plaintiffs,**

v.                                  **No: 2:23-cv-00071-TRM-JEM**

CITY OF JOHNSON CITY, TENNESSEE, et al.,

      **Defendants.**

_____/

## MOTION FOR LEAVE TO AMEND

COME NOW Plaintiffs B.P., H.A., and S.H., on behalf of themselves individually and as proposed class representatives of all others similarly situated, pursuant to Federal Rule of Civil Procedure 15, hereby submit the following Motion for Leave to Amend.[1] Plaintiffs respectfully request that they be allowed to amend the operative complaint in this matter (1) to add class action allegations and reduce the number of representative Plaintiffs, which will streamline discovery and focus the litigation in this case, (2) to add factual allegations that have been discovered since the filing of the Amended Complaint, and (3) to add two Defendants based on the newly discovered facts and evidence. Plaintiffs respectfully state to the Court as follows:

## BACKGROUND

Plaintiffs filed an initial Complaint in this case on June 21, 2023. ECF 1. Plaintiffs moved for leave to amend on August 26, 2023 (ECF 12, motion; ECF 12-1, proposed amendment) and the Court entered an Order on September 1, granting the motion and directing Plaintiffs to file

---

[1] Plaintiffs met and conferred with counsel for Defendants, who indicated Defendants intend to oppose this motion.

1

their amended complaint on or before September 8 (ECF 20). On September 6, 2023, Plaintiffs filed the proposed first amended complaint. ECF 21.

On September 8, 2023, Plaintiffs filed a second Motion to Amend Complaint, to add an additional Jane Doe Plaintiffs, additional theories of liability under §§ 1595, 1591, and class allegations. ECF 23. Class counsel also made their appearance on the docket and filed motions to proceed *pro hac vice*. ECF 24, 25. Defendants indicated during the meet-and-confer that they would oppose this motion but failed to file an opposition within the 14 days provided by the local rules. *See* ECF 43. Given the procedural history of the case, the Court provided additional time for Defendants to respond. *Id*. On October 18, 2023, Defendants filed their oppositions (ECF 50-53), and on October 25, 2023, Plaintiffs filed their reply (ECF 56).

Between September 6, 2023, and December 12, 2023, Plaintiffs discovered new facts and obtained additional evidence to support their claims. Namely, Plaintiffs learned of the factual allegations of Females 8, 13, and Minor Victim 1. *See* Exh. 1, Second Am. Compl. ¶¶ 38-56. Plaintiffs obtained copies of Facebook posts written by Sean Williams and posted to Facebook by a coconspirator, which his coconspirator indicated Williams wrote on September 2, 2023. *Id.* ¶¶ 62-63, 86. Plaintiffs also obtained copies of Female 9's eviction records, among other newly discovered facts and evidence. *Id.* ¶¶ 175-83.

Following the scheduling conference on November 21, 2023, the Court ordered Plaintiffs to provide their amended pleading to Defendants by December 7, 2023, and file the motion for leave to amend by December 12, 2023. Plaintiffs provided Defendants with a draft of the Second Amended Class Complaint on December 7, 2023, and Defendants indicated on December 12, 2023, that they would oppose the motion to amend.

Now, Plaintiffs request leave of Court to amend, to bring certain causes of action both individually, and on behalf of two proposed classes (and one subclass) under Federal Rule of Civil Procedure 23 ("Rule 23"); to add factual allegations based on newly learned facts and evidence; and to add two new Defendants based on these facts. Plaintiffs attach as Exhibit 1 the attached proposed Second Amended Class Action Complaint.

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The determination of whether to allow an amendment to the pleadings is left to the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any apparent reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment—the leave sought should be freely given. *Id.*

None of the exceptions to the liberal amendment standard exist here. Plaintiffs have expeditiously moved to amend, particularly considering the complex nature and rapidly developing facts concerning the conduct challenged in the lawsuit. As set forth above, since September 6, 2023, Plaintiffs learned new factual allegations from Females 8 and 13, as well as facts concerning the victimization of Minor Victim 1. Plaintiffs also obtained additional evidence, including Facebook messages which reveal information about JCPD's extortion scheme and cover-up, and eviction records which document retaliation against a witness in the federal sex trafficking investigation. This evidence is central to the claims brought here, namely, that Defendants benefited financially from their participation in Williams' sex trafficking

conspiracy and that Defendants obstructed enforcement of the sex trafficking statute, 18 U.S.C. § 1591.

Moreover, since the filing of the original complaint, additional survivors have come forward and expressed a desire to be involved in the lawsuit as class members. In the Second Amended Class Complaint, Plaintiffs have limited the number of representative Plaintiffs to three, in order to streamline discovery and focus the litigation, using Rule 23 to provide an efficient mechanism for the parties to litigate the issues common to all survivors in both classes.

Accordingly, leave should be given to file the proposed Second Amended Class Action Complaint, attached hereto.

Dated this December 12, 2023,                    Respectfully submitted,


*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*—and—*

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*—and—*

4

*s/ Elizabeth Kramer*
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*

5

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on December 12, 2023 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>*Counsel for Justin Jenkins in his individual capacity* |

*/s Heather Moore Collins*

Heather Moore Collins

6