IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Personal Representatives to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| VERSUS | ) ) | No. 2:23-cv-00071-TRM-CRW |
| CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, individually and in his official capacity as Chief of the Johnson City Police Department, KEVIN PETERS, individually and in his official capacity as Captain in the Johnson City Police Department, TOMA SPARKS, individually and in his official capacity as Detective in the Johnson City Police Department, JUSTIN JENKINS, individually and in his Official capacity as Detective in the Johnson City Police Department, and DOES 6-20, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION TO COMPEL DISCLOSURE OF PLAINTIFFS' AND WITNESSES' IDENTITIES AND FOR FAILURE TO RESPOND TO INTERROGATORIES**

COMES NOW the Defendant, Kevin Peters, in his individual capacity, by and through counsel, and:

1. Pursuant to Fed. R. Civ. P. 37(a)(3)(A) and Fed. R. Civ. P. 26(a)(1)(A)(i) for failure to provide the required information in the initial disclosures (and failure to supplement the initial disclosures after entry of the Joint Protective Order); and

2. Separately, as to Jane Doe 7, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) for failure to respond to an interrogatory seeking the identity of the Plaintiffs Jane Does 1-9 and the personal representatives of Jane Doe 6;

3. Separately still, pursuant to this Court's Order (Docket Entry 40) requiring Plaintiffs to provide the information under seal (and providing the Court will furnish the information to Defendants' counsel) (PageID# 556).[1]

Upon all of the foregoing, this Defendant moves the Court to compel Plaintiffs to specifically disclose the name, address, and telephone number of all persons referenced in the Complaint under a pseudonym, including specifically all Plaintiffs Jane Does 1-9, the personal representatives of Jane Doe 6, and the Female 1, Female 2, and Female 3 referenced throughout the operative Complaint (Docket Entry 21); to supplement Initial Rule 26 Disclosures; and to fully and completely respond to this Defendant's Interrogatories seeking this information.

### I. Plaintiffs have refused to provide even the bare identities of the Plaintiffs for over six (6) months.

Plaintiffs have continuously forestalled disclosure of this important information (which remains subject to the Joint Protective Order), for over 6 months since the filing of this suit on June 21, 2023, since the Initial Rule 26 Disclosures were due on November 20, 2023; and since the Plaintiff's Reponses to this Defendant's First Set of Interrogatories were due on December 14, 2023. As a result of this inexplicable, unacceptable, and ongoing delay, the Plaintiffs have prejudiced the Defendants, and each of them, by preventing the Defendants from being able to investigate, evaluate, and rebut the apparently specious allegations by Plaintiffs. Undersigned

---

[1] Plaintiffs have also failed to adequately respond to this Defendant's First Requests for Production of Documents. Although there has been no extension, and these were due on December 14, 2023, Plaintiffs have stated that documents will be provided "the first week of January." Today, of course, is the end of that week. Plaintiff's narrative responses make clear beyond peradventure that Plaintiffs do not intend to provide proper responses, but this will be the subject of a second Motion to Compel, absent a sudden change of course by Plaintiffs.

counsel knows of no case where Plaintiffs were permitted to defame long-time public servants in a filing like this suit, yet conceal the very identities of even the parties suing, from even the Defendants themselves, and even under an executed and entered jointly-prepared Joint Protective Order that itself provides that this information will be provided to Defendants, all for over six (6) months after the filing of the suit.

II. **Defendants need this information to marshal their defense to these extremely serious (and categorically false) allegations.**

Plaintiffs' refusal to provide any meaningful discovery is particularly serious considering the very serious and extremely defamatory nature of the Plaintiffs' claims against these Defendants and the highly publicized nature of this case. This Defendant Peters served as a public servant and member of the Johnson City Police Department for over 30 years until he retired several months before this suit was filed. He did not personally know the alleged non-party perpetrator Sean Williams, and certainly did not accept any money or benefit from Mr. Williams of any kind, and especially not to facilitate Mr. Williams engaging in any crimes. The real evidence will show that this Defendant wanted Mr. Williams prosecuted.

Yet the operative amended complaint (Docket Entry 21) (and proposed amended complaint, Docket Entry 93-1) makes broad, salacious, and almost surely categorically false allegations such as "In exchange for turning a blind eye, JCPD officers seized hundreds of thousands of dollars in cash from Williams," (operative amended complaint, introductory paragraph, PageID #235 and separately proposed second amended complaint, introductory paragraph, PageID #1066) which allegations are absolutely untrue as to Defendant Peters and just as surely absolutely untrue as to any other JCPD officer.

Likewise, Plaintiffs allege:

> "Each of the Defendants knowingly participated in a sex trafficking venture by receiving value in the form of seized narcotics assets—either by corrupt use of search warrants or by other unlawful collections efforts—from Williams and his coconspirators, which Williams provided JCPD and Defendant officers in furtherance of the sex trafficking conspiracy," (operative Amended Complaint, PageID #280).

or

> "Each of the Defendants knowingly participated in a sex trafficking venture by benefiting financially. Defendants effectively accepted payments from Williams in furtherance of the conspiracy through the corrupt use of search warrants and other unlawful collection efforts, including an extortion scheme. Said warrants were facially obtained and used to seize unlawfully obtained currency or narcotics assets but were in fact quid pro quo payments made to Defendants with either the implied or explicit understanding that Defendants would shield Williams, permitting him to continue his practice of abuse and trafficking with impunity in exchange for the payments," (Proposed Second Amended Complaint, PageID #1179).

These statements are likewise absolutely untrue as to Defendant Peters and just as surely absolutely untrue as to any other JCPD officer. But none of the Defendants can even start defending themselves beyond their blanket protestation of innocence, without being able to investigate the most fundamental aspects of the case, such as who in the world is even suing these civil servants making these false and defamatory claims.

### III. Plaintiffs have refused to provide substantive Initial Rule 26 Disclosures or proper supplement, and have refused to respond to discovery and subsequent good faith efforts to resolve this dispute, all while demanding depositions of police officers who have not even been added to the suit.

Plaintiffs' failure to even identify themselves prevents the Defendants from marshaling evidence that undoubtedly exonerates them all. Likewise Plaintiffs have thus far refused to tender <u>any</u> materials or evidence (relating to these salacious allegations or not), despite overdue written discovery to them seeking written communications that will likely reveal how these specious allegations came to be. But most immediately, this Defendant needs the names of the people suing him, so he can investigate the most basic aspects of this case, such as whether these

individuals even made reports to JCPD that they were, in fact, victims. This Defendant was, for a portion of the relevant time, a mid-level supervisor (Captain), not a lead investigator on any particular case. This Defendant needs to obtain the records to know who made complaints and who did not, and he needs the names to do that. Moreover, this Defendant is retired, no longer has access to the files, and he has no access to simply review voluminous records of the JCPD to try as he might to figure out who these people might be for himself.

Moreover, Plaintiffs' counsel recently sent an email demanding immediate depositions of two police officers, who Plaintiffs are seeking to add to the suit, but who are not parties yet. Plaintiffs want to depose these prospective Defendants in the blind, before these two prospective defendants are even added to the lawsuit, and more importantly before anyone can understand the specific allegations against any Defendant or prospective Defendant, or even who is suing.

In support of this Motion, this Defendant would state and show unto the Court that multiple efforts at good faith resolution of this dispute have failed.

**IV.** **Plaintiffs' Initial Rule 26 Disclosures affirmatively confirm that Jane Does 1-9, and Females 1, 2 & 3, are people likely to have discoverable information; but Plaintiffs refused to provide the Rule 26(a)(1)(A)(i) information as to these persons, and have refused to supplement their disclosures (confidentially or otherwise) following the entry of the Joint Protective Order in this case on December 18, 2023, which Order confirms that this information will be provided to Defendants. (Docket Entry 94, PageID #1145-46).**

Plaintiffs made initial disclosures over 45 days ago, on November 20, 2023. But although Plaintiffs listed Jane Does 1-9 and Females 1, 2 & 3 (by these pseudonyms) in the list of individuals "likely to have discoverable information…that the disclosing party may use to support its claims or defenses," [Rule 26(a)(1)(A)(i)], the Plaintiffs' initial disclosures (attached hereto) provided <u>no</u> information about Jane Does 1-9 or Females 1, 2, & 3, including <u>none</u> of the information required by Fed. R. Civ. P. 26(a)(1)(A)(i), at all. Plaintiffs' initial disclosures

contained a footnote that stated "Plaintiffs' names will be provided upon entry of the pending protective order. Plaintiffs may only be contacted through counsel."  That Joint Protective Order (Docket Entry 94) has been approved and entered for nearly three (3) weeks, and Plaintiffs have <u>still</u> refused to supplement their initial disclosures despite written request to do so, and have ignored entirely this Defendant's good faith requests for this information now made on multiple occasions in multiple forms, including emails requesting the information be provided and even a formal interrogatory, formally requesting the information, as if the Rule 26 Initial Disclosure obligation were not enough on its own.

The Joint Protective Order clearly provides that these identities "will be provided to opposing counsel." (Docket Entry 94, PageID#1145-1146).  Thus, there is no basis to claim that the information cannot be provided in connection with the Joint Protective Order.  There is no other discernible meritorious objection to providing this information that cannot possibly be anything other than reasonably calculated to lead to the discovery of relevant information.  In response to the good faith attempts to resolve this and other matters, Plaintiffs' counsel has completely ignored the requests for the names of the Plaintiffs and these witnesses for whom pseudonyms have been used.

**V.      Plaintiffs have refused to provide this information in response to a formal interrogatory seeking this information, which request is clearly reasonably calculated to lead to the discovery of relevant information.**

As indicated, for good measure, this Defendant sent a single, specific interrogatory to Jane Doe 7 (attached), requesting and requiring this Plaintiff to identify all of these individuals, under oath.  This interrogatory was propounded on November 14, 2023, the day after the Rule 26(f) conference on November 13, 2023.  The response was due on December 14, 2023.  After several good faith efforts to resolve the dispute, Plaintiff provided a non-response, but no

information at all. Plaintiff has refused to respond to the interrogatory, and has disregarded subsequent good faith effort to obtain a meaningful response to this proper discovery request.

Despite this Defendant's requests for this information, and without responding to those requests at all at that time, on December 21, 2023, Plaintiffs served the City of Johnson City with written discovery. One of the requests seeks from the City "All DOCUMENTS REGARDING Plaintiffs (a key will be provided indicating Plaintiff's identity)." Plaintiffs then sent a PDF, password protected and therefore inaccessible, purporting to be this "key" without providing any Defendant the password for two weeks. When the password was eventually supplied this week to one of the Defendant's attorneys, who then shared it with the other Defendants' attorneys, the document was revealed not to contain the identities of all of these individuals, though it did contain names of four (4) of the original (10) plaintiffs (Jane Does 1-9, with two are personal representatives of Jane Doe 6), but none of the Females 1, 2, or 3, or the personal representatives of Jane Doe 6. Thus, even when that limited information was finally wrested from Plaintiffs solely because Plaintiffs could not propound their own discovery requests without "naming names" in Plaintiffs' own self-interest, the information was still incomplete.

VI. **This Court has previously Ordered the Plaintiffs to provide all of this information under seal, and further Ordered that when the Joint Protective Order was entered, the Court itself would provide the sealed document to the Defendants. (Docket Entry 40). Based on Plaintiffs continued refusal to provide this most basic information, this Defendant must ask the Court to do what it has already Ordered that it would do, without waiting for Plaintiffs any longer.**

Separate from all of the foregoing, on October 4, 2023, this Court Ordered Plaintiffs to provide the identities of the foregoing to the Magistrate Judge under seal, *ex parte*. (Docket Entry 40). Plaintiffs eventually did that on October 13, 2023 (or appeared to, since Defendants cannot see what Plaintiffs provided, and Plaintiffs will not provide a copy of that document now despite specific request). (Docket Entry 45).

In its Order, the Court expressly ruled that "**Once the Court has addressed the protective order issue, the Court will provide the information regarding Plaintiffs' and the witnesses' identities to Defendants' counsel and will at that time address whether the information shall be disclosed to Defendants themselves.**" The jointly-prepared Joint Protective Order has been entered on December 18, 2023 (and provides that the information may be provided to the Defendants themselves, thus resolving the outstanding question this Court had in Docket Entry 40).

This Defendant now asks the Court to proceed as it previously Ordered that it would, and provide this information to Defendants, since Plaintiffs inexplicably continue to refuse to do so.

The Joint Protective Order also makes clear that the information may be provided to the Defendants themselves (Docket Entry 94, ¶ 3(a), Page ID 1145-46); therefore, the Court has already addressed the latter portion from its Order (Docket Entry 40) as to whether the information is attorneys-eyes only, or whether the Defendants may be permitted to participate in their own defense.

Because the Plaintiffs refuse to provide this information despite numerous legal obligations to do so (e.g., Rule 26, Rule 33, and Rule 8), the Defendant asks the Court to do Plaintiffs' counsels' job, and release the information previously filed under seal. (Docket Entry 45). (Unfortunately, providing Defendants this sealed document may still not be enough, if the sealed document identifies only the Plaintiffs themselves and does not include the identities of Female 1, 2 & 3. Thus, the Court should still Order Plaintiffs to provide this information as well.)

There is respectfully no basis whatsoever for Plaintiffs to withhold this information from Defendants and their counsel. There is no colorable excuse or explanation for Plaintiffs' failure to provide this information, or their failure to respond to multiple good faith requests to obtain

this information, their failure to supplement their Initial Rule 26 Disclosures, or Jane Doe 7's abject failure to respond to the interrogatory to her seeking this information.

### VII. Plaintiffs even stonewalled Defendants' request for this information in front of Judge McDonough on December 15, 2023.

During a virtual hearing with Judge McDonough on December 15, 2023, undersigned counsel asked Judge McDonough to place a deadline on Plaintiffs to disclose this information. Judge McDonough then directly inquired of Plaintiffs' counsel Ms. Baehr-Jones, who refused to provide a direct answer to the district judge, instead saying they needed to meet and confer, which Plaintiffs thereafter have refused to do in any meaningful manner. Where Plaintiffs' counsel would not provide a direct answer to a district judge, it is hardly surprising that Plaintiffs' counsel will not respond to this Defendant's counsel. Subsequent to that hearing, this Defendant's counsel requested this information from Plaintiffs on multiple occasions in a good faith effort to obtain this information without court intervention: December 18, 2023 at 1:41pm; December 18, 2023 at 7:10pm; December 21, 2023 at 8:54am; and January 3, 2024 at 4:23pm. On each of the the occasions, Plaintiffs' counsel ignored the request for the names of these individuals. On the third such request, Defendant's counsel advised Plaintiffs' counsel that if it were necessary to file a motion, Defendant would seek sanctions. Plaintiffs' counsel ignored that request as well, and have elected not to respond.

### CONCLUSION

Plaintiffs have stonewalled all Defendants for a full six (6) months on this most basic, but critical, issue concerning the very heart of the case, have delayed important work in this case, and appear determined to continue to do so. Plaintiffs' conduct in this regard is beyond the pale.

This Defendant moves the Court to compel Plaintiffs to supplement their Initial Rule 26 Disclosures, and for Jane Doe 7 to fully and completely respond to the interrogatory propounded to her, and for the Court to release the sealed list the Plaintiffs provided to the Court under Order.

This Defendant further moves the Court to award this Defendant's attorneys' fees and costs in pursuing this motion, in accordance with Fed. R. Civ. P. 37(a)(5)(A).

                            Respectfully submitted,

                            MOORE, RADER AND YORK, P. C.

                            s/DANIEL H. RADER IV, BPR #025998
                            DANIEL H. RADER IV / BPR #025998
                            P. O. Box 3347
                            Cookeville, TN 38502
                            Phone: (931) 526-3311
                            Fax: (931) 526-3092
                            danny@moorerader.com
                            Attorneys for Kevin Peters in his individual capacity

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Thomas J. Garland, Jr.  
Milligan & Coleman, PLLP  
230 W Depot St.  
Greeneville, TN  37743  
Email:  tgarland@milligancoleman.com  
*Attorney for the City of Johnson City,*  
*Tennessee, and Karl Turner, in his*  
*Individual capacity*

Ms. Kristin E. Berexa  
Mr. Benjamin C. Allen  
Farrar Bates Berexa  
12 Cadillac Drive, Suite 480  
Brentwood, TN  37027  
615-254-3060  
Email:  kberexa@fbb.law  
ballen@fbb.law  
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones  
Advocates for Survivors of Abuse PC  
4200 Park Boulevard No. 413  
Oakland, CA  94602  
510-500-9634  
Email: vanessa@advocatesforsurvivors.com

  This the 5th day of January, 2023.

          MOORE, RADER AND YORK, P. C.

          s/DANIEL H. RADER IV, BPR 025998  
           DANIEL H. RADER IV / BPR #025998  
           P. O. Box 3347  
           Cookeville, TN  38502  
           (931-526-3311)  
           danny@moorerader.com