EXHIBIT 03

EXHIBIT 03

EXHIBIT 03

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Successors-in-interest to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF JOHNSON CITY, TN., et al.,<br><br>Defendants. | No.: 2:23-cv-00071-TRM-CRW<br><br>PLAINTIFFS' DEMAND JURY TRIAL |

## DECLARATION OF CATHY BALL

Comes Cathy Ball and declares as follows:

1. My name is Cathy Ball. I am over eighteen years of age and I am competent to make this declaration. This declaration is based upon my personal knowledge.

2. I am a citizen and resident of Washington County, Tennessee. I am the City Manager for the City of Johnson City ("Johnson City"). I began in this position on December 20, 2021. Prior to that, I was an Assistant City Manager for the City of Asheville, North Carolina. All of the events in this lawsuit predate my employment with Johnson City.

3. I became aware of Ms. Dahl's lawsuit shortly after it was filed on June 23, 2022.

4. After the filing of the Complaint by Ms. Dahl, citizens expressed concerns regarding the allegations made by Ms. Dahl that officers with the Johnson City Police Department ("JCPD") were not properly conducting sexual assault investigations. Thereafter, I decided to recommend to the City Commission that it employ an outside expert to review how sexual assault investigations were handled. I released a statement to various media outlets on July 6, 2022 that the City was in

the process of seeking an expert to conduct an outside review. Then, on August 4, 2022, I announced to the public that Attorney Eric Daigle of Connecticut would be employed by the City to conduct that review.

5. Mr. Daigle's review resulted in a report known as the "Daigle Audit" that was released to the public on July 18, 2023.

6. The Daigle Audit contains certain criticisms of how JCPD officers handled sexual assault investigations along with recommendations as to how to improve those investigations.

7. As of this date, the City has implemented all of the recommendations in the Daigle Audit with the sole exception of a part of recommendation number 3, which pertains to the investigation of complaints of misconduct. With respect to this recommendation, the City has implemented this recommendation except for a situation where a lawsuit is pending. In that instance, the City's practice has been to allow the facts of the lawsuit to come out through the judicial process as opposed to conducting an Internal Affairs investigation simultaneously with a pending lawsuit. In other words, the City will open an investigative file that is held in abeyance until the judicial process ends. Mr. Daigle's recommendation would require a parallel Internal Affairs investigation even in that instance.

8. In summary, other than that part of one recommendation, all other recommendations in the Daigle Audit have been implemented by the City.

9. The City's decision to retain Mr. Daigle was based upon my recommendation to the City Commission. My recommendation was voluntary. I was not compelled or required to make this recommendation by any person or entity. I had the authority as City Manager to authorize the City Attorney to contract with Attorney Eric Daigle and his firm to conduct an audit of sexual

assault files.

10. The reason that Attorney Daigle was employed to conduct this review was based on the allegations made in Ms. Dahl's lawsuit, those allegations then triggering citizen concerns that the JCPD was not properly conducting sexual assault investigations.

Pursuant to 28 U.S.C. § 1746, I, Cathy Ball, certify under penalty of perjury that the foregoing is true and correct. Executed January 12, 2024.

*Cathy Ball*
Cathy Ball