IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Personal Representatives to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9,<br>    Plaintiffs,<br><br>VERSUS<br><br>CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, individually and in his official capacity as Chief of the Johnson City Police Department, KEVIN PETERS, individually and in his official capacity as Captain in the Johnson City Police Department, TOMA SPARKS, individually and in his official capacity as Detective in the Johnson City Police Department, JUSTIN JENKINS, individually and in his Official capacity as Detective in the Johnson City Police Department, and DOES 6-20, inclusive,<br>    Defendants. | No. 2:23-cv-00071-TRM-CRW |

## MOTION TO COMPEL
## PLAINTIFFS' RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, Kevin Peters, in his individual capacity, by and through counsel, and pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv) and moves the Court to compel all Plaintiffs to respond to overdue written requests for production of document pursuant to Fed. R. Civ. P. 34. In support of this Motion, this Defendant would state and show unto the Court that Plaintiffs have not responded in any material way to requests for production, and have produced no documents at all. Copies of the overdue requests are attached. It is completely unfathomable how, substantially seven (7) months after this case was filed, the Plaintiffs have produced exactly zero discovery to any Defendant, despite accusing these public servants of heinous wrongs. This

case is being stalled by Plaintiffs for no discernible reason. The Court should compel Plaintiffs to respond to this most basic written discovery.

On November 14, 2023, the day after the parties' Rule 26(f) planning conference on November 13, 2023, and some five (5) months after this case was filed and Plaintiffs surely had to know that written discovery would be propounded, this Defendant propounded written discovery, including specifically requests for production of documents, to all Plaintiffs. These responses are over a full month overdue; Plaintiffs have produced no responsive documents at all; and Plaintiffs belatedly sent narrative non-responses that make clear that Plaintiffs do not intend to comply with the requests in large part, or entirely.

Plaintiffs did not timely respond, object, or even acknowledge the requests on or before their due date. Instead, after the responses were already overdue, on December 18, 2023, Plaintiffs' counsel Mr. Osborne emailed the attorneys for the Defendants requesting deposition dates for two police officers, Brady Higgins and Jeff Legault. These officers are and have been non-parties, but are individuals the Plaintiffs do propose to add as Defendants through their pending Motion to Amend, but who are not currently defendants, have not been served, who have not appeared in the case, and who remain non-parties unless and until the Court grants Plaintiffs' Motion to Amend, which the Defendants have collectively opposed for the reasons set forth in the Response. Despite this, Plaintiffs sought their depositions without any mention whatsoever at any time of Plaintiffs' then-overdue responses to this written discovery.

This Defendant needs Plaintiffs' responses to the overdue requests for production in order to prepare its defense, including preparing for any depositions of anyone. This Defendant also needs the responses to this written discovery to prepare its defense otherwise, including perhaps a dispositive motion such as an assertion of qualified immunity, which as the Court is aware, is

not simply immunity from liability but an immunity from the suit process, that should be resolved early in the litigation, as "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

Because the Plaintiffs' responses to written discovery were overdue, and because the Plaintiffs began pushing for depositions, this Defendant therefore promptly initiated a meet-and-confer on December 18, 2023, by requesting by email that Plaintiffs respond to the already-overdue discovery requests, followed by a second additional attempt the same day.

This Defendant made multiple additional attempts to obtain the overdue responses. This Defendant engaged in a meet and confer twice on December 18, 2023, at 1:41pm and at 7:10pm; on December 21, 2023 at 8:54am; on January 3, 2024 at 4:23pm; on January 10, 2024 at 12:59pm; and on January 11, 2024 at 3:48pm.

Despite these multiple efforts and efforts to confer, the Plaintiffs have still refused to produce a single document. Plaintiffs have wholly ignored specific requests on January 3, 2024, a week later on January 10, 2024, asking *when* Plaintiffs planned to produce their documents and what they planned to produce. Defendant's counsel had further written dialogue with Plaintiff's counsel on January 11, 2024, but Plaintiff's counsel ignored the request the day before, and thus far has ignored Defendant's follow-up request on January 11, 2024. Plaintiffs' counsel emailed on January 13, 2024 responding to the portion of the letter concerning the other pending Motion to Compel, Docket Entry 103, but completely ignored the portion of the letter addressing this outstanding discovery. Plaintiffs have met this Defendant's meet-and-confer efforts substantially with silence, and are stonewalling any attempt to obtain this most basic discovery.

Rule 34(b)(2)(A) provides that responses to written discovery will be provided as follows:

> (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

The time to respond passed on December 14, 2023, 30 days after Plaintiff was served, which was also 31 days after the parties' first Rule 26(f) conference.

After <u>three</u> good faith attempts by Defendant to meet and confer thereafter, Plaintiffs tendered what only can be described as a non-response, on Friday evening at 6:36pm before Christmas, December 22, 2023. With their non-response, Plaintiff's counsel included a letter stating without any explanation for the failure "You will note that we are unable to provide responsive documents at this time but expect to do so the first week of January."

Defendant continued the effort to meet and confer the first week of January, asking Plaintiffs; counsel as follows:

> Please provide complete responses to the request for document production by noon on January 4, 2023, or explain specifically when this <u>complete</u> information (along with any required privilege log) will be provided, and <u>what</u> Plaintiffs plan to provide.

[January 3, 2024 formal letter to Plaintiffs' counsel Ms. Collins] (underlining in original)

On January 4, 2024, Plaintiffs' counsel responded stating only "We are still processing the document production." Plaintiffs provided no indication as to when they would respond or what they planned to provide. Plaintiffs' January 4, 2024 response was devoid of substance. Moments later, Plaintiffs propounded written discovery to Defendant Peters (only) containing numerous improper asset discovery requests. The timing and nature of this was concerning.

When the "first week of January" had passed, as the Plaintiffs asserted on December 22

they expected to provide the responsive documents, Defendant wrote again on January 10, 2024, again asking about these overdue responses. Although Plaintiffs' counsel Ms. Baehr-Jones responded concerning the pending motion to compel disclosure of the Plaintiffs' names and addresses (Docket Entry 103), Plaintiffs' counsel made <u>no mention</u> of the inquiry the day before (and on many other occasions) concerning the overdue document production, and made no mention at all of the document production or the outstanding and now long-overdue requests. Plaintiffs' counsel Ms. Baehr-Jones met this good faith effort with silence.

Defendant's counsel wrote again on January 11, 2024 asking among inquiries concerning the pending Motion to Compel disclosure of the names and addresses of the Plaintiffs (Docket Entry 103), **why** <u>the Plaintiffs refused to even acknowledge the outstanding requests for production, or this Defendant's inquiry</u>:

> Notably, your letter did not mention in any way any of the outstanding requests for production about which I have written your co-counsel multiple times, including as recently as yesterday. Why are Plaintiffs continuing to stonewall to the point of total silence concerning those ordinary discovery requests?

[See Declaration of Daniel Rader IV]

Plaintiffs did not respond to this letter, but instead, without comment, Plaintiffs the following day propounded written discovery to the remaining defendants to whom they had not previously propounded discovery, <u>including wholly impermissible asset discovery requests</u>.[1] See *Green v. Platinum Restaurants Mid-America, LLC*, 2021 WL 3928822 (W.D.Ky. 2021).

---

[1] There are almost as many "asset" interrogatories and requests as there are questions arguably related to matters that are alleged to be discoverable. Plaintiffs ask for tax returns, W-2s, 1099s, properties owned, and <u>most transparently</u> ask of each individual Defendant an identical interrogatory: "**9. List all assets in your possession, custody or control that may be used to satisfy a judgment.**" There is no colorable basis for this type of inquiry at this stage of litigation. See *Green*, *supra* ("Plaintiffs must first succeed on the merits of their claims and receive a favorable judgment before this type of discovery becomes relevant and appropriate" and collecting cases). As stated, a similar set was sent to this Defendant Peters on January 4, the day after a lengthy good-faith letter to Plaintiffs' counsel Ms. Collins concerning these overdue discovery request. <u>A reasonable observer could easily conclude from the timing and substance of this discovery from Plaintiffs, that these requests, including these impermissible asset discovery requests, were calculated to be retaliatory and/or to unnecessarily alarm the individual Defendants.</u>

The Plaintiffs' complete stonewalling with respect to basic discovery (and even the names and addresses of the original Plaintiffs themselves) is wholly perplexing. Ms. Baehr-Jones responded on January 13, 2024, with an email addressing only the pending Motion to Compel, and again meeting the specific requests about this outstanding written discovery with silence.

The Plaintiffs have wholly failed to produce <u>any</u> documents requested, have failed to produce <u>any</u> privilege log, have failed to respond in <u>any</u> meaningful fashion to the meet and confer, have failed to give <u>any</u> indication as to when they might respond other than stating December 22 "the first week of January" which has itself now also passed by a full week with no further word from Plaintiffs.

This discovery dispute does not exist in a vacuum, and the Court is undoubtedly aware of the pending Motion to Compel (Docket Entry 103) seeking the Plaintiffs' identities and addresses, that Plaintiffs have utterly stonewalled all Defendants about the most basic discovery in the case, despite Rule 26 obligations, despite the Court's own Order, despite entry of the Joint Protective Order the Plaintiffs agreed to, and despite a formal interrogatory seeking the names and addresses of the Plaintiffs, and despite the requests for production which are the subject of this instant motion.

Plaintiffs have engaged in a pattern and practice of stonewalling these Defendants as to all matters. To the extent Plaintiffs belatedly asserted objections after the responses were overdue, those objections are meritless.

## CONCLUSION

Plaintiffs have stonewalled all Defendants at every turn, have delayed important work in this case, and appear determined to continue to do so. Plaintiffs' conduct is beyond the pale.

This Defendant moves the Court to compel Plaintiffs to fully and completely produce the materials requested in this Defendant's requests for production of documents, without further delay and without limitation.

This Defendant further moves the Court to award this Defendant's attorneys' fees and costs in pursuing this motion, in accordance with Fed. R. Civ. P. 37(a)(5)(A).

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN 38502
Phone: (931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com
Attorneys for Kevin Peters in his
individual capacity

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

| | |
|---|---|
| Thomas J. Garland, Jr.<br>Milligan & Coleman, PLLP<br>230 W Depot St.<br>Greeneville, TN  37743<br>Email:  tgarland@milligancoleman.com<br>*Attorney for the City of Johnson City,*<br>*Tennessee, and Karl Turner, in his*<br>*Individual capacity* | Ms. Kristin E. Berexa<br>Mr. Benjamin C. Allen<br>Farrar Bates Berexa<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN  37027<br>615-254-3060<br>Email:  kberexa@fbb.law<br>ballen@fbb.law<br>*Attorneys for Toma Sparks* |

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

 This the 15th day of January, 2023.

          MOORE, RADER AND YORK, P. C.

          s/DANIEL H. RADER IV, BPR 025998
          DANIEL H. RADER IV / BPR #025998
          P. O. Box 3347
          Cookeville, TN  38502
          (931-526-3311)
          danny@moorerader.com