IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3, )
JANE DOE 4, JANE DOE 5, K.T. and M.T., )
Personal Representatives to JANE DOE 6, )
JANE DOE 7, JANE DOE 8, and )
JANE DOE 9, )
           )
       Plaintiffs, )
           )
VERSUS )      No. 2:23-cv-00071-TRM-CRW
           )
CITY OF JOHNSON CITY, TENNESSEE, )
KARL TURNER, individually and in his )
official capacity as Chief of the )
Johnson City Police Department, )
KEVIN PETERS, individually and in his )
official capacity as Captain in the )
Johnson City Police Department, )
TOMA SPARKS, individually and in his )
official capacity as Detective in the )
Johnson City Police Department, and )
DOES 5-10, inclusive, )
           )
       Defendants. )

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO FIRST SET OF REQUESTS
FOR PRODUCTION TO EACH PLAINTIFF ON BEHALF OF DEFENDANT
KEVEN PETERS**

        Plaintiffs object and respond to Defendant Kevin Peters' First Set of Requests for

Production to each of the Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5,

K.T. and M.T., Personal Representatives to Jane Doe 6, Jane Doe 7, Jane Doe 8, and Jane Doe 9,

pursuant to Fed. R. Civ. P. 34.

**RESPONSES TO REQUESTS FOR PRODUCTION**

        1.      Produce all text messages between you and any other Plaintiff (including Jane Doe

6).

1

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Even if privilege does not protect any such communications, this request for "all text messages" without limitations as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case.

2.      Produce all emails between you and any other Plaintiff (including Jane Doe 6).

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Even if privilege does not protect any such communications, this request for "all emails" without limitations as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case.

3.      Produce all direct or instant messages between you and any other Plaintiff (including Jane Doe 6), including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Even if privilege does not protect any such communications, this request for "all direct or instant messages" without limitations

2

as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case.

4. Produce any and all written communications of any kind between you and any other Plaintiff (including Jane Doe 6), including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Even if privilege does not protect any such communications, this request for "all any and all written communications" without limitations as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case.

5. Produce all records of phone calls between you and any other Plaintiff (including Jane Doe 6).

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three class representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Even if privilege does not protect any such communications, this request for "all records of phone calls" is vague, unreasonable without limitations as to time and scope, seeks irrelevant information, and is not proportional to the needs of the case.

6. Produce all text messages between you and Kateri Dahl.

3

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs and Ms. Dahl would be protected by the informant's or informer's privilege. Even if privilege does not protect any such communications, this request for "all text messages" without limitations as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case. Without waiving the foregoing, None.

7.    Produce all emails between you and Kateri Dahl.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs and Ms. Dahl would be protected by the informant's or informer's privilege. Even if privilege does not protect any such communications, this request for "all emails" without limitations as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case. Without waiving the foregoing, None.

8.    Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs and Ms. Dahl would be protected by the informant's or informer's privilege. Even if privilege does not protect any such communications, this request for "all direct or instant messages" without limitations

4

as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case. Without waiving the foregoing, None.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs and Ms. Dahl would be protected by the informant's or informer's privilege. Even if privilege does not protect any such communications, this request for "all written communications" without limitations as to time and scope is unreasonable, seeks irrelevant information, and is not proportional to the needs of the case. Without waiving the foregoing, None.

10.      Produce any records of phone calls between you and Kateri Dahl.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Second, any communications between the plaintiffs and Ms. Dahl would be protected by the informant's or informer's privilege. Even if privilege does protect any such communications, this request for "all records of phone calls" is vague, unreasonable without limitations as to time and scope, seeks irrelevant information, and is not proportional to the needs of the case. Without waiving the foregoing, None.

11.      Produce all text messages between you and Sean Williams.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to

three people. The three plaintiffs will continue to make every effort to determine whether there are any relevant text messages since discovery is in early stages, without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

12.    Produce all emails between you and Sean Williams.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. The three plaintiffs will continue to make every effort to determine whether there are any relevant emails since discovery is in early stages, without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

13.    Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. The three plaintiffs will continue to make every effort to determine whether there are any relevant emails since discovery is in early stages, without waiving any objection, they respond:

6

B.P.- None

H.A.- None

S.H.- None

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. The three plaintiffs will continue to make every effort to determine whether there are any relevant communications since discovery is in early stages, without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

15.     Produce all records of phone calls between you and Sean Williams.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. This request is vague, not proportional to the needs of the case and seeks irrelevant information. The three plaintiffs will continue to make every effort to determine whether there are any relevant records since discovery is in early stages, without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. The three plaintiffs will continue to make every effort to determine whether there are any relevant communications since discovery is in early stages, without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- Two Voice messages from Investigator Sparks.

H.A.- None

S.H.- None

18.     Produce any and all recordings of interactions with Sean Williams.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

8

B.P.- None

H.A.- None

S.H.- None

19.     Produce any and all recordings of interactions with any other Plaintiff (including Jane Doe 6).

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

20.     Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

21.     Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

22.     Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- None

H.A.- None

S.H.- None

23.     Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- B.P made a police report with JCPD about her rape by Sean Williams. JCPD should be in possession of any charging documents or other material that should have been gathered as a result of her report. She was never provided copies of her report despite requesting it.

H.A.- None

S.H.- None

24.     Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- B.P will produce any relevant "records" as she understands that vague term, that are in her possession.

H.A.- None

S.H.- None

25.     Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

Response: Objection. First, as asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. Without waiving any objection, they respond:

B.P.- B.P made a police report with JCPD about her rape by Sean Williams. JCPD should be in possession of any charging documents or other material that should have been gathered as a result of her report. She was never provided copies of her report despite requesting it.

H.A.- None

S.H.- None

26.    Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," or "Chief".

> Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Notwithstanding these objections, to the extent any relevant, non-privileged texts exist, they will be produced.

27.    Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

> Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object to the vague phrase "any variation of that term"

12

as too vague to search. Notwithstanding these objections, to the extent any relevant, non-privileged texts exist, they will be produced.

28.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Notwithstanding these objections, to the extent any relevant, non-privileged texts exist, they will be produced.

29.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such

Case 2:23-cv-00071-TRM-JEM   Document 108-1   Filed 01/15/24   Page 13 of 22   PageID #: 1530

communication. Notwithstanding these objections, to the extent any relevant, non-privileged texts exist, they will be produced.

30.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," or "Chief".

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Notwithstanding these objections, to the extent any relevant, non-privileged emails exist, they will be produced.

31.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such

communication. Notwithstanding these objections, to the extent any non-privileged, relevant emails exist, they will be produced.

32.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communication between the plaintiffs is covered by common interest privilege and joint representation privilege. Second, any communication between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Notwithstanding these objections, to the extent any non-privileged, relevant emails exist, they will be produced.

33.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Notwithstanding these objections, to the extent any non-privileged, relevant emails exist, they will be produced.

15

34. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," or "Chief".

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional to the needs of the case. Notwithstanding these objections, to the extent any non-privileged, relevant messages exist, they will be produced.

35. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest

privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional to the needs of the case. Notwithstanding these objections, to the extent any non-privileged, relevant messages exist, they will be produced.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communication between the plaintiffs is covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional to the needs of the case. Notwithstanding these objections, to the extent any non-privileged, relevant messages exist, they will be produced.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

17

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional to the needs of the case. Notwithstanding these objections, to the extent any non-privileged, relevant messages exist, they will be produced.

38.    Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," or "Chief".

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communication between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional to the needs of the case and that the terms are so broad it will return too many "hits."

18

Notwithstanding these objections, to the extent any non-privileged, relevant communications exist, they will be produced.

39.    Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such, this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communication between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional to the needs of the case and that the terms are so broad it will return too many "hits." Notwithstanding these objections, to the extent any non-privileged, relevant communications exist, they will be produced.

40.    Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

19

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such, this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communication between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional to the needs of the case and that the terms are so broad it will return too many "hits." Notwithstanding these objections, to the extent any non-privileged, relevant communications exist, they will be produced.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

Response: Objection. As asserted in the proposed Second Amended Class Complaint, there will be only three representative plaintiffs, as such this request should be limited to three people. First, any communications between the plaintiffs are covered by common interest privilege and joint representation privilege. Second, any communications between the plaintiffs and "any other person" may be protected by the informant's or informer's privilege. Third, plaintiffs object to the extent spousal privilege protects any such communication. Finally, plaintiffs object on the basis that this request is not proportional

to the needs of the case. Notwithstanding these objections, to the extent any non-privileged,

relevant communications exist, they will be produced.

Dated: December 22, 2023                    Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—*and*—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—*and*—

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs*

21

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served via email on December 22, 2023 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

*s/Heather Moore Collins*