IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3,<br>JANE DOE 4, JANE DOE 5, K.T. and M.T.,<br>Personal Representatives to JANE DOE 6,<br>JANE DOE 7, JANE DOE 8, and<br>JANE DOE 9,<br><br>    Plaintiffs,<br><br>VERSUS<br><br>CITY OF JOHNSON CITY, TENNESSEE,<br>KARL TURNER, individually and in his<br>official capacity as Chief of the<br>Johnson City Police Department,<br>KEVIN PETERS, individually and in his<br>official capacity as Captain in the<br>Johnson City Police Department,<br>TOMA SPARKS, individually and in his<br>official capacity as Detective in the<br>Johnson City Police Department,<br>JUSTIN JENKINS, individually and in his<br>Official capacity as Detective in the<br>Johnson City Police Department, and<br>DOES 6-20, inclusive,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 2:23-cv-00071-TRM-CRW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DANIEL H. RADER IV

I represent Defendant Kevin Peters. I have requested Plaintiffs provide responses to Defendant Peters's written discovery on multiple occasions. I have engaged in multiple good faith attempts to resolve an ongoing discovery dispute with Plaintiffs, including the Plaintiffs failure to respond to requests for production of documents which is the subject of the instant motion. Among my own efforts at good faith resolution of this dispute, I made the following attempts, in writing, relating to the responses to the request for production (in addition to the good faith efforts at resolving the related Motion to Compel where Plaintiffs refused to provide even their names for over six (6) months notwithstanding the *agreed* Joint Protective Order):

| | |
|---|---|
| January 11, 2024 at 3:48pm[1] | Formal Letter to Vanessa Baehr-Jones in response to a letter from Ms. Baehr-Jones sent in the middle of the night the evening before, concerning the ongoing discovery disputes (and which Ms. Baehr-Jones's letter demanded a response to by the close of business the next day despite being sent in the middle of the night), which letter from Ms. Baehr-Jones failed to mention or even acknowledge the overdue responses to the Rule 34 requests to produce, stating: "Notably, your letter did not mention in any way any of the outstanding requests for production about which I have written your co- counsel multiple times, including as recently as yesterday. Why are Plaintiffs continuing to stonewall to the point of total silence concerning those ordinary discovery requests?" [Plaintiffs ignored this request; Ms. Baehr-Jones emailed a response on January 13 with no mention of this request or this outstanding discovery, continuing Plaintiffs' silence with respect to Defendant's meet-and-confer effort] |
| January 10, 2024 at 12:59pm | Formal Letter to Heather Collins stating: "After several good faith attempts by me to obtain those overdue responses, you finally provided a narrative, which regrettably is best described as a non-response, on December 22, 2023, but your clients did not produce a single document or privilege log. Your clients' narrative responses instead made clear that they largely have no intention of complying with the requests, but failed to make clear what portion of the requests, if any, the Plaintiffs would comply with. Your December 22, 2023 cover letter stated that your clients would produce the documents "the first week of January," which of course ended several days ago with silence from you.<br><br>As a result of your clients' narrative response making clear they did not intend to provide complete responses, and in consideration of the fact that the responses remained and remain well overdue, on January 3, 2024 I requested that you respond by January 4, 2024, to explain specifically when the requested information will be provided, and what Plaintiffs plan to provide. On January 4, 2024, you responded stating only "We are still processing the document production." Thus, your letter did not provide any substance or engage in any good faith attempt to resolve this ongoing discovery dispute. |

---

[1] All times are Central Standard Time, where I am located.

| | |
|---|---|
| | Nevertheless, I have delayed filing a motion to compel on this matter on the possibility that your clients would do what you stated on December 22 and provide the responses by the end of the first week in January. That obviously did not occur, and your clients still have produced nothing.<br><br>At this point, the responses remain significantly overdue, I have made many good faith efforts to obtain this most basic discovery, all to no avail. Plaintiffs have produced nothing. I see no alternative but to file a motion to compel this production without further delay." [Plaintiffs responded in the middle of the night on January 10 but did not address this portion of the letter at all, meeting Defendant's meet-and-confer effort with silence.] |
| January 3, 2024 at 4:23pm | Formal Letter to Heather Collins concerning Plaintiffs' non-response on December 22, failing to produce a single document or privilege log. The letter stated in part "Please provide complete responses to the request for document production by noon on January 4, 2023, or explain specifically when this <u>complete</u> information (along with any required privilege log) will be provided, and <u>what</u> Plaintiffs plan to provide." (underline in original) [Ms. Collins responded January 4 with no substantive information, stating a single sentence: "We are still processing the document production."] |
| December 22, 2023 at 6:36pm | Email from Plaintiffs' counsel Ms. Collins with belated objections and zero documents, stating without any explanation for the delay or failure "You will note that we are unable to provide responsive documents at this time but expect to do so the first week of January." [which then came and went with no production, partial or otherwise] |
| December 21, 2023 at 8:54am | Email to Kevin Osborne engaging in a good faith discussion with citations to applicable rules, concerning the due date of the written requests for production propounded on November 14, stating in part: "At the latest, the responses were due December 14. Today is December 21, and you have produced nothing, and you have not offered any indication as to when you would." |
| December 18, 2023 at 7:10pm | Email to Kevin Osborne stating in part: "Since you fired the starting gun today by demanding |

| | |
|---|---|
| | depositions (of not yet served parties), please provide complete responses to discovery by the end of this week, along with the identities of any plaintiff and/or pseudonym, by tomorrow. Consider this a good faith attempt to resolve a discovery dispute." |
| December 18, 2023 at 1:41pm | Email to Kevin Osborne, requesting responses to then-overdue Rule 33 and Rule 34 written discovery, sent in response to an email from Mr. Osborn requesting dates to take depositions of Officers Higgins and LeGault, despite the fact that Plaintiffs are seeking to add them as defendants, but they have not yet been added or served. |
| November 14, 2023 | Propounded written requests for production to each of the Plaintiffs. |

I have made multiple attempts to meet and confer. Most recently, my efforts have been met with total silence as to these outstanding requests for production, any privilege log, or any information at all. Not a single document has been produced. No privilege log has been produced.

While I have been very firm in my insistence that complete responsive information be provided, Plaintiffs' counsel has not offered any explanation as to what, if anything, might ever be provided, or when anything might be provided, or why the requested material was not provided timely or in the additional month that has now passed since these responses have been overdue. Plaintiffs have utterly stonewalled any attempt to obtain this most basic discovery, just as Plaintiffs did with the names and addresses of the Plaintiffs, necessitating that separate formal Motion (Docket Entry 103).

On January 4, 2024, the day after a lengthy formal letter to Plaintiffs' counsel concerning these overdue discovery responses (and names), Plaintiffs propounded written discovery to the undersigned's client (alone), a copy of which is attached. This written discovery to Defendant Peters includes numerous asset and income questions, for which the undersigned is aware of no good faith legal basis to propound at this stage of litigation. One example: "9. List all assets in your possession, custody or control that may be used to satisfy a judgment." The discovery also

asks for all properties owned, the amount of his retirement income, and all W-2s and 1099s. The timing of these requests the day after the lengthy good faith meet-and-confer formal letter, was troubling, insofar as it might seem to a reasonable observer that both the timing and substance of the requests was retaliatory – to inquire of a retired public servant about all his retirement income and all his assets, including the fact that it was sent only to Defendant Peters, the only Defendant at that time who has been pursuing Plaintiffs' responses to discovery and the Defendant whose attorney had taken the lead of pressing Plaintiffs' counsel to provide the names of Plaintiffs themselves.

On January 12, 2024, the day after a follow-up lengthy formal letter to Plaintiffs' counsel concerning Plaintiffs' overdue discovery responses, Plaintiffs propounded similar written discovery to all remaining individual defendants, including substantially similar asset discovery. There was no explanation for why such discovery was not sent until 8 days after the discovery to Peters, as opposed to all Defendants at the same time. The timing and substance of this second sending of discovery was also concerning insofar as it came immediately on the heels of further efforts to obtain discovery from Plaintiffs, even the names of the Plaintiffs – and could likewise appear to a reasonable observer as retaliatory.

This information is based on my personal knowledge and is true. I declare under penalty of perjury that the foregoing is true and correct. Executed on January 15, 2024.

*[signature]*
DANIEL H. RADER IV

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN 38502
Phone: (931) 526-3311
Fax: (931) 526-3092
andre@moorerader.com
danny@moorerader.com
danrader@moorerader.com
Attorney for Kevin Peters in his
individual capacity

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen

Greeneville, TN 37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual capacity*

Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
615-254-3060
Email: kberexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

This the 15th day of January, 2024.

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR 025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN 38502
(931-526-3311)
danny@moorerader.com