IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Personal Representatives to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9,<br><br>    Plaintiffs,<br><br>VERSUS<br><br>CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, individually and in his official capacity as Chief of the Johnson City Police Department, KEVIN PETERS, individually and in his official capacity as Captain in the Johnson City Police Department, TOMA SPARKS, individually and in his official capacity as Detective in the Johnson City Police Department, JUSTIN JENKINS, individually and in his Official capacity as Detective in the Johnson City Police Department, and DOES 6-20, inclusive,<br><br>    Defendants. | No. 2:23-cv-00071-TRM-CRW |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL DISCLOSURE OF PLAINTIFFS' AND WITNESSES' IDENTITIES AND FOR FAILURE TO RESPOND TO INTERROGATORIES**

This memorandum of law is submitted in support of the Motion to Compel overdue responses to requests for production. The Motion sets forth the factual predicate which is not repeated here. Plaintiffs have not produced a single thing, the responses have been overdue for more than 30 days, and the Plaintiffs have met Defendant's requests to meet and confer substantially with silence.

**Requests for Production**

The parties engaged in a Rule 26(f) discovery conference on November 13, 2023, some five (5) months after this case had been pending. The following day, November 14, 2023, this Defendant properly propounded Rule 34 requests for the production of documents, to all Plaintiffs. The responses were due 30 days thereafter:

> (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 34(b)(2)(A).

Rule 37, of course, provides that where a party fails to produce requested information, after, as here, (numerous) good faith attempts by Defendant to confer in an effort to obtain it without court action, the requesting party may file a motion to compel:

> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> \* \* \*
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(iv).

The standard for consideration of motions to compel and for discovery sanctions is well-settled. As one case explained, the burden of proof that failure to comply was due to inability as opposed to willfulness, bad faith, or fault, rests with the sanctioned party and not the movant:

> The Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys, and authorize federal courts to impose sanctions on those participants who fail to meet these obligations. "In selecting a sanction under Rule 37, a court may properly consider both punishment and deterrence." *Bratka v. Anheuser–Busch Co.*, 164 F.R.D. 448, 459 (S.D.Ohio 1995) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)); see *Peltz v. Moretti*, No. 292 Fed.Appx. 475, 478 (6th Cir.2008) (internal citation and quotation omitted); *Bass v.*

*Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir.1995). **The burden to prove that the failure to comply with discovery obligations was the result of inability and not due to willfulness, bad faith or fault rests with the sanctioned party.** *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988).

*Laukus v. Rio Brands, Inc*. 292 F.R.D. 485, 500 (N.D. Ohio 2013) (emphasis added).

Despite several attempts to resolve this without court action, Plaintiffs have offered no explanation whatsoever for why they have not produced a single document in the over 60 days since these requests were propounded, and over 30 days since the responses became overdue.

I.     **The material sought is relevant and discoverable**

Rule 26(b) provides the broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Without reciting each request (which are attached hereto for the Court's review, having not been answered *at all* by most Plaintiffs, or properly by *any*, and with not a single document being produced by *any*) the material sought by the requests for production can essentially by summarized as communications by and among the Plaintiffs with each other; by and among the Plaintiffs and Kateri Dahl (upon whom Plaintiffs' lawsuit is explicitly based in large part); by and among the Plaintiffs and Sean Williams (the alleged perpetrator); by and among the Plaintiffs and any employee of Johnson City and its police department; and by any of the Plaintiffs during a limited period of time referencing several relevant, specifically-identified search terms, such as "rape," "sexual assault," "police," or Sean Williams, etc.

This information is the most basic and indisputably relevant type of information in a case like this. There can be no dispute whatsoever that this information is reasonably calculated to lead to the discovery of relevant information. Rule 26(b).

II. **Plaintiffs' belated objections are meritless**

    A. <u>Plaintiffs' Attempt to Limit Discovery to three people is inappropriate, and even if it were Plaintiffs still have not produced substantive responses even as to the three people.</u>

After the response deadline and after multiple good faith attempts by this Defendant to obtain responses without court action, the Plaintiffs produced a non-response, raising some belated objections that have no merit, but producing nothing notwithstanding the objections, and without producing any privilege log or stating what information was withheld pursuant to the objections. See Fed. R. Civ. P. 34(b)(2)(C).

First, Plaintiffs objected that because they have moved to amend their complaint, the requests for production should be limited to only three people, and not to the original Plaintiffs (who are still Plaintiffs now). But Plaintiffs have produced <u>nothing</u> as to <u>any of even those three people,</u> even if such an arbitrary self-granted limitation were appropriate. Thus, even if that objection were meritorious, proper responses still have not been forthcoming.

This is also without merit because even the proposed amended complaint is still predicated entirely on the claims of the current, original Plaintiffs, most of whom are identified by "Female" pseudonym even in the proposed amendment rather than the "Jane Doe" pseudonym from the operative complaint (which amendment is opposed regardless).

The requests to these individuals – the current Plaintiffs in this case – whose experiences are purportedly recounted throughout the operative complaint and even the proposed amended complaint, are clearly reasonably calculated to lead to the discovery of relevant information and

discoverable.  And the recipients of these requests *are Plaintiffs*, who initiated this suit, who delayed service of this suit for months.

Moreover, even if some of the Plaintiffs *later* become non-parties by virtue of some amendment or motion, Rule 34(c) also *clearly* provides that these same requests may be propounded to non-parties in accordance with Rule 45.  Thus, the Plaintiffs' desire to recast their suit has no bearing on the discoverability of this information to the fact that responses have not been tendered.

> B. <u>Plaintiffs' Claim of Privilege, without any privilege log, is meritless, because the requests seek information and communications by and among the Plaintiffs themselves, and the Plaintiffs and third-parties, not communications with Plaintiffs' attorneys.</u>

Second, Plaintiffs asserted "common interest privilege and joint representation privilege" as to the requests for communications by and between the Plaintiffs themselves.  These privileges, to the extent they exist, are just subcategories of the attorney-client privilege, and apply *only* when there is an *attorney-client* communication at issue, not a communication among the Plaintiffs themselves or between the Plaintiffs and a third-party.  No request has been made for any communications with Plaintiffs' attorneys themselves, just by, among, or between the Plaintiffs and specific third parties like the alleged perpetrator Sean Williams, and the alleged whistleblower Kateri Dahl.

Plaintiffs produced no privilege log or otherwise stated what, if anything, was being withheld based on this objection.  See Fed. R. Civ. P. 34(b)(2)(C).  These privileges, to the extent they are applicable at all, only arise when the person's *attorney* is part of the communication.  Communications among the Plaintiffs themselves is not privileged no matter what.

> However, the defendants support their privilege assertion with common interest doctrine case law. "The party asserting the [common interest] privilege

must show that: '(1) the communications were made in the course of a joint defense effort; (2) the statements were designed to further the effort; and (3) the privilege has not been waived.' " *Travelers Cas. & Sur. Co. v. Excess Ins. Co.*, 197 F.R.D. 601, 606 (S.D.Ohio 2000) (citing *In re Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 126 (3d Cir.1986)). **In construing the doctrine narrowly, this court follows other district courts in this circuit in concluding that an attorney must be involved in the communications for the doctrine to apply.** As the First Circuit explained, "[w]hen a person provides information to another without first consulting his own attorney, it is difficult to see how the information was given as part of a joint defense, even when the recipient may be viewed as a party with similar interests." *United States v. Bay State Ambulance & Hosp. Rental Serv., Inc.*, 874 F.2d 20, 29 (1st Cir.1989).

*Burkhead & Scott, Inc. v. City of Hopkinsville*, 2014 WL 6751205, at *4 (W.D.Ky. 2014) (emphasis added).

Likewise, Plaintiffs' assertion of a "joint representation privilege" does not implicate communications among the Plaintiffs themselves; it applies only to communications between one of the Plaintiffs *and that Plaintiff's attorney*, allowing *another* Plaintiff to prevent disclosure of *attorney-client* privileged communications relating to the case to which the latter Plaintiff was not a participant:

> "If two or more persons are jointly represented by the same lawyer in a matter, a communication of either co-client that otherwise qualifies as privileged ... and relates to matters of common interest is privileged as against third persons, and any co-client may invoke the privilege, unless it has been waived by the client who made the communication." Supreme Forest Products v. Kennedy, No. 3:16-cv-54 (JAM), 2017 WL 120644, at *2 (D. Conn. Jan. 12, 2017) (ellipses in original) (citing Restatement (Third) of Law Governing Lawyers § 75). This is colloquially referred to as the joint representation doctrine. See, Shukh v. Seagate Tech., 872 F. Supp. 2d 851, 855 (D. Minn. 2012). "[I]n order to implicate the joint representation privilege, two or more clients must consult an attorney on matters of common interest; the communications between the clients and the attorney are privileged as against third parties, but not among the joint clients." Id.

*Gardner v. Duluth Public Schools Academy*, 2021 WL 6755014, at *10 (D.Minn. 2021).

Plaintiffs have not complied with the rules requiring a privilege log, and so their belated objection is waived regardless. But these privileges are inapplicable, and the Court should

compel production of the relevant communications by, among, and between the Plaintiffs and the specified third parties.

  C. <u>Plaintiffs' throwaway objection as to time and scope is (1) meritless; (2) Plaintiffs have failed to engage in a meet and confer on this argument; (3) Plaintiffs have failed to make a good faith effort to limit the time and scope; and (4) Plaintiffs have not identified what is being withheld pursuant to this objection.</u>

Third, Plaintiffs belatedly object to the requests for communications by and among the Plaintiffs, which they state is without limitations as to time and scope, seeks irrelevant information, and is not proportional to the needs of the case. As summarized above, the requests at issue are simply communications by and among the Plaintiffs, and by and among the Plaintiffs and particular relevant persons (the perpetrator Sean Williams; the alleged whistleblower Kateri Dahl; and the Defendants and their employees).

When and whether Plaintiffs first knew each other and became involved in each others' lives, were present for any acts of alleged victimization, or commiserated as a result of their alleged victimization, discussed whether to report their claims to the Police, discussed Sean Williams, discussed their drug use with Mr. Williams or his associates, or any of the other similar matters raised by Plaintiffs in the case in the 400+ paragraph Complaint, is indisputably relevant, or at the very, very least reasonably calculated to lead to the discovery of relevant information.

For instance, Plaintiffs have affirmatively pleaded the "discovery rule" in an effort to avoid the one-year statute of limitations in this case that was filed exactly a full year after another suit was filed by Kateri Dahl against the City of Johnson City, on claims with a one-year statute of limitations (and then delayed service for months more, which Defendants contend prevents the tolling of the statute of limitations). The Defendants surely have a right to investigate communications by and among the Plaintiffs or among the Plaintiffs and Kateri Dahl, to identify communications relevant to this discovery rule argument, such as whether they really

learned about this for very first time when Dahl filed her lawsuit, of if in fact any of them had been speaking to Dahl earlier, and whether they had communicated among themselves with information along these lines. Rule 26(b) broadly makes this information relevant.

> D. Plaintiffs' assertion of the "Informer's Privilege" with respect to communications from Kateri Dahl is wholly inapplicable, as that privilege applies only to allow the *government* to withhold the *identity* of someone reporting a crime; it is not an absolute privilege regardless; and the balancing test weighs in favor of disclosing the information.

With respect to requests seeking any communications with Kateri Dahl, the Plaintiffs raise the same generic objections (shifting the privilege claim to "informant's privilege or informer's privilege), but state "Without waiving the foregoing, None." But it is unclear if the response is "None" just for the "three representative plaintiffs" that the Plaintiffs' belated objection wanted the request to be, or as to all of them, or as to some claim of privilege. Plaintiffs failed to identify what, if anything, was being withheld pursuant to these objections. See Fed. R. Civ. P. 34(b)(2)(C). It does appear clear that Kateri Dahl communicated with at least some of the Plaintiffs, and thus this "None" response is likely to be demonstrably false unless the Plaintiffs have artificially limited the response by their objections without stating what has been withheld. Id.

The Sixth Circuit explains this evidentiary privilege is limited to the *government* itself, is limited to the *identity* of the informer, and most importantly even in the limited circumstance where it applies "the privilege must give way" when the information "is relevant and helpful to the defense of an accused:"

> In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), **the Supreme Court recognized that *the government* has a limited privilege "to withhold from disclosure the *identity* of persons who furnish information of violations of law to officers charged with enforcement of that law," often called "the informer's privilege."** Id. at 59, 77 S.Ct. 623. **This privilege is limited, however, by "the fundamental requirements of fairness."**

Id. at 60, 77 S.Ct. 623. **When "disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, <u>the privilege must give way</u>."** Id. at 60–61, 77 S.Ct. 623. To determine whether an informer's identity should be disclosed, *Roviaro* requires balancing "the public interest in protecting the flow of information" against an "individual's right to prepare his defense." Id. at 62, 77 S.Ct. 623. Whether this balancing renders nondisclosure erroneous depends on the particular circumstances of each case, including consideration of the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. Id.; see also *United States v. Beals*, 698 F.3d 248, 269–70 (6th Cir.2012); *Sales*, 247 Fed.Appx. at 734–35 (6th Cir.2007) ("To invoke the [informer's] privilege, the public interest in protecting the flow of information *to the government* must outweigh the defendant's need for disclosure of information in the preparation of a defense.") (quoting *United States v. Straughter*, 950 F.2d 1223, 1232 (6th Cir.1991)).

*U.S. v. Ray*, 803 F.3d 244, 273 (C.A.6 (Mich.), 2015) (emphasis added).

The identity of Kateri Dahl is well known. Plaintiffs reference her in every iteration of their Complaint, and assert that only upon seeing her lawsuit did they learn that they had been allegedly wronged by the JCPD, urging the "discovery rule." Plaintiffs are not the government. Kateri Dahl's contract was non-renewed, and she was a private citizen herself at the time of her own lawsuit and before.

And even if this privilege somehow applied, "the privilege must give way" because this information is indisputably relevant and helpful to the defense of these Defendants, accused of the most heinous wrongdoing. The interest of the public as a whole supports disclosure, as Plaintiffs have very publicly defamed an entire department of public servants, who have a right to defend themselves and restore public confidence in the police in Johnson City.

  E. <u>Plaintiffs' objection to producing communications with Sean Williams is even more suspect, claiming that communication with this perpetrator of alleged rapes is "not proportional to the needs of the case and seeks irrelevant information." This argument is nonsensical.</u>

Incredibly, Plaintiffs have not produced any responses to the several requests seeking communications, such as text messages, with Sean Williams, the alleged egregious rapist and perpetrator of all their harm. It is unfathomable that not a single one of the Plaintiffs ever had any text communication with Sean Williams. To the extent Plaintiffs seek to artificially limit the request (which is to each of the Plaintiffs individually) to three that Plaintiffs' attorneys wish to choose, that is not a proper limitation. And, again, Plaintiffs have not stated what is being withheld based on this meritless objection. See Fed. R. Civ. P. 34(b)(2)(C).

Plaintiffs also arbitrarily limited their responses to the requests concerning communications with Johnson City and its employees and officers. If none of these people had any communication with Johnson City and its police officers, then how are they suing these public servants? It is clear that Plaintiffs are wrongfully withholding information based on an objection without identifying what has been withheld.

### III. Plaintiffs acknowledge that they have non-objectionable responsive material, but still have not produced it despite the responses being more than 30 days overdue.

One response, for "B.P." says she has two voice messages from Investigator Sparks. But these were not produced, and there is no explanation for why they have not been produced now a month after the responses were due, and over three weeks after these narrative non-responses were provided.

The other responses are equally deficient.

An evasive response is treated as a failure to respond:

> (4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Fed. R. Civ. P. 37(a)(4).

It is well-settled that a district court has the inherent power to enforce discovery obligations. See *Laukus v. Rio Brands, Inc*. 292 F.R.D. 485 (N.D. Ohio 2013). That case explains:

> In addition to this rule-based authority, federal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process. See *Chambers v. NASCO, Inc*., 501 U.S. 32, 43–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Link v. Wabash R.R*., 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (federal trial courts have the inherent power to manage their own dockets). A court may exercise its inherent power to sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir.2011) (citing *Chambers*, 501 U.S. at 45–46, 111 S.Ct. 2123; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); see, e.g., *United States v. Moss–American, Inc.,* 78 F.R.D. 214, 216 (E.D.Wis.1978) ("it is within the inherent equitable powers of this court to dismiss an action when a just determination of the action has been seriously thwarted by a plaintiff's willful misconduct")).

*Id*. at 502–03.

The Plaintiffs abject refusal to provide this simplest of information is "tantamount to bad faith," and the parties' time and the Court's time has been wasted by the Plaintiffs' shameless stonewall tactic. The Defendants have all been prejudiced, as they cannot substantively defend themselves against these individualized allegations without being able to investigate those allegations. The Court should put a stop to this farce.

### **Attorneys Fees and Costs**

Fed. R. Civ. P. 37(a)(5)(A) provides:

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

This Defendant submits that the Motion to Compel should be granted. If so, the Court "must" award costs. The subsections excusing the award (i)-(iii) are not present. As reflected by the Declaration attached to the Motion, the movant attempted in good faith, repeatedly, to obtain these names, in writing.

There are no other circumstances that make an award unjust, when this information has been withheld, wrongfully, without meaningful explanation.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion and attachments, the Motion to Compel should be granted.

    Respectfully submitted,

    MOORE, RADER AND YORK, P. C.

    s/DANIEL H. RADER IV, BPR #025998
    DANIEL H. RADER IV / BPR #025998
    P. O. Box 3347
    Cookeville, TN 38502
    Phone: (931) 526-3311
    Fax: (931) 526-3092
    danny@moorerader.com
    Attorneys for Kevin Peters in his individual capacity

CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN  37743
Email:  tgarland@milligancoleman.com
*Attorney for the City of Johnson City,
Tennessee, and Karl Turner, in his
Individual capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN  37027
615-254-3060
Email:  kberexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

This the 15th day of January, 2023.

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR 025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN  38502
(931-526-3311)
danny@moorerader.com