IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JANE DOES 1-9,

    **Plaintiffs,**

v.                                                    No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    **Defendants.**

                                                    /

**OPPOSITION TO DEFENDANT PETERS' MOTION TO COMPEL**

Defendant Peters' pending Motion to Compel (ECF 103) should be denied as moot and the Court should decline to award the related request for attorney's fees under Fed. R. Civ. P. 37. This Opposition is supported by the concurrently filed Declaration of Vanessa Baehr-Jones ("VBJ Decl.") and the exhibits thereto.

**RELEVANT BACKGROUND**

Plaintiffs are sexual assault survivors who allege that the Johnson City Police Department ("JCPD") and several of its officers corruptly refused to investigate credible reports of rape against the serial rapist Sean Williams, enabling his predatory conduct. Due to the highly sensitive nature of these claims, Plaintiffs filed as Jane Does and utilized pseudonyms for certain individuals in their complaint. Defendant Kevin Peters is a former JCPD officer who served discovery seeking the pseudonymous individuals' true identities. Plaintiffs disclosed the identities of the Plaintiffs named in the second amended complaint on December 22, 2023, within four business days of the Court's issuance of the protective order. On January 4, 2024,

1

Plaintiffs' counsel Heather Collins sent defense counsel, including Defendant Peters' counsel, a letter requesting a substantive meet and confer regarding how names revealed under a "Confidential" designation might be disclosed beyond counsel and the individually named defendants.[1] VBJ Decl., ¶3, Ex. A. That meet and confer was scheduled for the week of January 8, 2024. *Id*.

Without any effort to meet and confer by phone, on Friday, January 5, 2024, Defendant Peters filed a motion to compel seeking the following relief:

> "Defendant moves the Court to compel Plaintiffs to supplement their Initial Rule 26 Disclosures, and for Jane Doe 7 to fully and completely respond to the interrogatory propounded to her, and for the Court to release the sealed list the Plaintiffs provided to the Court under Order."

ECF 103 at 10. The interrogatory to Jane Doe 7 asked for the real names and addresses of Jane Does 1-9 and the personal representatives of Jane Doe 6, K.T. and M.T. ECF 103-1.

On Wednesday, January 10, 2024, Plaintiffs' counsel met and conferred with Defendant City's counsel, and reached agreement that all JCPD personnel who are not named as defendants will sign Exhibit A to the protective order prior to receiving confidential identities, with the exception of the Johnson City Risk Manager. VBJ Decl., ¶5.

With that issue resolved, and after reviewing Defendant Peters' Motion, Plaintiffs' counsel sent a letter to Defendant Peters' counsel, copying all defense counsel, providing a list of the full names of the individuals in the second amended class action complaint who are referred to as Females 1 through 14. VBJ Decl., ¶6, Ex. B. The letter also committed to update Plaintiffs'

---

[1] Defense counsel were already aware of this concern because Plaintiffs' counsel stated at the December 15, 2023 status conference that a meet and confer would be necessary before providing the true identities of all the "Females" in the proposed second amended class complaint. VBJ Decl., ¶4.

Rule 26 disclosures within seven days of the Court's ruling on the motion for leave to amend. Plaintiffs' counsel requested that Defendant Peters withdraw the Motion to compel. *Id*.

On January 11, 2024, counsel for Defendant Peter's responded, declining to withdraw his motion and advising: "I simply cannot definitively confirm which of these individuals Females 1-14 are the same as any of the Jane Does 1-9, and the personal representatives of Jane Doe 6." VBJ Decl., ¶7, Ex. C. On January 13, Plaintiffs' counsel responded by email, confirming the list sent on January 10 was the most comprehensive but nevertheless providing another list of the names previously provided to the Court under seal. Plaintiffs' counsel again requested that Defendant Peters withdraw the Motion. VBJ Decl., ¶8, Ex. D. On January 15, counsel for Defendant Peters again declined to withdraw the motion, citing the absence of addresses on the lists provided. VBJ Decl., ¶9, Ex. E. On January 16, Plaintiffs' counsel provided yet another list and included all known addresses, and again requested that the Motion be withdrawn. VBJ Decl., ¶10, Ex. F.

Finally, on January 17, 2024, counsel for Defendant Peters again refused to withdraw the Motion, this time stating that Plaintiffs must agree to pay his attorney's fees under Rule 37(a)(5)(A). VBJ Decl., ¶11, Ex. G.

## ARGUMENT

A. *The motion should be denied as moot*.

The relief Defendant Peters requested has been provided. He now has a list of all individuals who appear under pseudonyms in the operative complaint and the proposed amendment, in addition to all known addresses. Plaintiffs have further committed to update the Rule 26 disclosures within seven days of the Court's ruling on the motion for leave to amend. This timing is consistent with the extension granted to Defendant Jenkins for his Answer (ECF

105) and is likewise in the interest of preventing the expenditure of resources because the disclosures ought to be served once, on behalf of the Plaintiffs who are party to litigation, which may change very shortly if the Court allows amendment. The Motion is therefore moot.

   B. *The request for fees should be denied because Plaintiffs operated in good faith and provided the requested discovery without material delay.*

Federal Rule of Civil Discovery 37 governs discovery disputes between parties and allows a party to file a motion to compel if the opposing party "fails to answer an interrogatory" or gives an "evasive or incomplete" answer. Fed. R. Civ. P. 37(a)(3)(B). If the motion to compel is granted, or if the discovery is provided after the filing of the motion, the court must, after giving an opportunity to be heard, require the party or its counsel to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *Id.* But the court need not award fees if the opposing party was "substantially justified" in withholding discovery, or if "circumstances make an award of expenses unjust." *Id.*

Defendant Peters moves for sanctions under Fed. R. Civ. P. 37(a)(5)(A). But the discovery dispute in his motion was resolved without the use (or need) of the Court. Where a portion of a motion to compel is resolved without the court having to rule on it, the court may "apportion the reasonable expenses for the motion" under Rule 37(a)(5)(C). "Under Rule 37(a)(5)(C), the Court has full discretion to apportion attorney's fees and costs or to grant no sanctions at all." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021). Courts in this judicial district do not issue sanctions haphazardly. *See*, *e.g.*, *Interstate S. Packaging, LLC v. Korman*, 2021 WL 6335379, at *14 (E.D. Tenn. Nov. 30, 2021); *Vaughn v. Taylor*, No. 2:21-CV-61, 2021 WL 6460626, at *5 (E.D. Tenn. Nov. 16, 2021).

As described above, the information that is the subject of the Motion has been provided to Defendant Peters. Plaintiffs disclosed the true identities of the Plaintiffs named in the second

4

amended complaint (as well as the Jane Does who requested their own police reports from Defendant City) on December 22, 2023, within four business days of the Court's issuance of the protective order. Between January 10 and January 15, 2024, Plaintiffs disclosed all individuals who appear under pseudonyms in the operative complaint and the proposed amendment and all known addresses. *Cf. Vaughn*, *supra*, 2021 WL 6460626 (no sanctions issued even where party refused to produce documents known to be in his possession).

Plaintiffs disclosed the identities of the Plaintiffs named in second amended complaint in the first instance, as those will be the parties if the motion for leave to amend is granted. Moreover, a meet and confer was forthcoming in under a week to discuss legitimate privacy and safety concerns with Defendant City's counsel. The same day as that successful conferral, and within days of receipt of the Motion, Plaintiffs further provided the names of Females 1-14, and after engaging in correspondence with Defendant Peters' counsel, also provided the names as associated with the pseudonyms used in the operative complaint (thus clarifying any confusion regarding the updated pseudonyms in the proposed amendment), and all known addresses.

Awarding attorneys' fees here would be unjust because Plaintiffs' caution when disclosing confidential information was justified, and conferral among counsel mooted the Motion within days. Plaintiffs should not be sanctioned for exercising caution where such sensitive matters are at issue. *See Morgan v. AMISUB (SFH), Inc.*, 2020 WL 4274586, at *5 (W.D. Tenn. July 24, 2020) (no sanctions warranted where plaintiff delayed producing responses that potentially violated psychotherapist-patient privilege).

## CONCLUSION

Accordingly, Plaintiffs request the Court deny the Motion in its entirety.

Dated this January 19, 2024.                    Respectfully submitted,

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*

Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com


Erickson Kramer Osborne, LLP

*/s/ Elizabeth Kramer*
Elizabeth Kramer (*pro hac vice*)
Kevin Osborne (*pro hac vice*)
44 Tehama St.
San Francisco, CA 94105
415-635-0631
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs and the Proposed Classes*

6

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on January 19, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

*s/Heather Moore Collins*