# EXHIBIT A



January 4, 2024

*Via EMAIL*

Danny Rader

Re:  Response to 1/3/24 screed

Dear Mr. Rader,

Please find attached a re-designated "Confidential" key to Plaintiffs' identities as articulated in the Second Amended Class Complaint which we expect to be the operative complaint. This one is not password protected since there were apparently issues with that.

Vanessa will contact the City separately to engage in a substantive meet and confer, as discussed in the last call with Judge McDonough, about handling dissemination of the identities of the proposed class plaintiffs.

We are still processing the document production.

Happy new year.

Warmest regards,

*s/ Heather M. Collins*

HMC Civil Rights Law, PLLC

M 7000 Executive Center Drive, #320, Brentwood, TN 37027  P 615.724.1996  W hmccivilrights.com

# EXHIBIT B



## ADVOCATES FOR SURVIVORS OF ABUSE

*Seeking and Securing Justice for Survivors*

---

**Vanessa Baehr-Jones**
Founding Partner

4200 Park Boulevard No. 413
Oakland, California 94602
510.500.9634
vanessa@advocatesforsurvivors.com

**Daniel H. Rader IV**
Moore, Rader & York P.C.
46 N. Jefferson Ave.
Cookeville, TN 38501
931-526-3311

January 10, 2024

**VIA EMAIL**

    **Re:**    <u>Case 2:23-cv-00071-TRM-JEM Doe et al. v. Johnson City, TN et al.</u>

**Dear Daniel H. Rader IV,**

Please find attached a list of the full names of the individuals in the second amended class action complaint who are referred to as Females 1 through 14.

These names are designated Confidential under the Protective Order.

We believe this disclosure satisfies the relief requested in your Motion [Dkt. 103] relating to the interrogatory and to the sealed list. With respect to Plaintiffs' Rule 26 disclosures, Plaintiffs will update within 7 days of the order on their motion for leave to amend. This timing is consistent with the extension granted to Defendant Jenkins for his Answer and is likewise in the interest of preventing the expenditure of resources because the disclosures ought to be served once, on behalf of the plaintiffs who are party to litigation, which may change very shortly if the Court allows amendment.

For the reasons above, Plaintiffs request that you withdraw the Motion. Please advise if you will do so by close of business tomorrow. Please let me know if you have any questions regarding the above.

**Sincerely,**

*/s/*

**Vanessa Baehr-Jones**


CC:
**K. Erickson Herrin**
Herrin, Booze & McPeak
**Emily C. Taylor**
Watson, Roach, Batson, Rowell & Lauderback PLC
**Andre Sean Greppin**
Moore, Rader, Fitzpatrick and York, P. C.
**Daniel H. Rader, III**
Moore, Rader, Fitzpatrick and York, P. C.
**Benjamin Charles Allen**
Farrar & Bates, L.L.P.
**Kristin E. Berexa**
Farrar Bates Berexa
**Keith H. Grant**
Robinson, Smith & Wells
**Philip Aaron Wells**
Robinson, Smith & Wells
**Laura Beth Rufolo**
Robinson, Smith & Wells

# EXHIBIT C

LAW OFFICES

## MOORE, RADER AND YORK, P.C.

46 NORTH JEFFERSON AVENUE
COOKEVILLE, TENNESSEE
38501

L. DEAN MOORE (1941-2019)
DANIEL H. RADER III
RICHARD LANE MOORE
DANIEL H. RADER IV
RANDALL A. YORK
ANDRE S. GREPPIN
WADE BLAIR

MAILING ADDRESS
POST OFFICE BOX 3347
38502

TELEPHONE
(931) 526-3311

FACSIMILE
(931) 526-3092

January 11, 2024

Vanessa Baehr-Jones
4200 Park Boulevard No. 413
Oakland, California 94602

      Re:    Jane Does 1-9 v. City of Johnson City, et al
             U.S. District Court for the Eastern District of Tennessee – 2:23-cv-71

Dear Ms. Baehr-Jones:

     You sent me, at 11:05pm last night, a letter concerning the Motion to Compel that I previously filed concerning the Plaintiffs' failure to disclose the very names of the Plaintiffs themselves for over six months. Notably, your letter did not mention in any way any of the outstanding requests for production about which I have written your co-counsel multiple times, including as recently as yesterday. Why are Plaintiffs continuing to stonewall to the point of total silence concerning those ordinary discovery requests?

     As to my client's pending motion concerning the names and addresses of the Plaintiffs, though, with last night's letter, you provided a document that you say states the names of Females 1-14 from the proposed Second Amended Class Complaint. While I cannot discern how far these names overlap with the current Plaintiffs (under the only operative complaint until it is not), I *can* immediately discern that they do not *completely* overlap. For instance, I *can* tell for certain that the list you provided last night does not identify Plaintiffs "K.T." and "M.T.," who are the initials the operative complaint uses for the Plaintiffs who are the personal representatives of Jane Doe 6. This is apparent because none of the names for Females 1-14 on the list you provided last night have names with those initials. I cannot determine which of the other names overlap, and which do not. They may all overlap, or mostly overlap. But your materials do not say, and my client and I should not have to guess.

     My motion properly seeks the names and addresses of the Plaintiffs. This list contains no addresses, regardless of whether it contains *any* of the actual Plaintiffs' names. The required information concerning the Plaintiffs' identities and addresses could *easily* have been (and *easily* can still be) provided by sending Defendants the list that Plaintiffs already provided to the Magistrate Judge on October 17, 2023. I specifically asked Plaintiffs' counsel Mr. Osborne on December 21 to simply provide me that same document. <u>Mr. Osborne ignored that request, and Plaintiffs' counsel have all ignored this</u>

<u>request.  Your letter late last night does not state anything about why this existing document has not simply been provided.</u>

I cannot for the life of me discern any good reason, or really any reason at all, that this has not been forthcoming, and that we are still having any discussion whatsoever about the names.  Plaintiffs have made obtaining this most basic information extraordinarily difficult, and for absolutely no discernible reason.

Plaintiffs are required to provide this most basic information.  You and your team *agreed* to the Joint Protective Order, and that Order clearly provides that the names are Confidential.  The protection you agreed to in the Joint Protective Order is all that is warranted or you would not have agreed to it.  There is thus no reason not to provide these names.

Please provide the list that was provided to the Magistrate Judge on October 17, as I have previously asked in good faith attempts to avoid court intervention, and as my client's motion asked when those good faith efforts were substantially ignored.  And please cause Jane Doe 7 to respond to the interrogatory.

Your proposed successive amended complaint, which is the only document using the pseudonyms Females 1-14, has not been approved by the Court.  And, as you well know, all Defendants oppose this amendment.  It may well be that the Court grants your motion to amend over the Defendants' objections, but the Court has not done so yet, and I certainly believe that the Court should not do so.  If the Court agrees with Defendants, then Plaintiffs remain under the operative complaint, or Plaintiffs may elect to propose yet another amendment.  But either way, the current proposed amendment will be a nullity, and a list concerning this nullity will not necessarily be usable in any legal sense, certainly without substantial and unnecessary evidentiary hoops, if then.

Thus, this information concerning your proposed amendment, while required, presumably useful, and certainly appreciated, albeit incredibly and inexplicably belated, simply does not necessarily bear on the operative complaint, will not necessarily bear on any document that will ever indisputably become the operative complaint.

Defendants are entitled to the identity of the Plaintiffs who are in the case now, and who are making these motions to amend or otherwise.

Substantively, I simply cannot definitively confirm which of these individuals Females 1-14 are the same as any of the Jane Does 1-9, and the personal representatives of Jane Doe 6, which are the subject of my client's interrogatory, and who initiated this lawsuit. You *do* know, but your letter and its attachment (apparently purposefully) do not say.

And attempting even an educated "guess" would be difficult, if it were even possible. As you know, your proposed Second Amended Complaint is 79 pages long with 424 numbered paragraphs. The operative complaint is also quite lengthy. While I might theoretically be able to take a considerable amount of time and effort, and accompanying expense, to try and "match up" some of the factual allegations from the lengthy operative complaint and the lengthy proposed amendment and identify some, most, or possibly all of the others besides Plaintiffs K.T. and M.T., I do not know that even that would allow me to correctly identify the rest of the current Plaintiffs correctly, particularly in light of the omission of Plaintiffs "K.T." and "M.T." who I know for sure I still cannot identify from Plaintiffs' various materials, even with this list.

Regardless, I should not have to undertake this lengthy and expensive exercise, as my client is entitled to the names of the Plaintiffs suing him, without extensive, and expensive, detective work by his attorney.

And even if I did go through such a time-consuming exercise, I have no particular confidence that any determination I might make would be definitive in light of the omission of "K.T." and "M.T.," and perhaps others, or whether my work product effort would be usable in an evidentiary fashion, such as with a dispositive motion. It is not appropriate for Plaintiffs to force me or my client to "guess" as to who any of the Plaintiffs are, even if it is an educated guess as to some or even many.

It seems to me that it would be very easy for the Plaintiffs to simply provide the Defendants the list of Plaintiffs that was provided to the Magistrate Judge on October 17, 2023, and which I have previously requested in writing, which have been ignored.

Separately, and while I'm writing to you, I would still also like the responses to my request for production, that I have written about several times, and which your letter last night again ignores. But that certainly is the subject of another motion.

I will respectfully decline to withdraw my client's pending motion to compel at this time, but if Plaintiffs wish to provide complete information, such as the actual list

Ms. Baehr-Jones
January 11, 2024
Page 4

that was provided to the Magistrate Judge on October 17, 2023 (assuming Plaintiffs
provided complete and accurate information to the Court itself), I will revisit that request
at that time, and discuss that possibility of resolving the pending motion with you further.

Yours very truly,

MOORE, RADER & YORK, P.C.

Daniel H. Rader IV

EXHIBIT D

| | |
|---|---|
| **From:** | Vanessa Baehr-Jones |
| **To:** | Daniel H Rader IV |
| **Cc:** | Emily Taylor; rspaulding@watsonroach.com; Keith Grant; Lisa May; Kristin E. Berexa; Ben C. Allen; L Rufolo; Elizabeth Kramer; Kevin Osborne; Ashley Walter; Erica Russell; Andre Greppin; Heather Collins |
| **Subject:** | Re: Does v. Johnson City, et. al- responses to Peters" discovery requests |
| **Date:** | Saturday, January 13, 2024 3:08:11 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | Notice of Jane Doe Names 1.13.2024 -- Confidential.pdf |

Mr. Rader,

We have no objections to providing the list of Jane Doe identities from the Amended Complaint. The list I provided on 1/10 is the more comprehensive list and identifies those in what we anticipate will be the operative complaint. Please see attached for the prior list. Please let us know by Monday COB whether you will be withdrawing your motion.

Regards,
Vanessa

On Thu, Jan 11, 2024 at 1:48 PM Daniel H Rader IV <danny@moorerader.com> wrote:

> Please see attached the response you requested.  Please do not purport give me deadlines of less than 24 hours to respond to you about matters that Plaintiffs should have addressed weeks or months ago.
>
>
>
>
> Daniel H. Rader IV
>
> Moore, Rader & York P.C.
>
> 46 N. Jefferson Ave.
>
> Cookeville, TN 38501
>
> 931-526-3311
>
> 931-526-3092 (fax)
>
>
>
> ---
>
> **From:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>
> **Date:** Wednesday, January 10, 2024 at 11:05 PM
> **To:** Daniel H Rader IV <danny@moorerader.com>
> **Cc:** Emily Taylor <etaylor@watsonroach.com>, "rspaulding@watsonroach.com"

<[rspaulding@watsonroach.com](mailto:rspaulding@watsonroach.com)>, Keith Grant <[kgrant@rswlaw.com](mailto:kgrant@rswlaw.com)>, Lisa May
<[lisa@hbm-lawfirm.com](mailto:lisa@hbm-lawfirm.com)>, "Kristin E. Berexa" <kberexa@fbb.law>, "Ben C. Allen"
<ballen@fbb.law>, L Rufolo <[lrufolo@rswlaw.com](mailto:lrufolo@rswlaw.com)>, Elizabeth Kramer
<elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, Ashley Walter
<[ashley@hmccivilrights.com](mailto:ashley@hmccivilrights.com)>, Erica Russell <[erica@hmccivilrights.com](mailto:erica@hmccivilrights.com)>, Andre Greppin
<[andre@moorerader.com](mailto:andre@moorerader.com)>, Heather Collins <[heather@hmccivilrights.com](mailto:heather@hmccivilrights.com)>
**Subject:** Re: Does v. Johnson City, et. al- responses to Peters' discovery requests

Counsel,

Please see the attached.

-Vanessa

On Thu, Jan 4, 2024 at 2:11 PM Heather Collins <[heather@hmccivilrights.com](mailto:heather@hmccivilrights.com)> wrote:

> Mr. Rader,
>
> Please see attached.
>
> Heather
>
> ---
>
> **From:** Daniel H Rader IV <[danny@moorerader.com](mailto:danny@moorerader.com)>
> **Sent:** Wednesday, January 3, 2024 4:24 PM
> **To:** Heather Collins <[heather@hmccivilrights.com](mailto:heather@hmccivilrights.com)>; Emily Taylor
> <[etaylor@watsonroach.com](mailto:etaylor@watsonroach.com)>; [rspaulding@watsonroach.com](mailto:rspaulding@watsonroach.com); Keith Grant
> <[kgrant@rswlaw.com](mailto:kgrant@rswlaw.com)>; Lisa May <[lisa@hbm-lawfirm.com](mailto:lisa@hbm-lawfirm.com)>; Kristin E. Berexa
> <kberexa@fbb.law>; Ben C. Allen <ballen@fbb.law>; L Rufolo <[lrufolo@rswlaw.com](mailto:lrufolo@rswlaw.com)>
> **Cc:** Elizabeth Kramer <elizabeth@eko.law>; Kevin Osborne <kevin@eko.law>; vanessa
> <[vanessa@advocatesforsurvivors.com](mailto:vanessa@advocatesforsurvivors.com)>; Ashley Walter <[ashley@hmccivilrights.com](mailto:ashley@hmccivilrights.com)>;
> Erica Russell <[erica@hmccivilrights.com](mailto:erica@hmccivilrights.com)>; Andre Greppin <[andre@moorerader.com](mailto:andre@moorerader.com)>
> **Subject:** Re: Does v. Johnson City, et. al- responses to Peters' discovery requests
>
> Ms. Collins,

Please see the attached correspondence.

Daniel H. Rader IV

Moore, Rader & York P.C.

46 N. Jefferson Ave.

Cookeville, TN 38501

931-526-3311

931-526-3092 (fax)

---

**From:** Heather Collins <heather@hmccivilrights.com>
**Date:** Friday, December 22, 2023 at 6:36 PM
**To:** Emily Taylor <etaylor@watsonroach.com>, "rspaulding@watsonroach.com" <rspaulding@watsonroach.com>, Keith Grant <kgrant@rswlaw.com>, Lisa May <lisa@hbm-lawfirm.com>, "Kristin E. Berexa" <kberexa@fbb.law>, "Ben C. Allen" <ballen@fbb.law>, L Rufolo <lrufolo@rswlaw.com>, Daniel H Rader IV <danny@moorerader.com>
**Cc:** Elizabeth Kramer <elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, vanessa <vanessa@advocatesforsurvivors.com>, Ashley Walter <ashley@hmccivilrights.com>, Erica Russell <erica@hmccivilrights.com>
**Subject:** RE: Does v. Johnson City, et. al- responses to Peters' discovery requests

All:

Please see attached.

Happy Holidays,



> TRUST > COURAGE > CONFIDENCE

**Heather Moore Collins**

PRINCIPAL

615.724.1996

7000 Executive Center Dr. #320

Brentwood, TN 37027

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender (heather@hmcivilrights.com) immediately by electronic mail and delete this message and all copies and backups thereof. Thank you.

--

Vanessa Baehr-Jones

Founding Partner

Advocates for Survivors of Abuse

4200 Park Boulevard #413

Oakland, California 94602

(510) 500-9634

www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE. IT MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE. ANY REVIEW, DISSEMINATION, OR USE OF THIS TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS TRANSMISSION. THANK YOU.

--

Vanessa Baehr-Jones
Founding Partner
Advocates for Survivors of Abuse
4200 Park Boulevard #413
Oakland, California 94602
(510) 500-9634
www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE.  IT MAY
CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE
PROTECTED FROM DISCLOSURE.  ANY REVIEW, DISSEMINATION, OR USE OF THIS
TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS
STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE
NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS TRANSMISSION.  THANK
YOU.

EXHIBIT E

LAW OFFICES

# MOORE, RADER AND YORK, P.C.

46 NORTH JEFFERSON AVENUE
COOKEVILLE, TENNESSEE
38501

L. DEAN MOORE (1941-2019)
DANIEL H. RADER III
RICHARD LANE MOORE
DANIEL H. RADER IV
RANDALL A. YORK
ANDRE S. GREPPIN
WADE BLAIR

MAILING ADDRESS
POST OFFICE BOX 3347
38502

TELEPHONE
(931) 526-3311

FACSIMILE
(931) 526-3092

January 15, 2024

Vanessa Baehr-Jones
4200 Park Boulevard No. 413
Oakland, California 94602

Re: Jane Does 1-9 v. City of Johnson City, et al
U.S. District Court for the Eastern District of Tennessee – 2:23-cv-71

Dear Ms. Baehr-Jones:

Thank you for finally providing the names of the Jane Does 1-9, on Saturday, January 13, 2024. It is still difficult to believe that it took nearly seven (7) months, numerous letters and emails, formal discovery, and a formal Motion to Compel to obtain this most basic information.

I now see, though, that I was correct to conclude that all prior lists Plaintiff provided (all after the filing of the Motion to Compel) were all incomplete, including the recent list of names of the Females 1-14 (which you also provided after the motion to compel was filed). I now see that these prior lists did not include all the names of the Plaintiffs, as I suspected. Specifically, I see now that this latest list of the actual Plaintiffs includes ████████████████████████████, who were not on any prior iteration of the lists. It is clear that even in the face of the Motion, Plaintiffs intentionally continued to be evasive in this regard. But I do thank you now for finally providing the names that should have been voluntarily provided long ago without all of this unnecessary effort and cost.

Including your accompanying email January 13, 2024, Plaintiffs have never offered any explanation at all "why" it took so long and so much effort to obtain this basic information. But that is not the primary point of my letter this morning.

The point of the letter is more substantive. As you have undoubtedly recognized, and for some reason your email accompanying this list does not acknowledge at all, I have also repeatedly asked for the *addresses* of the Plaintiffs. Every written communication I have had with you, including the most recent January 11 letter to you, makes this point very clear: "This list contains no addresses, regardless of whether it contains *any* of the actual Plaintiffs' names." The January 3, 2024 good faith letter to your co-counsel Ms. Collins makes the same request.

Yet this latest list, and your accompanying email, do not include any of the addresses or the prior specific requests for them, and neither the list nor your accompanying email make any mention of this omission. This must be intentional. As you also know well, substantially all of my prior correspondence, including written communication to your co-counsel Mr. Osborne on December 21 at 8:54am, my letter to your co-counsel Ms. Collins on January 3, and my letter to you on January 11, (and the Motion to Compel itself) asks for the actual document Plaintiffs filed under seal on October 17, which presumably contains the names and addresses of the Plaintiffs – the information I continue to seek.

It clearly took you some measure of effort to type up the list you just provided January 13, 2024, when by contrast it would have required <u>no</u> effort to produce the document I *actually* requested: "Please provide the list that was provided to the Magistrate Judge on October 17, as I have previously asked in good faith attempts to avoid court intervention, and as my client's motion asked when those good faith efforts were substantially ignored."

Why? Why did you undertake *any* effort create an entirely new document that has less information than the document that already existed, and provide that less informative document instead? In none of your communications have you ever offered any explanation; you simply intentionally ignore the requests and the good faith efforts to obtain the information without court action.

The only conclusion one can reasonably draw is that Plaintiffs are intentionally continuing to withhold this information that has been requested to the point of their counsel making extra unnecessary effort to conceal it, without any objection or other basis articulated to anyone. This intentionally evasive action is not acceptable.

This information matters (which Plaintiffs must recognize considering the extraordinary lengths Plaintiffs' counsel has gone to in order to continue to conceal it). Are these people still in the Johnson City area? One person in the proposed amended complaint evidently lives in ███████; do any of the original Plaintiffs? I cannot effectively look into relevant background (such as prior drug crimes or other matters that bear on the Plaintiffs' credibility) without the addresses. My client is retired and does not have access to any police resources or files, so my client must rely on the efforts I am able to make using open source public information. I need location information to effectively do that work.

Additionally, and perhaps even more importantly, if these three individuals ███████████████████ along apparently with several others, are no longer expected to be Plaintiffs, then when it comes time for their deposition, a notice of deposition will not suffice; it will undoubtedly be necessary to subpoena them. I need their addresses to do that. It is clear beyond peradventure that Plaintiffs' counsel will not be cooperative at that time; it has taken almost seven (7) months just to get these people's names. If you will not tell me their name for months, and still will not tell me their address, I feel certain you will not cooperate with a process where I sit down and ask them hours of questions about their lives.

You have my client's address. You (eventually) served him with process at his home (after your intentional delay). Why are you making such an unnecessary and frankly extraordinary effort to evade my completely ordinary requests in this regard. Rule 26 requires Plaintiffs to provide this information. My client's outstanding unanswered interrogatory requests this information. My Motion to Compel seeks it. The Magistrate Judge has already Ordered that the list Plaintiffs filed on October 17 (which was supposed to contain it) is to be provided to Defendants.

Please just do so now, and do not waste any more of my time.

Separate from all of the foregoing, your communication January 13, 2024 once again fails to acknowledge my January 11, 2024 letter and prior communications that all address the outstanding requests for production: "Notably, your letter did not mention in any way any of the outstanding requests for production about which I have written your co-counsel multiple times, including as recently as yesterday. Why are Plaintiffs continuing to stonewall to the point of total silence concerning those ordinary discovery requests?"

It is telling about Plaintiffs' intent to stonewall that I have been able to just cut and paste these sentences I have quoted throughout this letter into each subsequent letter, as Plaintiffs continue to ignore them all. Plaintiffs' conduct in this regard can *only* be intentional. As you know, not a single thing has been produced in response to these ordinary requests that were due over a month ago.

Like with the dispute concerning the names, it is clear that the Plaintiffs are intentionally refusing any effort to meet and confer on this issue. My requests have been met with total silence. The necessary result of this is yet another Motion to Compel,

Ms. Baehr-Jones
January 15, 2024
Page 4

which should not have been necessary, just as a formal Motion to obtain the names of the Plaintiffs should not have been necessary. I have delayed filing the second Motion several times, all waiting for some response – even an acknowledgement of my request to meet and confer – from Plaintiffs. I have been met with silence, and Plaintiffs have been and continue to completely and intentionally ignore <u>all</u> my attempts to resolve this dispute without court action.

It is clear to me that Plaintiffs do not intend to engage in good faith on this separate issue, as evidenced by Plaintiffs' total silence in the face of my numerous good faith efforts to avoid this dispute.

Aside from the requests for production, please provide me the addresses and the list filed with the Court on October 17, so we can see if it is possible to resolve the outstanding first motion.

Yours very truly,

MOORE, RADER & YORK, P.C.

Daniel H. Rader IV

EXHIBIT F

| From: | Vanessa Baehr-Jones |
|---|---|
| To: | Daniel H Rader IV |
| Cc: | Emily Taylor; rspaulding@watsonroach.com; Keith Grant; Lisa May; Kristin E. Berexa; Ben C. Allen; L Rufolo; Elizabeth Kramer; Kevin Osborne; Ashley Walter; Erica Russell; Andre Greppin; Heather Collins |
| Subject: | Re: Does v. Johnson City, et. al- responses to Peters" discovery requests |
| Date: | Tuesday, January 16, 2024 10:45:12 PM |
| Attachments: | image001.png |
| | image002.png |
| | Notice of Jane Doe Addresses 1.16.2024 -- Confidential.pdf |

Counsel,

Please see attached. Please let me know by noon tomorrow whether you will be withdrawing your motion.

-Vanessa

On Mon, Jan 15, 2024 at 7:20 AM Daniel H Rader IV <danny@moorerader.com> wrote:

> Please see attached correspondence.
>
>
>
>
>
> Daniel H. Rader IV
>
> Moore, Rader & York P.C.
>
> 46 N. Jefferson Ave.
>
> Cookeville, TN 38501
>
> 931-526-3311
>
> 931-526-3092 (fax)
>
>
>
> ───────────────────────
>
> **From:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>
> **Date:** Saturday, January 13, 2024 at 3:06 PM
> **To:** Daniel H Rader IV <danny@moorerader.com>
> **Cc:** Emily Taylor <etaylor@watsonroach.com>, "rspaulding@watsonroach.com"
> <rspaulding@watsonroach.com>, Keith Grant <kgrant@rswlaw.com>, Lisa May
> <lisa@hbm-lawfirm.com>, "Kristin E. Berexa" <kberexa@fbb.law>, "Ben C. Allen"
> <ballen@fbb.law>, L Rufolo <lrufolo@rswlaw.com>, Elizabeth Kramer
> <elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, Ashley Walter
> <ashley@hmcivilrights.com>, Erica Russell <erica@hmcivilrights.com>, Andre Greppin

<andre@moorerader.com>, Heather Collins <heather@hmccivilrights.com>
**Subject:** Re: Does v. Johnson City, et. al- responses to Peters' discovery requests

Mr. Rader,

We have no objections to providing the list of Jane Doe identities from the Amended Complaint. The list I provided on 1/10 is the more comprehensive list and identifies those in what we anticipate will be the operative complaint. Please see attached for the prior list. Please let us know by Monday COB whether you will be withdrawing your motion.

Regards,

Vanessa

On Thu, Jan 11, 2024 at 1:48 PM Daniel H Rader IV <danny@moorerader.com> wrote:

> Please see attached the response you requested. Please do not purport give me deadlines of less than 24 hours to respond to you about matters that Plaintiffs should have addressed weeks or months ago.
>
> Daniel H. Rader IV
>
> Moore, Rader & York P.C.
>
> 46 N. Jefferson Ave.
>
> Cookeville, TN 38501
>
> 931-526-3311
>
> 931-526-3092 (fax)

**From:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>
**Date:** Wednesday, January 10, 2024 at 11:05 PM

**To:** Daniel H Rader IV <danny@moorerader.com>
**Cc:** Emily Taylor <etaylor@watsonroach.com>, "rspaulding@watsonroach.com"
<rspaulding@watsonroach.com>, Keith Grant <kgrant@rswlaw.com>, Lisa May
<lisa@hbm-lawfirm.com>, "Kristin E. Berexa" <kberexa@fbb.law>, "Ben C. Allen"
<ballen@fbb.law>, L Rufolo <lrufolo@rswlaw.com>, Elizabeth Kramer
<elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, Ashley Walter
<ashley@hmccivilrights.com>, Erica Russell <erica@hmccivilrights.com>, Andre
Greppin <andre@moorerader.com>, Heather Collins <heather@hmccivilrights.com>
**Subject:** Re: Does v. Johnson City, et. al- responses to Peters' discovery requests


Counsel,


Please see the attached.


-Vanessa


On Thu, Jan 4, 2024 at 2:11 PM Heather Collins <heather@hmccivilrights.com> wrote:

> Mr. Rader,
>
> Please see attached.
>
> Heather
>
> ---
>
> **From:** Daniel H Rader IV <danny@moorerader.com>
> **Sent:** Wednesday, January 3, 2024 4:24 PM
> **To:** Heather Collins <heather@hmccivilrights.com>; Emily Taylor
> <etaylor@watsonroach.com>; rspaulding@watsonroach.com; Keith Grant
> <kgrant@rswlaw.com>; Lisa May <lisa@hbm-lawfirm.com>; Kristin E. Berexa
> <kberexa@fbb.law>; Ben C. Allen <ballen@fbb.law>; L Rufolo
> <lrufolo@rswlaw.com>
> **Cc:** Elizabeth Kramer <elizabeth@eko.law>; Kevin Osborne <kevin@eko.law>;
> vanessa <vanessa@advocatesforsurvivors.com>; Ashley Walter
> <ashley@hmccivilrights.com>; Erica Russell <erica@hmccivilrights.com>; Andre
> Greppin <andre@moorerader.com>
> **Subject:** Re: Does v. Johnson City, et. al- responses to Peters' discovery requests

Ms. Collins,

Please see the attached correspondence.

Daniel H. Rader IV

Moore, Rader & York P.C.

46 N. Jefferson Ave.

Cookeville, TN 38501

931-526-3311

931-526-3092 (fax)

---

**From:** Heather Collins <heather@hmccivilrights.com>
**Date:** Friday, December 22, 2023 at 6:36 PM
**To:** Emily Taylor <etaylor@watsonroach.com>, "rspaulding@watsonroach.com" <rspaulding@watsonroach.com>, Keith Grant <kgrant@rswlaw.com>, Lisa May <lisa@hbm-lawfirm.com>, "Kristin E. Berexa" <kberexa@fbb.law>, "Ben C. Allen" <ballen@fbb.law>, L Rufolo <lrufolo@rswlaw.com>, Daniel H Rader IV <danny@moorerader.com>
**Cc:** Elizabeth Kramer <elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, vanessa <vanessa@advocatesforsurvivors.com>, Ashley Walter <ashley@hmccivilrights.com>, Erica Russell <erica@hmccivilrights.com>
**Subject:** RE: Does v. Johnson City, et. al- responses to Peters' discovery requests

All:

Please see attached.

Happy Holidays,



**Heather Moore Collins**

PRINCIPAL

615.724.1996

7000 Executive Center Dr. #320

Brentwood, TN 37027

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender (heather@hmccivilrights.com) immediately by electronic mail and delete this message and all copies and backups thereof. Thank you.

--

Vanessa Baehr-Jones

Founding Partner

Advocates for Survivors of Abuse

4200 Park Boulevard #413

Oakland, California 94602

(510) 500-9634

www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE.  IT MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE.  ANY REVIEW, DISSEMINATION, OR USE OF THIS

TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS TRANSMISSION.  THANK YOU.

--

Vanessa Baehr-Jones

Founding Partner

Advocates for Survivors of Abuse

4200 Park Boulevard #413

Oakland, California 94602

(510) 500-9634

www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE.  IT MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE.  ANY REVIEW, DISSEMINATION, OR USE OF THIS TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS TRANSMISSION.  THANK YOU.

--

Vanessa Baehr-Jones
Founding Partner
Advocates for Survivors of Abuse
4200 Park Boulevard #413
Oakland, California 94602
(510) 500-9634
www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE.  IT MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE.  ANY REVIEW, DISSEMINATION, OR USE OF THIS TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS TRANSMISSION.  THANK YOU.

EXHIBIT G

LAW OFFICES

# MOORE, RADER AND YORK, P.C.

46 NORTH JEFFERSON AVENUE
COOKEVILLE, TENNESSEE
38501

L. DEAN MOORE (1941-2019)
DANIEL H. RADER III
RICHARD LANE MOORE
DANIEL H. RADER IV
RANDALL A. YORK
ANDRE S. GREPPIN
WADE BLAIR

MAILING ADDRESS
POST OFFICE BOX 3347
38502

TELEPHONE
(931) 526-3311

FACSIMILE
(931) 526-3092

January 17, 2024

Vanessa Baehr-Jones
4200 Park Boulevard No. 413
Oakland, California 94602

   Re: Jane Does 1-9 v. City of Johnson City, et al
     U.S. District Court for the Eastern District of Tennessee – 2:23-cv-71

Dear Ms. Baehr-Jones:

  Thank you, after so many attempts, demands, and efforts by me, for finally providing the addresses of seven of the nine Jane Does 1-9, in the middle of the night last night, January 16, 2024. Your accompanying communication ignored, as you have repeatedly both before and after the Motion to Compel was filed, my numerous requests for the document that Plaintiffs filed under seal on October 17, 2023. In fact, as I commented in my several prior letters, all of which you have consistently ignored, it would take just ten (10) seconds for you to produce the document that the Plaintiffs filed under seal, rather than expending considerably more time and effort creating these new documents as you did last night, as you did on January 13, all of which clearly contain less information. I ask again as I have asked so many times I have lost count, why?

  Despite the foregoing, substance is more important to me than form, and I do appreciate you (finally) providing this information for seven of the nine Jane Does. It may well be that it is impossible to respond for the remaining two Jane Does, but I would like to know what information you provided to the Court on October 17 concerning these individuals. I note also that the document Plaintiffs were ordered to provide to the Court contains the names and addresses of Female 1 and Female 2. Thus, I still am entitled to this document Plaintiffs filed with the Court, and you have not articulated any reason why Plaintiffs will not provide it despite countless requests at this point.

  I also note that Jane Doe 7, which is one of the ones whose address is not supplied, still has not responded to her interrogatory as required, but I do acknowledge and appreciate you finally providing the substance of the information for the other seven.

  With respect to withdrawing my Motion, the fact that I am again having to respond to your middle-of-the-night email today and ask these questions highlights the problem. I will go back and count the number of times that I have requested informally,

Ms. Baehr-Jones
January 17, 2024
Page 2

followed by formally, followed by good faith meet and confer efforts, followed by a
formal motion, followed by multiple additional good faith efforts – all just to get the
names and addresses of the Plaintiffs.  In the entire time I have been practicing law, I
have never had this much difficulty obtaining any discovery, which is even more
extraordinary since all of this effort has been to get the names and addresses of the
Plaintiffs, now substantially a full seven (7) months after the lawsuit was filed.

    As you undoubtedly know but have not mentioned, here is a remaining element to
the Motion that I have not focused on due to my efforts to cause Plaintiffs to provide the
substantive information, but which must also be resolved.  My motion requests attorneys'
fees.  I am respectfully entitled to recover these fees as a result of Plaintiffs' abject
refusal to provide this information, repeatedly, and considering the multiple efforts
Plaintiffs have made to evade responding both before and after the Motion was filed,
along with the multiple efforts I have had to make to obtain this substantive information
before and after the Motion was filed.  As you know, I received some of the substance for
the very first time after the Motion on January 13 and some of the remaining substance
for the very first time finally now January 17, a full three (3) months after Plaintiffs filed
the document with the Court presumably containing additional information that Plaintiffs
still have not provided even today.

    I am sure you are aware that Fed. R. Civ. P. 37(a)(5)(A) provides that these
attorneys' fees must be awarded "if the disclosure or requested discovery is provided
after the motion is filed."  Thus, even if your final tender today is finally responsive (fully
or otherwise), this extraordinary effort for weeks now has all been unnecessary and all
due to Plaintiffs' abject refusal to provide the most basic information.  Plaintiffs (or their
attorneys) should bear that cost.

    If Plaintiffs will agree to an Order to pay attorneys' fees in an amount to be set by
the Court (but to be crystal clear, not disputing Defendant's position that fees must be
awarded, with only the amount to be set by the Court), I will notify the Court that it is not
necessary to address anything in the Motion other than the amount of attorneys' fees,
even though Plaintiff still has not responded to the interrogatory which is a subject of the
Motion (and even though Plaintiffs have not formally supplemented their Rule 26
disclosures, though I will treat last night's email as an informal supplementation in that
regard, and even though Plaintiffs have not produced the document they filed with the
Court on October 17).

MOORE, RADER AND YORK, P.C.

Ms. Baehr-Jones
January 17, 2024
Page 3

Yours very truly,

MOORE, RADER & YORK, P.C.

Daniel H. Rader IV