IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, K.T. and M.T., Personal Representatives to JANE DOE 6, JANE DOE 7, JANE DOE 8, and JANE DOE 9, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| VERSUS | ) ) | No. 2:23-cv-00071-TRM-CRW |
| CITY OF JOHNSON CITY, TENNESSEE, KARL TURNER, individually and in his official capacity as Chief of the Johnson City Police Department, KEVIN PETERS, individually and in his official capacity as Captain in the Johnson City Police Department, TOMA SPARKS, individually and in his official capacity as Detective in the Johnson City Police Department, JUSTIN JENKINS, individually and in his Official capacity as Detective in the Johnson City Police Department, and DOES 6-20, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT PETERS'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF PLAINTIFFS' AND WITNESSES' IDENTITIES AND FOR FAILURE TO RESPOND TO INTERROGATORIES**

Plaintiffs' Response to the Motion to Compel fails to acknowledge the numerous good faith efforts, in writing, to obtain the names and addresses of the Plaintiffs <u>prior</u> to filing a Motion to Compel (Docket Entry 103; 103-3). Plaintiffs' Response further disguises from the Court the surprising lengths that Plaintiffs' counsel undertook, both before <u>and after</u> the filing of the Motion to Compel, <u>to continue to hide this basic information</u>. Plaintiffs *eventually* (after *multiple* attempts even after the Motion to Compel to continue to dodge or ignore the direct

questions about the actual Plaintiffs' actual identities, discussed *infra*) provided much of the information very shortly before filing their Response (Docket Entry 110) to the Motion to Compel. But as stated, <u>even after the Motion to Compel</u>, Plaintiffs tried *multiple* times to provide *different* information to continue to hide and conceal the real information sought: the *actual* identities and addresses of the *actual* Plaintiffs. Only when finally boxed-in by their response deadline did Plaintiffs reveal the actual names of the Plaintiffs, which finally *proved* that the prior information provided by Plaintiffs was false by omission of three of the Plaintiffs' names, as Defendant's counsel had suspected and ultimately proved to be the case.

Plaintiffs' Response also fails to acknowledge that **Plaintiff *still* <u>has not responded to the written Interrogatory seeking this information</u>**, which is and has been the subject of the Motion. Fed. R. Civ. P. 33(b)(5); see also *Jones v. Dead Zero Shooting LLC*, 2023 WL 6064298, at *1 (E.D.Tenn. 2023) ("the Defendants did not submit any discovery responses to Plaintiff's counsel until a very short time in advance of the March 22, 2023 hearing on the motion to compel, and even then, the responses—which Plaintiff's counsel characterizes as 'incomplete'—were not verified or signed by Defendants."). While Defendant in the case at bar cares more about the substance than the form, the Plaintiffs still have not provided the mandatory verified response. In light of Plaintiffs' counsels' extensive efforts to secrete this information until finally boxed-in, this Defendant does expect someone to testify that the information finally provided is accurate and complete, as Rule 33(b)(5) requires.

Plaintiffs also **<u>still</u>** refuse to provide a copy of what was filed with the Court under seal on October 17, 2023 (Docket Entry 49) which is supposed to contain additional information the Plaintiffs *still* have not provided, including the names and addresses of the persons identified in the operative Complaint as Female 1 and Female 2. Judge Wyrick's Order (Docket Entry 40),

stated that Judge Wyrick would supply this document to Defendant's counsel after the Joint Protective Order was entered.[1]  Despite entry of that protective order on December 18, 2023, and multiple subsequent written requests, the Plaintiffs still refuse to provide Defendants a copy of that filing or the information supposedly contained therein concerning Female 1 and Female 2.

And while the recent Response states that Plaintiffs will supplement their Initial Rule 26 disclosures after the Court rules on their Motion to Amend, they have not articulated any reason why they have not already done so.  Fed. R. Civ. P. 26(e)(1)(A) (requiring a supplement "in a timely manner").

Even if the information eventually supplied shortly before Plaintiffs' Response were substantively sufficient, it was still only provided as a result of the Motion to Compel, and undoubtedly only because of that Motion.  Rule 37(a)(5) <u>mandates</u> payment of the movant's cost in exactly this circumstance:

> (5) Payment of Expenses; Protective Orders.
>
> (A) If the Motion Is Granted **<u>(or Disclosure or Discovery Is Provided After Filing)</u>**. If the motion is granted—**<u>or if the disclosure or requested discovery is provided after the motion was filed</u>**—**the court <u>must</u>**, after giving an opportunity to be heard, **require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees**. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

---

[1] Judge Wyrick did not provide it immediately, because Plaintiffs still disputed at that time in October 2023 whether the names could be shared with the Defendants themselves, as opposed to attorneys'-eyes-only.  But Plaintiffs later agreed to the Joint Protective Order, which designates this information in the category "Confidential," and able to be shared with the Defendants themselves, which resolved that issue.  The Joint Protective Order was entered December 18, 2023.  (Docket Entry 94).

(iii) other circumstances make an award of expenses unjust.

None of the three countervailing criteria are present, and the Plaintiffs (or their counsel) should be required to pay this Defendant's costs and attorneys' fees.

Defendants' counsel collectively have been trying to get the names of the Plaintiffs since the inception of the case in June 2023. It took nearly seven (7) months, a formal Interrogatory, no fewer than eight (8) different formal good faith written demands from the undersigned before <u>and</u> after the Motion to Compel,[2] and finally a formal Motion to Compel just to obtain this information – the names and addresses of the people suing these public servants. Even <u>after</u> the Motion to Compel, Plaintiffs attempted multiple times to provide different information rather than simply providing the names and addresses of the Plaintiffs as requested. Of course, Rule 26(a)(1)(A)(i) requires a party to provide this type of basic information "without awaiting a discovery request." Plaintiffs articulate no reason why these names were not responsive to Rule 26(a)(1)(A)(i), particularly since these individuals were listed therein by pseudonym, and their alleged experiences are recounted throughout each iteration of the Complaint.

Moreover, as pointed out in the *several* good faith effort letters where Defendant attempted to obtain this information without Court intervention, Plaintiffs went to *some* measure of effort to *create* documents containing this *incomplete* information, rather than simply providing the document filed with the Court on October 17, 2023 containing this basic information. (Docket Entry 49). <u>Plaintiffs *still* have not provided that document now</u>, which the Motion also properly seeks. Instead, the Plaintiffs *created* three new documents, all containing

---

[2] In writing January 17, 2024; January 15, 2024; January 11, 2024; January 10, 2024; January 3, 2024; December 21, 2023; December 18, 2023 (twice); plus the formal Interrogatory November 14, 2023, and the comments to Judge McDonough during a December 15, 2023 video hearing.

less information or incomplete and misleading information, and attempted to cause Defendant to withdraw the Motion to Compel with this incomplete and inaccurate information. Defendant rightfully suspected Plaintiffs were concealing names, and the final material proved the suspicion accurate, as Plaintiffs had, in fact, continued to conceal three (3) of the nine (9) Plaintiffs' names right to the very end.

First, Plaintiffs provided a list of the names (only) of the three individuals identified by initials in their proposed amendment (not the operative complaint), plus the names (only) of two other Jane Does. In reality, Plaintiffs only provided these names for the purpose of their own discovery propounded to the City, insofar as they asked the City questions about these persons. This document was called by Plaintiffs' counsel a "key" to Plaintiff's discovery requests to the City, not a response to the then-already-overdue Interrogatory. Regardless, it did not contain any of the information sought by the formal Interrogatory that is still outstanding even now.

Second, Plaintiffs provided on January 10, 2024 (after the Motion to Compel and undoubtedly only because of the Motion) a list of names (only) with the pseudonyms Female 1 through Female 14 as those are referenced in their proposed amendment (but which do not match any pseudonym in the operative Complaint), and asked that the Motion to Compel be withdrawn. Because of the significant differences (including structural differences) in the operative complaint (Docket Entry 21) and the proposed amendment (Docket Entry 93-1), it was not possible to tell if these names overlapped with the names of the *actual* Plaintiffs, Jane Does 1-9. It was suspected that they did not, a suspicion which ultimately proved correct by a full 33 $^1/_3$%. Thus, Plaintiffs request to withdraw the Motion to Compel was again declined.

Third, Plaintiffs eventually provided on January 13, 2024 (after the Motion to Compel) the names (only) of the Jane Does 1-9, which <u>confirmed</u> the suspicion that the prior list had not

been complete, as three of the actual Plaintiffs [Jane Doe 1, Jane Doe 8, and Jane Doe 9] had been omitted from all prior lists.

**Plaintiffs' Response (Docket Entry 110) is extremely misleading to the point of being disingenuous,** in that it does not acknowledge in any way that the list previously provided on January 10, of the Female 1 through Female 14 from the proposed amendment did not contain three of the actual Plaintiffs' names [Jane Doe 1, Jane Doe 8, and Jane Doe 9] or that the names of these persons had been omitted from all prior lists. On the contrary, Plaintiffs inexplicably double-down, incorrectly saying to the Court the January 10 list "was the most comprehensive list but nevertheless providing another list of the names previously provided to the Court under seal." (Docket Entry 110, p. 3, PageID#1572). **One reading Plaintiffs' Response (Docket Entry 110) could never know that Plaintiffs had completely omitted the names of three (3) of the nine (9) – a full one-third – of the actual Plaintiffs' names.** The Court should consider this evasive and incomplete, just as Defendant proved it to be upon further insistence that Plaintiffs provide the names and addresses. See Fed. R. Civ. P. 37(a)(4). (See Docket Entry 110-2, Exhibit E -- letter from Defendant's counsel to Plaintiff's counsel Vanessa Baehr-Jones dated January 15, 2024, identifying the omitted names from all prior iterations.)[3]

Defendant will provide these iterations created by Plaintiffs' counsel to the Court if appropriate, but the Joint Protective Order would require this information to be submitted under seal. If the Court considers this information pertinent, Defendant hereby asks the Court to enter an Order permitting them to be filed under seal.

---

[3] Stating "I now see that these prior lists did not include all the names of the Plaintiffs, as I suspected. Specifically, I see now that this latest list of the actual Plaintiffs includes [Redacted: Jane Doe 1; Jane Doe 8, and Jane Doe 9], who were not on any prior iteration of the lists. It is clear that even in the face of the Motion, Plaintiffs intentionally continued to be evasive in this regard. But I do thank you now for finally providing the names that should have been voluntarily provided long ago without all of this unnecessary effort and cost."

There is no discernible, legitimate reason for Plaintiffs to undertake the effort to *create* the several new additional documents, rather than simply providing the document provided to the Court on October 17, 2023 (Docket Entry 49) already containing the information sought, unless Plaintiffs wanted to conceal something in that October 17 filing from Defendants. It would take only a few seconds to email the document previously filed with the Court; it had to take *some* amount of time for Plaintiffs to create these various obstructive iterations. This obstructive effort should not be rewarded.

Moreover, even when Plaintiffs finally provided the names (undoubtedly only because of the Motion to Compel and imminent response deadline), Plaintiffs failed to provide these persons' addresses, which addresses are also essential (and responsive to the formal Interrogatory). Despite multiple good faith letters all along, *specifically* and expressly requesting the Plaintiffs' addresses in addition to the names [in addition to the formal Interrogatory specifically asking for the addresses, and the requirements of Rule 26(a)(1)(A)(i) requiring the addresses] even this third iteration omitted the addresses. <u>This could only be intentional in the face of the number of times and manner in which these addresses were requested, and in light of the fact that the addresses were required by the Court in the document the Court Ordered Plaintiffs to file on October 17, 2023</u>.

The addresses are important both for the investigation of the claims by these individuals, as well as for later discovery and depositions. If Plaintiffs will not cooperate to give even the names, they will undoubtedly not cooperate to accept service of a deposition subpoena for these individuals (where these individuals will undoubtedly be asked details of their lives more significant than their names). Plaintiffs propose to drop some of these individuals from the case, even the proposed amendment is replete with factual allegations about these individuals

specifically, which must be investigated in a deposition. These persons cannot effectively be served with a deposition subpoena without addresses at which to serve them, which Plaintiffs' counsel undoubtedly knows.

Finally, the Plaintiffs provided on January 16, 2024, a list of the names, and for just seven (7) of the nine (9) Plaintiffs, addresses. For the other two, Jane Doe 5 and Jane Doe 7, Plaintiffs stated only "No permanent address." Defendants have not been provided any information as to whether an address for these individuals was provided with the filing with the Court (Docket Entry 49) on October 17, 2023. Plaintiffs have continued to refuse multiple demands for a copy of this filing, and still refuse to do so now.

The instant Motion to Compel was filed just to get the <u>names and addresses of the Plaintiffs</u>. If the Plaintiffs are willing to stonewall so severely on this most basic information, the risk of being stonewalled on substantive discovery is extreme. The Court must award sanctions in order to communicate that the Court will not tolerate this type of obstructive conduct.

Indeed, it already has been necessary to file yet another Motion to Compel concerning requests for production of documents (Docket Entry 108), the responses to which were due on December 14. <u>Nothing</u> was produced, except <u>after</u> that second Motion to Compel specifically mentioned it, the Plaintiffs belatedly produced two voicemails and a screen shot of a single text. The remaining responses remain totally outstanding with no communication from Plaintiffs <u>at all</u> as to if or when <u>anything</u> will be provided, and with Plaintiffs thus far wholly ignoring the good faith attempts to resolve that latter dispute.

The Courts of this district have consistently ordered attorneys' fees where a Motion to Compel was necessary due to evasive or obstructive conduct. See *R.S. Logistical Solutions, Ltd. v. Janus Global Operations, LLC*, 2023 WL 324509 (E.D. Tenn. 2023) (McCook, J.). Likewise,

Judge Wyrick recently awarded significant attorneys' fees in a case with similar (but not nearly as egregious) evasiveness:

> Under Federal Rule of Civil Procedure 37(a)(4), the Court is to treat an evasive or incomplete response as a failure to disclose. Fed. R. Civ. P. 37(a)(4). If a motion to compel is properly filed and then granted by the Court, the Court is required to order payment of the moving parties' reasonable expenses, including attorney fees. Fed. R. Civ. P. 37(a)(5). Still, there are limited exceptions to the rule requiring payment of attorney fees. Id.
>
> As reflected above, the Court finds that certain of Plaintiff's complaints about Defendants' failure to respond are not well-taken. **At the same time, Defendants have stubbornly refused to supplement other responses to simple and straightforward questions despite repeated requests by Plaintiff's counsel that it do so and the Court's instructions regarding the same.** This refusal by Defendants required Plaintiff to file a supplemental motion to compel. **Moreover, Defendants' extensive and unnecessary qualifications to what should be straightforward responses caused certain of their answers to be evasive as well.** While Defendants argue that Plaintiff continues to add to his list of deficiencies in Defendants' responses over time, **the Court finds that Plaintiff has been consistent in requesting the information Defendants have herein been compelled to supply.** Still, because the Court did not find it appropriate to grant all of Plaintiff's requests to compel, the Court has determined that it would be unjust to require Defendants to pay all of Plaintiff's attorney fees and expenses related to this discovery dispute. See Fed. R. Civ. P. 37(a)(5). **For that reason, the Court awarded to Plaintiff the sum of Four Thousand ($4,000.00) Dollars toward the attorney fees and expenses incurred in conjunction with this discovery dispute.**

*Mulkern v. MMAD Company, LLC*, 2023 WL 6064370, at *3 (E.D.Tenn., 2023) (emphasis added).

Judge Steger also recently awarded attorneys' fees on a Motion to Compel where a party delayed providing responses, signed under oath. Judge Steger directed the movant to submit the statement of costs to the opposing party for payment:

> **Pursuant to Fed. R. Civ. P. 37(a)(5), the Court finds that Defendants' conduct necessitated Plaintiff's motion to compel, Plaintiff's counsel attempted in good faith to obtain the requested discovery without court action, and Defendants' failure to respond to discovery in a timely manner was not substantially justified. Consequently, Defendants (and/or their counsel) shall pay Plaintiff's reasonable expenses incurred in making the motion to compel, including attorney's fees.** To that end, Plaintiff's counsel shall calculate his fees (at a rate of $325 an hour) in connection with preparation of the motion to compel, the time required to travel to and from Chattanooga for oral argument on the motion, and the time required to prepare a statement of his

fees and expenses. **Plaintiff's counsel shall submit such statement of fees and expenses to Defendants' counsel for payment within two weeks of receipt thereof. If Defendants have objections to Plaintiff's counsel's statement of fees and expenses, counsel for the parties shall bring such matter to the attention of the undersigned promptly and the Court will decide the matter.**

*Jones v. Dead Zero Shooting, LLC*, 2023 WL 6064298 (E.D. Tenn. 2023) (emphasis added).

CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Compel, and award attorneys' fees and costs. Like Judge Steger did in *Jones*, this Court should Order the Plaintiff to respond to the formal Interrogatory under oath. The Court should also do as Judge Wyrick stated she would do in her prior Order, and which the Plaintiffs continue to refuse to do, and provide a copy of the sealed October 17, 2023 filing to Defendants' counsel.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN 38502
Phone: (931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com
Attorneys for Kevin Peters in his
individual capacity

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN  37743
Email:  tgarland@milligancoleman.com
*Attorney for the City of Johnson City,*
*Tennessee, and Karl Turner, in his*
*Individual capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN  37027
615-254-3060
Email:  kberexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

This the 22nd day of January, 2024.

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR 025998
 DANIEL H. RADER IV / BPR #025998
 P. O. Box 3347
 Cookeville, TN  38502
 (931-526-3311)
 danny@moorerader.com