## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

B.P., H.A., and S.H., individually, and )
on behalf of all others similarly situated, )
                               )
       Plaintiffs, )
                               )
vs. )     No.    2:23-cv-71
                               )
CITY OF JOHNSON CITY, TENNESSEE, )    Judge McDonough
a governmental entity, )
                               )    Magistrate Judge Wyrick
KARL TURNER, individually and in his )
official capacity as Chief of the Johnson )    JURY TRIAL DEMAND
City Police Department, )
                               )
KEVIN PETERS, individually and in his )
official capacity as Captain of the )
Johnson City Police Department, )
                               )
TOMA SPARKS, individually and in his )
official capacity as Investigator of the )
Johnson City Police Department, )
                               )
JUSTIN JENKINS, individually and in his)
official capacity as Investigator of the )
Johnson City Police Department, )
                               )
JEFF LEGAULT, individually and in his )
official capacity as Investigator of the )
Johnson City Police Department, )
                               )
BRADY HIGGINS, individually and in his )
official capacity as Investigator of the )
Johnson City Police Department, and )
                               )
DOES 8-20, inclusive, )
                               )
       Defendants. )

## ANSWER TO SECOND AMENDED COMPLAINT
## ON BEHALF OF INVESTIGATOR TOMA SPARKS,
## IN HIS INDIVIDUAL CAPACITY

Defendant, Investigator Toma Sparks, ("Inv. Sparks"), hereby responds to the Second Amended Complaint filed against him in the above-captioned cause of action as follows:

To the extent the Second Amended Complaint alleges claims against Defendant, Inv. Sparks, in his official capacity, those claims are the functional equivalent of claims against the municipality and are redundant claims subject to dismissal as a matter of law.

The allegations in the unnumbered, apparently introductory, paragraphs of the Second Amended Complaint (D.E. 121, Page ID# 1772-1774) are all denied except that upon information and belief, it is admitted that Johnson City retained a legal consultant to conduct a review of the Johnson City Police Department's sexual assault investigations and that a report was released on or about July 18, 2023, which report speaks for itself, and that upon information and belief, investigation into Sean Williams has continued, but not by JCPD. Additionally, Investigator Sparks is without sufficient knowledge or information to either admit or deny any allegation relating to the DOJ's alleged investigation. All remaining allegations, including the characterizations in the unnumbered, apparently introductory paragraphs, are denied.

## JURISDICTION AND VENUE

1.      Investigator Sparks admits that Plaintiffs bring their claims under the legal authorities cited, but Inv. Sparks denies he is liable under any of the stated legal authorities, or by virtue of any theory of law, whatsoever.

2

2.	Investigator Sparks admits this Court has jurisdiction as to all federal questions. Investigator Sparks denies that this Court should consider supplemental jurisdiction pursuant to 28 U.S.C. § 1367, particularly with respect to any claims under the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-205 and/or state common law. Investigator Sparks avers that exclusive jurisdiction for the GTLA claims is in the Circuit Court for Washington County, Tennessee.

3.	Investigator Sparks admits the allegations contained in paragraph 3.

## PARTIES

4.	 Based upon information and belief, Inv. Sparks admits the allegations in paragraph 4.

5–6.	Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5 and 6.

7.	Investigator Sparks admits the allegations contained in sentence one of paragraph 7.  The remaining allegations in paragraph 7 contain legal conclusions to which no response is required.

8.	Investigator Sparks is without knowledge or information sufficient to form a belief as to where former Chief Turner currently resides.  Investigator Sparks admits the remaining allegations contained in paragraph 8.

9.	Investigator Sparks is without knowledge or information sufficient to form a belief as to where former Capt. Peters currently resides.  Investigator Sparks admits the remaining allegations contained in paragraph 9.

10.	Investigator Sparks admits the allegations contained in paragraph 10.

11.	Investigator Sparks admits that Defendant Jenkins was an employee of the City of Johnson City during the operative time. Investigator Sparks is without knowledge

or knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12. Investigator Sparks admits that Defendant Legault was an employee of the City of Johnson City during the operative time. Investigator Sparks is without knowledge or knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13. Investigator Sparks admits that Defendant Higgins was an employee of the City of Johnson City during the operative time. Investigator Sparks is without knowledge or knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Investigator Sparks is unable to admit or deny what Plaintiffs believe and of what they were informed. Investigator Sparks denies all remaining allegations.

16. Investigator Sparks denies the allegations contained in paragraph 16.

17. Investigator Sparks denies the allegations contained in paragraph 17.

## **FACTUAL BACKGROUND**

**I. JCPD Officers Benefited Financially from Sean Williams's Conspiracy to Drug and Rape Women and Sexually Exploit Children in Johnson City, Tennessee**

18. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

### A. The Sex Trafficking Conspiracy

19. From September 2020, Investigator Sparks admits he knew that Williams was living in a loft apartment in downtown Johnson City and had a concrete business.

4

Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19.

20.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

### Recruitment and Sexual Assault of B.P.

23.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24–32.  Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 24–32.

33.     Based upon information and belief, Inv. Sparks admits that B.P. was at Williams' apartment. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34.     Based upon information and belief, Inv. Sparks admits B.P. drank a beer at Williams' apartment and had six cranberry vodkas before going to the apartment. This defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35.     Investigator Sparks is aware of a sexually explicit photograph of B.P. that was found on Williams's electronic devices that were seized in North Carolina.  However, Inv. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35.

5

36.     Based upon information and belief, Inv. Sparks admits the photographs and video are in the custody of the FBI, but Inv. Sparks is without knowledge or information sufficient to admit or deny the full content of the photos and video evidence.

37.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 37.

### Recruitment and Sexual Assault of Female 13

38−48.  Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 38−48.

### Recruiting Female 8; Obtaining Minor Victim 1

49−56.  Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 49−56.

**B.  JCPD Officers Benefited Financially from Participation in Williams's Sex Trafficking Venture**

57−61.  To the extent the allegations contained in paragraphs 57−61 relate to Investigator Sparks, he denies such allegations.

### JCPD Extortion Scheme

62.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 62.

63.     Investigator Sparks is without knowledge or information sufficient to form a belief as to whether Williams or someone else prepared the alleged Facebook post referenced in paragraph 63.  To the extent the remaining allegations contained in this paragraph relate to Inv. Sparks, he denies any and all allegations.  Moreover, Inv. Sparks denies any of the allegations made against him in the alleged Facebook post.

### JCPD Cover-Up

64.     Investigator Sparks admits the allegations contained in paragraph 64.

6

65.     Investigator Sparks is without knowledge or information sufficient to form a belief as to whether Williams or someone else prepared the alleged Facebook post referenced in paragraph 65. Investigator Sparks denies he was involved in any extortion scheme and denies any wrongdoing as described in this alleged Facebook post.

66.     Based upon information and belief, Inv. Sparks admits that the Government's response to Williams's motion to suppress in the pending felon in possession of ammunition case makes factual assertions similar to those set forth in paragraph 66. However, the allegations in paragraph 66 omit that the referenced document also states that Williams was already with another officer in Williams's apartment and that Inv. Sparks and Jenkins wanted to join.

67.     Investigator Sparks and Investigator Jenkins were called out to the incident involving Female 3. As investigators on the scene, they were in charge of the initial investigation, which included attempts to determine if there was any digital evidence of Female 3 falling or being pushed from the window in Williams's residence. Any allegations contained in paragraph 67 that are contrary to these averments are hereby denied.

68.     Investigator Sparks admits that he escorted Williams to JCPD headquarters so Williams could give a statement, and he denies the phrase "purportedly to participate in an interview with Jenkins." As to sentence 2, Inv. Sparks admits Williams did maintain custody of his cellphone initially, but Investigator Sparks is without sufficient knowledge or information to admit or deny the remaining allegations in this sentence. Investigator Sparks admits the allegations contained in sentence 3 of this paragraph. As to sentence 4, the video recording speaks for itself, and thus, no further response is required. Investigator Sparks is without sufficient knowledge or information to admit or deny the

allegations in sentences 5-6 but would admit Williams attempted to call his attorney from his cellphone. To the extent sentence 7 implies that Inv. Sparks intentionally and knowingly waited for Williams to erase data from his cellphone before seizing it, Inv. Sparks denies any such allegations. Investigator Sparks admits that he seized Williams's cellphone and applied for a search warrant for the contents of the cellphone.

69. Investigator Sparks admits that he did not ask officers to remain at Williams apartment while Williams was at the JCPD headquarters. Investigator Sparks is without knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

70. Investigator Sparks admits the allegations contained in this paragraph.

71. Based upon information and belief, Inv. Sparks admits that the Government's response to Williams's motion to suppress in the pending felon in possession of ammunition case makes factual assertions similar to those set forth in the first sentence of paragraph 71. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71.

72. Based upon the property receipt, Inv. Sparks admits the allegations contained in paragraph 72, except that 3, not 4, phones were seized from the apartment.

73. Investigator Sparks denies the allegations in this paragraph.

74. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74. To the extent this paragraph asserts any wrongdoing against Inv. Sparks, such allegations are denied.

75. Investigator Sparks admits a photograph of the handwritten note described in paragraph 75 was taken by JCPD officers, but Inv. Sparks is without knowledge or

8

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75.

76. Investigator Sparks is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77. To the extent "before leaving" means before leaving the police department on the referenced date, Inv. Sparks admits the same.

78. Denied that Female 3 was capable of communicating with officers until a few weeks after her fall and at that time reported she had no memories of the events leading up to her fall. Thereafter, Female 3 has spoken to the media and others and stated that she thinks she may have been drugged before falling.

79. Investigator Sparks admits that no criminal charges have been filed with respect to Female 3 falling from the window, but federal criminal charges have been filed as a result of ammunition found in Williams' safe that was seized pursuant to a search warrant executed during the investigation.

80. Investigator Sparks denies the allegations in paragraph 80.

### JCPD Officers Take Cash from Williams's Safe

81. Investigator Sparks admits that a search warrant was issued, and items were seized, including a Liberty safe. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81.

82. Investigator Sparks admits the allegations contained in paragraph 82 and would aver the warrant also authorized the search and seizure for other items due to probable cause for drugs.

9

83.     Investigator Sparks admits that the narcotics dog alerting on the safe was just one of the many supporting facts. Investigator Sparks admits one of the items listed in the search warrant to be seized was currency. Investigator Sparks admits currency was found in the safe, but all currency was placed back in the safe which was later returned to Williams.

84.     Investigator Sparks denies the allegations as stated in paragraph 84.

85.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truthfulness of whether Williams's coconspirators moved and destroyed evidence. Investigator Sparks denies that there were "hundreds of thousands of dollars" in cash in the seized safe.

86.     Investigator Sparks is without knowledge or information sufficient to form a belief as to who wrote the alleged Facebook post. Investigator Sparks denies all remaining allegations, including those allegations in the referenced Facebook post that relate to him, contained in paragraph 86.

87.     To the extent the allegations in this paragraph relate to Inv. Sparks, Inv. Sparks denies all such allegations.

### Williams Continues to Sexually Assault Women and Children

88.     Investigator Sparks denies the allegations contained in paragraph 88.

89.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

10

92.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94.

## C.    Defendant JCPD Officers Knew or Should Have Known that They Were Participating in a Sex Trafficking Venture

### *B.P. Reports Williams's Sexual Assault to JCPD*

95.     To the extent the allegations in paragraph 95 relate to Inv. Sparks, Inv. Sparks denies that in November 2019 he was aware of B.P.'s report about Williams to JCPD.

96.     Based upon information and belief, Inv. Sparks admits B.P. initially went to an urgent care facility. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96.

97.     Investigator Sparks is without knowledge or information sufficient to form a belief as to exactly what B.P. said to the urgent care facility.

98.     Based upon information and belief, Inv. Sparks admits that B.P was administered a rape kit, but he is without knowledge or information sufficient to form a belief as to the location or the type of facility where the rape kit was administered. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98.

99.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101. To the extent the allegations in paragraph 101 refer to B.P.'s discussion with police on the day she went to the urgent care, Inv. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102.

### *JCPD Receives at Least Six More Complaints Against Williams*

103. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 due to the use of the terms "next two years" and "drug and/or sexual assault" because such terms are vague and ambiguous in the context of paragraph 103.

104. **Female 2:** Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104. However, Inv. Sparks admits he took a written statement from Female 2 in December 2020.

105. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105. However, Inv. Sparks admits he took a written statement from Female 2 in December 2020.

106. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106. However, Inv. Sparks admits he took a written statement from Female 2 in December 2020.

107. Investigator Sparks admits Female 2 provided a written statement in December 2020, but he denies the statement confirms a rape involving vaginal penetration occurred.

108. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108. All cases involving Williams have been turned over to other agencies, including the DA and the FBI.

109. **Female 9:** Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110. Investigator Sparks denies the allegations contained in paragraph 110.

111. Investigator Sparks denies the allegations contained in paragraph 111.

112. Investigator Sparks denies the allegations contained in paragraph 112.

113. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113.

114. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115.

116. **Female 10:** Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117.

118. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

120.    To the extent Female 11 contacted JCPD, Inv. Sparks denies he took any such call. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

121.    To the extent Female 11 contacted JCPD, Inv. Sparks denies he took any such call. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

122.    To the extent Female 11 contacted JCPD, Inv. Sparks denies he took any such call. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

123.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.    To the extent Female 11 contacted JCPD, Inv. Sparks denies he took any such call. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

125.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126.    To the extent Female 11 contacted JCPD, Inv. Sparks denies he took any such call or statement. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

127.    To the extent Female 11 contacted JCPD, Inv. Sparks denies he took any such call. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

14

128.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128.

129.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129.

130.     **Female 12:** Based upon information and belief, Inv. Sparks admits Female 12 reported she was sexually assaulted by Williams. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130.

131.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131.

132.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132.

133.     Based on information and belief, Inv. Sparks admits Female 12 reported being sexually assaulted to the FBI's field office in Johnson City. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 133.

134.     Investigator Sparks admits the allegations contained in paragraph 134.

135.     Investigator Sparks admits the allegations contained in paragraph 135.

136.     Investigator Sparks admits Female 12 went to the JCPD offices after leaving the hospital, but Inv. Sparks denies the remaining allegations as stated in paragraph 136.

137.     Investigator Sparks denies the allegations contained in paragraph 137.

138.     To the extent the allegations in paragraph 138 relate to Inv. Sparks, Inv. Sparks admits to not sharing the results from the rape kit with Female 12. Investigator

Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

139. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139.

140. To the extent the allegations contained in sentence 1 relate to Inv. Sparks, such allegations are denied. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2. As to sentence 3, Inv. Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations due to the use of the term "numerous," as such term is vague and ambiguous.

141. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141.

142. To the extent the allegations contained in paragraph 142 relate to Inv. Sparks, such allegations are denied.

**D. JCPD's Overt Acts in Furtherance of the Sex Trafficking Conspiracy and to Obstruct the Federal Criminal Investigation into Williams's Sexual Assaults**

143. To the extent the allegations contained in paragraph 143 relate to Inv. Sparks, such allegations are denied.

*Witness Intimidation*

144. To the extent the allegations contained in paragraph 144 relate to Inv. Sparks, such allegations are denied.

145. **Intimidation of B.P.:** Investigator Sparks admits he contacted B.P. in March and April of 2021 after being instructed to do so, but he denies calls were made in May. Investigator Sparks admits he was not assigned to the SVU, but he had been tasked

16

with assisting Dahl after he investigated the incident involving Female 3. Investigator Sparks denies all remaining allegations in paragraph 145.

146.    Investigator Sparks denies the allegations contained in paragraph 146.

147.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence 1. Investigator Sparks admits the allegations contained in sentence 2.

148.    Investigator Sparks denies the allegations contained in paragraph 148.

149.    Investigator Sparks denies the allegations contained in paragraph 149.

150.    Investigator Sparks denies the allegations contained in paragraph 150.

151.    Investigator Sparks admits JCPD seized electronic devices from Williams' apartment in September 2020, but Inv. Sparks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151.

152.    Investigator Sparks admits the allegations contained in sentence 1, but Inv. Sparks denies the allegations contained in sentence 2.

153.    As to sentence 1, Inv. Sparks admits he authored a search warrant to obtain DNA evidence from Williams, in part based upon B.P.'s allegations of sexual assault, and also based upon information he received from Western Carolina University Police Department, as a result of evidence they seized during their arrest of Williams. As to sentence 2, Inv. Sparks is aware that the FBI was investigating Williams but is unsure of the dates of the investigation or the exact nature of the investigation.

154.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1. Investigator Sparks denies the allegations contained in sentence 2.

155.    Based on information and belief, Inv. Sparks admits the allegations in paragraph 155.

### *Interference with the Federal Criminal Investigation of Williams*

156.    Investigator Sparks denies the allegation that he presented a potential felon in possession of ammunition case against Williams to SAUSA Dahl for her review on November 13, 2020, but does admit he presented a potential felon in possession of ammunition case against Williams to SAUSA Dahl for her review on November 12, 2020, and requested her assistance in obtaining an indictment. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence 2 of paragraph 156.

157.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.

158.    Investigator Sparks admits SAUSA Dahl agreed to pursue a federal indictment, and she also mentioned that she wanted to work on a broader case against Williams. Investigator Sparks denies the remaining allegations contained in paragraph 158.

159.    It is admitted that often crimes of rape and sexual assault are typically prosecuted by a local prosecutor. It is admitted that there is a crime of sex trafficking proscribed by federal statute. Investigator Sparks is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 159.

160.    To the extent the allegations in paragraph 160 relate to Inv. Sparks, he denies such allegations.

161.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161.

18

162.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162.

163.     Investigator Sparks denies the allegations as stated in paragraph 163.

164.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

165.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

166.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

167.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

168.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

169.     Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

170.     To the extent the allegations in paragraph 170 relate to Inv. Sparks, such allegations are denied.

171.     Investigator Sparks denies the allegations contained in paragraph 171.

172. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 as he was not present on this date. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

173. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173.

## *Destruction of Evidence*

174. Investigator Sparks denies the allegations contained in paragraph 174.

## *Retaliation Against Female 9*

175. To the extent the allegations in paragraph 175 relate to Inv. Sparks, he denies such allegations.

176. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176.

177. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 177.

178. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 178. To the extent the allegations in paragraph 178 allege any wrongdoing as to Inv. Sparks, Inv. Sparks denies such allegations.

179. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179. To the extent the allegations in paragraph 179 allege any wrongdoing as to Inv. Sparks, Inv. Sparks denies such allegations.

180. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180. To the extent the allegations in paragraph 180 allege any wrongdoing as to Inv. Sparks, Inv. Sparks denies such allegations.

181. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181. To the extent the allegations in paragraph 181 allege any wrongdoing as to Inv. Sparks, Inv. Sparks denies such allegations.

182. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182. To the extent the allegations in paragraph 182 allege any wrongdoing as to Inv. Sparks, Inv. Sparks denies such allegations.

183. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183. To the extent the allegations in paragraph 183 allege any wrongdoing as to Inv. Sparks, Inv. Sparks denies such allegations.

## II. Johnson City's Internal Investigation Reveals JCPD had a Pattern and Practice of Discriminating Against Women Sexual Assault Victims and that this Practice Compromised Sexual Assault and Rape Prosecutions

184. It is admitted that the City of Johnson City engaged the Daigle Law Group to conduct an evaluation. Upon information and belief, the evaluation covered the period described in paragraph 184. The remaining allegations are denied as stated.

185. It is admitted that a report was released on or about July 18, 2023. Any allegations inconsistent with the foregoing are denied.

186.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

187.    It is admitted that the entity described in this paragraph reviewed a number of case files during the period described, and interviewed members of the Police Department.

188.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

189.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

190.    The entity's report speaks for itself.  The remaining allegations of this paragraph are denied as stated.

191.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegations against Inv. Sparks, it is denied.

192.    It is admitted that this entity conducted a review.  The entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

193.    Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the particular statistics.  The entity's report speaks for itself.  The remaining allegations of this paragraph are denied as stated.  To the extent this paragraph attempts to couch an opinion of this entity as a

fact, such an opinion is not a fact, and no response is required. To the extent a response is required, it is denied.

194. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

195. The entity's report speaks for itself. Investigator Sparks is without sufficient knowledge or information to admit or deny the factual predicate of the report and demands strict proof of the same.

196–204. The Daigle report speaks for itself. Investigator Sparks is without sufficient knowledge or information to admit or deny the factual predicate of the report and demands strict proof of the same. However, to the extent these paragraphs allege wrongdoing by Inv. Sparks, he denies such allegations.

205. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

206. The entity's report speaks for itself. Investigator Sparks is without sufficient knowledge or information to admit or deny the factual predicate of the report and demands strict proof of the same. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

207. Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations in this paragraph. However, to the extent this paragraph alleges wrongdoing by Inv. Sparks, he denies such allegations.

208. To the extent the allegations in paragraph 208 relate to Inv. Sparks, Inv. Sparks denies such allegations.

23

209. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

210. To the extent this paragraph is directed to Inv. Sparks, it is denied.

211. To the extent this paragraph is directed to Inv. Sparks, it is denied.

212. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation of wrongdoing against Inv. Sparks, it is denied.

213. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation of wrongdoing against Inv. Sparks, it is denied.

214. Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the particular statistics, but the entity's report speaks for itself. The remaining allegations of this paragraph are denied as stated. To the extent this paragraph attempts to couch an opinion of this entity as a fact, such an opinion is not a fact, and no response is required. To the extent a response is required, it is denied.

215. To the extent this paragraph is directed to Inv. Sparks, it is denied.

216. Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations of this paragraph with respect to the particular statistics, but the entity's report speaks for itself. The remaining allegations of this paragraph are denied as stated. To the extent this paragraph attempts to couch an opinion of this entity as a

fact, such an opinion is not a fact, and no response is required. To the extent a response is required, it is denied.

### III. According to the DLG Report, Evidence in the Williams's Sexual Assault Investigation is Now Missing

217. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

218. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation of wrongdoing against Inv. Sparks, it is denied.

219. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation against Inv. Sparks, it is denied.

220. To the extent this paragraph insinuates in any way that there was any "corruption" or wrongdoing of any kind by Inv. Sparks, it is specifically denied. Any remaining allegations are denied as stated.

221. Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

222. Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

223. It is admitted that this entity conducted a review. This entity's opinions do not constitute facts to which a response is required. To the extent a response is required, and to the extent this paragraph asserts any allegation of wrongdoing against Inv. Sparks, it is denied.

224.    Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations in this paragraph and demands strict proof of the same.  However, it is averred that there was and is no basis to assert any wrongdoing against Inv. Sparks.

225.    To the extent any of the allegations in paragraph 225 relate to Inv. Sparks, such allegations are denied.

226.    It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation of wrongdoing against Inv. Sparks, it is denied.

227.    To the extent the allegations in this paragraph relate to Inv. Sparks, the allegations are denied.

## IV.    The DOJ and FBI Open a Criminal Sex Trafficking Investigation of Williams

228.    Upon information and belief, the *Dahl* complaint was filed in 2022, not 2021.  It is admitted that the public complaint makes allegations which speak for itself. Investigator Sparks is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 228.

229.    Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

230.    To the extent the allegations in paragraph 230 relate to Inv. Sparks, the allegations are denied.

## V.    Johnson City Police Department – Deprivation of Constitutional Right to Equal Protection under the Law

231.    To the extent the allegations in paragraph 231 relate to Inv. Sparks, such allegations are denied.

26

232.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232. To the extent the allegations relate to Inv. Sparks, such allegations are denied.

233.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233 as they relate to Female 9 and 10. Investigator Sparks denies any allegations of wrongdoing or improper conduct related to Female 2, 3, or 12.

234.    Investigator Sparks can neither admit nor deny the allegations contained in paragraph 234 due to the lack of a referenced timeframe and the vagueness of the term "vast knowledge."

235.    Investigator Sparks admits he spoke to B.P. and Female 12, both of whom expressed concern that they were sexually assaulted by Williams. Investigator Sparks denies he ever spoke with Female 9 or Female 10's family members. Investigator Sparks denies any allegations of wrongdoing.

236–241(f).  To the extent the allegations in paragraphs 236 through 241(f) relate to Inv. Sparks, such allegations are denied.

## VI.    JCPD's Policy and Procedures Were Motivated by Discriminatory Animus Towards Women

242.    To the extent the allegations in paragraph 242 relate to Inv. Sparks, such allegations are denied.

243.  It is admitted that this entity conducted a review.  This entity's opinions do not constitute facts to which a response is required.  To the extent a response is required, and to the extent this paragraph asserts any allegation of wrongdoing against Inv. Sparks, it is denied.

244.    Investigator Sparks denies the allegations contained in paragraph 244.

245–250.    Investigator Sparks admits that the allegations contained in paragraphs 245 through 250 are set forth in the *Dahl* Complaint, but to the extent such allegations relate to Inv. Sparks, such allegations are denied. Further, Inv. Sparks denies any discriminatory animus towards women victims of sexual assault.

## VII.    Plaintiffs B.P. and H.A. and the Williams Survivor Subclass Could Not Have Learned of JCPD's Discriminatory Animus Towards Women Victims of Williams Until June 23, 2022

251.    Investigator Sparks admits that the *Dahl* Complaint was filed on June 23, 2022. Investigator Sparks denies all other allegations contained in paragraph 251. Further, to the extent the allegations contained in paragraph 251 attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied.

252.    To the extent Plaintiffs allege discrimination by Inv. Sparks, Inv. Sparks denies such allegations. Further, to the extent the allegations contained in paragraph 252 attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied. Investigator Sparks is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 252.

253.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 253. Further, to the extent the allegations contained in paragraph 253 attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied.

254.    Investigator Sparks denies the *Dahl* Complaint revealed any factual evidence directed to the allegations contained in paragraph 254 of the Second Amended Complaint. Any remaining allegations contained in paragraph 254 are likewise denied to the extent the allegations in this paragraph attempt to allege that the Plaintiffs' statute of

limitation began to run on June 23, 2022, then such allegations are denied. Investigator Sparks denies he had any such policy or practice of failing to investigate complaints of sexual assault against Williams and denies any discriminatory animus towards women.

255. Investigator Sparks lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 255. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied. It is also denied that the Plaintiffs have suffered a constitutional injury due to the actions or inactions of Inv. Sparks.

256. Investigator Sparks is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 256.

257. Investigator Sparks denies any and all allegations of wrongdoing against him in paragraph 257.

258. Investigator Sparks denies any and all allegations of wrongdoing against him in paragraph 258.

## VIII. S.H.'s Factual Allegations

259. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259.

260. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 260.

261. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261.

262. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 262.

263.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 263.

264.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 264.

265.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 265.

266.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 266.

267.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267.

268.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 268.

269.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269.

270.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270.

271.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271.

272.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272.

273.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 273.

274.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 274.

275.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 275.

276.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 276.

277.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 277.

278.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278.

279.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279.

280.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 280.

281.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 281.

282.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 282.

283.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 283.

284.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 284.

285.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 285.

286.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 286.

287. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 287.

288. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 288.

289. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 289.

290. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 290.

291. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 291.

292. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 292.

## IX. Plaintiff S.H. and the Reporter Survivor Class Learned of JCPD's Pattern and Practice of Discriminatory Animus Towards Women Victims of Sexual Violence No Earlier than July 18, 2023

293. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 293.

294. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 294.

295. Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 295.

296. Investigator Sparks denies the allegations contained in paragraph 296.

## X. Plaintiffs Experienced and Continued to Experience Severe Harm and Damages

297. To the extent the allegations in sentence 1 relate to Inv. Sparks, such allegations are denied. As to sentence 2 of paragraph 297, Investigator Sparks can neither

32

admit nor deny the allegations regarding the nature of the injuries they may have received as a result of their encounters with Sean Williams or with any other individuals who are affiliated or alleged to be affiliated with him. Investigator Sparks denies he is liable, in any way, for Plaintiffs' alleged injuries.

## CLASS ACTION ALLEGATIONS

298.    Investigator Sparks admits that Plaintiffs have asserted a class action pursuant to Fed. R. Civ. P. 23, but Inv. Sparks denies that class status is appropriate with respect to any of the alleged classes. Inv. Sparks denies any liability under the stated statutes and other causes of action.

299.    To the extent the allegations in this paragraph relate to Inv. Sparks, such allegations are denied.

300.    To the extent the allegations in this paragraph relate to Inv. Sparks, such allegations are denied.

301.    To the extent the allegations in this paragraph relate to Inv. Sparks, such allegations are denied.

302.    No factual assertions are made, and thus, no response is required.

303.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 303.

304.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 304, but Inv. Sparks denies any implied allegations of wrongdoing contained in paragraph 304.

305.    Investigator Sparks denies the allegations contained in paragraph 305.

306.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 306, but Inv. Sparks denies any implied allegations of wrongdoing contained in paragraph 306.

307.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 307, but Inv. Sparks denies any implied allegations of wrongdoing contained in paragraph 307.

308.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 308, but Inv. Sparks denies any implied allegations of wrongdoing contained in paragraph 308.

309.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 309.

310.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 310, but Inv. Sparks denies any implied allegations of wrongdoing contained in paragraph 310.

### COUNT I
### Sex Trafficking, 18 U.S.C. §§ 1591, 1594, and 1595
### (on behalf of B.P. and the Sex Trafficking Survivor Class against Defendants City, Turner, Peters, Sparks, and Jenkins)

311.    The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

312.    The existence of the statute cited is admitted.  It is specifically denied that Inv. Sparks is liable to the Plaintiffs by virtue of this statute or any other theory of law, whatsoever.   It is further denied that Inv. Sparks received any financial benefits or participated in any such venture as alleged in this paragraph.

313.    Investigator Sparks denies all allegations in paragraph 313.

34

314.    Investigator Sparks admits that B.P., Female 2, and Female 12 reported sexual assaults or suspected sexual assaults by Williams to JCPD at various points in time. All remaining allegations of this paragraph are denied.

315.    Investigator Sparks denies all allegations in paragraph 315.

316–325.    To the extent these paragraphs assert allegations against Inv. Sparks, such allegations are denied.   Upon information and belief, they are denied as to all Defendants.

326.    Investigator Sparks denies that Plaintiffs or any alleged class members are entitled to the relief requested, and Inv. Sparks denies any violation of any law whatsoever.

**COUNT II**
**Obstruction of Enforcement of 18 U.S.C. § 1591,**
**18 U.S.C. §§ 1594, 1595 and 1591(d)**
**(on behalf of B.P. and the Sex Trafficking Survivor Class against all**
**Defendants)**

327.    The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

328.    The existence of the statutes cited are admitted.  It is denied that Inv. Sparks is liable to the Plaintiffs by virtue of any of these statutes or any other theory of law.

329.    To the extent this paragraph and/or subparts (a-g) assert any allegations against Inv. Sparks, they are denied.  Upon information and belief, they are denied as to all Defendants.

330–336.    To the extent these paragraphs assert allegations against Inv. Sparks, such allegations are denied.  Upon information and belief, these paragraphs are denied as to all Defendants.

35

337.    To the extent these paragraphs assert any allegation against Inv. Sparks, it is denied.  Upon information and belief, these paragraphs are denied as to all Defendants.

**COUNT III**
**Aiding and Abetting a Sex-Trafficking Venture,**
**18 U.S.C. §§ 2, 1591(a)(1) & (2), 1595**
**(on behalf of B.P. and the Sex Trafficking Survivor Class against Defendants**
**City, Turner, Peters, Sparks, and Jenkins)**

338.    The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

339.    The existence of the statutes cited are admitted.  It is denied that Inv. Sparks is liable to the Plaintiffs by virtue of any of these statutes or any other theory of law.

340.    Investigator Sparks denies the allegations contained in paragraph 340.

341.    Investigator Sparks denies the allegations contained in paragraph 341.

342.    Investigator Sparks denies the allegations contained in paragraph 342.

343.    Investigator Sparks denies the allegations contained in paragraph 343.

344.    Investigator Sparks denies the allegations contained in paragraph 344.

345.    Investigator Sparks denies the allegations contained in paragraph 345.

346.    Investigator Sparks denies the allegations contained in paragraph 346.

347.    Investigator Sparks denies the allegations contained in paragraph 347.

348.    Investigator Sparks admits that B.P., Female 2, and Female 12 reported sexual assaults or suspected sexual assaults by Williams to JCPD at various points in time. All remaining allegations of this paragraph are denied.

349.    Investigator Sparks denies the allegations contained in paragraph 349.

350.    Investigator Sparks denies the allegations contained in paragraph 350.

36

351.    Investigator Sparks denies the allegations contained in paragraph 351.

352.    Investigator Sparks denies the allegations contained in paragraph 352.

353.    Investigator Sparks denies the allegations contained in paragraph 353.

354.    Investigator Sparks denies that Plaintiffs or any alleged class members are entitled to the relief requested, and Inv. Sparks denies any violation of any law whatsoever.

### COUNT IV
### Conspiracy to Commit Violations of the TVPA,
### 18 U.S.C §§ 1594(c), 1591, 1595
### (on behalf of Plaintiffs and the Sex Trafficking Survivor Class against
### Defendants City, Turner, Peters, Sparks, and Jenkins)

355.    The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

356.    The existence of the statutes cited are admitted.  It is denied that Inv. Sparks is liable to the Plaintiffs by virtue of any of these statutes or any other theory of law.

357.    Investigator Sparks denies the allegations contained in paragraph 357.

358.    Investigator Sparks denies the allegations contained in paragraph 358.

359.    Investigator Sparks denies the allegations contained in paragraph 359.

360.    Investigator Sparks denies the allegations contained in paragraph 360.

361.    Investigator Sparks denies the allegations contained in paragraph 361.

362.    Investigator Sparks denies the allegations contained in paragraph 362.

363.    Investigator Sparks denies the allegations contained in paragraph 363.

364.    Investigator Sparks denies the allegations contained in paragraph 364.

365.    Investigator Sparks denies the allegations contained in paragraph 365.

37

366.    Investigator Sparks denies that Plaintiffs or any alleged class members are entitled to the relief requested, and Inv. Sparks denies any violation of any law whatsoever.

**COUNT V**
**Equal Protection, 42 U.S.C. § 1983**
**Unconstitutional Pattern and Practice as to Women Reporters of Sexual Assault (on behalf of S.H. and the Reporter Survivor Class and B.P. and the Williams Survivor Subclass against Defendant City)**

367.    The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

368.    Investigator Sparks admits he was acting under color of law. The remainder of the allegations assert a legal conclusion without sufficient facts or context to support its premise. To the extent it alleges wrongdoing against Inv. Sparks, such allegations are denied.

369.    Investigator Sparks denies the allegations contained in paragraph 369, including subparts (a-f).

370.    To the extent this paragraph alleges wrongdoing against Inv. Sparks, such allegations are denied.

371.    To the extent this paragraph alleges wrongdoing against Inv. Sparks, such allegations are denied.

372.    Investigator Sparks denies the allegations contained in paragraph 372.

373.    Investigator Sparks denies the allegations contained in paragraph 373.

374.    Investigator Sparks denies the allegations contained in paragraph 374. Further, to the extent the allegations contained in paragraph 374 attempt to allege that

38

the Plaintiffs' statute of limitations began to run on June 23, 2022, such allegations are denied.

375.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 375.

376.    To the extent the allegations in paragraph 376 relate to Inv. Sparks, such allegations are denied.

377.    To the extent the allegations in paragraph 377 relate to Inv. Sparks, such allegations are denied.

378.    Plaintiffs have no constitutional right to have their alleged crimes investigated. To the extent the allegations in paragraph 378 relate to Inv. Sparks, such allegations are denied.

379.    Investigator Sparks admits that any actions taken as part of a police investigation are taken under color of law. Investigator Sparks denies all other allegations contained in paragraph 379.

380.    To the extent the allegations in paragraph 380 relate to Inv. Sparks, such allegations are denied.

381.    Investigator Sparks denies the allegations contained in paragraph 381 and denies Plaintiffs and class members are entitled to the relief requested.

<u>**COUNT VI**</u>
<u>**Equal Protection, 42 U.S.C. § 1983**</u>
<u>**Violation of Substantive Rights to Due Process**</u>
<u>**(on behalf of B.P. and the Williams Survivor Subclass against all**</u>
<u>**Defendants)**</u>

382.    The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

39

383.     The allegation contained in paragraph 383 is a statement of law, and no response is required. To the extent the allegation alleges Inv. Sparks deprived Plaintiffs of any constitutional right, such allegation is denied.

384–388.     Investigator Sparks denies the allegations contained in paragraphs 384 through 388.

## COUNT VIII
### Tennessee Government Tort Liability Act, T.C.A. 29-20-205
### (on behalf of Plaintiffs individually against Defendant City)

389.     The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

390–394.     To the extent the allegations contained in paragraphs 390 through 394 relate to Inv. Sparks, such allegations are denied.

## COUNT IX
### Negligence, Failure to Train
### (on behalf of Plaintiffs and the Classes against Defendant City)

395.     The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

396.     The allegations contained in paragraph 396 are not directed to Inv. Sparks and are merely an assertion of a statement of law, and thus, no response is required by Inv. Sparks.

397.     To the extent the allegations contained in paragraph 397 relate to Inv. Sparks, such allegations are denied.

398.     To the extent the allegations contained in paragraph 398 relate to Inv. Sparks, such allegations are denied.

40

399.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 399.

400.    To the extent the allegations contained in paragraph 400 relate to Inv. Sparks, such allegations are denied.

401.    To the extent the allegations contained in paragraph 401 relate to Inv. Sparks, such allegations are denied.

402.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 402.

403.    To the extent the allegations contained in paragraph 403 relate to Inv. Sparks, such allegations are denied.

404.    To the extent the allegations contained in paragraph 404 relate to Inv. Sparks, such allegations are denied.

405.    To the extent the allegations contained in paragraph 405 relate to Inv. Sparks, such allegations are denied.

406.    To the extent the allegations contained in paragraph 406 relate to Inv. Sparks, such allegations are denied.

407.    To the extent the allegations contained in paragraph 407 relate to Inv. Sparks, such allegations are denied.

408.    To the extent the allegations contained in this paragraph relate to Inv. Sparks, he denies such allegations and denies Plaintiffs are entitled to the relief requested.

## COUNT X
## Negligence, Failure to Supervise
## (on behalf of Plaintiffs and the Classes against Defendant City)

409.    The responses to each and every preceding or succeeding allegation of the Second Amended Complaint, as set forth in this answer, are incorporated by reference as if fully and completely restated herein.

410.    The allegations contained in paragraph 410 are not directed to Inv. Sparks and are merely an assertion of a statement of law, thus, no response is required by Inv. Sparks.

411.    To the extent the allegations contained in paragraph 411 relate to Inv. Sparks, such allegations are denied.

412.    To the extent the allegations contained in paragraph 412 relate to Inv. Sparks, such allegations are denied.

413.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 413.

414.    To the extent the allegations contained in paragraph 414 relate to Inv. Sparks, such allegations are denied.

415.    To the extent the allegations contained in paragraph 415 relate to Inv. Sparks, such allegations are denied.

416.    Investigator Sparks is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 416.

417.    To the extent the allegations contained in paragraph 417 relate to Inv. Sparks, such allegations are denied.

418.    To the extent the allegations contained in paragraph 418 relate to Inv. Sparks, such allegations are denied.

419.     To the extent the allegations contained in paragraph 419 relate to Inv. Sparks, such allegations are denied.

420.     To the extent the allegations contained in paragraph 420 relate to Inv. Sparks, such allegations are denied.

421.     To the extent the allegations contained in paragraph 421 relate to Inv. Sparks, such allegations are denied.

422.     To the extent the allegations contained in paragraph 422 relate to Inv. Sparks, such allegations are denied.

423.     To the extent the allegations contained in paragraph 423 relate to Inv. Sparks, such allegations are denied.

424.     Any allegations not previously admitted or denied are hereby denied.

## RELIEF REQUESTED

Investigator Sparks denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief, including paragraphs 1–9.

## AFFIRMATIVE DEFENSES

425.     Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted against Inv. Sparks in his individual capacity.

426.     The federal and state law claims of all Plaintiffs are time-barred by the applicable statute of limitations.

427.     Any allegation expressly or impliedly asserting a conspiracy fails to state a claim due to a lack of specificity and meeting the requirements of pleading a civil conspiracy.

428.     The Intracorporate Conspiracy Doctrine is affirmatively asserted as a bar to some or all of any conspiracy claims expressly or impliedly asserted.

429. It is affirmatively asserted that the Plaintiffs are without standing to sue Inv. Sparks for alleged failure to prosecute or investigate an assailant.

430. Plaintiffs have no substantive due process right to be protected from a third-party.

431. Investigator Sparks is entitled to qualified immunity, and as such, all claims against him should be dismissed with prejudice.

432. The Defendant's conduct cannot, in any way, constitute participation in a sex trafficking venture, or conspiracy, by virtue of any theory of law, whatsoever.

433. It is averred that any substantive due process claims are subject to dismissal as a matter of law.

434. It is averred that Inv. Sparks did not owe a duty or special duty to any of the Plaintiffs by virtue of any theory of law and did not create any danger to any Plaintiff or the public.

435. Investigator Sparks demands a jury of twelve (12) persons to try all issues joined in this cause. To the extent a twelve (12) person jury is not available in Federal Court, Inv. Sparks asserts that he should receive a jury of the maximum number of permissible jurors, and without limiting the foregoing, a jury of no fewer than eight (8).

436. Investigator Sparks specifically reserves the right to amend this pleading and plead further based upon the facts that become available during the discovery process and any further amendments to the Complaint.

Having answered the Second Amended Complaint and asserted his affirmative defenses, Inv. Sparks prays that this Second Amended Complaint be dismissed.

Respectfully submitted,

/s/Kristin E. Berexa
Kristin E. Berexa, BPR# 14833
Benjamin C. Allen, BPR #35923
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Suite 480
Brentwood, Tennessee 37027
(615) 254-3060
kberexa@fbb.law
ballen@fbb.law
*Counsel for Toma Sparks in his individual capacity*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 15th day of March 2024, a true and correct copy of the foregoing has been forwarded via the Court's electronic notification system to:

Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com
ashley@hmccivilrights.com
*Attorneys for Plaintiffs*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email:
vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiffs*

Kevin Osborne
Elizabeth Kramer
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
Email: kevin@eko.law
Email: elizabeth@eko.law
*Pro Hac Vice Attorneys for Plaintiffs*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN 37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his individual capacity*

Emily C. Taylor
Watson Roach Batson & Lauderback
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
(423) 929-7113
Email: lisa@hbm-lawfirm.com
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Daniel H. Rader IV
André S. Greppin
Moore, Rader, Fitzpatrick and York, P.C.
46 N. Jefferson Avenue
Cookeville, TN 38501
(931) 526-3311
Email: danny@moorerader.com
Email: andre@moorerader.com
*Attorney for Kevin Peters*

Reid A. Spaulding
Watson, Roach, Batson & Lauderback, PLC
P O Box 131
Knoxville, TN 37901
Email: rspaulding@watsonroach.com
*Attorney for Johnson City, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, Investigator Toma Sparks, in his official capacity and Justin Jenkins in his official capacity.*

Keith H. Gant
Laura Beth Rufolo
Philip Aaron Wells
Robinson, Smith & Wells, PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
(423) 756-5051
*Attorneys for Justin Jenkin, Jeff Legault, and Brady Higgins*

Jonathan P. Lakey
Burch, Porter, & Johnson, PLLC
130 N. Court Ave.
Memphis, TN 38103
P: (901) 524-5000
E: jlakey@bpjlaw.com
*Attorney for the City of Johnson City, Tennessee*

/s/ Kristin E. Berexa
Kristin E. Berexa