**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE**

B.P., H.A., and S.H, individually, and on
behalf of all others similarly situated,

|   |   |   |
|---|---|---|
| | ] | |
| Plaintiffs, | ] | No.: 2:23-cv-00071-TRM-JEM |
| | ] | |
| v. | ] | PLAINTIFFS' DEMAND |
| | ] | JURY TRIAL |
| CITY OF JOHNSON CITY, TN., et al., | ] | |
| | ] | |
| Defendants. | ] | |

**ANSWER OF THE CITY OF JOHNSON CITY, TENNESSEE,**
**KARL TURNER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,**[1]
**CAPTAIN KEVIN PETERS, IN HIS OFFICIAL CAPACITY,**[1] **INVESTIGATOR TOMA**
**SPARKS, IN HIS OFFICIAL CAPACITY,**[1] **JUSTIN JENKINS, IN HIS OFFICIAL**
**CAPACITY,**[1] **JEFF LEGAULT IN HIS OFFICIAL CAPACITY**[1]**, AND BRADY**
**HIGGINS, IN HIS OFFICIAL CAPACITY**[1] **TO PLAINTIFFS' SECOND AMENDED**
**CLASS COMPLAINT**

Come now the Defendants, City of Johnson City, Tennessee ("City" or "Johnson City"),

Karl Turner, in his individual and in his official capacities ("Chief Turner")[1], Captain Kevin Peters

("Captain Peters"), in his official capacity[1], Investigator Toma Sparks ("Investigator Sparks") in

his official capacity[1], Investigator Justin Jenkins ("Investigator Jenkins"), in his official capacity[1],

Investigator Jeff LeGault ("Investigator LeGault"), his official capacity[1], and Investigator Brady

Higgins ("Investigator Higgins"), in his official capacity[1], and in response the Second Amended

Class Complaint filed against them answer as follows:

---

[1] Official capacity claims are the functional equivalent of claims against the municipality and reflect a redundant and superfluous pleading subject to dismissal as a matter of law. *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).

1

**FIRST DEFENSE**

The official capacity Second Amended Class Complaint allegations against Chief Turner, Captain Peters, Investigator Sparks, Investigator Jenkins, Investigator LeGault, and Investigator Higgins are redundant and superfluous claims since the City of Johnson City is a named party and such claims are subject to dismissal as a matter of law.

**SECOND DEFENSE**

The federal and state law claims of all Plaintiffs are time barred by the applicable statute of limitations. Tenn. Code Ann. § 28-3-104(a)(1); and § 29-20- 305(b).

**THIRD DEFENSE**

The Plaintiffs' substantive due process claims are subject to dismissal as a matter of law since the Plaintiffs have alleged violations of explicit constitutional rights available as their source of protection such that their substantive due process claim is subsumed into their more particularized constitutional claims. *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531 (6th Cir. 2012).

**FOURTH DEFENSE**

Any allegation expressly or impliedly asserting a conspiracy fails to state a claim due to a lack of specificity and meeting the requirements of pleading a civil conspiracy. *Alsup v. Int'l Union of Bricklayers & Allied Craftsmen of Toledo, Ohio, Local Union No. 3*, 1990 WL 67375, at *4 (6th Cir. May 22, 1990) (affirming dismissal of complaint for "failure to allege with particularity the necessary elements of conspiracy.").

**FIFTH DEFENSE**

The Intracorporate Conspiracy Doctrine is affirmatively asserted as a bar to some or all of any conspiracy claims expressly or impliedly asserted.

**SIXTH DEFENSE**

It is affirmatively asserted that the Plaintiffs are without standing to sue the Defendants for alleged failure to prosecute or investigate an assailant.

**SEVENTH DEFENSE**

Karl Turner, in his individual capacity, asserts his entitlement to dismissal as to all claims against him, with prejudice, on the basis of the doctrine of qualified immunity.

**EIGHTH DEFENSE**

Plaintiffs' allegations and assertions pursuant to 18 USC § 1591 fail to state a claim for which relief can be granted. It is specifically averred that these allegations are specious and frivolous and are without a good faith basis.

**NINTH DEFENSE**

It is averred that the Plaintiffs lack standing to bring a claim, pursuant to 15 USC § 1591, *et seq.* the Defendants' conduct cannot, in any way, constitute participation in a sex trafficking venture, or conspiracy, by virtue of any theory of law, whatsoever. It is averred that these claims should be summarily dismissed.

**TENTH DEFENSE**

All limitations and immunities contained within Tennessee's Governmental Tort Liability Act ("GTLA") are affirmatively asserted as to each Plaintiffs' claims against these Defendants, including but not limited to the limitations identified in Tenn. Code Ann. § 29-20-201, § 29-20-205, and § 29-20-205(1)(2)(3)(5)(6). Notice is here provided pursuant to TENN. CODE ANN. § 29-20-113, that upon dismissal, fees and costs shall be awarded when an individually-named Defendant, including Chief Turner, is dismissed.

3

## ELEVENTH DEFENSE

The Public Duty Doctrine is hereby affirmatively asserted as a bar to some or all of the asserted claims.

## TWELFTH DEFENSE

It is averred that these Defendants did not owe a duty or special duty to any of the Plaintiffs by virtue of any theory of law and did not create any danger to any Plaintiff or the public.

## THIRTEENTH DEFENSE

It is averred that the filing of the Complaint, Amended Complaint, or Second Amended Complaint is insufficient to toll the running of the statute of limitations, and the claims are time barred.

## FOURTEENTH DEFENSE

These Defendants assert insufficiency of process and insufficiency of service of process, based on the failure to timely issue a summons and the failure to timely service these Defendants.

## FIFTEENTH DEFENSE/COMPARATIVE FAULT

As to any state law claim, it is affirmatively asserted that the negligent, reckless, gross negligence or intentional conduct of (1) Female 4; (2) Female 5; (3) Female 7; (4) Alvaro "Alvie" Fernandez Diaz; (4) Sean Williams or any alleged co-conspirators, of engaging in the conduct alleged in the Second Amended Complaint, including ¶¶ 18, 22, 23, 33, 34, 35, 38, 39, 55 were comparatively at fault and are subject to being joined as defendants as responsible parties for the injuries about which the Plaintiffs complain.

It is further affirmatively asserted that any injuries and/or damages claimed by each individual plaintiff in this action must be viewed under the principles of modified comparative fault, as adopted by the State of Tennessee. To the extent it is shown that other parties and/or any

4

other person identified in this Second Amended Complaint, or the *Dahl* Complaint, caused or contributed to any individual plaintiff's injuries or damages, any damages the Plaintiffs may recover must be reduced and/or diminished by the percentage of fault attributable to such other persons.

These Defendants affirmatively assert that any injuries sustained by any Plaintiff or class members could have only come about as the result of the acts of the alleged perpetrators identified in the Plaintiffs' Second Amended Complaint. The trier of fact should be allowed to consider the actions of the alleged perpetrators identified in the Plaintiffs' Second Amended Complaint as being the sole and proximate cause of any injuries or alleged injuries sustained by the individual Plaintiffs or class members. The trier of fact should be allowed to place percentages of fault on the alleged perpetrators that should mitigate and/or bar any recovery against these Defendants.

## SIXTEENTH DEFENSE

It is affirmatively asserted that the Daigle Report and the opinion and conclusions contained therein are inadmissible pursuant to Fed. R. Civ. 26(b)(4)(D) and Rule 704 of the Federal Rules of Evidence.

## SEVENTEENTH DEFENSE

These Defendants deny that Plaintiffs and/or putative class members satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure for the certification of a class and/or subclasses.

## EIGHTEENTH DEFENSE

These Defendants deny Plaintiffs and/or putative class members were deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

5

**NINETEENTH DEFENSE**

These Defendants deny Plaintiffs and/or putative class members can bring suit pursuant to 42 U.S.C. §1983 under a theory of respondeat superior. Defendants further aver that it cannot be liable to Plaintiffs and/or putative class members pursuant to 42 U.S.C. § 1983 because of the lack of any violation of that statute and/or because of the absence of any custom or policy which was the moving force behind a violation of that statute.

**TWENTIETH DEFENSE**

These Defendants assert that any actions taken by Defendants were based on neutral, non-discriminatory practices and policies, and/or that their practices and policies are not motivated by sex, gender, disability, or any other discriminatory animus.

**TWENTY-FIRST DEFENSE**

The Second Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted and, therefore, must be dismissed.

**TWENTY-SECOND DEFENSE**

These Defendants demand a jury of twelve (12) persons to try all issues joined in this cause, except for any GTLA issues, in which these Defendants demand a separate bench trial in accordance with the Tennessee Governmental Tort Liability Act. To the extent a twelve (12) person jury is not available in Federal Court, these Defendants assert that they should receive a jury of the maximum number of permissible jurors, and without limiting the foregoing, a jury of no fewer than eight (8).

**TWENTY-THIRD DEFENSE**

These Defendants specifically reserve the right to amend this pleading and plead further based upon the facts that become available during the discovery.

6

## TWENTY-FOURTH DEFENSE

With respect to Plaintiffs' and/or putative class members' claims for punitive damages, Defendants are governmental bodies of the State and are therefore immune from punitive damages.

## TWENTY-FIFTH DEFENSE

These Defendants specifically reserve all defenses in law or equity, including, but not limited to, those defenses listed in Rules 8 and 12 of the Federal Rules of Civil Procedure, that may become available or known to it as discovery proceeds in this cause.

## TWENTY-SIXTH DEFENSE

These Defendants hereby give notice to Plaintiffs as stated in this answer that they lack sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the Second Amended Complaint. Until These Defendants have availed themselves of the right of discovery, it cannot be determined whether or not all of the defenses set forth herein will be asserted at trial. These Defendants assert these defenses in order to preserve their rights to assert such defenses at trial and to give Plaintiffs notice of its intention to assert these defenses and avoid waiver of any defenses. These Defendants give notice that they may rely upon such other defenses as may become available or apparent during the course of discovery or further proceedings, and these Defendants reserve the right to amend this answer to assert such defenses.

## TWENTY-SEVENTH DEFENSE/ANSWER

The allegations contained in the unnumbered introductory paragraphs of the Second Amended Complaint are denied. These Defendants further maintain that the introductory paragraph fails to comply with Fed. R. Civ. P. 10(a), and it should be stricken from the Second Amended Complaint.

## JURISDICTION AND VENUE

1.      The statutory and constitutional grounds on which the Plaintiffs seek to base their claims are noted.  It is denied any Plaintiffs are entitled to maintain any such claim against these Defendants.

2.      Admitted this Court has jurisdiction as to all federal questions. These Defendants deny that this Court should consider supplemental jurisdiction pursuant to 28 USC § 1367, particularly with respect to any claims under the Tennessee Governmental Tort Liability Act, § 29-20-205 and/or state common law. These Defendants aver that exclusive jurisdiction for GTLA claims is in the Circuit Court for Washington County, Tennessee.   It is denied that supplemental jurisdiction as to state law claims should be considered by the Court until such time as it is determined that a viable federal claim exists.

3.      Admitted.

## PARTIES

4-6.    These Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4 through 6.

7.      It is admitted that Johnson City is a Tennessee governmental entity organized and existing under the laws of the State of Tennessee. The remaining allegations in Paragraph 5 contain legal conclusions to which no response is required, and none is given.

8.      It is denied that Chief Turner currently resides in Johnson City, Tennessee, but admitted that he was the Chief of Police from February 17, 2018 to February 27, 2023, and that he was a law enforcement officer employed by Johnson City from May 8, 1991 until February 27, 2023.

9.      It is denied that Kevin Peters currently resides in Johnson City, but it is admitted

8

that he was employed as a Captain assigned to the Johnson City Police Department from July 4, 2020 until February 27, 2023, and it is further admitted he was an employee of Johnson City assigned to its Police Department from January 2, 1991 to February 27, 2023.

10.    Admitted.

11.    It is denied that Justin Jenkins currently resides in Johnson City, Tennessee. The remaining allegations contained in paragraph 11 are admitted.

12.     It is denied that Jeff LeGault currently resides in Johnson City, Tennessee. All other allegations in Paragraph 12 are admitted.

13.    Admitted.

14.    Paragraph 14 of the Second Amended Complaint makes no factual allegations and, therefore, no response is required or made.

15.    Denied

16.    Denied.

17.    Denied.

## FACTUAL BACKGROUND

18.    These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19-22. These Defendants can neither admit nor deny the allegations contained in Paragraphs 19 through 22 due to a lack of sufficient knowledge or information.

23-37. These Defendants can neither admit nor deny the allegations contained in Paragraphs 23 through 37 due to a lack of sufficient knowledge or information.

38-48. These Defendants can neither admit nor deny the allegations contained in Paragraphs 38 through 48 due to a lack of sufficient knowledge or information.

49-56.   These Defendants can neither admit nor deny the allegations contained in Paragraphs 49 through 56 due to a lack of sufficient knowledge or information.

57-61.   Denied.

62.      It is admitted that, sometime around August and September of 2023, someone began posting to Sean Williams' Facebook account. These Defendants can neither admit nor deny the allegations regarding who posted to Williams' Facebook page and how they posted to Williams' Facebook page due to a lack of sufficient knowledge or information.

63.      These Defendants admit that someone posted to Sean Williams' Facebook page on or about September 1, 2023, and the post says what it says. These Defendants deny the validity of the referenced Facebook post. The Defendants further specifically deny that Defendant Sparks was engaged in an extortion scheme with Williams and/or his company. The remaining allegations in Paragraph 63 are denied.

64.      These Defendants admit the allegations contained in Paragraph 64. These Defendants further aver that based on available evidence developed during JCPD's investigation, Female 3's fall was accidental.

65.      In response to the allegations regarding a Facebook post made to Williams' Facebook page, these Defendants acknowledge that the post says what it says. These Defendants deny the underlying statements made in the post, including the existence of an extortion scheme between JCPD officers and Williams.

66.      Upon information and belief, the document referenced in this paragraph makes statements similar to those herein, but the allegation in the Second Amended Complaint omits that the document states that Williams was already with another officer, and that Sparks and Jenkins wanted to join. However, these responding Defendants are without sufficient knowledge or

information to admit or deny the truth of the allegations.

67.     Denied, as stated.  Admitted only to the extent it is correct Sparks and Jenkins were not first on the scene, removed Williams from the scene to be interviewed at police headquarters and seized Williams' cellphone.  Any remaining allegation is denied.

68.     Responding to the allegations in Paragraph 68, these Defendants admit that Sparks escorted Williams to JCPD headquarters to be interviewed. The remaining allegations in Paragraph 68 are denied as written. According to the referenced document, Williams was left alone in the interview room, with the door open, for approximately three minutes while Inv. Jenkins obtained paperwork. It is denied that this section of the referenced document states that Williams manipulated his cell phone.

69.     These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 69

70.     These Defendants admit that Detective Sparks applied for a search warrant on the date and time referenced in Paragraph 70. In further response to Paragraph 70, Defendants state aver that the search warrant speaks for itself.

71.     Upon information and belief, the document referenced in this paragraph includes statements similar to those described herein.   Upon information and belief, the cameras in question were taken down during the time a search warrant was being obtained to allow the seizure.

72.     It is admitted that a JCPD officer obtained a search warrant and seized various items from Williams's apartment. Due to a lack of information or belief, it is neither admitted nor denied at this time if the specific items listed in Paragraph 72 were seized.  It is admitted that some digital devices were seized.

73.     It is admitted that certain digital devices remained in the custody of JCPD for more

11

than two (2) years without being searched because a sufficient probable cause basis could not be established at the time based on the advice provided by involved legal counsel from the U.S. Attorney's Office.

74. Denied as stated. The content on the devices seized by JCPD officers during the investigation of a person falling out a window is unknown, and therefore, cannot be admitted or denied at this time.

75. Denied, as stated. It is admitted officers photographed a handwritten note reflecting a list of first names of individuals under the heading "raped." These Defendants are without sufficient knowledge or information to admit or deny if the Plaintiffs' first names match any first names on the list or if any such Plaintiff reported her assault to JCPD so as to allow JCPD to determine if a match exists.

76. These Defendants cannot admit or deny the allegation contained in Paragraph 76 at this time due to a lack of knowledge or information.

77. Admitted.

78. In response to the allegations contained in Paragraph 78, these Defendants deny that Female 3 was capable of communicating with officers until a few weeks after her fall, and at that time reported she had no memories of the events leading up to her fall. Thereafter, Female 3 has spoken to the media and others and stated that she thinks she may have been drugged before falling. However, to date no evidence has been discovered supporting she was drugged. Moreover, only recently has someone come forward saying he thinks he saw her pushed out the window, contrary to the statement made by Female 3's friend who was with her at the time she fell out the window.

79. Admitted.

80.     Denied.

81.     These Defendants admit that JCPD officers seized a safe on September 19, 2020. These Defendants can neither admit nor deny the remaining allegations contained in Paragraph 81 due to a lack of sufficient knowledge or information.

82.     Upon information and belief, the document referenced in this paragraph includes statements similar to those described herein.  It is denied the allegations contained in this Paragraph state a claim for relief against these responding Defendants.

83.     Upon information and belief, the second search warrant referenced in Paragraphs 82 and 83 includes statements similar to those described herein.

84.     At this time, these Defendants can neither admit nor deny the allegations contained in Paragraph 84 due to a lack of knowledge or information.

85.     Denied.

86.     These Defendants admit that someone posted to Sean Williams' Facebook page and made statements similar to those alleged in Paragraph 86. These Defendants deny the validity of the referenced Facebook post. The Defendants further specifically deny that any JCPD officers seized any cash from Williams' safe.

87.     Denied.

88.     Responding to the allegations contained in Paragraph 88, these Defendants deny that JCPD officers participated in and/or benefited financially from Williams' alleged sex trafficking conspiracy. At this time, these Defendants can neither admit nor deny the remaining allegations in Paragraph 88 due to a lack of knowledge or information.

89-94.  At this time, these Defendants can neither admit or deny the allegations contained in Paragraphs 89 through 94 due to a lack of knowledge or information.

13

95.     It is admitted that in November, 2019, a female reported she had been raped by Sean Williams and a case file was opened and an investigation initiated. Otherwise, the allegations are denied.

96.     These Defendants can neither admit nor deny the allegations contained in Paragraph 96 due to a lack of sufficient knowledge or information.

97.     These Defendants can neither admit nor deny the allegations contained in Paragraph 97 due to a lack of sufficient knowledge or information.

98.     These Defendants can neither admit nor deny the allegations contained in Paragraph 96 due to a lack of sufficient knowledge or information. However, it is averred that Officer Proffitt took a statement and took custody of the rape kit at the Johnson City Medical Center.

99.     The allegations contained in Paragraph 99 are denied as written. It is specifically denied that prior to November of 2019 Officer Proffitt was aware of prior complaints of sexual assault by Williams.

100.    It is admitted Officer Proffitt obtained B.P.'s clothes. These Defendants further admit that B.P. was not provided with a receipt for her clothes. These Defendants deny that B.P.'s clothes were placed in a garbage bag.    These Defendants deny any remaining allegations in Paragraph 100.

101. The allegations contained in Paragraph 101 are denied in part. These Defendants aver that, after B.P. made her initial sexual assault report, she repeatedly failed to call the JCPD investigator assigned to her case back, and she missed at least two scheduled appointments with the investigator in November of 2019. These Defendants admit that, in March of 2021, B.P. responded to a call from a JCPD investigator and stated that she wanted to press charges against Williams.  These Defendants deny the remaining allegations set forth in Paragraph 101.

14

102. Denied. After B.P. indicated in March of 2021 that she wanted to press charges, a JCPD investigator spoke to her on April 13, 2021 and attempted to call her on April 22, 2021. B.P. did not answer, so the investigator left her a message. The JCPD investigator also scheduled a meeting with B.P. for April 20, 2021, but B.P. was a no-show for the meeting.

103. The allegations contained in Paragraph 103 are denied as written. These Defendants are not aware of a sexual assault report made by Female 9.

104. These Defendants can neither admit nor deny the allegations contained in Paragraph 104 due to a lack of sufficient knowledge or information.

105. Responding to the allegations contained in Paragraph 105, these Defendants admit that officers encountered Female 2 outside of Williams' building. These Defendants can neither admit nor deny the remaining allegations contained in Paragraph 105 due to a lack of sufficient knowledge or information.

106. Denied.

107. It is admitted that Female 2 came to JCPD headquarters on December 15, 2020, and provided a statement. It is denied she reported she had been raped.

108. Admitted.

109-113. At this time, these Defendants can neither admit or deny the allegations contained in Paragraphs 109 through 113 due to a lack of knowledge or information.

114. Admitted.

115. At this time, these Defendants can neither admit or deny the allegations contained in Paragraph 115 due to a lack of knowledge or information.

116-118. At this time, these Defendants can neither admit or deny the allegations contained in Paragraphs 116 through 118 due to a lack of knowledge or information.

15

119. Upon information and belief, the allegations contained in Paragraph 119 are admitted.

120-128. At this time, these Defendants can neither admit nor deny the allegations contained in Paragraphs 120 through 128 due to a lack of knowledge or information, including the identity of the JCPD officers referenced in said paragraphs.

129. Admitted.

130-133. At this time, these Defendants can neither admit or deny the allegations contained in Paragraphs 130 through 133 due to a lack of knowledge or information.

134. Admitted the FBI notified JCPD and Investigator Sparks responded.

135. Admitted.

136. Denied, as stated. It is admitted Female 12 was interviewed at the JCPD offices regarding her sexual assault allegations. These Defendants deny the remaining allegations set forth in Paragraph 136.

137. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 137.

138. It is admitted that no charges have been brought against Williams for the sexual assault reported by Female 12. The remaining allegations contained in Paragraph 138 can neither be admitted nor denied due to a lack of knowledge or information.

139. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 139.

140. In response to the allegations contained in Paragraph 140, it is admitted that on or about November 7, 2019, an investigation was opened as to one potential rape complaint involving Williams. It is denied Defendant Sparks was made aware of the rape report involving Williams in

16

November of 2019. The remaining allegations contained in Paragraph 140 are denied as written.

141. The allegations contained in Paragraph 141 are denied as written.

142. Denied as stated.

143. Denied.

144. Denied.

145. It is denied Defendant Sparks contacted B.P. in May of 2021. These Defendants aver that Defendant Sparks contacted B.P. in March of 2021, the day after Sparks became aware of the rape kit's return. It is admitted that B.P.'s case was assigned to Defendant Sparks in 2021 and that Sparks was not a member of a Special Victim's Unit.

146. Denied.

147. The allegations in the first sentence of Paragraph 147 can neither be admitted nor denied due to a lack of knowledge or information. The allegations contained in the second sentence of Paragraph 147 are admitted.

148. Denied.

149. Denied.

150. The allegations in Paragraph 150 can neither be admitted nor denied due to a lack of knowledge or information.

151. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 151.

152. Responding to the allegations contained in Paragraph 152, it is admitted that B.P. told Defendant Sparks that she wanted to talk to her father before she made a decision regarding pressing charges against Williams. These Defendants admit that B.P. later called Defendant Sparks and indicated that she wanted to press charges. These Defendants deny the allegations contained

in the last sentence of Paragraph 152. These Defendants aver that B.P. failed to show up for a scheduled interview with Sparks and did not return his message.

153. The allegations contained in the first sentence of Paragraph 153 are admitted. These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in the second sentence of Paragraph 153.

154. The allegations contained in the first sentence of Paragraph 154 are denied as stated. Responding to the allegations contained in the second sentence of Paragraph 154, these Defendants deny that Sparks is a defendant in the *Dahl* case. The remaining allegations in Paragraph 154 are denied as stated.

155. Admitted, to the extent of avoiding any appearance of impropriety in the criminal case.

156. It is admitted that on November 12 or 13, 2020, Det. Sparks presented a potential felon in possession of ammunition case against Williams to SAUSA Dahl for her review with a request for her assistance in obtaining an indictment. Denied it is unusual or carries a minimal sentence.

157. The commentary contained in Paragraph 157 makes no factual allegations against these responding Defendants or any Johnson City Police Department officer and therefore no response is required or made. To the extent a response may be required, these Defendants aver that it an equally plausible reason law enforcement officers were seeking a criminal charge against Williams was to apprehend him and achieve a conviction that included incarceration such that women might come forward without fear of retaliation as to claims against Williams for sexual assault.

158. Admitted Dahl made statements or similar statements of her intentions regarding

18

Williams and JCPD acquiesced in her proposal to delay and build a broader case. These Defendants incorporate by reference their answer to these allegations made by Plaintiff Dahl in her litigation.

159.    The allegations contained in Paragraph 159 are a statement of law to which no response is required. To the extent a response may be required, these Defendants do not have sufficient knowledge at this time to admit or deny if Dahl's alleged investigation while working as a "SAUSA" encompassed facts constituting a sex trafficking conspiracy as described.

160.    Denied.

161-173.    These Defendants admit Dahl made the yet to be adjudicated allegations and these Defendants incorporate by reference their Answer and pending dispositive motion and reply to these allegations made by Plaintiff Dahl in her lawsuit.

174.    Denied.

175-177.    These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 175 through 177.

178.    The allegations contained in Paragraph 178 are denied as stated. These Defendants maintain that the arrest documentation for Female 9 and her male companion speaks for itself. These Defendants further aver that on or about May 31, 2023, Female 9 plead guilty to resisting stop, arrest, search and simple possession/casual exchange following her arrest on April 19, 2023.

179.    The allegations contained in Paragraph 179 are denied as stated. The arrest documentation and guilty plea for Female 9 and her male companion speaks for itself.

180.    The allegations contained in Paragraph 179 are denied as stated. The arrest documentation and guilty plea for Female 9 and her male companion speaks for itself. These Defendants further affirmatively aver that Female 9 plead guilty to resisting stop, arrest, search

19

and simple possession/casual exchange.

181.    These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 181.

182.    These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 182.

183.    It is admitted that Defendant LeGault, as a supervisor, signed off on the report documenting Female 9's arrest on April 19, 2023. The remaining allegations in Paragraph 183 are denied.

184-227.    These Defendants admit the Daigle Group was engaged to conduct an audit of JCPD sexual assault investigative files during the period of January 2018 through December of 2022.   It is denied the City's policies, or the training provided to its officers, failed to comply with Tennessee law or the United States Constitution.   Any remaining allegations in the referenced paragraphs in the Second Amended Complaint not specifically addressed are neither admitted nor denied at this time due to a lack of sufficient information.

228.    It is denied the *Dahl* Complaint was filed in 2021. It is admitted that Dahl made allegations which have not been adjudicated, and these Defendants incorporate by reference their Answer to these allegations made by Plaintiff Dahl in her lawsuit and the dispositive motion and reply and exhibits now pending before the court. The allegations contained in the second grammatical sentence of Paragraph 228 are denied.

229.    Upon information and belief, the allegations contained in Paragraph 229 are admitted.

230.    Denied.

231.    It is admitted that in November, 2019, a female reported she had been raped by

Sean Williams and a case file was opened and an investigation initiated. Otherwise, the allegations are denied.

232. Denied.

233. Denied,

234. Denied as stated in that the allegation lacks any reference to a timeframe.

235. These Defendants cannot admit or deny the allegations contained in Paragraph 235 due to a lack of sufficient knowledge or information.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

249. Denied.

250. These Defendants are without sufficient knowledge or information to admit or deny the allegation.

251.     These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 251 as to what B. P and H.A., and others, learned or believed. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.

252.     These Defendants are without knowledge or information to admit or deny the allegations contained in Paragraph 252 as to Plaintiffs' and class members' belief. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.

253.     These Defendants are without knowledge or information to admit or deny the allegations contained in Paragraph 253 as to the Plaintiffs' and class members' lack of awareness. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.

254.     It is denied that the *Dahl* Complaint revealed any factual evidence directed to the allegations contained in Paragraph 254. Any remaining allegations contained in Paragraph 254 are likewise denied to the extent the allegations in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022.

255.     These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 255 as to what the Plaintiffs and class members knew or had reason to know.   However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022, then such allegations are denied.  It is also denied that the Plaintiffs have suffered a constitutional injury due to the actions or inactions of these responding Defendants.

256.     These Defendants can neither admit nor deny the allegations contained in Paragraph

256 due to a lack of sufficient knowledge or information.

257.     It is denied that the *Dahl* Complaint revealed any factual evidence directed to the allegations contained in Paragraph 257. Any remaining allegations contained in Paragraph 257 are likewise denied to the extent the allegations in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on June 23, 2022. It is further specifically denied that these Defendants deprived Plaintiffs of their rights, constitutional or otherwise.

258.     Denied.

259-277.     These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 259-276.

278.     These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 278.

279.     Admitted.

280 – 290.     These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 280 – 290.

291.     Upon information and belief, as of the date of this Answer, admitted.

292.     These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 292.

293.     These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 293.   However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on July 18, 2023, then such allegations are denied.  It is also denied that the Plaintiffs have suffered a constitutional injury due to the actions or inactions of these responding Defendants.

294.     These Defendants lack sufficient knowledge or information to admit or deny the

23

allegations contained in Paragraph 294. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on August 26, 2023, then such allegations are denied. It is also denied that the Plaintiffs have suffered a constitutional injury due to the actions or inactions of these responding Defendants.

295. These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 295. However, to the extent the allegations contained in this paragraph attempt to allege the class members' statute of limitations did not begin to run prior to the filing of the *Complaint*, such allegations are denied.

296. These Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 296. However, to the extent the allegations contained in this paragraph attempt to allege that the Plaintiffs' statute of limitations began to run on July 18, 2023, then such allegations are denied.

297. Denied.

## CLASS ACTION ALLEGATIONS

298. The allegations set forth in Paragraph 298 are statements of law, not fact, and thus no response from these Defendants is required or necessary. If an answer is deemed necessary, these Defendants deny that a class and/or subclasses should be certified or meet the requirements of Fed. R. Civ. P. 23 or applicable case law, and thus all allegations in Paragraph 298 are denied.

299. The allegations set forth in Paragraph 299 are statements of law, not fact, and thus no response from these Defendants is required or necessary. If an answer is deemed necessary, these Defendants deny that a "Sex Trafficking Survivor Class" should be certified or meets the requirements of Fed. R. Civ. P. 23 or applicable case law, or that they have viable causes of action described, and thus all allegations in Paragraph 299 are denied.

24

300. The allegations set forth in Paragraph 300 are statements of law, not fact, and thus no response from these Defendants is required or necessary. If an answer is deemed necessary, these Defendants deny that a "Williams Survivor Subclass" should be certified or meets the requirements of Fed. R. Civ. P. 23 or applicable case law, or that they have viable causes of action described, and thus all allegations in Paragraph 300 are denied.

301. The allegations set forth in Paragraph 301 are statements of law, not fact, and thus no response from these Defendants is required or necessary. If an answer is deemed necessary, these Defendants deny that a "Reporter Survivor Class"" should be certified or meets the requirements of Fed. R. Civ. P. 23 or applicable case law, or that they have viable causes of action described, and thus all allegations in Paragraph 301 are denied.

302. The allegations set forth in Paragraph 302 are an attempt by Plaintiffs to reserve certain rights to modify the classes, and thus no response from these Defendants is required or necessary as any rights afforded Plaintiffs in this regard is controlled by applicable law. If an answer is deemed necessary, these Defendants deny that Plaintiffs have a right to seek modification of the purported classes, including expanding the relevant time period for the purported "Reporter Survivor Class", except as is consistent with federal case law and leave of this Court.

303. The allegations set forth in Paragraph 303 are statements of law, not fact, and thus no response from these Defendants is required or necessary. If an answer is deemed necessary, these Defendants deny that the purported Class or Subclasses satisfy the numerosity requirement of Fed. R. Civ. P. 23.

304. The allegations set forth in Paragraph 304 are statements of law, not fact, and thus no response from these Defendants is required or necessary. If an answer is deemed necessary,

these Defendants deny that questions of law and fact common to class members predominate as is required under Fed. R. Civ. P. 23.

305.    The allegations set forth in Paragraph 305 are statements of law, not fact, and thus no response from these Defendants is required or necessary.  If an answer is deemed necessary, these Defendants deny that common evidence supports class treatment for Plaintiffs' equal protection claims as required by Fed. R. Civ. P. 23, or that Plaintiffs' have viable causes of actions against these Defendants for violating Plaintiffs' constitutional rights. To the extent Paragraph 305 is construed as containing factual allegations, the allegations are denied.

306.    The allegations set forth in Paragraph 306 are statements of law, not fact, and thus no response from these Defendants is required or necessary.  If an answer is deemed necessary, these Defendants deny that common evidence supports class treatment of these claims consistent with the requirements of Fed. R. Civ. P. 23.  To the extent Paragraph 306 is construed as containing factual allegations, the allegations are denied.

307.    The allegations set forth in Paragraph 307 are statements of law, not fact, and thus no response from these Defendants is required or necessary.  If an answer is deemed necessary, these Defendants deny that common evidence supports class treatment of these claims consistent with the requirements of Fed. R. Civ. P. 23.  To the extent Paragraph 306 is construed as containing factual allegations, the allegations are denied.

308.    The allegations set forth in Paragraph 308 are statements of law, not fact, and thus no response from these Defendants is required or necessary.  If an answer is deemed necessary, these Defendants deny that the purported Class or Subclasses satisfy the typicality requirement of Fed. R. Civ. P. 23.

309.    The allegations set forth in Paragraph 309 are statements of law, not fact, and thus

no response from these Defendants is required or necessary. If an answer is deemed necessary, these Defendants deny that the certification of classes is appropriate, including for reasons involving the adequacy of representation of the purported Class and/or Subclasses by the individual Plaintiffs or that Plaintiffs satisfy the requirement of Fed. R. Civ. P. 23 in this regard. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second and third sentence of Paragraph 309.

310. The allegations set forth in Paragraph 310 are statements of law, not fact, and thus no response from these Defendants is required or necessary. If an answer is deemed necessary, these Defendants deny that a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. These Defendants deny the third sentence of Paragraph 310. These Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in the second sentence of Paragraph 310.

## COUNT I

311. These Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

312. The existence of the statute cited is admitted. It is denied that the Plaintiffs may properly bring such a claim pursuant to said statute. It is specifically denied that these Defendants are liable to the Plaintiffs by virtue of this statute or any other theory of law, whatsoever. It is further denied that these Defendants received, or that any Defendant received, any financial benefits or participated in any such venture as alleged in this paragraph.

313. Denied.

314. The allegations contained in Paragraph 314 are denied as written. These Defendants deny that they, or any Defendant, mishandled rape reports in exchange for payments.

315.   Denied.

316.   Denied.

317.   Denied.

318.   Denied.

319.   Denied.

320.   Denied.

321.   Denied.

322.   Denied.

323.   Denied.

324.   Denied.

325.   Denied.

326.   Denied.

## COUNT II

327.   These responding Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

328.   The existence of the statutes cited are admitted. It is denied that these Defendants are liable to the Plaintiffs by virtue of any of these statutes or any other theory of law.

329(a)-(g).   Denied.

330-337.   Denied.

## COUNT III

338.   These Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

339.   The existence of the statutes cited are admitted. It is denied that these Defendants

are liable to the Plaintiffs by virtue of any of these statutes or any other theory of law.

340-354.    Denied.

## **COUNT IV**

355.    These Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

356.    The existence of the statutes cited are admitted. It is denied that Defendants are liable to the Plaintiffs by virtue of any of these statutes or any other theory of law.

357-366.    Denied.

## **COUNT V**

367.    These Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

368.    The allegations in Paragraph 368 assert a legal conclusion without sufficient facts or context to support its premise.  To the extent the Plaintiffs are asserting claims and allegations against these Defendants it is admitted only that these Defendants were acting under color of law. It is specifically denied that Johnson City maintained an unconstitutional policy or custom.

369(a)-(f).    Denied.

370-373.    Denied.

374.    Denied.

375.    The allegations contained in Paragraph 375 fail to state a claim upon which relief can be granted against these Defendants. To the extent the Plaintiffs are asserting claims and allegations against these Defendants in this paragraph, then these Defendants are without knowledge or information to admit or deny the allegations.

376.    These Defendants are without knowledge or information to admit or deny the

allegations contained in Paragraph 376 involving injuries they may have suffered due to their encounters, involvement with and/or affiliation with Sean Williams, Alvaro "Alvie" Diaz Vargus, Female 4, Female 5, or others. These Defendants deny that they caused the Plaintiffs to sustain any of the injuries alleged in this paragraph of the Amended Complaint.

377.    Denied.

378.    Denied.

379.    Denied.

380.    Denied.

381.    Denied.

## COUNT VI

382.    These Defendants incorporate by reference their responses and defenses to all allegations heretofore asserted.

383.    The allegations contained in Paragraph 383 assert a statement of law to which no response is required or made. To the extent a response may be required, the assertion is denied. It is specifically denied that the Plaintiffs have suffered a constitutional injury due to the actions or inactions of these Defendants.

384-388.        Denied.

## COUNT VIII[2]

389.    These Defendants incorporate by reference the responses and defenses to all allegations heretofore asserted.

390-394.        Denied.

## COUNT IX

---

[2] The Plaintiffs have misnumbered their "Claims" and skipped from "Count VI" to "Count VIII." To maintain consistency with the allegations made by the Plaintiffs, these Defendants will utilize the Plaintiffs' misnumbering.

395.     These Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

396.     The allegation contained in Paragraph 396 asserts a statement of law to which no response is required or made. To the extent the Plaintiffs are asserting claims and allegations against these Defendants in paragraph 396 that these Defendants breached a duty of care owed to the Plaintiffs, then such claims and allegations are denied.

397-408.          Denied.

## COUNT X

409.     These Defendants incorporate by reference their previous responses and defenses to all allegations heretofore asserted.

410.     The allegation contained in Paragraph 410 asserts a statement of law to which no response is required or made. To the extent the Plaintiffs are asserting claims and allegations against these Defendants in paragraph 410 that these Defendants breached a duty of care owed to the Plaintiffs, then such claims and allegations are denied.

411.     The allegation contained in Paragraph 411 asserts a statement of law to which no response is required or made. To the extent the Plaintiffs are asserting claims and allegations against these Defendants in paragraph 411 that these Defendants breached a duty of care owed to the Plaintiffs, then such claims and allegations are denied.

412-423.          Denied.

## RELIEF REQUESTED

These Defendants admit that a jury demand has been made and is available in this case. These Defendants deny that Plaintiffs are entitled to any other relief requested in the prayer for relief.

31

Now having fully responded to the *Amended Complaint*, these Defendants would ask that the cause be docketed for further proceedings. Any allegation not heretofore expressly admitted is denied.

Respectfully submitted this 15th day of March, 2023.

<div style="margin-left:40%">

s/K. Erickson Herrin
K. Erickson Herrin, BPR # 012110
**HERRIN, McPEAK & ASSOCIATES**
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN  37605-0629
Phone: (423) 929-7113
Fax: (423) 929-7114
Email: lisa@hbm-lawfirm.com

s/ Emily C. Taylor
Emily C. Taylor, BPR # 027157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN  37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

s/Jonathan P. Lakey
Jonathan P. Lakey, BPR # 016788
**BURCH, PORTER & JOHNSON, PLLC**
130 North Court Avenue
Memphis, TN 38103
Phone: (901) 524-5024
Email: jlakey@bpjlaw.com

*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, Investigator Toma Sparks, in his official capacity, Investigator Justin Jenkins, in his official capacity,* Investigator Jeff LeGault, *in his official capacity,* and Investigator Brady Higgins, *in his official capacity*

</div>

32

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Heather Moore Collins
Ashley Shoemaker Walter
HMC CIVIL RIGHTS LAW, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
ashley@hmccivilrights.com
*Counsel for Plaintiffs*

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kberexa@fbb.law
ballen@fbb.law
*Counsel for Toma Sparks in his individual capacity*

Vanessa Baehr-Jones
ADVOCATES FOR SURVIVORS OF ABUSE, PC
4200 Park Boulevard No. 413
Oakland, CA 94602
vanessa@advocatesforsurvivors.com
*Counsel for Plaintiffs*

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
danny@moorerader.com
*Counsel for Kevin Peters in his individual capacity*

Kevin Osborne
Elizabeth Kramer
Julie Erickson
ERICKSON KRAMER OSBORNE, LLP
44 Tehama Street
San Francisco, CA 94105
kevin@eko.law
elizabeth@eko.law
julie@eko.law
*Counsel for Plaintiffs*

Keith H. Grant
Laura Beth Rufolo
Philip Aaron Wells
ROBINSON, SMITH & WELLS, PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
kgrant@rswlaw.com
lrufolo@rswlaw.com
awells@rswlaw.com

Dated this 15th day of March, 2024.

s/ Emily C. Taylor
Emily C. Taylor, BPR # 027157
Phone: (865) 637-1700
Email: etaylor@watsonroach.com