IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

B.P., H.A., and S.H., individually, and on )
Behalf of all others similarly situated, )
 )
    Plaintiffs, )
 )
VERSUS ) No. 2:23-cv-00071-TRM-CRW
 )
CITY OF JOHNSON CITY, TENNESSEE, *et al* )
 )
    Defendants. )

## **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS TO ORIGINAL PLAINTIFFS**

The subpoenas at issue in this Motion were issued prior to the filing of the Second Amended Complaint, simply to ensure that the original Plaintiffs, to whom Rule 34 Requests for Production had been directed, but who had not responded at all, would remain before the Court procedurally. Thus, the issues in dispute here are the same as previously briefed by all parties with respect to the pending Motion to Compel those prior requests (Docket Entry 108). It was clear as reflected in that prior Motion that Plaintiffs intentionally produced nothing at all for anyone except the three now-named Plaintiffs, though as indicated in this instant Motion, pursuant to the meet and confer, Plaintiffs' counsel states that they will produce some material for these formerly-named Plaintiffs. However, despite acknowledging that some responsive material exists, none has yet been forthcoming. There remains considerable dispute concerning the deficiency of material provided by even those three now-named Plaintiffs, such as Plaintiffs' claim of a common interest privilege, which Plaintiff also asserts as to the original Plaintiffs for whom almost nothing (and still no privilege log) has been produced.

Subpoenas at issue here are to the original Plaintiffs Jane Doe 1; Jane Doe 3; Jane Doe 5; Jane Doe 7; Jane Doe 8; and Jane Doe 9 as designated in the original Complaint (Docket Entry

1), along with the parents and sister of Jane Doe 6 who was previously deceased[1], and seek identical information from the Rule 34 Request for Production which remains the subject of the pending Motion to Compel (Docket Entry 108) and upcoming hearing on May 2, 2024.

I. **Originally named Plaintiffs may not avoid routine discovery by dropping to a putative class member status.**

Plaintiffs' principal argument against production is Plaintiffs' erroneous claim that the individuals should not be required to provide discovery, based on the case's newest posture, where these several original Plaintiffs are now putative class members to be represented by two of the other original Plaintiffs. These individuals who filed a lawsuit against these civil servants, accusing them of corruption, and who claim a pattern of intentional discriminatory conduct based on their own experiences, are not immune from discovery in this case.

Rule 26 broadly allows discovery of relevant, non-privileged material. Fed. R. Civ. P. 26(b) (stating " Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…"). The topics of information sought here are typical and reasonable: e.g., communications among the Plaintiffs and certain potential class members; communications with the Defendants' personnel; communications with Kateri Dahl (who the Plaintiffs essentially claim to be a whistleblower that caused them to "discover" their claims); communications with the perpetrator Sean Williams; and communications about certain topics at issue, such as "rape," "sexual assault," "JCPD" or the "police." This is a very narrow field.

Discovery from these original Plaintiffs is also expected to bear on issues involving class certification, such as commonality of the claims. Plaintiffs have not even filed their motion for class certification, and a restriction to prevent discovery at this stage pre-supposing an eventual

---

[1] Jane Doe 2 and Jane Doe 4 remain named Plaintiffs, now identifying themselves by initials.

class certification impermissibly prevents Defendant from discovery of information relevant to that class certification issue and Defendant's other substantive defenses. The Sixth Circuit has reversed premature limitations on discovery that may bar a party from obtaining information that may bear on its substantive defenses: "Thus, the discovery order effectively blocked Bobo from obtaining relevant and potentially admissible evidence on a critical element of his case…" *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 752 (6th Cir. 2012), abrogated on other grounds by *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

  This is not a case where the individuals from whom discovery is sought are passive, absent class members as if this were a class action involving thousands of users of Apple's App Store. The individuals from whom this discovery is sought are <u>active</u> participants. These specific individuals all overtly filed this lawsuit against these Defendants, apparently gave a press conference discussing the case,[2] and are represented by Plaintiffs' counsel, specifically. Most of them are specifically named in the Plaintiffs Initial and even very recent Supplemental Rule 26(a)(1)(A)(i) disclosures, which requires a party to name "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Thus, by naming them, the Plaintiffs affirmatively acknowledge that they have "discoverable information," and that the Plaintiffs themselves "may use [them] to support its claims."

  Courts have consistently allowed discovery, even of "absent" class members, in *exactly* this kind of situation. In the very recent case of *In re Drassinower*, 2021 WL 3772328 (S.D. Cal. 2021), an originally named plaintiff (Ms. Drassinower) in a proposed class action lawsuit was

---

[2] https://www.wjhl.com/video/alleged-sean-williams-victims-attorneys-speak-on-johnson-city-lawsuit/9406683/ (last accessed April 16, 2024).

faced with a request for deposition while she was a named plaintiff. In an apparent effort to dodge this discovery, the plaintiffs then moved to amend, dropping Ms. Drassinower as a named plaintiff, to leave her as a putative class member. The defendant then issued a subpoena to her. This is *exactly* what has happened in the case at bar with respect to these individuals from whom this Defendant has sought discovery, first by Rule 34 requests while they were named Plaintiffs, and through a subpoena when it became clear that Plaintiffs intended to follow the *Drassinower* strategy of dropping to a putative class member status to avoid discovery.

But the *Drassinower* Court firmly rejected this attempt to dodge the Defendants' discovery, and ordered that the original plaintiff proceed with the deposition notwithstanding her new status as a putative class member. The Court found that the "deposition is 'reasonably necessary, not conducted for an improper purpose, and not unduly burdensome.'" *Id*. at *6 (quoting *Arredondo v. Delano Farms Co*., 2014 WL 5106401 (E.D. Cal. 2014).

The Court further expressly recognized that a person who files a suit, as a named plaintiff, "cannot avoid discovery by withdrawing from the case." Id. at *8 (emphasis added). The Court stated more fully:

> Ms. Drassinower did not "inject herself into the litigation" solely by providing discovery responses and a declaration for her verified complaint; **she also "injected herself into the litigation" as a named plaintiff, who agreed to participate in the case in a representative capacity, and now cannot avoid discovery by withdrawing from the case. As such, Ms. Drassinower has not met her burden to persuade the court that her deposition would be unduly burdensome.** *Jackson v. Montgomery Ward & Co*., 173 F.R.D. 524, 528–29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. ... Just because complying with a discovery request will involve expense or may be time consuming, does not make it unduly burdensome.").

*Id*. (emphasis added).

In another almost identical case, *Burnett v. Ford Motor Co*., 2015 WL 3540886 (S.D. W.Va. 2015), four named plaintiffs filed notices of voluntary dismissal after written discovery had been served on them and oral requests for depositions had occurred. The case then proceeded as a putative class action, with these individuals as putative class members rather than as named plaintiffs. This is the exact posture in the case at bar.

The defendants sought discovery, and the former plaintiffs filed a motion for protective order. The Court denied the motion for protective order. *Id*. at *1. The Court held "Nevertheless, courts always have leeway to permit discovery from absent class members 'when reasonably necessary, not conducted for an improper purpose, and not unduly burdensome in the context of the case and its issues.'" *Id*. (quoting *Arredondo v. Delano Farms Co*., 2014 WL 5106401 (E.D. Cal. 2014)).

The *Burnett* Court held that this standard was clearly met with respect to these four former named plaintiffs, who are not subject to any of the typical reticence concerning discovery of "absent" class members:

> As Ford emphasizes, all four of the proposed deponents were named plaintiffs in the litigation for nearly two years. **Certainly, when these individuals agreed to participate in the case in a representative capacity, they should have realized that they would be expected to respond to discovery requests at some point in the proceedings.** Ford does not seek leave to take long, taxing depositions; instead, it explicitly describes the scope of the questioning to include "each of the individuals' purchase, use, and potential sale of their vehicles, their involvement in this litigation, and their dismissal from this action." (ECF No. 388 at 10). Moreover, Ford does not attempt to discover this information from a large number of absent class members and does not tie a failure to respond to the discovery to any particular sanction; consequently, there is nothing to suggest a motive on Ford's part to intimidate the four proposed deponents or reduce the size of the class by taking these four depositions.
>
> Second, Ford shows the necessity of the examination by explaining that the information sought is relevant to common issues and cannot be obtained from other class representatives. In order to maintain a class action, Plaintiffs must demonstrate that "there are questions of law or fact common to the class."

Fed.R.Civ.P. 23(a)(2). As the Fourth Circuit explains, " '[c]ommonality requires the plaintiff[s] to demonstrate that the class members have suffered the same injury'—a shared injury that also springs forth from the same 'common contention.' " *Ealy v. Pinkerton Government Services, Inc*., 514 F. App'x 299, 304 (4th Cir.2013) (citing *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2556, 180 L.Ed.2d 374 (2011) (internal citations omitted). According to Plaintiffs, one common question of fact in this case is "whether Nationwide and Statewide Class members overpaid for their Ford Vehicles as a result of the defects alleged herein." (ECF No. 381–1 at 134). Ford proposes to depose four individuals who claim to have suffered a economic injury related to Ford's allegedly defective electronic throttle control system, although the individuals apparently never experienced the purported consequence of the defect; that being, a sudden unintended acceleration of their vehicle. (See ECF No. 1). Three of the proposed deponents (Elsinger, Kletchka, and Richardson) bought Ford vehicles, and one proposed deponent (Salamone) leased a Ford vehicle. All four vehicles used by the proposed deponents were different models. Two vehicles were new at the time of purchase, and one was used. Accordingly, depositions of these individuals could provide relevant and important information regarding the financial injury, if any, associated with the alleged defect when considering different vehicle models, when the vehicle is purchased new versus used, and when the vehicle is bought rather than leased. Information regarding the experiences of these individuals is not available from the current class representatives and is not entirely within Ford's knowledge. Plaintiffs' contention that Ford has already deposed current plaintiffs with similar experiences may be true, but alone does not provide a reason to entirely preclude Ford from obtaining additional discovery.

Third, the proposed deponents should not require expert or legal assistance to prepare for the depositions. **While Ford does seek information about the individuals' participation in the litigation and subsequent dismissals from the case, their former counsel will already be present at the depositions and can provide guidance in areas of attorney/client privilege and work product protection.** Therefore, the universal concern that an absent class member will incur legal fees as a consequence of the deposition is not applicable to the factual scenario here. <u>**Ford correctly points out that the proposed deponents are not ordinary absent class members being singled out for intrusive discovery. To the contrary, these four individuals were previously named parties, who affirmatively interjected themselves into the prosecution of the claims and maintained their representative roles until opting for voluntary dismissals. During the period of their involvement, the proposed deponents filed numerous motions, including a motion to consolidate and a motion for preliminary injunction; served Ford with discovery requests; served multiple third-party subpoenas; responded to Ford's motions; participated by counsel in scheduling conferences; moved for the appointment of co-lead counsel; and moved to compel discovery from Ford. Thus, the proposed deponents are not "garden variety absent class member[s]" entitled to a shield from**</u>

> **discovery.** *In re Plasma–Derivative Protein Therapies Antitrust Litigation*, Nos. 09–c–7666, 11–c–1468, 2012 WL 1533221, at *5 (N.D .Ill. Apr. 27, 2012).

*Burnett v. Ford Motor C*o., 2015 WL 3540886, at *2–3 (S.D.W.Va. 2015) (emphasis added).

Other cases are consistently in accord in allowing discovery from former named plaintiffs who later elect to become members of a putative class, rather than a named plaintiff in their own right. See, e.g., *Alliance For Global Justice v. District of Columbia*, 2005 WL 469593, at *3 (D.D.C. 2005) (stating "It bears emphasis that plaintiffs, represented by sophisticated counsel, surely had to appreciate when they began this lawsuit that they would have to undertake significant discovery obligations. It is simply unfair to allow plaintiffs to walk away from these obligations when it appears that they have information pertinent to the case that they initiated and that defendants must continue to defend. Additionally, while I acknowledge that defendants could seek much of the information via other means, it is unfair to place this burden upon defendants when plaintiffs admittedly sought voluntarily dismissal to avoid complying with discovery…"); *In re Folding Carton Antitrust Litigation*, 83 F.R.D 260 (N.D. Ill. 1979)(holding "Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave discovery limited to the portion of the plaintiffs selected."); and *In re Principal U.S. Property Account Erisa Litigation*, 2012 WL 13024732 (S.D. Iowa 2012).

In a leading case concerning discovery of unnamed class members more broadly, the D.C. Circuit made clear that unnamed class members are not immune from discovery. *Dellums v. Powell*, 566 F.2d 167 (D.C.Cir. 1977), cert. denied, 438 U.S. 916 (1978). In that case, a defendant was faced at trial with testimony from several unnamed class members, a situation very likely to occur in the case at bar based on Plaintiffs' Rule 26 disclosures that stand for that proposition. The Defendant appealed, claiming that the trial testimony from these unnamed class

members was a surprise, since (he believed) he could not obtain discovery from unnamed class members. But the D.C. Circuit rejected this claim, holding that the Defendant was *indeed permitted* to obtain discovery from unnamed class members as long as the requests are generally in good faith and not unduly burdensome:

> Apparently Chief Powell's position is that, because the witnesses through whom this testimony was introduced were mostly unnamed class members, he was caught by surprise since he had not deposed these persons and since even if he had sought discovery the Federal Rules of Civil Procedure would not have allowed it. Chief Powell's reading of the Federal Rules is patently incorrect. While it is true that discovery against absentee class members under Rules 33 and 34 cannot be had as a matter of course, **the overwhelming majority of courts which have considered the scope of discovery against absentees have concluded that such discovery is available, at least when the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties.** See *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340-341 (7th Cir.), cert. denied, 419 U.S. 1070, 95 S.Ct. 657, 42 L.Ed.2d 666 (1974); *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971), cert. denied, 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972); *United States v. Trucking Employers, Inc.*, 72 F.R.D. 101, 104-105 (D.D.C.1976); *Robertson v. National Basketball Ass'n*, 67 F.R.D. 691, 699-700 (S.D.N.Y.1975); *Bisgeier v. Fotomat Corp.*, 62 F.R.D. 118, 119-120 (N.D.Ill.1973); *Gardner v. Awards Marketing Corp.*, 55 F.R.D. 460 (D.Utah 1972); *cf. Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534-535 (N.D.Ga. 1972) (although discovery under Rules 33-34 is not proper, discovery under Rules 30, 31, and 45 is proper and appropriate orders will be entered to ensure that defendant can adequately prepare its case). *But see Fischer v. Wolfinbarger*, 55 F.R.D. 129 (N.D.Ky.1971).

*Dellums v. Powell*, 566 F.2d 167 (D.C.Cir. 1977), cert. denied, 438 U.S. 916 (1978).

In the case at bar, all of the factors that courts have considered are met. The *Burnett* Court's factors for permitting discovery (reasonably necessary, not conducted for an improper purpose, and not unduly burdensome in the context of the case and its issues) are indisputably met. There are myriad defenses to this case, including the statute of limitations; the discovery rule; when or even <u>if</u> matters were reported to the JCPD; which of the individual Defendants (if any) interacted with these individuals; what actions (if any) the various individual Defendants

took with respect to any alleged victim of Williams or anyone else; whether the claims of the Plaintiffs are common to the claims of the class; whether the representatives are adequate; among many others. Individual defendants are not vicariously liable for the actions of others under § 1983; this goes directly to the commonality of the claims.

The discovery sought is not oppressive or even particularly wide-reaching. It is certainly not sought for any improper purpose. Nor is it unduly burdensome for these original Plaintiffs to provide documents that bear on their allegations in this very serious lawsuit. All of them remain represented by counsel, so there is no risk that they will be taken advantage of through this process.

Plaintiffs rely on generalized cases concerning broad class actions full of unnamed class members who have no real connection to the case other than by virtue of their status as a putative class member, specifically *Boynton v. Headwaters, Inc*. 2009 WL 3103161 (W.D.Tenn. 2009), which Plaintiffs' counsel cited to one of the Defendants' attorneys in this case. Those generalized cases have no bearing on this type of factual situation present in the case at bar. In this kind of case, concerning originally named Plaintiffs, the caselaw is very consistent in *allowing* the type of discovery sought here. There is simply no merit to Plaintiffs' contentions.

**II.     Plaintiffs' second argument concerning a "common interest privilege" has no bearing here.**

Plaintiffs' second principal objection is that they need not share communications among the various Plaintiffs themselves based on what their counsel calls a "common interest privilege." This issue was previously briefed (Docket Entry 109 and 116). First, Plaintiffs still have not produced any privilege log at all, so it is unclear what is being withheld based on this privilege. The law is clear that a privilege log must be produced with respect to information withheld based on objection. Fed. R. Civ. P. 34(b)(2)(C). How else can the Court or the parties

legitimately evaluate the claim of privilege? Here, Plaintiffs have refused to provide anything at all based on this wholesale objection. This is improper.

To the extent there is communication among the Plaintiffs' attorneys themselves, or by one or more of the named Plaintiffs *with* one or more of Plaintiffs' attorneys, the Defendant generally does not dispute that such communication might be attorney-client privileged if not otherwise waived (though Defendant is entitled to a privilege log to determine whether the privilege actually applies, such as whether there is the presence of an unrepresented third party, etc.).

The discovery requests do not ask for communications with the attorneys, only communications *among the Plaintiffs themselves.*

But Plaintiffs appear to assert that communications among the Plaintiffs themselves, *without* an attorney for whom the attorney-client privilege could attach, would also be broadly protected. This is contrary to the caselaw addressing this question directly. *U.S. v. Mikhel*, 199 Fed.Appx. 627, 628 (9th Cir. 2006) (holding "Even if we assume that the joint-defense privilege shields some communications between co-defendants made outside of counsel's presence, it would apply only if the communications were made pursuant to specific instructions by the lawyer."); *Burkhead & Scott, Inc. v. City of Hopkinsville*, 2014 WL 6751205, at *4 (W.D.Ky. 2014) ("In construing the doctrine narrowly, this court follows other district courts in this circuit in concluding that an attorney must be involved in the communications for the doctrine to apply"); *United States v. Suarez*, 2014 WL 1898582 (N.D.Ohio 2014) (communications between co-defendants outside presence of counsel unprotected by the common interest doctrine).

As stated repeatedly, Plaintiffs have produced no privilege log by which anyone could examine the application of such a principle. It is axiomatic that a person asserting privilege has

the burden of proving applicability of the privilege. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289 (6th Cir. 2002). Plaintiffs made no genuine attempt to do so in their Response to the prior Motion to Compel, as they have not articulated any facts about the communications among the Plaintiffs from which the Court could determine that the privilege applies. Plaintiffs have not shared any such information with this Defendant in connection with the subpoenas, either.

**III.** **Because the discovery sought here overlaps substantially exactly with the pending Motion to Compel (Docket Entry 108), the Defendant incorporates that briefing herein.**

In the interest of judicial economy and in respect of the Court's time from presenting the same material in even more detail than necessary, this Defendant incorporates its arguments in the pending Motion to Compel (Docket Entry 108) and supporting memorandum (Docket Entry 109) and Reply (Docket Entry 116), pursuant to Fed. R. Civ. P. 10(c).

In summary, the information sought is relevant, the discovery is reasonable in scope, is not sought for any improper purpose, and Defendant is entitled to obtain such information in furtherance of his defense.

CONCLUSION

For the foregoing reasons, the Court should compel Plaintiffs and original Plaintiffs subject to the subpoena, to immediately provide full and complete responses to the subpoenas propounded.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
  DANIEL H. RADER IV / BPR #025998
  P. O. Box 3347
  Cookeville, TN  38502
  Phone: (931) 526-3311
  Fax: (931) 526-3092
  danny@moorerader.com
  Attorneys for Kevin Peters, individually

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

| | |
|---|---|
| Thomas J. Garland, Jr.<br>Milligan & Coleman, PLLP<br>230 W Depot St.<br>Greeneville, TN  37743<br>Email:  tgarland@milligancoleman.com<br>*Attorney for the City of Johnson City,*<br>*Tennessee, and Karl Turner, in his*<br>*Individual capacity* | Ms. Kristin E. Berexa<br>Mr. Benjamin C. Allen<br>Farrar Bates Berexa<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN  37027<br>615-254-3060<br>Email:  kberexa@fbb.law<br>ballen@fbb.law<br>*Attorneys for Toma Sparks* |

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

    This the 16th day of April, 2024.

                              MOORE, RADER AND YORK, P. C.

                              s/DANIEL H. RADER IV, BPR 025998
                              DANIEL H. RADER IV / BPR #025998
                              P. O. Box 3347
                              Cookeville, TN  38502
                              (931-526-3311)
                              danny@moorerader.com