IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
On behalf of all others similarly situated,

    Plaintiffs,

v.                                               No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.

_____/

## MOTION FOR A PROTECTIVE ORDER
## AND/OR MOTION TO QUASH SUBPOENA DUCES TECUM
## ISSUED TO UNNAMED CLASS MEMBERS

    Defendant Peters issued overly broad and unduly burdensome subpoenas to non-class representatives. Even though the persons to whom the subpoenas were issued fall within the proposed class definition, they are not class representatives and thus, discovery under the guise of a third-party subpoena is inappropriate. Plaintiffs respectfully request an Order prohibiting discovery on unnamed class members unless Defendants make the requisite showing under Sixth Circuit jurisprudence and obtain leave of Court.

### RELEVANT FACTUAL BACKGROUND

    Plaintiffs and the proposed class are sexual assault survivors who allege that the Johnson City Police Department ("JCPD") and several of its officers corruptly obstructed the investigation of credible reports of rape against the serial rapist Sean Williams, enabling his predatory conduct. (*See generally*, Second Am. Class Compl., ECF 121). Due to the highly sensitive nature of these claims, Plaintiffs filed as Jane Does and utilized pseudonyms for certain individuals in their

1

complaint and as a result there was substantial motion practice early on to ensure orderly progress of the litigation while protecting survivors' identities.

Defendant Kevin Peters, a former JCPD officer, issued subpoenas duces tecum containing 43 areas of compliance; six of which contained 15 subparts demanding records evincing communications with or between fifteen other persons (¶¶ 1-5, 19); four contained 8 subparts demanding they apply a series of search terms to electronically stored information across multiple sources (¶¶ 26, 30, 34, 38); four contained at least two subparts demanding they look for records using search terms "rape," or "sexual assault" (¶¶ 27, 31, 35, 39); many of which requested communications with or references to known rapist Sean Williams (¶¶ 11-15, 18, 29, 33, 37, 41); many of which requested any communications with, records of, or reference to, prosecuting or investigatory authorities (¶¶ 6-10, 28, 36, 40, 42. 43). (**Ex. 1**, Letter and Subpoenas (Redacted)). Responding to the subpoenas would require inordinate time, effort and expense, assistance from counsel, and technical support. In addition to those burdens, the subpoenas' targets will be harassed and traumatized.

Peters had initially lodged discovery on the subpoena targets when they were still proposed class representatives in the operative complaint. However, the proposed Second Amended Class Complaint ("SAC"), filed December 12, 2023, streamlined the number of proposed class representative to three individuals. (ECF 93, 93-1). Plaintiffs advised Peters' counsel that the previously served discovery should be limited to the proposed class representatives, not to all possible class members. (*See e.g.* ECF 110, Opposition to Peters' Motion to Compel). Without further consultation with Plaintiffs' counsel, Peters issued the subpoenas. The SAC was entered on March 1, 2024, after the Court granted Plaintiffs' motion to amend. (ECF 119, Order; ECF 121, Second Amended Class Complaint). The SAC streamlined the class representatives to three

2

people, who are participating in discovery. This Motion relates only to discovery served on unnamed class members.[1] The parties have met and conferred by videoconference, and at length in writing, but reached an impasse.

## ARGUMENT

A protective order is required to prevent Peters, or any Defendant, from abusing the discovery process to harass and burden unnamed class members.

### I.     Standard of Review

Rule 26(c) authorizes the Court to issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf. *Diamond Resorts Int'l, Inc. v. Phillips*, 2018 WL 4328257 at *2 (M.D. Tenn. July 16, 2018).

Subjecting unnamed class members to discovery is generally prohibited because the "principal advantages of class actions would be lost if all class members were routinely subject to discovery." *Boynton v. Headwaters, Inc.*, 2009 WL 3103161, at *1 (W.D. Tenn., Jan. 30, 2009) (quoting *Groth v. Robert Bosch Corp.*, 2008 WL 2704709, at *1 (W.D. Mich., July 9, 2008); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 & n. 2 (1985) (usually "an absent class-action plaintiff is not required to do anything"). Therefore "discovery of unnamed members of a proposed class requires a demonstration of need." Manual for Complex Litigation § 21.14 (4th

---

[1] Plaintiffs agreed to search for and produce certain categories of documents requested in the subpoenas, even though they relate to unnamed class members, for example, Plaintiffs' counsel's communications with the prosecution team for the federal public corruption investigation of the Johnson City Police Department, which spanned 520 pages of emails and attachments, and communications between unnamed class members and former Special United States Attorney Kateri Dahl, among other categories. Counsel for Peters nevertheless declined to withdraw the subpoenas, and, on April 16, 2024, filed a motion to compel (ECF 152). Collins Decl. ¶6-7.

3

ed.). The party seeking it bears a heavy burden of proof to show that the discovery is: (i) tendered in good faith and not unduly burdensome or harassing; (ii) relevant to the decision of common questions; (iii) does not require expert, technical or legal assistance to respond, and (iv) is not available from parties or other sources. *See Boynton,* 2009 WL 3103161, at *1 (citing as the source for those factors *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340–41 (7th Cir.1974), and collecting cases applying *Clark* factors).

Plaintiffs will separately oppose Defendant Peters' motion to compel, however, he advances a position regarding the applicable legal standard that warrants discussion here. Peters claims that *Boynton* has "no bearing" because the target of discovery in that case had not previously been a named plaintiffECF 125 at 9. But *Boynton* is a sister District applying the *Clark* factors, which indisputably apply here, in determining whether a party has met their burden of proof. Whatever factual distinctions exist between this case and *Boynton* do not relieve Peters of following the requirements of *Clark* and making this initial showing. Moreover, Peters did subpoena at least one third-party who was never a party to the litigation, Female 11. Thus, it is incorrect to state that *Boynton* has "no bearing" here.

Peters relies on *In re Drassinower* (S.D. Cal., Aug. 25, 2021, No. 3:19-CV-1715-JLS-AHG) 2021 WL 3772328, where, after a highly fact-specific analysis, the court found that the defendant met its burden under the *Clark* factors and could proceed with the deposition of a former named plaintiff who had actively participated in the false advertising litigation for two years then dropped out under "suspicious" circumstances. *In re Drassinower,* 2021 WL 3772328 at *2, 7-8. The target's status as a former named plaintiff was not dispositive; it was one factor among many the court considered. *Id*. As demonstrated below, applying the *Clark* factors to the facts here demands a different outcome.

4

Peters also cites *Dellums v. Powell*, 566 F.2d 167, (D.C. Cir. 1977), where a policer officer was found liable for civil rights violations based in part on unnamed class member trial testimony. The officer appealed on the grounds that the Federal Rules of Civil Procedure do not allow discovery of unnamed class members. The D.C. Circuit admonished the officer's "patently incorrect" understanding of the Rules and, citing *Clark*, explained the criteria for when discovery on unnamed class members is appropriate. *Dellums*, 566 F.2d at 187. Again, the deciding factor was not that the testimony came from unnamed class members, it was that the officer "made no effort" to take discovery from the witnesses, and thus failed to make the requisite showing under *Clark*. *Id*.

## II.   A Protective Order is Warranted

Defendant Peters did not seek leave of Court to serve the subpoenas, nor did he make any attempt to negotiate their contents or method of service with Plaintiffs' counsel in advance. Collins Decl. ¶2. Peters has made no showing that the subpoenas do not require expert, technical or legal assistance to respond, that they seek information that is otherwise unavailable, or that the topics are relevant to the decision of common questions. The Court may find this failure alone is dispositive. *In re Skelaxin (Metaxalone) Antitrust Litigation*, 292 F.R.D. 544, 550 (E.D. Tenn. 2013) (finding that defendants serving subpoenas on unnamed class members "must first show a particularized need for said discovery and first seek permission from the court. Since this rule is a gateway rule to discovery in class actions, it would seem to trump the burden imposed by Rule 26(c) on the moving party, and, on this basis alone, the undersigned could grant the motion for a protective order as to the unnamed members.")

Even a cursory review of the subpoenas, however, shows they lack the criteria necessary to be enforced against absent class members. As described above, the sheer number of requests

5

(43 areas of compliance with dozens of sub-parts, including through the application of search terms through ESI) is likely to require assistance from attorneys and technical experts. Much of the requested information, such as communications with JCPD or Johnson City is in the control a named party (and has likely already been produced in this matter, based on representations from City's counsel). None of the requests are tailored to probe a common issue. *Khaliel v. Norton Healthcare, Inc. Retirement Plan*, 2012 WL 6554714, at *2 (W.D. Ky., Nov. 20, 2012) ("subpoenas that do not appear to implicate class-wide concerns would be ill-advised, particularly in view of the stringent standard imposed on those who seek to depose unnamed class members").

    Nor were the subpoenas tendered in good faith to avoid harassment. Aware that the subpoena targets are survivors of violent crimes who understood their identities to be confidential, Peters had a private investigator visit their homes and workplaces out of the blue. Collins Decl. ¶3. After receiving several alarmed phone calls from unnamed class members, and to avoid emergency motion practice, Plaintiffs' counsel agreed to accept service in exchange for Peters' counsel calling off the private investigator. Collins Decl. ¶4. Tendering the subpoenas in this manner distressed the recipients and caused them reasonable fear that their identities were no longer protected. Moreover, the subpoenas seek any communications the individuals may have had with a serial rapist, and any communications with others he assaulted (regardless of subject matter)—requests which have no apparent relevance to the claims and defenses in the lawsuit and appear intended to chill survivors in their pursuit of justice. *Cf. In re Drassinower,* 2021 WL 3772328 at *7 (discovery aimed at a consumer relating to ordinary commercial transaction would not "directly or impliedly threaten the putative class members").

## CONCLUSION

6

Based on the above, Plaintiffs respectfully request that the Court exercise its discretion to enter an order prohibiting discovery on unnamed class members, absent leave of Court. *See e.g.*, *Boynton*, 2009 WL 3103161, at *2 (granting protective order prohibiting written discovery or depositions of unnamed class members until further order of the court); *In re Skelaxin,* 292 F.R.D. 544, 556 (entering protective order and requiring defendants to demonstrate why information sought in proposed subpoena was necessary and unavailable from any other source.)

Dated April 18, 2024.

Respectfully submitted,

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*

Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

Erickson Kramer Osborne, LLP

*/s/ Elizabeth Kramer*
Elizabeth Kramer (*pro hac vice*)
Kevin Osborne (*pro hac vice*)

7

44 Tehama St.
San Francisco, CA 94105
415-635-0631
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on April 18, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

                                          */s Heather Moore Collins*
                                          Heather Moore Collins