**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION**

**B.P., H.A., and S.H. individually, and
On behalf of all others similarly situated,**

       **Plaintiffs,**

**v.**                              **No: 2:23-cv-00071-TRM-JEM**

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

       **Defendants.**
_____/

## DECLARATION OF HEATHER MOORE COLLINS

I, Heather Moore Collins, declare under penalty of perjury that the foregoing is true and correct:

1.     Attached as **Exhibit 1** are true and correct copies of the subpoenas Defendant Kevin Peters served on February 13, 2024.

2.     Defendant Peters did not seek leave of Court to serve the subpoenas, nor did he make any attempt to negotiate their contents or method of service with Plaintiffs' counsel in advance.

3.     Peters and his counsel are aware that the subpoena targets are survivors of violent crimes who understood their identities to be confidential and nevertheless had a private investigator visit their homes and workplaces out of the blue.

4.     After receiving several alarmed phone calls from unnamed class members, and to avoid emergency motion practice, Plaintiffs' counsel agreed to accept service in exchange for Peters' counsel calling off the private investigator.

1

5.    Based on Plaintiffs' Counsels' communications with unnamed class members, the service of the subpoenas distressed the recipients and caused them reasonable fear that their identities were no longer protected.

6.    Plaintiffs agreed to search for and produce certain categories of documents requested in the subpoenas, even though they relate to unnamed class members, for example, Plaintiffs' counsel's communications with the prosecution team for the federal public corruption investigation of the Johnson City Police Department, which spanned 520 pages of emails and attachments, and communications between unnamed class members and former Special United States Attorney Kateri Dahl, among other categories.

Respectfully submitted,

*/s/ Heather Moore Collins*
Heather Moore Collins BPR #026099

MOORE, RADER AND YORK, P.C.

46 NORTH JEFFERSON AVENUE
COOKEVILLE, TENNESSEE
38501

L. DEAN MOORE (1941-2019)
DANIEL H. RADER III
RICHARD LANE MOORE
DANIEL H. RADER IV
RANDALL A. YORK
ANDRE S. GREPPIN
WADE BLAIR

MAILING ADDRESS
POST OFFICE BOX 3347
38502
———
TELEPHONE
(931) 526-3311
———
FACSIMILE
(931) 526-3092

February 12, 2024

Heather Collins
HMC Civil Rights Law
7000 Executive Center Dr., Ste. 320
Brentwood, TN 37027
*VIA EMAIL ONLY*

Re:     Jane Does 1-9 v. City of Johnson City, et al
        U.S. District Court for the Eastern District of Tennessee – 2:23-cv-71

Dear Ms. Collins:

In light of Plaintiffs' position, as reflected in Plaintiffs' responses to the respective motions to compel, that none of the Plaintiffs need respond to the written discovery except the three who have utilized initials on the proposed second amended complaint, I needed to go ahead and issue subpoenas to the remaining individuals (to the extent such a proposed amendment is ever granted at some point), as well as one of Laura Trent's sisters who I have reason to believe has had some involvement in this matter. Attached is a notice of service and copies of those subpoenas.

Yours very truly,
MOORE, RADER & YORK, P.C.

Daniel H. Rader IV

Cc:     Ashley Walter
        Elizabeth Kramer
        Kevin Osborne
        Emily Taylor
        Caroline Drinnon
        Vanessa Baehr-Jones
        Keith Grant
        Aaron Wells
        Laura Beth Rufalo
        Erick Herrin
        Kristin Berexa
        Ben Allen

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3,      )
JANE DOE 4, JANE DOE 5, K.T. and M.T.,   )
Personal Representatives to JANE DOE 6,  )
JANE DOE 7, JANE DOE 8, and              )
JANE DOE 9,                              )
                                         )
    Plaintiffs,                        )
                                         )
VERSUS                                   ) No. 2:23-cv-00071-TRM-CRW
                                         )
CITY OF JOHNSON CITY, TENNESSEE,         )
KARL TURNER, individually and in his     )
official capacity as Chief of the        )
Johnson City Police Department,          )
KEVIN PETERS, individually and in his    )
official capacity as Captain in the      )
Johnson City Police Department,          )
TOMA SPARKS, individually and in his     )
official capacity as Detective in the    )
Johnson City Police Department, JUSTIN   )
JENKINS, individually and in his official )
Capacity as Detective in the Johnson City Police )
Department, and DOES 6-20, inclusive,    )
                                         )
    Defendants.                        )

## **NOTICE OF SERVICE**

    Comes now the Defendant, Kevin Peters, by and through the undersigned counsel,

and gives notice to all parties in this cause pursuant to Fed. R. Civ. P. 45(a)(4), and gives

notices of subpoenas for documents issued to the following individuals:



1



Copies of the subpoenas are attached hereto.

This the 12th day of February, 2024.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

By DANIEL H. RADER IV, BPR #025998
   DANIEL H. RADER IV, BPR #025998
   P. O. Box 3347
   Cookeville, TN  38502
   Phone: (931) 526-3311
   Fax: (931) 526-3092
   danny@moorerader.com
   Attorneys for Kevin Peters in his
   individual capacity

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon counsel for the parties in this cause by forwarding same by Email Transmission to said counsel this the 12th day of February, 2024.

Ashley Walter                          Caroline Drinnon
HMC Civil Rights Law, PLLC             HMC Civil Rights Law, PLLC
7000 Executive Center Dr.              7000 Executive Center Dr.
Brentwood, TN  37027                   Brentwood, TN  37027
615-724-1996                           615-724-1996
Email: ashley@hmccivilrights.com       Email: caroline@hmccivilrights.com

2

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City,*
*Tennessee, and Karl Turner, in his*
*Individual Capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN 37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City,*
*Tennessee, and Karl Turner, in his*
*Individual capacity*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.
com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City,*
*Tennessee, Karl Turner, in his*
*individual and official capacities,*
*Toma Sparks, in his official*
*capacity, and Kevin Peters, in his*
*official capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
    Brentwood, TN 37027
615-254-3060
*Email: kberexa@fbb.law*
*ballen@fbb.law*
*Attorneys for Toma Sparks*

3

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

MOORE, RADER AND YORK, P. C.


s/DANIEL H. RADER IV, BPR 025998
    DANIEL H. RADER IV / BPR #025998
    P. O. Box 3347
    Cookeville, TN  38502
    (931-526-3311)
    danny@moorerader.com

# UNITED STATES DISTRICT COURT
## for the

JANE DOE 1, et al,

_____ )
*Plaintiff* )
v. )  Civil Action No. 2:23-cv-00071
City of Johnson City, Tennessee, Karl Turner, Kevin )
Peters, Toma Sparks, Justin Jenkins, et al. )
_____ )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ██████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials described on attached Exhibit A. You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2). You are required to cause the requested materials to appear at or before the date of compliance.

| Place: HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>Johnson City, TN 37605-0629 | Date and Time:<br>March 14, 2024, at 1:00pm Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

CLERK OF COURT

OR  *[signature]* Daniel H. Rader IV

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____ , who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311;
danny@moorerader.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, | ) | |
| JANE DOE 4, JANE DOE 5, K.T. and M.T., | ) | |
| Personal Representatives to JANE DOE 6, | ) | |
| JANE DOE 7, JANE DOE 8, and | ) | |
| JANE DOE 9, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| VERSUS | ) | No. 2:23-cv-00071-TRM-CRW |
| | ) | |
| CITY OF JOHNSON CITY, TENNESSEE, | ) | |
| KARL TURNER, individually and in his | ) | |
| official capacity as Chief of the | ) | |
| Johnson City Police Department, | ) | |
| KEVIN PETERS, individually and in his | ) | |
| official capacity as Captain in the | ) | |
| Johnson City Police Department, | ) | |
| TOMA SPARKS, individually and in his | ) | |
| official capacity as Detective in the | ) | |
| Johnson City Police Department, and | ) | |
| DOES 5-10, inclusive, | ) | |
| | ) | |
|     Defendants. | ) | |

## EXHIBIT A TO SUBPOENA DUCES TECUM

1.    Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:



a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.

l. 
m.
n.
o.

2.     Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. 
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

3.     Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.

o. 

4. Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

5. Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6. Produce all text messages between you and Kateri Dahl.

7. Produce all emails between you and Kateri Dahl.

8. Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9. Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10. Produce any records of phone calls between you and Kateri Dahl.

11. Produce all text messages between you and Sean Williams.

12. Produce all emails between you and Sean Williams.

13. Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14. Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15. Produce all records of phone calls between you and Sean Williams.

16. Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17. Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18. Produce any and all recordings of interactions with Sean Williams.

19. Produce any and all recordings of interactions with and any of the following persons:
   a. ███████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20.     Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21.     Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22.     Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23.     Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24.     Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25.     Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| JANE DOE 1, et al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-00071 |
| City of Johnson City, Tennessee, Karl Turner, Kevin Peters, Toma Sparks, Justin Jenkins, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ███████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials described on attached Exhibit A. You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2). You are required to cause the requested materials to appear at or before the date of compliance.

| Place: HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>Johnson City, TN 37605-0629 | Date and Time:<br>March 14, 2024, at 1:00pm Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____, who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311;
danny@moorerader.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print      Save As...      Add Attachment      Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3,   )
JANE DOE 4, JANE DOE 5, K.T. and M.T.,   )
Personal Representatives to JANE DOE 6,   )
JANE DOE 7, JANE DOE 8, and   )
JANE DOE 9,   )
   )
     Plaintiffs,   )
   )
VERSUS   )   No. 2:23-cv-00071-TRM-CRW
   )
CITY OF JOHNSON CITY, TENNESSEE,   )
KARL TURNER, individually and in his   )
official capacity as Chief of the   )
Johnson City Police Department,   )
KEVIN PETERS, individually and in his   )
official capacity as Captain in the   )
Johnson City Police Department,   )
TOMA SPARKS, individually and in his   )
official capacity as Detective in the   )
Johnson City Police Department, and   )
DOES 5-10, inclusive,   )
   )
     Defendants.   )

## EXHIBIT A TO SUBPOENA DUCES TECUM

1.    Produce all text messages between you and any of the following persons,
including but not limited to any group messages, in which any of the following persons is
included:

    a.
    b.
    c.
    d.
    e.
    f.
    g.
    h.
    i.
    j.
    k.

l.
m. 
n.
o.

2. Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g. 
h.
i.
j.
k.
l.
m.
n.
o.

3. Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m
n.

o. 

4.     Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

5.     Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6.      Produce all text messages between you and Kateri Dahl.

7.      Produce all emails between you and Kateri Dahl.

8.      Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.     Produce any records of phone calls between you and Kateri Dahl.

11.     Produce all text messages between you and Sean Williams.

12.     Produce all emails between you and Sean Williams.

13.     Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.     Produce all records of phone calls between you and Sean Williams.

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.     Produce any and all recordings of interactions with Sean Williams.

19.     Produce any and all recordings of interactions with and any of the following persons:

        a.   ██████████

b. 
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

20.    Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21.    Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22.    Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23.    Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24.    Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25.    Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26.    Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
## for the

|  |  |  |
|---|---|---|
| JANE DOE 1, et al, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:23-cv-00071 |
| City of Johnson City, Tennessee, Karl Turner, Kevin Peters, Toma Sparks, Justin Jenkins, et al. | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ███████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials described on attached Exhibit A. You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2). You are required to cause the requested materials to appear at or before the date of compliance.

| Place: Mail to: 46 N. Jefferson Ave. Cookeville, TN 38501 | Date and Time: March 14, 2024, at 9:00am Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

| CLERK OF COURT | | |
|---|---|---|
| | OR | _D̶a̶n̶ḻ̶H̶·̶R̶u̶c̶ḻ̶ IV̶_ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____ , who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311; danny@moorerader.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print   Save As...   Add Attachment   Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, | ) | |
| JANE DOE 4, JANE DOE 5, K.T. and M.T., | ) | |
| Personal Representatives to JANE DOE 6, | ) | |
| JANE DOE 7, JANE DOE 8, and | ) | |
| JANE DOE 9, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VERSUS | ) | No. 2:23-cv-00071-TRM-CRW |
| | ) | |
| CITY OF JOHNSON CITY, TENNESSEE, | ) | |
| KARL TURNER, individually and in his | ) | |
| official capacity as Chief of the | ) | |
| Johnson City Police Department, | ) | |
| KEVIN PETERS, individually and in his | ) | |
| official capacity as Captain in the | ) | |
| Johnson City Police Department, | ) | |
| TOMA SPARKS, individually and in his | ) | |
| official capacity as Detective in the | ) | |
| Johnson City Police Department, and | ) | |
| DOES 5-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT A TO SUBPOENA DUCES TECUM

1.      Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. ███████████████
b. ███████████████
c. ███████████████
d. ███████████████
e. ███████████████
f. ███████████████
g. ███████████████
h. ███████████████
i. ███████████████
j. ███████████████
k. ███████████████

l.
m.
n.
o.



2.     Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



3.     Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.

o. ████████████

4.      Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. ████
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o. ████

5.      Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. ████
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o. ████

6.    Produce all text messages between you and Kateri Dahl.

7.    Produce all emails between you and Kateri Dahl.

8.    Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.    Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.   Produce any records of phone calls between you and Kateri Dahl.

11.   Produce all text messages between you and Sean Williams.

12.   Produce all emails between you and Sean Williams.

13.   Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.   Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.   Produce all records of phone calls between you and Sean Williams.

16.   Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.   Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.   Produce any and all recordings of interactions with Sean Williams.

19.   Produce any and all recordings of interactions with and any of the following persons:

    a.   ███████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20.     Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21.     Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22.     Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23.     Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24.     Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25.     Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.    Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| JANE DOE 1, et al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-00071 |
| City of Johnson City, Tennessee, Karl Turner, Kevin Peters, Toma Sparks, Justin Jenkins, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material All materials described on attached Exhibit A. You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2). You are required to cause the requested materials to appear at or before the date of compliance.

| Place: HERRIN, McPEAK & ASSOCIATES 515 East Unaka Avenue Johnson City, TN 37605-0629 | Date and Time: March 14, 2024, at 1:00pm Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

CLERK OF COURT

OR _Daniel H. Rader IV_

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____, who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311; danny@moorerader.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, | ) | |
| JANE DOE 4, JANE DOE 5, K.T. and M.T., | ) | |
| Personal Representatives to JANE DOE 6, | ) | |
| JANE DOE 7, JANE DOE 8, and | ) | |
| JANE DOE 9, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VERSUS | ) | No. 2:23-cv-00071-TRM-CRW |
| | ) | |
| CITY OF JOHNSON CITY, TENNESSEE, | ) | |
| KARL TURNER, individually and in his | ) | |
| official capacity as Chief of the | ) | |
| Johnson City Police Department, | ) | |
| KEVIN PETERS, individually and in his | ) | |
| official capacity as Captain in the | ) | |
| Johnson City Police Department, | ) | |
| TOMA SPARKS, individually and in his | ) | |
| official capacity as Detective in the | ) | |
| Johnson City Police Department, and | ) | |
| DOES 5-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## **EXHIBIT A TO SUBPOENA DUCES TECUM**

1.    Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. █████████████
b. █████████████
c. █████████████
d. █████████████
e. █████████████
f. █████████████
g. █████████████
h. █████████████
i. █████████████
j. █████████████
k. █████████████

l. 
m.
n.
o.

2.     Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. 
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

3.     Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m
n.

o. ■■■■■■■

4.  Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



5.  Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6.      Produce all text messages between you and Kateri Dahl.

7.      Produce all emails between you and Kateri Dahl.

8.      Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.     Produce any records of phone calls between you and Kateri Dahl.

11.     Produce all text messages between you and Sean Williams.

12.     Produce all emails between you and Sean Williams.

13.     Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.     Produce all records of phone calls between you and Sean Williams.

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.     Produce any and all recordings of interactions with Sean Williams.

19.     Produce any and all recordings of interactions with and any of the following persons:

        a.     ███████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20.    Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21.    Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22.    Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23.    Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24.    Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25.    Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26.    Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27.	Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28.	Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29.	Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30.	Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31.	Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32.	Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33.	Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34.	Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35.	Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| JANE DOE 1, et al, | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:23-cv-00071 |
| City of Johnson City, Tennessee, Karl Turner, Kevin Peters, Toma Sparks, Justin Jenkins, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials described on attached Exhibit A.  You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2).  You are required to cause the requested materials to appear at or before the date of compliance.

| Place: HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>Johnson City, TN  37605-0629 | Date and Time:<br>March 14, 2024, at 1:00pm Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  2-12-24

| CLERK OF COURT | | |
|---|---|---|
| | OR | *signature* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kevin Peters
_____ , who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311; danny@moorerader.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3, )
JANE DOE 4, JANE DOE 5, K.T. and M.T., )
Personal Representatives to JANE DOE 6, )
JANE DOE 7, JANE DOE 8, and )
JANE DOE 9, )
)
     Plaintiffs, )
)
VERSUS )     No. 2:23-cv-00071-TRM-CRW
)
CITY OF JOHNSON CITY, TENNESSEE, )
KARL TURNER, individually and in his )
official capacity as Chief of the )
Johnson City Police Department, )
KEVIN PETERS, individually and in his )
official capacity as Captain in the )
Johnson City Police Department, )
TOMA SPARKS, individually and in his )
official capacity as Detective in the )
Johnson City Police Department, and )
DOES 5-10, inclusive, )
)
     Defendants. )

## EXHIBIT A TO SUBPOENA DUCES TECUM

    1.    Produce all text messages between you and any of the following persons,
including but not limited to any group messages, in which any of the following persons is
included:



a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.

l.
m.
n.
o.



2.      Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



3.      Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m
n.



o. ████████████

4.    Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. 
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

5.    Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6.      Produce all text messages between you and Kateri Dahl.

7.      Produce all emails between you and Kateri Dahl.

8.      Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.     Produce any records of phone calls between you and Kateri Dahl.

11.     Produce all text messages between you and Sean Williams.

12.     Produce all emails between you and Sean Williams.

13.     Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.     Produce all records of phone calls between you and Sean Williams.

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.     Produce any and all recordings of interactions with Sean Williams.

19.     Produce any and all recordings of interactions with and any of the following persons:

    a.      ████████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20.     Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21.     Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22.     Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23.     Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24.     Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25.     Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
## for the

JANE DOE 1, et al,

_____
*Plaintiff*

City of Johnson City, Tennessee, Karl Turner, Kevin
Peters, Toma Sparks, Justin Jenkins, et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:23-cv-00071

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ███████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material All materials described on attached Exhibit A.  You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2).  You are required to cause the requested materials to appear at or before the date of compliance.

| Place: HERRIN, McPEAK & ASSOCIATES 515 East Unaka Avenue Johnson City, TN 37605-0629 | Date and Time: March 14, 2024, at 1:00pm Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____, who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311; danny@moorerader.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3,    )
JANE DOE 4, JANE DOE 5, K.T. and M.T.,    )
Personal Representatives to JANE DOE 6,    )
JANE DOE 7, JANE DOE 8, and    )
JANE DOE 9,    )
    )
    Plaintiffs,    )
    )
VERSUS    )    No. 2:23-cv-00071-TRM-CRW
    )
CITY OF JOHNSON CITY, TENNESSEE,    )
KARL TURNER, individually and in his    )
official capacity as Chief of the    )
Johnson City Police Department,    )
KEVIN PETERS, individually and in his    )
official capacity as Captain in the    )
Johnson City Police Department,    )
TOMA SPARKS, individually and in his    )
official capacity as Detective in the    )
Johnson City Police Department, and    )
DOES 5-10, inclusive,    )
    )
    Defendants.    )

## EXHIBIT A TO SUBPOENA DUCES TECUM

1.    Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:



a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.

l. 
m.
n.
o.

2. Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a. 
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

3. Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.

o. 

4.      Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

5.      Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6.      Produce all text messages between you and Kateri Dahl.

7.      Produce all emails between you and Kateri Dahl.

8.      Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.     Produce any records of phone calls between you and Kateri Dahl.

11.     Produce all text messages between you and Sean Williams.

12.     Produce all emails between you and Sean Williams.

13.     Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.     Produce all records of phone calls between you and Sean Williams.

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.     Produce any and all recordings of interactions with Sean Williams.

19.     Produce any and all recordings of interactions with and any of the following persons:

        a.   ██████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20.     Produce all text messages between you and any employee or official of
Johnson City, Tennessee from 2018 to present.

21.     Produce all emails between you and any employee or official of Johnson
City, Tennessee from 2018 to present.

22.     Produce all direct or instant messages between you and any employee or
official of Johnson City, Tennessee from 2018 to present, including messages transmitted
on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or
feature of any platform of any kind whatsoever.

23.     Produce any and all written communications of any kind between you and
any employee or official of Johnson City, Tennessee from 2018 to present, including but
not limited to letters, notes, memoranda, or any other form of written communication
whatsoever not covered by or produced in response to any other Request.

24.     Produce all records of phone calls between you and any employee or official
of Johnson City, Tennessee from 2018 to present.

25.     Produce any and all records and tangible evidence of any kind that evidence
any report you made to any employee or official of Johnson City, Tennessee relating to
Sean Williams.

26.     Produce all text messages between you and any other person (other than your
attorneys during the time they have represented you) from 2018 to present referencing
"police" or any variation of that term or related terms, including "JCPD," "cop,"
"Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.    Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| JANE DOE 1, et al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:23-cv-00071 |
| City of Johnson City, Tennessee, Karl Turner, Kevin Peters, Toma Sparks, Justin Jenkins, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ███████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials described on attached Exhibit A. You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2). You are required to cause the requested materials to appear at or before the date of compliance.

| Place: HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>Johnson City, TN 37605-0629 | Date and Time:<br>March 14, 2024, at 1:00pm Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____ , who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311; danny@moorerader.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

Print      Save As...      Add Attachment      Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, | ) |
| JANE DOE 4, JANE DOE 5, K.T. and M.T., | ) |
| Personal Representatives to JANE DOE 6, | ) |
| JANE DOE 7, JANE DOE 8, and | ) |
| JANE DOE 9, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| VERSUS | )    No. 2:23-cv-00071-TRM-CRW |
| | ) |
| CITY OF JOHNSON CITY, TENNESSEE, | ) |
| KARL TURNER, individually and in his | ) |
| official capacity as Chief of the | ) |
| Johnson City Police Department, | ) |
| KEVIN PETERS, individually and in his | ) |
| official capacity as Captain in the | ) |
| Johnson City Police Department, | ) |
| TOMA SPARKS, individually and in his | ) |
| official capacity as Detective in the | ) |
| Johnson City Police Department, and | ) |
| DOES 5-10, inclusive, | ) |
| | ) |
| Defendants. | ) |

## EXHIBIT A TO SUBPOENA DUCES TECUM

1.    Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:
a. ████████████████
b. ████████████████
c. ████████████████
d. ████████████████
e. ████████████████
f. ████████████████
g. ████████████████
h. ████████████████
i. ████████████████
j. ████████████████
k. ████████████████

l.
m
n.
o.



2.     Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



3.     Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.

o. ▮▮▮▮▮▮▮

4.    Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:



a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

5.    Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6.      Produce all text messages between you and Kateri Dahl.

7.      Produce all emails between you and Kateri Dahl.

8.      Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.     Produce any records of phone calls between you and Kateri Dahl.

11.     Produce all text messages between you and Sean Williams.

12.     Produce all emails between you and Sean Williams.

13.     Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.     Produce all records of phone calls between you and Sean Williams.

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.     Produce any and all recordings of interactions with Sean Williams.

19.     Produce any and all recordings of interactions with and any of the following persons:

        a.      ████████████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20. Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21. Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22. Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23. Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24. Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25. Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.    Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
### for the

JANE DOE 1, et al,

_____
*Plaintiff*

City of Johnson City, Tennessee, Karl Turner, Kevin
Peters, Toma Sparks, Justin Jenkins, et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:23-cv-00071

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ███████████████████

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials described on attached Exhibit A. You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2). You are required to cause the requested materials to appear at or before the date of compliance.

| Place: 17001 Epson Ct.<br>Louisville, KY 40245 | Date and Time:<br>March 14, 2024, at 9:00am Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____, who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311;
danny@moorerader.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

JANE DOE 1, JANE DOE 2, JANE DOE 3, )
JANE DOE 4, JANE DOE 5, K.T. and M.T., )
Personal Representatives to JANE DOE 6, )
JANE DOE 7, JANE DOE 8, and )
JANE DOE 9, )
)
    Plaintiffs, )
)
VERSUS )    No. 2:23-cv-00071-TRM-CRW
)
CITY OF JOHNSON CITY, TENNESSEE, )
KARL TURNER, individually and in his )
official capacity as Chief of the )
Johnson City Police Department, )
KEVIN PETERS, individually and in his )
official capacity as Captain in the )
Johnson City Police Department, )
TOMA SPARKS, individually and in his )
official capacity as Detective in the )
Johnson City Police Department, and )
DOES 5-10, inclusive, )
)
    Defendants. )

## EXHIBIT A TO SUBPOENA DUCES TECUM

    1.    Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

    a.
    b.
    c.
    d.
    e.
    f.
    g.
    h.
    i.
    j.
    k.

l.
m.
n.
o.



    2.      Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



    3.      Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.

o. 

4.     Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

5.     Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6.      Produce all text messages between you and Kateri Dahl.

7.      Produce all emails between you and Kateri Dahl.

8.      Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.     Produce any records of phone calls between you and Kateri Dahl.

11.     Produce all text messages between you and Sean Williams.

12.     Produce all emails between you and Sean Williams.

13.     Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.     Produce all records of phone calls between you and Sean Williams.

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.     Produce any and all recordings of interactions with Sean Williams.

19.     Produce any and all recordings of interactions with and any of the following persons:

      a.  ████████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20.    Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21.    Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22.    Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23.    Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24.    Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25.    Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26.    Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33.     Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.     Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.     Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43.     Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.

# UNITED STATES DISTRICT COURT
### for the

JANE DOE 1, et al,

_____
*Plaintiff*

City of Johnson City, Tennessee, Karl Turner, Kevin
Peters, Toma Sparks, Justin Jenkins, et al.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No. 2:23-cv-00071

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: ███████████████████████

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials described on attached Exhibit A. You are not required to appear in person pursuant to Fed. R. Civ. P. 45(d)(2). You are required to cause the requested materials to appear at or before the date of compliance.

| Place: HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>Johnson City, TN 37605-0629 | Date and Time:<br>March 14, 2024, at 1:00pm Eastern Time |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2-12-24

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

~~Daniel H. Rader IV~~
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kevin Peters
_____, who issues or requests this subpoena, are:
Daniel H. Rader IV; Moore, Rader & York P.C., 46 N. Jefferson Ave. Cookeville, TN 38501; 931-526-3311;
danny@moorerader.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-00071

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print          Save As...          Add Attachment          Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3,<br>JANE DOE 4, JANE DOE 5, K.T. and M.T.,<br>Personal Representatives to JANE DOE 6,<br>JANE DOE 7, JANE DOE 8, and<br>JANE DOE 9,<br><br>    Plaintiffs,<br><br>VERSUS<br><br>CITY OF JOHNSON CITY, TENNESSEE,<br>KARL TURNER, individually and in his<br>official capacity as Chief of the<br>Johnson City Police Department,<br>KEVIN PETERS, individually and in his<br>official capacity as Captain in the<br>Johnson City Police Department,<br>TOMA SPARKS, individually and in his<br>official capacity as Detective in the<br>Johnson City Police Department, and<br>DOES 5-10, inclusive,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>No. 2:23-cv-00071-TRM-CRW |

## EXHIBIT A TO SUBPOENA DUCES TECUM

    1.    Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:



a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.

l.
m.
n.
o.



2.      Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



3.      Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.



o. ███████████

4.      Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

5.      Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included:

a.
b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.

6.      Produce all text messages between you and Kateri Dahl.

7.      Produce all emails between you and Kateri Dahl.

8.      Produce all direct or instant messages between you and Kateri Dahl, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

9.      Produce any and all written communications of any kind between you and Kateri Dahl, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

10.     Produce any records of phone calls between you and Kateri Dahl.

11.     Produce all text messages between you and Sean Williams.

12.     Produce all emails between you and Sean Williams.

13.     Produce all direct or instant messages between you and Sean Williams, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

14.     Produce any and all written communications of any kind between you and Sean Williams, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

15.     Produce all records of phone calls between you and Sean Williams.

16.     Produce any and all communications with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee from 2018 to present.

17.     Produce any and all recordings of interactions with Johnson City, Tennessee, including any employee or official of Johnson City, Tennessee.

18.     Produce any and all recordings of interactions with Sean Williams.

19.     Produce any and all recordings of interactions with and any of the following persons:

        a.      ██████████

b.
c.
d.
e.
f.
g.
h.
i.
j.
k.
l.
m.
n.
o.



20.     Produce all text messages between you and any employee or official of Johnson City, Tennessee from 2018 to present.

21.     Produce all emails between you and any employee or official of Johnson City, Tennessee from 2018 to present.

22.     Produce all direct or instant messages between you and any employee or official of Johnson City, Tennessee from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever.

23.     Produce any and all written communications of any kind between you and any employee or official of Johnson City, Tennessee from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request.

24.     Produce all records of phone calls between you and any employee or official of Johnson City, Tennessee from 2018 to present.

25.     Produce any and all records and tangible evidence of any kind that evidence any report you made to any employee or official of Johnson City, Tennessee relating to Sean Williams.

26.     Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

27. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

28. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

29. Produce all text messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

30. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

31. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing "rape," "sexual assault," or any variation of that term.

32. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Kateri Dahl.

33. Produce all emails between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present referencing Sean Williams.

34. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

35. Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing "rape," "sexual assault," or any variation of that term.

36.    Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Kateri Dahl.

37.    Produce all direct or instant messages between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever, referencing Sean Williams.

38.    Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "police" or any variation of that term or related terms, including "JCPD," "cop," "Detective," "Sergeant," "Captain," "Investigator" or "Chief".

39.    Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing "rape," "sexual assault," or any variation of that term.

40.    Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Kateri Dahl.

41.    Produce any and all written communications of any kind between you and any other person (other than your attorneys during the time they have represented you) from 2018 to present, including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request, referencing Sean Williams.

42.    Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), and the District Attorney's Office for the judicial district that includes Johnson City (e.g First Judicial District), and any of the employees or officials with the District Attorney's Office.

43. Produce any and all written communications of any kind between you (including any attorney representing you communicating on your behalf), with any FBI agent, or official or employee of the U.S. Attorney's Office.