IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**B.P., H.A., and S.H. individually, and
On behalf of all others similarly situated,**

    **Plaintiffs,**

v.                                       No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**

_____/

**OPPOSITION TO DEFENDANT PETERS' THIRD MOTION TO COMPEL**

Defendant Peters' motion to compel compliance with subpoenas to unnamed class members (ECF 152, 153) should be denied in its entirety. As background, during the meet and confer process on these subpoenas, Plaintiffs (1) expressly objected to Subpoena Requests 1-5 and 19; (2) agreed, for the remaining Requests, to search for and produce certain categories of documents or advise if no responsive documents were located; and (3) notified counsel that rather than lodging nine sets of objections and responses, Plaintiffs would seek a protective order prohibiting discovery on absent class members (including these subpoenas) without consent from Plaintiffs or leave of Court. Declaration of Elizabeth A. Kramer ¶ 2 ("Kramer Decl."). Without notice, Peters filed this motion. Kramer Decl. ¶ 3. On April 18, Plaintiffs filed their motion for a protective order (ECF 158).

In his motion, Peters acknowledges that Plaintiffs are searching for and producing documents requested in the subpoena (ECF 153 at 1; *see also* Kramer Decl. ¶ 1, Ex. A (conferral emails) and he does not specify which requests he is moving to compel a response to. *See*

1

*generally*, ECF 153 (not a single numbered request identified therein). Plaintiffs will therefore infer that Peters' motion applies to the requests that Plaintiffs objected to in full—Subpoena Requests 1-5 and 19.[1]

## ARGUMENT

### I. The Disputed Subpoena Requests Are Invalid

Subpoena Requests 1-5 and 19 are overly broad and seek irrelevant information. Each asks for all documents, records, and communications relating to or including 15 individuals (names filed under seal), with no subject matter limitation:

- Request 1: "Produce all text messages between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included: [list of 15 individuals].

- Request 2: Produce all emails between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included: [list of 15 individuals].

- Request 3: Produce all direct or instant messages including messages transmitted on Facebook, Instagram, Twitter/X, Slack, G-Chat, or any other messaging platform or feature of any platform of any kind whatsoever between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included: [list of 15 individuals].

- Request 4: Produce any and all written communications of any kind including but not limited to letters, notes, memoranda, or any other form of written communication whatsoever not covered by or produced in response to any other Request between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included: [list of 15 individuals].

- Request 5: Produce all records of phone calls between you and any of the following persons, including but not limited to any group messages, in which any of the following persons is included: [list of 15 individuals].

---

[1] Peters' arguments concerning when discovery on unnamed class members is permissible generally (ECF 153 at 1-9) are not addressed here for two reasons. First, that broader issue will be fully briefed in connection with Plaintiffs' Motion for a Protective Order (ECF 158). Second, Plaintiffs' arguments regarding the subpoena requests at issue in this motion do not hinge on the target's status as an unnamed class member—the requests are invalid as drafted, whether lodged in a subpoena or under Rule 34.

2

- Request 19: "Produce any and all recordings of interactions with and any of the following persons: [list of 15 individuals].

The proponent of a motion to compel bears the initial burden of proving that the information sought is relevant to a party's claim or defense (*Gruenbaum v. Werner Enterprises, Inc.* (S.D. Ohio 2010) 270 F.R.D. 298, 302), meaning it tends to make a fact that is consequential to determining the action more or less probable. *Dupray v. Oxford Insurance Company TN LLC*, No. 3:22-CV-01014, 2023 WL 9319115 at *1 (M.D. Tenn., Nov. 20, 2023); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

Subpoena Requests 1-5 and 19 are completely open-ended aside from being between or among the target and 15 other individuals, some of whom know each other completely outside the context of this case, for example, as friends, family members, or co-workers. Without additional criteria to limit the scope of the requests to specific subject matter of the litigation, Peters has failed to meet his burden that the information is relevant. *Cf.*, *Tolliver v. Noble*, No. 2:16-CV-1020, 2023 WL 6590648, at *2 (S.D. Ohio, Sept. 19, 2023) (compelling response where subpoena request is "narrowly tailored" to information that is "clearly relevant" to a claim in the case).

## II.  Plaintiffs Are Fulfilling Their Discovery Obligations

Peters did not propose revisions to cure Subpoena Requests 1-5 and 19.  Kramer Decl. ¶ 4.  Regardless, Plaintiffs agreed to undertake reasonable efforts in connection with the subpoenas to capture discoverable information, notwithstanding their objections to Subpoena Requests 1-5 and 19 or their pending motion for a protective order.  Kramer Decl. ¶ 1, Ex. A (reflecting status

3

of Plaintiffs' search and production as of March 26, 2024). Plaintiffs provide the following update:

- Subpoena Requests 1-5 and 19 for target's documents, records, and communications relating to or including 15 individuals: Plaintiffs are standing on their positions set forth herein.

- Subpoena Requests 6-10, 28, 32, 36, 40 relating to Kateri Dahl: Plaintiffs have produced all documents located after a diligent search and will supplement if any additional documents are identified.

- Subpoena Requests 11-15, 18, 29, 33, 37, 41 relating to Sean Williams: Plaintiffs have produced all documents located after a diligent search and will supplement if any additional documents are identified.

- Subpoena Requests 16, 17, 20-25 relating to JCPD or Johnson City: No responsive materials have been identified, and generally, the targets did not receive materials related to or exchanged with JCPD or Johnson City (including their own police reports). Additionally, Defendant City is the appropriate source for, and likely has already produced, the requested information.

- Subpoena Requests 26, 27, 30, 31, 34, 35, 38, 39 referencing search terms like "JCPD" "cop" "Detective" "Sergeant" "Captain" "Investigator" "Chief" "rape" "sexual assault": Only irrelevant responses have been identified, for example, a text regarding the *Captain America* movie. To the extent relevant documents are identified, Plaintiffs will produce.

- Subpoena Requests 42 and 43 relating to District Attorney's Office, FBI, US Attorney's Office: Plaintiffs have produced all non-privileged information; one privilege log has been produced, and another is forthcoming.

4

Any updates to this information will be provided to Peters and the Court in advance of the May 2 conference.

## CONCLUSION

Plaintiffs request the Court deny the motion in its entirety.


Dated this April 25, 2024.                    Respectfully submitted,

Erickson Kramer Osborne, LLP

*/s/ Elizabeth Kramer*
Elizabeth Kramer (*pro hac vice*)
Kevin Osborne (*pro hac vice*)
44 Tehama St.
San Francisco, CA 94105
415-635-0631
elizabeth@eko.law
kevin@eko.law


HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*

Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634

5

vanessa@advocatesforsurvivors.com

*Attorneys for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on April 25, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

*s/Heather Moore Collins*