| Subject: | Re: Doe et al. v. Johnson City, Tenn. et al. -- Subpoenas |
|---|---|
| Date: | Tuesday, March 26, 2024 at 12:37:09 PM Pacific Daylight Time |
| From: | Daniel H Rader IV <danny@moorerader.com> |
| To: | Elizabeth Kramer <elizabeth@eko.law> |
| CC: | Heather Collins <heather@hmccivilrights.com>, vanessa <vanessa@advocatesforsurvivors.com>, Kristin E. Berexa <kberexa@fbb.law>, Emily Taylor <etaylor@watsonroach.com>, Lisa May <lisa@hbm-lawfirm.com>, Kevin Osborne <kevin@eko.law>, Erica Russell <erica@hmccivilrights.com>, Jon Lakey <jlakey@bpjlaw.com>, Ben C. Allen <ballen@fbb.law>, Keith Grant (kgrant@rswlaw.com) <kgrant@rswlaw.com>, Aaron Wells <awells@rswlaw.com>, L Rufolo <lrufolo@rswlaw.com>, Julie Erickson <julie@eko.law>, Linda Oxford <linda@eko.law> |
| Attachments: | image001.png |

Ms. Kramer,

Thank you for this information. I do agree that this is helpful, and am pleased to further discuss this. I am pleased to learn that you did decide to image the devices, and agree that was a very helpful step.

With respect to category #1, to the extent you indicate that some include family members and friends, I am unclear as to which relationships between the individuals are family and friends, except for the ▇▇▇s. I am certainly willing to work with you to create search terms and much more narrow parameters involving the ▇▇▇s. If there are others in the list who are family, please let me know. If there are others in the list who are friends as you indicated, I am likely willing to limit the request as well, but it would be helpful to know which persons are friends in order to craft those limitations. I am generally willing to limit all of these requests in this category to the "relevant period" as defined by Plaintiffs in the discovery to Mr. Peters, which I recall Plaintiffs defined as January 1, 2018 to present.

I clearly cannot agree that the common interest privilege applies unless an attorney representing the sender or recipient was on the particular text chain. If it is a chain that includes an attorney representing the sender or recipient, I would like some more information as to that category to discern how the privilege would apply, but I would be willing to discuss limiting those. However, as to communications just among the individuals in the subpoena/RFP list themselves, I do not think that the privilege applies, and if your clients are going to stand on that objection, then it would be helpful to move that issue on to the Court for resolution without waiting for a further extension to expire. But I also do not want to piecemeal motions with the Court. I think they will not approve of that. I am open to suggestions as to how that might occur.

As to #2, I cannot agree that any communications with Ms. Dahl are subject to a common interest privilege. Plaintiffs have affirmatively pled in their lawsuit that the filing of the Dahl complaint was the "discovery" point. They have placed their communication with Ms. Dahl at issue. While I understand you state that you are not aware of any responsive documents, I do know definitively from the Dahl litigation that there are text messages between Dahl and at least ▇▇▇▇▇▇▇ in this list. I have seen numerous texts between Ms. Dahl and Ms. ▇▇▇, which were discussed in Ms. Dahl's deposition. I have legitimate reason to believe there are others, but I do not have all the Dahl discovery material at this time. I would ask that you revisit your search.

As to #3, thank you for agreeing to produce the responsive material. I also appreciate Ms. Baehr-Jones's statements concerning Mr. Williams apparent modus operandi. I, of course, have no way to know that Ms. Baehr-Jones is correct or not. That may be plausible, as you say, as to some individuals. But the

various iterations of Plaintiffs' complaint also suggest that several of the women had longer-term contact with Mr. Williams that a one-off visit in the vein.  For instance, Jane Doe 8, who I understand is Ms. ███, references multiple visits to the Williams residence.  The timing in the allegations is somewhat vague, but it implies it might even have been over a period of several years.  The same appears to be true for Jane Doe 5, who I understand to be Ms. ███, thoug perhaps over a shorter period of time.  Others appeared to have had multiple contacts.  It is hard to believe that these individuals have no texts with Mr. Williams.  And if any of these individuals deleted texts, then we have a spoliation issue.

On #4, thank you for agreeing to produce the responsive material.

On #5, I am willing to discuss limiting the search terms if the responsive material proves so voluminous as to be a problem.  But since you indicate that your manual review did not locate anything, then it is hard to imagine that these terms could really be that overly broad.  I would ask that you cause your ESI vendor or search system to actually search those terms as indicated and advise as to the number of "hits."

On #6, I appreciate your willingness to produce some information here.  I have trouble when you use statements such as "relevant and discoverable communications that are responsive to these requests and do not constitute work product."  I have no idea how these various determinations are being made.  But since you have indicated you will produce a privilege log, I will be glad to review it before addressing this further.

Finally, you mentioned at one point below "When I pressed…" and then referenced a statement during the call.  To the extent that you "pressed" during the meet and confer, I felt sure that you understood that I was not attempting to articulate all of my bases for any particular request as if it were a thoughtful briefing or motion hearing.  I was simply offering one example of a kind of text that would be discoverable.  To the extent that was not clear, please let me make that clear now.

With all of this being said, if as you indicated in your last paragraph you will respond to me how we might address this genuine dispute as to the common interest privilege without delay, I will be glad to discuss that with you.  I am glad to have a call on that latter topic if you like.


Daniel H. Rader IV
Moore, Rader & York P.C.
46 N. Jefferson Ave.
Cookeville, TN 38501
931-526-3311
931-526-3092 (fax)

---

**From:** Elizabeth Kramer <elizabeth@eko.law>
**Date:** Tuesday, March 26, 2024 at 11:58 AM
**To:** Daniel H Rader IV <danny@moorerader.com>
**Cc:** Heather Collins <heather@hmccivilrights.com>, vanessa <vanessa@advocatesforsurvivors.com>, "Kristin E. Berexa" <kberexa@fbb.law>, Emily Taylor <etaylor@watsonroach.com>, Lisa May <lisa@hbm-lawfirm.com>, Kevin Osborne

<kevin@eko.law>, Erica Russell <erica@hmccivilrights.com>, Jon Lakey <jlakey@bpjlaw.com>, "Ben C. Allen" <ballen@fbb.law>, "Keith Grant (kgrant@rswlaw.com)" <kgrant@rswlaw.com>, Aaron Wells <awells@rswlaw.com>, L Rufolo <lrufolo@rswlaw.com>, Julie Erickson <julie@eko.law>, Linda Oxford <linda@eko.law>
**Subject:** Re: Doe et al. v. Johnson City, Tenn. et al. -- Subpoenas

Danny,

I hear your concerns. Hopefully with the information I am providing, you'll see there is no need to modify the deposition schedule to work through these discovery issues, even if some require Court intervention.

As an initial point, your claim below that we told you our clients "don't expect to produce anything" is not correct. To the contrary, during the February 23, 2024, meet and confer, Vanessa, Heather, and I went through each category of information in the subpoenas and explained where we anticipated lodging objections/responses, but that we also anticipated providing records for certain categories, and that we would search to determine whether other requested types of documents existed.

As follow up to that conversation, here is an update on our discovery efforts, which demonstrate that we continue to work diligently to respond to the subpoenas. First, we decided to image devices for absent class members who may have testimony relevant to prove facts asserted in the Second Amended Class Complaint. We are processing that data expeditiously but require additional time due to the volume and effort required to search for responsive materials. (We separately represented during prior ESI Protocol meet and confers that we would image cellphones for B.P. and H.A. This has been accomplished and we are moving forward with searching for, and producing, relevant and discoverable materials from these devices.)

Additionally, I will address the categories of documents requested in the subpoena, both to give you the status, and so that if your client wishes to seek Court intervention on areas of impasse, we can get that underway in a quick and orderly fashion:

1. **Communications between our clients (Nos. 1-5, 19):**

We object that these communications are protected by the common interest privilege. To the extent these communications preceded the filing of the lawsuit, they are also irrelevant. To the extent that certain individuals subpoenaed are family members or friends, their communications span years and are again irrelevant to this litigation and are so voluminous that the request is overly broad and unduly burdensome. When I pressed during the February 23, 2024 meet and confer what possible relevance these communications might have, defense counsel stated that they could reveal a plan among plaintiffs and class members to use this lawsuit to obtain an improper monetary windfall. I can assure you that no such documents exist.

2. **Communications with Kateri Dahl (Nos. 6-10):**

We object that these communications are protected by the common interest privilege.

Notwithstanding this objection, there are not presently aware of any responsive documents.

3. **Communications with Sean Williams (Nos. 11-15, 18):**

We do not object to providing responsive documents. I will be sending one audio file later today (too large to email). We will continue to produce responsive documents as we continue to process the data. I do want to note, however, that you are mistaken that our clients had extensive communications with Mr. Williams. On the meet and confer, you asked how it was possible that "all these women were not in communication with Williams." Vanessa explained that Mr. Williams was a serial rapist whose modus operandi was to have women brought to his apartment, drug them – often within minutes of meeting them – and then raping them. It is therefore entirely plausible that he did not communicate with his victims before or after these attacks. Nonetheless, we will continue to search for, and produce, responsive documents.

4. **Communications with Johnson City (Nos. 16-17, 20-25):**

We do not object to providing responsive documents. Our initial search has not produced any responsive materials, but we will continue to search for, and produce, responsive documents.

5. **Search terms (Nos. 26-41):**

We object that the search terms provided are overly broad, and insufficiently tailored, and will result in voluminous and irrelevant results. Nonetheless, our attempts to run these searches manually has not resulted in any documents that are relevant and discoverable. We will continue to search for, and produce, relevant discoverable, nonprivileged documents.

6. **Communications with the District Attorney's Office, FBI, US Attorney's Office, Including by Attorneys (Nos. 42-43):**

As stated during our meet and confer, we plan to produce relevant and discoverable communications that are responsive to these requests and do not constitute work product. Because the law enforcement and prosecutors' offices hold an investigatory privilege over these communications, it has taken time to seek their positions on whether they will seek to assert this privilege. For any withheld communications, we will produce a privilege log.

As you can see from the above, Plaintiffs' counsel has been working in good faith, and I therefore reiterate my request that you grant a two-week extension. There is no need to postpone depositions based on this extension request, as there are still two months before the first scheduled deposition and only one out of the nine individuals you subpoenaed is scheduled for a deposition at this time. If you believe that the additional two weeks poses problems for your client in timely seeking Court intervention, let's please set a call to discuss potential solutions (such as a joint letter to the Court and request for conference to present the issues efficiently).

Thank you and regards,
Elizabeth


Elizabeth A. Kramer
**ERICKSON KRAMER OSBORNE**
San Francisco, California
Direct: (510) 919-2347
www.eko.law



Do not send privileged information from a device where there is a risk that a third party may gain access. If you are not the intended recipient of this email, please delete it and notify the sender.

---

**From:** Daniel H Rader IV <danny@moorerader.com>
**Date:** Monday, March 25, 2024 at 5:11 PM
**To:** Elizabeth Kramer <elizabeth@eko.law>
**Cc:** Heather Collins <heather@hmccivilrights.com>, vanessa <vanessa@advocatesforsurvivors.com>, Kristin E. Berexa <kberexa@fbb.law>, Emily Taylor <etaylor@watsonroach.com>, Lisa May <lisa@hbm-lawfirm.com>, Kevin Osborne <kevin@eko.law>, Erica Russell <erica@hmccivilrights.com>, Jon Lakey <jlakey@bpjlaw.com>, Ben C. Allen <ballen@fbb.law>, Keith Grant (kgrant@rswlaw.com) <kgrant@rswlaw.com>, Aaron Wells <awells@rswlaw.com>, L Rufolo <lrufolo@rswlaw.com>
**Subject:** Re: Doe et al. v. Johnson City, Tenn. et al. -- Subpoenas

Ms. Kramer,

While I offered the 30+ day extension from the previous meet and confer without any request, the problem with an additional extension now requested (at nearly 8pm eastern on the already extended deadline) — seeking essentially two more business weeks — is that Ms. Baehr-Jones has made abundantly clear that your clients generally don't expect to produce anything, standing on these same objections that she has mentioned and which are included in the responses to the virtually identical request for production propounded in November to which no substantive response has been provided. While I want to work

with you to narrow the issues, it is substantially certain there will have to be court intervention based on Ms. Baehr-Jones's comments and the fact that nothing has been produced from the November requests. And because Plaintiffs are insisting that depositions take place relatively soon, a further two business weeks delay means there will likely be insufficient time for motions concerning these genuine disputes and for the Court to rule and for your clients to comply with any order, all before the depositions begin. This information is important, which is why I promptly requested it in early November, over 4 months ago, and why I further sought the information by subpoena when it was clear the Plaintiffs were trying to dodge the production. If Plaintiffs want to reset the entire deposition schedule and push back all of the depositions they have requested until these disputes are resolved in the ordinary course, I would be glad to consider further extension so that all of this can be resolved by the parties and the court in an orderly fashion. However, it has generally been total silence from Plaintiffs on this issue for the last 32 days since the meet and confer, and even now there has been no information offered as to what if anything there is to be produced or withheld beyond Ms. Baehr-Jones's blanket statements. And as stated, it is not as though these requests are new, now over four months out. It respectfully appears to me that further delay will inhibit the substantive resolution of these genuine disputes and create a problem for the depositions as presently scheduled.

Please let me know if you would like to reset all the depositions to July and August and extend other deadlines accordingly in order that the parties and the Court will have a reasonable opportunity to address disputes not on a condensed timeframe.

Danny Rader
Sent from my iPhone

> On Mar 25, 2024, at 6:39 PM, Elizabeth Kramer <elizabeth@eko.law> wrote:
>
> Danny,
> Can we please have a further extension to serve our responses and objections to the subpoenas, to April 5?
> We are working diligently to meet the commitments we made in the meet and confer process and will start producing documents as soon as possible.
>
> Regards,
> Elizabeth
>
>
> Elizabeth A. Kramer
> **ERICKSON KRAMER OSBORNE**
> San Francisco, California

Direct: (510) 919-2347
www.eko.law

<image003.png>

Do not send privileged information from a device where there is a risk that a third party may gain access. If you are not the intended recipient of this email, please delete it and notify the sender.

---

**From:** Daniel H Rader IV <danny@moorerader.com>
**Date:** Friday, March 8, 2024 at 11:43 AM
**To:** Heather Collins <heather@hmccivilrights.com>, vanessa <vanessa@advocatesforsurvivors.com>, Kristin E. Berexa <kberexa@fbb.law>
**Cc:** Emily Taylor <etaylor@watsonroach.com>, Lisa May <lisa@hbm-lawfirm.com>, Elizabeth Kramer <elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, Erica Russell <erica@hmccivilrights.com>, Jon Lakey <jlakey@bpjlaw.com>, Ben C. Allen <ballen@fbb.law>, Keith Grant (kgrant@rswlaw.com) <kgrant@rswlaw.com>, Aaron Wells <awells@rswlaw.com>, L Rufolo <lrufolo@rswlaw.com>
**Subject:** Re: Doe et al. v. Johnson City, Tenn. et al. -- Subpoenas

I misspoke in this prior email. Thirty days from the date of the February 23 call is March 24, so I would be willing to offer an extension through Monday, March 25. I mistakenly counted from the immediately prior meet and confer call on February 21.


Daniel H. Rader IV
Moore, Rader & York P.C.
46 N. Jefferson Ave.
Cookeville, TN 38501
931-526-3311
931-526-3092 (fax)

---

**From:** Daniel H Rader IV <danny@moorerader.com>
**Date:** Friday, March 8, 2024 at 1:39 PM
**To:** Heather Collins <heather@hmccivilrights.com>, vanessa <vanessa@advocatesforsurvivors.com>, "Kristin E. Berexa" <kberexa@fbb.law>
**Cc:** Emily Taylor <etaylor@watsonroach.com>, Lisa May <lisa@hbm-lawfirm.com>, Elizabeth Kramer <elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, Erica Russell <erica@hmccivilrights.com>, Jon Lakey <jlakey@bpjlaw.com>, "Ben C.

Allen" <ballen@fbb.law>, "Keith Grant (kgrant@rswlaw.com)" <kgrant@rswlaw.com>, Aaron Wells <awells@rswlaw.com>, L Rufolo <lrufolo@rswlaw.com>
**Subject:** Re: Doe et al. v. Johnson City, Tenn. et al. -- Subpoenas

Heather,

First, not all of the subpoenas were directed to class members, but I do acknowledge that Elizabeth and Vanessa represented that they were all your clients. Elizabeth accepted service on February 13 of the subpoenas with a compliance date of March 14. As I stated on the call, it was my understanding that objections are waived if not raised within 14 days, which had not passed at the time of the call, but which has now passed. However, as discussed further herein, I remain willing to extend that time as a courtesy.

During the call, I offered, without being asked, that I would be willing to agree to an extension of time, but for whatever reason, Plaintiffs evidently have not requested an extension until today, two weeks after that call. You mentioned, Heather, that you would likely wish to have an extension. And I remain willing to agree to one. I am not willing to agree to an *additional* 30 days from *now* particularly in light of the fact that Plaintiffs have made clear they do not intend to respond and did not bring this up again until today two weeks later. However, I would be willing to agree to a total of 30 days from the date of that call February 23, which is March 22. It is my understanding that your team did agree to review, internally, whether there would be responsive information. If you are able to represent there is no responsive information, then obviously that narrows the dispute. This was the discussion, as I recall, in the meet and confer.

Please let me know if you agree to respond to the subpoenas by March 22, or if I should expect compliance on March 14 pursuant to the subpoenas.


Daniel H. Rader IV
Moore, Rader & York P.C.
46 N. Jefferson Ave.
Cookeville, TN 38501
931-526-3311
931-526-3092 (fax)

---

**From:** Heather Collins <heather@hmccivilrights.com>
**Date:** Friday, March 8, 2024 at 12:40 PM
**To:** vanessa <vanessa@advocatesforsurvivors.com>, "Kristin E. Berexa" <kberexa@fbb.law>
**Cc:** Emily Taylor <etaylor@watsonroach.com>, Lisa May <lisa@hbm-lawfirm.com>, Elizabeth Kramer <elizabeth@eko.law>, Kevin Osborne <kevin@eko.law>, Erica Russell <erica@hmccivilrights.com>, Jon Lakey <jlakey@bpjlaw.com>, "Ben C. Allen" <ballen@fbb.law>, "Keith Grant (kgrant@rswlaw.com)"

<kgrant@rswlaw.com>, Aaron Wells <awells@rswlaw.com>, Daniel H Rader IV <danny@moorerader.com>, L Rufolo <lrufolo@rswlaw.com>
**Subject:** Doe et al. v. Johnson City, Tenn. et al. -- Subpoenas

> Danny,
>
> Thank you for the call on 2/23 regarding the subpoenas that were served on our clients who are class members but not representatives. As stated in the call it is our belief that Sixth Circuit case law is established that discovery of class members information exceeds the bounds of relevant discovery. Nonetheless, in the call, you agreed that we could have more time to review what relevant or available information exists. This email is to confirm that and let you know we expect to have the review process completed in 30 days. Please confirm this is agreeable.
>
> Thank you and have a good weekend.

<image001.png>
<image002.png>

**Heather Moore Collins**
PRINCIPAL
615.724.1996
7000 Executive Center Dr. #320
Brentwood, TN 37027

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender (heather@hmccivilrights.com) immediately by electronic mail and delete this message and all copies and backups thereof. Thank you.