IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

      Plaintiffs,

v.                      No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

      Defendants.

_____/

## MOTION TO STRIKE CERTAIN IMMATERIAL, MISLEADING, AND IMPERTINENT MATTER FROM DEFENDANT KEVIN PETER'S OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

COMES NOW, Plaintiffs B.P., et al., pursuant to Federal Rule of Civil Procedure 12(f), in this Motion to Strike certain immaterial, misleading, and impertinent portions of Defendant Kevin Peter's Response in Opposition to Plaintiffs' Motion for Protective Order, *see* ECF 165. In support thereof, Plaintiff would state and show as follows:

### INTRODUCTION

On April 25, 2024, Defendant Kevin Peters filed his Response in Opposition to Plaintiffs' Motion for Protective Order, *see* ECF 165. In his opposition, Peters states the following:

> In the instant Motion for Protective Order, Plaintiff's attorney commented on some of her own communications with the federal government (who is prosecuting Sean Williams, which is why communications with prosecutors were even sought) by gratuitously asserting and claiming there to be a "prosecution team for the federal public corruption investigation of the Johnson City Police Department." Plaintiffs' counsel's repeated attempts to cause such a "corruption investigation" by making these apparently baseless allegations to anyone who will listen do not constitute any such thing. This Defendant Peters is certainly unaware of any actual "corruption investigation" and highly doubts that there is any such thing, as opposed to presumably ongoing investigations of Sean Williams for the harms allegedly perpetrated against Plaintiffs. But the media picked up Plaintiffs' counsel's comments in her footnote, and reported this throughout the State of

1

> Tennessee as if this gratuitous, unnecessary characterization were breaking news. This is irremediable.

ECF 165 at 11 n.3.

As set forth in the Declaration of Vanessa Baehr-Jones, filed under seal, Peters is incorrect in suggesting that the referenced public corruption does not exist and that Plaintiffs' counsel has misrepresented the nature of this investigation to the Court and to defense counsel. (Baehr-Jones Decl. ¶¶ 3-5, 7-9.) Moreover, Plaintiffs' counsel advised counsel for Peters that this statement did not accurately reflect the record, and requested he correct the record himself. (*Id.* ¶ 10.) He declined. (*Id.* ¶ 11.) Accordingly, Plaintiffs file this motion to strike and/or correct the record.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(f), "upon motion made by a party. . . the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The word "scandalous" in Rule 12(f) "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *S.E.C. v. Lauer*, No. 03-80612-CIV-MARRA, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007) (quoting 2 MOORE'S FEDERAL PRACTICE § 12.37[3] at 12-97).

Here, counsel for Peters alleges Plaintiffs' counsel has engaged in unethical and defamatory conduct with respect to his client by stating that a public corruption investigation into the Johnson City Police Department exists when one does not. ECF 165 at 11 n.3. The status of this investigation, though, is a matter of fact. (*See* Baehr-Jones Decl. ¶¶ 3-5, 7-8.) Moreover, Plaintiffs provided documentary evidence as to this fact to defense counsel <u>before</u> he filed his April 25 Opposition. (*Id* ¶ 9.) Plaintiffs' counsel has neither misled this Court, nor defense counsel.

Peters' allegations that Plaintiffs' counsel has engaged in "irremediable" and unethical conduct by misrepresenting the status and nature of this investigation is not based on any sworn statement, nor any evidence. *See Lauer*, 2007 WL 1393917, at *2 ([N]one of the evidence in support of Lauer's allegations is sworn and he has taken quotes totally out of context in order to create what he audaciously claims is undisputed evidence of unethical conduct."). The allegations should be stricken from the record and/or corrected.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court strike and/or order Defendant Peters to correct footnote 3 in ECF 165.

Dated this April 29, 2024.  Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—and—

*s/ Elizabeth Kramer*
Julie C. Erickson (California Bar # 293111)

3

Case 2:23-cv-00071-TRM-JEM   Document 166   Filed 04/29/24   Page 3 of 4   PageID #: 2509

Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*