IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| B.P., H.A., and S.H., individually, and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| VERSUS | ) ) | No. 2:23-cv-00071-TRM-CRW |
| CITY OF JOHNSON CITY, TENNESSEE, *et al* | ) ) ) | |
| Defendants. | ) | |

### RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Plaintiffs' Motion to Strike is a completely transparent attempt by Plaintiffs to try this case in the media. The feigned dispute relates to a footnote that Plaintiffs gratuitously and completely unnecessarily put in their Motion for Protective Order (Doc. 158, PageID #2353), and this Defendant's rejection of Plaintiffs' unsubstantiated claim in a footnote of his own.

In their footnote, Plaintiffs offered a completely unnecessary, gratuitous comment to publicly insinuate that there is some kind of ongoing criminal investigation of the Johnson City Police Department by the federal government: a "prosecution team for the federal public corruption investigation of the Johnson City Police Department." There was absolutely no reason for Plaintiffs to include such a statement in their motion <u>except</u> to garner media attention in an effort to lend legitimacy to their utterly specious claims that there is some vast conspiracy among lifelong public servants in the Johnson City Police Department to accept bribes to intentionally allow a rapist to remain free. Plaintiffs' footnote certainly did not reflect on the substance of a Motion for Protective Order or the elements of Fed. R. Civ. P. 26(c).

It is one thing for Plaintiffs to claim that the Defendants did not do their job to their satisfaction, or even to claim that there was some unconstitutional bias that affected the outcome,

<u>all of which will be disproven on the merits</u>.  But Plaintiffs instead want to demonize honest, hardworking people who have served their communities, many of whom served for decades.  This kind of tactic is especially odious.

One would have hoped that Plaintiffs would offer the Court some actual evidence to support their claims of "public corruption" of a law enforcement agency rather than making bald accusations that the government is investigating such, and feigning outrage that anyone might disagree with them.  Instead, Plaintiffs prefer substance-free innuendo and bald allegation.

Unfortunately, Plaintiffs publicity tactic was successful, with Plaintiffs' gratuitous comment picked up by statewide media[1] and reported as truth, even though the materials upon which Plaintiffs rely are simply the Plaintiffs' lawyers own letters and emails urging an investigation and making these defamatory allegations to anyone who will listen.



---

[1] See, e.g.,: https://tennesseelookout.com/2024/04/22/lawsuit-feds-probing-johnson-city-police-over-serial-rapist-cover-up-allegations/; https://tennesseelookout.com/2024/04/22/lawsuit-feds-probing-johnson-city-police-over-serial-rapist-cover-up-allegations/; https://wcyb.com/news/local/court-documents-potential-federal-corruption-investigation-into-johnson-city-police

Plaintiffs' instant Motion to Strike is itself an effort to double down to try and garner even *more* media attention – a wholly transparent attempt to sidestep Local Rule 83.2(a)(2). Substantively, Plaintiffs' attorney's own self-serving letters and emails (which have been heavily redacted), are not evidence that the federal government is itself investigating "public corruption of the Johnson City Police Department," as opposed to furthering ongoing investigations involving Sean Williams or his escape. The government's responses to Plaintiffs' repeated letters and emails apparently accusing the JCPD of "corruption" (in an effort to cause such an investigation) are notoriously guarded and completely devoid of any statement that could be concluded as accepting Plaintiff's allegations.

The government even rejected Plaintiffs' attorney's apparent attempt to manipulate the government into asserting a privilege or other objection to the outstanding subpoenas (perhaps hoping to justify Plaintiffs' failure to respond that is the subject of pending discovery motions). The government instead directed the Plaintiffs to respond to the subpoenas: "<u>Thank you for sending the subpoena. We appreciate the note, but the targets of the subpoena may/should respond to the subpoena as they deem appropriate.</u>" Does 000640.

The Defendants' counsel have <u>all</u> asked Plaintiffs' attorneys over and over and over that if they have any evidence at all to claim that someone accepted a bribe or engaged in public corruption, they need to reveal it. But that is not what Plaintiffs did; Plaintiffs filed yet another document repeating these salacious, unsupported claims to draw more media attention.

**And IF some government official does "investigate" these claims of "public corruption" made by Plaintiffs, it will undoubtedly ONLY be so that the government is not accused of ignoring Plaintiffs' allegations.** It will NOT be because there is merit to the defamatory claims.

Defendant's responsive footnote, noting simply that this Defendant is "unaware of any actual 'corruption investigation' and highly doubts that there is any such thing, as opposed to presumably ongoing investigation of Sean Williams for the harms allegedly perpetrated against Plaintiffs" is entirely appropriate and in direct response to Plaintiff's public claim that there was. It is certainly not "immaterial, misleading, and impertinent" as Plaintiffs' latest Motion to Strike alleges (and which is not even the actual standard under Rule 12(f) regardless). Plaintiffs would now evidently have the Court strike any filing that does not respect this out-of-state Plaintiffs' attorney's self-serving characterizations as gospel. What world is this?

Consideration of the applicable legal principles concerning Plaintiff's Motion to Strike leads to the inescapable conclusion that the Motion to Strike is simply a contrivance in further of the publicity goal. Plaintiffs' attorneys are competent attorneys; they are undoubtedly aware that Rule 12(f), the legal basis they assert as the sole authority for their Motion, is not applicable to this filing. The Sixth Circuit has held:

> The district court correctly decided not to strike the exhibits attached to defendants' dispositive motion. Under Fed.R.Civ.P. 12(f), **a court may strike only material <u>that is contained in the pleadings</u>**. Fed.R.Civ.P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Exhibits attached to a dispositive motion are not "pleadings" within the meaning of Fed.R.Civ.P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).

*Fox v. Michigan State Police Dept.*, 173 Fed.Appx. 372, 375 (6th Cir. 2006) (emphasis added).

See also *Parlak v. U.S. Immigration and Customs Enforcement*, 2006 WL 3634385 (6th Cir. 2006); *Raymond James & Assoc. v. 50 North Front St. TN LLC*, 2024 WL 1716591 (W.D. Tenn. Apr. 22, 2024) (identifying only "pleadings" as subject to motions to strike, and confirming that a motion to strike should not be granted unless the "pleading" has "no possible relation to the controversy.")

To find and cite to an unreported Florida district court case from 2007 on heavily distinguishable facts – the only case Plaintiffs cite – they surely had to overlook these Sixth Circuit cases directly on point.

Even if Rule 12(f) applied, the Defendant's footnote does not contain any statement that is even remotely improper. It says what it says, not whatever gloss Plaintiffs' counsel tries to put on it in the instant Motion to Strike. (See Doc. 165, PageID# 2503). Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Response directly addressing Plaintiff's allegation in their Motion for Protective Order is not redundant; it is not immaterial; it is not impertinent; and it is not scandalous. It is simply disagreement.

The Court should deny Plaintiffs' Motion, and respectfully should also admonish Plaintiff not to continue their transparent effort to try this case in the media through their filings.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN 38502
Phone: (931) 526-3311
danny@moorerader.com
Attorneys for Kevin Peters, individually

CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

| | |
|---|---|
| Thomas J. Garland, Jr.<br>Milligan & Coleman, PLLP<br>230 W Depot St.<br>Greeneville, TN  37743<br>Email:  tgarland@milligancoleman.com<br>*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual capacity* | Ms. Kristin E. Berexa<br>Mr. Benjamin C. Allen<br>Farrar Bates Berexa<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN  37027<br>615-254-3060<br>Email:  kberexa@fbb.law<br>ballen@fbb.law<br>*Attorneys for Toma Sparks* |

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

This the 30th day of April, 2024.

        MOORE, RADER AND YORK, P. C.

        s/DANIEL H. RADER IV, BPR 025998
        DANIEL H. RADER IV / BPR #025998
        P. O. Box 3347
        Cookeville, TN  38502
        (931-526-3311)
        danny@moorerader.com