IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
On behalf of all others similarly situated,

    Plaintiffs,

v.                              No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

## REPLY IN SUPPORT OF PLAINTIFFS'
## MOTION FOR A PROTECTIVE ORDER

Defendant Peters makes a series of scattershot arguments in his opposition (ECF 165, "Opp.") to Plaintiffs' motion (ECF 158, "Mot."). For the sake of organization and brevity, Plaintiffs number each argument and address it point-by-point.

### ARGUMENT

1. The Joint Protective Order governing the disclosure of information in the litigation obviates the need for an order to govern discovery of unnamed class members. Opp. at 1.

Not so. Plaintiffs are seeking an order requiring Peters, or any other Defendant, to obtain leave of Court (or consent from Plaintiffs) prior to seeking discovery from unnamed class members. Permitting reasonable discovery of unnamed class members, while also protecting them from potential harassment and undue burden, is well within the Court's discretion, and provides a fundamentally different safeguard than the confidentiality provisions of the Joint Protective Order.

1

2. The subpoenas are proper because the target individuals were named plaintiffs at the time Peters issued the subpoenas. Opp. at 2 ("At the time the subpoenas were issued and service accepted…they were each named Plaintiffs").

Oddly, Peters is raising an issue that Plaintiffs had not: analyzed at the moment of service, the subpoenas were improper because Rule 45 only authorizes discovery on non-parties. While that gives the Court an independent basis to quash the subpoenas, Peters would simply serve the same objectionable subpoenas on the same individuals, who are now certainly non-parties. And Peters, or another defendant, will presumably subpoena any other unnamed class members whose identities become known, and disputes will continue to arise. The protective order Plaintiffs request would serve a far more efficient gatekeeping function.

3. "By suing these Defendants…subpoenaed individuals certainly cannot claim 'annoyance, embarrassment, oppression, or undue burden or expense' from having to provide routine discovery as to their claims." Opp. at 2-3. The discovery sought "is neither oppressive nor unusual." *Id*. at 4.

Plaintiffs' harassment and burden arguments are set forth in their Motion. ECF 158 at 2, 5-6. Additionally, the protective order is intended to cover all unnamed class members (not just the subpoenaed individuals who were previously named plaintiffs).

4. The subpoena requests are relevant to statutes of limitation.

Plaintiffs' arguments against this assertion are set forth in their Opposition to Defendant Peters' Second Motion to Compel (ECF 114 at 5).

5. Plaintiffs have not met their "good cause" burden under Rule 26(c).

Plaintiffs' demonstration of "good cause" is set forth in their Motion. ECF 158 at 2, 5-6.

2

6. "**How can the Court possibly allow Plaintiffs to call these individuals as witnesses at trial to support their claims and simultaneously deny discovery from them as Plaintiffs insist?**" Opp. at 10 (bolded in original).

Plaintiffs' Opposition to Peters' Third Motion to Compel, Section II, "Plaintiffs Are Fulfilling Their Discovery Obligations" sets forth the search and production efforts made in response to all but 6 of the 43 subpoena requests. The targets have substantially complied with the subpoena, and the requested protective order would still permit discovery of unnamed class members, just with reasonable limitations on frequency and extent as authorized under Rule 26(c).

## CONCLUSION

Based on the above, Plaintiffs respectfully request that the Court enter an order requiring that all Defendants obtain leave of Court (or consent from Plaintiffs) prior to seeking discovery from unnamed class members.

Dated AprilApril 30, 2024.              Respectfully submitted,

                                                               Erickson Kramer Osborne, LLP

                                                               */s/ Elizabeth Kramer*
                                                               Elizabeth Kramer (*pro hac vice*)
                                                               Kevin Osborne (*pro hac vice*)
                                                               44 Tehama St.
                                                               San Francisco, CA 94105
                                                               415-635-0631
                                                               elizabeth@eko.law
                                                               kevin@eko.law

                                                               HMC Civil Rights Law, PLLC

                                                               */s/ Heather Moore Collins*

3

Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Advocates for Survivors of Abuse PC

*/s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com


*Attorneys for Plaintiffs and the Proposed Classes*

4

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on April 30, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

                                                */s/ Elizabeth A. Kramer*
                                                Elizabeth A. Kramer

5

Case 2:23-cv-00071-TRM-JEM   Document 174   Filed 04/30/24   Page 5 of 5   PageID #: 2557