IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
On behalf of all others similarly situated,

    Plaintiffs,

v.                                      No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE OR CORRECT THE RECORD

Plaintiffs raise two points in reply.[1]

First, Defendant Kevin Peters submits no declaration or evidence in support of his Opposition to controvert the facts set forth in the Declaration of Vanessa Baehr-Jones and the attached Exhibits (ECF 168). Thus, there are no facts before the Court that support Peters' accusation in footnote three of ECF 165 that Plaintiffs have misrepresented the existence of the public corruption investigation, nor to support his contention that he was unaware of the existence of this investigation at the time that counsel filed ECF 165. To the contrary, the

---

[1] Much of Defendant Peters' Opposition (ECF 169) consists of irrelevant mudslinging to which Plaintiffs will not respond. It is worth noting, however, that if Plaintiffs had been interested in garnering media attention around the public corruption investigation, they could have revealed the existence of this investigation months ago in response to the numerous public filings in which Defendant Peters accused Plaintiffs of alleging frivolous claims with no factual basis. *See, e.g.*, ECF 51 at 3 (stating Plaintiffs' TVPA allegations against "public servants" are "beyond the pale"); ECF 103 (accusing Plaintiffs of "defam[ing] long-time public servants"). This issue is before the Court now because Peters moved to compel responses to subpoenas, which included Plaintiffs' counsel's communications with the U.S. Department of Justice.

1

uncontroverted facts are: (1) On April 18, 2024, Plaintiffs' counsel provided evidence of this investigation to all Defendants in the form of their communications with the public corruption team, Baehr-Jones Decl. ¶ 9; (2) Plaintiffs' counsel further informed counsel for Peters that footnote three in his filing, ECF 165, was incorrect and requested that he correct the record accordingly, *id.* ¶ 10; and (3) Peters' counsel refused, *id.* ¶ 11.

Second, Defendant Peters argues that FRCP 12(f) only applies to pleadings and not to legal briefs submitted by counsel. But this misses the point. As an officer of the Court, Peters' counsel is <u>always</u> obligated to be truthful and accurate in filings submitted to the Court, and to correct any facts in his legal briefs which prove to be inaccurate. Fed. R. Civ. P. 11; *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) (discussing continuing duty of candor); *Allstate Ins. Co. v. Inscribed PLLC*, 571 F. Supp. 3d 823, 835 (E.D. Mich. 2021) ("[L]awyers owe a duty of candor to the Court, and must not make a false statement of material fact or law to a tribunal or offer evidence that the lawyer knows to be false.") (cleaned up). Here, Peters' footnote accused opposing counsel of engaging in unethical and defamatory conduct based on an inaccurate statement of fact. Peters' counsel had an obligation to be truthful in the first instance, and to correct the record when Plaintiffs highlighted that his footnote was inaccurate.

Regardless of whether footnote three falls under Rule 12(f), the Court has the power to strike impermissible matter under its own inherent authority. *See ACLU of Kentucky v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010); *United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 571 (M.D. Tenn. 2021) ("[T]he Court has inherent power to strike impermissible matter apart from Rule 12(f) and this authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.") (cleaned up); *White v. Dep't of Justice*, No. 16-CV-948-JPG-DGW, 2019 WL 653151, at *2 (S.D. Ill. Feb. 15, 2019) (noting

that where matter is not covered by Rule 12(f), court has inherent power to strike if appropriate).

Striking footnote three is an appropriate remedy here.

Dated: May 6, 2024

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—and—

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*

3

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on May 6, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

    */s Vanessa Baehr-Jones*
    Vanessa Baehr-Jones