UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:23-CV-71-TRM-JEM ) |
| CITY OF JOHNSON CITY, *et al.*, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Defendant Kevin Peters's Motion to Compel Plaintiffs' Responses to Request for Production of Documents ("Motion to Compel") with supporting memorandum [Docs. 108, 109], and the Motion to Compel Compliance with Subpoenas to Original Plaintiffs ("Supplemental Motion to Compel") with supporting memorandum [Docs. 152, 153], as well as Plaintiffs' Motion for Protective Order and/or Motion to Quash Subpoena Duces Tecum Issued to Unnamed Class Members ("Motion for Protective Order") [Doc. 158]. Also before the Court are the parties' responses and replies to these motions [Docs. 114, 116, 164, 165, 174, 175].[1]

On May 2, 2024, the Court held a hearing on these three motions [Doc. 179]. Attorneys Elizabeth Kramer, Vanessa Baehr-Jones, and Ashley Walter appeared on behalf of Plaintiffs. Attorneys Jonathan Lakey, Emily Taylor, Daniel Rader, Kristin Brexa, and Keith Grant appeared

---

[1] The Court will address Plaintiffs' Motion to Strike Certain Immaterial, Misleading, and Impertinent Matter from Defendant Kevin Peters's Opposition to Plaintiffs' Motion for Protective Order [Doc. 166] by separate order.

on behalf of Defendants City of Johnson City, Tennessee, Karl Turner, Kevin Peters, Toma Sparks, Justin Jenkins, Jeff Legault, and Brady Higgins.[2]

By way of background, Plaintiffs filed this action on June 21, 2023 [Doc. 1] and filed the Second Amended Class Action Complaint ("Amended Complaint") on March 1, 2024 [*See* Doc. 121]. The Amended Complaint alleges that "[b]eginning in at least 2018 and continuing to 2021, Sean Williams, a known drug dealer and convicted felon, conspired with Alvaro Fernando Diaz-Vargas and others to drug and rape women, and sexually exploit children, in his apartment in downtown Johnson City" [*Id.* ¶ 18]. Plaintiffs state that "Defendant [Johnson City Police Department] officers conspired with [Sean] Williams to participate in a venture, the purpose of which was to recruit, entice, harbor, provide, obtain, maintain, and solicit women and children, who had not attainted the age of 14 years, for the purpose of engaging in commercial sex acts" [*Id.* ¶ 57]. They state that Johnson City Police Department ("JCPD") officers were aware of the complaints that Sean Williams had raped women and that "officers took overt acts in furtherance of Williams'[s] sex trafficking venture" [*Id.* ¶¶ 95–143]. And despite being aware of such complaints, Plaintiffs allege that the JCPD failed to investigate them [*Id.* ¶¶ 232–33]. This failure, according to Plaintiffs, "was motivated, in part, by the officers' discriminatory animus towards women" [*Id.* ¶ 242].

Plaintiffs represent three classes: (1) "All individuals, including minors, who were sexually abused, drugged, or trafficked by Sean Williams or Alvaro Fernando Diaz-Vargas"; (2) "All members of the Sex Trafficking Survivor Class who were sexually assaulted by Sean Williams following the first report to the JCPD of Sean Williams'[s] alleged sexual violence on or about

---

[2] While Defendant Peters filed his motions [Docs. 108, 152] only on behalf of himself, counsel for Defendant Peters stated at the hearing that he was arguing on behalf of all Defendants.

November 7, 2019"; and (3) "All women, including minors, who reported sexual abuse or trafficking by any person to JCPD from January 1, 2018, to April 25, 2023" [*Id*. ¶ 298]. They allege (1) sex trafficking claims, 18 U.S.C. §§ 1591, 1594, and 1595; (2) obstruction of enforcement, 18 U.S.C. §§ 1594, 1595, and 1591(d); (3) aiding and abetting a sex-trafficking venture, 18 U.S.C. §§ 2, 1591(a)(1) & (2), and 1595; (4) conspiracy to commit violations of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1594(c), 1591, and 1595; (5) violations of 42 U.S.C. § 1983; (6) liability under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-205; (7) negligence for the failure to train; and (8) negligence for the failure to supervise [*Id*. ¶¶ 311–423].

In the Motion to Compel, which was filed before the Amended Complaint, Defendant Peters asks the Court to order Plaintiffs to respond to the first Request for Production ("RFP") that sought five groups of information from Plaintiffs: (1) communications between Plaintiffs; (2) communications between Plaintiffs and Kateri Dahl;[3] (3) communications between Plaintiffs and Sean Williams; (4) communications between Plaintiffs and Defendants; and (5) any information on Plaintiffs' phones relating to various search terms [Doc. 108]. After the Amended Complaint was filed, which reduced the number of named plaintiffs to three—B.P., H.A., and S.H. (the "Now-Named Plaintiffs")—Defendant Peters served subpoenas on the individuals who were named plaintiffs in the original complaint but now are only part of one of the classes represented

---

[3] Kateri Dahl ("Ms. Dahl") was a special prosecutor for Defendant Johnson City, Tennessee, who alleges that she was fired from her position when she raised concerns over the lack of investigation into Sean Williams. Ms. Dahl filed suit against Defendant Johnson City as well as other Defendants who are not parties to this case [*Dahl v. Turner*, No. 2:22-CV-72-KAC-JEM, Doc. 1].

3

by the Now-Named Plaintiffs (the "Formerly-Named Plaintiffs")[4] [Docs. 157-1 to 157-9, SEALED].

Although Defendant Peters maintains that discovery is proper on the Formerly-Named Plaintiffs through his RFP [Doc. 153 p. 1], he served subpoenas on the Formerly-Named Plaintiffs [Docs. 157-1 to 157-9, SEALED] to avoid any "procedural peculiarity" [Doc. 152 p. 2] after Plaintiffs filed the Amended Complaint [Doc. 121]. He also filed the Supplemental Motion to Compel requesting the Court order the Formerly-Named Plaintiffs to respond to the subpoenas [Doc. 152]. The subpoenas request from the Formerly-Named Plaintiffs the same five categories of information as the RFP as well as a sixth category of information: communications between them and law enforcement [Docs. 157-1 to 157-9, SEALED]. Plaintiffs concurrently filed the Motion for Protective Order, asking the Court to "enter an order prohibiting discovery on unnamed class members, absent leave of Court" [Doc. 158 p. 7].

Given the information presented in the parties' filings and what had transpired since the filing of the Motion to Compel, at the May 2 hearing, the Court inquired about what relief Defendant Peters and Plaintiffs are seeking at this time. Defendant Peters asked the Court to order production of the requested documents, award attorney's fees and costs, and order removal of redactions made to produced documents. Plaintiffs asked the Court to deny the motions to compel, deny an award of attorney's fees and costs, and require consent of the unnamed class members for service of subpoenas.

---

[4]  For purposes of this Order, the Court adopts the terminology used in Exhibit 1—"Formerly-Named Plaintiffs"—to distinguish between the "Now-Named Plaintiffs" under the Amended Complaint, and those individuals who were plaintiffs in their individual capacity but who are now unnamed class members [*See* Exh. 1, SEALED]. The Court may refer to the Now-Named and Formerly-Named Plaintiffs, collectively, as "Plaintiffs" because Defendant Peters is seeking responses from both groups and Plaintiffs' counsel stated that they represent these individuals.

4

## I. DISCOVERY SOUGHT FROM FORMERLY-NAMED PLAINTIFFS

At the hearing, Plaintiffs' counsel represented that they have produced or will produce information in response to the subpoenas issued to the Formerly-Named Plaintiffs. The Court therefore **DENIED AS MOOT** the Motion to Compel to the extent it seeks responses from them under Rule 34 [**Docs. 108, 152**]. The Court also **DENIED AS MOOT** any request set forth in the Motion for Protective Order for Court approval for issuance of the subpoenas to Formerly-Named Plaintiffs. In addition, the Court **DENIED AS PREMATURE** any request in the Motion for Protective Order for Court approval for future subpoenas to Formerly-Named Plaintiffs or unnamed class members because Defendant Peters has not filed any such subpoenas and he represented at the hearing that he does not currently have plans to file such subpoenas. To the extent the parties desire to serve any discovery subpoenas in this case, the Court **ORDERED** them to meet and confer prior to service and prior to the filing of any appropriate motions.[5] Hence, the only question with respect to the Formerly-Named Plaintiffs served with a subpoena is what must still be produced in response to the subpoenas. The Court will address that question below in connection with its discussion about what Now-Named Plaintiffs must produce in response to the RFP as well.

## II. CATEGORIES OF REQUESTED INFORMATION

During argument, Defendant Peters presented a chart showing whether and when documents were produced from the Now-Named and the Formerly-Named Plaintiffs in response

---

[5] At the hearing, Defendant Peters continued to argue that the time for production had long since passed and thus, Plaintiffs should be ordered to immediately produce documents responsive to the RFP and the subpoenas. Based upon information presented at the hearing, Plaintiffs have produced and will be producing responsive documents. The Court therefore finds no reason at this time to address this argument. To the extent relevant at a later date, Defendant Peters may revisit the issue.

to the six categories of documents sought in the RFP and subpoenas that are at issue [Exh. 1, SEALED],[6] and defense counsel used this chart to frame his argument. Plaintiffs did not challenge this organization and used it to frame much of their argument as well. The Court has therefore adopted it to frame the resolution of the pending motions to compel. Following argument at the hearing, the Court announced several rulings, which are set forth below, along with additional rulings that dispose of the pending motions.

### A. Category One: Communications Between Plaintiffs

Defendant Peters requests that Plaintiffs produce all text messages, emails, direct or instant messages from social media sites, written communications, and phone calls between all Plaintiffs [Doc. 108-1 pp. 1–3; Docs. 157-1 to 157-9, SEALED]. Defendant Peters argued that Plaintiffs have not provided any documents responsive to this request and asserted the common interest privilege without producing a privilege log. Defendant Peters contends that communications between Plaintiffs are relevant as to statute of limitations issues and to determining factors related to bias, class verification, and how each Plaintiff became a victim of Sean Williams. Plaintiffs responded that they are asserting the common interest privilege for communications occurring only on or after July 1, 2022—after the *Dahl* Complaint was filed and around the time Plaintiffs retained counsel [*See Dahl v. Turner*, No. 2:22-CV-72-KAC-JEM, Doc. 1]. They maintained that they have no obligation to look for responsive documentations after that date, and they believe there are no responsive documents. For communications prior to July 1, 2022, Plaintiffs stated that they have

---

[6] The Court **ORDERED** all exhibits to the hearing be sealed provisionally. The Court also **ORDERED** the parties to meet and confer within **seven (7) days** of the hearing to discuss what portions of the exhibits should be sealed and/or redacted and to file a supplement, in compliance with the Court's order on sealing [Doc. 6], indicating what is being requested to remain sealed or redacted.

6

searched for communications between the Now-Named Plaintiffs and none exist, which is indicative of the fact that these Plaintiffs do not know each other outside of the litigation. Yet, during the course of the hearing, Plaintiffs agreed to search for responsive documents. The Court therefore **ORDERED** Plaintiffs to search for documents responsive to Category One between the Now-Named Plaintiffs, including on and after July 1, 2022, and to produce any responsive documents as well as any privilege log on or before **May 16, 2024**. For Formerly-Named Plaintiffs, the Court **ORDERED** the parties to meet and confer within **seven (7) days** of the May 2 hearing to discuss how to search for information responsive to Category One, and that the meet and confer include, but not be limited to, a discussion about how to search for information on unimaged devices. The Court also **ORDERED** the parties to file a supplement indicating whether there are any issues for the Court to resolve as to Category One within **ten (10) days** of the May 2 hearing.[7]

    **B.**    **Category Two: Communications with Kateri Dahl**

Defendant Peters requests that Plaintiffs produce all text messages, emails, direct or instant messages from social media sites, written communications, and phone calls between Plaintiffs and Ms. Dahl [Doc. 108-1 pp. 3–5 ; Docs. 157-1 to 157-9, SEALED]. Defendant Peters argued that it is unbelievable that no Plaintiffs have communications with Ms. Dahl because Ms. Dahl testified that she had interviewed various individuals when trying to identify survivors of Sean Williams. In addition, many of these Now-Named and/or Formerly-Named Plaintiffs prepared affidavits in Ms. Dahl's case. Plaintiffs responded that only the sister of Jane Doe 6—a Formerly-Named Plaintiff—communicated with Ms. Dahl, and they have fully produced that communication.

---

[7] In his reply brief to his Supplemental Motion to Compel [Doc. 175] as well as during the hearing, Defendant Peters asked the Court to order "that the forensic images of the Plaintiffs' phones be produced for inspection by Defendant Peters's expert (using the search methodology in the subpoenas: specific names and the specific terms)" [*Id.* at 20]. If, after the parties meet and confer, Defendant Peters finds that this relief is warranted, he may indicate such in the supplement.

Plaintiffs' counsel also represented that they have consulted with their clients, conducted a manual search for responsive documents, imaged the cell phones of Plaintiffs B.P. and H.A., and searched for responsive information from the class members. Plaintiffs' counsel stated that, other than the sister of Jane Doe 6, none of the Plaintiffs in this case communicated with Ms. Dahl. They agreed that if they find anything responsive, they will produce it.

Based on Plaintiffs' counsel's representations, Now-Named and Formerly-Named Plaintiffs have searched for documents responsive to Category Two and have reported that none exist, other than the one already produced. To the extent supplemental discovery is necessary, Plaintiffs shall do so in a timely manner. Fed. R. Civ. P. 26(e).

### C. Category Three: Communications with Sean Williams

Defendant Peters requests that Plaintiffs produce all text messages, emails, direct or instant messages from social media sites, written communications, and phone calls between Plaintiffs and Sean Williams [Doc. 108-1 pp. 5–7 ; Docs. 157-1 to 157-9, SEALED]. Prior to the hearing, Plaintiffs produced a series of messages from Jane Doe 7 to Sean Williams that Jane Doe 7 provided to JCPD. They contend that none of the other Plaintiffs have responsive documents. While Plaintiffs have produced some responsive documents, Defendant Peters suspects that there has been spoilation because he finds it unlikely, based upon the nature of the scheme as described, that all the other Plaintiffs did not have communications with Sean Williams. Further, Defendant Peters asserted that Plaintiffs did not produce responsive documents until he specifically referenced the missing communications. With respect to Jane Doe 7, Plaintiffs responded that the communications produced had already been turned over to law enforcement by her and Plaintiffs did not have knowledge of these messages until Defendant Peters told them about them. Plaintiffs' counsel also represented that they have one more source to search for responsive documents.

Plaintiffs are **ORDERED** to review the additional source related to Category Three and provide supplemental discovery **on or before May 23, 2024**. Fed. R. Civ. P. 26(e).

D.     **Category Four: Communications with Defendants**

Defendant Peters requests that Plaintiffs produce all text messages, emails, direct or instant messages from social media sites, written communications, and phone calls between Plaintiffs and any employee or official of Johnson City, Tennessee [Doc. 108-1 pp. 9–11 ; Docs. 157-1 to 157-9, SEALED]. Prior to the hearing, Plaintiffs produced eight voicemails between Plaintiffs and JCPD. Defendant Peters argues that these voicemails are not the complete communications between Plaintiffs and Defendants. In support of this contention, Defendant Peters pointed to an email dated November 2023 [Exh. 2, SEALED] and again to the communications between Jane Doe 7 and Sean Williams that she provided to JCPD [Exh. 3, SEALED], neither of which were produced in response to the RFP until Defendant Peters specifically referenced them. Plaintiffs provided an explanation for why these documents had not been produced previously and responded that they have produced everything responsive to Category Four and have been working to produce the emails with law enforcement but require additional time due to the nature of the communications as further described in Category Six [*See infra* Section II.F.].

Based on Plaintiffs' representations, they have searched for responsive documents and reported that none exist. To the extent supplemental discovery is necessary, Plaintiffs shall do so in a timely manner. Fed. R. Civ. P. 26(e).

E.     **Category Five: Specific Search Terms**

Defendant Peters requests that Plaintiffs produce all text messages, emails, direct or instant messages from social media sites, written communications, and phone calls between Plaintiffs and any other person, other than an attorney, from 2018 to the present referencing the following terms:

9

"police," or any variation of that term or related terms including "JCPD," "cop," "detective," "sergeant," "captain," or "chief"; "rape," "sexual assault" or any variation of that term; "Kateri Dahl"; and "Sean Williams" [Doc. 108-1 pp. 12–20; Docs. 157-1 to 157-9, SEALED]. Defendant Peters argues that the search terms are very specific and narrowed to the relevant topics in this case, and that Plaintiffs have not produced any documents responsive to this category because they claim the search terms are too broad to be relevant. Defendant Peters contests that Plaintiffs are improperly determining which documents are relevant and notes that Plaintiffs have not said how many hits these search terms produced. Plaintiffs responded that they ran the search terms on the imaged phones and had twenty-eight hits, but that many of these were irrelevant, such as communications pertaining to Captain America in response to the "captain" search term. Plaintiffs stated that they are working with their vendor to expand the search terms for those devices already imaged. For the Formerly-Named Plaintiffs whose phones were not imaged, Plaintiffs stated that they have tried to identify if there is any information responsive to these search terms, but so far, no additional documents have been identified.

For any imaged device, the Court **ORDERED** Plaintiffs to produce the responsive documents, including the twenty-eight hits identified, as well as any potential privilege log if anything is being withheld, on or before **May 16, 2024**. For unimaged devices, the Court **ORDERED** the parties to meet and confer within **seven (7) days** to discuss how to search for information that is responsive to Category Five on the unimaged devices. The Court also **ORDERED** the parties to file a supplement with the Court indicating whether there are any issues for it to resolve pertaining to Category Five within **ten (10) days** of the hearing.

### F. Category Six: Communications with Law Enforcement

In the subpoenas served upon the Formerly-Named Plaintiffs, Defendant Peters requested all of the above categories of information, as well as any communications between Formerly-Named Plaintiffs and law enforcement [Docs. 157-1 to 157-9, SEALED]. Plaintiffs produced a series of documents that Plaintiffs' counsel emailed to law enforcement related to this matter, which was redacted. Defendant Peters maintains that this material was improperly redacted because it was not confidential and is not work product. Further, he contends that even if it was work product, Plaintiffs have waived that privilege by disclosing it to a third party. Defendant Peters also argues that Plaintiffs have referred to, but not produced, pictures and other evidence of their assaults throughout their complaints. These documents are relevant, he asserts, to what information JCPD had but did not act on. Plaintiffs respond that they have communicated with Defendant Peters regarding the existence of these documents and that they need additional time to produce them because they must coordinate with law enforcement to determine if they are asserting an investigatory privilege, redact the documents if necessary, and then produce the documents along with a privilege log.

At the hearing, the Court **ORDERED** the parties to meet and confer on the scope of requests that fall within Category Six within **seven (7) days** of the hearing and to file a supplement with the Court indicating whether there are any issues for it to resolve pertaining to Category Six within in **ten (10) days** of the hearing.

### III. ATTORNEY'S FEES AND COSTS

Defendant Peters requests attorney's fees and costs for his efforts in bringing the motions to compel. The parties did not have an opportunity to argue this issue at the May 2 hearing given time constraints, and the Court found that the briefs did not fully address the matter. It therefore

**GRANTED LEAVE** for Defendant Peters to file a supplemental motion for fees and costs within **ten (10) days** of entry of this Order. Plaintiffs may respond within **seven (7) days**, and Defendant Peters may file a reply **seven (7) days** thereafter.

## IV. CONCLUSION

For the reasons expressed herein and at the May 2 hearing, Defendant Peters's motions to compel [**Docs. 108, 152**] are **GRANTED IN PART, DENIED IN PART, AND DENIED AS MOOT IN PART** and Plaintiffs' Motion for Protective Order [**Doc. 158**] is **DENIED AS MOOT AND PREMATURE**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook.
United States Magistrate Judge