UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF JOHNSON CITY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 2:23-CV-71-TRM-JEM<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is Plaintiffs' Motion to Strike Certain Immaterial, Misleading, and Impertinent Matter from Defendant Kevin Peters's Opposition to Plaintiffs' Motion for Protective Order ("Motion to Strike") [Doc. 166], filed on April 29, 2024, along with the Declaration of Vanessa Baehr-Jones [Doc. 168, SEALED]. Defendant Kevin Peters responded in opposition [Doc. 169], and Plaintiff replied [Doc. 181]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a).

Plaintiffs filed the Motion to Strike in response to footnote three of Defendant Peters's Response to Motion for Protective Order ("Footnote Three") [Doc. 165].[1] In support of their motion, Plaintiffs cite to Federal Rule of Civil Procedure 12(f) which states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Pleadings,' under Federal Rule of Civil Procedure 7(a), are: '(1)

---

[1] "In the interest of not giving these allegations any additional 'unnecessary notoriety,'. . . the Court will not restate" the footnote here. *Hlfip Holding, Inc. v. Rutherford Cnty.*, No. 3:19-CV-00714, 2020 WL 6484254, at *3 (M.D. Tenn. Sept. 13, 2020).

a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.'" *Benoist v. Titan Med. Mfg., LLC*, No. 219CV02704SHMTMP, 2021 WL 1723235, at *2 (W.D. Tenn. Apr. 30, 2021) (quoting Fed. R. Civ. P. 7(a)). Footnote Three does not fit the definition of a pleading. "No portion of it can be stricken" under Rule 12(f). *Id.* (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006)).

In their reply brief, Plaintiffs argue that "[r]egardless of whether footnote three falls under Rule 12(f), the Court has the power to strike impermissible matter under its own inherent authority" [Doc. 181 p. 2 (citations omitted)]. "The court may strike improvident filings based on its inherent authority to manage its own docket." *Sultaana v. Jerman*, No. 1:15-CV-382, 2019 WL 6343475, at *5 (N.D. Ohio Nov. 27, 2019) (citing *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010)). This includes the authority to "strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Dowell v. Bernhardt*, No. 3:19-CV-00105, 2019 WL 6909461, at *6 (M.D. Tenn. Dec. 19, 2019) (emphasis and citation omitted). "However, motions to strike are generally disfavored and should be granted only when the material at issue has no possible relation to the controversy." *Hlfip Holding, Inc.*, 2020 WL 6484254, at *2 (citing *Byrd v. Wine*, No. 3:16-cv-02738, 2017 WL 67993, at *2 (M.D. Tenn. Jan. 6, 2017)).

On May 2, 2024, the Court addressed Plaintiffs' Motion for Protective Order, along with other pending matters [*See* Doc. 187]. The Court did not rely on Footnote Three in disposing of the motion, which it found both moot and premature [*See id.*]. Plaintiffs therefore "did not suffer an adverse consequence." *Smigelski v. Cluley*, No. 2:20-cv-4812, 2022 WL 4131579, at *2

(S.D. Ohio Sept. 12, 2022) (declining to strike where the court did not rely on the challenged assertions in ruling on pending motion).

For these reasons, the Court **DENIES** Plaintiffs' Motion to Strike [**Doc. 166**].

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook.
United States Magistrate Judge

3

Case 2:23-cv-00071-TRM-JEM   Document 188   Filed 05/13/24   Page 3 of 3   PageID #: 2703