IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
on behalf of all others similarly situated,

       Plaintiffs,

v.                                         No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

       Defendants.

_____/

## JOINT STATUS UPDATE

      COME NOW Plaintiffs B.P., H.A., and S.H., individually and as proposed class representatives of all others similarly situated, ("Plaintiffs"), Defendants City of Johnson City, Tennessee, Karl Turner, Kevin Peters, Toma Sparks, Justin Jenkins, Jeff Legault, and Brady Higgins (together, "Defendants"), (collectively, the "Parties"), through their respective undersigned counsel, who provide the following update regarding the May 2, 2024 Hearing [doc. 197] and the Court's corresponding May 10, 2024 Order [doc.187].[1] The Parties list each of the Court's orders below and provide the current status of compliance.

---

[1] For ease of reference in the present filing only, the Parties use the same terminology that appears in the Court's Order: "Formerly-Named Plaintiffs"—to distinguish between the "Now-Named Plaintiffs" under the Amended Complaint, and those individuals who were plaintiffs in their individual capacity but who are now unnamed class members [*See* Exh. 1, SEALED], as well as the "Category" descriptions that refer to sets of requests made under Rule 34 or Rule 45.

1

### 1. Parties to meet and confer on the exhibits sealed provisionally during the May 2 Hearing.

Plaintiffs' Statement:

Plaintiffs attempted to meet and confer regarding redacting the exhibits that counsel for Peters submitted at the May 2 Hearing. Peters' counsel refused to provide copies of, or Bates numbers for, the exhibits, and asked Plaintiffs' counsel to identify what they are "missing." Plaintiffs' counsel advised that they do not know the complete set of exhibits that Peters' counsel submitted (they were not marked), and that if Peters' counsel also does not know the list, Plaintiffs request that he contact the Court. Plaintiffs' counsel also noted that at least one of the exhibits was a City-produced document which had been designated Confidential, and that publicly filing the document would be in violation of the Court's Protective Order. (Counsel for the City declined to participate in the meet and confer on the exhibits.) In response, Peters' counsel maintained that he was not under any obligations with respect to the treatment of his own exhibits:

> As far as I'm concerned, I am allowed to hand the Court material regardless of a designation in the protective order. I agreed with your request during the hearing with your request [sic] that it be sealed. I have taken no action inconsistent with that. But I will not carry your burden to seal it. I don't care if it is sealed or not.

Plaintiffs disagree with Peters' statement below but will continue to meet and confer with his counsel and counsel for Defendant City, and request that the exhibits remain provisionally sealed.

Peters' Statement:

Plaintiffs' counsel contacted Peters' counsel concerning the exhibits for the first time on Monday, May 13. Peters' counsel has always taken the position, including during the hearing, that he would defer to Plaintiffs' counsel's request(s) to seal or redact. While Peters' counsel

defers to Plaintiffs' request to seal or redact as a courtesy, Peters' counsel does not care of any of the material is sealed, redacted, or public. As the party seeking that the material be sealed or redacted, Plaintiffs bear the burden of articulating a basis therefor. For the first time on May 13 (while Peters' counsel was engaged in another case), Plaintiffs' counsel asked Peters' counsel to send additional copies of the exhibits to them, despite having given to Plaintiffs' counsel copies of the exhibits during the hearing. Peters' counsel advised Plaintiffs' counsel that after giving copies to Plaintiffs' counsel during the hearing, Peters' counsel gave his own extra copy to the Court for the benefit of the Court and the Court's Clerk present at the hearing as a courtesy to the Court, and as a result unfortunately did not retain a copy of the materials himself (other than the spreadsheet chart). Plaintiffs' counsel stated that they had all of the exhibits they had been given during the hearing, except for one. Despite being involved in another matter, Peters' counsel asked which one they were missing, and offered that he might be able to recreate that one for them. Plaintiffs' counsel repeatedly insisted that Peters' counsel contact the Court and obtain copies of all exhibits, despite Plaintiffs' counsel acknowledging that they had three of the four, and without stating which they were missing, and despite being aware that Peters' counsel was engaged in another matter. Peters' counsel advised Plaintiffs' counsel that they could freely contact the Court if they wished, and as they are the party bearing the burden of establishing that the material should be sealed; but Peters' counsel stated that if it were necessary for Peters to contact the Court, the only message would be that Peters does not oppose the items being sealed or being made public. Peters' counsel is glad to cooperate with Plaintiffs' counsels' request to seal or redact, and has essentially offered Plaintiffs' counsel carte blanche with respect to sealing or redacting the hearing exhibits should there be something in them they do not want to be public. But Plaintiffs' counsel bears that burden, as Peters' counsel does not seek sealing or

3

Case 2:23-cv-00071-TRM-JEM    Document 189    Filed 05/14/24    Page 3 of 12    PageID #: 2706

redaction of any kind. If Plaintiffs' counsel is willing to advise what exhibit they claim to be missing, Peters' counsel is still willing to try and recreate it for them.

> **2. Plaintiffs ordered to search for documents responsive to Category One between the Now-Named Plaintiffs, including on and after July 1, 2022, and to produce any responsive documents as well as any privilege log on or before May 16, 2024.**

<u>Plaintiffs' Statement:</u>

The search has been completed and no responsive documents exist.

<u>Peters' Statement:</u>

Defendant Peters contends that this Category 1 with respect to the now-named Plaintiffs also remains seriously incomplete. Defendant Peters raised this issue during the parties' meet and confer, and was surprised by Plaintiffs' response that they had no duty to search the now-named Plaintiffs' imaged devices for communications with anyone other than the three now-named Plaintiffs. The original Rule 34 request was for the recipients of that request to produce all communications with all of the Jane Does 1-10. Plaintiffs assert that they are only obligated to respond to the Rule 34 requests involving the now-named Plaintiffs only and that by virtue of their procedural maneuvers (long after the Rule 34 requests were seriously overdue and after the Motion to Compel DE 108 had long been pending), they were no longer obligated to search the now-named Plaintiffs' imaged devices for communications with the other Plaintiffs (who were still Plaintiffs at the time the Rule 34 requests were propounded and when they were due. In other words, Plaintiffs claim that because they refused to timely answer, ignored all of the good faith efforts by Peters to obtain the responses, refused to cooperate with the meet and confer, and delayed the hearing until after their Second Amended Complaint was filed, that they "ran out the clock" and Defendant cannot obtain that information.

Peters agrees that the Rule 34 requests must be answered only by the now-named Plaintiffs (in other words the formerly named Plaintiffs will respond to subpoenas not Rule 34 requests), but those now-named Plaintiffs must still provide the communications among the now-named Plaintiffs and formerly named Plaintiffs, who were Plaintiffs at the time the requests were propounded and at the time the responses were due.  For instance, Plaintiffs contend that B.P. is obligated only to produce communications with H.A. And S.H, but not Jane Does 5, 7, 1, 3, 8, 9, and 6, despite these phones being imaged.

Conversely, Plaintiffs agree that the Court ordered that Jane Doe 5 must search her phone manually for communications with B.P., H.A., S.H. and the other Jane Does.  But they say the Court did not order B.P. to produce Category 1 communications with any of the others.  It is not logical that the Court intended that Plaintiffs would be obligated only to manually search Jane Doe 5's phone for communications with B. P. but not search B.P.'s already imaged phone for the same communications with Jane Doe 5.  This is logically inconsistent, but Plaintiffs stand on their abject refusal to cooperate.  Plaintiffs evidently want to forestall producing this long-overdue discovery until after the scheduled depositions of B.P. and H.A. on May 21 and 23.  Thus, their strategy of trying to run out the clock continues.

All Plaintiffs should search for communications with all other Plaintiffs (current or former, and whether the procedural mechanism is Rule 34 for the now-named Plaintiffs and subpoenas for the formerly-named Plaintiffs). The Plaintiffs contend that because the Rule 34 requests directly propounded to the formerly named Plaintiffs were moot in favor of the subpoena to them, that somehow Plaintiffs are now not obligated to substantively respond to the Rule 34 requests that seek complete information about communications among all Plaintiffs, current and former.

5

### 3. For Formerly-Named Plaintiffs, Parties ordered to meet and confer on how to search for information responsive to Category One, including how to search for information on unimaged devices.

Joint Statement:

Defendant Peters' counsel stated his view that the Court ordered that all communications in Category 1 be supplied for the Formerly-Named Plaintiffs, and the Court's direction to meet and confer on "how to search" meant how to physically obtain that information. Plaintiffs responded that searching for and producing "all communications" (without any other limitations) would not make sense or be feasible, because for example, Female 9 and H.A. are sisters and B.P. and two Formerly-Named Plaintiffs are friends (and thus "all communications" is likely to capture voluminous, irrelevant material), and that their understanding was that the Court ordered Peters' counsel to propose subject matter limitations. In a good faith effort to reach a resolution, on May 9, counsel for Peters responded with certain limiting parameters based on the relationships Plaintiffs' counsel described, as well as search terms. Plaintiffs prepared an initial list of 40 search terms and requested that Peters' counsel expand or modify that list. On May 10, Peters' counsel returned a list with a total of 103 search terms. Without waiving any potential objections, Plaintiffs have agreed to apply those terms to the imaged devices for purposes of determining the number of hits, which will inform further negotiations on review and production. Plaintiffs anticipate that they will be able to share the hit counts and complete a further meet and confer with defense counsel by May 17. Defendant Peters has asked that responsive information be produced by May 16 in advance of Plaintiffs depositions set the following week.

Additionally, counsel for Peters requested Plaintiffs conduct an attorney-led search of all phones. In an effort to reach a resolution, Plaintiffs offered to conduct an in-person, attorney-led search of Female 9's cellphone as Plaintiffs have alleged facts specific to her case in the

Amended Complaint. Peters contends that attorney led searches are more reliable than Plaintiffs individually searching their own phones. Peters takes the position that if Plaintiffs are unwilling to use attorney-conducted searches (or attorney staff) who have a duty of integrity to the Court, then all such devices should be imaged and professionally searched.

4. **Plaintiffs ordered to review the additional source related to Category Three and provide supplemental discovery on or before May 23, 2024.**

Joint Statement:

Plaintiffs reviewed the additional source and are in the process of producing responsive communications. Plaintiffs have already produced a subset of these documents and will complete this production by May 17, 2024. Peters contends that this material should be produced prior to Plaintiffs' depositions set for May 21.

5. **For Category Five, for any imaged device, Plaintiffs ordered to produce the responsive documents, including the twenty-eight hits identified, as well as any potential privilege log if anything is being withheld, on or before May 16, 2024.**

Joint Statement:

Based on the searches completed in advance of the hearing, 28 hits were identified. The documents containing those 28 hits will be produced on or before May 16, along with any privilege log. Peters contends that fully responsive information should be produced by May 16, prior to Plaintiffs' depositions set the following week.

6. **The Parties are ordered to meet and confer to discuss how to search for information that is responsive to Category Five on the unimaged devices.**

Joint Statement:

During a meet and confer on May 7, Peters' counsel stated his understanding that, with respect to unimaged devices, the Court's instruction was to discuss how to apply search terms to an unimaged devices—meaning, which apps to search or how to mechanically do it. Peters also

requested that all devices be imaged, versus having the device owner manually search vs. having an attorney search. Plaintiffs do not share this understanding and explained that the search terms Peters' counsel initially provided in the subpoenas or Rule 34 requests generally relate to one of the categories of information requested. For example, the terms police, JCPD, cops, detective, sergeant, captain, chief, and officer would be covered by Category Four (communications with Defendants). Therefore, Plaintiffs' view is that no further search efforts are required under Category Five for individuals whose devices were not imaged, unless Peters raises different or additional substantive areas that have not already been responded to. Peters contends that Plaintiffs' stated limitations were not raised to Peters' counsel during the meet and confer, and Peters' counsel states he does not agree.

Peters' counsel also requested that the Formerly-named Plaintiffs have their devices imaged. Peters' counsel asked that, alternatively, an attorney perform searches of the devices of all Formerly-named Plaintiffs in person, using search terms. Plaintiffs decline to do so at this time, because they continue to believe that doing so would be unduly burdensome and disproportional to the needs of the case, and because they have already met (and will continue to meet) their discovery obligations. Nevertheless, Plaintiffs agreed to an in-person, attorney-led manual search for the cellphone of Female 9.

### 7. Category Six: Communications with Law Enforcement

Joint Statement:

During the May 2 hearing, counsel for Peters represented that the relevant material sought from Category Six were communications which would indicate that Plaintiffs are depicted in the videos and images found on Williams' devices showing their sexual assaults. Plaintiffs' counsel represented that no such communications existed and that most of counsel's

communications with the Department of Justice's Sex Trafficking Prosecution Team involved logistical details. The Court ordered the Parties to meet and confer regarding what, in particular, counsel for Peters was requesting from these materials. During the meet and confer, Peters' counsel reiterated his request for a full privilege log of all Plaintiffs' counsel's communications with the Sex Trafficking Prosecution Team. Plaintiffs' counsel explained that none of their written communications would contain the materials Peters' counsel sought and stated that a *Touhy* request to the Department of Justice would be the appropriate mechanism to obtain this evidence. Plaintiffs' counsel nevertheless agreed to provide a full privilege log and will work to complete this in a timely manner.

The Parties separately held a meet and confer to discuss Plaintiffs' counsel's attorney work product designation regarding her communications with the Department of Justice's Public Corruption Prosecution Team. In an attempt to avoid additional litigation—and if that proved impossible, to narrow the documents which might need to be reviewed by the Court—Plaintiffs' counsel agreed to review the production and remove redactions from as many pages as possible without waiving any privileges. Plaintiffs' counsel will complete this process by May 17, 2024.

Respectfully Submitted on May 13, 2024.

                        Erickson Kramer Osborne LLP

                        */s/ Elizabeth Kramer*
                        Elizabeth Kramer (*pro hac vice*)
                        Kevin Osborne (*pro hac vice*)
                        44 Tehama St.
                        San Francisco, CA 94105
                        415-635-0631
                        elizabeth@eko.law
                        kevin@eko.law

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for Plaintiffs and the Proposed Classes*

MOORE, RADER & YORK, P.C.

*/s/ Daniel H. Rader IV*
DANIEL H. RADER III
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
danny@moorerader.com

*Counsel for Defendant Peters
in his individual capacity*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the Court's electronic filing system on all counsel of record.

*/s Elizabeth A. Kramer*
Elizabeth A. Kramer
