# EXHIBIT 4

| | |
|---|---|
| **From:** | Erica Russell |
| **Sent:** | Friday, March 15, 2024 5:39 PM |
| **To:** | Linda Oxford; Daniel H Rader IV; vanessa; Elizabeth Kramer; Emily Taylor; Lisa May; Jon Lakey; Ben C. Allen; Keith Grant (kgrant@rswlaw.com); Aaron Wells; L Rufolo; Kristin E. Berexa |
| **Cc:** | Kevin Osborne; Heather Collins; Julie Erickson |
| **Subject:** | RE: B.P. et al. v. Johnson City, Tenn. et al. -- Depositions |
| **Attachments:** | 24.03.15 Rutherford Subpoena to Produce.pdf |

Counsel,

Please see attached subpoena for service on Alunda Rutherford on Tuesday, March 19. This is a subpoena to produce documents and is not a duplicate of the subpoena I sent you earlier this evening.

Best,



**Erica Russell**
OFFICE MANAGER & SR. PARALEGAL
615.724.1996
7000 Executive Center Dr. #320
Brentwood, TN 37027

> TRUST > COURAGE > CONFIDENCE

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender (erica@hmccivilrights.com) immediately by electronic mail and delete this message and all copies and backups thereof. Thank you.

**From:** Erica Russell
**Sent:** Friday, March 15, 2024 4:54 PM
**To:** Linda Oxford <linda@eko.law>; Daniel H Rader IV <danny@moorerader.com>; vanessa <vanessa@advocatesforsurvivors.com>; Elizabeth Kramer <elizabeth@eko.law>; Emily Taylor <etaylor@watsonroach.com>; Lisa May <lisa@hbm-lawfirm.com>; Jon Lakey <jlakey@bpjlaw.com>; Ben C. Allen <ballen@fbb.law>; Keith Grant (kgrant@rswlaw.com) <kgrant@rswlaw.com>; Aaron Wells <awells@rswlaw.com>; L Rufolo <lrufolo@rswlaw.com>; Kristin E. Berexa <kberexa@fbb.law>
**Cc:** Kevin Osborne <kevin@eko.law>; Heather Collins <heather@hmccivilrights.com>; Julie Erickson <julie@eko.law>
**Subject:** RE: B.P. et al. v. Johnson City, Tenn. et al. -- Depositions

Counsel,

Please see attached subpoena for service on Alunda Rutherford on Tuesday, March 19.

Best,



**Erica Russell**
OFFICE MANAGER & SR. PARALEGAL
615.724.1996
7000 Executive Center Dr. #320
Brentwood, TN 37027

> TRUST > COURAGE > CONFIDENCE

NOTICE: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender (erica@hmccivilrights.com) immediately by electronic mail and delete this message and all copies and backups thereof. Thank you.

**From:** Linda Oxford <linda@eko.law>
**Sent:** Wednesday, March 13, 2024 6:10 PM
**To:** Daniel H Rader IV <danny@moorerader.com>; vanessa <vanessa@advocatesforsurvivors.com>; Elizabeth Kramer <elizabeth@eko.law>; Emily Taylor <etaylor@watsonroach.com>; Lisa May <lisa@hbm-lawfirm.com>; Jon Lakey <jlakey@bpjlaw.com>; Ben C. Allen <ballen@fbb.law>; Keith Grant (kgrant@rswlaw.com) <kgrant@rswlaw.com>; Aaron Wells <awells@rswlaw.com>; L Rufolo <lrufolo@rswlaw.com>; Kristin E. Berexa <kberexa@fbb.law>
**Cc:** Kevin Osborne <kevin@eko.law>; Erica Russell <erica@hmccivilrights.com>; Heather Collins <heather@hmccivilrights.com>; julie@eko.law
**Subject:** Re: B.P. et al. v. Johnson City, Tenn. et al. -- Depositions

Counsel:
Please see attached subpoenas. Thank you.

LINDA OXFORD
**ERICKSON KRAMER OSBORNE**
San Francisco, California
Direct: (415) 635-0631
www.eko.law



**From:** Linda Oxford <linda@eko.law>
**Sent:** Wednesday, March 13, 2024 4:07 PM
**To:** Daniel H Rader IV <danny@moorerader.com>; vanessa <vanessa@advocatesforsurvivors.com>; Elizabeth Kramer <elizabeth@eko.law>; Emily Taylor <etaylor@watsonroach.com>; Lisa May <lisa@hbm-lawfirm.com>; Jon Lakey <jlakey@bpjlaw.com>; Ben C. Allen <ballen@fbb.law>; Keith Grant (kgrant@rswlaw.com) <kgrant@rswlaw.com>; Aaron Wells <awells@rswlaw.com>; L Rufolo <lrufolo@rswlaw.com>; Kristin E. Berexa <kberexa@fbb.law>
**Cc:** Kevin Osborne <kevin@eko.law>; Erica Russell <erica@hmccivilrights.com>; Heather Collins <heather@hmccivilrights.com>; Julie Erickson <julie@eko.law>
**Subject:** Re: B.P. et al. v. Johnson City, Tenn. et al. -- Depositions

Counsel:
Please see attached subpoenas. A few more subpoenas will be sent in a separate email.

Thank you.

LINDA OXFORD
**ERICKSON KRAMER OSBORNE**
San Francisco, California
Direct: (415) 635-0631

www.eko.law



**From:** Daniel H Rader IV <danny@moorerader.com>
**Sent:** Tuesday, March 12, 2024 2:49 PM
**To:** vanessa <vanessa@advocatesforsurvivors.com>; Elizabeth Kramer <elizabeth@eko.law>; Emily Taylor <etaylor@watsonroach.com>; Lisa May <lisa@hbm-lawfirm.com>; Jon Lakey <jlakey@bpjlaw.com>; Ben C. Allen <ballen@fbb.law>; Keith Grant (kgrant@rswlaw.com) <kgrant@rswlaw.com>; Aaron Wells <awells@rswlaw.com>; L Rufolo <lrufolo@rswlaw.com>; Kristin E. Berexa <kberexa@fbb.law>
**Cc:** Kevin Osborne <kevin@eko.law>; Erica Russell <erica@hmccivilrights.com>; Heather Collins <heather@hmccivilrights.com>; Julie Erickson <julie@eko.law>; Linda Oxford <linda@eko.law>
**Subject:** Re: B.P. et al. v. Johnson City, Tenn. et al. -- Depositions

Plaintiffs' counsel, please see attached correspondence and materials concerning depositions.


Daniel H. Rader IV
Moore, Rader & York P.C.
46 N. Jefferson Ave.
Cookeville, TN 38501
931-526-3311
931-526-3092 (fax)


**From:** Elizabeth Kramer <elizabeth@eko.law>
**Date:** Monday, March 11, 2024 at 4:56 PM
**To:** Emily Taylor <etaylor@watsonroach.com>, Lisa May <lisa@hbm-lawfirm.com>, Jon Lakey <jlakey@bpjlaw.com>, "Ben C. Allen" <ballen@fbb.law>, "Keith Grant (kgrant@rswlaw.com)" <kgrant@rswlaw.com>, Aaron Wells <awells@rswlaw.com>, Daniel H Rader IV <danny@moorerader.com>, L Rufolo <lrufolo@rswlaw.com>, "Kristin E. Berexa" <kberexa@fbb.law>
**Cc:** Kevin Osborne <kevin@eko.law>, Erica Russell <erica@hmccivilrights.com>, "Kristin E. Berexa" <kberexa@fbb.law>, vanessa <vanessa@advocatesforsurvivors.com>, Heather Collins <heather@hmccivilrights.com>, Julie Erickson <julie@eko.law>, Linda Oxford <linda@eko.law>
**Subject:** B.P. et al. v. Johnson City, Tenn. et al. -- Depositions

Counsel,

Please see attached regarding the depositions of Mr. Higgins and Ms. Ball.


Thank you,
Elizabeth


Elizabeth A. Kramer
**ERICKSON KRAMER OSBORNE**
San Francisco, California

Direct: (510) 919-2347
www.eko.law



Do not send privileged information from a device where there is a risk that a third party may gain access. If you are not the intended recipient of this email, please delete it and notify the sender.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all other similarly situated, ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:23-cv-00071-TRM-JEM |
| CITY OF JOHNSON CITY, TN., et al., ) | |
| ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Alunda Rutherford
705 E. Myrtle Ave. Johnson City, TN 37601-4129
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Exhibit A attached hereto.

| Place: TBD | Date and Time: April 1, 2024 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/15/2024

CLERK OF COURT           OR     /s/ Elizabeth Kramer

_____          _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Elizabeth A. Kramer and Kevin M. Osborne, ERICKSON KRAMER OSBORNE LLP, 44 Tehama Street, San Francisco, CA 94105. elizabeth@eko.law; kevin@eko.law. Phone: (510) 919-2347

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Plaintiffs, by and through counsel, hereby request that the documents described in the Requests section below be produced pursuant to the duly issued subpoena served on you.

## INSTRUCTIONS AND DEFINITIONS

1. These Requests apply to all documents in your possession, custody, or control, or accessible by you, regardless of the location or whether responsive documents are held by another person or entity.

2. These Requests apply to hard copy documents as well as any electronically stored documents.

3. If there are no responsive documents, please so state.

4. If any or all part of a Request is objected to as seeking privileged information, for each objection provide the following information in a separate privilege log: (a) the nature of the privilege asserted; (b) the type of document; (c) the date the document was created; (d) the length of the document; (e) the names of the document's author(s) and all recipients; and (f) the subject matter of the document.

5. You may produce responsive documents as "Confidential" pursuant to the Stipulated Protective Order entered in this case, a copy of which is provided with this subpoena.

6. "Document" shall be construed in the broadest sense and shall include, but is not limited to, the following: reports, papers, books, letters, notes, memoranda, correspondence, telegrams, e-mails, text messages, instant messages, app messages, minutes, contracts, transcriptions of recordings, inter-office communications, microfilm, bulletins, circulars, pamphlets, studies, notices, notes, calendars, diaries, summaries, analogies, statutes, rules, regulations, code, teletype messages, worksheets, invoice, credit memoranda, sales slips, medical

records, billing or credit statements, computer printouts, information stored in a computer, including electronic mail, CD ROMS, advertisements, posters, scripts and videotapes.

**REQUESTS**

1. All Documents relating to the following companies:

    a) Glass and Concrete Contracting LLC

    b) Skyline Contractors Group LLC

    c) Lauren Madison Bastidas Property LLC

    d) Strategic Investigations and Security LLC

    e) Universal TSCM Group LLC

    f) Southern Construction & Consulting, LLC

    g) Stone & Ox Properties LLC

    h) Team Oxendine LLC

    i) Davis Brothers Roofing LLC

2. All Documents relating to the following individuals:

    a) Sean Williams

    b) Bart Mikitowicz

    c) Mitzi Emig

    d) Patricia Burke

    e) Juan Bastidas

    f) Casey Oxendine

    g) James R. Davis

    h) Wanda Patterson

3. All Documents relating to any business(es) associated with the following addresses:

   a) 217 E Market St. Suite 110,

   Johnson City, TN 37601

   b) 15441 12th Avenue,

   Whitestone, NY 11357

   c) 154-41 12th Avenue,

   Whitestone, NY 11357

   d) 705 E Myrtle Avenue,

   Johnson City, TN 37601

   e) 112 View Bend St.

   Johnson City, TN 37601

   f) 2916 Bristol Hwy

   Johnson City, TN 37601

   g) 2234 SW Edison Cir.

   Port St Lucie, FL 34953

   h) 200 E. Main Street, Suite 500

   Johnson City, TN 37604

   i) 756 W King Street 2nd Floor

   Boone, NC 28607

   j) 303 Falling Waters Rd,

   Cullowhee, NC 28723

   k) 305 Messick Ave.

   Church Hill, TN 37642

4. All social media posts relating to Sean Williams.