CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JANE DOES 1-9,

    Plaintiffs,

v.                              No: 2:23-cv-00071-TRM-CRW

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JUSTIN JENKINS

---

The defendant, Justin Jenkins, in his individual capacity, responds to Plaintiffs' first interrogatories and requests for production as follows:

Jenkins objects generally to these interrogatories and requests for production on the grounds that Jenkins asserts he is entitled to qualified immunity with respect to each and every claim asserted in the Amended Complaint and/or the proposed Second Amended Complaint. Accordingly, Jenkins submits any information requested that is not necessary to frame the issue of qualified immunity is irrelevant and disproportionate to the needs of the case at this stage of the litigation. See <u>Carden v. City of Knoxville</u>, No. 3:15-cv-314-TAV-HBG, 2016 U.S. Dist. LEXIS 87799, at *2 (E.D. Tenn. July 7, 2016)

### I. INTERROGATORIES

1. Please state where you have been employed for the past ten years, state your job title/position/rank, describe your job duties, state who you reported to for the time frame in question (including their name and rank) and state your rate of pay and yearly salary for each year. If you are retired, state the date of retirement and identify any and all retirement benefits you currently receive.

1

**ANSWER:** 

2. Identify any properties you have had any ownership interest in by address, in the past 10 years. If you are a partial owner, or there is a lien holder, clarify any other parties who have an ownership interest.

**ANSWER:** Objection to this interrogatory to the extent it seeks information not relevant to the Plaintiff's claims and is disproportionate to the needs of the case. Objection is further made to the extent this interrogatory is only intended to harass and/or intimidate Defendant Jenkins. Objection is further made to the extent Jenkins has asserted the defense of qualified immunity and the information sought by this interrogatory is not relevant to frame the issue of qualified immunity.

Without waiting objection, 



3. State whether you have been a dues paying member of a union or collective bargaining association in the past 10 years. If so, identify the dates of membership and the name and address of any such union or CBA.

**ANSWER:**

4. State whether you were involved in the execution of any search warrants involving Sean Williams. If so, list all such warrants, including the date and what was sought in the warrant.

**ANSWER:** I was involved in the initial search warrant for Sean Williams' residence on or about September 19, 2020. The warrant sought video surveillance cameras, any electronic devices capable of connecting to any video surveillance cameras, video surveillance storage devices and any evidence that would suggest an assault or struggle occurred.

5. State your residential address, (if you maintain more than one residence or dwelling, state all), any email addresses you have maintained in the past 10 years, any phone number you have

used in the past 10 years, including the corresponding cellular provider.

      **ANSWER:** Objection is made to the extent Jenkins has asserted the defense of qualified immunity and the information sought by this interrogatory is not relevant to frame the issue of qualified immunity. With respect to my address, see answer to interrogatory 2.



6. State whether you have maintained any social media accounts in the past 10 years, if so, state which social media platform and provide your username.

      **ANSWER:** Objection to this request to the extent the information sought is not relevant and the to the extent it is disproportionate to the needs of the case. Objection is further made to the extent Jenkins has asserted the defense of qualified immunity and the information sought by this interrogatory is not relevant to frame the issue of qualified immunity.



7. State whether you have provided any statements or documentation to Eric Daigle or the Daigle Law Group, either directly or indirectly through representatives of Johnson City. If so, provide the substance of any such statement or documentation.

      **ANSWER:** I did not provide any statements or documents to Eric Daigle or anyone else with the Daigle Law Group.

8. State whether you have or have had an ownership interest in any business (sole proprietorship, PLLC, LLC, Corporation) in the past 10 years. If so, identify any such business, your degree of control or ownership, and if you have any business partners, identify those persons.

      **ANSWER:** Objection to this request to the extent the information sought is not relevant and the to the extent it is disproportionate to the needs of the case. Objection is further made to the extent Jenkins has asserted the defense of qualified

immunity and the information sought by this interrogatory is not relevant to frame the issue of qualified immunity.

Without waiting objection, ▮

9. List all assets in your possession, custody or control that may be used to satisfy a judgment.

**ANSWER:** Objection to this interrogatory to the extent the information sought is not relevant at this stage of the proceedings and to the extent this interrogatory is unduly burdensome and disproportionate to the needs of the case. Objection is further made to the extent this interrogatory is only meant to intimidate and/or harass Jenkins. Defendant Jenkins further objects to this request to the extent it calls for a legal conclusion regarding what assets may be available to satisfy a judgment. Objection is further made to the extent Jenkins has asserted the defense of qualified immunity and the information sought by this interrogatory is not relevant to frame the issue of qualified immunity.

10. For the past 10 years, in your role at JCPD, describe your role in sexual assault investigations and what policies and procedures you followed in that role.

**ANSWER:** When I started in the Criminal Investigations Division, I was assigned to investigate child sex and abuse crimes. In addition, I have worked several sexual assault cases since 2020. While each investigation is different based upon the facts, I investigated those cases in accordance with Tennessee law and the Johnson City Police Department's general orders.

11. For the past 10 years, in your role at JCPD, state and describe your role, if any, in the decision to approve reports of investigation involving cases of sexual assault and/or refer any such case to the District Attorney's office. In doing, identify any documents that would have been regularly used and any persons involved in any such process.

**ANSWER:** I was not a supervisor in CID and did not approve reports while in that division. As a member of CID, I did refer cases to the District Attorney's office for prosecution.

As acting sergeant in the patrol division, I approved or disapproved initial offense reports of the officers I supervised. This included reports involving claims of sexual assault, but also included numerous other types of claims as well.

_____
JUSTIN JENKINS

STATE OF TENNESSE *
                  *
COUNTY OF Washington *

Personally appeared before me, a Notary Public for the County and State aforesaid, JUSTIN JENKINS, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who made oath in due form of law that he executed the answers to the above Interrogatories and the answers are, to the best of his knowledge and belief, true.

WITNESS MY HAND AND SEAL this 9 day of February 2024.

Connie R Hill _____ (Seal)
NOTARY PUBLIC
My commission expires: 7/2/24

## II. DOCUMENT REQUESTS

1. All DOCUMENTS and COMMUNICATIONS REGARDING Plaintiffs (a key will be provided indicating Plaintiff's identity), including but not limited to, recordings, incident reports, statements, and inter- or intra- departmental COMMUNICATIONS in your possession.

   **RESPONSE:** Jenkins is currently undertaking a diligent search of his personal and work cell phones as well as any other electronic devices he may have for any communications responsive to this request. Jenkins will timely supplement his response to this request if/when any such are discovered.

2. All DOCUMENTS and COMMUNICATIONS REGARDING SEAN CHRISTOPHER WILLIAMS, including but not limited to, recordings, incident reports, statements, and inter- or intra- departmental COMMUNICATIONS in your possession.

   **RESPONSE:** In addition to the recording of Sean Williams Jenkins produced in connection with his initial disclosures, Jenkins is currently undertaking a diligent search of his personal and work cell phones as well as any other electronic devices he may have for any communications responsive to this request. Jenkins will timely supplement his response to this request if/when any such are discovered.

3. ALL DOCUMENTS and COMMUNICATIONS REGARDING the search and seizure of any evidence in cases involving WILLIAMS, including any drafts of any search or seizure warrants and their supporting affidavits; any inter- or intra- departmental COMMUNICATIONS regarding the search and seizure warrants or drafts of such warrants and their corresponding affidavits; and any chain-of-custody documents or receipts for any piece of evidence in any case involving WILLIAMS, including the custodian for any piece of evidence, and any inter- or intra- departmental COMMUNICATIONS concerning that evidence. This evidence includes Child Sexual Abuse Material ("CSAM"), or child pornography as defined by 18 U.S.C. § 2256, and Sexual Abuse Material ("SAM"), or images and videos depicting the sexual assault of WILLIAMS' victims. This request includes any data or evidence gathered from the rape kits collected by JCPD from Jane Doe

2, Jane 5 and Jane Doe 7, as well as other physical evidence such as clothing collected from them. This evidence also includes all body camera, video, and other electronic evidence related to, recorded during, and collected from the search of WILLIAMS' apartment on or about September 20 and 23, 2020, including all video footage of WILLIAMS' interview with JCPD and any and all interactions with law enforcement.

>  **REQUEST:** Jenkins is currently undertaking a diligent search of his personal and work cell phones as well as any other electronic devices he may have for any communications responsive to this request. Jenkins will timely supplement his response to this request if/when any such are discovered.

4. ALL DOCUMENTS YOU PROVIDED TO, OR MADE AVAILABLE TO, the Daigle Law Group in preparation of their July 10, 2023, audit of the Johnson City Police Department's handling of sex related crimes.

>  **REQUEST:** None.

5. Any DOCUMENT OR COMMUNICATION provided in Kat Dahl's lawsuit, including a copy of your deposition transcript.

>  **REQUEST:** None.

6. Any (non-privileged) COMMUNICATIONS or screen shots of text messages that relate or refer to the allegations of this lawsuit.

>  **REQUEST:** Jenkins is currently undertaking a diligent search of his personal and work cell phones as well as any other electronic devices he may have for any communications responsive to this request. Jenkins will timely supplement his response to this request if/when any such are discovered.

7. All tax form W-2's, 1099's and tax returns filed by you or on your behalf, personally, as a member of a trust or other legal entity, or on behalf of any business you have or had an ownership

CONFIDENTIAL

interest in for the past 10 years to date.

> **REQUEST:** Objection to this request to the extent the information sought is not relevant, overly broad, unduly burdensome and disproportionate to the needs of the case. Objection is further made to the extent Jenkins has asserted the defense of qualified immunity and the information sought by this interrogatory is not relevant to frame the issue of qualified immunity. Objection is further made to the extent this request is meant to intimidate and/or harass Jenkins.

ROBINSON, SMITH & WELLS, PLLC

*s/Keith H. Grant*
Keith H. Grant, BPR# 023274
Laura Beth Rufolo, BPR# 015622
Philip Aaron Wells, BPR# 036248
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-5051
Facsimile: (423) 266-0474
*Attorneys for Justin Jenkins
in his individual capacity*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2024, a copy of the foregoing was sent to all parties at interest, through their attorneys below, via email.

                                        Robinson, Smith & Wells, PLLC

                                        By:   *s/Keith H. Grant*

cc:   Heather Moore Collins
      Ashley Walter
      Caroline Drinnon
      HMC Civil Rights Law, PLLC
      7000 Executive Center Dr.
      Brentwood, TN 37027
      615-724-1996
      heather@hmccivilrights.com
      ashley@hmccivilrights.com
      caroline@hmccivilrights.com
      Attorneys for Plaintiffs

      Vanessa Baehr-Jones
      Advocates for Survivors of Abuse
      4200 Park Blvd., No. 413
      Oakland, CA 94602
      vanessa@advocatesforsurvivors.com
      *Attorney for Plaintiff*

      Elizabeth A. Kramer
      Kevin M. Osborne
      Erickson, Kramer Osborne LLP
      44 Tehama St.
      San Francisco, CA 94105
      elizabeth@eko.law
      kevin@eko.law

      K. Erickson Herrin
      HERRIN, MCPEAK & ASSOCIATES
      515 East Unaka Avenue
      P.O. Box 629
      Johnson City, TN 37605-0629

lisa@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAURDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com
*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, Captain Kevin Peters and Investigator Toma Sparks.*

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
danny@moorerader.com
*Counsel for Kevin Peters in his individual capacity*

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kbrexa@fbb.law
ballen@fbb.law
*Counsel for Toma Sparks in his individual capacity*