B.P., H.A., and S.H., individually, and on behalf of all other similarly situated,

    Plaintiffs,

v.

City Of Johnson City, Tennessee, et al.,

    Defendants.

No: 2:23-cv-00071-TRM-JEM

## DEFENDANT BRADY HIGGINS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### I. INTERROGATORIES

1. Identify all ASSETS valued over $10,000 bought or sold by YOU since January 1, 2018, including the date of the purchase or sale and the amount paid in consideration.

    **ANSWER:** Defendant Higgins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, ■

2. Identify all title(s) YOU hold to property valued over $10,000.

    **ANSWER:** Defendant Higgins objects to this interrogatory it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, ■

3. Identify all YOUR sources of income since January 1, 2018, including the annual amount of each source as reported on tax returns.

    **ANSWER:** Defendant Higgins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections:

Page **1** of **9**



4. Identify all accounting firms used to prepare YOUR tax returns since January 1, 2018, including the name and address of each firm.

    **ANSWER:** Defendant Higgins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Defendant Higgins further avers Plaintiffs are not entitled to his tax returns at this time and will file to quash any subpoena sent to his tax preparers. Subject to said objections:



5. Identify all financial institutions where YOU have maintained accounts since January 1, 2018, including the name and address of each institution.

    **ANSWER:** Defendant Higgins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Defendant Higgins further avers Plaintiffs are not entitled to his bank statements at this time and will file to quash any subpoena sent to his any financial institution. Subject to said objections:



6. Identify all investigations relating to SEAN WILLIAMS in which YOU participated, including the nature of the investigation, YOUR role in the investigation, all persons YOU interviewed, all search warrants YOU executed, the date or dates YOU worked on the investigation, and the name of the victim (or Jane Doe/Female identifier) if applicable.

    **ANSWER:** Defendant Higgins was the primary investigator on the report of ▉ that she had been sexually assaulted by Sean Williams. All information

regarding his investigation can be found in the case file, which has been produced by Johnson City, Tennessee.

Defendant Higgins does not recall participating in any other investigations involving Sean Williams.

7. For all investigations identified in interrogatory number 6, identify YOUR supervisor at the time of the investigation.

**ANSWER:** At the time of the investigation, Defendant Higgins' supervisors were Sgt. Gary Wills, Lt. Don Shepard and Cpt. Kevin Peters. Although an acting sergeant may have also reviewed the case, he does not recall who that would have been.

Although not a supervisor, Defendant Higgins also took direction on the ▮▮▮▮ investigation from Assistant District Attorney Robin Ray.

_____
BRADY HIGGINS

STATE OF TENNESSE *
*
COUNTY OF Washington *

Personally appeared before me, a Notary Public for the County and State aforesaid, BRADY HIGGINS, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who made oath in due form of law that he executed the answers to the above Interrogatories and the answers are, to the best of his knowledge and belief, true.

WITNESS MY HAND AND SEAL this 16th day of April, 2024.



_____(Seal)
NOTARY PUBLIC
My commission expires: 9/2/26

My Commission Expires
09/02/2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

B.P., H.A., and S.H., individually, and on behalf of all other similarly situated,

No: 2:23-cv-00071-TRM-JEM

Plaintiffs,

v.

City Of Johnson City, Tennessee, et al.,

Defendants.

## DEFENDANT JUSTIN JENKINS' REPSONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### I. INTERROGATORIES

1. Identify all ASSETS valued over $10,000 bought or sold since January 1, 2018, including the date of the purchase or sale and the amount paid in consideration.

   **ANSWER:** Defendant Jenkins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, and to the best of his recollection, Defendant Jenkins has bought or sold the following items valued over $10,000:



Page 1 of 12

**CONFIDENTIAL**



2. Identify all title(s) YOU hold to property valued over $10,000.

**ANSWER:** Defendant Jenkins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, and to the best of his recollection, Defendant Jenkins has title to the following property responsive to this interrogatory:



3. Identify all YOUR sources of income since January 1, 2018, including the annual amount of each source as reported on tax returns.

**ANSWER:** Defendant Jenkins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, Defendant Jenkins has the following sources of income:

Page **2** of **12**

**CONFIDENTIAL**



4. Identify all accounting firms used to prepare YOUR tax returns since January 1, 2018, including the name and address of each firm.

    **ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Defendant Jenkins further avers Plaintiffs are not entitled to his tax returns at this time and will file to quash any subpoena sent to his tax preparers. Subject to said objections:



5. Identify all financial institutions where YOU have maintained accounts since January 1, 2018, including the name and address of each institution.

    **ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Defendant Jenkins further avers Plaintiffs are not entitled to his bank statements at this time and will file to quash any subpoena sent to his financial institutions. Subject to said objections:



6. Identify all investigations relating to SEAN WILLIAMS in which YOU participated, including the nature of the investigation, YOUR role in the investigation, all

Page 3 of 12

Case 2:23-cv-00071-TRM-JEM   Document 194-3   Filed 05/18/24   Page 6 of 8   PageID #: 4146   **CONFIDENTIAL**

persons YOU interviewed, all search warrants YOU executed, the date or dates YOU worked on the investigation, and the name of the victim (or Jane Doe/Female identifier) if applicable.

    **ANSWER:** The only investigation Defendant Jenkins has participated in that is responsive to this interrogatory is the investigation into the fall of ███ from Sean Williams' apartment. Defendant Jenkins worked this investigation with Toma Sparks, who was the primary investigator. Defendant Jenkins attempted to interview Sean Williams but was unable to do so after Sean Williams requested to speak with his attorney.

    See also Defendant Jenkins' response to Interrogatory #4 of Plaintiffs' initial discovery requests. All other information regarding this investigation should be contained in the case file provided by Johnson City, Tennessee.

7. For all investigations identified in interrogatory number 6, identify YOUR supervisor at the time of the investigation.

    **ANSWER:** Sgt. David Hilton was Defendant Jenkins' direct supervisor. Lt. Don Shepard and Cpt. Kevin Peters were next in the chain of command.

8. State when construction was completed on the residence located at ███ ███

    **ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections:

    ███

9. State when you first began to reside at ███ ███

    **ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections: ███

*/s/ Justin P. Jenkins*
JUSTIN JENKINS

STATE OF TENNESSE  *
                   *
COUNTY OF Washington

    Personally appeared before me, a Notary Public for the County and State aforesaid, JUSTIN JENKINS, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who made oath in due form of law that he executed the answers to the above Interrogatories and the answers are, to the best of his knowledge and belief, true.

    WITNESS MY HAND AND SEAL this __15__ day of __April 2024__, 2024.

_Connie R Hill_ (Seal)
NOTARY PUBLIC

My commission expires: __7-2-24__

Page **5** of **12**