IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on Behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| VERSUS | ) No. 2:23-cv-00071-TRM-CRW ) |
| CITY OF JOHNSON CITY, TENNESSEE, *et al* | ) ) |
| Defendants. | ) |

## SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND COSTS REGARDING MOTIONS TO COMPEL (PER DE 187)

COMES NOW Defendant Peters, by and through counsel, and makes this supplemental motion for attorneys' fees and costs, pursuant to this Court's Opinion and Order (DE 187) due to the fact that time ran out for argument on this issue at the hearing.

As the Court is well aware from the May 2, 2024 hearing and the parties' briefing concerning the Motion to Compel (DE 108), at the time of the filing of the Motion to Compel, the Plaintiffs had not provided even a single page in response to the commonplace discovery requests to them. Of course, Rule 26(a)(1)(A)(ii) requires a party to provide this type of basic information "without awaiting a discovery request." The Rule provides that a party must produce:

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

But Defendant further made Rule 34 requests, which Plaintiffs substantially ignored until after the Motion to Compel was filed on January 15, 2024. When it became clear that

Plaintiffs also did not intend to respond to the Rule 34 requests for the formerly-named Plaintiffs <u>at all</u> (with all responses already long-since significantly overdue, and for which the Motion to Compel had been pending for over a month), and because Plaintiffs sought to amend the Complaint to ostensibly remove these individuals as representative Plaintiffs to move them to the putative class, Defendant issued subpoenas to them.

But as the Court is aware, even then, Plaintiffs did not respond to the subpoenas or provide any information at all – not a single page – until a *second* motion to compel responses to the subpoenas were filed, and the Court hearing was imminent.

Now, subsequent to the May 2, 2024 hearing, a considerable quantity of material has suddenly been produced, without any explanation for why it had not been produced previously in response to Rule 26 obligations or the various outstanding discovery. But some, unfortunately, remains incomplete.

As articulated at the May 2, 2024 hearing, and reflected on the spreadsheet (Exhibit 1 from the May 2, 2024 hearing), Plaintiffs provided almost nothing before April 25, 2024, just a week before the May 2, 2024 hearing that had itself been set for a month. And at the May 2, 2024 hearing, the Plaintiffs gave the Court conflicting explanations as to whether certain devices had been imaged and/or searched. The Plaintiffs had likewise given Defendants answers as to which devices had been imaged which were, frankly, misleading at best. Defendants had been expressly led to believe in an email from Plaintiffs' counsel that all formerly-named Plaintiffs' devices had been imaged, only to learn <u>during the hearing</u> that <u>only one</u> of the formerly-named Plaintiffs' devices had been imaged.

Even now, it is not at all clear whether Plaintiffs have fully responded to Category 1 (communications among all current and former Plaintiffs), or whether there is still information that has not been searched (as to the Rule 34 requests to the now-named Plaintiffs), or whether material is still being withheld based on this assertion of the "common interest privilege" that has been extensively briefed and which is not applicable to these communications. (See, e.g. DE 175, PageID# 2562 discussing the fact that Defendant still does not know what has been withheld based on this privilege).

It is clear that Plaintiffs have not fully responded to Category 6 (communications with law enforcement), the existence of which Plaintiffs revealed at the May 2, 2024 hearing, but have also not produced a privilege log for the additional items that Plaintiffs' counsel revealed the existence of during the May 2, 2024 hearing. Thus, the scope of what has still not been produced remains unknown.

As articulated at length in the Defendant's Reply (DE 175, PageID# 2558-2562), Plaintiffs' tactic of producing limited information shortly before their Responses are due, and shortly before the hearing, made it very difficult to present these Motions, and for the Court to rule.

While the Court granted significant parts of the Motions, the Court also held that parts – such as the belated redactions – were premature. But these portions are not premature for *any reason other than the Plaintiff ignored their obligations for months* and produced heavily redacted documents at the last minute before an in-person hearing, which Plaintiffs then complained they had not had time to brief to support their redactions. Over this past weekend, Plaintiffs confirmed that they are standing on most of their redactions.

This now necessitates further motion practice, which would have been wholly unnecessary had the Plaintiffs (1) responded on time; or (2) provided complete information.

Even if the information eventually supplied shortly before Plaintiffs' Response were substantively sufficient *finally*, it was still only provided as a result of the Motion to Compel, and undoubtedly only because of that Motion. Rule 37(a)(5) <u>mandates</u> payment of the movant's cost in exactly this circumstance:

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted **(or Disclosure or Discovery Is Provided After Filing)**. If the motion is granted—**or if the disclosure or requested discovery is provided after the motion was filed**—**the court must**, after giving an opportunity to be heard, **require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees**. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

None of the three countervailing criteria are present, and the Plaintiffs (or their counsel) should be required to pay this Defendant's costs and attorneys' fees.

The standard for consideration of motions to compel and for discovery sanctions is well-settled. As one case explained, the burden of proof that failure to comply was due to inability as opposed to willfulness, bad faith, or fault, rests with the sanctioned party and not the movant:

The Federal Rules of Civil Procedure set forth the discovery obligations of parties and their attorneys, and authorize federal courts to impose sanctions on those participants who fail to meet these obligations. "In selecting a sanction under Rule 37, a court may properly consider both punishment and deterrence." *Bratka v. Anheuser–Busch Co*., 164 F.R.D. 448, 459 (S.D.Ohio 1995) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)); see *Peltz v. Moretti*, No. 292 Fed.Appx. 475, 478 (6th Cir.2008) (internal citation and quotation omitted); *Bass v. Jostens, Inc*., 71 F.3d 237, 241 (6th Cir.1995). **<u>The burden to prove that the failure to comply with discovery obligations was the result of inability and not due to willfulness, bad faith or fault rests with the sanctioned party.</u>** *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir.1988).

*Laukus v. Rio Brands, Inc*. 292 F.R.D. 485, 500 (N.D. Ohio 2013) (emphasis added).

Whether the production is ultimately complete now or not, despite several attempts to resolve this without court action, Plaintiffs have <u>still</u> offered no explanation whatsoever for why they did not produce a single document in the over 60 days since the requests were propounded, and over 30 days since the responses became overdue, before the original Motion to Compel (DE 108). And Plaintiffs offered no explanation whatsoever for why they waited even until subpoenas were propounded, the compliance date (and its extensions) all expired, and still not a single page was produced until after a Supplemental Motion to Compel was filed. (DE 152).

Moreover, as pointed out in the *several* good faith effort letters where Defendant attempted to obtain this information without Court intervention (See DE 108-2 discussing efforts prior to the motion), Plaintiffs largely refused to respond at all to the Defendants *several* pre-motion requests for this information, which was relevant and important, and well overdue.

The Courts of this district have consistently ordered attorneys' fees where a Motion to Compel was necessary due to evasive or obstructive conduct. See *R.S. Logistical Solutions, Ltd. v. Janus Global Operations, LLC*, 2023 WL 324509 (E.D. Tenn. 2023) (McCook, J.). Likewise, Judge Wyrick recently awarded significant attorneys' fees in a case with similar (but not nearly as egregious) evasiveness:

> Under Federal Rule of Civil Procedure 37(a)(4), the Court is to treat an evasive or incomplete response as a failure to disclose. Fed. R. Civ. P. 37(a)(4). If a motion to compel is properly filed and then granted by the Court, the Court is required to order payment of the moving parties' reasonable expenses, including attorney fees. Fed. R. Civ. P. 37(a)(5). Still, there are limited exceptions to the rule requiring payment of attorney fees. Id.
>
> As reflected above, the Court finds that certain of Plaintiff's complaints about Defendants' failure to respond are not well-taken. **At the same time, Defendants have stubbornly refused to supplement other responses to simple and straightforward questions despite repeated requests by Plaintiff's counsel that it do so and the Court's instructions regarding the same.** This refusal by Defendants required Plaintiff to file a supplemental motion to compel. **Moreover, Defendants' extensive and unnecessary qualifications to what should be straightforward responses caused certain of their answers to be evasive as well.** While Defendants argue that Plaintiff continues to add to his list of deficiencies in Defendants' responses over time, **the Court finds that Plaintiff has been consistent in requesting the information Defendants have herein been compelled to supply.** Still, because the Court did not find it appropriate to grant all of Plaintiff's requests to compel, the Court has determined that it would be unjust to require Defendants to pay all of Plaintiff's attorney fees and expenses related to this discovery dispute. See Fed. R. Civ. P. 37(a)(5). **For that reason, the Court awarded to Plaintiff the sum of Four Thousand ($4,000.00) Dollars toward the attorney fees and expenses incurred in conjunction with this discovery dispute.**

*Mulkern v. MMAD Company, LLC*, 2023 WL 6064370, at *3 (E.D.Tenn., 2023) (emphasis added).

Judge Steger also recently awarded attorneys' fees on a Motion to Compel where a party delayed providing responses. Judge Steger directed the movant to submit the statement of costs to the opposing party for payment:

> **Pursuant to Fed. R. Civ. P. 37(a)(5), the Court finds that Defendants' conduct necessitated Plaintiff's motion to compel, Plaintiff's counsel attempted in good faith to obtain the requested discovery without court action, and Defendants' failure to respond to discovery in a timely manner was not substantially justified. Consequently, Defendants (and/or their counsel) shall pay Plaintiff's reasonable expenses incurred in making the motion to compel, including attorney's fees.** To that end, Plaintiff's counsel shall calculate his fees (at a rate of $325 an hour) in connection with preparation of the motion to compel, the time required to travel to and from Chattanooga for oral argument on the motion, and the time required to prepare a statement of his fees and expenses. **Plaintiff's counsel shall submit such statement of fees and expenses to Defendants' counsel for payment within two weeks of receipt thereof. If Defendants have objections to Plaintiff's counsel's statement of fees and expenses, counsel for the parties shall bring such matter to the attention of the undersigned promptly and the Court will decide the matter.**

*Jones v. Dead Zero Shooting, LLC*, 2023 WL 6064298 (E.D. Tenn. 2023) (emphasis added).

In this case, the Court should award attorneys' fees and costs. At the hearing on May 2, 2024, the Court was not able to hear argument on this matter, and asked for a supplemental motion and response. Now that the Court has GRANTED the Motions to Compel, the burden remains on the Plaintiffs to articulate why they were unable to respond. Plaintiffs cannot do so, because literally months went by with no response at all.

The Court should grant this Motion for Attorneys' Fees, and permit Defendant to submit a statement of charges in accordance with the practice in *Jones v. Dead Zero Shooting, LLC*, 2023 WL 6064298 (E.D. Tenn. 2023).

Finally, Defendant Peters would state that he initiated a meet and confer on this particular topic (during a call concerning the Court's Order), but it was immediately clear to all sides that the parties were not able to reach any agreement on this issue.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Compel, and award attorneys' fees and costs. The Court should permit Defendant Peters to submit a statement of charges in accordance with *Jones, supra*.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
  DANIEL H. RADER IV / BPR #025998
  P. O. Box 3347
  Cookeville, TN 38502
  Phone: (931) 526-3311
  danny@moorerader.com
  Attorneys for Kevin Peters, individually

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors. com
*Pro Hac Vice Attorney for Plaintiff*

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official*

*capacity, and Kevin Peters, in his*
*official capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN 37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City,*
*Tennessee, and Karl Turner, in his*
*Individual capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
615-254-3060
*Email: kberexa@fbb.law*
*ballen@fbb.law*
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

        This the 20th day of May, 2024.


                            MOORE, RADER AND YORK, P. C.


                            s/DANIEL H. RADER IV, BPR 025998
                             DANIEL H. RADER IV / BPR #025998
                             P. O. Box 3347
                             Cookeville, TN 38502
                             (931-526-3311)
                             danny@moorerader.com