

**STATE OF TENNESSEE**

**Office of the Attorney General**

**JONATHAN SKRMETTI**
ATTORNEY GENERAL AND REPORTER

P.O. BOX 20207, NASHVILLE, TN 37202
TELEPHONE (615)741-3491
FACSIMILE (615)741-2009

May 1, 2024

**VIA EMAIL AND CERTIFIED MAIL**
Elizabeth A. Kramer & Kevin M. Osborne
Erickson Kramer Osborne, LLP
44 Tehama Street
San Francisco, CA 94105
elizabeth@eko.law
kevin@eko.law
(415) 635-0631

RE: *B.P., et al., v. City of Johnson City, TN, et al.*, No. 2:23-cv-00071 (E.D. Tenn)
Subpoena duces tecum re: call history records for (423) 677-2772

Dear Ms. Kramer and Mr. Osborne:

    I represent District Attorney General Steven Finney regarding a subpoena you have issued for call history records for his phone number, (423) 677-2772. Respectfully, General Finney objects to any subpoena, pursuant to Fed. R. Civ. P. 45, which seeks information regarding criminal investigations. *See State v. Harrison*, 270 S.W.3d 21, 28–29 (Tenn. 2008) (citing *Gravel v. United States,* 408 U.S. 606, 628–29 (1972)) ("[A] person who has a personal right, privilege, or proprietary interest in materials subject to a third-party subpoena has standing to challenge the subpoena.")

    First, information in General Finney's possession regarding the criminal investigation of any criminal defendant may not be sought by subpoena. Pursuant to Tennessee law, documents and other information contained in the files of the District Attorney are not subject to disclosure except through Tenn. R. Crim. P. 16. *See The Tennessean v. Metro Gov't of Nashville of Davidson Cnty*, 485 S.W.3d 857 (Tenn. 2016); *see also Sutton v. State*, No. 03C01-9702-CR-00067, 1999 WL 423005, at *6 (Tenn. Crim. App. June 25, 1999).

    *Tennessean* dealt with a public records request, but the rationale for subpoenas is the same. The Attorney General agreed in a 2018 opinion:

> Rule 16 should also shield information related to a pending criminal case that is sought through a subpoena. A defendant would have no reason to seek discovery under Rule 16

EXHIBIT 3

if he could simply subpoena an entire police investigative file. And the same "harmful and irreversible consequences" exist: a defendant's right to a fair trial could be jeopardized and the privacy interests of others could be implicated if information related to a pending criminal case could be subpoenaed by a third-party.

Tenn. Op. Atty. Gen. No. 18-07 (Mar. 8, 2018).

Second, the law enforcement privilege shields disclosure of investigative and prosecutorial information to protect the ability of a law enforcement agency to conduct investigations. *United States v. Se. Eye Specialists, PLLC*, 586 F. Supp. 3d 787, 793 (M.D. Tenn. 2022).

Third, the subpoena seeks information that is irrelevant to the case at hand, privileged and protected matter, and many weeks' worth of information, so the request is overbroad and an undue burden. *St. Clair Cnty. Employees' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 3:18-CV-00988, 2024 WL 1342567, at *4 (M.D. Tenn. Mar. 28, 2024).

Sincerely,

*s/Liz Evan*
ELIZABETH EVAN (BPR 37770)
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
Office of the Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
Phone: (615) 532-1600
Liz.Evan@ag.tn.gov

cc:
Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Cetner Dr. Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
ashley@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd. No. 413
Oakland, CA94602
vanessa@advocatesforsurvivors.com