IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
on behalf of all others similarly situated,

       Plaintiffs,

v.                                                No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

       Defendants.
                                              /

## PLAINTIFFS' OPPOSITION TO PETERS' MOTION FOR RULE 37 SANCTIONS

COME NOW Plaintiffs B.P., H.A., and S.H., individually and as proposed class representatives of all others similarly situated, ("Plaintiffs"), through their undersigned counsel, to oppose Peters' Motion for Attorneys' Fees and Costs Regarding Motions to Compel [doc. 196].

### Relevant Background

On May 2, 2024, the Court heard extensive presentations from both sides regarding a series of discovery disputes, including Peters' two motions to compel [docs. 108, 152] and Plaintiffs' Motion for Protective Order and/or Motion to Quash Subpoena Duces Tecum Issued to Unnamed Class Members [doc. 158]. Following the hearing, the Court provided certain initial rulings and guidance, advised that an order was forthcoming, instructed the parties to continue to

meet and confer, and set a May 13 deadline for a joint status report. On May 10, the Court entered its Order [doc. 187].

The parties filed a joint status report on May 13 [doc. 189], which, among other things, explained the parties' ongoing disputes with respect to: (i) sealing the exhibits offered by Peters' counsel at the May 2 Hearing; (ii) documents responsive to Category One between the Plaintiffs; (iii) the method and timing of identifying documents responsive to Category One that include formerly named plaintiffs; and (iv) Plaintiffs' counsel's communications with the Sex Trafficking Prosecution Team, over which the Department of Justice (not Plaintiffs) assert an investigatory privilege.

At the Court's May 21 Hearing, the Court addressed those disputes as follows. For (i), the Court instructed the parties to file position statements by May 28 on sealing the May 2 Hearing exhibits. Plaintiffs were the only party to file a position statement [doc. 200], which the Court adopted [doc. 201]. Regarding (ii), the Court observed the parties' different views on compliance with the Court's May 10 Order (*see*, joint status report, doc. 189 at 4-5), and noted that Plaintiffs' interpretation was correct—*i.e.*, that the relevant communications were between the current class representatives only. *See*, May 10 Order, doc 187 at 6-7. For (iii), the Court acknowledged the efficiency of using search terms to locate communications between the class representatives whose phones were imaged (H.A. and B.P.) and any of the formerly named plaintiffs, an approach the parties had conferred about, but not completed [joint status report, doc. 189 at 6].[1]

---

[1] As previously stated to defense counsel and the Court, S.H.'s phone was not imaged. In connection with ordinary discovery compliance, Plaintiffs' counsel confirmed with S.H. that she has no communications with H.A., B.P., or any formerly named plaintiff. She has no prior relationship with those individuals, and no longer lives in Tennessee.

The Court ordered that search and production completed by May 31 [doc. 198]. Plaintiffs produced documents, and Peters' counsel agreed to a one-week extension for the remainder.

Following the May 21 Hearing, Plaintiffs' counsel made an in-person request to Peters' counsel to withdraw the present motion, considering the Court's comments likely mooted the motion, and because the parties' ongoing negotiations were proving fruitful. Peters' counsel declined.

## The Court Should Not Award Sanctions

Courts in this judicial district do not issue sanctions haphazardly. *See*, *e.g.*, *Interstate S. Packaging, LLC v. Korman*, 2021 WL 6335379, at *14 (E.D. Tenn. Nov. 30, 2021); *Vaughn v. Taylor*, 2021 WL 6460626, at *5 (E.D. Tenn. Nov. 16, 2021). As an initial matter, the Court did not unequivocally grant Peters' discovery motions. Doc. 187 (motions "granted in part, denied in part, and denied as moot in part.") Rather, the Court struck a reasonable balance on what, if any, additional efforts by Plaintiffs were warranted after hearing detailed and fact-specific arguments from both sides. Indeed, the Court declined to grant some of Peters' demands, such as requiring that all formerly named plaintiffs have their devices imaged. And the result Peters obtained on other issues, such as the use of search terms, were compromises Plaintiffs proposed *before* Peters filed his motions.

Thus, the Court is not compelled to award fees under Rule 37(a)(5)(A) as Peters contends [doc. 196 at 4]. Instead, Rule 37(a)(5)(C) applies, which gives courts broad discretion to apportion reasonable expenses for a motion to compel, or to not award sanctions at all. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021). Factors relevant to whether an award of sanctions is warranted include whether the failure to sufficiently respond was willful or made in bad faith and whether the other side was prejudiced. *Spees v.*

*James Marine, Inc.* 2009 WL 981681, at *5 (W.D. Ky., Apr. 13, 2009). No such evidence is present here. Plaintiffs timely served responses and objections to Peters' Rule 34 requests, negotiated in good faith on the subpoenas to unnamed class members (including producing responsive documents, stating where none exist, and advising that they would seek a protective order rather than serve objections). Docs. 114 at 2-3; 165 at 1-4. Plaintiffs have been producing documents in the litigation since early January, continue to meet their discovery obligations, and are working diligently to complete the Court's directives.

Even if the Court were to apply Rule 37(a)(5)(A), sanctions are inappropriate here. That provision precludes awarding fees if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed R. Civ. P. 37(a)(5)(A). Each of these factors weigh against Peters' motion.

First, Peters filed one of his discovery motions [doc. 108] after a series of lengthy and aggressive letters [doc. 114-3, ¶¶3-7 and exhs. A-E] but without efforts to meet and confer by phone or video conference. His further motion [doc. 152] was filed without notice to Plaintiffs while discovery negotiations were ongoing [doc. 164-1, ¶¶2-4]. Had his counsel been willing to engage in a live conversation, Peters likely could have obtained the same discovery without Court intervention, or at a minimum, dramatically narrowed the issues in dispute. Second, the crux of Plaintiffs' discovery positions is justified: discovery of unnamed class members should be limited as compared to class representatives, particularly where the discovery is broad and invasive, and the subject matter is sensitive and potentially retraumatizing.

Lastly, awarding sanctions in these circumstances would be unjust because Plaintiffs have been diligent, reasonable, and forthcoming on matters of discovery since the inception of the litigation. Additionally, Plaintiffs have several ongoing discovery disputes with the City and other individual defendants, and counsel are engaging in time-consuming negotiations and making compromises to move the case forward without judicial intervention. These efforts would be disincentivized if sanctions are awarded.

## Conclusion

With the context above, and given the discovery challenges that arise in a complex, multi-party case involving highly-sensitive subject matter, Plaintiffs respectfully submit that sanctions are inappropriate and Peters' motion should be denied in full.

Dated June 3, 2024

Respectfully submitted,

Erickson Kramer Osborne, LLP

*/s/ Elizabeth A. Kramer*
Elizabeth A. Kramer (*pro hac vice*)
Kevin M. Osborne (*pro hac vice*)
Julie C. Erickson (*pro hac vice*)
44 Tehama St.
San Francisco, CA 94105
415-635-0631
elizabeth@eko.law
kevin@eko.law
julie@eko.law

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*

Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320

Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com


*Attorneys for Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the Court's electronic filing system on June 3, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>Email: kgrant@rswlaw.com<br>Email: lrufolo@rswlaw.com<br><br>*Counsel for Brady Higgins, Jeff Legault, and Justin Jenkins in their individual capacities* |