IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on Behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| VERSUS | ) No. 2:23-cv-00071-TRM-CRW ) |
| CITY OF JOHNSON CITY, TENNESSEE, *et al* | ) ) |
| Defendants. | ) ) |

**<u>DEFENDANT PETERS'S REPLY TO PLAINTIFFS' "OPPOSITION" TO DEFENDANT PETERS' SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES PURSUANT TO DE 187</u>**

Plaintiffs' supplemental "Opposition"[1] to the Motion for Attorneys' Fees in connection with the ongoing discovery dispute ignores completely the undisputed fact that Plaintiffs produced literally <u>nothing</u> in response to any of the discovery requests, necessitating a Motion to Compel (DE 108), followed by another.

And even after that Motion was filed highlighting that <u>nothing</u> had been produced, Plaintiffs' belated production was very little. See Ex. 1 to May 2, 2024 hearing. Plaintiffs still refused to provide any information for the then-named Plaintiffs at all (and produced only very little and clearly incomplete information for the now-named Plaintiffs). Plaintiffs' tactic necessitated the issuance of subpoenas to the then-named/now formerly-named Plaintiffs. And even when those subpoenas were served, the

---

[1] Plaintiffs filed their belated Opposition a week <u>after</u> the Court's deadline for the filing of same. The Court should disregard Plaintiffs' untimely filing for which Plaintiffs did not seek any extension from anyone. See DE 187, PageID#2700.

Plaintiffs <u>still</u> refused to produce <u>anything</u> in response to them until yet another Motion to Compel (DE 152) was necessary.

Plaintiffs would not have produced a single document without these discovery Motions, or without the Court's Orders.

**Critical text messages involving named Plaintiff B.P. were <u>still</u> withheld through and until even after the May 21, 2024 teleconference.** Most recently, Plaintiffs delayed producing important text messages from Plaintiff B.P., that were indisputably responsive to the original written discovery responses from November 2023 (See DE 108-1, Request # 29, PageID#1530-31), and which have always been in Plaintiff's possession. B.P., still a now-named Plaintiff, was obligated to respond to the Rule 34 requests propounded to her on November 14, 2023. On May 30, 2024, <u>after</u> B.P.'s deposition on May 23, 2024, and after the May 2, 2024 hearing in which Plaintiffs represented that all Rule 34 responsive materials had been produced concerning the named Plaintiffs, and after the May 21, 2024 teleconference with the Court, Plaintiffs produced for the very first time, certain text messages from B.P.'s phone directly responsive to these requests. These items were always in B.P.'s possession <u>on her own phone</u>. These include text messages authored by B.P., to the person that she claimed to have been present at the time of her assault, specifically referencing the perpetrator <u>by name</u>, and apparently referencing the very night of her alleged assault. (B.P.000285 and 000286). These texts in particular are time-stamped within 36 hours after B.P. testified that her alleged assault occurred (the Complaint alleges that she reported the assault on November 7, 2019). (DE 121, ¶¶ 23-37; PageID# 1778-79).

The contemporaneous texts that were withheld until May 30, 2024, are dated November 8, 2019. There are numerous other messages within this belatedly produced large package of texts (B.P. 00094-000365), that bear directly on these issues, but B.P. 000285 and 000286 are examples for which there is no colorable explanation as to why they were not produced for some <u>6 months after they were due</u> in response to the Rule 34 request to this now-named Plaintiff B.P. (See DE 108-1, # 29, PageID#1530-31).

None of these text messages are objectionable on any grounds, and no such objection was asserted by Plaintiffs. It was simply withheld until after the deposition.

Plaintiffs simply did not produce relevant, responsive, contemporaneous information directly bearing on the issues in this case, to which no objection has ever even raised. <u>It was just not produced, even in the face of the multiple motions, two court hearings, and the Court's subsequent Orders,</u> until they finally had to comply with the Court's last deadlines set during the May 21, 2024 teleconference.

Plaintiffs have offered no explanation whatsoever for why these highly relevant text messages discussing Sean Williams were not produced until after B.P.'s deposition, and some <u>six months after the written discovery seeking this exact information was propounded</u>. It is likely that Defendants will have to move to reopen B.P.'s deposition, as the belatedly produced material directly contradicts B.P.'s sworn testimony concerning the timeline of how long she knew Sean Williams, as well as the circumstances under which B.P. testified that she left Mr. Williams's condo on November 7, 2019.

The written discovery was served November 14, 2023, and due in mid-December. The Motion to Compel (DE 108) was filed January 15, 2024 when nothing had been

produced and the responses were over 30 days past due. Plaintiff B.P.'s deposition was May 23, 2024. This important responsive material that bears directly on these issues central to the case, was not produced until May 30, 2024.

In fact, this date of production was <u>after</u> Plaintiffs' Response in Opposition to the Supplemental Attorneys' Fee motion was <u>due</u> to have been filed with the Court. The Court's Order (DE 187) specifically required the Plaintiffs to Respond within 7 days after the Supplemental Motion (DE 196); thus the Plaintiffs' Response was due on May 27, but it was not filed until June 3, possibly so that Plaintiffs could claim that they had produced responsive material in response to the Court's Order.

**This is the same tired tactic that has plagued this case, about which this Defendant has briefed the Court over and over and over again.** (See DE 175, PageID#2558-62, cataloging the extremely consistent practice of completely ignoring discovery requests until a Motion is filed until Plaintiffs' own Response is due.)

The Court cannot countenance Plaintiffs' wholesale refusal to provide any information until after multiple Motions to Compel are filed. As discussed repeatedly in the prior filings, Plaintiffs' tactics of providing materials only when their Response was due, attempt to create the misimpression for the Court that this discovery dispute is some minor matter. It is not a minor matter for a party to intentionally produce <u>literally nothing</u>.

Plaintiffs bear the burden of proving that their undisputed failure to produce the materials was not willful (all of them, these latest text messages being just the most recent example). *Laukus v. Rio Brands, Inc*. 292 F.R.D. 485, 500 (N.D. Ohio 2013).

Plaintiffs do nothing to substantiate their failure, and cannot. For if Plaintiffs had ever held a legitimate position, they would have produced <u>something</u>, not <u>nothing</u>.

Even if some of Plaintiffs' objections were colorable, that is no excuse to produce <u>nothing</u>. The Rule affirmatively requires a responding party to produce whatever Plaintiffs claim to have been non-objectionable:

> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 33(b)(2)(C).

Plaintiffs did not comply with <u>any</u> part of this Rule. They <u>never</u> identified what was being withheld based on any objection (to this Defendant or even to the Court), and they did not produce even what they now claim to have been non-objectionable and subject to production. They produced <u>nothing</u>, and they bear the burden of proving that this abject failure was not willful.

Plaintiffs have been evasive and uncooperative at every turn. Plaintiffs ignored the multiple good faith letters seeking the material prior to the filing of the Motion to Compel (DE 108-2, PageID#1541-43, listing dates and times of communications to obtain the materials). Fed. R. Civ. P. 37 affirmatively requires that this type of evasive or incomplete response, must be treated as a "failure to respond."

The Court should not be distracted by Plaintiffs' belated claim in this latest filing that they did not act in bad faith (though the timeline calls this assertion into serious doubt). This Court has previously rejected that exact argument, and held that "**the Court does not need to find that a party acted in bad faith for purposes of sanctions**

**pursuant to Rule 37**." *R.S. Logistial Solutions, Ltd. v. Janus Global Operations, LLC*, 2023 WL 324509 at *6 (E.D. Tenn. 2023).

Plaintiffs' conduct is not "substantially justified," which is reflected by the undisputed fact that the produced <u>nothing</u> until <u>after</u> the Motions were necessitated. No reasonable person could determine that it was ever appropriate to produce <u>nothing</u> in response to these basic discovery requests. Plaintiffs never moved for an extension of time. And the Rule makes very clear that it does not excuse untimely compliance when responding party *eventually* produces something *after* a Motion is filed: "If the motion is granted—<u>or if the disclosure or requested discovery is provided after the motion was filed</u>—the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

It has taken essentially through May 30, 2024 to obtain basic discovery in this case that was first filed in June 2023, and for which written discovery was propounded in November 2023.[2] Absent these discovery Motions, and this Court's Orders, it is clear that the Plaintiffs would not have produced the material now produced. Indeed, Plaintiffs did not produce any materials as they were required to by Fed. R. Civ. P. 26, which required Plaintiffs to produce this material "without awaiting a discovery request." And it is unlikely that Plaintiffs would *ever* have produced much of the material that the

---

[2] There remains a dispute concerning the wrongfully redacted material, which the Court has requested be the subject of a coming motion. A ruling requiring payment of attorneys' fees may encourage Plaintiffs to reconsider their continued wrongful withholding of this information.

Court's Orders compelled them to eventually produce. The attorneys' fees incurred should never have been necessary, and it is unjust to require Defendant Peters to bear the burden of obtaining compliance with these basic rules.

This has been the most time-consuming effort to obtain discovery that the undersigned can recall. The Plaintiffs simply will not comply with their obligations unless the Court makes clear that there are consequences for the failure to do so, as their responsive conduct has made clear time and time again. The Rules prescribe those consequences.

## CONCLUSION

For the foregoing reasons, the Court should award attorneys' fees and costs.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
DANIEL H. RADER IV / BPR #025998
P. O. Box 3347
Cookeville, TN  38502
Phone: (931) 526-3311
danny@moorerader.com
Attorneys for Kevin Peters, individually

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official*

<table>
<tr><td>

Mr. Jon Lakey  
Burch Porter & Johnson PLLC  
130 North Court Ave.  
Memphis, TN 38103  
*Email: jlakey@bpjlaw.com*  
*Attorney for Johnson City, Tennessee*

</td><td>

*capacity, and Kevin Peters, in his official capacity*

Ms. Kristin E. Berexa  
Mr. Benjamin C. Allen  
Farrar Bates Berexa  
12 Cadillac Drive, Suite 480  
Brentwood, TN  37027  
615-254-3060  
*Email:  kberexa@fbb.law*  
*ballen@fbb.law*  
*Attorneys for Toma Sparks*

</td></tr>
</table>

Vanessa Baehr-Jones  
Advocates for Survivors of Abuse PC  
4200 Park Boulevard No. 413  
Oakland, CA  94602  
510-500-9634  
Email: vanessa@advocatesforsurvivors.com

      This the 10th day of June, 2024.

                              MOORE, RADER AND YORK, P. C.

                              s/DANIEL H. RADER IV, BPR 025998  
                               DANIEL H. RADER IV / BPR #025998  
                               P. O. Box 3347  
                               Cookeville, TN  38502  
                               (931-526-3311)  
                               danny@moorerader.com