**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, | ) <br> ) <br> ) |
|     Plaintiffs, | ) No: 2:23-cv-00071-TRM-JEM |
| v. | ) <br> ) |
| CITY OF JOHNSON CITY, TENNESSEE, a government entity, et al. | ) <br> ) <br> ) |
|     Defendants. | ) |

---

**REPLY IN SUPPORT OF MOTION TO QUASH**
**BY JUSTIN JENKINS[1], IN HIS INDIVIDUAL CAPACITY**

---

Comes now, Justin Jenkins, through undersigned counsel, who submits the following in reply to Plaintiffs' *Opposition in Response to Defendant Jenkins' Motion to Quash Subpoenas Duces Tecum on Financial Institutions* (Doc. 205).

**1. Jenkins has standing to quash the subpoenas issued to the accounting firm and financial institutions.**

While it is true, as the Plaintiffs point out, and as the cases cited by the Plaintiffs demonstrate, the Sixth Circuit has held that an individual has no *constitutionally protected* privacy interest in their financial affairs. State Farm Mut. Ins. Co. v. Policherla, 2009 U.S. Dist. LEXIS 62135, at *8 (E.D. Mich. July 20, 2009) (citing Jenkins v. Rock Hill Local Sch. Dist., 513 F.3d 580, 591 (6th Cir. 2008); Overstreet v. Lexington-Fayette Urban County Gov't, 305 F.3d 566, 575 (6th Cir.

---

[1]This reply is made only on behalf of Jenkins in his individual capacity given the Plaintiffs do not oppose Higgins' motion to quash.

Page 1 of 5

2002). However, whether Jenkins has a *constitutionally-protected* privacy interest in his bank records is not the issue, as courts in this Circuit have routinely acknowledged that an individual may have a sufficient personal privilege or right so as to confer standing to quash a subpoena to a non-party. See Waite v. Davis, No. 1:11-cv-0851, 2013 U.S. Dist. LEXIS 5253, at *14-15 (S.D. Ohio Jan. 14, 2013). Courts in this Circuit have routinely recognized such "rights and privileges" extend to personal bank records. Id.; See also Hackmann v. Auto Owners Ins. Co., No. 2:05-cv-876, 2009 U.S. Dist. LEXIS 15128, at *3 (S.D. Ohio Feb. 6, 2009); Zakutney v. Moore, 2022 U.S. Dist. LEXIS 221, at *3 (W.D. Ken. Jan. 3, 2022). Moreover, courts in this Circuit have held a personal right may be found where the nature of the information sought is "highly personal and confidential." See Polylok Inc. v. Bear Onsite, LLC, No. 3:12-cv-535, 2016 U.S. Dist. LEXIS 173289, at *4 (W.D. Ken. Dec. 15, 2016) (quoting United States v. Idema, 118 Fed. Appx. 740, 744 (4th Cir. 2005)). In fact, in Newton v. Air Sys. Inc., No. 3:18-cv-00497, 2019 U.S. Dist. LEXIS 249737, at *6-7 (W.D. Ken. Aug. 30, 2019), the district court held an individual party had standing to quash a subpoena to a nonparty for banking records. Id.

Here, like in Newton, Jenkins has standing because the Plaintiffs seek six-years worth of his highly personal and confidential banking information. Given the nature of this information, Jenkins submits he clearly has standing to quash the subpoenas issued to the various entities in possession of his sensitive financial information.

## 2. The information sought by the subpoenas is irrelevant and unlikely to lead to relevant, admissible evidence.

In their response, the Plaintiffs argue the information sought by the subpoena may provide evidence of Jenkins' purported motive to obstruct a sex trafficking investigation. Plaintiffs'

equivocal language in their response is telling, using phrases such as, "may have been", "is possible" and "could have". Doc. 205, PageID#4224. Such language supports Jenkins' assertion that Plaintiffs' attempt to obtain these records is nothing more than a fishing expedition, especially in light of the fact that the Second Amended Class Action Complaint does not contain any facts from which one could even draw a reasonable inference that (1) Jenkins was aware of any claims of sexual assault against Sean Williams or that Jenkins was even generally aware of Williams, outside of the Female 3 investigation; (2) that there was a TVPA sex trafficking investigation of Williams at the time Jenkins participated in the Female 3 investigation; or (3) that Jenkins knew of a TVPA sex trafficking investigation at the time he participated in the Female 3 investigation. In other words, the Plaintiffs have not even pled facts to link Jenkins' purported motive for obstructing a TVPA sex trafficking investigation to an actual, active sex trafficking investigation. Without those allegations, the subpoenas to the financial institutions and Jenkins' accountant amount to nothing more than a fishing expedition.

## CONCLUSION

For these reasons, and for those stated in Jenkins' principal brief, Jenkins respectfully requests that the Court enter an order quashing the subpoenas to his accountant and to the various financial institutions.

Respectfully submitted,

ROBINSON, SMITH & WELLS, PLLC


By: ___s/ *Keith H. Grant*___
          Keith H. Grant, BPR# 023274
          Laura Beth Rufolo, BPR# 015622


Page 3 of 5

Philip Aaron Wells, BPR# 036248
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-5051
Facsimile: (423) 266-0474
*Attorneys for Justin Jenkins, Brady Higgins and Jeff Legault, in their individual capacity*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on June 10, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Robinson, Smith & Wells, PLLC

By: ____s/_ *Keith H. Grant*_____

cc: Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email:vanessa@advocatesforsurvivors.com

Elizabeth A. Kramer
Kevin M Osborne
Julie Erickson
Erickson Kramer Osborne LLP
44 Tehama Street
San Francisco, CA 94105
Email: elizabeth@eko.law
Email: kevin@eko.law

Page 4 of 5

Email: Julie@eko.law

K. Erickson Herrin
HERRIN, MCPEAK & ASSOCIATES
515 East Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
lisa@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAURDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com
Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, Captain Kevin Peters
and Investigator Toma Sparks.

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
danny@moorerader.com
Counsel for Kevin Peters in his individual capacity

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kbrexa@fbb.law
ballen@fbb.law
Counsel for Toma Sparks in his individual capacity

Jonathan P. Lakey
Burch, Porter & Johnson, PLLC
130 N. Court Avenue
Memphis, TN 38103
901-524-5000
Email: jlakey@bpjlaw.com