IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

    Plaintiffs,

v.                                             No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

## DECLARATION OF VANESSA BAEHR-JONES

I, VANESSA BAEHR-JONES, declare under penalty of perjury of the laws of the United States of America that the following is true and correct:

1. I am over twenty-one years of age and am competent in all respects to give this Declaration. This Declaration is given freely and voluntarily. I have personal knowledge of the foregoing matter and could, and would, testify competently thereto under penalty of perjury.

2. I am lead counsel for Plaintiffs B.P., et al., in the above-referenced case. I am a licensed attorney in good standing in the State of California (CABN 281715) and admitted to appear *pro hac vice* in this District.

3. Attached hereto as **Exhibit 1**, and filed provisionally under seal, is a true and correct copy of the final transcript of the deposition of Eric Daigle taken on June 10, 2024.

1

4. Attached hereto as **Exhibit 2**, and filed provisionally under seal, is a true and correct copy of the redacted final transcript of the deposition of Cathy Ball taken on June 3, 2024.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the August 24, 2022, letter Cathy Ball sent to District Attorney General Steven Finney.

6. Attached hereto as **Exhibit 4** is a true and correct copy of District Attorney General Steven Finney's September 1, 2022, letter to Cathy Ball.

7. Attached hereto as **Exhibit 5** is a true and correct copy of a document produced by Defendant Johnson City at CITY-0075953, which Defendant Johnson City has agreed to de-designate.

8. Attached hereto as **Exhibit 6** is a true and correct copy of a printout from the Realtor.com website showing the sale of 200 E. Main Street, Unit 5, Johnson City, TN.

9. Attached hereto as **Exhibit 7** is a true and correct copy of a printout from the Zillow.com website showing the estimated value of 200 E. Main Street, Unit 5, Johnson City, TN.

10. Attached hereto as **Exhibit 8** is a true and correct copy of a document produced by Defendant Johnson City at CITY-0070827.

11. Attached hereto as **Exhibit 9** is a true and correct copy of Cathy Ball's notes, produced by Defendant City.

12. In July 2022, I began representing certain victims of Williams in any criminal investigations into Williams' sexual assaults or JCPD officers' misconduct in relation to Williams. In this capacity, I communicated with U.S. Department of Justice prosecutors, who, in or around November 2022, opened an investigation into potential violations of 18

U.S.C. § 1591. Plaintiffs were interviewed by the FBI as part of the FBI's sex trafficking investigation in 2022-2023.

13. To my knowledge, the U.S. Department of Justice sex trafficking investigation into Sean Williams is ongoing.

14. On July 26, 2023, I met telephonically with District Attorney General Steven Finney and Assistant DA Abby Wallace to discuss my clients' participation in the criminal prosecution(s) of Williams. DOJ Trial Attorney Julie Pfluger and FBI Special Agent Paul Durant were also on the call. I took contemporaneous notes of the meeting. During the call, I represented that my clients desired criminal accountability for Williams and were willing to cooperate in any criminal investigation which would lead to his prosecution for their assaults. I asked for an update on the physical evidence submitted by my clients, and for any other updates the DA's office could provide on the status of the investigations, and specifically, whether there was a video of one of my clients' rapes. I also asked whether I could receive redacted versions of my clients' statements and police reports.

15. Ms. Wallace stated that she would be unable—as a matter of law—to give any information about this evidence or to provide victim statements or police reports.

16. Ms. Wallace indicated during the call that she would not be able to take any steps to protect the identities of the victims during a criminal prosecution. Ms. Wallace stated that she always filed indictments in rape cases publicly with the victim's full name listed. She further stated that there was no legal basis to ensure the confidentiality of a victim's identity, that she did not have a practice of obtaining protective orders, and she had never asked a court to seal any information pertaining to a rape victim's identity.

17. During the call, DA Finney stressed that it was important that the victims come into the DA's office in person in order for them to be able to move forward with prosecutions.

18. Ms. Wallace provided an estimate that indictments in the cases of Williams' sexual assault victims would be filed by the end of the year (2023).

19. The following day, increasingly alarmed with the DA's office's response to my questions, I contacted SA Durant and Ms. Pfluger and requested that, for now, they not share the complete list of my clients' identities with the DA's office.

20. On August 2, 2023, I learned during a telephone call with Ms. Pfluger and SA Durant that many of my clients were depicted in images and/or videos found on Williams' digital devices, including, but not limited to, B.P., H.A., Female 9, and Female 12.

21. In the following months, I spoke telephonically with DA Investigator Michael Little regarding my clients' participation in the DA's investigations into Williams, and specifically, what protections the DA's office might be able to put in place to ensure the privacy of the victims.

22. When I reached out to Investigator Little to ask for my clients' reports on October 27, 2023, I understood that my clients needed the reports to establish that they had, in fact, reported their rapes, in order to qualify for victim compensation funds.

23. Attached hereto as **Exhibit 10** is a true and correct copy of a WJHL news article, dated August 22, 2023, *available at:* https://www.wjhl.com/news/local/sean-williams-case/affidavits-computer-files-show-52-sean-williams-rapes/.

24. Attached hereto as **Exhibit 11** is a true and correct copy of my October 27, 2023, email to Investigator Little, and the resulting email chain.

25. Attached hereto as **Exhibit 12** is a true and correct copy of DA Finney's November 13, 2023, letter to me.

26. Attached hereto as **Exhibit 13** is a true and correct copy of a letter dated August 16, 2023, sent by my co-counsel Heather M. Collins, to DA Finney. Ms. Collins is barred in the State of Tennessee and serves as local counsel in this case.

27. Attached hereto as **Exhibit 14** is a true and correct copy of an email I sent on November 28, 2023, to Assistant U.S. Attorney Anne-Marie Svolto, an attorney with the U.S. Department of Justice.

28. Attached hereto as **Exhibit 15** is a true and correct copy of my letter to DA Finney, dated November 29, 2023.

29. Attached hereto as **Exhibit 16** is a true and correct copy of a document produced by Defendant Johnson City at CITY-0073478, which the City has agreed to de-designate.

30. Attached hereto as **Exhibit 17** is a true and correct copy of documents produced by Defendant Johnson City, including a screenshot of text messages between Cathy Ball and Steven Finney, redacted emails, and correspondence between Steven Finney and counsel for the Defendants, which the City has agreed to de-designate with redactions.

31. Attached hereto as **Exhibit 18** is a true and correct copy of a letter I sent to JCPD Chief Bill Church on August 25, 2023.

32. Attached hereto as **Exhibit 19** is a true and correct copy of Mr. Herrin's September 1, 2023, letter.

33. Attached hereto as **Exhibit 20**, and provisionally filed under seal, is a true and correct copy of the JCPD case notes for Female 3, produced by Defendant City. Defendant City has not agreed to de-designate any police reports or files, even those redacted of all

victim and witness personal identifying information, in any ongoing Sean Williams investigations.

34. Attached hereto as **Exhibit 21** is a true and correct copy of Plaintiffs' public records request, dated May 1, 2023.

35. Attached hereto as **Exhibit 22** is a true and correct copy of my June 12, 2024, email to Emily Taylor, and the corresponding email chain.

36. Attached hereto as **Exhibit 23** is a true and correct copy of JCPD's internal investigation file, produced by Defendant City.

37. On June 12, 2024, I provided a redacted version of Cathy Ball's deposition transcript, attached hereto as Exhibit 2, to counsel for all Defendants via email. I also provided a rough transcript for the deposition of Eric Daigle. I asked defense counsel whether they would identify any additional redactions they believed were necessary to make to either transcript by 12:00 p.m. ET on June 14, 2024.

38. On June 13, 2024, counsel for the City, Erick Herrin, replied and stated the City's objection to requiring a response on such short notice, given that the Protective Order provided for the parties to have 30 days within which to designate any deposition transcripts as confidential.

39. On June 13, 2024, I replied and explained that Plaintiffs would not publicly file any transcript, but that Plaintiffs did not believe there was any basis under the rules to seal the transcripts and therefore would be lodging them under seal provisionally. I further clarified, in responding to further emails with counsel for the City, that Plaintiffs would file the transcripts under seal to provide Defendants the opportunity to file any motions to seal they judged appropriate. I offered to jointly stipulate to a briefing schedule that

6

provided sufficient time for them to bring such motions. I did not receive a response to this offer.

40. On June 14, 2024, Plaintiffs' paralegal emailed the final version of Daigle's transcript to all defense counsel.

41. In July 2022, I began representing certain victims of Williams in any criminal investigations into Williams' sexual assaults or JCPD officers' misconduct in relation to Williams.

42. It was not until the Court's order denying the City's motion to quash Plaintiffs' subpoena to Daigle that the City finally began producing Plaintiffs' JCPD case files and other related records.

43. Finally, on March 19, 2024—for the first time—Plaintiffs' counsel received our clients' case files.

44. In the case of B.P., the police report shows that she reported her sexual assaults on November 7, 2019. That same day, she submitted to a drug test, a rape kit, and a witness provided a statement corroborating B.P.'s account. The police report then shows that for the next three and a half years, between November 27, 2019, and May 11, 2023, the police took no investigative steps to follow up on her report, other than calling B.P. in March-April 2021.

45. In the case of Female 8, the police report shows that the DA's office declined prosecution and authorized closing her case in March 2023. This was just one month before images and videos of victims' sexual assaults would be found on Willliams' digital devices when he was arrested in North Carolina. Female 8 later learned that her images and/or videos were also contained on Williams' digital devices. By the time Female 8's case was closed,

7

numerous other women had reported strikingly similar experiences of being drugged and raped by Williams.

46. In or around August-September 2023, the U.S. Department of Justice opened a public corruption investigation into allegations of police and government misconduct relating to the investigation(s) of Sean Williams. Ms. Collins, Elizabeth Kramer, and I were present in March 2024 when our clients were interviewed as part of this investigation.

This is the 14th day of June 2024.

*/s/ Vanessa Baehr-Jones*
VANESSA BAEHR-JONES

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on June 14, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>lisa@hbm-lawfirm.com<br>sandy@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>andre@moorerader.com<br><br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br><br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity, Jeff Legault in his individual capacity and Brady Higgins in his individual capacity* |

                                            */s/ Elizabeth A. Kramer*
                                              Elizabeth A. Kramer