# Exhibit 15



## ADVOCATES FOR SURVIVORS OF ABUSE
Seeking and Securing Justice for Survivors

**Vanessa Baehr-Jones**
Founding Partner

4200 Park Boulevard No. 413
Oakland, California 94602
510.500.9634
vanessa@advocatesforsurvivors.com

**Steven R. Finney**
District Attorney General
First Judicial District
Washington County Office
115 W. Jackson Blvd.
Jonesborough, TN 37659

November 29, 2023

**VIA CERTIFIED MAIL**

    Re:    <u>Sean Williams Criminal Investigation</u>

**Dear District Attorney General Steven R. Finney,**

    I write in response to your letter dated November 13, 2023. Threatening to withhold victim compensation funds from my clients if they do not sit for an interview <u>without their counsel</u> is a violation of my clients' constitutional rights. *See* Tenn. Const. Article I, § 35. My clients have a right to participate in the criminal proceeding "free from intimidation, harassment and abuse." *Id.* You have an obligation to pursue restitution on their behalf. *Id.* And my clients have a right – but not an obligation – to meet with you. *Id.*

    You are incorrect that my clients have refused to participate in the state criminal investigation of Williams. To the contrary, many of my clients reported their sexual assaults almost immediately to law enforcement but were discriminated against and intimidated by the Johnson City Police Department ("JCPD"). Since November 2022, I have facilitated interviews of my clients by the Federal Bureau of Investigation ("FBI") in a federal criminal investigation into Williams' sex crimes. My understanding is that your office was jointly participating in this investigation until on or around July 2023, and were given access to the FBI 302 reports documenting my clients'

statements. In addition, several of my clients have already met with your investigator as part of the current investigation led by your office.

To be clear, however, this is now a case where there are <u>image and video files</u> documenting my clients' sexual assaults. In other words, it is beyond a reasonable doubt that my clients were victimized. Forcing them to sit for yet another round of interviews – without their counsel present – would needlessly subject them to re-traumatization. Your insistence on this – and the manner in which you have corresponded with me – calls into question your motive in demanding this access to my clients.

Contrary to what you state in your letter, throughout my communications with your office, I have always maintained that my clients would like to participate in the state criminal investigation, and that they were willing to come meet with the Deputy District Attorney and D.A. Investigator once I had additional information about how their personal information would be protected and kept confidential. As you may recall, this was one of the main topics we discussed on July 26, 2023, during my phone call with you, Deputy District Attorney Abby Wallace, FBI Special Agent Paul Durant, and Department of Justice Trial Attorney Julie Pfluger.

To that end, I had several discussions this fall with D.A. Investigator Michael Little concerning the protections that would be put in place in any criminal proceeding, including using only the victims' initials in any indictment and the handling of evidence. Never in any of those conversations did I state that my clients were unwilling to participate in the criminal investigation—to the contrary, I have always made it clear that my clients' first interest is criminal accountability for Williams, accountability which is long overdue.

You write that you have instructed your investigator and assisting Special Agents with the Tennessee Bureau of Investigation to contact my clients directly notwithstanding that they are represented parties and have a right to speak through their counsel and have counsel present. You write that you have "conferred with the Tennessee Board of Professional Responsibility in this matter." If the Tennessee Board of Professional Responsibility has provided you with an opinion or written guidance in this matter, please provide it to me for my review immediately.

I would request – again – that you only contact my clients through their counsel, myself, Heather M. Collins, Elizabeth Kramer, or Kevin Osborne.

Your allegations of professional misconduct on my part are entirely without merit, as you are well aware that Ms. Collins is serving as local counsel and I am admitted pro hac vice in the related matter *Jane Does 1-9 v. City of Johnson City, TN, et al.*, Case 2:23-cv-00071-TRM-JEM (EDTN). *See* Tenn. R. Prof. Conduct 5.5(c). To the extent you are threatening my professional conduct as a way to deprive my clients of counsel, this is also a violation of their constitutional rights.

2

Case 2:23-cv-00071-TRM-JEM   Document 221-15   Filed 06/15/24   Page 3 of 4   PageID #: 4663

Accordingly, I request that you immediately desist in any efforts to contact my clients, represented parties, without going through their counsel. I would also request that you immediately provide whatever documentation is necessary for me and local counsel to assist them in making claims for victim compensation funds.

**Sincerely,**

**Vanessa Baehr-Jones**

Cc: Heather M. Collins; Elizabeth Kramer; Kevin Osborne