IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) No: 2:23-cv-00071-TRM-JEM |
| v. | ) ) |
| CITY OF JOHNSON CITY, TENNESSEE, a government entity, et al. | ) ) ) |
| Defendants. | ) |

**RESPONSE TO MOTION TO FILE SEALED DOCUMENT (DOC. 206) BY JUSTIN JENKINS, IN HIS INDIVIDUAL CAPACITY**

Comes now, Justin Jenkins, through undersigned counsel, who in response to Plaintiffs' Motion to File Sealed Document (Doc. 206) and this Court's order of June 18, 2024 (Doc. 227), submits the following response.

This matter involves highly inflammatory allegations that officers with the Johnson City Police Department either accepted or extorted money from Sean Williams to cover up his sexual assaults, or that they obstructed an investigation into an alleged sex-trafficking operation of Williams. The allegations against Defendant Jenkins, which he vehemently disputes, are vague and conclusory, and are based upon a single event in September 2020, during which Defendant Jenkins assisted in an investigation regarding a female's fall from Williams' apartment. Despite such minimal allegations against Jenkins, Plaintiffs seek to obtain personal financial records from financial institutions in which he has, or had, accounts, under the pretense that such *may* show that Defendant Jenkins was involved in the alleged scheme. In fact, Plaintiffs have acknowledged they

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) No: 2:23-cv-00071-TRM-JEM |
| v. | ) ) |
| CITY OF JOHNSON CITY, TENNESSEE, a government entity, et al. | ) ) ) |
| Defendants. | ) |

**RESPONSE TO MOTION TO FILE SEALED DOCUMENT (DOC. 206) BY JUSTIN JENKINS, IN HIS INDIVIDUAL CAPACITY**

Comes now, Justin Jenkins, through undersigned counsel, who in response to Plaintiffs' Motion to File Sealed Document (Doc. 206) and this Court's order of June 18, 2024 (Doc. 227), submits the following response.

This matter involves highly inflammatory allegations that officers with the Johnson City Police Department either accepted or extorted money from Sean Williams to cover up his sexual assaults, or that they obstructed an investigation into an alleged sex-trafficking operation of Williams. The allegations against Defendant Jenkins, which he vehemently disputes, are vague and conclusory, and are based upon a single event in September 2020, during which Defendant Jenkins assisted in an investigation regarding a female's fall from Williams' apartment. Despite such minimal allegations against Jenkins, Plaintiffs seek to obtain personal financial records from financial institutions in which he has, or had, accounts, under the pretense that such *may* show that Defendant Jenkins was involved in the alleged scheme. In fact, Plaintiffs have acknowledged they

have no claim against Defendant Jenkins for allegedly receiving any monetary benefit and are only proceeding against him under an obstruction theory under 18 U.S.C. §1591 *et seq.* ("TVPA"). Against this backdrop, Defendant Jenkins has sought to protect, to the extent possible, his address and his personal financial information from becoming public record.

Nonetheless, and due to the high burden for redaction and/or sealing of information, Defendant Jenkins is in agreement to unredact all but two items; his income and his home address. A copy of the partially unredacted discovery responses are attached hereto as Exhibit 1.

As to his home address, such should remain confidential, and is protected even under Tenn. Code. Ann. §10-7-504(f) (Tennessee's Public Records Act). Additionally, just after Defendant Jenkins was named in this lawsuit, he received strange and somewhat ominous text messages from an unknown individual who said simply that he or she was a "concerned local citizen." See Exhibit 2. For these reasons, Defendant Jenkins seeks to protect his personal address from the public record.

As to the redaction of his income, such does not appear to be pertinent to Plaintiffs' response, as this portion of his discovery responses was not specifically cited as a reason for opposing the motion to quash. See generally, Doc. 205. Further, courts in this Circuit have held that such personal financial information, such as one's income, may properly be redacted and kept out of the public record. See <u>Joseph v. Joseph</u>, 2018 U.S. Dist. LEXIS 247119, at *5-6 (S.D. Ohio Sept. 26, 2018) (citations omitted) (noting "personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public," and noting a "defendant's right to privacy as to net worth overcomes presumption in favor of common law right of public access to judicial records.").

Defendant Jenkins is in agreement with Plaintiffs that Exhibit 3 (Doc. 205-3) to their

Page 2 of 5

Case 2:23-cv-00071-TRM-JEM   Document 229   Filed 06/24/24   Page 2 of 5   PageID #: 5310

response should remain redacted as it contains account numbers, addresses and other confidential information.

## CONCLUSION

For these reasons, Defendant Jenkins respectfully requests that the Court permit the redaction of his home address and personal financial information as shown on Exhibit 1 hereto, so that such information will be shielded from the public due to his significant, and warranted, privacy concerns.

Respectfully submitted,

ROBINSON, SMITH & WELLS, PLLC

By:    s/ *Keith H. Grant*
      Keith H. Grant, BPR# 023274
      Laura Beth Rufolo, BPR# 015622
      Philip Aaron Wells, BPR# 036248
      Suite 700, Republic Centre
      633 Chestnut Street
      Chattanooga, TN 37450
      Telephone: (423) 756-5051
      Facsimile: (423) 266-0474
      *Attorneys for Justin Jenkins, Brady Higgins and Jeff Legault, in their individual capacity*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on June 23, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Robinson, Smith & Wells, PLLC

By:    s/ *Keith H. Grant*

cc:    Heather Moore Collins
        Ashley Walter
        HMC Civil Rights Law, PLLC
        7000 Executive Center Dr.

Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email:vanessa@advocatesforsurvivors.com

Elizabeth A. Kramer
Kevin M Osborne
Julie Erickson
Erickson Kramer Osborne LLP
44 Tehama Street
San Francisco, CA 94105
Email: elizabeth@eko.law
Email: kevin@eko.law
Email: Julie@eko.law

K. Erickson Herrin
HERRIN, MCPEAK & ASSOCIATES
515 East Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
lisa@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAURDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com
Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, Captain Kevin Peters and Investigator Toma Sparks.

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com

danny@moorerader.com
Counsel for Kevin Peters in his individual capacity

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kbrexa@fbb.law
ballen@fbb.law
Counsel for Toma Sparks in his individual capacity

Jonathan P. Lakey
Burch, Porter & Johnson, PLLC
130 N. Court Avenue
Memphis, TN 38103
901-524-5000
Email: jlakey@bpjlaw.com