IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

    **Plaintiffs,**

v.                                                        No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY,
TENNESSEE, et al.,**

    **Defendants.**

_____/

## DECLARATION OF VANESSA BAEHR-JONES

I, VANESSA BAEHR-JONES, declare under penalty of perjury that the foregoing is true and correct:

1. I am over twenty-one years of age and am competent in all respects to give this Declaration. This Declaration is given freely and voluntarily. I have personal knowledge of the foregoing matter and could, and would, testify competently thereto under penalty of perjury.

2. I am lead counsel for Plaintiffs B.P., et al., in the above-referenced case. I am a licensed attorney in good standing in the State of California (CABN 281715) and admitted to appear *pro hac vice* in this District.

3. During the deposition of City Manager Cathy Ball, Plaintiffs learned—for the first time—that Ball had entered into a real estate contract with Sean Williams in April 2022. On June 12, 2024, Plaintiffs requested Defendant City produce these records no later than June 18, 2024, as the records were responsive to Plaintiffs' Request for Production No. 2

1

for all documents relating to Williams, which Plaintiffs had served on the City on December 21, 2023. Defendant City did not respond. On June 24, 2024, Plaintiffs provided another deadline of June 26, 2024. Defendant City again did not comply and disputed that the records were responsive to Plaintiffs' requests.

4. Ball held a press conference on June 26, 2024, during which she disclosed the fact her real estate deal with Williams herself, claiming to do so for purposes of "transparency."

5. At the demand of Counsel for the City, Plaintiffs filed the redacted deposition transcript of Cathy Ball provisionally under seal on June 14, 2024, and additionally redacted any information concerning Ball's real estate deal with Williams from the public version of that filing. *See* ECF 221, 222.

6. Defendants Turner, Peters, Sparks, and Jenkins refused to produce anything responsive to RFP #7 and Rog #9.

7. All Defendants objected to producing bank statements in response to RFP #11, and to date, Plaintiffs have received no financial records for any of the Defendants.

8. Defendants Jenkins produced incomplete responses to RFP # 1, failing to produce any Facebook Marketplace receipts for sales of his assets.

9. To date, Defendants have either refused to produce the relevant financial records, produced incomplete responses, or offered only excerpted or time-limited records.

10. Plaintiffs have requested receipts for Jenkins' Facebook Marketplace purchases, but thus far, have received no Facebook Marketplace documents showing the sales.

11. Defendant City has produced Renasant Bank records for Williams and GCC for the years 2016-2022, which were inexplicably in the custody of JCPD in 2022. Counsel for the

City has represented to Plaintiffs' counsel that the City cannot find the subpoena that would have resulted in JCPD receiving these records.

12. Defendants Turner, Peters, and Sparks have failed to respond to Plaintiffs' Interrogatories completely, so Plaintiffs cannot assess their total asset purchases over the relevant time period.

13. Defendant City has refused to use an outside vendor, or in the alternative conduct an in-person, attorney-led search, to extract data from Defendants' JCPD-issued cell phones. Instead, the City used JCPD officer David Hilton, a potential co-defendant, to conduct extractions from Turner's and Peters' cellphones. The City has represented that JCPD Officer Henard conducted the extractions for the remaining Defendants.

14. Plaintiffs agreed not to issue subpoenas to cellphone providers to obtain Defendants' call logs, instead agreeing to allow defense counsel to subpoena these records themselves so they could redact call log information between Defendants and their counsel. Plaintiffs have asked defense counsel to produce these call logs with only the numbers for counsel redacted and have additionally narrowed their request to specific time windows. Defense counsel have still not produced the records and counsel for Sparks has asked for an additional meet and confer on the issue.

15. It appears that Defendant Turner's production of cellphone communications is not complete. Plaintiffs have yet to receive any productions of cellphone communications from Defendants Legault and Higgins, even though Higgins' deposition has passed.

16. Beginning on March 8, 2024, Plaintiffs engaged in an extensive meet and confer process on their requests for Defendants' tax returns and bank records. After several months of back and forth, on May 15, 2024, counsel for Defendant Sparks offered to produce

3

limited and incomplete records, showing only deposits for a limited time window and monthly summaries of total withdrawals and deposits. Counsel for Jenkins, Legault, and Higgins also offered to produce records for a limited time window. All other Defendants have refused to provide any financial records, including tax and bank records.

17. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Karl Turner.

18. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Kevin Peters.

19. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Toma Sparks.

20. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Justin Jenkins.

21. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents to Defendant Karl Turner.

22. Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents to Defendant Kevin Peters.

23. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents to Defendant Toma Sparks.

24. Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiffs First Set of Interrogatories and Requests for Production of Documents to Defendant Jeff Legault.

25. Attached hereto as **Exhibit 9** is a true and correct copy of Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Brady Higgins.

26. Attached hereto as **Exhibit 10** is a true and correct copy of Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents to Defendant Justin Jenkins.

27. Attached hereto as **Exhibit 11** is a true and correct copy of Plaintiffs' Third Set of Interrogatories and Requests for Production of Documents to Defendant Justin Jenkins.

28. Attached hereto as **Exhibit 12** is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents to Defendant Johnson City.

29. Attached hereto as **Exhibit 13** is a true and correct redacted copy of Defendant Karl Turner's Responses to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents.

30. Attached hereto as **Exhibit 14** is a true and correct redacted copy of Defendant Toma Sparks' Responses to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents.

31. Attached hereto as **Exhibit 15**, and filed provisionally under seal, is a true and correct redacted copy of Defendant Kevin Peters' Response to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents. While I do not see any basis justifying a motion to seal this document, counsel for Peters indicated that he would file a motion for contempt if Plaintiffs' counsel filed this document publicly.

32. Attached hereto as **Exhibit 16** is a true and correct redacted copy of Defendant Justin Jenkins' Responses to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents.

33. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts of the redacted Brady Higgins' deposition transcript.

5

Case 2:23-cv-00071-TRM-JEM   Document 235-1   Filed 06/28/24   Page 5 of 10   PageID #: 5530

34. Attached hereto as **Exhibit 18** is a true and correct copy of a document provided in discovery by Defendant City and marked as CITY-0141599.

35. Attached hereto as **Exhibit 19** is a true and correct copy of the redacted Female 4's deposition transcript.

36. Attached hereto as **Exhibit 20** is a true and correct copy of Renasant bank records for Skyline Restoration and Manufacturing LLC, filed under seal.

37. Attached hereto as **Exhibit 21** is a true and correct copy of a rough transcript prepared of Cathy Ball's June 26, 2024, press conference. The video from which the transcript was transcribed is available at: https://www.wjhl.com/news/local/sean-williams-case/jc-manager-was-in-contract-to-buy-sean-williams-condo-backed-out-when-learning-fugitive-status/.

38. Attached hereto as **Exhibit 22** is a true and correct copy of the redacted Cathy Ball transcript.

39. Attached hereto as **Exhibit 23** is a true and correct copy of Washington County tax records for Williams' penthouse apartment, 200 E. Main Street, Unit 5, Johnson City, TN.

40. Attached hereto as **Exhibit 24** is a true and correct copy of the redacted Eric Daigle transcript.

41. Attached hereto as **Exhibit 25** is a true and correct copy of the audit trails for Female 2's case file.

42. Attached hereto as **Exhibit 26** is a true and correct redacted copy of the police report for Female 2.

43. Attached hereto as **Exhibit 27** is a true and correct copy of the audit trails for B.P.'s case file.

44. Attached hereto as **Exhibit 28** is a true and correct redacted copy of the case file for B.P.

45. Attached hereto as **Exhibit 29**, and filed under seal, is a true and correct copy of excerpts of the Kevin Peters deposition transcript from the Dahl litigation. While I do not see a basis for filing these excerpts under seal, I do not have authority to de-designate, or to move to de-designate, deposition transcripts in the Dahl case. To my knowledge, the transcript remains designated "Confidential" under the Protective Order in that case.

46. Attached hereto as **Exhibit 30** is a true and correct copy of records of the billable hours I spent preparing this motion and corresponding declaration and exhibits. These hours total 12.5.

47. Attached hereto as **Exhibit 31**, is a true and correct copy of an email chain between Plaintiffs' counsel and counsel for the City concerning Defendant Turner's discovery production.

48. Attached hereto as **Exhibit 32**, and filed under seal, is a true and correct copy of Defendant Jeff Legault's responses to Plaintiffs' first set of interrogatories and requests for production of documents.

49. Attached hereto as **Exhibit 33** is a true and correct redacted copy of the case notes for Female 8.

50. Attached hereto as **Exhibit 34** is a true and correct copy of the audit trails for Female 8.

51. Attached hereto as **Exhibit 35** is a true and correct copy of the audit trails for Female 12.

52. **Qualifications.** I have been licensed to practice law in the State of California since 2011. I am, and have been, in good standing with the state bar. There are no matters currently pending in any Bar Association concerning me.

a. I am the founding partner of Advocates for Survivors of Abuse PC ("Advocates"), a law firm specializing in representing survivors of sexual assault, exploitation, and trafficking. I began my legal career clerking for federal judges on the District Court for the Central District of California and the Ninth Circuit Court of Appeals. I then served as a federal prosecutor for approximately eight years in the Central and Northern Districts of California. During that time, I prosecuted complex sex trafficking and child exploitation cases, and led global investigations into websites that targeted children. I was selected to serve as the Project Safe Childhood Coordinator for the Central District of California from 2016 – 2018. In this role, I was responsible for all federal child exploitation prosecutions in the Central District of California, a seven-county area with a population of approximately 18 million. I trained new federal prosecutors on investigating and charging distribution and receipt of child pornography over peer-to-peer networks; advised prosecutors litigating highly technical motions relating to computer forensic evidence; and coordinated nation-wide investigations into online child exploitation and sex trafficking conspiracies. I also served as lead federal representative to Los Angeles County's Internet Crimes Against Children Task Force, working with supervisory officers and agents in the Los Angeles Police Department, the FBI, and other federal agencies to train law enforcement on best practices in child exploitation investigations and to develop federal cases. As a prosecutor, I gained extensive experience conducting jury trials in federal court, including three international child sexual exploitation trials involving dozens of foreign witnesses and the presentation of complex computer forensic evidence.

b.  Since founding Advocates in 2021, I have represented victims in seeking criminal restitution, and in bringing state and federal civil claims for sexual abuse and assault, sex trafficking, and for online child exploitation.  Specifically, my practice specializes in bringing federal civil claims under 18 U.S.C. §2255 for victims of online child exploitation and federal civil claims under 18 U.S.C. § 1595 for victims of sex trafficking.  This litigation uses my expertise in alleging and proving crimes proscribed in Chapters 77 and 110 of the United States Code, expertise which I developed during my career as a federal prosecutor.

53. My normal hourly rate for fees is $750.00 which is commensurate with that of other attorneys in the San Francisco Bay Area of my tenure representing survivors in plaintiffs' litigation.

54. There is video recording of Defendant Higgins' interviews with Female 8 on July 15, 2022, and September 19, 2022. I have reviewed each video recording. During her interview on July 15, Female 8 told Defendant Higgins that she saw images on Williams' phone which depicted Williams' penis in the mouths of children. She also told him about specific minors whom she suspected Williams may have been targeting.

This is the 27th day of June 2024.

*/s/ Vanessa Baehr-Jones*
VANESSA BAEHR-JONES

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on June 27, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>lisa@hbm-lawfirm.com<br>sandy@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>andre@moorerader.com<br><br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br><br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity, Jeff Legault in his individual capacity and Brady Higgins in his individual capacity* |

                                             */s Julie C. Erickson*
                                             Julie C. Erickson