# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JANE DOES 1-9,

    Plaintiffs,

v.                                   No: 2:23-cv-00071-TRM-CRW

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.

---

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KEVIN PETERS**

---

**PLEASE TAKE NOTICE** that pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant, Kevin Peters, respond and produce for inspection and copying responsive documents at the offices of HMC Civil Rights Law, PLLC, 7000 Executive Center Drive, Suite 320, Brentwood, Tennessee 37027 within thirty (30) days after service of these interrogatories and requests for production of documents.

## I. DEFINITIONS

1. "COMMUNICATION" means written communications or records of oral communications of any kind that transmit information in the form of facts, ideas, opinions, questions, or otherwise. They include electronic communications such as emails, online messages, chat logs, mobile messages, talk-to-text messages, machine-generated messages, facsimiles, and telephone communications; as well as letters, memoranda, exchanges of written or recorded information, in-person meetings, and events attended by Responding Party and its representative.

2. "DOCUMENT" means the term as used in Rule 34(a) of the Federal Rules of Civil

1

Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3. "REGARDING" means referring to, reflecting, concerning, or being in a way logically or factually connected with the matter discussed.

4. "SEAN WILLIAMS" OR "WILLIAMS" refers to the person named Sean Christopher Williams described in Plaintiffs' Complaint.

5. "YOU," and "YOUR," means Kevin Peters.

## II. INSTRUCTIONS

1. Please produce the DOCUMENTS responsive to the numbered requests below that are in YOUR possession, custody, or control.

2. The relevant time period for these Requests is January 1, 2018, to present.

3. Construe the terms defined above and the individual requests for production and inspection broadly, to the fullest extent of their meaning.

4. If you file a timely objection to any portion of a request, definition, or instruction, produce DOCUMENTS responsive to the remaining portion.

5. If any DOCUMENT is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege of any kind, work-product protection, trade secret, confidentiality, or any basis asserted under Tennessee Code Annotated § 10-7-504, please set forth separately with respect to each document: (a) a description of the privilege or grounds for confidentiality claimed; (b) the author(s) of the document (identifying who, if any, are attorneys); (c) the recipient(s) of the document, including all persons who received copies of the document (identifying who, if any, are attorneys); (d) the subject or title of the document; (e) the date of creation and/or date the document was sent; (f) a description of the document as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; (g) the Bates range of the document; (h) a redacted version of the document; and (i) the privilege log reference number. Please produce any privilege log or list in an Excel spreadsheet

or other format capable of electronic sorting.

6. Please produce any purportedly privileged DOCUMENT containing non-privileged material and redact only the portion purportedly privileged.

7. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, produce all electronically stored information in native format (including metadata) whenever possible, or in the format mutually agreed upon by the parties.

8. Because these requests are ongoing, please promptly produce any DOCUMENT discovered or obtained after the service of these requests.

9. Produce all documents in a Bates Stamped Format.

10. If you are refusing to produce a document on the basis of privilege, please provide a Privilege Log.

11. If you are responding to an interrogatory by referring Plaintiffs to a document, please identify any document with specificity and by Bates range.

### III. INTERROGATORIES

1. Please state where you have been employed for the past ten years, state your job title/position/rank, describe your job duties, state who you reported to for the time frame in question and state your rate of pay and yearly salary for each year. If you are retired, state the date of retirement and identify any and all retirement benefits you currently receive.

2. Identify any properties you have had any ownership interest in by address, in the past 10 years. If you are a partial owner, or there is a lien holder, clarify any other parties who have an ownership interest.

3. State whether you have been a dues paying member of a union or collective bargaining association in the past 10 years. If so, identify the dates of membership and the name and address of any such union or CBA.

4. State whether you were involved in the execution of any search warrants involving Sean Williams. If so, state when, and describe the nature of the warrant.

5. State your residential address, (if you maintain more than one residence or dwelling, state all), any email addresses you have maintained in the past 10 years, any phone number you have used in the past 10 years, including the corresponding cellular provider.

6. State whether you have maintained any social media accounts in the past 10 years, if so, state which social media platform and provide your username.

7. State whether you have provided any statements or documentation to Eric Daigle or the Daigle Law Group, either directly or indirectly through representatives of Johnson City. If so, provide the substance of any such statement or documentation.

8. State whether you have or have had an ownership interest in any business (sole proprietorship, PLLC, LLC, Corporation) in the past 10 years. If so, identify any such business, your degree of control or ownership, and if you have any business partners, identify those persons.

9. List all assets in your possession, custody or control that may be used to satisfy a judgment.

### IV. DOCUMENT REQUESTS

1. All DOCUMENTS and COMMUNICATIONS REGARDING Plaintiffs (a key will be provided indicating Plaintiff's identity), including but not limited to, recordings, incident reports, statements, and inter- or intra- departmental COMMUNICATIONS in your possession.

2. All DOCUMENTS and COMMUNICATIONS REGARDING SEAN CHRISTOPHER WILLIAMS, including but not limited to, recordings, incident reports, statements, and inter-

or intra- departmental COMMUNICATIONS in your possession.

3. ALL DOCUMENTS and COMMUNICATIONS REGARDING the search and seizure of any evidence in cases involving WILLIAMS, including any drafts of any search or seizure warrants and their supporting affidavits; any inter- or intra- departmental COMMUNICATIONS regarding the search and seizure warrants or drafts of such warrants and their corresponding affidavits; and any chain-of-custody documents or receipts for any piece of evidence in any case involving WILLIAMS, including the custodian for any piece of evidence, and any inter- or intra- departmental COMMUNICATIONS concerning that evidence. This evidence includes Child Sexual Abuse Material ("CSAM"), or child pornography as defined by 18 U.S.C. § 2256, and Sexual Abuse Material ("SAM"), or images and videos depicting the sexual assault of WILLIAMS' victims. [1]This request includes any data or evidence gathered from the rape kits collected by JCPD from Jane Doe 2, Jane 5 and Jane Doe 7, as well as other physical evidence such as clothing collected from them. This evidence also includes all body camera, video, and other electronic evidence related to, recorded during, and collected from the search of WILLIAMS' apartment on or about September 20 and 23, 2020, including all video footage of WILLIAMS' interview with JCPD and any and all interactions with law enforcement.

4. ALL DOCUMENTS YOU PROVIDED TO, OR MADE AVAILABLE TO, the Daigle Law Group in preparation of their July 10, 2023, audit of the Johnson City Police Department's

---

[1] As set forth in the Parties Proposed Protective Order, CSAM and SAM should be treated as contraband, and should remain in the custody and control of the relevant law enforcement agency which has lawful custody of the material. Accordingly, Plaintiffs request any relevant CSAM or SAM relating to this request which is in the custody and control of Defendants be produced in redacted form with the original material remaining in Defendant's custody to be made available for in-person review by Plaintiffs' counsel.

5

handling of sex related crimes.

5. Any DOCUMENT OR COMMUNICATION provided in Kat Dahl's lawsuit, including a copy of your deposition transcript.

6. Any (non-privileged) COMMUNICATIONS or screen shots of text messages that relate or refer to the allegations of this lawsuit.

7. All tax form W-2's, 1099's and tax returns filed by you or on your behalf, personally, as a member of a trust or other legal entity, or on behalf of any business you have or had an ownership interest in for the past 10 years to date.


Dated: January 4, 2024              Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—and—

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)

6

Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on January 4, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail:  kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

*s/Heather Moore Collins*