# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

JANE DOES 1-9,

    Plaintiffs,

v.                                      No: 2:23-cv-00071-TRM-CRW

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.

---

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOHNSON CITY**

---

**PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that Defendant, Johnson City, produce for inspection and copying responsive documents at the offices of HMC Civil Rights Law, PLLC, 7000 Executive Center Drive, Suite 320, Brentwood, Tennessee 37027 within thirty (30) days after service of these requests for production of documents.

## I. DEFINITIONS

1. "COMMUNICATION" means written communications or records of oral communications of any kind that transmit information in the form of facts, ideas, opinions, questions, or otherwise. They include electronic communications such as emails, online messages, chat logs, mobile messages, talk-to-text messages, machine-generated messages, facsimiles, and telephone communications; as well as letters, memoranda, exchanges of written or recorded information, in-person meetings, and events attended by Responding Party and its representative.

2. "DOCUMENT" means the term as used in Rule 34(a) of the Federal Rules of Civil

1

Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

3. "REGARDING" means referring to, reflecting, concerning, or being in a way logically or factually connected with the matter discussed.

4. "SEAN WILLIAMS" refers to the person named Sean Christopher Williams described in Plaintiffs' Complaint.

5. "YOU," and "YOUR," means the City of Johnson City, including the Johnson City Police Department, and any and all offices, divisions, branches, units, subdivisions, administrative agencies, officers, administrators, supervisors, employees, agents, legal counsel, advisors, consultants, accountants, contractors, or any other person acting on its behalf.

## II. INSTRUCTIONS

1. Please produce the DOCUMENTS responsive to the numbered requests below that are in YOUR possession, custody, or control.

2. The relevant time period for these Requests is January 1, 2018, to present.

3. Construe the terms defined above and the individual requests for production and inspection broadly, to the fullest extent of their meaning.

4. If you file a timely objection to any portion of a request, definition, or instruction, produce DOCUMENTS responsive to the remaining portion.

5. If any DOCUMENT is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege of any kind, work-product protection, trade secret, confidentiality, or any basis asserted under Tennessee Code Annotated § 10-7-504, please set forth separately with respect to each document: (a) a description of the privilege or grounds for confidentiality claimed; (b) the author(s) of the document (identifying who, if any, are attorneys); (c) the recipient(s) of the document, including all persons who received copies of the document (identifying who, if any, are attorneys); (d) the subject or title of the document; (e) the date of creation and/or date the document

2

Case 2:23-cv-00071-TRM-JEM   Document 235-13   Filed 06/28/24   Page 3 of 8   PageID #: 5630

was sent; (f) a description of the document as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; (g) the Bates range of the document; (h) a redacted version of the document; and (i) the privilege log reference number. Please produce any privilege log or list in an Excel spreadsheet or other format capable of electronic sorting.

6. Please produce any purportedly privileged DOCUMENT containing non-privileged material and redact only the portion purportedly privileged.

7. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, produce all electronically stored information in native format (including metadata) whenever possible, or in the format mutually agreed upon by the parties.

8. Because these requests are ongoing, please promptly produce any DOCUMENT discovered or obtained after the service of these requests.

9. Produce all documents in a Bates Stamped Format.

10. If you are refusing to produce a document on the basis of privilege, please provide a Privilege Log.

### III. DOCUMENT REQUESTS

**REQUEST NO. 1:** All DOCUMENTS REGARDING Plaintiffs (a key will be provided indicating Plaintiff's identity), including but not limited to, recordings, incident reports, statements, and inter- or intra- departmental COMMUNICATIONS.

**REQUEST NO. 2:** All DOCUMENTS REGARDING SEAN CHRISTOPHER WILLIAMS, including but not limited to, recordings, incident reports, statements, and inter- or intra- departmental COMMUNICATIONS.

**REQUEST NO. 3:** ALL DOCUMENTS REGARDING the search and seizure of any evidence in cases involving WILLIAMS, including any drafts of any search or seizure warrants and their supporting affidavits; any inter- or intra- departmental COMMUNICATIONS regarding the search

and seizure warrants or drafts of such warrants and their corresponding affidavits; and any chain-of-custody documents or receipts for any piece of evidence in any case involving WILLIAMS, including the custodian for any piece of evidence, and any inter- or intra- departmental COMMUNICATIONS concerning that evidence. This evidence includes Child Sexual Abuse Material ("CSAM"), or child pornography as defined by 18 U.S.C. § 2256, and Sexual Abuse Material ("SAM"), or images and videos depicting the sexual assault of WILLIAMS' victims. [1] This request includes any data or evidence gathered from the rape kits collected by JCPD from Jane Doe 2, Jane 5 and Jane Doe 7, as well as other physical evidence such as clothing collected from them. This evidence also includes all body camera, video, and other electronic evidence related to, recorded during, and collected from the search of WILLIAMS' apartment on or about September 20 and 23, 2020, including all video footage of WILLIAMS' interview with JCPD and any and all interactions with law enforcement.

**REQUEST NO. 4:** All DOCUMENTS REGARDING YOUR policies for responding to reports of sexual abuse.

**REQUEST NO. 5:** All DOCUMENTS REGARDING YOUR policies for investigating internal corruption.

**REQUEST NO. 6:** ALL DOCUMENTS REGARDING YOUR policies for seizing and forfeiting assets.

**REQUEST NO. 7:** All DOCUMENTS REGARDING YOUR policies for investigating human trafficking and sex trafficking.

---

[1] As set forth in the Parties Proposed Protective Order, CSAM and SAM should be treated as contraband, and should remain in the custody and control of the relevant law enforcement agency which has lawful custody of the material. Accordingly, Plaintiffs request any relevant CSAM or SAM relating to this request which is in the custody and control of Defendants be produced in redacted form with the original material remaining in Defendant's custody to be made available for in-person review by Plaintiffs' counsel.

**REQUEST NO. 8:** The Personnel files of former JCPD Chief Karl Turner, JCPD Captain Kevin Peters, JCPD Investigators Toma Sparks and Justin Jenkins, including All DOCUMENTS REGARDING disciplinary hearings, measures, or actions involving any of the individually named Defendants in this lawsuit, namely, former JCPD Chief Karl Turner, JCPD Captain Kevin Peters, JCPD Investigators Toma Sparks and Justin Jenkins, and any citizen complaint involving any of these individually named Defendants, including any internal affairs investigation and its findings, as well as complete copies of the named Defendants' personnel files.

**REQUEST NO. 9:** ALL DOCUMENTS PROVIDED TO, OR MADE AVAILABLE TO, the Daigle Law Group in preparation of their July 10, 2023, audit of the Johnson City Police Department's handling of sex related crimes.

**REQUEST NO. 10:** ALL DOCUMENTS REGARDING asset seizures and forfeitures between November 1, 2019, and June 23, 2023, which involve WILLIAMS, any of WILLIAMS' coconspirators, any Confidential Informant (CI) related to any case or investigation involving WILLIAMS, and any cocaine trafficking investigation or arrest.

**REQUEST NO. 11:** ALL DOCUMENTS REGARDING the salary and pay, including base pay, overtime pay, and bonus pay, to any named Defendant in this lawsuit.

**REQUEST NO. 12:** ALL DOCUMENTS REGARDING the budget and funding for the Johson City Police Department between November 1, 2019, and June 23, 2023.

**REQUEST NO. 13:** All COMMUNICATIONS REGARDING the present litigation between YOU and any law enforcement agency.

**REQUEST NO. 14:** Any video or audio recording of any forensic interviews conducted with Jane Doe 2, Jane Doe 5 or Jane Doe 7.

**REQUEST NO. 15:** Any video, audio or documentation, including any police reports or charging documents, related to the arrest of Jane Doe 5 on or around April 19, 2023, including but not limited

5

to phone records, logs, communications with Johnson City Housing Authority and between Ian Combs and anyone with JCPD.

Dated: December 21, 2023

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—and—

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs*

6

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on December 21, 2023 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

*s/Heather Moore Collins*