# Exhibit 14

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) vs. ) ) CITY OF JOHNSON CITY, TENNESSEE, ) a governmental entity, ) ) ) KARL TURNER, individually and in his ) official capacity as Chief of the Johnson ) City Police Department, ) ) ) KEVIN PETERS, individually and in his ) official capacity as Captain of the ) Johnson City Police Department, ) ) ) TOMA SPARKS, individually and in his ) official capacity as Investigator of the ) Johnson City Police Department, ) ) ) JUSTIN JENKINS, individually and in his ) official capacity as Investigator of the ) Johnson City Police Department, ) ) ) JEFF LEGAULT, individually and in his ) official capacity as Investigator of the ) Johnson City Police Department, ) ) ) BRADY HIGGINS, individually and in his ) official capacity as Investigator of the ) Johnson City Police Department, and ) ) ) DOES 8-20, inclusive, ) ) Defendants. ) | No. 2:23-cv-71<br><br>Judge McDonough<br><br>Magistrate Judge McCook<br><br>JURY TRIAL DEMAND |

**INVESTIGATOR TOMA SPARKS' RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Toma Sparks, by and through counsel, responds to Plaintiffs' Second Set of Interrogatories and Request for Production of Documents in accordance with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

## CONFIDENTIALITY

These responses and all documents, as well as electronically stored information produced in response, are designated as **confidential** information, unless otherwise noted, in accordance with the Joint Protective Order entered in this matter.

## INTERROGATORIES

1. Identify all ASSETS valued over $10,000 bought or sold by YOU since January 1, 2018, including the date of the purchase or sale and the amount paid in consideration.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of relevant information. This request is also overly broad in that it is not limited in temporal scope to the extent it elicits information about assets sold after 2018 but that were purchased before 2018. Without waiving said objection, and to the best of his recollection, Defendant Sparks bought and sold the following items:

- 2018-Sold a Toyota Tundra for approximately $15,000
- Approximately 2020-Bought a 2017 Jeep Wrangler-note is with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. Identify all title(s) YOU hold to property valued over $10,000.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of relevant information. This request is also overly broad in that it is not limited in temporal scope to the extent it elicits information about assets that were purchased prior to 2018. Without waiving said objection, and to the best of his recollection, Defendant Sparks identifies the following property:

2

- House at █████████████████████████████
  ████████
- 2013 Toyota Highlander
- 2017 Jeep Wrangler-note with ████████████████
- 2018 Rav 4- co-signor on daughter's car-note with ███████████

3. Identify all YOUR sources of income since January 1, 2018, including the annual amount of each source as reported on tax returns.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of relevant information and is overly broad and unduly burdensome. Without waiving said objection, Defendant Sparks identifies the following sources of employment income from his wife and himself. ████████████████████████████████
████████████████████████████████████████

| T. Sparks-City of Johnson City | |
|---|---|
| 2018 $41,040.09 | ███████████ |
| 2019 $44,581,.08 | ███████████ |
| 2020 $45,993.36 | ███████████ |
| 2021 $47,898.95 | ███████████ |
| 2022 $55,878.23 | ███████████ |
| 2023 $60,323.04 | ███████████ |

4. Identify all accounting firms used to prepare YOUR tax returns since January 1, 2018, including the name and address of each firm.

**RESPONSE:** None

3

5. Identify all financial institutions where YOU have maintained accounts since January 1, 2018, including the name and address of each institution.

**RESPONSE:** Objection. This request is not reasonably calculated to lead to the discovery of relevant information. Without waiving said objection, Defendant Sparks identifies the following:

- █████████████████████████████████████████████████████
- █████████████████████████████████████████████████

6. Identify all investigations relating to SEAN WILLIAMS in which YOU participated, including the nature of the investigation, YOUR role in the investigation, all persons YOU interviewed, all search warrants YOU executed, the date or dates YOU worked on the investigation, and the name of the victim (or Jane Doe/Female identifier) if applicable.

**RESPONSE:** Defendant Sparks was involved in the following investigations related to Sean Williams:

1. ███ fall from window in Sean Williams' apartment—I was asked to come out to the scene since I was one of the on-call investigators that day. For further explanation and in response to the other requested information, see the case notes relating to the ███ investigation that have been previously produced by the City.

   The following search warrants were obtained as part of the ███ investigation. These search warrants have been produced by the City in discovery.

   - Search warrant dated September 19, 2020, for the search of the apartment of Sean Williams;
   - Search warrant dated, October 14, 2020, for the search of any and all information for the Arlo account of Sean Williams; and
   - Search warrant dated, September 23, 2020, for the search of a Liberty Safe belonging to Sean Williams;

4

2. ▮Sexual Assault Investigation—On November 24, 2020, I was asked to come to the FBI office to assist ▮, who was reporting a sexual assault by Sean Williams. I spoke with ▮ at the FBI office, and then ▮ went to the hospital where a sexual assault examination and kit was performed. ▮ gave a statement to JCPD Officer Vanessa McKinney at the hospital about the rape. SAUSA Kat Dahl was involved in the investigation of this sexual assault. The blood and specimens from the hospital were sent to the TBI. Toxicology screen received from TBI in March of 2021, and the official forensic biology report was received from the TBI in July of 2021. The DA's office declined to prosecute. For further explanation and in response to the other requested information, see the case notes relating to the ▮ investigation that have been previously produced by the City.

3. B.P. Sexual Assault Investigation-I did not handle the initial call or investigation regarding B.P., which was reported in November of 2019. I was asked in March of 2021 to contact B.P. about the results of her rape kit. B.P. said that she wanted to prosecute the case. I asked her to obtain the medical paperwork from the urgent care facility where she claimed to have had blood work done and come to headquarters to give a written statement. B.P. never came in to give a statement. For further explanation and in response to the other requested information, see the case notes relating to the B.P. investigation that have been produced by the City.

   The following search warrants were obtained as part of the B.P investigation. These search warrants have been produced by the City.

   - Search Warrant dated, June 1, 2023, for the examination and photographing of the body of Sean Williams, including his genitalia and tattoos; and

   - Search warrant dated, June 1, 2023, for the DNA of Sean Williams.

4. ▮ Investigation-My involvement with the ▮ investigation occurred on December 15, 2020, when SAUSA Dahl asked me to write up a statement for ▮ based upon ▮ interview with SAUSA Dahl during which I was present. For further explanation and in response to the other requested information, see the case notes relating to the ▮ investigation that have been produced by the City.

5. ▮ Investigation-My involvement in the ▮ investigation was that I accompanied Defendant Higgins once when he was trying to find her.

6. For all investigations identified in interrogatory number 6, identify YOUR supervisor at the time of the investigation.

5

**RESPONSE:** Sgt. David Hilton was Defendant Sparks' immediate supervisor for all investigations. To the best of his recollection, Sgt. Gary Wills may have been his supervisor at the time of the June 2023 search warrants.

## VERIFICATION

Pursuant to Fed. R. Civ. P. 33(b)(3) and (5), the undersigned, Toma Sparks, makes oath that the foregoing responses to interrogatories are true and correct to the best of his knowledge and belief. I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on April 24, 2024.

_____
TOMA SPARKS

# DOCUMENT REQUESTS

1. All COMMUNICATIONS with Cathy Ball from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving said objections, to the best of his recollection, Defendant Sparks may have had texts or emails with Cathy Ball on his work cell phone, which Defendant Sparks believes has been searched by the City using search terms provided by Plaintiffs. In addition, Ms. Ball has reached out to Defendant Sparks on his personal cell phone to provide support and encouragement. See Toma Sparks # 0004-5 and 0042-43.

2. All COMMUNICATIONS with Steven Finney from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving said objections, to the best of his recollection, Defendant Sparks does not recall any communications with DA Finney during this time frame.

3. All COMMUNICATIONS with Scott Jenkins REGARDING SEAN WILLIAMS from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to

8

lead to the discovery of relevant evidence. Without waiving said objections, most communications responsive to this request would be contained on Defendant Sparks' work cell phone, which Defendant Sparks believes has been searched by the City using search terms provided by Plaintiffs. Those communications contained in Defendant Sparks's personal phone are provided. *See* Toma Sparks 0005 and 0041.

4. All COMMUNICATIONS with Scott Jenkins REGARDING Kateri Dahl from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving said objections, any communications responsive to this request would be contained on Defendant Sparks' work cell phone which Defendant Sparks believes has been searched by the City using search terms provided by Plaintiffs.

5. All COMMUNICATIONS with Scott Jenkins REGARDING this litigation from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Further, this request is ambiguous to the extent it appears to seek information "regarding this litigation" years before the case was even filed. Without waiving said objections, any communications responsive to this request would be contained on Defendant Sparks' work cell phone, which Defendant Sparks believes has been searched by the

9

City using search terms provided by Plaintiffs.

6. All non-privileged COMMUNICATIONS with Sunny Sandos REGARDING SEAN WILLIAMS from January 1, 2018, to the present.

**RESPONSE**: Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving said objections, Defendant Sparks does not recall any communications with Sunny Sandos regarding Sean Williams.

7. All non-privileged COMMUNICATIONS with Sunny Sandos REGARDING Kateri Dahl from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Without waiving said objections, Defendant Sparks does not recall any communications with Sunny Sandos regarding Kateri Dahl.

8. All non-privileged COMMUNICATIONS with Sunny Sandos REGARDING this litigation from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Further, this request is ambiguous to the extent it appears to seek information "regarding this litigation" years before the case was even filed. Without waiving said objections, Defendant Sparks does not recall any communications with Sunny Sandos regarding this litigation.

10

9. All non-privileged COMMUNICATIONS with Erik Herrin.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. Further, the request is neither limited in scope or time.

10. All bank statements from January 1, 2018, to the present.

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence. The parties participated in a meet and confer regarding this request on April 22, 2024. This request will be supplemented if necessary.

11. All records of phone calls and text or SMS messages for the following dates:

- September 19, 2020 and the following 5 days
- May 6, 2021 and the following 5 days
- April 29, 2023 and the following 5 days
- October 17, 2023 and the following 5 days
- November 20, 2023 and the following 5 days
- December 7, 2023 and the following 5 days

**RESPONSE:** Defendant Sparks objects to this request to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Sparks further objects to the extent this request seeks privileged communications. All privileged communications have been redacted with a

11

corresponding entry in the accompanying privilege log. Without waiving said objections, counsel for Defendant Sparks has subpoenaed phone records that are believed to contain at least some of the records requested and will provide this information in accordance with the partial agreement regarding these records between counsel for Sparks and Plaintiffs' counsel. See Toma Sparks #0006-40 for available text messages during the requested time frames. The data from Defendant Sparks's personal cell phone was extracted on December 1, 2023. Meaning that the vendor who extracted the phone's data was unable to search for any messages created after that date. Unfortunately, IPhone does not provide a method to search or sort SMS messages by date. Defendant Sparks has supplemented the report to the best of his ability by searching text message conversations with individuals who are relevant to this case for messages sent on December 7, 2023, and the following five days and supplying screenshots of text message conversations during the operative timeframe. The only responsive messages found were between Defendant Sparks and Cathy Ball.

Additionally, there may be communications responsive to this request made on Defendant Spark's work cell phone, which Defendant Sparks believes has been searched by the City using search terms provided by Plaintiffs.

12. All records of phone calls and text or SMS messages exchanged with the following individuals:

- ▉▉▉▉▉▉▉▉
- SEAN WILLIAMS
- Cathy Ball
- Steve Finney
- ▉▉▉▉▉▉
- Bart Mikitowicz

12

**RESPONSE:** Defendant Sparks objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of relevant evidence and further it is not limited in time or scope. Without waiving said objections, there are no communications with ▮▮▮, Williams, Finney, ▮▮ or Mikitowicz. As to Cathy Ball, see Defendant Sparks' response to RFPD No. 1.

Respectfully submitted,

*/s/Kristin E. Berexa*
Kristin E. Berexa, BPR# 14833
Benjamin C. Allen, BPR #35923
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Suite 480
Brentwood, Tennessee 37027
(615) 254-3060
kberexa@fbb.law
ballen@fbb.law
*Counsel for Toma Sparks in his individual capacity*

14

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 25th day of April, 2024, a true and correct copy of the foregoing has been forwarded via Email and/ or US Mail:

Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com
ashley@hmccivilrights.com
*Attorneys for Plaintiffs*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiffs*

Kevin Osborne
Elizabeth Kramer
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
Email: kevin@eko.law
Email: elizabeth@eko.law
*Pro Hac Vice Attorneys for Plaintiffs*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN 37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his individual capacity*

Emily C. Taylor
Watson Roach Batson & Lauderback
P.O. Box 131
Knoxville, TN 37901-0131
(865) 637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
(423) 929-7113
Email: lisa@hbm-lawfirm.com
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Daniel H. Rader IV
André S. Greppin
Moore, Rader, Fitzpatrick and York, P.C.
46 N. Jefferson Avenue
Cookeville, TN 38501
(931) 526-3311
Email: danny@moorerader.com
Email: andre@moorerader.com
*Attorney for Kevin Peters*

Reid A. Spaulding
Watson, Roach, Batson & Lauderback, PLC
P O Box 131
Knoxville, TN 37901
Email: rspaulding@watsonroach.com
*Attorney for Johnson City, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, Investigator Toma Sparks, in his official capacity and Justin Jenkins in his official capacity.*

15

| | |
|---|---|
| Keith H. Gant<br>Laura Beth Rufolo<br>Philip Aaron Wells<br>Robinson, Smith & Wells, PLLC<br>Suite 700, Republic Centre<br>633 Chestnut Street<br>Chattanooga, TN 37450<br>(423) 756-5051<br>*Attorneys for Justin Jenkin, Jeff Legault, and Brady Higgins* | Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>P: (901) 524-5000<br>E: jlakey@bpjlaw.com<br>*Attorney for the City of Johnson City, Tennessee*<br><br>*/s/ Kristin E. Berexa*<br>  Kristin E. Berexa |