# Exhibit 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
TENNESSEE GREENEVILLE DIVISION

B.P., H.A., and S.H., individually, and on behalf of all other similarly situated,

No: 2:23-cv-00071-TRM-JEM

Plaintiffs,

v.

City Of Johnson City, Tennessee, et al.,

Defendants.

## DEFENDANT JUSTIN JENKINS' REPSONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### I. INTERROGATORIES

1. Identify all ASSETS valued over $10,000 bought or sold since January 1, 2018, including the date of the purchase or sale and the amount paid in consideration.

    **ANSWER:** Defendant Jenkins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, and to the best of his recollection, Defendant Jenkins has bought or sold the following items valued over $10,000:

    - 2008 Toyota Tacoma (Accident/totaled out)
    - 2012 Toyota Tacoma (Traded in)
    - 2016 Toyota Tacoma (Traded in)
    - 2018 Toyota Tundra (Sold to Gary Wills)
    - 2006 Toyota Tundra (Sold to Christopher Wynne and Janis Wynne)
    - 2012 Toyota Tundra (Currently own)

    All of the above vehicles, with the exception of the 2012 Toyota Tundra, were sold or traded in on other vehicles. Defendant Jenkins does not recall the dates of purchase, dates of sale or the amount paid in consideration.

    - 2016 Pop-up camper – this camper was purchased in 2020 or 2021 and sold on Facebook Marketplace. Defendant Jenkins does not recall the precise date of purchase, date of sale or the amount paid in consideration.

Page 1 of 12

CONFIDENTIAL

- 2021 Forest River camper – Defendant Jenkins does not recall the date of purchase. This camper was purchased for approximately $27,000, all of which was obtained through a loan believed to be from Eastman Credit Union. This camper was traded for a 2018 Forest River RPOD in approximately January 2022.

- 2018 Forest River RPOD camper. This camper was obtained in January 2022, through a trade of the 2021 Forest River camper (above), with the addition of approximately $1500 given to the dealership, resulting in a loan in the principal amount of approximately $28,500 through Appalachian Community Federal Credit Union. This camper was subsequently sold to Crowder RV Center, although Defendant Jenkins does not recall the exact amount he sold the camper for.

- 2006 Four Winns Horizon speedboat. Defendant Jenkins does not recall the exact price paid for this boat, although he believes he paid approximately $18,000, the funds for which were obtained through a loan from Eastman Credit Union. This boat was sold on Facebook Marketplace for $17,000.

2. Identify all title(s) YOU hold to property valued over $10,000.

**ANSWER:** Defendant Jenkins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, and to the best of his recollection, Defendant Jenkins has title to the following property responsive to this interrogatory:

- ███████████ Johnson City, Tennessee, 37615 (subject to mortgage and deed of trust in favor of Eastman Credit Union).

- 2012 Toyota Tundra (title held by Eastman Credit Union pursuant to loan on said vehicle).

3. Identify all YOUR sources of income since January 1, 2018, including the annual amount of each source as reported on tax returns.

**ANSWER:** Defendant Jenkins objects to this interrogatory as it is unduly burdensome, overly broad and seeks information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections, Defendant Jenkins has the following sources of income:

███████

**CONFIDENTIAL**



4. Identify all accounting firms used to prepare YOUR tax returns since January 1, 2018, including the name and address of each firm.

**ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Defendant Jenkins further avers Plaintiffs are not entitled to his tax returns at this time and will file to quash any subpoena sent to his tax preparers. Subject to said objections:

- Accounting Solutions, 1925 Euclid Avenue, Bristol, VA 24201

5. Identify all financial institutions where YOU have maintained accounts since January 1, 2018, including the name and address of each institution.

**ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Defendant Jenkins further avers Plaintiffs are not entitled to his bank statements at this time and will file to quash any subpoena sent to his financial institutions. Subject to said objections:

- Appalachian Community Federal Credit Union, 5034 Bobby Hicks Hwy, Suite 2, Gray, Tennessee, 37615

- Eastman Credit Union, Boones Creek Branch

6. Identify all investigations relating to SEAN WILLIAMS in which YOU participated, including the nature of the investigation, YOUR role in the investigation, all

**CONFIDENTIAL**

persons YOU interviewed, all search warrants YOU executed, the date or dates YOU worked on the investigation, and the name of the victim (or Jane Doe/Female identifier) if applicable.

    **ANSWER:** The only investigation Defendant Jenkins has participated in that is responsive to this interrogatory is the investigation into the fall of M.E. from Sean Williams' apartment. Defendant Jenkins worked this investigation with Toma Sparks, who was the primary investigator. Defendant Jenkins attempted to interview Sean Williams but was unable to do so after Sean Williams requested to speak with his attorney.

    See also Defendant Jenkins' response to Interrogatory #4 of Plaintiffs' initial discovery requests. All other information regarding this investigation should be contained in the case file provided by Johnson City, Tennessee.

7. For all investigations identified in interrogatory number 6, identify YOUR supervisor at the time of the investigation.

    **ANSWER:** Sgt. David Hilton was Defendant Jenkins' direct supervisor. Lt. Don Shepard and Cpt. Kevin Peters were next in the chain of command.

8. State when construction was completed on the residence located at ▇▇▇ ▇▇▇ in Johnson City, Tennessee.

    **ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections:

    The certificate of occupancy for the home was issued on July 3, 2023.

9. State when you first began to reside at ▇▇▇ n Johnson City, Tennessee.

    **ANSWER:** Defendant Jenkins objects to this interrogatory as seeking information that is irrelevant and not likely to lead to relevant, admissible evidence. Subject to said objections: July 7, 2023



JUSTIN JENKINS

Case 2:23-cv-00071-TRM-JEM  Document 229-16  Filed 06/28/24  Page 5 of 13  PageID #: 5869
**CONFIDENTIAL**

STATE OF TENNESSE *
                   *
COUNTY OF Washington

    Personally appeared before me, a Notary Public for the County and State aforesaid, JUSTIN JENKINS, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who made oath in due form of law that he executed the answers to the above Interrogatories and the answers are, to the best of his knowledge and belief, true.

    WITNESS MY HAND AND SEAL this __15__ day of __April 2024__, 2024.

_Connie R Hill_ (Seal)
NOTARY PUBLIC

My commission expires: __7-2-24__

**CONFIDENTIAL**

## II. DOCUMENT REQUESTS

1. All COMMUNICATIONS with Cathy Ball from January 1, 2018 to the present.

   **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, the only communications Defendant Jenkins recalls with Cathy Ball would be contained on his work cell phone, which Defendant Jenkins believes has been searched by the City using search terms provided by Plaintiffs. These texts were regarding issues such as whether Ms. Ball wanted to place a breakfast order. In addition, Ms. Ball reached out to Defendant Jenkins when he was added as a defendant to this lawsuit to provide support and encouragement.

2. All COMMUNICATIONS with Steven Finney from January 1, 2018 to the present.

   **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, Defendant Jenkins does not recall any specific written communications with Steven Finney during this time frame.

3. All COMMUNICATIONS with Scott Jenkins REGARDING SEAN WILLIAMS from January 1, 2018 to the present.

   **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, any documents responsive to this request would be contained on Defendant Jenkins' cell phones. Counsel for Defendant Jenkins is currently engaged in getting his personal cell phone imaged by a third-party vendor and will work with counsel for Plaintiff on appropriate search terms to be run on said phone.

4. All COMMUNICATIONS with Scott Jenkins REGARDING Kateri Dahl from January 1, 2018 to the present.

   **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, Defendant Jenkins does not recall any conversations with Scott Jenkins regarding Kateri Dahl. However, should any such documents exist, they would be contained on

**CONFIDENTIAL**

Defendant Jenkins' cell phones. Counsel for Defendant Jenkins is currently engaged in getting his personal cell phone imaged by a third-party vendor and will work with counsel for Plaintiff on appropriate search terms to be run on said phone.

5. All COMMUNICATIONS with Scott Jenkins REGARDING this litigation from January 1, 2018 to the present.

> **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, any documents responsive to this request would be contained on Defendant Jenkins' cell phones. Counsel for Defendant Jenkins has previously produced these documents. Nonetheless, Counsel for Defendant Jenkins is currently engaged in getting his personal cell phone imaged by a third-party vendor and will work with counsel for Plaintiff on appropriate search terms to be run on said phone.

6. All COMMUNICATIONS with Scott Jenkins REGARDING the purchases of real property from January 1, 2018 to the present.

> **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, any documents responsive to this request would be contained on Defendant Jenkins' personal cell phones. Counsel for Defendant Jenkins is currently engaged in getting his personal cell phone imaged by a third-party vendor and will work with counsel for Plaintiff on appropriate search terms to be run on said phone.

7. All non-privileged COMMUNICATIONS with Sunny Sandos REGARDING SEAN WILLIAMS from January 1, 2018 to the present.

> **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad, unduly burdensome and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, Defendant Jenkins does not recall having any communications responsive to this request with Sunny Sandos regarding Sean Williams.

8. All non-privileged COMMUNICATIONS with Sunny Sandos REGARDING Kateri Dahl from January 1, 2018 to the present.

> **ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad, unduly burdensome and seeks information that is irrelevant and unlikely to

Page 7 of 12

**CONFIDENTIAL**

lead to relevant, admissible evidence. Subject to said objections, Defendant Jenkins does not recall having any communications responsive to this request with Sunny Sandos regarding Kateri Dahl.

9. All non-privileged COMMUNICATIONS with Sunny Sandos REGARDING this litigation from January 1, 2018 to the present.

**ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad, unduly burdensome and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Defendant Jenkins further objects to this request as ambiguous to the extent it appears to seek information going back to January 1, 2018, regarding a lawsuit that was not filed until 2023. Subject to said objections, Defendant Jenkins does not recall having any communications responsive to this request with Sunny Sandos regarding this litigation.

10. All non-privileged COMMUNICATIONS with Erik Herrin.

**ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad, unduly burdensome and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Notably, the request is neither limited in time nor scope. Subject to said objections, Defendant Jenkins does not recall having any substantive communications with Erik Herrin that are responsive to this request, although he believes he has probably exchanged pleasantries with Mr. Herrin on occasion.

11. All bank statements from January 1, 2018 to the present.

**ANSWER:** Defendant Jenkins objects to this request to the extent that it is overly broad, unduly burdensome and seeks private and personal information not relevant to this matter. Defendant Jenkins specifically objects to this request given there are currently no allegations that he accepted anything of value for his alleged involvement (which he denies) in either a sex trafficking scheme or an attempt to cover up a sex trafficking scheme.

12. All utility bills sent to YOU at any address during the year 2023.

**ANSWER:** Defendant Jenkins objects to this request to the extent that it is overly broad, unduly burdensome and seeks private and personal information not relevant to this matter. Defendant Jenkins specifically objects to this request given there are currently no allegations that he accepted anything of value for his alleged involvement (which he denies) in either a sex trafficking scheme or an attempt to cover up a sex trafficking scheme. Subject to said objection, see attached Exhibit 1.

CONFIDENTIAL

13. All utility bills sent to the residence located at ▇▇▇▇▇▇▇▇ in Johnson City, Tennessee at any time.

> **ANSWER:** Defendant Jenkins objects to this request to the extent that it is overly broad, unduly burdensome and seeks private and personal information not relevant to this matter. Defendant Jenkins specifically objects to this request given there are currently no allegations that he accepted anything of value for his alleged involvement (which he denies) in either a sex trafficking scheme or an attempt to cover up a sex trafficking scheme. Subject to said objection, see attached Exhibit 1.

14. All records of payments to contractors for work performed on the property located at ▇▇▇▇▇▇▇▇ in Johnson City, Tennessee.

> **ANSWER:** Defendant Jenkins objects to this request to the extent that it is overly broad, unduly burdensome and seeks private and personal information not relevant to this matter. Defendant Jenkins specifically objects to this request given there are currently no allegations that he accepted anything of value for his alleged involvement (which he denies) in either a sex trafficking scheme or an attempt to cover up a sex trafficking scheme.

15. All documents sent by YOU or on YOUR behalf to any state or federal tax agency stating the value of the property located at ▇▇▇▇▇▇▇▇ in Johnson City, Tennessee.

> **ANSWER:** Defendant Jenkins objects to this request to the extent that it is overly broad, unduly burdensome and seeks private and personal information not relevant to this matter. Defendant Jenkins objects to this request to the extent it is ambiguous and unclear as to what it requests. Defendant Jenkins specifically objects to this request given there are currently no allegations that he accepted anything of value for his alleged involvement (which he denies) in either a sex trafficking scheme or an attempt to cover up a sex trafficking scheme.

16. All records of phone calls and text or SMS messages for the following dates:

- September 19, 2020 and the following 5 days
- May 6, 2021 and the following 5 days
- April 29, 2023 and the following 5 days
- October 17, 2023 and the following 5 days

- November 20, 2023 and the following 5 days

- December 7, 2023 and the following 5 days

**ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad, unduly burdensome and seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence. Subject to said objections, Counsel for Defendant Jenkins has subpoenaed phone records that are believed to contain at least some of the records requested and will provide this information in accordance with the partial agreement regarding these records between counsel for Jenkins and Plaintiffs' counsel.

In addition, and also subject to the above objections, counsel is in the process of obtaining records from Defendant Jenkins' personal cell phone and will supplement this response when such information is available.

17. All records of phone calls and text or SMS messages exchanged with the following individuals:

- Alunda Rutherford
- Sean Williams
- Cathy Ball
- Steve Finney
- Mitzi Emig
- Bart Mikitowicz

**ANSWER:** Defendant Jenkins objects to this request to the extent it is overly broad, unduly burdensome, seeks information that is irrelevant and unlikely to lead to relevant, admissible evidence, and is not limited in time or scope. Subject to said objections, there are no communications with Rutherford, Williams, Finney, Emig or Mikitowicz.

Counsel for Defendant Jenkins has subpoenaed phone records that are believed to contain at least some of the records requested and will provide this information in accordance with the partial agreement regarding these records between counsel for Jenkins and Plaintiffs' counsel.

In addition, and also subject to the above objections, counsel is in the process of obtaining records from Defendant Jenkins' personal cell phone and will supplement this response when such information is available.

Respectfully Submitted,

CONFIDENTIAL

**ROBINSON, SMITH & WELLS, PLLC**
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-5051
Facsimile: (423) 266-0474

By: s/*Keith H. Grant*
Keith H. Grant, BPR# 023274
Laura Beth Rufolo, BPR# 015622
Philip Aaron Wells, BPR# 036248
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-5051
Facsimile: (423) 266-0474
*Attorneys for Justin Jenkins, Brady Higgins
And Jeff Legault*

## CERTIFICATE OF SERVICE

The foregoing interrogatories and requests for production were sent the individuals listed below via U.S. Mail and/or by email on April 15, 2024.

Robinson, Smith & Wells, PLLC

By: /s/ *Keith H. Grant*

cc: Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com
ashley@hmccivilrights.com
caroline@hmccivilrights.com
*Attorneys for Plaintiffs*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

**CONFIDENTIAL**

Julie Erickson (California Bar # 293111)
Elizabeth Kramer (California Bar # 293129)
Kevin Osborne (California Bar #261367)
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
Email:elizabeth@ekolaw.com
      kevin@ekolaw.com
      julie@ekolaw.com
*Pro Hac Vice Attorneys for Plaintiffs*

K. Erickson Herrin
HERRIN, MCPEAK & ASSOCIATES
515 East Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
lisa@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAURDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com
*Attorneys for Johnson City, Tennessee, Karl Turner, Captain Kevin Peters and Investigator Toma Sparks, in their official capacities.*

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
danny@moorerader.com
*Attorneys for Kevin Peters in his individual capacity*

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kbrexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks in his individual capacity*

Case 2:23-cv-00071-TRM-JEM Document 259-16 Filed 06/28/24 Page 13 of 13 PageID #: 5823
**CONFIDENTIAL**