IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
On behalf of all others similarly situated,

    Plaintiffs,

v.                                    No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

### REPLY IN SUPPORT OF PLAINTIFFS'
### MOTION REGARDING DEPOSITION CONDUCT

In Opposition, counsel for Defendant Kevin Peters attempts to distract from his own misconduct by raising unrelated and false accusations against Plaintiffs' counsel and Plaintiff H.A. The Court should decline to address these accusations which are not properly before the Court, have no relevance to the instant motion, and lack credibility. Mr. Rader's conduct throughout the deposition was sanctionable and the Court should grant Plaintiffs' motion to ensure that he does not continue to interfere with Plaintiffs' taking of depositions.

First, Plaintiffs' counsel acted professionally and ethically throughout their phone calls with Female 4. As set forth in the attached Declarations of Vanessa Baehr-Jones and Kevin Osborne, Plaintiffs' counsel called Female 4 on January 11, February 26, March 11, March 12, and March 13, 2024. (Decl. of Vanessa Baehr-Jones ("Baehr-Jones" Decl.") ¶ 3; Decl. of Kevin M. Osborne ("Osborne Decl.") ¶¶ 4, 5, 8, 10, 11.) On March 16, 2024, Female 4 called Plaintiffs' counsel, Mr. Osborne. (Osborne Decl. ¶ 11.) Counsel took contemporaneous notes of the calls,

1

and Mr. Osborne drafted memoranda to the file following each of his calls. (Baehr-Joned Decl. ¶ 13; Osborne Decl. ¶ 3.) Female 4's deposition testimony to the contrary, claiming Plaintiffs' counsel intimidated her, was self-serving and false, as were Female 4's statements to H.A., which Defendant Peters' quotes in his Opposition.

Female 4 was not a credible witness during her deposition. Her testimony changed repeatedly when confronted with evidence that contradicted her testimony and before and after breaks. *Compare* ECF 235, Exh. 19, Dep. Transcript of Female 4 ("Female 4 Dep.") at 124:22-25; 125:1-3 ("I wasn't signing checks or anything.") *with id.* at 128:4-25; 129:1-25; 130:1-25; 131:1-16 ("Q: But you're the one authorizing that movement [of funds?] A: Yes."); *see also id.* at 73:5-25; 74:1-25; 75:1-11. She grew frustrated and was openly hostile when confronted with the evidence, and she attempted to minimize her role in Williams' criminal enterprise and to explain away evidence from bank records that tended to show she engaged in money laundering.[1] *Id.* at 173:12-22; 71:17-24; 72:5-11; 147:21-25; 148:1-25; 149:1-25; 150:1-25; 151:1-10. Female 4's self-serving and false accusations regarding Plaintiffs' counsel have no relevance to the instant motion and only serve as a distraction.

H.A.'s statements to Female 4 during a ruse call intended to elicit information also have no relevance here. As H.A. testified during her deposition, her statements to Female 4 during the recorded call, which Defendant Peters cites in his Opposition, were "intended to elicit information from [Female 4]." Baehr-Jones Decl., Exh. 1, Excerpts of Deposition Transcript of H.A., at 229:3-4; 239:4-5 ("[S]ome of the things I stated to her were intended to elicit

---

[1] Defendant Johnson City's own discovery corroborates that bank accounts associated with Female 4, Sean Williams, and Williams' company Glass and Concrete Contracting LLC, have been flagged in federal law enforcement databases, including for potential money laundering. *See* ECF 235, Exh. 18. Yet lawyers for all Defendants attempted to assist Female 4 during her deposition in explaining away and obfuscating her role in Williams' criminal enterprise.

2

information from her."). Nothing from these phone calls, however, has anything to do with Mr. Rader's misconduct during the deposition of Female 4. This only serves as a distraction.

Finally, counsel for Peters attempts to minimize his misconduct, but his interruptions and speaking objections continued throughout the day of deposition testimony. *See also* Female 4 Dep. at 121:23-25; 122:1-2 ("I object to the lengthy speech that wasn't a question. I object to the introduction of Exhibit No. 83. It's a number of scattered pages out of order."); 106:3-6 ("While she's doing that, I'm going to object to this Exhibit No. 79 being a bunch of pages out of order and not connected with each other."); 127:13-16 ("All right. Before you do, let me just raise the same objection with respect to this exhibit being selected pages, missing pages, and out of order."). Plaintiffs have included a nearly complete transcript of Female 4's deposition as Exhibit 19 to ECF 235, in the event the Court seeks to review the record in full. Mr. Rader's interruptions and speaking objections were intentionally disruptive and continued unabated throughout the course of Ms. Baehr-Jones' direct exam of Female 4.

In sum, Mr. Rader's conduct throughout the deposition was sanctionable. This is not the sole example of Mr. Rader crossing the line in his conduct with witnesses during depositions, as Plaintiffs will set forth in their Motion for Protective Order. Thus, Court intervention is necessary to prevent Mr. Rader from continuing to thwart the Court's rules going forward. Plaintiffs' requested sanction is narrowly tailored to ensure that Mr. Rader's speaking objections and comments about evidence will not interfere with the remainder of the depositions in this case.

Dated: July 2, 2024

Respectfully submitted,

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602

3

510-500-9634
vanessa@advocatesforsurvivors.com

*—and—*

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*—and—*

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*

4

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on July 2, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

            */s Vanessa Baehr-Jones*
            Vanessa Baehr-Jones