IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
On behalf of all others similarly situated,

Plaintiffs,

v.                                                          No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

Defendants.

_____/

### DECLARATION OF VANESSA BAEHR-JONES IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITIONS OF UNNAMED CLASS MEMBERS AND/OR MOTION TO QUASH DEPOSITION SUBPOENAS ISSUED TO FEMALES 8, 9, AND 12

I, VANESSA BAEHR-JONES, declare under penalty of perjury of the laws of the United States of America that the following is true and correct:

1. I am over twenty-one years of age and am competent in all respects to give this Declaration. This Declaration is given freely and voluntarily. I have personal knowledge of the foregoing matter and could, and would, testify competently thereto under penalty of perjury.

2. I am lead counsel for Plaintiffs B.P., et al., in the above-referenced case. I am a licensed attorney in good standing in the State of California (CABN 281715) and admitted to appear *pro hac vice* in this District.

3. Attached hereto as **Exhibit 1**, is the proposed Protective Order Regarding Unnamed Class Member Depositions.

1

4. Attached hereto as **Exhibit 2**, is a true and correct copy of excerpts of the deposition transcript of B.P.

5. Attached hereto as **Exhibit 3,** is a true and correct copy of excerpts of the deposition transcript of H.A.

6. Attached hereto as **Exhibit 4,** is a true and correct copy of Plaintiffs' counsel Julie Erickson's June 20, 2024, letter to defense counsel.

7. Attached hereto as **Exhibit 5,** is a true and correct copy of Plaintiffs' counsel Julie Erickson's June 24, 2024, email to defense counsel.

8. Attached hereto as **Exhibit 6**, is a true and correct copy of counsel for the City Jon Lakey's June 24, 2024, letter to Plaintiffs' counsel.

9. On August 2, 2023, I learned during a telephone call with U.S. Department of Justice Trial Attorney Julie Pfluger and FBI Special Agent Durant that many of my clients were depicted in images and/or videos found on Sean Williams' digital devices, including, but not limited to, B.P., H.A., Female 9, and Female 12. I also learned from reporting by local news station WJHL that images and/or videos existed for 52 sexual assault victims of Williams. *See* ECF 221, Exh. 10, "Affidavits Computer Files Show 52 Sean Williams Rapes," WJHl, Jeff Kheeling, *available at:* https://www.wjhl.com/news/local/sean-williams-case/affidavits-computer-files-show-52-sean-williams-rapes/. Discovery from Defendant Johnson City has since confirmed that WJHL reporting of the affidavit is accurate and I have reviewed a copy of the affidavit produced in discovery.

10. All three Class Representatives have answered extensive written discovery and recently sat for full-day depositions in May and June 2024.

2

11. On February 12, 2024, counsel for Defendant Peters' attempted to serve subpoenas duces tecum on the unnamed class members who had been removed as Plaintiffs from the SAC, as well as a third party, by sending a private investigator to their homes and places of work. This caused unnamed class members to panic and fear that their identities had been compromised.

12. Since the hearing on Plaintiffs' and Defendant Peters' respective motions, Defendants have sought the depositions of unnamed class members, including Females 8, 9, and 12, during meet and confers regarding deposition scheduling.

13. On June 14, 2024, Plaintiffs' counsel advised Defendants that they would be moving for a protective order regarding the depositions of unnamed class members.

14. On June 26, 2024, counsel for Defendant City emailed subpoenas to Plaintiffs' counsel for the depositions of Females 8, 9, and 12.

15. The Parties have met and conferred by videoconference, and at length in writing, but have reached an impasse on (1) the need for Defendants to obtain leave of court before serving deposition subpoenas on unnamed class members; and (2) the appropriate parameters to be imposed on such depositions, should Defendants meet their burden to obtain leave to take them.

16. The depositions of H.A. and B.P. were grueling. From approximately 9:30 a.m. until after 8 p.m., Plaintiffs sat in a conference room in a Johnson City building with over 15 people for the defense side present, including the City Manager for Johnson City Cathy Ball, the former Chief of Police, Karl Turner, and six other police officers, which included all the Defendants and the City's designated Rule 30(b)(6) witness.

17. Plaintiffs were subjected to questioning by multiple defense attorneys—four over the course of the eleven hours.

18. At the time of the depositions of B.P. and H.A., defense counsel were aware of evidence that B.P. and H.A. were sexual assault victims of Williams, including video and/or image evidence found on Williams' digital devices at the time of his arrest which depicted their assaults. Specifically, all counsel were in possession of the affidavit of District Attorney Investigator Michael Little, CITY-0075746 - CITY-0075757, which sets forth the facts concerning what North Carolina law enforcement found on Williams' devices. The affidavit specifically notes that videos and images were found in the cases of W20006424, W22008341, and W19013728. (W19013728 is B.P.'s case number.) Counsel for the City also possessed in discovery an email thread between Little and Defendant Toma Sparks, titled, "[EXTERNAL] Identified Victims," dated June 12-13, 2023, the contents of which the City has withheld from Plaintiffs, claiming investigatory privilege. Plaintiffs' counsel had also represented to defense counsel that B.P. and H.A. had been identified by the FBI as victims depicted in Williams' images/videos of sexual assault. Finally, Defendant City had seized the "Raped list" during the search of Williams' apartment in September 2020, which included the first name of H.A.

19. During the depositions of B.P. and H.A., the Defendant police officers sat in a row in the direct line of sight of the victims.

20. The former Chief of Police, Defendant Turner, sat directly behind the defense attorney questioning the victims, such that when the victims looked at the attorney questioning them, they were also looking straight at Defendant Turner.

21. Both B.P. and H.A. broke down in tears multiple times during the depositions, requiring frequent breaks.

22. During H.A.'s deposition, counsel for Defendant Peters stood up and continued to stand in an intimidating manner while questioning her until I asked and signaled to him to sit down.

23. All Jane Does except for B.P., H.A., and S.H. were removed from the complaint in the December proposed SAC, which was served on Defendants on December 7, 2023, but did not become effective until March 2024. Defendants first sought depositions of Females 9 and 12 during meet and confers in February 2024.

This document was executed in Oakland, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and based upon my own personal knowledge, and that if called upon to testify, I could verify the accuracy of the same.

This is the 2nd day of July 2024.

*/s/ Vanessa Baehr-Jones*
VANESSA BAEHR-JONES

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on July 2, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>lisa@hbm-lawfirm.com<br>sandy@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>andre@moorerader.com<br><br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br><br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity, Jeff Legault in his individual capacity and Brady Higgins in his individual capacity* |

    */s Julie C. Erickson*
    Julie C. Erickson