# Exhibit 4



Mailing address: 44 Tehama St.
San Francisco, California 94105
Email: julie@eko.law
Phone: 415-635-0631
Fax: 415-599-8088

June 20, 2024

**VIA EMAIL**

RE: Case 2:23-cv-00071-TRM-JEM, B.P. et al. v. Johnson City, TN et al.

Dear Counsel,

As discussed today during our meet and confer, Plaintiffs seek relief with respect to any depositions of absent class members Defendants may seek to conduct in this litigation. Below is the specific relief we require. As discussed today, whether all of these parameters will apply to a given absent class member will depend on her specific facts. For example, if the class member is not a victim of sexual assault, the parameter prohibiting questioning regarding sexual assaults would not be applicable.

Please advise whether your respective clients are willing to stipulate to any or all of these parameters. We wish to work cooperatively and allow discovery of relevant information while balancing the very legitimate need to protect non-parties from burdensome discovery. If we cannot reach agreement, Plaintiffs will move the Court for a protective order.

Relief Sought:

1) No depositions of absent class members without agreement from counsel or leave of Court
2) Any deposition of an absent class member will be subject to the following parameters (unless counsel agrees otherwise):
   a) The deposition shall be limited to three hours of defense counsel examination.
   b) Defendants will designate one attorney to examine the witness. No other attorneys for Defendants will examine the witness.
   c) The witness will have the option to have a support person present.
   d) Questions regarding the following topics will not be permitted:
      i) The witness's sexual conduct or any sexual assaults (if applicable)
      ii) Drug or alcohol use (if applicable)
      iii) Child custody (if applicable)
      iv) Domestic abuse or restraining orders (if applicable)
      v) Mental health issues, diagnoses, and treatment thereof (if applicable)

As you know, the Court has broad discretion over whether and how depositions are conducted, including forbidding inquiry into certain matters or limiting the scope to certain matters. *See* Fed. R. Civ. P. 26(c)(1) & 30(d)(3)(B); *see also, e.g., Boynton v. Headwaters,*

www.eko.law
Page 1 of 2
Case 2:23-cv-00071-TRM-JEM   Document 246-2   Filed 07/03/24   Page 2 of 3   PageID #: 6939

*Inc.*, 2009 WL 3103161, at *1 (W.D. Tenn., Jan. 30, 2009). You are also aware of other authorities from Plaintiffs' prior motion for a protective order regarding discovery on unnamed class members. If you have new case law particularly on point, feel free to send it, but this is a highly fact-specific inquiry, and we think it is most efficient to simply take it to the Court.

      Please advise whether your client(s) are willing to stipulate to any of the above parameters no later than Wednesday, June 26, 2024. If we do not receive a response from you by June 26th, we will presume you do not agree.

Regards,

Julie Erickson