# Exhibit 6



Jonathan P. Lakey
Direct: 901.524.5140
JLakey@bpjlaw.com

LAW OFFICES
Burch, Porter & Johnson, PLLC
130 North Court Avenue
Memphis, TN 38103
Phone: 901.524.5000
Fax: 901.524.5024
bpjlaw.com

June 24, 2024

## VIA E-MAIL ONLY

Julie Erickson, Esq.
ERICKSON KRAMER OSBORNE, LLP
44 Tehama Street
San Francisco, CA 94105

>   Re:   **B.P., H.A., and S.H., individually, and on Behalf of all Others Similarly Situated v. City of Johnson City, et al.**
> **Discovery of Relevant Information of Class Members Who Have Made Factual Allegations in the Original, First Amended Complaint or Second Amended Complaint**

Julie:

On behalf of all defense counsel, I am responding to your letter dated June 20, 2024, and received by me via email on June 21 (the "Letter").

At the outset, to the extent that the Letter or proposed "relief sought" contained in it implies otherwise, the alleged sexual assault victims that have been deposed consistently have been treated with respect by defense counsel. Further, with agreement of counsel for all defendants, all victim witnesses had a support person present and seated next to them during their depositions. Moreover, all victim witnesses have been allowed multiple, many times extensive, breaks as they requested. Finally, all victims, when testifying as to particularly sensitive aspects of their claim, have been afforded the "attorneys only" option, resulting in all named defendants or representatives, both male and female, departing the deposition room and only attorneys remaining.

While we can appreciate your efforts to protect your clients' emotional well-being, we cannot (and suggest that you should not) ignore that those being deposed have requested:

> An award of compensatory damages for emotional distress, mental anguish, and disruption to each Plaintiff's family life, physical injury, pain and suffering, medical expenses, and all compensatory damages and/or economic damages caused by the actions of Defendants, as well as an award for punitive damages. [Doc. 121, PageID #: 1848]

Your request for restricting discovery as to questions as to past sexual assaults, drug and alcohol use, child custody circumstances, domestic abuse and restraining orders, mental health issues, diagnoses and treatment would serve to allow a deponent to later claim all her current life difficulties are attributable to the facts she is asserting against the defendants. We, and you, are well aware that many of those asserting claims in this litigation have had a life filled with many years of unfortunate circumstances, certain lifestyle

June 24, 2024

_____

choices, challenges with mental health and substance abuse, the cruel card of mental health struggles and addictions, to say nothing of the financial impact of these life traumas long before the events about which they now advance in the complaint.

Absent your understandable lack of any willingness to eliminate the referenced categories of damages, we cannot properly represent our clients if we are unable to explore the many alternative bases for the deponents' current life circumstances that they now seek to convert to cash from our clients.

Further, certain of the categories of questions you seek to prevent bear directly on your clients' claims, and our clients' defenses. For instance, it appears that A.A. continued to spend time with Sean Williams despite her claims that she was sexually assaulted. In order to properly represent our clients, we will have to inquire into such seeming inconsistencies. In short, we cannot simply accept your clients' claims at face value. It is untenable that we would not be allowed to ask questions to test the veracity of your clients' specific claims.

We will continue to be amenable to having a support person present when a sexual assault victim is being deposed. Of course, the support person needs to be someone who will not be separately deposed on the same factual circumstances as the deponent, unless the support person has herself been previously deposed. [e.g., H.A. serving as a support person for her sister, A.S.]

If you still think this is a matter warranting the court's attention, we will, of course, participate in that process. But, we will not allow what we view to be an unreasonable proposal to delay the scheduling of depositions on days placed on hold long ago for shared deposition times. As discussed in the call on Thursday, June 20, please confirm the availability of A.S. and K.H. for depositions on July 8 and 9, and likewise we will respond as to the availability of officers Dunn and Richardson you have recently requested.

We would confirm our prior agreement to schedule officers Jenkins and Dougherty on July 18 and 19. Based on trial conflicts for some lawyers in August, we are requesting the deposition of A.A. if D.A. Finney's deposition does not occur on July 17.

This letter is not intended to be an exhaustive list of the reasons why the defendants believe the relief sought in your Letter is inappropriate, not warranted and contrary to law. We reserve the right to make any and all arguments if this proceeds to motion practice.

Sincerely,

BURCH, PORTER & JOHNSON, PLLC

Jonathan P. Lakey

JPL

June 24, 2024

c: Heather Moore Collins, Esq., via email
Elizabeth Kramer, Esq., via email
Vanessa Baehr-Jones, Esq., via email
Emily C. Taylor, Esq., via email
K. Erickson Herrin, Esq., via email
Kristin Ellis Berexa, Esq., via email
Ben C. Allen, Esq., via email
Daniel H. Rader IV, Esq., via email
Keith H. Grant, Esq., via email
Laura Beth Rufolo, Esq., via email