UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| B.P., et al., | ) | |
| | ) | Case No. 2:23-cv-71 |
| Plaintiffs, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| JOHNSON CITY, TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMENDED JOINT PROTECTIVE ORDER

Upon review of the joint notice by the parties of the filing of a proposed Amended Protective Order, the Court hereby enters the following Amended Joint Protective Order to govern the disclosure of all information during the course of this litigation:

1. <u>Categories of information</u>. The Order contemplates five categories of information: (1) "Highly Confidential Information – Attorney's Eyes Only," which will be shared with opposing counsel but not their clients absent an agreement of counsel or order from this Court, (2) "Confidential Information," which will be disclosed to opposing counsel with duties regarding further dissemination, (3) "Child Sexual Abuse Material (CSAM)," any child pornography, as defined by 18 U.S.C. § 2256(8), and "Sexual Assault Material (SAM)," any visual depiction of sexually explicit conduct, as defined by 18 U.S.C. § 2256(2), held in the custody of the Federal Bureau of Investigation ("FBI"), which will remain in FBI custody; (4) "Redacted CSAM" and "Redacted SAM" which will be shared with opposing counsel but not their clients absent an agreement of counsel

1

or order from this Court; and (5) "Non-Confidential Information," which is information that can be publicly disclosed. Notwithstanding Tennessee Code Annotated § 10-7-504, the parties agree that Fed. R. Evid. 501 and federal common law apply to questions of privilege as to federal question claims. State law may have applicability as to the disclosure of criminal investigative files that are active and/or sexual assault investigative files, including especially files that involve minors.

2. "Highly Confidential Information – Attorney's Eyes Only" means information that has been designated by counsel for one party as information that cannot be disclosed to other parties but can be disclosed to opposing counsel for their eyes only. The following examples fall into this category: (1) mental health records (until such time as may be necessitated as a trial exhibit); and (2) exhibits during the criminal proceedings of Sean Williams that depict photographs of a sexual assault victim. Further, the parties recognize that there may be a good faith reason that opposing counsel and certain "Qualified Persons" (as defined below) may need access to a particular piece of information that has been designated as "Highly Confidential Information – Attorney's Eyes Only." The party designating a piece of information as "Highly Confidential Information – Attorney's Eyes Only" will attempt to redact, if possible, the information claimed as Highly Confidential and still disclose the document or item with that redaction. Should the parties disagree regarding the designation of a particular item or piece of information as "Highly Confidential Information – Attorney's Eyes Only," they will attempt to resolve the matter before any effort is made to bring the issue before the Court.

3. Confidential Information. "Confidential Information" means information that will be

disclosed to opposing counsel and may be disclosed to any "Qualified Person" (as defined below). Examples of Confidential Information include, but are not limited to:

(a) The names and addresses of the Jane Doe plaintiffs or others identified in the Complaint under pseudonym.

(b) Any non-party sexual assault victims or other persons who become known as sexual assault victims of Sean Williams.

(c) Information protected by Tennessee Code Annotated § 10-7-504 that either the parties agree may be designated as Confidential Information or the Court orders that it be designated as Confidential Information. In other words, Confidential Information that is not designated as Highly Confidential Information.

(d) Investigative materials for cases to the extent that information could reveal the names of alleged sexual assault victims (other than Plaintiff Jane Does).

(e) Social Security numbers, names of minor children, dates of birth, financial account information, home addresses, and driver's license numbers of the plaintiff or persons who are not protected by Tennessee Code Annotated § 10-7-504.

(f) Individual Protected Health Information ("PHI"), as defined by the HIPAA Privacy Rule, 45 C.F.R. § 164.500 *et seq*., and *Ciox Health, LLC v. Azar*, 435 F. Supp. 3d 30 (D.D.C. 2020). This does not include the mental health records of sexual assault victims which shall be classified as Highly Confidential – Attorney Eyes Only.

**Persons affiliated with Sean Williams but not a sexual assault victim shall not be classified as confidential. Example: "Alfy" Alvaro Diaz Vargas, Compl., Doc. 1, PageID #: 4.**

3

Case 2:23-cv-00071-TRM-JEM   Document 255   Filed 07/08/24   Page 3 of 11   PageID #: 6990

4. <u>"Unredacted CSAM" or "SAM" shall be treated as contraband and shall remain in the custody and control of law enforcement.</u> "Redacted CSAM or SAM" will be treated as "Highly Confidential Information – Attorney's Eyes Only." Any copies of "Redacted CSAM or SAM" will be held separately at attorneys' offices; a list of attorneys and firm staff having access to such materials will be maintained; and the attorneys will be responsible for certifying the destruction of such material at the close of the case and any appeal taken. Should the parties disagree regarding whether a particular item or piece of information is "CSAM" or "SAM" or "Redacted CSAM or SAM," they will attempt to resolve the matter before any effort is made to bring the issue before the Court.

5. <u>No bearing on discovery or admissibility.</u> Whether information is "Confidential Information" or "Highly Confidential Information – Attorney's Eyes Only" or "CSAM" or "SAM" or "Redacted CSAM" or "Redacted SAM" under the terms of this Order shall have no bearing on whether the information is deemed discoverable or admissible.

6. <u>Burden regarding designation of information</u>.

Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to the Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidential designation by electing not to mount a challenge promptly after the original designation is disclosed.

7. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process

by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

8. <u>Judicial Intervention.</u> If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each

challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

9. <u>Keeping Confidential Information Confidential.</u> The parties and their attorneys are hereby ordered to keep Confidential Information confidential by:

   (a) <u>No Disclosure to Non-Parties</u>. Confidential Information may only be disclosed to a "Qualified Person." "Qualified Person" means someone necessary to Plaintiffs' prosecution of their claims or Defendants' defense of the claims against them. Prior to being permitted access to Confidential Information subject to this Agreed Protective Order, a "Qualified Person," other than counsel, their staff or employees, shall sign a Certification in the form attached hereto as Exhibit "A" stating that they will abide by the terms of this Protective Order. The original of each such Certification shall be retained by counsel of record for the party obtaining the

Certification of the Qualified Person. This sub-paragraph does not apply to counsel, staff of counsel, insurance representatives or adjusters for Defendants, and Johnson City's Risk Manager, Joy Baker. This subparagraph also does not apply to any investigating agent or governmental attorney investigating any of the matters which are referenced or touch upon the facts alleged in this suit. To the extent confidential information is shared with an investigative agent or governmental attorney as referenced above, the party transmitting the confidential information must copy counsel for the other parties on the transmittal correspondence.

(b) <u>Confidential Storage Procedure</u>. Storing documents containing such information in a manner consistent with the attorney's customary storage procedures for confidential information in his or her office. The City of Johnson City may follow its customary policies and procedures, and local and state laws, governing data and document storage, records retention and retrieval.

(c) <u>Redacting Confidential Information</u>. Redacting Confidential Information before disclosing to non-parties, except as allowed for a "Qualified Person."

(d) <u>Marking documents as Confidential</u>. Marking documents with the words "CONFIDENTIAL" or "CONFIDENTIAL BY COURT ORDER" (or words substantially to that effect). To the extent that material stored or recorded in the form of electronic or magnetic media ("Computer Data") is produced by a party and that party cannot reasonably designate such Computer Data as "Confidential Information" on the electronically produced documents, that party may designate such material as "Confidential Information" in a cover letter or other written communication referring to the produced material. Whenever any person to whom

Computer Data is designated as Confidential Information reduces such material to hard-copy form, such person shall mark the hard-copy as Confidential Information.

10. <u>Use of Confidential Information in the Litigation</u>. For purposes of this paragraph, the term "Confidential Information" includes both "Confidential Information" and "Highly Confidential – Attorney's Eyes Only" and "Redacted CSAM" or "Redacted SAM." The parties and their counsel may use both Highly Confidential – Attorney's Eyes Only and Confidential Information only for the purpose of reasonable pursuit of this litigation including any appeals and for no other purpose. In addition to the allowable disclosures of Confidential Information previously addressed, allowable disclosures also include persons involved in or necessary to the litigation process such as court reporters and copy services.

11. <u>Deposition transcripts</u>. Counsel for the parties shall have thirty (30) days to review deposition transcripts for purposes of designating any information as "Highly Confidential – Attorney's Eyes Only" or "Confidential Information" before that deposition transcript is finalized.

12. <u>Post-Trial Destruction of Confidential Information</u>. For purposes of this paragraph, the term "Confidential Information" includes both "Confidential Information" and "Highly Confidential – Attorney's Eyes Only." The parties agree that, if within four weeks after the termination of this action, a request is made that they return any Confidential Information they have received, they shall assemble the Confidential Information in a reasonable time and manner and make reasonable arrangements for its destruction or return. If no request for return of the Confidential Information is made upon a party, then the attorney having the Confidential Information shall destroy

the material pursuant to his or her own lawful office procedures consistent with the Tennessee Rule of Professional Conduct 1.15 and Formal Ethics Opinion 2015- F-160 of the Board of Professional Responsibility of the Supreme Court of Tennessee; that is, waiting at least five (5) years before destruction. This paragraph does not require the return or destruction of any motions, briefs, or other items filed with the Court that may contain, reference, or summarize Confidential Information. The parties acknowledge that the City of Johnson City laws or police department document retention policies may prevent exact compliance with the above-referenced protocols governing the return or destruction of Confidential Information. As such, the parties acknowledge that Defendants and their counsel shall comply with said protocols to the greatest extent possible without violating state and local laws and police department policy.

13. <u>Right To Object, Move for Further Protection</u>. Nothing in this Protective Order shall prevent any party from objecting to discovery or preclude any party from seeking any further or additional protection.

14. <u>No Waiver</u>. This Order does not operate as an admission by any party that any particular documents or things contain Confidential Information, or prejudice the right of any party to further move the Court to seek relief as to discovery. Nor does the Order constitute a waiver of any claim of privilege or work product. Any inadvertent production by a party of privileged or work-product information is not a waiver, and nothing in this Order reduces the protections of Fed. R. Evid. 502(d).

Additionally, notwithstanding any provision of this Order, no party waives their right to claim or move the Court to determine that any portion of the information should not be subject to

a protective order. In the event Plaintiffs pursue a class action or class certification, the Defendants reserve the right to challenge the confidentiality of any pertinent information, including the ability of Plaintiffs to proceed under a pseudonym. *See Sherman v. Trinity Teen Solutions, Inc.*, 339 F.R.D. 203 (D.Wyo. 2021).

15. <u>No Limitation Received from Third Parties.</u> This Order does not control or limit the use of information that comes into the possession of the parties or their attorneys from third parties unless the information sought would constitute confidential information under federal or state law as to a party or an employee of a party.

16. <u>No Authorization to Obtain Protected Health Information</u>. Nothing in this Order functions as an authorization for the parties, their counsel or their agents, to obtain medical records or PHI through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful process within the four corners of this suit.

17. <u>Court Filing of Confidential Information</u>. Any Confidential Information filed with the Court, such as confidential portions of exhibits used in summary judgment motion practice, shall be filed under seal consistent with the Court's Order Governing Sealing Confidential Information [Doc. 6]. If possible, confidential information shall be redacted as opposed to filing under seal, unless an unredacted version of the document is necessary for the Court's determination of the issues. Not later than four weeks after the termination of this action, including any appeals, the parties may file a motion seeking leave to remove any exhibit designated CONFIDENTIAL and filed under seal with the Clerk.

18. <u>Meet and Confer Requirement, Remedy for Breach</u>. In the event a party believes

another party has breached this Order, that party shall first attempt to resolve the problem informally through a "meet and confer." That requires that counsel actually meet (whether in person, or by videoconference, or telephone) and confer in good faith, consistent with the Local Rules of this Court. If there is no resolution, a party may apply for relief, and the Court may in its discretion, to the extent permitted by law, allow the prevailing party in that dispute to request the award of reasonable attorney's fees, costs and expenses, payable forthwith.

19. <u>Fixing Mistakes</u>. If any person bound by this Order releases any category of Confidential Information in error, all parties shall immediately take all reasonable steps to fix the error.

20. <u>Continuing Jurisdiction</u>. To the extent authorized by law, the Court shall retain continuing jurisdiction over this Protective Order and may modify it as justice requires.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge