| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 2:23-CV-71-TRM-JEM |
| CITY OF JOHNSON CITY, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Quash Subpoena or in the Alternative an Extension of Time for Compliance [Doc. 172], filed by Alunda Rutherford ("Movant").[1] Plaintiffs responded in opposition to the motion [Doc. 190]. Movant did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** the motion [**Doc. 172**].

**I.     BACKGROUND**

Plaintiffs filed this action on June 21, 2023 [Doc. 1] and filed the Second Amended Class Action Complaint ("Amended Complaint") on March 1, 2024 [Doc. 121]. The Amended Complaint alleges that "[b]eginning in at least 2018 and continuing to 2021, Sean Williams, a known drug dealer and convicted felon, conspired with Alvaro Fernando Diaz-Vargas and others to drug and rape women, and sexually exploit children, in his apartment in downtown Johnson

---

[1] Although Plaintiffs filed the subpoena that lists Movant's name [Doc. 190-4 p. 6], they refer to her as "Female 4" in their opposition [Doc. 190].

City" [*Id*. ¶ 18]. Plaintiffs state that "Defendant [Johnson City Police Department] officers conspired with [Sean] Williams to participate in a venture, the purpose of which was to recruit, entice, harbor, provide, obtain, maintain, and solicit women and children, who had not attainted the age of 14 years, for the purpose of engaging in commercial sex acts" [*Id*. ¶ 57]. They state that Johnson City Police Department ("JCPD") officers were aware of the complaints that Sean Williams had raped women and that "officers took overt acts in furtherance of Williams'[s] sex trafficking venture" [*Id*. ¶¶ 95–143]. And despite being aware of such complaints, Plaintiffs allege that the JCPD failed to investigate them [*Id*. ¶¶ 232–33]. This failure, according to Plaintiffs, "was motivated, in part, by the officers' discriminatory animus towards women" [*Id*. ¶ 242]. In addition, Plaintiffs allege that several Defendants accepted payments from Sean Williams "with either the implied or explicit understanding that Defendants would shield [him], permitting him to continue his practice of abuse and trafficking with impunity in exchange for the payments" [*Id*. ¶ 313].

Plaintiffs represent three classes: (1) "All individuals, including minors, who were sexually abused, drugged, or trafficked by Sean Williams or Alvaro Fernando Diaz-Vargas"; (2) "All members of the Sex Trafficking Survivor Class who were sexually assaulted by Sean Williams following the first report to the JCPD of Sean Williams'[s] alleged sexual violence on or about November 7, 2019"; and (3) "All women, including minors, who reported sexual abuse or trafficking by any person to JCPD from January 1, 2018, to April 25, 2023" [*Id*. ¶ 298]. They allege (1) sex trafficking claims, 18 U.S.C. §§ 1591, 1594, and 1595; (2) obstruction of enforcement, 18 U.S.C. §§ 1594, 1595, and 1591(d); (3) aiding and abetting a sex-trafficking venture, 18 U.S.C. §§ 2, 1591(a)(1) & (2), and 1595; (4) conspiracy to commit violations of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1594(c), 1591, and 1595; (5) violations of 42 U.S.C.

§ 1983; (6) liability under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-205; (7) negligence for the failure to train; and (8) negligence for the failure to supervise [*Id*. ¶¶ 311–423].

On March 21, 2024, Plaintiffs served Movant with a subpoena duces tecum requesting all documents that are related to nine companies, eight individuals, and eleven addresses, and "[a]ll social media posts relating to Sean Williams" [Doc. 190-1 ¶ 6; Doc. 190-4 pp. 1, 9–11]. The subpoena directed Movant to produce the documents by April 1, 2024, at 9:00 a.m., at a place "TBD" [*Id*. at 6].

On April 30, 2024, Movant filed the Motion to Quash Subpoena or in the Alternative an Extension of Time for Compliance [Doc. 172]. Movant seeks to quash the subpoena pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, claiming that it is (1) "overly broad and burdensome[,]" (2) "fails to provide a reasonable time for compliance," (3) "fails to provide [a] place to send [the] requested documents and information," (4) "fails to provide [an] address of location of premises to be inspected[,]"[2] and that it (5) "constitutes an abuse of the subpoena power" [Doc. 172 p. 1]. Movant states that she had a "personal relationship with Mr. Williams around 2010[,] and their personal relationship ended in 2017" [*Id*. at 2]. "Since the ending of their personal relationship," Movant asserts, "[her] communications with Mr. Williams have been infrequent and these infrequent communications are not relevant to the pending action before this Court" [*Id*.]. Movant met with federal and state law enforcement officials "to discuss any information she may have[,] and they concluded that she had no relevant information regarding [Mr. Williams's] alleged criminal activity" [*Id*.]. Claiming that the Complaint does not allege that

---

[2]   The subpoena does not request an inspection of any premises [*See* Doc. 190 p. 7 n.3; Doc. 190-4 p. 6].

3

she engaged in any improper activity, she contends that "the only time [her] name has come up is through a posting on Facebook by someone using the name of Sean Williams, who was incarcerated at the time" [*Id.*]. She asserts that "Plaintiffs are using this anonymous posting as the basis to harass [her] and attempt to involve her in this case" [*Id.*]. Movant states that she "has no relevant knowledge or have in her possession any relevant documents" [*Id.*]. In the alternative, she seeks an extension of time to comply with the subpoena [*Id.* at 3].

Plaintiffs respond that Movant has "highly probative third-party discovery" [Doc. 190 p. 1]. According to the allegations, "[JCPD] [o]fficers extorted Sean Williams'[s] business, Glass and Concrete Contracting LLC ('GCC'), through his business partner, [Movant]" [*Id.* at 1]. They claim that Movant "opened shell companies, made to look like subcontractors, through which she transferred money out of GCC" [*Id.*]. "Movant then made[,]" Plaintiffs contend "'owner draws' to access the money in cash, which she used to pay Defendants $2,000 per week" [*Id.*]. Plaintiffs argue, "[R]ecords relating to [Movant] and the limited liability companies in which she opened during the relevant time period are therefore critical evidence relevant to proving [their] theory of liability" [*Id.*].

Plaintiffs also assert that Movant's motion is untimely and that it "fails to attach a copy of the subject subpoena so that the Court may review what documents have been requested" [*Id.* at 5 (citation omitted)]. Although the subpoena does not provide a place for compliance and Movant claims that it "fails to provide a reasonable time for compliance[,]" Plaintiffs argue that these issues could have been resolved by "simply contact[ing their] counsel upon receiving the subpoena" [*Id.* at 6]. Plaintiffs contend that the subpoena seeks relevant information that is proportional to the needs of the case [*Id.* at 7–9].

## II.  ANALYSIS

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. It permits parties to command non-parties to produce documents. Fed. R. Civ. P. 45(a)(iii). "A person commanded to produce documents or tangible things . . . may serve . . . a written objection . . . ." Fed. R. Civ. P. 45(d)(2)(B). "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id*. The rule further provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i) & (iv).

Plaintiffs assert that, "[as] a threshold matter, [Movant's] motion to quash is untimely" [Doc. 190 p. 5 (citation omitted)]. Movant does not respond to this argument, and therefore, has conceded it. *AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 774–75 (M.D. Tenn. 2019) (stating that under case law, "when a party fails to respond to an argument, that argument is generally deemed to be unopposed and the proposition conceded" (citation omitted)). Even so, the Court finds Plaintiffs' argument well taken. Plaintiffs served Movant on March 21, 2024, and the date to comply with the subpoena was April 1, 2024. She did not file her motion to quash until forty days after service on April 30, 2024. "It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *F.T.C. v. Trudeau*, No. 5:12MC35, 2012 WL 5463829, at *3 (N.D. Ohio Nov. 8, 2012) (citation omitted). That was not the case here. Assuming that the Eastern District of Tennessee is "where compliance is required," *see* Fed. R. Civ. P. 45(d)(3)(A),[3] the Court finds Movant's motion untimely.

---

[3] The subpoena states that compliance is at a place "TBD." Plaintiffs have stated that "[t]he 'TBD' listed under location was intended to be a placeholder until [Movant] had been served and Plaintiffs' counsel could hopefully determine a location convenient for both Plaintiffs' counsel and

5

The Court also finds that Movant has waived her objections to the subpoena because she never objected to the subpoena until she filed her motion to quash. "The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections." *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at *4 (E.D. Mich. Dec. 10, 2008) (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). The Court may nonetheless consider untimely objections "in unusual circumstances and for good cause shown." *Id*. (citation omitted). Such circumstances include "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for [the movant] and counsel for subpoenaing party were in contact concerning the [movant's] compliance prior to the time the [movant] challenged legal basis for the subpoena." *Trudeau*, 2012 WL 5463829, at *4 (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

Movant has not argued that unusual circumstances and good cause exist for her untimely objection. Although she refers to the subpoena as "overly broad and burdensome" [Doc. 172 p. 1], she does so "without any descriptions or context, frustrating any review by the Court." *Dyno Nobel, Inc. v. Johnson*, 586 F. Supp. 3d 657, 664 (E.D. Ky. 2022) (citation omitted); *see also Wesley Corp. v. Zoom T.V. Prods., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) ("When objections lack specificity, they lack effect: an objection that does not explain its grounds

---

[Movant], or provide the possibility of an electronic exchange of documents, in which a physical location would not be necessary" [Doc. 190-1 ¶ 8]. Plaintiffs do not argue this district is not "where compliance is required" and Plaintiffs are amenable to providing Movant additional time to comply with the subpoena [Doc. 190 p. 2]. Therefore, without deciding the place for compliance, the Court will consider the motion to quash given that Movant resides in Johnson City, Tennessee. *See, e.g.*, *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017) (explaining that some courts have found that the place of compliance "depends on where the recipient resides or works" (collecting cases)).

6

(and the harm that would result from responding) is forfeited."). She vaguely argues that the subpoena seeks irrelevant information [*see* Doc. 172 p. 2], but Plaintiffs have explained the relevance and proportionality of the document requests [Doc. 190 pp. 1–4; 7–8]. Further, Movant has not explained whether she was acting in good faith, nor does she explain whether she was in contact with Plaintiffs' counsel prior to the time for compliance. Based upon representations of Plaintiffs, Movant was not in contact with Plaintiffs' counsel [*See* Doc. 190-1 ¶ 8]. The Movant has therefore not set forth any unusual circumstances or good cause for her untimely objection.

In the alternative, Movant seeks an extension of time to respond to the subpoena [Doc. 172 p. 3]. Plaintiffs state that they "are amendable to providing [Movant] additional time to comply with the subpoena" [Doc. 190 p. 2]. The Court therefore **ORDERS** Movant to respond to the subpoena within **ten days** of entry of this Order.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Quash Subpoena or in the Alternative an Extension of Time for Compliance [**Doc. 172**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge