IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF JOHNSON CITY, et al.,<br><br>Defendants. | No. 2:23-cv-00071-TRM-JEM<br><br>Judge McDonough<br><br>Magistrate Judge McCook |

**PROTECTIVE ORDER GOVERNING THE TESTIMONY OF PERSONNEL IN THE DISTRICT ATTORNEY GENERAL'S OFFICE FOR THE FIRST JUDICIAL DISTRICT**

Upon review of the notice by Plaintiffs and non-parties in the District Attorney General's Office of the First Judicial District of Tennessee ("DAG") of the filing of a proposed Protective Order, the Court hereby enters the following Protective Order to govern the Plaintiffs' depositions of any personnel in the DAG:

1. <u>Categories of Information.</u> This Protective Order adopts all definitions as described in the Joint Protective Order of the parties [Doc. 255 ¶¶ 1-4, 9].

2. Tennessee state law may govern the disclosure of criminal investigative files that are active and/or sexual assault investigative files, including especially files that involve minors.

    a. The Attorney General ("AG"), as counsel for the DAG, may designate as "Confidential" any information from the depositions of the DAG personnel which is governed by Tennessee Rule of Criminal Procedure 16(a).

b. If a party seeks to file with the Court information designated as "Confidential" under paragraph (2)(a), the party shall notify the DAG in writing.

c. Pursuant to Local Rule 26.2, the DAG shall have fourteen (14) days to file with the Court a motion to seal the designated material, and the party seeking to use the material shall have fourteen (14) days to respond. The DAG bears the burden to show that the designated material is entitled to protection.

d. The designated material shall be treated as "Confidential" unless and until:

   i. The DAG withdraws the designation; or

   ii. The Court rules the material is not entitled to protection.

3. "Unredacted CSAM" or "SAM" shall be treated as contraband and shall remain in the custody and control of law enforcement. "Redacted CSAM or SAM" will be treated as "Highly Confidential Information – Attorney's Eyes Only." Any copies of "Redacted CSAM or SAM" will be held separately at attorneys' offices; a list of attorneys and firm staff having access to such materials will be maintained; and the attorneys will be responsible for certifying the destruction of such material at the close of the case and any appeal taken. Should the parties or DAG disagree regarding whether a particular item or piece of information is "CSAM" or "SAM" or "Redacted CSAM or SAM," they will attempt to resolve the matter before any effort is made to bring the issue before the Court.

4. <u>Designations.</u> Any party or non-party subject to this Protective Order may designate materials and/or portions of testimony under this Protective Order. The DAG's rights under this Protective Order are limited to testimony, documents, evidence, or other tangible items produced or examined during the depositions of personnel from the DAG.

5. <u>Burden regarding designation of information.</u>  Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to the Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party or non-party does not waive its right to challenge a confidential designation by electing not to mount a challenge promptly after the original designation is disclosed.

6. <u>Meet and confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties and DAG shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material and/or testimony, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7. <u>Judicial Intervention.</u>  If the parties and DAG cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must

be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties or non-parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

8. <u>Keeping Confidential Information Confidential.</u>  The parties and DAG, and their attorneys, are hereby ordered to keep Confidential Information confidential by:

(a) <u>No Disclosure to Non-Parties.</u>  Confidential Information may only be disclosed to a "Qualified Person." "Qualified Person" means someone necessary to Plaintiffs' prosecution of their claims or Defendants' defense of the claims against them. Prior to being permitted access to Confidential Information subject to this Agreed Protective Order, a "Qualified Person," other than counsel, their staff or employees,

shall sign a Certification in the form attached hereto as Exhibit "A" stating that they will abide by the terms of this Protective Order. The original of each such Certification shall be retained by counsel of record for the party obtaining the Certification of the Qualified Person. This sub-paragraph does not apply to counsel, staff of counsel, insurance representatives or adjusters for Defendants, and Johnson City's Risk Manager, Joy Baker.

(b) <u>Confidential Storage Procedure.</u> Storing documents containing such information in a manner consistent with the attorney's customary storage procedures for confidential information in his or her office. Government parties and non-parties subject to this Protective Order may follow their customary policies and procedures, and local and state laws, governing data and document storage, records retention and retrieval.

(c) <u>Redacting Confidential Information.</u> Redact Confidential Information before disclosing to non-parties, except as allowed for a "Qualified Person."

(d) <u>Use of Confidential Information in the Litigation.</u> For purposes of this paragraph, the term "Confidential Information" includes both "Confidential Information" and "Highly Confidential – Attorney's Eyes Only" and "Redacted CSAM" or "Redacted SAM." The parties and their counsel may use both Highly Confidential – Attorney's Eyes Only and Confidential Information only for the purpose of reasonable pursuit of this litigation including any appeals and for no other purpose. In addition to the allowable disclosures of Confidential Information previously addressed, allowable disclosures also include persons involved in or necessary to the litigation process such as court reporters and copy services.

9. <u>Deposition Transcripts.</u> Counsel for the parties and DAG shall have thirty (30) days to review deposition transcripts for purposes of designating any information as "Highly Confidential – Attorney's Eyes Only" or "Confidential Information" before that deposition transcript is finalized.

10. <u>Post-Trial Destruction of Confidential Information.</u>  For purposes of this paragraph, the term "Confidential Information" includes both "Confidential Information" and "Highly Confidential – Attorney's Eyes Only." The parties and DAG agree that, if within four weeks after the termination of this action, a request is made that they return any Confidential Information they have received, they shall assemble the Confidential Information in a reasonable time and manner and make reasonable arrangements for its destruction or return. If no request for return of the Confidential Information is made upon a party, then the attorney having the Confidential Information shall destroy the material pursuant to his or her own lawful office procedures consistent with the Tennessee Rule of Professional Conduct 1.15 and Formal Ethics Opinion 2015-F-160 of the Board of Professional Responsibility of the Supreme Court of Tennessee; that is, waiting at least five (5) years before destruction. This paragraph does not require the return or destruction of any motions, briefs, or other items filed with the Court that may contain, reference, or summarize Confidential Information. The parties and DAG acknowledge that the government parties and non-parties subject to this Protective Order may have document retention policies which may prevent exact compliance with the above-referenced protocols governing the return or destruction of Confidential Information. As such, the parties and DAG acknowledge that the government parties and non-parties subject to this Protective Order and their counsel shall comply with said protocols to the greatest extent possible without violating state and local laws and policies.

11. <u>Right To Object, Move for Further Protection.</u> Nothing in this Protective Order shall prevent any party or non-party subject to this Protective Order from objecting to discovery or preclude any party or non-party subject to this Protective Order from seeking any further or additional protection.

12. <u>No Waiver.</u> This Order does not operate as an admission by any party or non-party subject to this Protective Order that any particular document, testimony, or thing contain Confidential Information, or prejudice the right of any party or non-party subject to this Protective Order to further move the Court to seek relief as to discovery. Nor does the Order constitute a waiver of any claim of privilege or work product. Any inadvertent production by a party or DAG of privileged or work-product information is not a waiver, and nothing in this Order reduces the protections of Fed. R. Evid. 502(d).

Additionally, notwithstanding any provision of this Order, no party or non-party subject to this Protective Order waives their right to claim or move the Court to determine that any portion of the information should not be subject to a Protective Order.

13. <u>No Authorization to Obtain Protected Health Information.</u> Nothing in this Order functions as an authorization for the parties or DAG, their counsel, or their agents, to obtain medical records or PHI through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful process within the four corners of this suit.

14. <u>Court Filing of Confidential Information.</u> Any Confidential Information filed with the Court shall be filed under seal consistent with the Court's Order Governing Sealing Confidential Information [Doc. 6]. If possible, Confidential Information shall be redacted as opposed to filing under seal, unless an unredacted version of the document is necessary for the Court's determination of the issues. Not later than four weeks after the termination of this action,

7

Case 2:23-cv-00071-TRM-JEM   Document 260   Filed 07/10/24   Page 7 of 11   PageID #: 7044

including any appeals, the parties and DAG may file a motion seeking leave to remove any exhibit designated CONFIDENTIAL and filed under seal with the Clerk.

15. <u>Fixing Mistakes.</u> If any person bound by this Order releases any category of Confidential Information in error, all parties and non-parties subject to this Protective Order shall immediately take all reasonable steps to fix the error.

16. <u>Continuing Jurisdiction.</u> To the extent authorized by law, the Court shall retain continuing jurisdiction over this Protective Order and may modify it as justice requires.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

Submitted for entry by:

JONATHAN SKRMETTI
Attorney General and Reporter

*s/Elizabeth Evan*
ELIZABETH EVAN, BPR #037770
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-1600
Fax: (615) 532-4892
Liz.Evan@ag.tn.gov
*Counsel for Non-Parties, the District Attorney General's Office for the First Judicial District*

*s/ Vanessa Baehr-Jones* w/perm. by EHE
Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd. No. 413
Oakland, CA 94602
vanessa@advocatesforsurvivors.com
*Counsel for Plaintiffs*

Elizabeth A. Kramer & Kevin M. Osborne
Erickson Kramer Osborne, LLP
44 Tehama Street
San Francisco, CA 94105
elizabeth@eko.law
kevin@eko.law
(415) 635-0631
*Counsel for Plaintiffs*

Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr. Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
ashley@hmccivilrights.com
*Counsel for Plaintiffs*

# EXHIBIT A

# CERTIFICATION
## PERTAINING TO CONFIDENTIAL INFORMATION IN THE CASE OF:

*B.P., et al. v. City of Johnson City, Tennessee, et al.*
United States District Court Eastern Division Greeneville
Case No.: 2:23-cv-00071-TRM-JEM

I have been made aware by counsel to nonparty District Attorney General Steven Finney that there exists a "*Protective Order*" in the case captioned above. It is my understanding that the purpose of the "*Protective Order*" is to keep confidential information confidential by a process of restricted or limited disclosure. Counsel to General Finney has identified me as a "qualified person" entitled to have access to certain confidential information.

In this regard, I fully understand my responsibility not to disclose or discuss any information provided to me in this case as a court reporter or otherwise absent express direction to do so by counsel to General Finney.

My signature below acknowledges my acceptance of the responsibilities associated with the handling of confidential information in the case captioned above.

_____

11

Case 2:23-cv-00071-TRM-JEM   Document 260   Filed 07/10/24   Page 11 of 11   PageID #: 7048