IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
on behalf of all others similarly situated,

    Plaintiffs,

v.                                       No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    Defendants.
_____/

## PLAINTIFFS' REPLY IN SUPPORT OF
## NOTICE OF LODGING DOCUMENTS UNDER SEAL (ECF 222)

    Defendants provide no legal basis for sealing Exhibits 1, 2, and 20 to the Declaration of Vanessa Baehr-Jones (ECF 221) in their "Response to Plaintiffs' Lodging of Documents Under Seal." (ECF 258.) Instead, Defendants misstate Plaintiffs' position with respect to sealing police reports and improperly rely on the Protective Order's designation process as a justification for sealing documents wholesale and refusing to engage with Plaintiffs in the redaction process. The Court should deny Defendants' sealing request because Defendants have failed to meet the high bar for sealing the entirety of Exhibits 1, 2, and 20.

    First, Defendants misstate Plaintiffs' position with respect to sealing redacted police reports. As clearly stated in Plaintiffs' Opposition brief (ECF 220 at 14 n.8), and the accompanying Declaration of Vanessa Baehr-Jones (ECF 221, Baehr-Jones Decl. ¶ 35; Exh. 22), Plaintiffs see <u>no</u> legal basis for continuing to seal redacted versions of police reports and

1

investigative files relating to Sean Williams.[1] To the contrary, continuing to litigate this case behind closed doors undermines the public function of the Court and denies the survivors, the Class Members, and the community the accountability they deserve—accountability which is long overdue. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("[I]n class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied ... with particular strictness.'").

Defendants state—for the first time[2]—in their response that an investigator for the District Attorney's Office called counsel for the City, Emily Taylor, on June 17, 2024, to inform her that "publicly filing any investigative documents could jeopardize the investigations." ECF 258 at 2. But, according to counsel for the City, Inv. Michael Little provided no explanation for why or how publicly filing redacted versions of police reports would "jeopardize the investigations" into Williams, and Defendants have not attempted to articulate one here as to Exhibit 20, the redacted police report for Female 3. Instead, Defendants cite generally to an inapplicable Tennessee State Supreme Court case, which addresses the scope of the Tennessee

---

[1] There was no ambiguity to Plaintiffs' position: "Plaintiffs strongly disagree that there is a legal basis for continuing to seal redacted versions of police reports and victim statements at this juncture and have provided relevant caselaw to both counsel for the City and the DA's office in support of public disclosure. As of this filing, Plaintiffs have received no response." ECF 221 at 14 n.8. It is therefore odd that Defendants have so misconstrued Plaintiffs' position in their response. *See* ECF 258 at 1 ("[T]he Defendants agree with the Plaintiffs that JCPD reports regarding active investigations involving Sean Williams should be filed under seal.").

[2] Counsel for the City forwarded Plaintiffs' counsel's request to de-designate redacted versions of certain police reports to District Attorney General Steven Finney, as well as counsel in the Tennessee Attorney General's Office representing the District Attorney Office for the First Judicial District. Plaintiffs' counsel never received any response. On June 12, 2024, Plaintiffs' counsel followed up with counsel for the City, asking for counsel to forward any response on which Plaintiffs' counsel had not been copied. ECF 221, Exh. 22 (ECF 221-21). Plaintiffs' counsel received no reply. Baehr-Jones Decl. ¶ 3.

2

Public Records Act as it pertains to third parties accessing records in a state criminal case.[3] *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 862 (Tenn. 2016). Defendants have not articulated any particularized reason why Exhibit 20, in its redacted form, must be sealed. This alone is fatal to Defendants' sealing request. *See Shane Grp., Inc.*, 825 F.3d at 306 ("The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.") (cleaned up).

Nor could any such basis be articulated. There are now images and videos of the sexual assaults; it is beyond any doubt that Williams sexually assaulted his victims. There is nothing in any redacted police report that could undermine the strength of that evidence and somehow "jeopardize" the investigations here. Additionally, Plaintiffs have proposed redactions to the police reports that would protect any personal identifying information of victims or third parties and have proposed redacting graphic or explicit details that might be embarrassing to a victim. Defendants refused to propose any additional redactions they believed might be necessary to de-designate the reports. "[G]eneral routine information" about an investigation is "insufficient to justify indefinite secrecy." *United States v. Se. Eye Specialists, PLLC*, 586 F. Supp. 3d 787, 793 (M.D. Tenn. 2022). Particularly here, where B.P. and the other victims have been waiting years for their cases to be prosecuted, there is no basis to continue to hide their police reports from the public.[4]

---

[3] In *Tennessean*, the victim had intervened in the case to <u>prevent</u> disclosure of the investigative file, and particularly photographs and video images of the alleged assault. 485 S.W.3d at 859. Here, Plaintiff victims are seeking to hold JCPD accountable for its failure to act on their credible reports of rape and therefore request the public filing of redacted police files documenting their reports and JCPD's botched investigations—not the images and videos of their assaults. *Tennessean* is inapposite.

[4] The District Attorney General for the First Judicial District, Steven Finney, provided a public statement to the local news station WJHL on July 3, 2024, stating that "potential procedural

3

Case 2:23-cv-00071-TRM-JEM     Document 268     Filed 07/15/24     Page 3 of 7     PageID #: 7201

Nor do Defendants articulate any basis to justify the sealing of Exhibits 1 and 2, the deposition transcripts of Erick Daigle and Cathy Ball. The only justification they provide is that Defendants themselves have designated the transcripts "Confidential" under the Protective Order. But such a designation—on its own—is not a legal basis meeting the high standard necessary to seal a document under this Court's rules. *See, e.g.*, ECF 211, 216; *see also* Match v. Interstate Gas Supply, Inc., 454 F. Supp. 3d 722, 723 (S.D. Ohio 2020) (quoting *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016)) ("There is a stark difference between court protective orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings.") (cleaned up).

Finally, with respect to Exhibits 1 and 2, Defendants' Motion to Seal is now moot. After the filing of ECF 221, on June 25, 2024, Plaintiffs again sought Defendants' position with respect to any redactions that would be necessary to file these deposition transcripts publicly. *See* ECF 237, Exh. 7. Plaintiffs' counsel received no response from any defense counsel. ECF 237, Baehr-Jones Decl. ¶ 16. The next day, City Manager Cathy Ball gave a press conference to publicize information Plaintiffs had obtained during Ball's deposition, using her bully pulpit to spin the facts of her real estate contract with Sean Williams. *See* ECF 235, Exh. 21 (rough transcript of excerpts of Ball's press conference). Counsel for the City had previously designated this information "Confidential," and insisted Plaintiffs only file material from the Ball deposition under seal. ECF 237, Exh. 2. Thus, it appeared to Plaintiffs that counsel for the City had abused the designation process, refusing to engage in the redaction process and insisting that transcripts

---

complications" prevented him from bringing charges in the cases of Williams' sexual assault victims, but failed to articulate what those "complications" might be. Baehr-Jones Decl., Exh. 1.

4

be filed entirely under seal, only to gain a tactical advantage in how the information contained therein was released to the public. *See generally* ECF 236. Since no counsel had responded to Plaintiffs' June 25, 2024, email, on June 28, 2024, Plaintiffs filed these deposition transcripts publicly. *See* ECF 235, Exhs. 22, 24. Accordingly, Defendants have waived any objections they now make to the public filing of these transcripts and their sealing requests as to Exhibits 1 and 2 are moot.

For the foregoing reasons, the Court should order Plaintiffs to re-file Exhibits 1, 2, and 20 to ECF 221 on the public docket.

Dated: July 15, 2024

Respectfully submitted,

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—and—

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)

5

*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on July 15, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

                                            */s Vanessa Baehr-Jones*
                                            Vanessa Baehr-Jones