UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | No. 2:23-CV-71-TRM-JEM |
| ) ) | |
| CITY OF JOHNSON CITY, *et al.*, ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Notice of Lodging Documents Under Seal [Doc. 233]. The motion seeks to redact Plaintiffs' Motion to Compel Production of (1) Defendants' Financial Records and (2) the Real Estate Contract Between City Manager Cathy Ball and Sean Williams [SEALED Doc. 234], and it seeks to redact/seal Exhibits 15, 20, 29, and 32 to the Declaration of Vanessa Baehr-Jones [SEALED Docs. 234-1 to 234-4]. For the reasons stated below, the Court **GRANTS IN PART AND HOLDS IN ABEYANCE IN PART** Plaintiffs' request [**Doc. 233**].

I.    **ANALYSIS**

On June 22, 2023, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 6] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal

citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access." [*Id*. at 3]. The Local Rules permit the Court to seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

A. **Exhibits 15 and 29 [SEALED Docs. 234-1 and 234-3]**

"Exhibit 15 is a redacted copy of Defendant Kevin Peters'[s] Response to Plaintiffs Second Set of Interrogatories and Requests for Production of Documents" [Doc. 233 p. 1]. According to Plaintiffs, Defendant Peters designated Exhibit 15 as confidential and "stated that he will file a motion for contempt if Plaintiffs' counsel files the redacted version of this document publicly before holding a meet and confer regarding de-designation" [*Id*. at 2]. "Exhibit 29 is an excerpted copy of Kevin Peters'[s] deposition transcript in the Kateri Dahl litigation" [*Id*. at 1 (citation omitted)]. Plaintiffs state that it remains confidential in that litigation [*Id*.].

Defendant Peters did not respond to the motion. The Court **ORDERS** Defendant Peters to file a response to the motion on or before **July 19, 2024**, in accordance with the Court's Order [Doc. 6]. Should he fail to respond, the Court will unseal Exhibit 15 and Exhibit 29.

B. **Exhibit 20 [SEALED Doc. 234-2]**

"Exhibit 20 is a copy of Skyline Restoration and Maintenance LLC Renasant Bank records" [Doc. 233 p. 1]. Plaintiffs represent that "Exhibit 20 includes financial records with personal identifying information and account numbers" [*Id*. at 2].

Given that Exhibit 20 is a non-party's financial records that includes personal identifying information and account numbers, the Court finds good cause to grant Plaintiffs' request, and Exhibit 20 [**Doc. 234-2**] **SHALL REMAIN SEALED.**

2

### C. Exhibit 32 [SEALED Doc. 234-4]

"Exhibit 32 is a redacted copy of Defendant Jeff Legault's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents" [Doc. 233 p. 1]. On July 15, 2024, Plaintiffs and Defendant Legault filed a Joint Notice of Lodging Documents Under Seal Doc. 233 ("Notice") [Doc. 266]. They attach to their Notice an updated redacted version of Exhibit 32 [*Id.*; *see also* Doc. 266-1]. The parties explain that "[t]hese responses unredact that portion involving [Defendant] Legault's purchasing of property[] but maintain the redactions regarding his income" [Doc. 266 p. 1].

The Court has reviewed the updated version of Exhibit 32 [SEALED Doc. 267], and the redactions are narrowly tailored. For good cause shown, the Court grants the parties' request to seal Exhibit 32. The Court **DIRECTS** the Clerk's Office to **REPLACE** the original sealed version of Exhibit 32 [**Doc. 234-4**] with the updated version [**Doc. 267**], which **SHALL REMAIN SEALED**. The Court **DIRECTS** the Clerk's Office to docket the redacted version of Exhibit 32 [Doc. 266-1] as a new exhibit to Plaintiffs' Motion to Compel Production of (1) Defendants' Financial Records and (2) the Real Estate Contract Between City Manager Cathy Ball and Sean Williams [Doc. 235].

### II. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND HOLDS IN ABEYANCE IN PART** Plaintiffs' request [**Doc. 233**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge