## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## GREENEVILLE DIVISION

| | | |
|---|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | No: 2:23-cv-00071-TRM-JEM |
| v. | ) | |
| | ) | |
| CITY OF JOHNSON CITY, TENNESSEE, a government entity, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO MOTION FOR PROTECTIVE ORDER
## BY DEFENDANTS JENKINS, LEGAULT AND HIGGINS

Come Defendants, Justin Jenkins, Jeff Legault and Brady Higgins, through undersigned counsel, and submit the following in response to Plaintiffs' Motion for Protective Order Regarding Depositions of Unnamed Class Members and/or Motion to Quash Deposition Subpoenas to Females 8, 9 and 12 (Doc. 245).

Plaintiffs' motion seeks to prevent the depositions of Females 8, 9 and 12. However, while these persons are not named class representatives, the Second Amended Class Action Complaint contains bold and detailed factual allegations asserted by each of these individuals against the Defendants, and depositions of these individuals will yield information that is highly relevant to the claims and defenses asserted in this case.[1]

To begin, the discovery plan developed by the parties does not provide for discovery in phases. Doc. 74. That is, the parties did not specify a period of discovery solely for issues related to class certification. Rather, the parties agreed to one discovery period to encompass all issues

Case 2:23-cv-00071-TRM-JEM   Document 272   Filed 07/17/24   Page 1 of 8   PageID #: 7256

in the case. To that point, Females 8,9 and 12 each have information that is clearly relevant to the claims and defenses generally, not just to class certification, and their depositions are crucial, particularly to the individual Defendants.

Further, it is clear from the pleadings that these individuals have information that is highly relevant to the claims asserted in this case. For example, regarding Female 9, Plaintiffs very specifically allege that Defendant Legault obstructed enforcement of the TVPA by harassing and intimidating her. See generally, Plaintiffs' Second Amended Class Action Complaint ("Complaint"), Doc. 121, PageID #1801, 1829. In support of the allegations against Legault, Plaintiffs point to an April 2023 arrest of Female 9, alleging such was "to retaliate against and intimidate Female 9, who was a witness in an ongoing federal sex trafficking investigation." Doc. 121, PageID #1801-1802. Plaintiffs specifically allege that the arrest was unlawful and that JCPD officers planted narcotics on her. Doc. 121, PageID #1801. It appears that Plaintiffs also allege that JCPD played some role in her eviction by the Johnson City Housing Authority. Id. Notably, Female 9 ultimately pled guilty to possessing the drugs she alleges were planted on her and to resisting arrest in connection with the April 2023 arrest.

Nonetheless, as Female 9's very specific allegations appear to be a basis for the overall conspiracy Plaintiffs allege, and the only specific allegation that ties Legault to this alleged conspiracy, Defendants, and especially Legault, must be allowed to depose her to determine the validity of those allegations made as to her. Defendants should be allowed to inquire into the facts surrounding the alleged unlawful arrest, alleged planting of narcotics, and her subsequent eviction, as well as what evidence she has to support that such was part of some alleged conspiracy on the part of JCPD.

---

[1] These Defendants specifically adopt by reference those responses to Plaintiffs' motion filed by other Defendants.

Defendants will also need to depose her as to her subsequent guilty plea, as such could result in her being estopped from asserting the specific claims as to the planting of drugs and any alleged excessive force claims. As to this latter issue, Defendants will need to inquire into this event to determine the factual basis, if any, as to why she believes (assuming she does), that excessive force was used during the arrest.

Given the specific allegations regarding Female 9, which it appears Plaintiffs intend to rely on to establish their claims, it is somewhat shocking that Plaintiffs are now opposing her deposition. Plaintiffs appear to want to use Female 9's arrest to support their claims, but do not want to allow Defendants to depose her to determine the validity of the allegations made on her behalf. Simply put, a deposition of Female 9 would allow the Defendants, and especially Legault, an opportunity to gain crucial, relevant information from Female 9 so that they can properly defend the claims asserted against them related to her.

Further, discovery responses from the class representatives show that they have no information regarding these claims. In both B.P. and H.A.'s responses, in response to all questions regarding evidence to support claims against Legault, Plaintiffs respond: "These acts and omissions are alleged in the Second Amended Class Complaint. (B.P./H.A.) is not a percipient witness to these acts or admissions (sic)." Exhibits 1 and 2, pertinent portions of B.P. and H.A. to Legault's First Interrogatories and Requests for Production. In other words, the only specific claims made against Legault are related to Female 9, and the class representatives apparently have no knowledge of such. Legault should be entitled to question Female 9 regarding the specific allegations against him.

Further, Female 9 alleges she was assaulted by Williams in 2020, that she reported this to JCPD and was told to wait to make a police report until after she received her rape kit results.

Doc. 121, Page ID #1791. Thereafter, according the Complaint, she followed up with JCPD but no action was taken. Also, upon information and belief, Female 9 was present at or near Williams' apartment or garage when Female 3 fell from Williams' window in September 2020. Thereby, Female 9's testimony would also be relevant to the claims against Jenkins as they relate to the Female 3 investigation. Defendants should be allowed to question her about these issues.

In sum, the allegations specific to Female 9 are highly relevant to the Plaintiffs' claims against Defendants, and especially those claims against Legault and Jenkins. Rather than be surprised at trial or during motion practice by the details related to the allegations, or lack thereof, counsel for Defendants should be permitted to take Female 9's deposition without any restriction with the exception of designating any testimony related to any sexual assault as "attorney's eyes only", which Defendants have previously agreed to.

Similarly, as to Female 8, although there are no specific allegations against Brady Higgins in the Second Amended Class Action Complaint, Plaintiffs, in response to his motion to dismiss, have stated that he "intimidated, harassed, and discouraged Female 8 over the course of months from pursuing a criminal case against Williams...." Doc. 176, Page ID# 2587. While Higgins disputes such, he should be entitled to depose Female 8 regarding her complaints against Williams, which were made approximately a year and a half after the events allegedly occurred. Doc. 121, Page ID #1781-82, Doc. 176, Page ID #2587. He should also be able to inquire into why she believes, assuming she does, that Higgins "intimidated, harassed, and discouraged" her during his investigation. Doc. 176. Higgins was questioned extensively at his deposition regarding his investigation of Female 8 who, notably, attended his deposition.

While counsel certainly will not "brow beat" Female 8, the facts and circumstances surrounding her claims of sexual assault and the alleged inappropriate behavior of Higgins

during the investigation will need to be explored. Further, Plaintiffs have alleged in the Second Amended Class Action Complaint that Williams sexually assaulted her young child. Id. at Page ID #1782. The facts and circumstances surrounding such, the reporting of such (or failure to do so) and other related issues are clearly relevant to the claims against all Defendants, and especially Higgins.

Further, similar to discovery responses regarding Legault, the class representatives apparently have no information regarding Female 8's allegations as their responses are simply that they are "not percipient witness(es) to" any alleged acts or omissions. See Ex.3 & 4, pertinent portions of B.P. and H.A.'s Responses to Higgins' First Interrogatories and Requests for Production.

It also appears, based upon the allegations in the Second Amended Complaint, that Female 8 may have relevant knowledge of Williams' business dealings, an issue that Plaintiffs have recently made much ado about. See Doc. 121, PageID#1781; Doc. 235. These allegations should be subject to discovery through a deposition.

Simply put, in light of the highly specific allegations asserted by Female 8, and because the named Plaintiffs have no information about Female 8's claims, information gained through a deposition of Female 8 would be critical to the defense generally, and especially to Higgins. His allegedly improper investigation of Female 8's claims is the only inferred connection Higgins has to this lawsuit. He should be allowed to gather evidence that supports the actions he took during his investigation into Female 8's claims, or to determine what evidence Plaintiffs intend to utilize against him.

Case 2:23-cv-00071-TRM-JEM   Document 272   Filed 07/17/24   Page 5 of 8   PageID #: 7260

**Conclusion**

Plaintiffs have made specific allegations regarding Females 8, 9 and 12. They now want to prevent the Defendants from deposing those individuals about these specific allegations. However, being able to question these unnamed Plaintiffs, who are also key witnesses to specific allegations in the complaint, is crucial to the defense in this matter. As such, and for those reasons asserted by the other defendants in this matter, Plaintiffs motion should be denied.

Respectfully submitted,

ROBINSON, SMITH & WELLS, PLLC

By: _____ s/ *Keith H. Grant* _____
Keith H. Grant, BPR# 023274
kgrant@rswlaw.com
Laura Beth Rufolo, BPR# 015622
lrufolo@rswlaw.com
Philip Aaron Wells, BPR# 036248
awells@rswlaw.com
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
Telephone: (423) 756-5051
Facsimile: (423) 266-0474
*Attorneys for Justin Jenkins, Brady Higgins and Jeff Legault, in their individual capacity*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically on July 17, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Robinson, Smith & Wells, PLLC

By: _____ s/ *Keith H. Grant* _____

cc: Heather Moore Collins
Ashley Walter

HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN  37027
615-724-1996
Email:  heather@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA  94602
Email:vanessa@advocatesforsurvivors.com

Elizabeth A. Kramer
Kevin M Osborne
Julie Erickson
Erickson Kramer Osborne LLP
44 Tehama Street
San Francisco, CA 94105
Email: elizabeth@eko.law
Email: kevin@eko.law
Email: Julie@eko.law

K. Erickson Herrin
HERRIN, MCPEAK & ASSOCIATES
515 East Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
lisa@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAURDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com
Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, Captain Kevin Peters
and Investigator Toma Sparks.

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347

Cookeville, TN 38502-3347
danrader@moorerader.com
danny@moorerader.com
Counsel for Kevin Peters in his individual capacity

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kbrexa@fbb.law
ballen@fbb.law
Counsel for Toma Sparks in his individual capacity

Jonathan P. Lakey
Burch, Porter & Johnson, PLLC
130 N. Court Avenue
Memphis, TN 38103
901-524-5000
Email: jlakey@bpjlaw.com

ec/071524/RDW/KHG
johnsoncitydoe.response to motion for protective order