CONFIDENTIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| B.P., H.A., and S.H. )<br>)<br>      Plaintiffs )<br>)<br>v. )<br>)<br>City of Johnson City, et al. )<br>)<br>      Defendants ) | No. 2:23-cv-00071 |

**FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO B.P. FROM DEFENDANT JEFF LEGAULT**

TO: B.P.
c/o Heather Moore Collins
Ashley Shoemaker Walter
HMC CIVIL RIGHTS LAW, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027

Vanessa Baehr-Jones CABN # 281715
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA 94602

Julie Erickson (California Bar # 293111)
Elizabeth Kramer (California Bar # 293129)
Kevin Osborne (California Bar #261367)
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105

The Defendant, Jeff Legault, through counsel, requests the following discovery be answered by B.P. pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and within

1

the time frame allowed by law or any applicable scheduling order. The interrogatories and requests for production hereinafter submitted are continuing in nature and subsequently-acquired information should be filed by way of written supplement to your answers.

The information sought in this discovery should be supplied, whether the same be within the knowledge or under the control of counsel if the information referred to within the knowledge or under the control of counsel does not relate to matters that would come within the attorney/client privilege. For any information for which you contend a privilege exists, please provide a privilege log explaining same.

(1) Please state any and all experts you intend to call as a witness at the trial of this matter.

**ANSWER:** Plaintiffs have not yet determined who they will call as an expert witness at a trial of this matter. Plaintiffs will supplement this response in accordance with the Federal Rules of Civil Procedure, Local Rules of Court, and any applicable Scheduling Order(s).

(2) Identify all facts, including but not limited to each and every act or omission, you attribute to Legault that support your claim that he participated in and/or aided and abetted an alleged sex trafficking venture and/or obstructed an alleged sex trafficking investigation. Include the following:

a. Date when act or omission occurred;
b. All persons involved or related in any way to said act or omission, including any and all witnesses to said event;

2

c. Any and all documents, video recordings, audio recordings or similar mediums that in any way involve or relate to said act or omission.

d. Location of said act or omission.

**ANSWER:** These acts and omissions are alleged in the Second Amended Class Complaint. B.P. is not a percipient witness to these acts or admissions.

(3) Identify all facts, including but not limited to each and every act or omission you attribute to Legault that support your claim that he benefitted from any alleged sex trafficking venture. Include the following:

a. Date when act or omission occurred;

b. All persons involved or related in any way to said act or omission, including any and all witnesses to said event;

c. Any and all documents, video recordings, audio recordings or similar mediums that in any way involve or relate to said act or omission.

d. Location of said act or omission.

e. Any and all benefits received.

f. Name(s) of any persons or entities from which a benefit was received.

**ANSWER:** These acts and omissions are alleged in the Second Amended Class Complaint. B.P. is not a percipient witness to these acts or admissions.

(4) Identify all facts, including but not limited to each and every act or omission, you attribute to Legault that support your claim that he obstructed enforcement of any sex trafficking law. Include the following:

    a. Date when act or omission occurred;

    b. All persons involved or related in any way to said act or omission, including any and all witnesses to said event;

    c. Any and all documents, video recordings, audio recordings or similar mediums that in any way involves or relates to said act or omission.

    d. Location of said act or omission.

**ANSWER:** These acts and omissions are alleged in the Second Amended Class Complaint. B.P. is not a percipient witness to these acts or admissions.

(5) Identify all facts, including but not limited to, each and every act or omission, you attribute to Legault that support your claim that he aided and abetted an alleged sex trafficking venture. Include the following:

    a. Date when act or omission occurred;

    b. All persons involved or related in any way to said act or omission, including any and all witnesses to said event;

    c. Any and all documents, video recordings, audio recordings or similar mediums that in any way involves or relates to said act or omission.

    d. Location of said act or omission.

**ANSWER:** These acts and omissions are alleged in the Second Amended Class Complaint. B.P. is not a percipient witness to these acts or admissions.

(6) Identify all facts, including but not limited to each and every act or omission you attribute to Legault that support your claim that Legault violated your civil rights. Include the following:

    a. Date when act or omission occurred;

    b. All persons involved or related in any way to said act or omission, including any and all witnesses to said event;

    c. Any and all documents, video recordings, audio recordings or similar mediums that in any way involves or relates to said act or omission.

    d. Location of said act or omission.

**ANSWER:** These acts and omissions are alleged in the Second Amended Class Complaint. B.P. is not a percipient witness to these acts or admissions.

(7) Please state all damages you contend you suffered as a result of the alleged wrongful acts of Legault.

**ANSWER:** Jenkins' conduct caused B.P. and the Sex Trafficking Survivor Class serious harm including, without limitation, physical, psychological, financial, and reputational harm, to be proved at trial.

5

(34)     Produce each and every communication you have had with each and every "immediate family member(s) or significant other with contemporaneous information or evidence of emotional distress."

**RESPONSE:** Objection: any communications between the Plaintiff and prospective class members after July 1, 2022, are covered by the common interest privilege and joint representation privilege, and any communications between Plaintiffs and third parties may be covered by the common interest privilege. Plaintiffs object to the extent spousal privilege protects any such communication. Without waiving any objection, B.P. will produce all non-privileged, responsive documents in her possession.

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

31

&mdash;and&mdash;

<u>s/ Elizabeth Kramer</u>
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served via electronic mail on May 13, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity* |

32

CONFIDENTIAL

| | |
|---|---|
| *Sparks, in his official capacity* | Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail:  kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones