LAW OFFICES
## MOORE, RADER AND YORK, P.C.
46 NORTH JEFFERSON AVENUE
COOKEVILLE, TENNESSEE
38501

L. DEAN MOORE (1941-2019)
DANIEL H. RADER III
RICHARD LANE MOORE
DANIEL H. RADER IV
RANDALL A. YORK
ANDRE S. GREPPIN
WADE BLAIR

MAILING ADDRESS
POST OFFICE BOX 3347
38502

TELEPHONE
(931) 526-3311

FACSIMILE
(931) 526-3092

May 24, 2024

Vanessa Baehr-Jones
4200 Park Boulevard No. 413
Oakland, California 94602

Ms. Elizabeth Kramer
44 Tehama St.
San Francisco, CA 94505

Re: BP, HA, and SH v. City of Johnson City, et al
U.S. District Court for the Eastern District of Tennessee – 2:23-cv-71

Dear Ms. Baehr-Jones and Ms. Kramer:

As I think with other Defendants' counsel, I have requested on a number of occasions that Plaintiffs supplement their Rule 26 disclosures. I continue to be particularly dismayed at Plaintiffs' failure to produce discovery information, especially concerning evidence or witnesses concerning these specious corruption claims. As I have said to both of you directly and in writing, if you have evidence of corruption, you should produce it forthwith.

Both named Plaintiffs B.P. and H.A. each admitted in their respective depositions that they can identify no witnesses, no documents, and no evidence to support these claims. H.A.'s invocation of her claim that there is evidence concerning "the Johnson City Police Department" does nothing to offer substance to her suit. You assured us in writing on May 13, 2024 that you would provide supplemental Rule 26 disclosures, but no supplement has been forthcoming despite knowing that Plaintiffs' depositions were scheduled this week.

Plaintiffs have not offered any evidence of corruption by anyone. If Plaintiffs have no evidence to support these claims of corruption, then Plaintiffs need to immediately and voluntarily dismiss these portions of the Complaint alleging corruption against all Defendants.

Whether or not Plaintiffs originally brought these claims in subjective bad faith, it is clear at this time that continued pursuit of the claims are frivolous, unreasonable, and without foundation. It seems very clear at this time that Plaintiffs presently have no legitimate basis to pursue such a claim *against the police officers and department*.

Plaintiffs' status as a victim *of Sean Williams* does not give them license to themselves victimize through the court system these honest police officers who were just doing their job.

Even if there is some claim in the Complaint that is non-frivolous, these are claims that are clearly frivolous at this point. See, e.g., *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978); *Fox v. Vice*, 563 U.S. 826, 834 (2011) ("But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his [or her] frivolous claims imposed"). It would certainly seem to me to be a terrible disservice to trauma survivors for Plaintiffs' counsel to expose such individuals to an attorney fee judgment against them because they continued to pursue such specious allegations against those other than the perpetrator of their assault.

It is clear from her own testimony and the contemporaneous records that B.P. failed to cooperate with the police department's probe into Sean Williams, even when her own friend responded to the police officers' efforts to follow up and further the case. Accepting that B.P. was assaulted by Mr. Williams, the police could not reasonably have done anything more when she failed to respond and cooperate with the officers. She claims she was terminated from her employment for "no call no show." More relevant to this case is her *multiple* "no call no show" experiences with the police.

Her deposition testimony is flatly contradicted by all contemporaneous documents, and there is no legitimate reason to believe that her current alleged recollections to be accurate. To the extent she continues to deny the several efforts by police officers to obtain her cooperation to further the prosecution attempt despite these contemporaneous records (that you evidently never showed her, according to her testimony), her testimony is not credible.

It was respectfully a serious disservice to your client for you to cause her to file a Complaint riddled with demonstrable errors, to sign a Declaration under penalty of perjury riddled with demonstrable errors, and then send her into a deposition without even sharing with her the contemporaneous documents that disprove her statements. This failure to share the material with your clients – much of what you yourself obtained – undoubtedly caused her to double-down in her deposition with testimony full of demonstrably false statements, instead of simply acknowledging her errors and admitting her faulty memory. These records include her own medical records and the contemporaneous and detailed handwritten notes of the nurse who talked with her, who is not part of this case or the JCPD, who has no reason to be dishonest, and which records

MOORE, RADER AND YORK, P.C.

Ms. Baehr-Jones
May 24, 2024
Page 3

you obtained and provided. Why in the world did you not share these records with your client, and cause your client to offer and perpetuate demonstrably false testimony as to what occurred? If she had simply acknowledged that her memory was faulty, her testimony would have been more credible and sympathetic. But I asked her that specific question (early in the deposition when the Defendants were out of the room) and offered B.P. the opportunity to agree that the contemporaneous records were more likely to be accurate; but she rejected that possibility and further doubled-down on her false testimony.

Please do not extend this mistake by pursuing frivolous claims against these Defendants by ignoring the contemporaneous materials that prove what really happened, and the complete lack of anything more than baseless innuendo about corruption in the JCPD – innuendo that exists today solely because of *your* spurious claims. I note that the media continues to report on this, even this week. The Tennessee Bar Association's daily email blast <u>just yesterday evening as the deposition of B.P. was concluding</u> republished a media article from this week about "extortion payments." See attached. It is outrageous that Plaintiffs continue to perpetuate this offensive, defamatory, and false narrative without the first ounce of evidence. As officers of the Court, you have a responsibility to end this sham.

There is nothing more that any of the Defendants could have done with respect to B.P.'s situation, either before or after her assault. Regardless of what tragic harm Mr. Williams may have perpetrated against B.P., her claims *against the police officers and the City* are wholly without foundation.

With respect to H.A., her sworn testimony is incompatible with the allegations in your pleadings involving even her own sister. But even accepting that H.A. was also assaulted *by Mr. Williams*, she consciously chose to make no report to anyone, and there is nothing whatsoever that the police could have done regardless of whatever defect you might claim exists with their thinking or their processes. Like B.P., whatever tragic harm Mr. Williams may have perpetrated against H.A., her claims *against the police officers and the City* are wholly without foundation.

There is most especially no foundation for a claim of corruption. Your own status Ms. Baehr-Jones as a "true believer" does not immunize you from the need to proffer credible evidence to support your claim, and does not relieve you of your obligation as an officer of the Court to dismiss (or never bring) spurious allegations.

Aside from all of the other matters at issue involving any Defendant, there is also absolutely no colorable evidence of wrongdoing against my client, by virtue of any theory of law whatsoever, and I ask you to immediately dismiss him from this suit, with prejudice, specifically.

There is apparently no evidence from anyone of actual corruption within the Johnson City Police Department, and Plaintiffs' continued failure to supplement Rule 26 disclosures to provide such evidence confirms to me that no such evidence exists.

Please be advised that if the case against Mr. Peters is not promptly dismissed, with prejudice, that I will have no choice but to seek an award of attorneys' fees against B.P. and H.A. for continued pursuit of these specious claims against him.

        Yours very truly,

        MOORE, RADER & YORK, P.C.

        *Daniel H. Rader IV*

        Daniel H. Rader IV