UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF JOHNSON CITY, *et al*.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 2:23-CV-71-TRM-JEM<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion Regarding Deposition Conduct [Doc. 217]. Counsel for Defendant Peters, Attorney Daniel Rader, responds in opposition [Doc. 232], and Plaintiffs filed a reply [Doc. 240]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **DENIES** the motion [**Doc. 217**].

I.  **BACKGROUND**

On June 4, 2024, the parties took the deposition of a non-party, who they refer to as "Female 4" [*See* Doc. 217-2]. Attorney Rader attended the deposition on behalf of Defendant Keven Peters [*Id*.]. Plaintiffs submit that Attorney Rader made improper speaking objections and that he interfered with Female 4's testimony [Doc. 217 pp. 2–12]. They request that the Court sanction Attorney Rader with an order providing that he "may only state 'objection' on the record in any deposition in this litigation when any other attorney is examining the witness" [*Id*. at 17]. Plaintiffs state that "[t]his restriction [would] not apply if the examining attorney asks [Attorney]

Rader to state the basis for his objection" and that it "also [would] not apply to the deposition of [Attorney] Rader's client, Defendant Peters" [*Id*.].

Attorney Rader opposes the motion [Doc. 232].[1] Attorney Rader states that Plaintiffs' requested sanction is inconsistent with the law [*Id*. at 1–2]. He denies that he engaged in improper conduct [*id*. at 1–15], and he states that "Plaintiffs were not impeded at all" [*id*. at 17].[2]

Plaintiffs reply that "[Attorney] Rader's conduct throughout the deposition was sanctionable and the Court should grant Plaintiffs' motion to ensure that he does not continue to interfere with Plaintiffs' taking of depositions" [Doc. 240 p. 1].

## II.     ANALYSIS

"Depositions are to 'proceed as they would at trial[.]'" *FedEx Corp. v. United States*, No. 08-2423, 2011 WL 2023297, at *5 (W.D. Tenn. Mar. 28, 2011) (quoting Fed. R. Civ. P. 30(c)(1)) (alteration in original). Rule 30(c)(2) provides for the manner of objections, which "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). [*See also* Doc. 4 (explaining that "[c]ounsel shall not make objections or statements which might suggest an answer to a witness" and that "objections should be succinct, stating the basis of the objection and nothing more")]. "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a

---

[1]     Citing to Rules 26(c) and 37(a)(1) of the Federal Rules of Civil Procedure, Attorney Rader states that the Court should deny the motion because Plaintiffs failed to meet and confer [Doc. 232 p. 3 n.3]. Because Plaintiffs rely on the Court's Standing Order [Doc. 4] and Rule 30(d)(2) for their request [*see* Doc. 217 p. 13], the Court will consider the merits of Plaintiffs' motion.

[2]     Attorney Rader asserts that Plaintiff H.A. and Female 4 had a telephone conversation that Plaintiff H.A. recorded [Doc. 232 p. 4]. During that conversation, among other things, Female 4 told Plaintiff H.A. that Plaintiffs' counsel, Attorneys Vanessa Baehr-Jones and Kevin Osborne, "attacked her" [*Id*.]. Plaintiffs deny this allegation and assert that their counsel has "acted professionally and ethically throughout their phone calls with Female 4" [Doc. 240 p. 1]. The Court need not address this matter given that the request here is whether Attorney Rader should be sanctioned for his conduct during the deposition.

2

person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Plaintiffs request that the Court enter an order allowing Attorney Rader to state only "objection" during depositions, and therefore, preclude him from providing the basis of his objection. Plaintiffs have not cited any authority for their requested sanction. *See Stanford v. Northmont City Sch. Dist.*, No. 3:19-CV-00399, 2022 WL 634886, at *3 (S.D. Ohio Mar. 4, 2022) (denying the plaintiffs' motion in part because they did not "identif[y] a Federal Rule of Civil Procedure that would allow the Court to award the requested sanctions" (citation omitted)). And such a sanction appears contrary to an attorney's obligations during a deposition. *See, e.g.*, *Fletcher v. Honeywell Int'l, Inc.*, No. 3:16-CV-302, 2017 WL 775852, at *1 (S.D. Ohio Feb. 28, 2017) (explaining that with respect to objections to the form, the objection must "specify the basis for the objection" or they are waived) (citations omitted)); *see also Henderson v. B & B Precast & Pipe, LLC*, No. 4:13-CV-528 CDL, 2014 WL 4063673, at *1 (M.D. Ga. Aug. 14, 2014) (stating that objections based on form must "be stated concisely on the record during the deposition in a manner that provides the questioner with a reasonable opportunity to correct the form of the question"). But assuming Plaintiffs' requested sanction is permissible, the Court finds that the sanction is not warranted.

Plaintiffs argue that Attorney Rader made improper speaking objections [Doc. 217 pp. 2–7]. Plaintiffs point to four instances of purported speaking objections [*see* Doc. 232 p. 1], but the Court does find that these instances constitute speaking objections. Plaintiffs cite to pages 94–95 of Female 4's deposition transcript, wherein Attorney Rader stated, "I object to the introduction of these exhibits that are incomplete and misrepresentative to the extent that they skip - -" [Doc. 217-2 p. 9]. Plaintiffs' counsel, Attorney Vanessa Baehr-Jones,

3

then interjected that the parties need to go off the record, and Attorney Rader objected to going off the record [*Id*. at 9–10]. Aside from Attorney Baehr-Jones and Attorney Rader's exchange regarding whether it was appropriate to go off the record or not, Attorney Rader's objection was succinct. Likewise, Attorney Rader was succinct in raising similar objections [*See, e.g.*, *id.* at 11 ("While she's doing that, I'm going to object to this Exhibit No. 79 being a bunch of pages out of order and not connected with each other."); 13–14 ("I object to the lengthy speech that wasn't a question. I object to the introduction of Exhibit No. 83. It's a number of scattered pages out of order."); 15 ("Before you do, let me just raise the same objection with respect to this exhibit being selected pages, missing pages, and out of order."); and 16 ("I'm sorry to interrupt you, M[s]. Baehr-Jones. I've just realized that this Exhibit 85 is missing one of the monthly statements and it, like the others, is out of order. So I'm going to raise that objection.")].

Plaintiffs state that Female 4 began adopting Attorney Rader's objections [Doc. 217 p. 4 (citation omitted)]. "The vice of a 'speaking objection' is that it suggests to the deponent an answer to the question which has been presented[,]" *Dunigan v. Stein, Inc.*, No. 1:07CV1593, 2008 WL 11383305, at *2 (N.D. Ohio July 15, 2008), but the Court finds that Attorney Rader's objections did not coach Female 4 to answer any question in a particular way. Attorney Rader objected to Exhibit 85 because it was missing a document and was out of order [Doc. 217-2 p. 16]. Attorney Baehr-Jones then questioned the witness:

> Q. Looking back at this, who did you get the $97,000 from?
>
> A. It was a management company that oversaw that building, and I think several others.
>
> Q. Which company?

[*Id*.]. Four pages later,[3] Attorney Baehr-Jones asks about Female 4's profit, and she responded "Well, if you had the rest of the bank statement here or anything else, I could explain to you. I paid Avery and then, since I was not needing capital to continue, I'd already decided I'm going to take my career in a different direction at this point. I used the profits of that project to pay off my car" [*Id*. at 17]. Based on the testimony provided, the Court does find this to be an instance of coaching Female 4.

Plaintiffs assert Female 4 "immediately adopted [Attorney] Rader's speaking objection" in "one instance" [Doc. 217 p. 4 (citation omitted)]. Attorney Rader states, "Object to form. That's not what it says" [Doc. 217-2 p. 6]. Female 4 then testifies, "That's not what it says. It says commercial cash. And if you actually look at this on that page, it says transfer to lender" [*Id*.]. Attorney Baehr-Jones immediately states, "Correct" [*Id*.]. Even in this instance, Attorney Rader succinctly explained his objection to the form of the question as required, *ChampionX, LLC v. Resonance Sys., Inc.*, No. 3:21-CV-288, 2023 WL 11156855, at *6 (E.D. Tenn. Oct. 19, 2023) ("Generic objections to the form of the question are deemed waived." (citations omitted)), and while Female 4 repeats Attorney Rader's objection, Attorney Baehr-Jones also notes that Female 4's clarification of the exhibit was "[c]orrect" [Doc. 217-2 p. 6].[4]

Plaintiffs further state that Attorney Rader commented that a building was "beautiful" [Doc. 217 p. 5 (citation omitted)]. "[Attorney Rader] acknowledges that he should have simply

---

[3] Attorney Rader's objection was on page 143 of the deposition transcript, and Plaintiffs did not file pages 144–46 [*See* Doc. 217-2 pp. 16–17].

[4] Plaintiffs also argue that "[d]uring Mr. Rader's examination, he then asked Female 4 questions which were premised on his own inappropriate speaking objections" [Doc. 217 p. 6 (citation omitted)]. Even if Attorney Rader made speaking objections during Plaintiffs' examination of Female 4, Plaintiffs do not sufficiently explain why the Court should sanction Attorney Rader for his examination of Female 4. Nor would the requested sanction remedy any alleged inappropriate questioning of Female 4 based upon the alleged speaking objections.

5

kept quiet while [Plaintiffs' counsel] looked [for an address], and the comment about the building's aesthetic was not helpful" [Doc. 232 p. 14 n.9]. This comment, however, did not frustrate Female 4's deposition. *See Lipian v. Univ. of Mich.*, No. 18-13321, 2020 WL 3402013, at *10 (E.D. Mich. June 19, 2020) (explaining that sanctions are appropriate "when an attorney has frustrated a fair examination of the deponent" (citation omitted)).

Even if these instances could be construed as improper speaking objections, such a finding "do[es] not necessarily warrant sanctions." *Id*. Instead, "[c]ourts assess whether the inappropriate interjections and other improper obstruction actually impeded deposing counsel's questions or the witness's testimony." *Id*. Here, the Court finds that Attorney Rader did not impede, frustrate, or delay Plaintiffs' examination of Female 4 [*See* Doc. 232 p. 17 (explaining that Plaintiffs' counsel had "well over an hour of questioning left available that [she] did not use")].

In addition, Plaintiffs argue that during Attorney Rader's examination of Female 4, he interfered with her testimony [Doc. 217 pp. 7–12]. But the instances Plaintiffs identify do not support sanctioning Attorney Rader.

For example, Plaintiffs submit that Attorney Rader testified for Female 4 [*Id*. at 10]. During Plaintiffs' examination, Female 4 testified that "[Defendant] Kevin Peters called her directly in March 2022 to tell her that Sean Williams was a fugitive" and that she spoke with him on several occasions around that timeframe [Doc. 217-2 pp. 11–12]. After a break, Female 4 testified that it may not have been Defendant Peters who called her [*Id*. at 21]. When asked why she changed her testimony, Female 4 explained that she had the contact information of the person who called and his number was saved in her cellphone as "Tyler JCPD"; during her testimony, she could not recall if it was Tyler or Kevin; and that she identified "Kevin Peters" after hearing that name from Attorney Baehr-Jones [*Id*. at 23–25, 30]. Attorney Baehr-Jones denies ever having said "Kevin

6

Peters" during the deposition [Doc. 217 p. 9], and Female 4 testified she provided the number that was saved in her cellphone to the district attorney's office "months and months ago" [Doc. 217-2 p. 25]. During Attorney Rader's examination of Female 4, he introduced himself as the attorney for Defendant Peters and commented, "I'm probably the first person who said his name in the deposition," and later stated, "Of course, his name has been said today I know by me" [*Id*. at 26].

The Court does not find these statements constitute an attempt to interfere with Female 4's testimony. Indeed, immediately after Attorney Rader's second statement, Female 4 testified that an email from Tyler Whitlock reminded her that "Tyler JCPD" was the contact in her cellphone "[n]ot Kevin JCPD" [*Id*. at 30]. Plaintiffs state that Attorney Rader attempted to influence her testimony and to testify for Female 4 when he stated, "On April 19th, 2022, when you contacted the JCPD officer that I think we now understand is Mr. Whitlock" [Doc. 217 p. 10 (citation omitted)], but in that instance, Attorney Rader merely identified the author of the email [Doc. 217-2 p. 40].[5]

Plaintiffs assert that "[Attorney] Rader also improperly informed the witness during his preliminary remarks that she had 'done a good job answering questions today'" [Doc. 217 p. 10 n.3 (citation omitted)]. Attorney Rader explains that it is his "routine practice of making clear at the very start of his questioning that it was important for a witness to say 'yes or no' instead of

---

[5] In the context of their argument that Attorney Radar interfered with Female 4's testimony, Plaintiffs note that during a break, "[Attorney] Baehr-Jones exited the room to find counsel for [Defendants] Peters, Sparks, and Jenkins/Higgins speaking with counsel for Female 4" and that "counsel for [Defendant] Sparks coughed and the group stopped talking" [Doc. 217 p. 8]. When she "approached the group[,] . . . there was no further conversation among the attorneys" [*Id*. (citation omitted)]. Plaintiffs, however, do not explain why this conduct would support a sanction against Attorney Rader. Nor do Plaintiffs support any inference or assertion that such conversation interfered with Female 4's testimony.

7

'uh-huh or huh-uh' in order to make the record'" [Doc. 232 p. 14 n.8]. The deposition transcript supports Attorney Rader's explanation:

> All right. You've done a good job answering questions today, but I know we're kind of getting a little late in the day, and we all get a little bit tired. And you're saying uh-huh and huh-uh, and I understand you just fine, but that makes [the court reporter's] job unmercifully - -

[Doc. 217-2 p. 27].

Plaintiffs further assert that "[i]n an attempt to explain the 'commercial cash' transactions, [Attorney] Rader repeatedly provided Female 4 with an explanation in the form of his question" [Doc. 217 p. 10]. While Attorney Rader's questions may have been objectionable, they are not sanctionable because they cannot be fairly characterized as an improper attempt to influence Female 4's testimony [*See* Doc. 217-2 p. 36].

Finally, Plaintiffs identify instances where they submit that Attorney Rader "improperly prompted the witness to attribute an unethical purpose to [Attorney] Baehr-Jones'[s] presentation of the material" [Doc. 217 pp. 10–12; Doc. 217-2 pp. 28, 36–38, 41].[6] But Attorney Rader's questions regarding Plaintiffs' counsel's motive does not warrant sanctions because his questions were limited, Plaintiffs' requested sanctions are disproportional to the conduct, and the Court finds the better approach considering the information before the Court is to put the parties on notice that it expects all counsel to act with civility and professionalism. *Wall v. Leavitt*, No. CIVS052553, 2007 WL 4219162, at *1 (E.D. Cal. Nov. 29, 2007) (declining to issue sanctions but noting that "personal attacks on opposing counsel . . . will not be tolerated"). The Court reminds counsel for the parties that "accusations of wrongdoing against witnesses and attorneys have no place in a

---

[6] Plaintiffs assert that "Female 4 was an openly hostile witness to Plaintiffs' counsel" [Doc. 217 p. 12]. But this is not a ground to sanction Attorney Rader.

8

deposition. Attempts to interrogate opposing counsel during the course of a deposition are improper." *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995).

## III. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiffs' Motion Regarding Deposition Conduct [**Doc. 217**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge