IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**B.P., et al.,**
    **Plaintiffs,**

v.                                                No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**
    **Defendants.**
_____/

## DECLARATION OF VANESSA BAEHR-JONES

I, VANESSA BAEHR-JONES, declare under penalty of perjury that the foregoing is true and correct:

1. I am over twenty-one years of age and am competent in all respects to give this Declaration. This Declaration is given freely and voluntarily. I have personal knowledge of the foregoing matter and could, and would, testify competently thereto under penalty of perjury under the laws of the United States of America.

2. I am lead counsel for Plaintiffs B.P., et al., in the above-referenced case. I am a licensed attorney in good standing in the State of California (CABN 281715) and admitted to appear *pro hac vice* in this District.

3. Attached hereto as **Exhibit 1** is a set of text messages between Cathy Ball and Karl Turner, dated April 6, 2022.

4. Attached hereto as **Exhibit 2**, and filed provisionally under seal, is an email from David Hilton to Karl Turner and other JCPD personnel, dated September 19, 2020.

5. Attached hereto as **Exhibit 3 is** an email exchange between Cathy Ball and Karl Turner dated April 6, 2022.

6. Counsel for the City used the designation process to insist on Plaintiffs filing Cathy Ball's redacted deposition transcript under seal. Plaintiffs' counsel disagreed that there was any basis to file Ball's transcript under seal but nevertheless complied with the City's demands and filed the transcript provisionally under seal. Plaintiffs' counsel even offered to set a briefing schedule on the issue of sealing that would be amenable to defense counsel.

7. Afterwards, counsel for the City tipped off Ball about Plaintiffs' imminent filing of the Motion to Compel the real estate contract between Ball and Sean Williams (ECF 235), (counsel for the City being the only individuals with knowledge of the forthcoming filing who are in contact with Ball), thereby prompting Ball's press conference and giving her an opportunity to spin the story in a way that served her and, by extension, the City.

8. After Ball's deposition, the City turned over additional discovery that undermined the credibility of Ball and her claim—made again at the press conference—that she did not know Williams' identity during the real estate deal and had not discussed Williams with JCPD Chief Karl Turner in April 2022. The newly produced text messages (Exhibit 1) show that Ball asked Turner specifically about Williams' penthouse apartment, Unit 5, on April 6, 2022, referring to the unit number and the street.

9. By the time of this April 2022 text exchange, Turner was well aware of Williams, his activities, and the notorious Unit 5 penthouse apartment. In an email dated September 19, 2020—the date of Female 3's fall from the window of this penthouse—Turner, and other senior JCPD leadership, received a detailed update from JCPD Officer David Hilton

about the incident (Exhibit 2). The update included information about Williams' apartment, including the address and floor number. This email was also produced to Plaintiffs after Ball's deposition.

10. Attached hereto as **Exhibit 4** is a true and correct copy of the real estate contract between Ball and Williams, produced to Plaintiffs' counsel on July 19, 2024.

11. During the press conference, Ball also took the opportunity to denigrate the reputation and credibility of Plaintiffs and their counsel in advance of Plaintiffs' filing, claiming she was speaking out so the public would receive the information "accurately." This language, which was quoted verbatim by newscasters that night, falsely implied that Plaintiffs would be unfair and inaccurate in their public filing. Counsel for the City knew, however, that Plaintiffs sought to file Ball's own entire deposition transcript, so the record would speak for itself.

This is the 19th day of July 2024.

                                      */s/ Vanessa Baehr-Jones*
                                      VANESSA BAEHR-JONES

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on July 19, 2024, to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>lisa@hbm-lawfirm.com<br>sandy@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103 9<br>01-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br>*Attorney to Defendant City of Johnson City, Tennessee* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br>*Counsel for Justin Jenkins, Jeff Legault, and Brady Higgins in their individual capacities* |

                                             */s/ Vanessa Baehr-Jones*
                                             Vanessa Baehr-Jones