IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
on behalf of all others similarly situated,

    Plaintiffs,

v.                                               No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

## DECLARATION OF VANESSA BAEHR-JONES

I, VANESSA BAEHR-JONES, declare under penalty of perjury that the foregoing is true and correct:

1. I am over twenty-one years of age and am competent in all respects to give this Declaration. This Declaration is given freely and voluntarily. I have personal knowledge of the foregoing matter and could, and would, testify competently thereto under penalty of perjury under the laws of the United States of America.

2. I am lead counsel for Plaintiffs B.P., et al., in the above-referenced case. I am a licensed attorney in good standing in the State of California (CABN 281715) and admitted to appear *pro hac vice* in this District.

3. On March 8, 2024, according to contemporaneous notes I kept, counsel for Defendants Kevin Peters, Toma Sparks, Justin Jenkins, Jeff Legault, and Brady Higgins met with me and Elizabeth Kramer to discuss Plaintiffs' requests for financial records and Defendants' assets, including bank and tax records. My notes indicate that counsel for Defendant

1

Peters indicated his client would provide nothing in response. Counsel for Defendants Sparks, Jenkins, and Legault—Kristin Bereixa and Keith Grant—indicated they would check with their clients about a limited window of five years of financial records.

4. On April 19, 2024, Plaintiffs proposed a streamlined briefing of several discovery issues, including the issue of financial records. Defendants refused to request streamlined briefing on this issue.

5. On April 22, 2024, having received no clear response from defense counsel, Plaintiffs requested a second meet and confer on the topic of financial records. At this time, my notes indicate that Ms. Berexa indicated she had concerns with turning over all five years of financial records and suggested a possible compromise regarding turning over deposits and/or records for a limited time window of records. She also stated she would provide caselaw to Plaintiffs supporting her position. I reiterated that we needed all financial records in order to conduct a meaningful analysis and Ms. Kramer offered to designate them Attorneys' Eyes Only. Counsel for Jenkins, Mr. Grant, requested that Plaintiffs' counsel provide notice to him before we served the subpoena for Jenkins' bank records so that he could file a motion. We agreed.

6. In an email to Ms. Kramer on May 19, 2024, Mr. Grant indicated, "I think I've objected to bank statements the whole time." By this point, Mr. Grant had filed a motion to quash Plaintiffs' subpoena, and Plaintiffs had begun researching and drafting their motion to compel, though case demands would delay their filing of the motion for over a month.

7. While Ms. Berexa continued to contact Plaintiffs' counsel, by this time, I considered the meet and confer process complete as the parties had been negotiating since March 8, 2024, over requests for production and interrogatories that were long overdue. I further

determined that any further delay in bringing this issue before the Court would prejudice my clients' ability to receive timely discovery. After briefing the motion to quash, counsel for Defendant Jenkins offered a compromise position.

8. Along with other Plaintiffs' counsel, I decided to delay the depositions of Jeff Legault and Justin Jenkins because, among other reasons, Plaintiffs had not received their financial records and discovery from their personal cellphones.

9. Plaintiffs still have not received any financial records from any of the Defendants. Under their compromise with Jenkins, Plaintiffs must serve a new subpoena to Jenkins' financial institutions and wait to receive the agreed-upon documents.

10. Before filing the SAC, Plaintiffs discovered through open-source research that Female 4 had opened a number of LLCs during the relevant time period, some of which appeared to have no legitimate business purpose.

11. Attached as **Exhibit 1** is a true and correct copy of a photograph of inside the safe moved by JCPD officers from Sean Williams' apartment to JCPD headquarters showing a doll of a baby girl and a dildo.

12. Attached as **Exhibit 2** is a true and correct copy of the search warrant used by JCPD to search Sean Williams' safe.

13. Plaintiffs have received call log records for the cellphone of Female 4. According to my review of these records, I can see that her phone number calls a cellphone number associated with a JCPD police officer in March-April 2022. Her phone number then calls a personal cellphone number associated with a JCPD officer another 18 times over the next several months, including a one-minute call on June 2, 2022, and another call on June 21, 2022. None of this was documented in any police report.

14. Plaintiffs received seven years of Williams' Glass and Concrete Contracting LLC Renasant bank records from Defendant City in discovery, despite counsel for the City representing that they could find no evidence of any legal process showing how officers obtained these records.

15. Attached as **Exhibit 3** and **Exhibit 4** are true and correct copies of photographs of the money that was inside Sean Williams' safe.

16. I have reviewed property receipts for the case of Female 3, provided by Defendant City, which do not show any entry or inventory for the cash seized from Sean Williams' safe.

17. In the video footage of JCPD officers opening Williams' safe, the officers struggle to open the safe for the first three minutes. It appears that the officers are using a combination code written on a piece of paper. Finally, at minute 3:39, one officer approaches the officer working the combination and shows him something on his cell phone. The officer manipulating the safe is then able to open the combination lock. Despite requests, Defendant City has not provided any discovery to Plaintiffs showing what the officer had on his cell phone which enabled the other officer to open the safe, nor has the City identified the cellphone or the officer holding the cellphone so that Plaintiffs can request this cellphone be inspected by Plaintiffs' computer forensic expert.

18. Attached hereto as **Exhibits 5, 6, 7, and 8** are true and correct copies of photographs of the Arlo video cameras located in Sean Williams' apartment facing towards the living room.

19. Attached hereto as **Exhibit 9** is a true and correct copy of a photograph of the note in Sean Williams' apartment with the message "Call Arlo!!" handwritten on it.

4

This document was executed in Johnson City, Tennessee. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and based upon my own personal knowledge, and that if called upon to testify, I could verify the accuracy of the same.

This is the 19th day of July 2024.

                                                 **/s/ *Vanessa Baehr-Jones***
                                                 **VANESSA BAEHR-JONES**