UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2:23-CV-71-TRM-JEM ) |
| CITY OF JOHNSON CITY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**O R D E R**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Notice of Lodging Documents Under Seal [Doc. 233]. The motion seeks to redact Plaintiffs' Motion to Compel Production of (1) Defendants' Financial Records and (2) the Real Estate Contract Between City Manager Cathy Ball and Sean Williams ("Motion to Compel") [SEALED Doc. 234], and it seeks to redact/seal Exhibits 15, 20, 29, and 32 to the Declaration of Vanessa Baehr-Jones [SEALED Docs. 234-1 to 234-4]. The Court allowed Exhibits 20 and 32 to be sealed but held the motion in abeyance because Defendant Kevin Peters did not respond to the motion [Doc. 269]. The Court stated:

> "Exhibit 15 is a redacted copy of Defendant Kevin Peters'[s] Response to Plaintiffs Second Set of Interrogatories and Requests for Production of Documents" [Doc. 233 p. 1]. According to Plaintiffs, Defendant Peters designated Exhibit 15 as confidential and "stated that he will file a motion for contempt if Plaintiffs' counsel files the redacted version of this document publicly before holding a meet and confer regarding de-designation" [*Id*. at 2]. "Exhibit 29 is an excerpted copy of Kevin Peters'[s] deposition transcript in the Kateri Dahl litigation" [*Id*. at 1 (citation omitted)]. Plaintiffs state that it remains confidential in that litigation [*Id*.].

[Doc. 269 p. 2]. The Court ordered Defendant Peters to respond by July 19, 2024 [*Id*.].

1

Defendant Peters responded that with respect to Exhibit 15, he "proposed additional redactions to Plaintiffs' counsel to correct what appear to have been errors by Plaintiffs in their initial redaction effort, which corrections would enable this to be filed on the public docket" [Doc. 279 p. 1]. He explains that his proposed redactions are not burdensome and that while Plaintiffs redacted some names of non-parties, they did not redact the same names in other portions of this exhibit [*Id*.]. "[He] requests that the Court order Plaintiffs to re-file Exhibit 15 material with the additional redactions that [he] requested concerning the non-party names" [*Id*. at 2]. He requests in the alternative that Exhibit 15 remain sealed or "not be filed at all" [*Id*.]. With respect to Exhibit 29, Defendant Peters states that it was designated confidential by parties in another litigation, although the material therein does not appear to be confidential [*Id*.]. Defendant Peters submits that he does not have standing to de-designate the material [*Id*.].

The Court **ORDERS** Plaintiffs and Defendant Peters to meet and confer to determine whether Exhibit 15 can be filed in the public record with appropriate redactions. The parties **SHALL** file a status report on this motion on or before **July 26, 2024**. To the extent a redacted version is appropriate, the parties **SHALL** file the redacted version as an exhibit to their status report. With respect to Exhibit 29, the Court **ORDERS** Plaintiffs to meet and confer with the parties in the *Dahl* litigation to determine whether it can be publicly filed in this litigation. Plaintiffs **SHALL** include the results of their meet and confer with the parties in the *Dahl* litigation in the joint status report. To the extent the redactions are no longer necessary in Plaintiffs' Motion to Compel, they **SHALL** file an updated copy as an exhibit to their joint status report.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

2