IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**B.P., et al.,**

    **Plaintiffs,**

v.                                                 No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**

    _____/

## MOTION TO SUPPLEMENT THE RECORD FOR PLAINTIFFS' RENEWED MOTION TO ENJOIN EXTRAJUDICIAL CONDUCT; MOTION FOR SANCTIONS

On June 28, 2024, Plaintiffs filed a renewed motion to enjoin extrajudicial conduct and a motion for sanctions ("Renewed Motion"). (ECF 236). The Renewed Motion was in response to City Manager Cathy Ball's press conference on June 26, 2024, during which she made false and misleading statements, publicized material which counsel for Defendant City had designated confidential, and denigrated Plaintiffs' counsel in the process. Plaintiffs also sought sanctions against counsel for the City for their role in facilitating Ball's press conference.

Immediately following Ball's deposition on June 3, 2024, Plaintiffs' counsel verbally requested that counsel for the City produce Ball's real estate contract with Sean Williams ("Ball Williams Contract"). Decl. of Vanessa Baehr-Jones ¶ 3. Counsel for the City represented that Ball had entered into the Ball Williams Contract in her personal capacity, and therefore the City did not have an obligation to produce it. *Id.* On June 12, 2024, Plaintiffs requested in writing that the City produce the Ball Williams Contract as it was responsive to Plaintiffs' Request for Production No. 2, which requested all documents, including all written communications, relating to Sean Williams. (ECF 237, Exh. 8). Counsel for the City again responded that Ball had entered

1

into the Ball Williams Contract in her personal capacity. Prior to Plaintiffs' filing of their Motion to Compel, Defendant City had still not produced the Ball Williams Contract. On July 19, 2024, Defendant City produced the contract, but to date, has produced no written communications regarding the aborted real estate sale.

On or around June 16, 2024, Plaintiffs served a subpoena duces tecum on Shannon Castillo, the real estate agent who negotiated the Ball Williams Contract. On July 25, 2024, Plaintiffs received records in response to their subpoena, which included text communications between Ball and Castillo regarding the purchase of Williams' penthouse apartment and text communications between Castillo and Williams regarding this same purchase. The text messages between Ball and Castillo are responsive to Plaintiffs' RFP #2 but were never produced by the City. Plaintiffs were therefore unable to include these texts in their filing of the Renewed Motion.

Because the newly discovered texts are relevant to the Court's ruling on the pending Renewed Motion, and were not available to Plaintiffs at the time of filing the motion, Plaintiffs hereby request that the Court permit Plaintiffs to supplement the record and file Exhibits 1 and 2 to the Declaration of Vanessa Baehr-Jones in support of the Renewed Motion. The text messages are relevant to prove that Ball's statements during her press conference were knowingly false statements, and therefore any injunction by this Court would not infringe on Ball's First Amendment rights. Specifically, the texts show that the following public statements by Ball were false:

    (1)    <u>"I want to make it clear that when I learned that the person was a fugitive, I withdrew my offer for the purchase of the contract."</u>

The text messages show that Ball never backed out of the deal, but in fact, it was Williams who failed to show up on the date of closing. Baehr-Jones Decl., Exh. 1, at Castillo-

2

0102, Castillo-0103 (Castillo to Ball: "I've checked email and called the seller multiple times … no response. I'm afraid closing will not take place tomorrow. I'm terribly sorry..."); *Id.*, Exh. 2, at Castillo-0200-0202. Instead, public records show Williams sold the penthouse apartment to Blount Investments on May 27, 2022—the date that he was supposed to close with Ball. *See* ECF 235, Exh. 23. As late as May 25, 2022, as the above text shows, Ball and Castillo were still texting about whether Williams would show up at the closing. Right up until the last minute, Ball was hoping Williams would complete the deal.

    (2)    <u>"At that point in time, the name [Sean Williams] meant nothing to me."</u>

Ball claimed during her press conference—as well as during her under-oath deposition—that the name Sean Williams "meant nothing" to her at the time of the Ball Williams Contract. The text messages between Ball and Castillo contradict this claim. For instance, Castillo writes to Ball on April 20, 2022, "Let me know when you have called Marcy Walker and engaged her to do the title. I will fill her in on all the details regarding the seller." Exh. 1 at Castillo-0089. And on April 25, 2022, Ball writes to Castillo, "I think Michael confirmed that he will be doing the home inspection tomorrow morning. I did not tell him the story behind Sean." *Id.* at Castillo-0091.

    (3)    <u>"No money ever exchanged hands."</u>

Ball also claimed during her press conference that she never paid any money as part of the Ball Williams Contract. This is also belied by the text messages. On April 19, 2022, Ball texts Castillo, "I left the earnest money check at your office yesterday." *Id.* at Castillo-0087.

//

//

3

For the foregoing reasons, Plaintiffs request the Court permit Plaintiffs to supplement the record and file Exhibits 1 and 2 to supplement the Renewed Motion.

August 8, 2024.

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

—and—

*s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (California Bar #281715)
*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

—and—

*s/ Elizabeth Kramer*
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on August 9, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

                                                */s Heather Moore Collins*
                                                Heather Moore Collins