IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., H.A., and S.H. individually, and
on behalf of all others similarly situated,

    Plaintiffs,

v.                          No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

# PLAINTIFFS' REPLY IN SUPPORT OF
# NOTICES OF LODGING DOCUMENTS UNDER SEAL (ECF 281, 284)

    Defendants provide no legal basis for sealing Exhibit 2 to the Declaration of Vanessa Baehr-Jones (ECF 280-1) and Exhibits 1 and 3-9 to the Declaration of Vanessa Baehr-Jones (ECF 283-1) in their "Joint Response to Plaintiffs' Lodging of Documents Under Seal." (ECF 294.) Instead, Defendants misstate Plaintiffs' position with respect to sealing these exhibits and provide no particularized basis for why sealing is necessary with respect to each exhibit. Defendants have refused to engage with Plaintiffs in the redaction process, instead offering the blanket assertion that any document relating to a Sean Williams investigation must remain sealed. By this reasoning, almost all the documents and deposition testimony in this case would remain under seal indefinitely. That contradicts well-established case law that requires public filing of court documents unless a party can overcome the strong presumption in favor of open access to court proceedings by demonstrating that specific material must be sealed. Such a process would also unjustly deny the public access to records in a class action case concerning

1

public corruption. The Court should deny Defendants' sealing request because Defendants have failed to meet the high bar for sealing the entirety of the exhibits at issue.

First, Defendants misstate Plaintiffs' position with respect to sealing these exhibits. As clearly stated in Plaintiffs' Notices, Plaintiffs see no legal basis for continuing to seal redacted versions of investigative files relating to Sean Williams. To the contrary, continuing to litigate this case behind closed doors undermines the public function of the Court and denies the survivors, the Class Members, and the community the accountability they deserve— accountability which is long overdue. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("[I]n class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied ... with particular strictness.'").

Defendants state in their response that an investigator for the District Attorney's Office called counsel for the City, Emily Taylor, on June 17, 2024, to inform her that "publicly filing any investigative documents could jeopardize the investigations."[1] ECF 294 at 3. But, according to counsel for the City, Inv. Michael Little provided no explanation for why or how publicly filing redacted versions of police reports would "jeopardize the investigations" into Williams, and Defendants have not attempted to articulate one here as to any of the exhibits they seek to

---

[1] Counsel for the City forwarded Plaintiffs' counsel's request to de-designate redacted versions of JCPD investigative records concerning Williams to District Attorney General Steven Finney, as well as counsel in the Tennessee Attorney General's Office ("TN AG") representing the District Attorney Office for the First Judicial District. Plaintiffs' counsel never received any response. On June 12, 2024, Plaintiffs' counsel followed up with counsel for the City, asking for counsel to forward any response on which Plaintiffs' counsel had not been copied. ECF 221, Exh. 22 (ECF 221-21). Plaintiffs' counsel received no reply. Thus, the only representation that Defendants rely on is the blanket assertion from DA Investigator Little that disclosing any records relating to any Williams' investigation could jeopardize these investigations. Notably, no attorney for the TN AG has ever made such a representation in response to Plaintiffs' counsel's inquiry, nor have they intervened to make such a representation to this Court.

keep under seal. Instead, Defendants cite generally to an inapplicable Tennessee State Supreme Court case, which addresses the scope of the Tennessee Public Records Act as it pertains to third parties accessing records in a state criminal case.[2] *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 862 (Tenn. 2016). Defendants never articulate any particularized reason why the exhibits must be sealed. This alone is fatal to Defendants' sealing request. *See Shane Grp., Inc.*, 825 F.3d at 306 ("The proponent of sealing therefore must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.") (cleaned up).

Nor could any such basis be articulated here. There are now images and videos of Williams' sexual assaults; it is beyond any doubt that Williams sexually assaulted his victims. There is nothing in any redacted email or photograph that could undermine the strength of that evidence and somehow "jeopardize" the investigations here. Nor have Defendants articulated one in their response. "[G]eneral routine information" about an investigation is "insufficient to justify indefinite secrecy." *United States v. Se. Eye Specialists, PLLC*, 586 F. Supp. 3d 787, 793 (M.D. Tenn. 2022). Particularly here, where B.P. and the other victims have been waiting years for their cases to be prosecuted, there is no basis to continue to hide all Williams' investigative files from the public.[3]

---

[2] In *Tennessean*, the victim had intervened in the case to <u>prevent</u> disclosure of the investigative file, and particularly photographs and video images of the alleged assault. 485 S.W.3d at 859. Here, Plaintiff victims are seeking to hold JCPD accountable for its failure to act on their credible reports of rape and therefore request the public filing of redacted police files documenting their reports and JCPD's botched investigations—not the images and videos of their assaults. *Tennessean* is inapposite.

[3] The District Attorney General for the First Judicial District, Steven Finney, provided a public statement to the local news station WJHL on July 3, 2024, stating that "potential procedural complications" prevented him from bringing charges in the cases of Williams' sexual assault victims, but failed to articulate what those "complications" might be. Baehr-Jones Decl., Exh. 1. Thus, if the Court seals these materials based on the DA's pending investigations, it is possible that the DA's Office will keep these investigations open until this civil case has resolved and there will be no possibility of these documents ever seeing the light of day.

3

Considering each exhibit in turn, as the case law requires, there is no basis for sealing these materials. All these exhibits relate to the case of Female 3, the woman who fell from the window of Williams' penthouse apartment on September 19, 2020, suffering catastrophic injuries. It has been four years since Female 3's fall and JCPD has never demonstrated any intent in prosecuting her case. Thus, Defendants' assertion now that it is imperative to continue to seal materials relating to this investigation rings hollow.[4] Instead, what these documents reveal is a gross miscarriage of justice: actions taken by the police which were so egregious that they amount to intentional acts of public corruption.

Consider Exhibit 2, an email from JCPD supervisor David Hilton to JCPD senior leadership, sent on the afternoon of September 19, 2020. In his email, Officer Hilton advises leadership that a follow-on search warrant will be needed for Williams' safe, which JCPD officers seized that day from Williams' apartment, as well as the digital devices which JCPD officers left unsecured in Williams' apartment early in the morning, but then seized after returning later that morning with a search warrant. This email is damning to JCPD: Three days later, Defendant Sparks obtained a search warrant for the safe, the safe was opened, and a bag of cash was taken out. None of the cash was ever inventoried. Meanwhile, JCPD officers <u>never</u> obtained a follow-on search warrant for the digital devices, which may have contained video

---

[4] As recently as yesterday, during the deposition of a JCPD officer, counsel for Plaintiffs, Kevin Osborne, stated that he would use the initials for Female 3 rather than reveal the survivor's fill name, given that the officer's testimony might include highly sensitive details of her traumatic event and its aftermath. Counsel for the City, Erick Herrin, objected, even in the context of eliciting live testimony with unknown privacy implications, because, according to Mr. Herrin (who used her full name), Female 3 "has publicly been out and about." If being "out and about" is the City's grounds to oppose Plaintiffs' counsel's effort to protect Female 3's identity during a deposition, the City cannot now assert that emails in her case should be immune from public disclosure. It is inconsistent for the City to represent that it has <u>no</u> privacy concerns as to sensitive information concerning Female 3, unless and until it includes information about JCPD's conduct which the public may scrutinize.

surveillance footage from Williams' apartment—the actual stated purpose of the original search warrant for his residence. Instead, these devices sat in JCPD storage for two and a half years without being searched.[5] Plaintiffs allege <u>with a good faith basis</u> that these devices contain images of child sexual abuse material. ECF 121 at 3. Thus, had JCPD officers done what Officer Hilton explained in Exhibit 2 they needed to do on September 19, 2020, Williams could have been arrested immediately and additional victims—including children—would never have been raped. Female 10 would still be alive today. This is the document Defendant City asks the Court to keep under seal.

    Nor do Defendants articulate any basis to justify the sealing of Exhibits 1 and 3-9. These are photographs depicting (1) items in Williams' apartment on the night of Female 3's fall; (2) items inside the safe which JCPD officers seized from Williams' residence; and (3) the cash officers took from Williams' safe. Again, these photographs are damning. In one, a note with the writing, "Call Arlo!!" can be seen lying out on Williams' kitchen counter. This is significant because JCPD officers delayed obtaining a search warrant for Arlo video footage until October 2020, and by then, all video surveillance footage had been lost from Arlo's servers. Defendants Sparks and Jenkins never seized the note from Williams' counter, a note which could have been written by Williams—or someone else—and appears to be evidence of obstruction of justice.

    There are also photographs showing where the Arlo cameras were positioned in Williams' apartment on the night of Female 3's fall. As the photographs show, these cameras were pointing out towards the living room and the window out of which Female 3 fell and could have captured

---

[5] It is particularly unjust that Defendants are attempting to maintain the secrecy of this document, while implying in public filings in *Dahl v. Turner* that it was somehow <u>Dahl</u> who was at fault for not finalizing this search warrant earlier even though her involvement with the case began two months after Hilton's email. *See, e.g.*, *Dahl v. Turner, et al.*, 2:22-cv-00072-KAC-JEM, Doc. No. 81 ¶¶ 58-59, 135.

what happened that night before her fall. Defendants Sparks and Jenkins left the apartment early that morning with Williams without seizing or securing these cameras. By the time Sparks returned with a search warrant hours later, the cameras had been taken down and hidden in a closet under paper towels. ECF 121 ¶ 71. To this day, JCPD officers have made no effort to search these devices. Thus, these photographs are damning to JCPD. Conversely, Defendants have failed to articulate any reason why unsealing these photographs would jeopardize any pending criminal investigation.

Similarly, the photographs depicting the bag of money taken from Williams' safe serve no evidentiary purpose in Female 3's case, nor any other victims' case. It is simply embarrassing and inculpatory evidence for the City because it tends to show JCPD's corrupt actions following Female 3's fall. JCPD officers chose to prioritize seizing and searching a safe containing large amounts of cash while deciding—intentionally—not to search digital devices from Williams' apartment which contained evidence that Williams was a child sex predator. Of course, the City does not want these photographs to see the light of day. But this is not a proper justification for continued sealing. *See Match v. Interstate Gas Supply, Inc.*, 454 F. Supp. 3d 722, 723 (S.D. Ohio 2020) (quoting *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016)) ("There is a stark difference between court protective orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings.") (cleaned up).

For the foregoing reasons, the Court should unseal Exhibit 2 to ECF 280-1 and Exhibits 1 and 3-9 to ECF 283-1.

Dated: August 9, 2024       Respectfully submitted,

                    <u>s/ Vanessa Baehr-Jones</u>
                    Vanessa Baehr-Jones (California Bar #281715)

*Pro Hac Vice*
**Advocates for Survivors of Abuse PC**
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*—and—*

*s/ Heather Moore Collins*
Heather Moore Collins (#026099)
Ashley Shoemaker Walter (#037651)
**HMC Civil Rights Law, PLLC**
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*—and—*

*s/ Elizabeth Kramer*
Julie Erickson (California Bar #293111)
Elizabeth Kramer (California Bar #293129)
Kevin Osborne (California Bar #261367)
*Pro Hac Vice*
**Erickson Kramer Osborne LLP**
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for the Plaintiffs and the Proposed Classes*

7

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on August 9, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Reid Spaulding<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br>Email: rspaulding@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>E-mail: lrufolo@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity* |

        */s Vanessa Baehr-Jones*
        Vanessa Baehr-Jones