# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) CITY OF JOHNSON CITY, TENNESSEE, ) a government entity, et al., ) ) Defendants. ) | No: 2:23-cv-00071-TRM-JEM JURY DEMAND |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26 AND/OR MOTION TO QUASH *SUBPOENA DUCES TECUM* ISSUED TO VERIZON WIRELESS PURSUANT TO FED. R. CIV. P. 45

Come now Defendant City of Johnson City, Tennessee ("City" or "Johnson City") and submits the following Memorandum in Support of its Motion for a Protective Order and/or Motion to quash the *subpoena duces tecum* (hereinafter, "the Subpoena") served on Verizon Wireless (hereinafter, "Verizon"), a non-party to this action. For the reasons set for below, the Subpoena issued to Verizon should be quashed and/or a Protective Order entered as to the numbers associated with JCPD, because it amounts to an overbroad fishing expedition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 12, 2024, the Plaintiffs served the *Subpoena duces tecum* on Verizon. A copy of the Subpoena is attached to the Declaration of Emily Taylor as Exhibit 1 and is incorporated herein by reference. Since the Verizon subpoena contains telephone numbers of current and former JCPD officers, including two personal cell phone numbers, the telephone numbers on the subpoena have been redacted. Verizon's compliance with the Subpoena is due on or about August 30, 2023

1

at 5:00 p.m. The Subpoena commands Verizon to produce a multitude of information and data, including call logs, from the following telephone numbers:

1. XXX-XXX-XX16: To the City's knowledge, this number is not associated with the City or JCPD; therefore, this number is not included in the instant Motion for a Protective Order.

2. XXX-XXX-XX91: This is the City-issued cellular phone assigned to JCPD Captain Mike Adams.

3. XXX-XXX-XX69: This is the personal cellular phone number for retired JCPD Captain Mike Street.

4. XXX-XXX-XX63: This is the personal cellular phone number for current JCPD Lt. David Hilton.

(*See* Declaration of Emily Taylor, ¶ 3 and Exhibit 1 to Declaration).

The Verizon Subpoena seeks data and call logs from the following time periods:

June 1, 2020 – June 30, 2020
September 19, 2020 – October 15, 2020
May 1, 2021 – May 31, 2021
July 3, 2022
August 1, 2022 – September 15, 2022
April 18, 2023 – May 2023
June 1, 2023 – July 19, 2023
August 10, 2023 – September 2, 2023
October 10, 2023 – October 24, 2023
November 17, 2023 – November 25, 2023
December 7, 2023 – December 25, 2023
January 1, 2024 – March 20, 2024.

(*See* Exhibit 1 to Declaration). Other than narrowing the records sought by the broad date ranges above, the Verizon Subpoena does not contain any other limitations of the data sought, i.e., it seeks *all* call logs and data and not calls between certain numbers and/or certain individuals.

The Verizon Subpoena is overly broad, as it requires Verizon to produce data for large bands of dates that occurred well after the allegations alleged in the operative complaint, and the subpoena seeks data and information beyond the date range applicable to the putative class

members. [*See* Doc. 121: Sec. Amend. Comp., ¶ 288].

The Plaintiffs seek the personal cell phone records from retired JCPD Captain Mike Street. Mike Street retired from JCPD on or about March 31, 2017, and he has not worked for JCPD since his retirement. (Declaration of Emily Taylor, ¶ 7). Thus, Mr. Street was not employed by JCPD for any of the dates identified in the Plaintiffs' Verizon subpoena. Additionally, Mr. Street retired prior to any of the incidents alleged in Plaintiffs' Complaint. [*See* Doc. 121: Sec. Amed. Comp., PageID # 1722].

However, in an effort to facilitate discovery and work out a compromise, counsel from the City issued its own subpoena to Verizon that was identical to the subpoena Plaintiffs prepared, except the City's subpoena did not include the XX16 number, since that number is not associated with anyone from the City. (Declaration of Emily Taylor, ¶ 9 and Exhibit 2 to Taylor Declaration). Counsel for the City asked Counsel for the Plaintiffs if, in lieu of engaging in motion practice related to the subpoena, if counsel for the Plaintiffs would agree to allow counsel for the City to issue the Verizon subpoena and obtain the records. (Declaration of Emily Taylor, ¶ 10). Counsel for the City could then ensure that only the records subpoenaed were produced, and that the records produced were marked appropriately pursuant to the parties' Agreed Protective Order, i.e., "Confidential," or "Attorney's Eyes Only." Plaintiffs' counsel rejected this proposal citing "untimely and incomplete[1]" discovery responses from the City and indicated that Plaintiffs would be issuing all third-party subpoenas in the future. (Declaration of Emily Taylor, ¶¶ 10-11 and Exhibit 3 to Declaration)[2].

---

[1] To date, the City has produced more than 213,000 "pages" documents based on the last bate-stamp number used. The City has produced hundreds of gigabytes of data and engaged a national eDiscovery firm to assist with discovery, while making only minimal objections to Plaintiffs' repeated discovery requests. *See* Declaration of Emily Taylor, ¶ 12.

[2] Despite the lack of agreement from Plaintiffs' counsel, the City nonetheless proceeded to issue its own subpoena to Verizon for the requested records, in order to facilitate the production of the information for Plaintiffs should the Court agree with the City and hold that the City should provide the subpoenaed information to the Plaintiffs.

3

As further explained below, the majority of the material sought by the Plaintiffs from Verizon is not discoverable, not proportionate to the needs of the case, and not relevant under Fed. R. Civ. P. 26. For these reasons, and as set forth below, the Defendants ask this Court to enter a protective order and/or quash the Verizon Subpoena, as it is nothing more than a fishing expedition meant to harass and embarrass an unidentified non-party and retired and current police officers who are likewise non-parties.

## LAW AND ARGUMENT

The Federal Rules of Civil Procedure permit a Court to enter a protective order, for good cause, limiting or forbidding certain discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A court also may limit discovery if it determines that the discovery sought is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(i). Rule 26(b)(1) limits discovery to information or documents that are relevant to a claim or defense and "proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Pro. 26(b)(1). *Genesco, Inc. v. Visa U.S.A., Inc.*, 302 F.R.D. 168, 184, 2014 WL 935329 (M.D. Tenn. 2014). The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26. *Large on behalf of Large v. Blazer*, No. 3:20-CV-1012, 2022 WL 99986, at *1 (M.D. Tenn. Jan. 10, 2022) (citing Fed. R. Civ. P. 45, Advisory Committee Notes (1970) ("The scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.")); see also *Hendricks v Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio May 6, 2011).

4

Given Rule 26(b)(1)'s clear focus on relevance, "[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Properties, Inc.,* 400 F. App'x. 43, 51 (6th Cir.2010) (quoting *Green v. Nevers,* 196 F.3d 627, 632 (6th Cir.1999) and citing *Elvis Presley Enters. v. Elvisly Yours, Inc.,* 936 F.2d 889, 894 (6th Cir.1991) ("The District Court did not abuse its discretion in limiting discovery on this issue, which is not relevant in this case.")).

A party that seeks the issuance of a protective order pursuant to Rule 26(c) bears the burden to show good cause for the issuance of such an order. *In re Skelaxin Metaxalone Antitrust Lit.*, 292 F.R.D. 544, 549-50 (E.D. Tenn. 2013). *See also, Nix v. Sword*, 11 F. App'x. 498, 500 (6th Cir. May 24, 2011) ("The burden of establishing good cause for a protective order rests with the movant."). To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *In re Skelaxin*, 292 F.R.D. at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Id.*

1. **THE SUBPOENA FOR MIKE STREET'S PERSONAL CELL PHONE RECORDS VIOLATES FED. R. CIV. PRO. 26.**

As explained above, Mike Street retired from the JCPD in March of 2017, well before any of the incidents alleged in Plaintiffs' Second Amended Complaint. A subpoena for his personal cell phone records is improper, because it seeks confidential data from a non-party former employee's personal cell phone number without *any* recipient/subject matter limitation and without reasonable safeguards or time limitations. While the Plaintiffs' have narrowed their subpoena somewhat by providing various dates, the requested dates are still overly broad, particularly as it relates to a former employee who retired more than three (3) years before the earliest requested date range. For example, the broadest date range in the subpoena is January 1, 2024 – March 20, 2024. On

5

January 1, 2024, Mr. Street had been retired from the JCPD for more than six (6) years. Seeking almost three months of cell phone records from a former employee who was not involved in any of the Plaintiffs' investigations and had retired years prior is the epitome of a discovery request that is not proportionate and is overly broad. This is particularly true when the information sought is not narrowed at all to ensure that only relevant data is included – by its plain terms, the subpoena seeks <u>all</u> data and call logs from Mr. Street, including personal calls with family members and friends, calls pertaining to medical appointments, and a myriad of other reasons.

In circumstances where a party sought access to the plaintiff's personal cell phone records, Courts have found the request violated Rule 26. *See Smith v. Pefanis*, No. 1:08-CV-1042-JOFRGV, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (subpoena seeking access to plaintiff's personal cell phone records "clearly is overly broad and not limited to relevant discoverable information" because the records "may contain text messages and other information she sent to or received from her family members and friends outside of work that is not relevant to the claims or defenses of the parties to this case"). *See also Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.*, No. 99 Civ. 0564 RJW JCF, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999) (telephone records "undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls . . . This raises significant privacy concerns."); *Hedenburg v. Aramark Am. Food Servs.*, No. C06-5267 RBL, 2007 WL 162716, at *2 (W.D. Wash. Jan. 17, 2007) (plaintiff's personal e-mails with third parties "wholly unrelated" to central claims of gender discrimination and wrongful termination; "[d]efendant is hoping blindly to find something useful in its impeachment of the plaintiff"); *Mackelprang v. Fid. Nat'l Title Agency of Nev., Inc.*, No. 2:06-cv-00788-JCM-GWF, 2007 WL 119149, at *2 (D. Nev. Jan. 9, 2007) ("Defendant is engaging in a fishing expedition since, at this time, it has nothing more than

suspicion or speculation as to what information might be contained in the private messages"); *C.H. v. Sch. Bd. of Okaloosa Cty. Fla.*, No. 3:18-CV-2128-MCR-HTC, 2020 WL 6572430, at *4 (N.D. Fla. Nov. 4, 2020) (granting protective order and motion to quash a third-party subpoena seeking extensive cell phone records because "discovery is not meant to be a fishing expedition, and [the movant] has a personal interest in the privacy of her cell phone records.").

The Verizon Subpoena for Mr. Street's personal cell phone records has an even weaker basis, because it seeks personal cell phone records of a non-party former employee of JCPD that retired prior to any of the incidents alleged in Plaintiffs' Complaint. Plaintiff's attempt to seek private / personal cell phone records of a non-party former employee appears to be interposed for the purpose of harassment, as all of the information contained on the logs will be personal and unrelated to any action Mr. Street may have taken under color of law. Thus, the subpoena for Mr. Street's personal cell phone records should be quashed in its entirety.

**2. THE SUBPOENA FOR CAPTAIN MIKE ADAM'S JCPD ISSUED CELL PHONE RECORDS VIOLATES FED. R. CIV. PRO. 26.**

In a similar vein, the subpoena to Verizon for Captain Mike Adam's JCPD-issued phone records violates Rule 26. Although some the dates requested may arguably contain discoverable information, the Plaintiffs have made no attempt to limit the requested data to certain numbers or individuals. Surely the Plaintiffs understand that, during the time periods requested, JCPD officers, including Captain Adams, were working on many other cases and making and accepting calls regarding other cases. The City offered to work with counsel for the Plaintiffs to limit the subpoena and call logs produced to calls related to the incidents alleged in the Second Amended Complaint, and this request was rejected. (*See* Declaration of Emily Taylor, ¶ 10).

Moreover, the broad date range of January 1, 2024 to March 20, 2024 is on its face not relevant or proportionate to the needs of the case. This date range is well after the Plaintiffs filed

7

their original complaint in June of 2023, and there are no allegations in the operative complaint, the Second Amended Complaint, that would provide any basis to seek the cell phone records from Captain Adams in January through March of 2024. To the extent Captain Adams was involved in this litigation in that time range, it would have been in the context of assisting counsel for the City in the defense of the case, which is not discoverable and is subject to the attorney-client privilege. As in *C.H. v. Sch. Bd. of Okaloosa Cty. Fla.*, No. 3:18-CV-2128-MCR-HTC, 2020 WL 6572430, at *4 (N.D. Fla. Nov. 4, 2020), Captain Adams has a personal interest in the privacy of his cell phone records, and the Plaintiffs should not be permitted to obtain discovery that is not limited to relevant information. *See also Martinez v. Rycars Const., LLC*, No. CV410-049, 2010 WL 4117668, at *2–3 (S.D. Ga. Oct. 18, 2010) (granting a motion to quash a subpoena to telecommunications providers for records of every telephone call to and from anyone for an extended time span as "overbroad and unacceptably annoying."); *Smith v. Pefanis*, No. 1:08-CV-1042-JOF-RGV, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (granting a motion to quash a subpoena to AT&T for a plaintiff's personal cell phone records, including call logs, text logs, and text messages, for an extended period of time because defendants "have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena.").

Thus, the subpoena for Captain Adams' JCPD-issued cell phone records should be quashed in its entirety. Alternatively, the City asks to the Court to order the Plaintiffs to provide counsel for the City with specific numbers and/or individuals to apply to the subpoenaed records, and allow counsel for the City to provide Plaintiffs with redacted copies of the call logs[3]. At a minimum, the

---

[3] In an effort to facilitate discovery, counsel for the City issued a subpoena to Verizon for the cell phone records of Mike Street, Captain Adams and Lt. Hilton that is identical to the one Plaintiffs issued to Verizon. *See* Declaration of Emily Taylor, ¶ 9 and Exhibit 2. Counsel for the City did so to make it easier to produce any of the records the Court finds the Plaintiffs are entitled to.

City asks the Court to limit the cell phone records Plaintiffs can subpoena to dates relevant to the incidents alleged in Plaintiffs' Second Amended Complaint, which would not include any dates in 2024. Finally, the City asks that the records be produced "Attorney's Eyes Only," and that the Plaintiffs' be barred from contacting any of the numbers identified on the call logs. This will protect Captain Adams and others not associated with this case from harassment from Plaintiffs' counsel[4].

## 3. THE SUBPOENA FOR LT. DAVID HILTON'S PERSONAL CELL PHONE RECORDS VIOLATES FED. R. CIV. PRO. 26.

As with the subpoena for the personal cell phone records of Mr. Street, Lt. Hilton has a privacy interest in his personal cell phone records. The City does not object to producing call logs and data that are relevant to the Plaintiffs' claims and allegations, but in its current form, the subpoena is overly broad and not proportionate to the needs of the case, because it seeks *all* calls and data during certain time periods. *See Martinez v. Rycars Const.*, LLC, No. CV410-049, 2010 WL 4117668, at *2–3 (S.D. Ga. Oct. 18, 2010) (granting a motion to quash a subpoena to telecommunications providers for records of every telephone call to and from anyone for an extended time span as "overbroad and unacceptably annoying."); *Smith v. Pefanis*, No. 1:08-CV-1042-JOF-RGV, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (granting a motion to quash a subpoena to AT&T for a plaintiff's personal cell phone records, including call logs, text logs, and text messages, for an extended period of time because defendants "have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena.").

Counsel for the City proposed redacting the personal calls on the call logs and producing any non-personal calls, and this proposal was rejected by counsel for the Plaintiffs. (Declaration

---

[4] Plaintiffs' counsel has been accused of harassing and intimidating at least one non-party witness. See Doc. 232, PageID # 5354.

9

Case 2:23-cv-00071-TRM-JEM   Document 306   Filed 08/29/24   Page 9 of 13   PageID #: 7744

of Emily Taylor, ¶ 8, 10). Counsel for the Plaintiffs explained that she did not trust that the records would be appropriately redacted, as the person supplying alleged personal phone numbers for redaction would have motivation to lie about the numbers. (*Id*.). This is an outrageous allegation to make to a fellow officer of the Court, and it illustrates how unreasonable Plaintiffs' counsel has been throughout this case. Moreover, Plaintiffs' counsel's own conspiracy theories and distrust in anyone other than her own clients are not grounds to bypass the Federal Rules of Civil Procedure and allow the Plaintiffs to go on a fishing expedition of the personal cell phone records of a non-party. Nor do certain allegations mean that the Rules of Civil Procedure no longer apply.

Thus, the City asks the Court to limit the cell phone records and call logs from Lt. Hilton's personal cell phone that Plaintiffs are entitled to receive to certain numbers and/or individuals. At a minimum, the City asks the Court to limit the cell phone records Plaintiffs can subpoena to dates relevant to the incidents alleged in Plaintiffs' Second Amended Complaint, which would not include any dates in 2024. To the extent the Court orders the City and/or Verizon to produce data and call logs from Lt. Hilton's personal cell phone that is not limited to certain numbers and/or incidents, the City asks that the records be produced "Attorney's Eyes Only," and that the Plaintiffs' be barred from contacting any of the numbers identified on the call logs. This will protect Lt. Hilton's family members and others not associated with this case from harassment from Plaintiffs' counsel.

## **CONCLUSION**

For the foregoing reasons, the City asks the Court to enter a protective order, modifying or quashing the subpoena issued to Verizon as follows:

1. The City asks that subpoena for Mike Street's personal cell phone records be quashed in its entirety, since he had retired from the JCPD prior to any of the events alleged in Plaintiffs' Complaint.

2. Regarding Captain Mike Adams' JCPD-issued phone records and Lt. David Hilton's personal cell phone records, the City asks the Court to quash the Plaintiffs' subpoena to Verizon and allow counsel for the City to produce the records it receives from Verizon subject to the following limitations:

    a. The City can redact all data and calls from January 1, 2024 to the present.

    b. The Plaintiffs must provide counsel for the City with specific numbers and/or individuals to apply to the remaining data and call logs. All other calls and data will be redacted.

    c. Alternatively, the City will redact any personal and/or non-relevant calls and data from the logs.

    d. The records will be produced subject to the parties Agreed Protective Order; and

    e. The Plaintiffs are barred from contacting any of the numbers contained on the call logs.

RESPECTFULLY submitted this 29th day of August, 2024.

              CITY OF JOHNSON CITY, TN

              By: s/ Emily C. Taylor
                 Emily C. Taylor, BPR # 027157
                 **WATSON, ROACH, BATSON**
                 **& LAUDERBACK, P.L.C.**
                 P.O. Box 131
                 Knoxville, TN 37901-0131
                 Phone: (865) 637-1700
                 Email: etaylor@watsonroach.com

Erickson Herrin, BPR # 012110  
**HERRIN, McPEAK & ASSOCIATES**  
515 East Unaka Avenue  
P. O. Box 629  
Johnson City, TN 37605-0629  
Phone: (423) 929-7113  
Email: rachel@hbm-lawfirm.com  

Jonathan P. Lakey, BPR # 016788  
**BURCH, PORTER & JOHNSON, PLLC**  
130 North Court Avenue  
Memphis, TN 38103  
Phone: (901) 524-5024  
Email: jlakey@bpjlaw.com  

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

| | |
|---|---|
| Heather Moore Collins<br>Ashley Shoemaker Walter<br>HMC CIVIL RIGHTS LAW, PLLC<br>7000 Executive Center Drive, Suite 320<br>Brentwood, TN 37027<br>*Counsel for Plaintiffs* | Vanessa Baehr-Jones<br>ADVOCATES FOR SURVIVORS OF ABUSE, PC<br>4200 Park Boulevard No. 413<br>Oakland, CA 94602<br>*Counsel for Plaintiffs* |
| Kevin Osborne<br>Elizabeth Kramer<br>Julie Erickson<br>ERICKSON KRAMER OSBORNE, LLP<br>44 Tehama Street<br>San Francisco, CA 94105<br>*Counsel for Plaintiffs* | Daniel H. Rader IV<br>Daniel H. Rader III<br>André S. Greppin<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>*Counsel for Kevin Peters in his individual capacity* |

| | |
|---|---|
| Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR & BATES<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>*Counsel for Toma Sparks in his individual capacity* | Keith H. Grant<br>Laura Beth Rufolo<br>Philip Aaron Wells<br>ROBINSON, SMITH & WELLS, PLLC<br>Suite 700, Republic Centre<br>633 Chestnut Street<br>Chattanooga, TN 37450<br>*Counsel for Justin Jenkins in his individual capacity* |
| Jerome Cochran, Esq.<br>GARZA LAW FIRM<br>118 East Watauga Avenue<br>Johnson City, TN 37601<br>*Counsel for Non-Party Alunda Rutherford* | Mary Elizabeth McCullohs<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>(615) 741-8126<br>*Counsel for Non-Party, the District Attorney General's Office for the First Judicial District* |

Dated this 29th day of August, 2024.

*s/Emily C. Taylor, BPR No. 27157*
EMILY C. TAYLOR, BPR # 027157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com
