IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on Behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| VERSUS | ) No. 2:23-cv-00071-TRM-CRW ) |
| CITY OF JOHNSON CITY, TENNESSEE, *et al* | ) ) |
| Defendants. | ) |

<u>MEMORANDUM IN SUPPORT OF NON-PARTY KEVIN PETERS'S
MOTION TO QUASH AND FOR PROTECTIVE ORDER
REGARDING PLAINTIFFS' POST-DISMISSAL SUBPOENA
SEEKING HIS POST-RETIREMENT, PERSONAL CELL-PHONE RECORDS</u>

This Memorandum is submitted in support of now non-party Kevin Peters's Motion to Quash and for Protective Order, concerning Plaintiffs' post-dismissal efforts to subpoena the personal cell phone records concerning Mr. Peter's personal cell phone. Plaintiffs are acutely aware that this phone was first obtained by Mr. Peters at the time of his retirement from the JCPD in February 2023. The information sought relates exclusively to Mr. Peters's post-retirement, personal calls. The subpoena was sent barely 24 hours after the Court dismissed the case against Mr. Peters, and is alleged to have been served by Plaintiffs five days after his dismissal.

The information sought is not discoverable under Fed. R. Civ. P. 26 because it is not "relevant to any party's claim or defenses." Fed. R. Civ. P. 26(b)(1). The subpoena is also not "proportional to the needs of the case," which also bars discovery. *Id*. Post-retirement calls certainly are not important to the issues at stake in the action, and the discovery of post-

retirement calls from a former Defendant who has been dismissed reflect zero "importance of the discovery in resolving the issues." *Id*.

The Court should also issue a protective order, as such protection is necessary to protect Mr. Peters from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Clearly, this type of invasive personal discovery meets all these criteria. Indeed, even having been dismissed from this suit, expense has been incurred necessary to fight this oppressive tactic.

The legal principles relating to such a motion were recently espoused by counsel for the City of Johnson City, in a thorough memorandum involving a similar motion to quash, where Plaintiffs sought the cell phone records involving two other non-parties, Mike Street and Mike Adams. (Motion, DE 305; Memorandum DE 306). Mr. Peters incorporates and relies on the City's authority as well, pursuant to Fed. R. Civ. P. 10.

As the City correctly argued, a Court does not abuse its discretion in denying discovery when the discovery "would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Properties, Inc*., 400 F. App'x. 43, 51 (6th Cir.2010) (quoting *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir.1999) and citing *Elvis Presley Enters. v. Elvisly Yours, Inc*., 936 F.2d 889, 894 (6th Cir.1991). In this case, the underlying issue has already been decided: the Court granted Mr. Peters's motion to dismiss. There are no remaining issues that involve his personal, post-retirement cell phone calls.

The Plaintiffs' effort is, at best, a fishing expedition. This Court has itself previously addressed "fishing expeditions," which is a charitable description of Plaintiffs' tactic in this case (as opposed to abusive and retaliatory). *R.S. Logistical Solutions, Ltd. v. Janus Global Operations, LLC*, 2022 WL 3702083 at *2 (E.D.Tenn. 2022) (McCook, J.) (stating "Courts have

cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims.'"). See also this Court's case of *Whiting v. Trew*, 2021 WL 2690504 (E.D.Tenn. June 30, 2021), aff'd sub nom. *Whiting v. Trew*, 2023 WL 5352133 (6th Cir. Aug. 21, 2023), saying the same thing. *Whiting* at *12. See also *Owensby v. Walgreen Co.*, 2024 WL 1643686 (E.D.Tenn. 2024).

As this Court explained in *Owensby*:

> With respect to proportionality, "there is now a specific duty for the court and the parties to consider discovery in the light of its 'proportionality to the needs of the case[.]' " *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 WL 323748, at *1 (M.D. Tenn. Jan. 27, 2016) (citation omitted). "Instead of facilitating costly and delay-inducing efforts to look under every stone in an e-discovery world populated by many stones, the new rule 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' " *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021) (quoting John G. Roberts, Jr., 2015 Year-End Report on the Federal Judiciary 6 (2015)).

*Id* at *2.

The undersigned will not presume to re-invent counsel for the City's thoughtful research on the impropriety of discovery concerning personal cell phone records. But their argument and collection of caselaw is spot-on, and is quoted here:

> In circumstances where a party sought access to the plaintiff's personal cell phone records, Courts have found the request violated Rule 26. See *Smith v. Pefanis*, No. 1:08-CV-1042-JOFRGV, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (subpoena seeking access to plaintiff's personal cell phone records "clearly is overly broad and not limited to relevant discoverable information" because the records "may contain text messages and other information she sent to or received from her family members and friends outside of work that is not relevant to the claims or defenses of the parties to this case"). See also *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.*, No. 99 Civ. 0564 RJW JCF, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999) (telephone records "undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls . . . This raises significant privacy concerns."); *Hedenburg v. Aramark Am. Food Servs.*, No. C06-5267 RBL, 2007 WL 162716, at *2 (W.D. Wash. Jan. 17, 2007) (plaintiff's personal e-mails with third parties "wholly unrelated" to central claims of gender discrimination and

wrongful termination; "[d]efendant is hoping blindly to find something useful in its impeachment of the plaintiff"); *Mackelprang v. Fid. Nat'l Title Agency of Nev., Inc*., No. 2:06-cv-00788-JCM-GWF, 2007 WL 119149, at *2 (D. Nev. Jan. 9, 2007) ("Defendant is engaging in a fishing expedition since, at this time, it has nothing more than suspicion or speculation as to what information might be contained in the private messages"); *C.H. v. Sch. Bd. of Okaloosa Cty. Fla*., No. 3:18-CV-2128-MCR-HTC, 2020 WL 6572430, at *4 (N.D. Fla. Nov. 4, 2020) (granting protective order and motion to quash a third-party subpoena seeking extensive cell phone records because "discovery is not meant to be a fishing expedition, and [the movant] has a personal interest in the privacy of her cell phone records.").

(DE 316, Page ID #7741-42).

The discovery Plaintiffs seek concerning this now non-party Kevin Peters is entirely improper. The information is not discoverable under Rule 26(b), and it would serve to annoy, embarrass, and oppress him, warranting the entry of a protective order under Rule 26(c).

<u>CONCLUSION</u>

For the foregoing reasons, the Court should quash the subpoena concerning Mr. Peters's personal cell phone records, and enter a protective order.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
  DANIEL H. RADER IV / BPR #025998
  P. O. Box 3347
  Cookeville, TN  38502
  Phone: (931) 526-3311
  danny@moorerader.com
  Attorneys for Kevin Peters, individually

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN  37027
615-724-1996
Email:  ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN  37027
615-724-1996
Email:  heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA  94105
(415-635-0631)
Email:  elizabeth@eko.law
Email:  kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN  37901-0131
865-637-1700
Email:  etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN  37027
615-724-1996
Email:  caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA  94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN  37450
Email:  kgrant@rswlaw.com
Email:  awells@rswlaw.com
Email:  lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN  37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN  37743
Email: tgarland@milligancoleman.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN  37027
615-254-3060
Email:  kberexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

    This the 3rd day of September, 2024.

    MOORE, RADER AND YORK, P. C.

    s/DANIEL H. RADER IV, BPR 025998
    DANIEL H. RADER IV / BPR #025998
    P. O. Box 3347
    Cookeville, TN  38502
    (931-526-3311)
    danny@moorerader.com