IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, | ] |
| Plaintiffs, | ] No.: 2:23-cv-00071-TRM-JEM |
| v. | ] PLAINTIFFS' DEMAND JURY TRIAL |
| CITY OF JOHNSON CITY, TN., et al., | ] |
| Defendants. | ] |

## JOINT STATUS REPORT

COME NOW Plaintiffs B.P., H.A., and S.H., individually and as proposed class representatives of all others similarly situated, ("Plaintiffs"), and Defendants City of Johnson City, Karl Turner, Toma Sparks, and Jeff Legault ("Defendants") (collectively, the "Parties"), through their respective undersigned counsel, who provide the following update pursuant to the Court's corresponding September 6, 2024, Minute Entry [ECF 315].

On September 9, 2024, the Parties met via videoconferencing for approximately one hour for a meet and confer in response to the Court's September 6, 2024 Minute Entry. The Parties discussed various proposals to address the Plaintiffs' Motion for a Protective Order [Doc. 246] but were ultimately unable to reach a compromise. The respective positions of the Parties are below:

**Plaintiffs' Position:**

Plaintiffs' concerns regarding Defendants' motivation in seeking the depositions of Females 8, 9 and 12 (and any other unnamed class members) were only further solidified during the Parties' meet and confer, with the most egregious evidence being the following statement

made by Erick Herrin, counsel for Johnson City: "**The reason why you don't want to produce them is the same reason we need them. And that's because they're disasters. These people are disasters**."[1] This extraordinarily demeaning statement demonstrates that Defendants do not seek the depositions for a legitimate fact-finding purpose and practically guarantees that these women would face unjustifiable harassment, embarrassment, and undue burden if required to sit for deposition without strict Court-imposed parameters.

Plaintiffs' proposed parameters are set forth in ECF 246-1, Plaintiffs' proposed Protective Order. The parameters previously agreed to by Defendants are set forth in ECF 271, pages-9-10.[2] During the meet and confer, the only additional parameter Defendants offered was to have the individual Defendants watch the depositions remotely. Plaintiffs agreed that such an accommodation would aid in reducing the stress and burden of the deposition. In turn, Plaintiffs stated that they would agree to produce Females 8, 9, and 12 absent an order granting leave, assuming other reasonable parameters were agreed upon as to the scope of examination and time limit, since removing the Defendants from the deposition room would only address one aspect of the undue burden and harassment posed by these depositions.

Plaintiffs' counsel agreed to allow Defendants to question Females 8, 9 and 12 about their interactions with JCPD officers, including the when and how of their reports of sexual assault by Sean Williams to JCPD and, in the case of Female 9, the allegations of retaliation involving Defendant Legault. Plaintiffs' counsel reiterated that the details of Females 8, 9 and 12's sexual

---

[1] The meet and confer was not recorded. This recitation of Mr. Herrin's words is based on contemporaneous notes taken during the conference.
[2] Unless otherwise specified, Plaintiffs' references herein to "Defendants" and "defense counsel" refer to Johnson City, Karl Turner, Toma Sparks, and their counsel. Counsel for Defendant Legault stated during the call that he only seeks to briefly depose Female 9 about the allegations of retaliation against Legault.

assaults are improper topics for examination because they are not in dispute—there are images and videos depicting these sexual assaults. Defense counsel has not articulated any probative value such questions could possibly provide, because there is none. What is in dispute is Defendants' response to survivors' reports of rapes, and Plaintiffs' counsel has agreed to questions on that subject.

**Defense counsel, however, refused to agree to any restriction on the scope of examination**.[3]  They took the position that the starting point of the negotiations should be that everything is fair game and work backward from there, potentially agreeing to not ask questions about specific matters. Plaintiffs' counsel acknowledges that it would require some work and forethought by defense counsel to identify the particular areas of inquiry they contend are necessary. But, respectfully, that is exactly what the law requires: the presumption is that absent class members are not to be deposed at all and Defendants bear the burden of articulating specifically what information is necessary to the trial of class issues *and* that this information is not available through other means, including written discovery requests. Defense counsel flatly refused to negotiate from that perspective.

Defense counsel also refused to agree to anything less than 6 hours of defense examination,[4] contending that **four different attorneys would need to question each unnamed class member**. Plaintiffs—who proposed a maximum of 1.5 hours of defense examination in their protective order—offered to go up to 4 hours.  The parties remain at an impasse here.

---

[3] The one exception is that counsel for Johnson City agreed not to ask questions about domestic abuse (to the extent that it did not involve JCPD) and divorce proceedings.
[4] Counsel for Johnson City suggested they could maybe agree to 5 hours, although he did not have authority from the other Defendants to agree to that.

Plaintiffs' counsel suggested that defense counsel propound a set of written questions to narrow the scope of in-person examination, thereby shortening the duration and reducing the burden and potential for harassment. For example, Plaintiffs suggested Defendant Turner could propound interrogatories asking whether the individual had any interactions with Turner and to set forth all bases for any allegations they have as to Turner. Since Females 8, 9 and 12 do not allege any personal interactions with Turner, this would obviate the need for Turner's counsel to further examine the witness. Defendants flat out refused to consider this procedural option, claiming they would not have time to seek interrogatory responses and then a deposition. This reasoning rings hollow, as the current discovery cutoff is still three months away, and, moreover, the parties could simply negotiate a shorter response time.

In sum, Defendants have doubled down on their refusal to negotiate reasonable parameters for the discovery they seek. Should the Court be inclined to allow depositions of absent class members, it should be with strict protections such as those set forth in Plaintiffs' proposed Protective Order.

**Defendants' Position:**

Pursuant to the Court's order, Defendants have attempted to work with Plaintiffs to reach a compromise and accommodate reasonable requests. Given the nature of this case, and the specific allegations in the Second Amended Complaint regarding these witnesses, Plaintiffs' requested accommodations do not afford the Defendants the requisite latitude to question these witnesses. The meet and confer between counsel for the Defendants and Plaintiffs was largely unproductive. While Defendants' counsel began the session setting forth specific items Defendants were willing to compromise on regarding key points, Plaintiffs' counsel largely focused on attempting to obtain additional concessions from Defendants and suggested their only compromise would be agreeing

to consider making the witnesses available for depositions without a court order. During the meet and confer, Plaintiffs' counsel appeared more interested in continuing to litigate the issues rather than working together to attempt to reach an agreement. Unfortunately, it appears that strategy continues in their portion of the Joint Status Report. However, Defendants believe it is inappropriate to use this Joint Status Report to relitigate motions that have been fully briefed and that the Court has already heard hours of argument about, and they will not do so[5].

In an effort to compromise and proceed with the depositions, Defendants are agreeable to the following conditions (nos. 1-3 are new conditions to which Defendants agreed in an effort to resolve this dispute) regarding the depositions of the unnamed class members:

1. Defendants agree to limit each deposition to six hours of testimony

    a. This was a new and additional concession by Defendants, reducing the deposition length from the seven hours permitted under the Federal Rules of Civil Procedure

2. Defendants agree that only counsel for the Defendants will be in the deposition room. The individually named Defendants and the representatives from the City will observe the deposition via a Zoom link.

    a. This was a new and additional concession by Defendants, made in attempt to address Plaintiffs' counsel's enunciated concern that the deposition environment was overly burdensome
    b. Plaintiffs submit to this Court that they have moved from 1.5 hours (suggested in their proposed protective order filed with the Court) to 4 hours. Defendants simply remind the Court that in Plaintiffs' counsel letter dated June 20, 2024, she offered Defendants' counsel 3 hours to complete this deposition (*see* Doc. 246-2, PageID # 6939, submitted by Plaintiffs in support of their Motion for a Protective Order). Thus, in this regard, Plaintiffs' counsel has essentially increased their proposal by only 1 hour.

---

[5] It is noteworthy that Defendants only added this paragraph after receiving Plaintiffs' draft section at 3:39 a.m. E.T. on September 10. Defendants had shared its draft section, which was devoid of argument and only recounted the concessions it had offered to Plaintiffs (and continues to be willing to offer to this Court)—please see numbered paragraphs 1.a., 2.a., 3.a-b., and 4.a.-e., set forth herein and without any change from the initial draft it shared with Plaintiffs' counsel. Numbered subsections 1.b. and 3.c are new points raised in response to the draft of Plaintiffs' Position statement.

3. Defendants agree to not ask questions regarding the following topics, unless the witness testifies in a way that opens the door to testimony on these topics:
   a. Child custody; and
   b. Domestic abuse or restraining orders, unless the allegations were investigated by JCPD
      i. This was a new and additional concession by Defendants

   Among other things, Plaintiffs insisted that Defendants not ask these three witnesses any questions regarding their sexual assaults even though Plaintiffs included allegations about each of these sexual assaults in the Second Amended Complaint and identified each of these three witnesses as persons with knowledge in their Disclosures, which were served after the Second Amended Complaint was filed. Plaintiffs state in their portion of this Status Report that the witnesses' sexual assaults were recorded and not in dispute, but such evidence has not been produced to defense counsel.

4. The Defendants continue to make clear that the agreement reached regarding the conditions for the depositions of the class representatives apply to these depositions, which include the following:
   a. Only one attorney will ask the witnesses about the specific details of their sexual assault(s), as alleged in the Second Amended Complaint;
   b. The witness can have a support person sit next to her;
   c. Counsel for the witness can sit next to her;
   d. The witness can take as many breaks as needed; and
   e. Any testimony regarding sensitive information, including details of a sexual assault, will be designated "attorney's eyes only."

Dated September 10, 2024.

Respectfully submitted,

Erickson Kramer Osborne LLP

*/s/ Julie C. Erickson*
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

HMC Civil Rights Law, PLLC

*s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (CABN # 281715)
*Pro Hac Vice*
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for Plaintiffs and the Proposed Classes*


*/s/ K. Erickson Herrin*
K. Erickson Herrin
HERRIN, McPEAK & ASSOCIATES
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
Email: rachel@hbm-lawfirm.com

*/s/ Emily C. Taylor*
Emily C. Taylor
Reid Spaulding
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
Email: etaylor@watsonroach.com
Email: rspaulding@watsonroach.com

*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities,*

*Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*

*/s/ Jonathan P. Lakey*
Jonathan P. Lakey
Burch, Porter, & Johnson, PLLC
130 N. Court Ave.
Memphis, TN 38103
901-524-5000
jlakey@bpjlaw.com
mchrisman@bpjlaw.com

*Attorney to Defendant City of Johnson City, Tennessee*

*/s/ Kristin Ellis Berexa*
Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kberexa@fbb.law
ballen@fbb.law

*Counsel for Toma Sparks in his individual capacity*

*/s/ Keith H. Grant*
Keith H. Grant
Laura Rufolo
Robinson, Smith & Wells, PLLC
633 Chestnut Street, Suite 700
Chattanooga, TN 37450
E-mail: kgrant@rswlaw.com
E-mail: lrufolo@rswlaw.com

*Counsel for Jeff Legault in his individual capacity*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on September 10, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br><br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Jeff Legault in his individual capacity* |

                                                       */s/ Elizabeth A. Kramer*
                                                       Elizabeth A. Kramer