IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

    Plaintiffs,

v.                                              No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE, et al.,

    Defendants.
_____/

## PLAINTIFFS' RULE 26(A)(1) SUPPLEMENTAL INITIAL DISCLOSURES AS TO DEFENDANTS BRADY HIGGINS AND JEFF LEGAULT

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs provide the following information. Plaintiffs reserve the right to supplement these Initial Disclosures. Further, Plaintiff reserves all objections and privileges that may apply.

**A. Individuals likely to have discoverable information.**

1. B.P., H.A., and Females 1-13. See Second Amended Class Complaint and confidential key.

2. Members of the Daigle Law Group ("DLG") who were involved in the Report issued regarding JCPD's practices that was issued on July 18, 2023.

3. Cathy Ball- c/o Johnson City Attorney- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, as well as hiring the DLG which demonstrated the JCPD's negligence with respect to sex-based crimes, including the JCPD's failure to keep appropriate records.

4. Detective Toma Sparks c/o Attorney of Record- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, the JCPD's interactions with serial rapist,

1

Sean Williams, his own failure to investigate sex-based crimes and obstruction of any investigation into Williams' sex trafficking conspiracy.

5. Chief Karl Turner c/o Attorney of Record- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, and JCPD officers' conspiracy to benefit from, and obstruct any investigation into, Williams' sex trafficking conspiracy.

6. Captain Kevin Peters c/o Attorney of Record- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, and JCPD officers' conspiracy to benefit from, and obstruct any investigation into, Williams' sex trafficking conspiracy.

7. Investigator Justin Jenkins c/o Attorney of Record- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, and JCPD officers' conspiracy to benefit from, and obstruct any investigation into, Williams' sex trafficking conspiracy.

8. Investigator Brady Higgins c/o Attorney of Record- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, and JCPD officers' conspiracy to benefit from, and obstruct any investigation into, Williams' sex trafficking conspiracy.

9. Investigator Jeff Legault c/o Attorney of Record- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, and JCPD officers' conspiracy to benefit from, and obstruct any investigation into, Williams' sex trafficking conspiracy.

10. Investigator Vanessa McKinley, c/o Attorney for Johnson City- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, and specifically, as to reports against Sean Williams.

11. Investigator Debra Dunn, c/o Attorney for Johnson City- Has knowledge of the JCPD's negligence in investigating allegations of sex-based crimes, and specifically, as to reports against Sean Williams.

12. Current and former employees of JCPD who took the reports of B.P., Females 2, 8, 9, or 12, or were involved in any capacity in the investigation of, or the processing or evidence or handled Williams as a confidential informant.

13. Current or former employees of JCPD who have knowledge of or who worked on the investigation of Sean Williams.

14. Current or former employees of JCPD who have knowledge of or who were involved in obtaining or the execution of the warrant of Sean Williams' apartment on or about September 19, 2020.

15. Current or former employees of JCPD who have knowledge of or who were involved in obtaining or the execution of the warrant of Sean Williams' apartment on or about September 23, 2020.

16. Current or former employees of JCPD who have knowledge of or who were involved in the arrest, physical assault, and subsequent eviction of Female 9 on or about April 19, 2023.

17. Agents with the Federal Bureau of Investigation who have been involved in the investigation of sex trafficking claims involving Plaintiffs.

18. Agents with the Federal Bureau of Investigation and the Tennessee Bureau of Investigation who have been involved in the investigation of public corruption claims involving JCPD.

19. Agents with the Federal Bureau of Investigation or the U.S. Marshall Service, or any other federal or state agency, who have been involved in the investigation of Williams' escape from custody on or about October 18, 2023.

20. Investigators from the District Attorney's Office who have been investigating Plaintiff's allegations.

21. District Attorney General Steven Finney- c/o First Judicial District Attorney General's

office.

22. Retired Attorney General Ken Baldwin- c/o First Judicial District Attorney General's office.

23. Kateri Dahl- c/o Counsel of Record.

24. Plaintiffs' treating physicians and medical providers following their respective assaults.

25. Plaintiffs' immediate family members or significant other with contemporaneous information or evidence of emotional distress.

26. Female 8's family members and significant other with information about JCPD efforts to intimidate and harass Female 8, including:

   a. Lisa Payne, (423) 930-5981, 1243 Cora Lane, Johnson City, TN 37615

   b. Olivia Anderson, (423) 557-1039, 1008 Quality Circle #17, Johnson City, TN 37615

   c. Dustin Randolph, (423) 557-1561, 156 Green Pond Rd., Johson City, TN 37604

   d. Claudia Vance, (423) 631-6862, 258 Clide Miller Dr., Pelford, TN 37690

   e. Hunter Honeycutt, (423) 330-7678, 258 Clide Miller Dr., Pelford, TN 37690

   f. Mason Buckles, (423) 213-3918, 1008 Quality Circle #17, Johnson City, TN 37615

27. Any individuals identified by Defendants as a witness or potential witness.

**B. Documents**

1. Documents, including ESI, any charging documents, any investigative reports or statements taken, results of rape kits, or any evidence obtained relating to B.P., Females 2, 8, 9, or 12's complaints of sexual assault or battery, as well as any other victims of Sean Williams who reported their sexual assaults to JCPD.

2. Documents, including ESI, any charging documents, any investigative reports or statements taken, obtained relating to Female 9's arrest and subsequent eviction on or about April 19, 2023.

3. The Daigle Law Group report that was issued July 18, 2023, and any documents provided regarding the same, and any communications with the DLG.

4. All correspondence sent to the Daigle Law Group from Johnson City or the JCPD, all documents sent to DLG that were referenced in the DLG report.

5. Chief Karl Turner's Personnel File, including any disciplinary documents, Internal Affairs investigations into his conduct during the last 10 years of his employment, or any separation agreement signed by Turner.

6. Kevin Peters' Personnel File, including any disciplinary documents, Internal Affairs investigations into his conduct during the last 10 years of his employment, or any separation agreement signed by Peters.

7. Toma Sparks' Personnel File, including any disciplinary documents, Internal Affairs investigations into his conduct during the last 10 years of his employment.

8. Justin Jenkins' Personnel File, including any disciplinary documents, Internal Affairs investigations into his conduct during the last 10 years of his employment.

9. Brady Higgins' Personnel File, including any disciplinary documents, Internal Affairs investigations into his conduct during the last 10 years of his employment.

10. Jeff Legault's Personnel File, including any disciplinary documents, Internal Affairs investigations into his conduct during the last 10 years of his employment.

11. Any Agreements, formal or informal that JCPD had with Sean Williams. Any and all reports or communications documenting these agreements.

12. Communications from Cathy Ball or any other official with Johnson City regarding B.P., Females 2, 8, 9, or 12's claims and report of assault, including but not limited to text messages, email communications and written communications, as well as communications regarding other any other victims of Sean Williams who reported their sexual assaults to JCPD, and any communications regarding the evidence recovered of sexual assault material and child sexual abuse material as a result of Williams' arrest in April 2023.

13. Communications between JCPD and Sean Williams.

14. All recordings (audio or visual) of Sean Williams.

15. Communication between JCPD officers regarding sexual assault, battery or rape reports from January 1, 2018, through June 23, 2023

16. Records of asset forfeiture seizures during the relevant time frame, including receipts, search warrant returns, inventories, and any and all logs of currency seized.

17. Records reflecting evidence seized from Sean Williams' apartment during the execution of search warrants in September 2020.

18. JCPD's Policies and Procedures manual, including but not limited to all policies regarding sexual assault investigations in effect for the past five years.

19. Documents provided to the Federal Bureau of Investigation and the District Attorney's Office for the First Judicial District concerning Plaintiff's claims, as well as any other reports by a victim of Sean Williams.

20. Plaintiffs reserve the right to use at trial any documents listed by Defendants and/or any other documents obtained during discovery.

21. Plaintiffs reserve the right to supplement this list based on ongoing discovery.

C. **Computation of Damages**

Plaintiffs are owed sums for actual damages related to costs incurred due to JCPD's violation of their rights as alleged in the complaint. Plaintiffs will seek compensatory damages for emotional distress including embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life. In addition, Plaintiffs seek attorneys' fees and costs, pre- and post-judgment interest, punitive damages as permitted, and such other and further legal or equitable relief to which they may be entitled.

D. **Insurance Agreement**

Plaintiffs do not have an insurance agreement applicable to this lawsuit.

Dated this April 3, 2024.                Respectfully submitted,

                                         HMC Civil Rights Law, PLLC
                                         */s/ Heather Moore Collins*

                                         Heather Moore Collins (# 026099)
                                         Ashley Shoemaker Walter (#037651)
                                         7000 Executive Center Dr., Suite 320
                                         Brentwood, TN 37027
                                         615-724-1996
                                         615-691-7019 FAX
                                         heather@hmccivilrights.com
                                         ashley@hmccivilrights.com


                                         Advocates for Survivors of Abuse PC

                                         */s/ Vanessa Baehr-Jones*
                                         Vanessa Baehr-Jones (*pro hac vice*)
                                         4200 Park Boulevard No. 413
                                         Oakland, CA 94602
                                         510-500-9634

                                         vanessa@advocatesforsurvivors.com


                                         Erickson Kramer Osborne, LLP

7

Case 2:23-cv-00071-TRM-JEM   Document 323-4   Filed 09/12/24   Page 7 of 9   PageID #: 7886

/s/ Elizabeth Kramer
Elizabeth Kramer (*pro hac vice*)
Kevin Osborne (*pro hac vice*)
44 Tehama St.
San Francisco, CA 94105
415-635-0631
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on April 3, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>Email: lisa@hbm-lawfirm.com<br><br>Emily C. Taylor<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>Email: etaylor@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Captain Kevin Peters, in his official capacity, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey, BRR# 16788<br>Burch, Porter & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>jlakey@bpjlaw.com<br>*Attorney to Defendant City of Johnson City, Tennessee* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>*Counsel for Toma Sparks in his individual capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>E-mail: kgrant@rswlaw.com<br>*Counsel for Justin Jenkins in his individual capacity* |

                                                */s/ Heather Moore Collins*
                                                Heather Moore Collins