IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**B.P., et al.,**

    **Plaintiffs,**

v.                                               No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**

_____/

<u>**CORRECTED DECLARATION OF VANESSA BAEHR-JONES**</u>

I, VANESSA BAEHR-JONES, declare under penalty of perjury that the foregoing is true and correct:

1. I am over twenty-one years of age and am competent in all respects to give this Declaration. This Declaration is given freely and voluntarily. I have personal knowledge of the foregoing matter and could, and would, testify competently thereto under penalty of perjury.

2. I am lead counsel for Plaintiffs B.P., et al., in the above-referenced case. I am a licensed attorney in good standing in the State of California (CABN 281715) and admitted to appear *pro hac vice* in this District.

3. Attached as Exhibit 1 is a true and correct copy of counsel for the City Emily Taylor's August 23, 2023, email to Plaintiffs' counsel.

4. Attached as Exhibit 2 is a true and correct copy of excerpts of the deposition transcript of David Hilton.

1

5. Attached as Exhibit 3 is a true and correct copy of excerpts of the deposition transcript of Matt Gryder.

6. The parties have met and conferred, and agreed to redactions that will allow Exhibits 2 and 3 to Plaintiffs' Opposition to Defendant Johnson City's Motion for Protective Order and/or Motion to Quash Subpoena Duces Tecum Issued to Verizon Wireless to be filed publicly.

7. Attached as Exhibit 4 is a true and correct copy of an extraction from Kevin Peters' cell phone that was produced in the litigation. As explained below, Peters maintains his objection to the public filing of Exhibit 4, and it is therefore being lodged under seal.

8. Exhibit 4 was designated "Confidential" by Kevin Peters. Plaintiffs' counsel met and conferred with Mr. Rader, counsel for Peters, seeking consent to file Exhibit 4 publicly, with redactions if necessary. Plaintiffs affirmatively proposed redacting the "message" column of the document (so the text messages are not disclosed) and redacting all but the last 4 digits of the phone number in the document. Plaintiffs' counsel offered to meet and confer telephonically and asked whether Mr. Rader would propose different or additional redactions. Mr. Rader declined, and his last email on the issue states Peters' position as follows (Radar email, September 17, 2024):

> *Well first, from the email yesterday afternoon, why are you blacking out the content of the text messages so that the Court cannot see that the text messages have nothing to do with your clients, the claims in this case, or anything else that is even remotely relevant? (Or at least noting for the court that the content has nothing to do with your case in the substance of your brief?). Why not inform the court that there were text messages, on a single day in December 2018, a year prior to B.P.'s report, that have nothing to do with any of the people in this case? Why make the implied misrepresentation to the Court about the communication between Mr. Peters and his longtime former co-worker?*

2

> *As I see it, the text messages are about an event unrelated to any of the claims in this case. So I see no reason to de-designate them at all. Just because something is exchanged in discovery does not give you license to file it. Let's start here.*

9. In response, Plaintiffs' counsel Elizabeth Kramer sent the following (Kramer email, September 17, 2024):

   > *The filing with the Court had no redactions from me.*
   >
   > *I affirmatively redacted the content for this conferral because you made redactions to portions of the messages before producing them, and I thought it would narrow the dispute.*
   > *Do you have a proposal for redactions?*
   >
   > *Please let me know if you think a call would be helpful. I will otherwise note your position to the Court based on your email below, or whatever you send next.*
   >
   > *Thanks,*
   > *Elizabeth*

10. The complete email chain is attached as Exhibit 5.

11. Accordingly, Plaintiffs and Peters were unable to resolve the confidentiality issue with respect to Exhibit 4.

12. Plaintiffs note that Exhibit 4 was originally lodged with no redactions. The version that is being lodged under seal has all but the last 4 digits of the phone number in the document redacted. During meet and confer on all the exhibits, Defense counsel Ms. Taylor and Mr. Grant stated that partial redaction of the phone number in Exhibit 4 is appropriate (Exhibit 5, pp. 4-5), and Plaintiffs have no objection to doing so. The "message" column of the document is not redacted, because although Plaintiffs were willing to redact it, counsel for Peters objected to those redactions as noted above in his September 17 email (also at Exhibit 5, pp. 1-2).

3

This is the 19th day of September 2024.

                                               */s/ Vanessa Baehr-Jones*
                                               VANESSA BAEHR-JONES

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on September 19, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br><br>*Counsel for Kevin Peters in his individual capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Jeff Legault in his individual capacity* |

                                                     */s/ Vanessa Baehr-Jones*
                                                      Vanessa Baehr-Jones