# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### GREENEVILLE DIVISION

**B.P., et al.,**

      **Plaintiffs,**

**v.**                              **No: 2:23-cv-00071-TRM-JEM**

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

      **Defendants.**

_____/

## NOTICE OF LODGING DOCUMENTS UNDER SEAL

**TO THE COURT AND ITS ATTORNEYS OF RECORD:**

    Plaintiffs hereby give notice that they are provisionally lodging under seal Exhibit 4 to the Corrected Declaration of Vanessa Baehr-Jones in support of Plaintiffs' Opposition to Defendant Johnson City's Motion for Protective Order and/or Motion to Quash *Subpoena Duces Tecum* Issued to Verizon Wireless ("Plaintiffs' Opposition").

    The following is set forth in the Corrected Declaration of Vanessa Baehr-Jones at Paragraphs 7-8, and the complete email chain is attached to the Declaration as Exhibit 5:

    Exhibit 4 was designated "Confidential" by Kevin Peters. Plaintiffs' counsel met and conferred with Mr. Rader, counsel for Peters, seeking consent to file Exhibit 4 publicly, with redactions if necessary. Plaintiffs proposed redacting the "message" column of the document (so the text messages are not disclosed) and redacting all but the last 4 digits of the phone numbers in the document. Plaintiffs' counsel offered to meet and confer telephonically and also asked whether Mr. Rader would propose different or additional redactions. Mr. Rader declined, and his last email on the issue states Peters' position as follows (Radar email, September 17, 2024):

*Well first, from the email yesterday afternoon, why are you blacking out the content of the text messages so that the Court cannot see that the text messages have nothing to do with your clients, the claims in this case, or anything else that is even remotely relevant? (Or at least noting for the court that the content has nothing to do with your case in the substance of your brief?). Why not inform the court that there were text messages, on a single day in December 2018, a year prior to B.P.'s report, that have nothing to do with any of the people in this case? Why make the implied misrepresentation to the Court about the communication between Mr. Peters and his longtime former co-worker?*

*As I see it, the text messages are about an event unrelated to any of the claims in this case. So I see no reason to de-designate them at all. Just because something is exchanged in discovery does not give you license to file it. Let's start here.*

In response, Plaintiffs' counsel Elizabeth Kramer sent the following (Kramer email, September 17, 2024):

*The filing with the Court had no redactions from me.*

*I affirmatively redacted the content for this conferral because you made redactions to portions of the messages before producing them, and I thought it would narrow the dispute.*

*Do you have a proposal for redactions?*

*Please let me know if you think a call would be helpful. I will otherwise note your position to the Court based on your email below, or whatever you send next.*

*Thanks,*

*Elizabeth*

Plaintiffs and Peters were unable to resolve the confidentiality issue with respect to Exhibit 4, and Plaintiffs are therefore lodging it under seal.

Plaintiffs note that Exhibit 4 was originally lodged with no redactions. The version that is being lodged under seal has all but the last 4 digits of the phone number in the document redacted. During meet and confer on all the exhibits, Defense counsel Ms. Taylor and Mr. Grant stated that partial redaction of the phone number in Exhibit 4 is appropriate (Baehr-Jones

Declaration, Exhibit 5, pp. 4-5), and Plaintiffs have no objection to doing so. The "message" column of the document is not redacted, because although Plaintiffs were willing to redact it, counsel for Peters objected to those redactions as noted above in his September 17 email (also at Baehr-Jones Declaration, Exhibit 5, pp. 1-2).

Dated: September 19, 2024

Respectfully submitted,

Advocates for Survivors of Abuse PC

*/s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones CABN # 281715
*Pro Hac Vice*
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA 94602
(510) 500-9634
vanessa@advocatesforsurvivors.com

*/s/ Elizabeth A. Kramer*
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*/s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiffs and Proposed Classes*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on September 19, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City,*<br>*Tennessee, Karl Turner, in his individual*<br>*and official capacities, and Investigator*<br>*Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City,*<br>*Tennessee* | Daniel H. Rader III<br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 N. Jefferson Avenue<br>P.O. Box 3347<br>Cookeville, TN 38502-3347<br>danrader@moorerader.com<br>danny@moorerader.com<br><br>*Counsel for Kevin Peters in his individual*<br>*capacity*<br><br>Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual*<br>*Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Jeff Legault in his individual*<br>*capacity* |

*/s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones