IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) No: 2:23-cv-00071-TRM-JEM |
| v. | ) ) |
| CITY OF JOHNSON CITY, TENNESSEE, a government entity, et al. | ) ) ) |
| Defendants. | ) ) |

### JUSTIN JENKINS' MOTION TO STRIKE AND FOR SANCTIONS

COMES non-party, Justin Jenkins, through undersigned counsel, who moves to strike certain false and defamatory accusations made by Plaintiffs against Jenkins in their Opposition in Response to Kevin Peters's Motion to Quash and for Protective Order (ECF 330)[1]. Jenkins further moves for sanctions in the form of attorney fees for undersigned's having to rebut Plaintiffs' grossly misleading and unsupported characterizations. Specifically, Jenkins requests this Court to strike all unfounded allegations Plaintiffs have made that there is evidence that he received money from Alunda Rutherford, on behalf of Sean Williams or otherwise. The Plaintiffs have not provided a scintilla of evidence to support their allegations and have failed to include evidence in their possession which

---

[1] See United States v. SouthEast Eye Specialists, PLLC, 570 F.Supp. 3d 561, 571 (M.D. Tenn. 2021) ("[T]he Court has inherent power to strike impermissible matter apart from [Fed. R. Civ. P.] 12(f) and this authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process."); White v. Dep't of Justice, No. 16-CV-948-JPG-DGW, 2019 U.S. Dist. LEXIS 25139, at *2 (S.D. Ill. Feb. 15, 2019) (noting that where matter is not covered by Rule(f), court has inherent power to strike if appropriate).

directly refutes their allegations.

In their response to Peters' motion to quash, Plaintiffs state the following:

> Evidence adduced following the filing of the SAC, however, shows that payments to JCPD officers continued until at least June 2022. *See, e.g.*, ECF 192, at RENASANT000018 (showing cash withdrawal of $11,800 on June 1, 2022); Exh. 4, Eastman Credit Union Records at Eastman 000478 (showing auto loan originated on June 2, 2022, with total financing payments of (redacted).

Doc 330, PageId #:7982. It is unclear, and Plaintiffs do not further elucidate, how the two Rutherford withdrawals that collectively total $11,800 are somehow connected with Jenkins' taking out of an $11,000 loan (not the paying off of a loan or some other "credit" to Jenkins) to purchase a 2006 Toyota Tundra. Nonetheless, Plaintiffs subsequently, and without noting any evidence to allegedly tie these entirely unconnected transactions together, boldly state, "**[a]s set forth above, there is new evidence of a payment from that account to JCPD officer Justin Jenkins on June 1-2, 2022. Compare RENASANT18 with Eastman 0478.**" See Doc. 330, PageId#:7984.

There is no such evidence. Apparently, Plaintiffs' believe because these unconnected transactions occurred during the same time period and involved a similar amount of money, Rutherford must have withdrawn the funds to pay Jenkins. Such a leap in logic is, in and of itself, entirely specious and unfounded. This leap, however, is even more concerning in this matter as there is documentation to show that Jenkins did, in fact, take out a loan on or about June 2, 2022, to purchase a 2006 Toyota Tundra, which was ultimately paid off, not by funds from Alunda Rutherford or Sean Williams, but when he traded that truck in on another vehicle. Ex. 5, Eastman 494-515.

A review of Jenkins' bank statements show a loan for $11,000 was obtained through Eastman

Credit Union ("ECU") on or about June 2, 2022. Ex. 1, Eastman 477-493[2]. Also included in those records is a document from AutoNation that shows the vehicle to be purchased. Id. at Eastman 483. The VIN number for that truck on that document matches the VIN number on the ECU Loan and Security Agreement and Disclosure Statement. Id. at Eastman 478, 483.

Further, records from Jenkins' ECU statements show the loan disbursement of $11,000 was made on June 2, 2022. Ex. 2, 137-141. Jenkins' July, 2022 ECU statement shows a $200 payment having been made toward the loan on July 1, 2022, with an outstanding balance of $10,826.13 as of July 31, 2022. Ex. 3, Eastman 142-146. Jenkins' August, 2022 ECU statement shows another $200 payment made on August 1, 2022. The loan account was paid off on August 31, 2022, with the payment of $10,679.81 being toward the loan. Ex. 4, Eastman 147-153.

Lest Plaintiffs aver this payoff, made almost three months after Ms. Rutherford made the June 1, 2022 withdrawals at issue, was nonetheless tied to the Rutherford transaction, that same documentation (received pursuant to the Eastman subpoena issued by Plaintiffs) shows the 2006 Tundra was traded in to Johnson City Toyota on or about August 13, 2022, for a 2012 Toyota Tundra. Ex. 5, Eastman 494-515. That documentation specifically notes that Jenkins received a trade-in allowance of $13,226.60 for the 2006 Tundra, with $10,665.00 of that going directly toward the payoff of the Eastman loan. Id. at Eastman 497. Further, Jenkins' August, 2022 ECU statement shows a balance on the new loan of $15,189.04, which matches exactly the "Amount Financed" for the 2012 Tundra. Ex. 4, Eastman 152; Ex. 5, Eastman 496.

Notably, all of the above documents were produced to Plaintiffs' counsel pursuant to their

---

[2] Counsel has attempted to highlight (in orange) all pertinent portions of the attached exhibits for the Court's convenience.

subpoena and were sent, by Plaintiffs' counsel, to the undersigned. Thus, although they had access to all of this information, they chose to cherry-pick which documents to present to the Court[3].

**Conclusion**

Plaintiffs bald assertion that a withdrawal by Alunda Rutherford and a loan taken out by Justin Jenkins at approximately the same time show an illicit payoff is not only illogical, it is easily refuted by the documents produced by Eastman pursuant to Plaintiffs' own subpoena. There is absolutely no documentation to connect these unrelated financial transactions, and plenty of documentation to refute such. For Plaintiffs to continue to make such unsupported assertions in this quixotic misadventure, casting aspersions on a veteran law enforcement officer and a veteran of the United States Army, is beyond the pale. Plaintiffs have either failed to properly review documents that they subpoenaed or, more concerning, chose to ignore (and failed to present to this Court) documentation that does not support, and in fact directly refutes, their theory.

Wherefore, non-party Justin Jenkins asks this Court to strike those false and misleading portions of Document 330, noted above, and for this Court to sanction Plaintiffs for the same.

Respectfully submitted,

ROBINSON, SMITH & WELLS, PLLC

By:    s/ *Keith H. Grant*
     Keith H. Grant, BPR# 023274
     Laura Beth Rufolo, BPR# 015622

---

[3]Plaintiffs' selective usage of available financial documentation is one of the many reasons undersigned has asked this Court to disallow Plaintiffs' counsel from questioning Jenkins at his deposition on his financial information. Not only is it now entirely irrelevant, it is anticipated that Plaintiffs will make much ado of every transaction for which Jenkins cannot answer to their satisfaction even when, as in this instance, there is actual documentation to refute Plaintiffs' assertions.

Philip Aaron Wells, BPR# 036248  
Suite 700, Republic Centre  
633 Chestnut Street  
Chattanooga, TN   37450  
Telephone:     (423) 756-5051  
Facsimile:      (423) 266-0474  
*Attorneys for Justin Jenkins, Brady Higgins and Jeff Legault, in their individual capacity*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically on September 19, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Robinson, Smith & Wells, PLLC

By:   s/ *Keith H. Grant*

cc:  Heather Moore Collins  
Ashley Walter  
HMC Civil Rights Law, PLLC  
7000 Executive Center Dr.  
Suite 320  
Brentwood, TN  37027  
615-724-1996  
Email:  heather@hmccivilrights.com

Vanessa Baehr-Jones  
Advocates for Survivors of Abuse  
4200 Park Blvd., No. 413  
Oakland, CA  94602  
Email:vanessa@advocatesforsurvivors.com

Elizabeth A. Kramer  
Kevin M Osborne  
Erickson Kramer Osborne LLP  
44 Tehama Street  
San Francisco, CA 94105  
Email: elizabeth@eko.law  
Email: kevin@eko.law

Page 5 of  6

Case 2:23-cv-00071-TRM-JEM   Document 338   Filed 09/19/24   Page 5 of 6   PageID #: 8246

K. Erickson Herrin
HERRIN, MCPEAK & ASSOCIATES
515 East Unaka Avenue
P.O. Box 629
Johnson City, TN 37605-0629
lisa@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAURDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com
Attorneys for Defendants, Johnson City, Tennessee, Karl Turner, Captain Kevin Peters and Investigator Toma Sparks.

Daniel H. Rader III
Daniel H. Rader IV
MOORE, RADER & YORK PC
46 N. Jefferson Avenue
P.O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
danny@moorerader.com
Counsel for Kevin Peters in his individual capacity

Kristin Ellis Berexa
Ben C. Allen
FARRAR BATES BEREXA
12 Cadillac Drive, Suite 480
Brentwood, TN 37027-5366
kbrexa@fbb.law
ballen@fbb.law
Counsel for Toma Sparks in his individual capacity

Page 6 of  6

Case 2:23-cv-00071-TRM-JEM   Document 338   Filed 09/19/24   Page 6 of 6   PageID #: 8247