UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No: 2:23-cv-00071-TRM-JEM |
| | ) | JURY DEMAND |
| CITY OF JOHNSON CITY, TENNESSEE, a government entity, et al., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF JOHNSON CITY'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR A PROTECTIVE ORDER AND/OR MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO DAIGLE LAW GROUP [Doc. 305]**

The City of Johnson City, Tennessee ("Johnson City") hereby appears, by and through counsel, and submits the following reply to Plaintiffs' Response [Doc. 325] to the City's Motion for a Protective Order and/or Motion to Quash [Doc. 305]. In their Response, the Plaintiffs fail to articulate any basis for seeking discovery regarding all but one of the time periods requested in the subpoena, mischaracterize the deposition excepts attached to their Response, and virtually concede that the Verizon subpoena is an impermissible fishing expedition. For these reasons, and all of the arguments made by the City in its opening Memorandum [Doc. 306], the City submits that the Subpoena issued to Verizon should be quashed and/or a Protective Order entered.

**II. CITY'S RESPONSE TO PLAINTIFFS' "RELEVANT FACTUAL BACKGROUND."**

Plaintiffs attempt to invent the relevancy of the subpoenaed records by making the unsupported and factually deficient claim that they have "evidence" Sean Williams may have been a confidential source for a law enforcement agency, likely the DEA. However, the Plaintiffs do

1

not point to any testimony or fact in the record to support this claim. The reason for that is simple. There simply is nothing in the record to give credence to such an allegation[1]. In fact, every witness that has testified in this case has denied any knowledge that Sean Williams was a confidential informant or source. Moreover, there are no facts in the record, and thus none cited by the Plaintiffs, that any former or current JCPD officer was a DEA "handler" for Williams. Despite the claims by the Plaintiffs, Mike Street, David Hilton, and Mike Adams have never been DEA Task Force Officers ("TFO") (Declaration of Major Eric Dougherty, ¶ 3-5). In short, there is zero factual evidence supporting the Plaintiffs' wild and outlandish claims that Sean Williams was a DEA confidential source and that JCPD officers connected to the use of Williams as a confidential source. The Plaintiffs should not be permitted to use discovery in this case, and more importantly the discovery of personal cell phone records of former and current City employees, to further such a fishing expedition for information that likely does not exist and that has no connection between the information requested and the facts of this case.

II.     CITY'S RESPONSE TO PLAINTIFFS' ARGUMENTS

   **A. The City has an interest in protecting the privacy interests of its current and former employees.**

Plaintiffs argue that the City does not have standing to challenge the Verizon subpoena, because the subpoena is issued to a non-party, Verizon. However, this is not a true third-party subpoena, because the documents sought from Verizon are either City documents, in the case of the cell phone records for Mike Adams, or the personal cell phone records of a current JCPD officer, David Hilton, and a former JCPD officer, Mike Street. The phone records from Captain Adams and Lt. Hilton will undoubtedly contain information related to their duties as JCPD

---

1 To the extent this evidence does exist, the Plaintiffs have not disclosed it in discovery, nor have they even alleged it in their complaint.

employees. Additionally, the City has alleged that the subpoena will subject its current and former employees to embarrassment and harassment, and the City undisputedly has an interest in protecting its current and former employees from both. *See Johnson v. U.S. Bancorp*, No. C11-02010 RAJ, 2012 WL 6726523, at *2 (W.D. Wash. Dec. 27, 2012) (citations omitted) ("A party has standing to challenge a subpoena issued to third parties where its own interests may be implicated."); *Collier v. Synergy Corp. Servs., Inc.*, 2022 WL 22865353, at *6 (N.D. Ga. Mar. 22, 2022) (finding corporation had standing to challenge a subpoena issued to the cell phone provider for one the cell phone records for two of its former owners). The subpoena to Verizon implicates the interests of both the City and the individuals subject to the subpoenas. Thus, the City has standing to challenge the subpoena.

**B. Plaintiffs have not shown that the records target relevant information.**

The Plaintiffs argue that the Verizon subpoena is appropriately tailored and that the time periods in the subpoena "correspond…to important factual developments that form the basis of Plaintiffs' allegations." There are multiple flaws with this argument.

First, other than the time period surrounding the date Female 3 fell out the window, which was September 19, 2020, the Plaintiffs make no attempt to explain how the 11 other broad time periods listed in the subpoena are in any way relevant to their claims. Most alarming is the requested time period of January 1, 2024 thru March 20, 2024, which is months after the Plaintiffs filed their complaint and many more months after the events alleged in the complaint. The Plaintiffs identify two events from September 2020 that Captain Adams and Lt. Hilton were involved in (the execution of the search warrant for Sean Williams' apartment and Female 3's fall on September 19, 2020), but the Plaintiffs fail to allege any facts showing the relevancy of the other broad date bands. *See Hawn v. Vitas Hospice Servs. LLC*, 2020 WL 5230713, at *3 (S.D.

3

Ohio Sept. 2, 2020) ("If the discovery sought appears 'relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance' but 'when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.'.") (quoting *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)).

Second, the Plaintiffs make no showing as to why they need to discover *all* of the cell phone records of these individuals during the broad time bands contained in the subpoena. The records will undoubtedly contain information that has nothing to do with the Plaintiffs and their claims, but the Plaintiffs are insisting that Verizon provide all of the data and information from these time periods, including irrelevant data and purely personal calls with family members, medical professionals, attorneys, etc., directly to their attorneys. This type of unfettered access to information without any showing of relevancy is not permitted. For example, in *Collier v. Synergy Corp. Servs., Inc.*, 2022 WL 22865353, at *7 (N.D. Ga. Mar. 22, 2022), the District Court found that a subpoena "seeking all call logs of the personal cell phones of [a former owner] and his former wife over a four-year period of time amount[ed] to a fishing expedition intended to harass and annoy instead of likely yielding evidence relevant to the claims and defenses in this case." The District Court concluded "that the subpoenas served on the cell phone carriers [were] overly broad and unreasonable." *Id*. (citing *Smith v. Pefanis*, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) (citation omitted) (while the parties "may be able to establish the relevance of some of [the] phone records, they have not shown any reason that they should be granted unrestricted access to [the] entire personal cell phone [log] records during the time period specified in the subpoena."); *see also Hedenburg v. Aramark Am. Food Servs.*, 2007 WL 162716, at *2 (W.D. Wash. Jan. 17, 2007) (finding plaintiff's personal e-mails with third parties wholly unrelated to the central claims of

gender discrimination and wrongful termination, stating that "[d]efendant is hoping blindly to find something useful in its impeachment of the plaintiff"); *Mackelprang v. Fid. Nat'l Title Agency of Nev., Inc.*, 2007 WL 119149, at *2 (D. Nev. Jan. 9, 2007) ("Defendant is engaging in a fishing expedition since, at this time, it has nothing more than suspicion or speculation as to what information might be contained in the private messages."); *Sovereign Partners Ltd. P'ship v. Rest. Teams Int'l, Inc.*, 1999 WL 993678, at *4 (S.D.N.Y. Nov. 2, 1999) ("The fact that the telephone records contain relevant information and are not privileged does not mean, however, that they are subject to unlimited discovery. The records undoubtedly include substantial data not pertinent to any aspect of this litigation, including information about personal phone calls .... This raises significant privacy concerns.")).

Third, Plaintiffs' unsupported claims, with again no citation to record, that the cell phone records are relevant because JCPD officers may have served as Williams' DEA handlers is wholly unsupported by Plaintiffs and, in fact, is contradicted by the actual facts in evidence. Plaintiffs state that Captain Mike Adams is a former DEA TFO and reference the deposition testimony of Lt. Matt Gryder. However, a review of the transcript attached to Plaintiffs' Motion makes clear that Lt. Gryder testified that ***a former Washington County Sheriff's Deputy***, whose name is also Mike Adams[2], was once a TFO ***with the FBI***, when he worked for the Washington County Sheriff's Office, not the Johnson City Police Department. [Doc. 330-09 PageID # 8027]. Furthermore, the Captain Mike Adams that works for the JCPD, not to be confused with the Mike Adams who worked for the Washington County Sheriff's Office, has never been a DEA TFO. (*See* Major Dougherty Decl., ¶ 4). In fact, the Johnson City Police Department has not had a DEA TFO since August of 2019, more than a year before Female 3 fell out the window. (*See* Declaration of

---

2 Lt. Gryder testified that the full name of the Washington County Sheriff's Deputy that goes by Mike Adams is Herbert Michael Adams. *See* [Doc. 330-9, PageID # 8027].

5

Major Dougherty, ¶ 6).

Finally, regarding retired officer Mike Street's personal cell phone records, the Plaintiffs argue that because he had a text message conversation with Kevin Peters, a former defendant who has been dismissed, in December of 2018, that somehow makes *all* of Mr. Street's personal phone records for the next six (6) years are discoverable. It is not surprising that former colleagues who worked together for more than twenty years would communicate via text even after one or both retired. To then, based primarily on this, argue that this text message communication opens *all* of Mr. Street's personal cell phone records to discovery, without any showing of relevancy or allowance for the exclusion of calls or data that are truly personal and not relevant, would create a system of unlimited discovery with no protection from attorneys that abuse the discovery rules as a means to embarrass and harass both parties and nonparties. Plaintiffs have not pointed to any facts in the record that make Mr. Street's personal cell phone records relevant and thus discoverable. Plaintiffs have, on the other hand, invented facts and misquoted deposition excerpts in an attempt to concoct a basis for seeking the personal cell phone records of a retired-JCPD employee. Mr. Street and the City of Johnson City should be protected from these abusive discovery techniques.

### C. The City's proposal that it subpoena the records from Verizon and provide to Plaintiffs is workable and appropriate.

The Plaintiffs claim that the City's proposal that the City receive the records directly from Verizon so that they can be screened and appropriately designated is "unworkable." Plaintiffs argue that the City's proposal to redact personal calls from the call logs has "no legal basis." Plaintiffs are incorrect with regard to both claims.

Allowing the City to receive the records from Verizon and produce only the relevant call logs is workable. This is precisely how discovery works when one party requests documents and

6

Case 2:23-cv-00071-TRM-JEM   Document 340   Filed 09/19/24   Page 6 of 9   PageID #: 8369

information that pertain to another party. Any other method of production would allow the Plaintiffs to receive documents and data that has no relationship to their claims, is purely personal, and/or pertains to unrelated, pending criminal investigations. Additionally, it is important that the call logs be appropriately designated under the Protective Order, to protect current and former JCPD employees from harassment should the Plaintiffs attempt to publicly file one of the subpoenaed calls logs[3].

## CONCLUSION

The Federal Rules of Civil Procedure set forth the mechanisms by which parties are to exchange information and the boundaries for information appropriately obtained by third parties. The Plaintiffs' subpoena to Verizon in this matter far exceeds those boundaries and violates the purpose and spirit of the Civil Rules. For these reasons, the City requests the Court grant its Motion for Protective Order and quash the Verizon subpoena. Alternatively, as set forth in its initial Motion [Doc. 305], the City asks the Court to enter a protective order and require Plaintiffs to limit their discovery request only to that information which is relevant to the matter at hand and that which is not confidential or privileged.

RESPECTFULLY submitted this 19th day of September, 2024.

CITY OF JOHNSON CITY, TN

By: s/ Emily C. Taylor
Emily C. Taylor, BPR # 027157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com

---

[3] The Plaintiffs have already attempted on multiple occasions to file publicly call logs and other documents that contain the personal and work telephone numbers of current and former City employees.

Erickson Herrin, BPR # 012110  
**HERRIN, McPEAK & ASSOCIATES**  
515 East Unaka Avenue  
P. O. Box 629  
Johnson City, TN 37605-0629  
Phone: (423) 929-7113  
Email: rachel@hbm-lawfirm.com  

Jonathan P. Lakey, BPR # 016788  
**BURCH, PORTER & JOHNSON, PLLC**  
130 North Court Avenue  
Memphis, TN 38103  
Phone: (901) 524-5024  
Email: jlakey@bpjlaw.com  

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system:

Heather Moore Collins  
Ashley Shoemaker Walter  
HMC CIVIL RIGHTS LAW, PLLC  
7000 Executive Center Drive, Suite 320  
Brentwood, TN 37027  
*Counsel for Plaintiffs*

Kevin Osborne  
Elizabeth Kramer  
Julie Erickson  
ERICKSON KRAMER OSBORNE, LLP  
44 Tehama Street  
San Francisco, CA 94105  
*Counsel for Plaintiffs*

Vanessa Baehr-Jones  
ADVOCATES FOR SURVIVORS OF ABUSE, PC  
4200 Park Boulevard No. 413  
Oakland, CA 94602  
*Counsel for Plaintiffs*

Daniel H. Rader IV  
Daniel H. Rader III  
André S. Greppin  
MOORE, RADER & YORK PC  
46 N. Jefferson Avenue  
P.O. Box 3347  
Cookeville, TN 38502-3347  
*Counsel for Kevin Peters in his individual capacity*

8

| | |
|---|---|
| Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR & BATES<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>*Counsel for Toma Sparks in his individual capacity* | Keith H. Grant<br>Laura Beth Rufolo<br>Philip Aaron Wells<br>ROBINSON, SMITH & WELLS, PLLC<br>Suite 700, Republic Centre<br>633 Chestnut Street<br>Chattanooga, TN 37450<br>*Counsel for Jeff Legault in his individual capacity* |
| Jerome Cochran, Esq.<br>GARZA LAW FIRM<br>118 East Watauga Avenue<br>Johnson City, TN 37601<br>*Counsel for Non-Party Alunda Rutherford* | Mary Elizabeth McCullohs<br>Senior Assistant Attorney General<br>Office of the Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>(615) 741-8126<br>*Counsel for Non-Party, the District Attorney General's Office for the First Judicial District* |

Dated this 19[h] day of September, 2024.

*s/Emily C. Taylor, BPR No. 27157*
EMILY C. TAYLOR, BPR # 027157
**WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.**
P.O. Box 131
Knoxville, TN 37901-0131
Phone: (865) 637-1700
Email: etaylor@watsonroach.com
