**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION**

**B.P., et al.,**

       **Plaintiffs,**

**v.**                             **No: 2:23-cv-00071-TRM-JEM**

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

       **Defendants.**

_____/

## <u>DECLARATION OF VANESSA BAEHR-JONES</u>

I, VANESSA BAEHR-JONES, declare under penalty of perjury that the foregoing is true and correct:

1. I am over twenty-one years of age and am competent in all respects to give this Declaration. This Declaration is given freely and voluntarily. I have personal knowledge of the foregoing matter and could, and would, testify competently thereto under penalty of perjury.

2. I am lead counsel for Plaintiffs B.P., et al., in the above-referenced case. I am a licensed attorney in good standing in the State of California (CABN 281715) and admitted to appear *pro hac vice* in this District.

3. Plaintiffs filed the SAC on December 12, 2023, *see* ECF 93, before receiving any discovery from Defendant Johnson City, including their own police reports, victim statements, and recorded interviews; before obtaining any financial records or call logs; and before taking any depositions.

1

4. Plaintiffs have also adduced additional evidence showing Jenkins took a larger role in the obstruction conspiracy than what was alleged in the SAC, including, among other new facts, that Jenkins was one of the officers who served the September 19, 2020, search warrant on Williams' apartment, which resulted in the seizure of digital devices containing video and image evidence of Williams' sex trafficking crimes.

5. There is also evidence supporting new allegations that Jenkins engaged in a money laundering scheme. As shown in the table below, over the same two-year period, approximately $400,000 worth of auto, mortgage, and construction loans held by Jenkins were repaid, according to his bank records. This amount exceeds Jenkins' known sources of legitimate income, based on his responses to Plaintiffs' interrogatories. Jenkins has disputed that these bank records show a direct payment from Female 4 to him (ECF 338), however, the evidence supports this conclusion. First, Defendant Sparks was present at Renasant Bank on April 26, 2022, the date that Female 4 opened a new account for Glass and Concrete Contracting ("GCC") from which she withdrew $11,800.

6. On April 10, 2024, Plaintiffs noticed the deposition of then-defendant Jenkins for July 18, 2024. By late June, however, Plaintiffs still had not received any financial records or phone call logs for Jenkins and therefore decided to reschedule his deposition.

7. Accordingly, the parties later agreed to reschedule Jenkins' deposition for September 19, 2024.

8. On August 5, 2024, Plaintiffs received Jenkins' Eastman Credit Union and Appalachian Community Federal Credit Union records.

9. On September 6, 2024, Plaintiffs issued a subpoena for Jenkins' deposition for the previously scheduled date of September 18, 2024.

2

10. On August 29, 2024, counsel for Jenkins indicated he would not proceed with Jenkins' scheduled deposition if Plaintiffs intended to ask any questions concerning his financial records.

11. Plaintiffs could not agree to such a limitation on the scope of questioning given the relevance of these records to the TVPA claims and the alleged extortion scheme, nor did Plaintiffs agree that Jenkins' change in party status would preclude Plaintiffs from asking about documents obtained in discovery.

12. Accordingly, on September 9, 2024, Jenkins canceled the deposition and on September 10, he filed the instant motion.

13. Attached hereto as Exhibit 1 is a true and correct copy of a record produced by Defendant Johnson City showing that Jenkins was one of the officers who served the September 19, 2020 warrant.

14. Attached hereto as Exhibit 2 is a true and correct copy of Justin Jenkins' relevant Eastman Credit Union Records.

15. Attached hereto as Exhibit 3, and filed under seal, is a true and correct copy of Just Jenkins' Responses to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents.

16. Attached hereto as Exhibit 4 is a true and correct copy of the Eastman Credit Union Loan for $11,855.79.

17. Attached hereto as Exhibit 5, and filed under seal, is a true and correct copy of the case notes for Female 3's incident.

This is the 24th day of September 2024.

*/s/ Vanessa Baehr-Jones*
VANESSA BAEHR-JONES

3

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on September 24, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City,*<br>*Tennessee, Karl Turner, in his individual*<br>*and official capacity, and Investigator Toma*<br>*Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City,*<br>*Tennessee* | Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual*<br>*Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins and Jeff Legault in*<br>*their individual capacity* |

*/s/ Vanessa Baehr-Jones*
VANESSA BAEHR-JONES

4