**Maggie Sutton**

| | |
|---|---|
| **From:** | Kristin Ellis Berexa |
| **Sent:** | Tuesday, October 8, 2024 6:35 PM |
| **To:** | Vanessa Baehr-Jones |
| **Cc:** | Linda Oxford; Rachel Nottingham; Emily Taylor; Ben C. Allen; Jessica Dowd; Maggie Sutton; kgrant@rswlaw.com; lrufolo@rswlaw.com; awells@rswlaw.com; Maria Ashburn; Jon Lakey; Grace Patton; Elizabeth Kramer; Julie Erickson; Kevin Osborne; Heather Collins; Erica Russell; Ashley Walter |
| **Subject:** | RE: BP, HA, and SH v. City of Johnson City et al: Plaintiffs' Suntrust Subpoenas |

Below is a link to the remaining savings account records.

SunTrust Savings – SPARKS – Redacted – SPARKS001274



Kristin Ellis Berexa | Managing Partner
FARRAR | BATES | BEREXA
12 Cadillac Drive, Suite 480 | Brentwood, TN 37027
Main 615-254-3060 | Fax 615-254-9835
kberexa@fbb.law | https://www.fbb.law



EXHIBIT D

CONFIDENTIALITY NOTICE The information contained in this email message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.

DISCLAIMER Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used, and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

**From:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>
**Sent:** Tuesday, October 8, 2024 1:14 PM
**To:** Kristin Ellis Berexa <kberexa@fbb.law>
**Cc:** Linda Oxford <linda@eko.law>; Rachel Nottingham <rachel@hbm-lawfirm.com>; Emily Taylor <etaylor@watsonroach.com>; Ben C. Allen <ballen@fbb.law>; Jessica Dowd <jdowd@fbb.law>; Maggie Sutton <msutton@fbb.law>; kgrant@rswlaw.com; lrufolo@rswlaw.com; awells@rswlaw.com; Maria Ashburn <mashburn@watsonroach.com>; Jon Lakey <jlakey@bpjlaw.com>; Grace Patton <gpatton@fbb.law>; Elizabeth Kramer <elizabeth@eko.law>; Julie Erickson <julie@eko.law>; Kevin Osborne <kevin@eko.law>; Heather Collins <heather@hmccivilrights.com>; Erica Russell <erica@hmccivilrights.com>; Ashley Walter <ashley@hmccivilrights.com>
**Subject:** Re: BP, HA, and SH v. City of Johnson City et al: Plaintiffs' Suntrust Subpoenas

Kristin,

I appreciate your offer of working with us to get these records, however, these are records that a third party has in its custody, not your client, so an RFP is not the appropriate vehicle here. Moreover, the bank will have additional records that are responsive to the subpoenas' specific requests, and it is therefore important that we seek these records directly from the bank through a subpoena, so they are obligated to produce those records in full. I disagree that it simplifies anything in this litigation to have Plaintiffs' counsel subpoena records from a third party through defense counsel. This process is needlessly

burdensome on Plaintiffs, and only serves the purpose of delay, as is apparent from the process which has played out for obtaining defendants' call logs. In the case of Sparks' cell phone call logs, for example, it has been since April that we have been trying to get complete records and we are still waiting to receive one of the date ranges from you. If we had sent the subpoena to Verizon ourselves, we would have had these records months ago. That kind of delay is untenable at this stage in the litigation.

Linda will be emailing a new subpoena that combines the requests. It appears Truist has subsumed SunTrust, so please see the address information for Truist which is included in the revised subpoena. If you believe any additional meet and confer would be useful regarding the deposit information requests, please let me know and I will make myself available at your convenience today.

Thanks,
Vanessa

On Tue, Oct 8, 2024 at 9:51 AM Kristin Ellis Berexa <kberexa@fbb.law> wrote:

Vanessa -

I received your latest subpoena last night at 5:13 pm for yet additional documents from my client's bank. Your piecemeal service of subpoenas is discourteous and makes litigating this case much more difficult than it need me. As my client is a party to this action, I would ask that you send us a RFP that will outline any additional information that you believe you are entitled to instead of sending subpoena after subpoena, giving defense counsel, at most, 24 hours to assess, provide responses, and prepare, if needed, necessary motions to quash. This tight turn around time with the use of subpoenas also prohibits a truly meaningful meet and confer. In this litigation, plaintiffs' counsel has served between 40-50 subpoenas to date, which in my opinion has caused needless motion practice. I will not object to the information requested in your subpoena from last night because it relates specifically to deposit information. We would be happy to obtain the information you have asked for from either my client or his bank. In my opinion, I believe the Court's order expected us to cooperate in the exchange of additional production, as opposed to simply serving a subpoena every time you decide you need an additional piece of information.

As to the savings account records, some of which were missing, we were able to obtain those this morning. We are in the process of redacting them per the Court's order. We are doing our dead level best to get them redacted and turned over by the end of the day. If we run into an issue, we will let you know immediately.

As to your subpoena from Friday night, we believe we have made a reasonable offer of how to resolve this discovery dispute. Our offer was outlined in my email to you yesterday and discussed during our telephone call. Plus, we made it very clear that the savings account records relating to the time frame of the so-called necklace conspiracy, which prompted the Friday night subpoena, were in your possession as of Friday afternoon. Moreover, as explained above, we now have all of the savings account records and expect to get them to you by COB today. With all of this information, if you believe serving your Friday subpoena is your only option, we fully expect to file a motion to quash and for a protective order.

I would remind you that on the subpoena from Friday night and the subpoena from last night, you need to provide an email address, fax number, or location for service of the subpoena so we are clear as to whom and where each subpoena was sent.

If I have failed to address something, please let me know.

Best,

Kristin



**Kristin Ellis Berexa** | Managing Partner
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Suite 480 | Brentwood, TN 37027
Main 615-254-3060 | Fax 615-254-9835
kberexa@fbb.law | https://www.fbb.law

CONFIDENTIALITY NOTICE The information contained in this email message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.

DISCLAIMER Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used, and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

**From:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>
**Sent:** Monday, October 7, 2024 3:24 PM
**To:** Kristin Ellis Berexa <kberexa@fbb.law>
**Cc:** Linda Oxford <linda@eko.law>; Rachel Nottingham <rachel@hbm-lawfirm.com>; Emily Taylor <etaylor@watsonroach.com>; Ben C. Allen <ballen@fbb.law>; Jessica Dowd <jdowd@fbb.law>; Maggie Sutton <msutton@fbb.law>; kgrant@rswlaw.com; lrufolo@rswlaw.com; awells@rswlaw.com; Maria Ashburn <mashburn@watsonroach.com>; Jon Lakey <jlakey@bpjlaw.com>; Grace Patton <gpatton@fbb.law>; Elizabeth Kramer <elizabeth@eko.law>; Julie Erickson <julie@eko.law>; Kevin Osborne <kevin@eko.law>; Heather Collins <heather@hmccivilrights.com>; Erica Russell <erica@hmccivilrights.com>; Ashley Walter <ashley@hmccivilrights.com>
**Subject:** Re: BP, HA, and SH v. City of Johnson City et al: Plaintiffs' Suntrust Subpoenas

Kristin,

If you need an additional day to meet and confer, we can wait to serve the subpoena until tomorrow. However, as I explained during the call, neither the savings account records, nor the image of the check alone will encompass what we are seeking with the subpoena. Nevertheless, we will wait one more day and serve the SunTrust subpoena tomorrow.

Regarding the Luxury Label records, the only redactions were internal communications among the Plaintiffs' team in forwarding the response from Luxury Label for discovery production. You are not missing anything.

I believe Heather responded regarding production of the 2018-2022 bank records for the savings account. We look forward to receiving those by COB tomorrow.

-Vanessa


On Mon, Oct 7, 2024 at 12:41 PM Kristin Ellis Berexa <kberexa@fbb.law> wrote:

Vanessa-

This will confirm that you participated in a meet and confer requested by me after you emailed me a subpoena duces tecum on Friday night at 7:20 central time, explaining that the subpoena would be served on Monday. The email, sent by Linda Oxford, did not invite any discussion about the issue at all nor did it give a time for when you planned on serving the subpoena, whether it be first thing in the morning or by the COB. As you are aware, the Court ruled that my client only had to produce what we had offered earlier this year, which was all deposit information and total withdrawals. (D.E. 337). The Court also noted that after your review of our production and a meaningful meet and confer with counsel, you may seek relief. You sending a subpoena on Friday night and telling us you will serve on Monday does not follow the Court's order or the spirit of the order. When we spoke this morning, you told me that we have had 48 hours to deal with this subpoena. Of course, those 48 hours were over a weekend. Further, Officer Sparks was engaged in search and rescue efforts Thursday through Sunday due to the flooding in the area.

When we spoke this morning at 11:00 central, we were 3 hours into the first business day since you sent the subpoena. I asked for an additional 24 hours to review the records (over 1000 pages) and talk with my client. We offered to possibly provide you with the bank images of the requested checks, which show endorsement and date of deposit. This was not sufficient for you. We explained that the checks were written to business for his deck repair for which you know was ongoing at the time, or at least, you should be aware of that through all the cell phone records and text messages we have provided. WE even offered to obtain documents from our client verifying the work was done. This was also insufficient. You needed completion of the meet and confer process by the end of the day because you insisted on serving the subpoena today.

We also discussed the records for account -- - 39 during our meet and confer. Your co-counsel, Heather, sent me an inquiry about this on Friday night. Heather and I corresponded about this issue, and I told her we would get back to her on what seemed to be some missing records on Monday. I cc'ed you on the email I sent to Heather just a bit ago. I explained to you in our meet and confer that the documents that were missing were an oversight on our end. After review, it is clear you have over two years worth of these saving account records, April 2022 through present. You are not missing all of them, and clearly you had not reviewed the records closely enough. I apologize for this mistake in our production, and we hope to have the records tomorrow. If you wish to seek relief from the Court if we don't provide these additional records to you by the close of business today, then we will respond accordingly. Again, you have not even allowed us one business day to contact the bank and get these documents.

More importantly, the time frame of the savings account records that we produced cover the issues we discussed today, which involve your latest conspiracy theory about money laundering by my client through Rutherford's consignment and sale of a necklace. Your subpoena is premature. You should take the time to review these savings account records before serving your subpoena. Moreover, your theory which supposedly supports this subpoena is nothing more than wild speculation and brazen allegations against my client, who has been a devoted public servant for Johnson City since 2007. I do not believe the relevance of these checks is "well-established in the record" as you claim.

Also, with respect to your latest theory, you claim there is something unusual about the Luxury Label production. I looked back through that production, and you redacted an email from Luxury Label to you, claiming attorney work product. Clearly, a communication from a non-party vendor who sold a necklace for a witness in this case is not attorney work product. I would ask that you unredact that document so that we can fully understand this Luxury Label conspiracy that you are setting forth.

I believe I have addressed all the points in your email. As with your motion to compel my client's financial records, I do not believe you are engaging in a meaningful meet and confer process and would ask that you not serve the subpoena today, which will give you time to fully review the records we have produced, us time to discuss with our client, and, if necessary, us time, if necessary, to obtain any missing records. If you chose to serve the subpoena as you have indicated, it will be met with a motion to quash.

Best,

Kristin



**Kristin Ellis Berexa** | Managing Partner
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Suite 480 | Brentwood, TN 37027
Main 615-254-3060 | Fax 615-254-9835
kberexa@fbb.law | https://www.fbb.law

CONFIDENTIALITY NOTICE The information contained in this email message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.

DISCLAIMER Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used, and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

**From:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>
**Sent:** Monday, October 7, 2024 12:54 PM
**To:** Kristin Ellis Berexa <kberexa@fbb.law>
**Cc:** Linda Oxford <linda@eko.law>; Rachel Nottingham <rachel@hbm-lawfirm.com>; Emily Taylor <etaylor@watsonroach.com>; Ben C. Allen <ballen@fbb.law>; Jessica Dowd <jdowd@fbb.law>; Maggie Sutton <msutton@fbb.law>; kgrant@rswlaw.com; lrufolo@rswlaw.com; awells@rswlaw.com; Maria Ashburn <mashburn@watsonroach.com>; Jon Lakey <jlakey@bpjlaw.com>; Grace Patton <gpatton@fbb.law>; Elizabeth Kramer <elizabeth@eko.law>; Julie Erickson <julie@eko.law>; Kevin Osborne <kevin@eko.law>; Heather Collins <heather@hmccivilrights.com>; Erica Russell <erica@hmccivilrights.com>; Ashley Walter <ashley@hmccivilrights.com>
**Subject:** Re: BP, HA, and SH v. City of Johnson City et al: Plaintiffs' Suntrust Subpoenas

Kristin,

I appreciated the chance to meet and confer with you this morning. As I said on the phone, if you would like to continue the meet and confer process after speaking with your client, I will make myself available anytime today. Although you requested that we wait to serve the subpoena until you provide the records for Sparks' savings account ending in 39, I do not see how receiving these records will provide the information we are seeking in the subpoena and therefore we do not see a reason to delay on that basis.

Moreover, I will note that pursuant to the Court's order, those records should have been provided on Friday, and your notice in ECF 368 that Sparks "produced redacted copies of all bank statements from 2018 to the present" is not an accurate representation to the Court. You represented during our meet

and confer that this was an "oversight" on your office's part. Please correct that oversight and provide the records by COB today, or we will seek relief from the Court.

We also discussed your potential offer of providing us with copies of these two checks which you stated you received from SunTrust. As I explained, though, that would not encompass the information that we seek through the subpoena: any and all records showing the actual deposit of the funds by the payee. These are records the bank would have, however, and which are relevant here as it would show, for example, whether these funds were cashed, and if so, by which account, which bank, and on what date.

As I said, the relevance of these checks is already well-established in the record. *See* ECF 330.

Please let me know if you would like to speak again today about any of the above matters. I will make myself available at your convenience.

Thank you,

Vanessa

On Sat, Oct 5, 2024 at 1:33 PM Kristin Ellis Berexa <kberexa@fbb.law> wrote:

> I am happy to meet and confer at 11:00 central and 9:00 pacific.



**Kristin Ellis Berexa** | Managing Partner
FARRAR | BATES | BEREXA
12 Cadillac Drive, Suite 480 | Brentwood, TN 37027
Main 615-254-3060 | Fax 615-254-9835
kberexa@fbb.law | https://www.fbb.law

CONFIDENTIALITY NOTICE The information contained in this email message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete

the message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.

DISCLAIMER Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used, and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

---

**From:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>
**Sent:** Saturday, October 5, 2024 2:41:33 PM
**To:** Kristin Ellis Berexa <kberexa@fbb.law>
**Cc:** Linda Oxford <linda@eko.law>; Rachel Nottingham <rachel@hbm-lawfirm.com>; Emily Taylor <etaylor@watsonroach.com>; Ben C. Allen <ballen@fbb.law>; Jessica Dowd <jdowd@fbb.law>; Maggie Sutton <msutton@fbb.law>; kgrant@rswlaw.com <kgrant@rswlaw.com>; lrufolo@rswlaw.com <lrufolo@rswlaw.com>; awells@rswlaw.com <awells@rswlaw.com>; Maria Ashburn <mashburn@watsonroach.com>; Jon Lakey <jlakey@bpjlaw.com>; Grace Patton <gpatton@fbb.law>; Elizabeth Kramer <elizabeth@eko.law>; Julie Erickson <julie@eko.law>; Kevin Osborne <kevin@eko.law>; Heather Collins <heather@hmccivilrights.com>; Erica Russell <erica@hmccivilrights.com>; Ashley Walter <ashley@hmccivilrights.com>
**Subject:** Re: BP, HA, and SH v. City of Johnson City et al: Plaintiffs' Suntrust Subpoenas

Kristin,

I am available to meet and confer on Monday from 12:00-12:30 ET/9:00-9:30 PT. Would that work? This is the opposite of a fishing expedition as the subpoena is narrowly tailored to seek records for two checks whose relevance are clear from our prior filings. Nor is the timing of this suspicious--we received Sparks' bank records on Friday and immediately identified the need for this subpoena. We do not plan to circumvent any meet and confer process and I look forward to speaking with you on Monday.

-Vanessa

On Sat, Oct 5, 2024 at 10:39 AM Kristin Ellis Berexa <kberexa@fbb.law> wrote:

> Good morning, Plaintiffs' Counsel-
>
> I have received your email that arrived in my inbox at 7:20 central time on Friday night attaching a copy of a subpoena that you intend to serve on Monday. The fact that you waited until Friday night well after business hours to send this email about service of a subpoena at an undisclosed time on Monday is discourteous and

somewhat suspicious, especially since the subpoena circumvents the Court's Order (DE #337) of September 19, 2023. As you are aware, in its Order, the Court stated that Plaintiffs were not entitled to anything other than what we offered you with respect to financial records, which were Sparks' bank statements showing deposits and total monthly withdrawals only. The court rejected your argument that you needed to see individual withdrawal amounts, explaining that "Plaintiffs have alleged that Sparks received money from Sean Williams, not that Sparks made illegal payments related to Sean Williams." Page ID 8239-8240.

In my opinion, this subpoena is nothing more than a fishing expedition and seeks records to which the Court ruled you were not entitled. A motion to quash/motion for protective order appears to be the most appropriate response. I would request a meet and confer on Monday to discuss this issue further in an effort to avoid yet another motion practice. I would also request that you hold off on the service of the subpoena until we complete the meet and confer process.

Have a nice weekend-

Kristin



**Kristin Ellis Berexa** | Managing Partner
**FARRAR | BATES | BEREXA**
12 Cadillac Drive, Suite 480 | Brentwood, TN 37027
Main 615-254-3060 | Fax 615-254-9835
kberexa@fbb.law | https://www.fbb.law

CONFIDENTIALITY NOTICE The information contained in this email message is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please delete the message. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.

DISCLAIMER Pursuant to Circular 230 issued by the United States Treasury Department and relating to practice before the Internal Revenue Service, any comment or opinion in this communication relating to a federal tax issue is not intended to be used, and cannot be used, by a taxpayer for the purpose of avoiding tax-related penalties that may be imposed on the taxpayer.

**From:** Linda Oxford <linda@eko.law>
**Sent:** Friday, October 4, 2024 7:20 PM
**To:** Rachel Nottingham <rachel@hbm-lawfirm.com>; Emily Taylor <etaylor@watsonroach.com>; Kristin Ellis Berexa <kberexa@fbb.law>; Ben C. Allen <ballen@fbb.law>; Jessica Dowd <jdowd@fbb.law>; Maggie Sutton <msutton@fbb.law>; kgrant@rswlaw.com; lrufolo@rswlaw.com; awells@rswlaw.com; Maria Ashburn <mashburn@watsonroach.com>; Jon Lakey <jlakey@bpjlaw.com>; Marie Chrisman <mchrisman@bpjlaw.com>
**Cc:** Vanessa Baehr-Jones <vanessa@advocatesforsurvivors.com>; Elizabeth Kramer <elizabeth@eko.law>; Julie

Erickson <julie@eko.law>; Kevin Osborne <kevin@eko.law>; Heather Collins <heather@hmccivilrights.com>; Erica Russell <erica@hmccivilrights.com>; Ashley Walter <ashley@hmccivilrights.com>
**Subject:** BP, HA, and SH v. City of Johnson City et al: Plaintiffs' Subpoenas

Dear counsel:

Please see the attached subpoenas that we intend to serve on Monday, October 7th.

Thank you.

LINDA OXFORD

**ERICKSON KRAMER OSBORNE**

San Francisco, California

Direct: (415) 635-0631

www.eko.law



--

Vanessa Baehr-Jones
Founding Partner
Advocates for Survivors of Abuse
4200 Park Boulevard #413
Oakland, California 94602
(510) 500-9634
www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE. IT MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE. ANY REVIEW, DISSEMINATION, OR USE OF THIS TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS

TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS
TRANSMISSION. THANK YOU.

--

# Vanessa Baehr-Jones

Founding Partner

Advocates for Survivors of Abuse

4200 Park Boulevard #413

Oakland, California 94602

(510) 500-9634

www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE. IT MAY CONTAIN
INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM
DISCLOSURE. ANY REVIEW, DISSEMINATION, OR USE OF THIS TRANSMISSION OR ITS CONTENTS BY
PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS
TRANSMISSION. THANK YOU.

--

# Vanessa Baehr-Jones

Founding Partner

Advocates for Survivors of Abuse

4200 Park Boulevard #413

Oakland, California 94602

(510) 500-9634

www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE. IT MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE. ANY REVIEW, DISSEMINATION, OR USE OF THIS TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS TRANSMISSION. THANK YOU.

--

# Vanessa Baehr-Jones
Founding Partner
Advocates for Survivors of Abuse
4200 Park Boulevard #413
Oakland, California 94602
(510) 500-9634
www.advocatesforsurvivors.com

THIS E-MAIL IS INTENDED ONLY FOR THE ADDRESSEE SHOWN ABOVE. IT MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE. ANY REVIEW, DISSEMINATION, OR USE OF THIS TRANSMISSION OR ITS CONTENTS BY PERSONS OTHER THAN THE ADDRESSEE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND DELETE THIS TRANSMISSION. THANK YOU.