The attached warrant came to hand as issued, and was executed on this day _____ of _____, 20____, by searching the person(s) and premises herein described, and taking therefrom the following evidence which was seized:

_____
OFFICER EXECUTING SEARCH WARRANT

---

OFFICIAL

# SEARCH WARRANT

**FIRST JUDICIAL DISTRICT**

**STATE OF TENNESSEE**

**COUNTY OF WASHINGTON**

VS

Sean Williams

---

## JUDGMENT ON SEARCH WARRANT

Due and proper return having been made of the warrant, the property seized as described in the said return shall be retained, subject to the orders of the CRIMINAL COURT Of WASHINGTON COUNTY and the attached warrant, affidavit, and return shall be filed in the office of the Clerk of said Court.

This _____ day of _____ 20____

_____
**JUDGE**, CRIMINAL COURT
Washington, County Tennessee

PAGE 1 OF 5

Case 2:23-cv-00070-CRM-JEM Document 79-6 Filed 04/23/10 Page 1 of 8 PageID #: 115
Case 2:23-cv-00070-CRM-JEM Document 79-6 Filed 04/23/10 Page 1 of 8 PageID #: 9294

| CIRCLE ONE: | ORIGINAL (To be filed w/ Clerk) | JUDGE | (OFFICER) | PERSON SERVED |

## SEARCH WARRANT

**STATE OF TENNESSEE**
**COUNTY OF WASHINGTON**

Proof by affidavit having been made before me by Inv. Toma Sparks of the Johnson City Police Department, who is a law enforcement officer as defined in TCA §39-11-106, that there is probable cause to believe that Sean Williams is in possession and control of certain evidence of a crime, to wit: violations of Tennessee State law as set forth in the Tennessee Code Annotated to include, but not limited to:

TCA 39-13-201 (Attempted Criminal homicide)

The following items contain/s evidence of a crime in violation of Tennessee State law:

200 E Main St, Suite 500, Johnson City, Tennessee 37604

The aforementioned evidence is located at

200 E Main St, Suite 500, Johnson City, Tennessee 37604 is located in Downtown Johnson City, Tennessee. Suite 500 is located on the fifth floor of 200 E Main St. Starting at the Johnson City Police Department, 601 E Main St, turn west onto E Main St, take the first right onto Legion St, turn left onto Buffalo St, turn left onto E Main St, and 200 E Main St is located on the right. It is a light colored brick building with windows on each floor and is located at the corner of E Main St and Spring St in Downtown Johnson City, Tennessee in Washington County.

You are therefore hereby commanded to make immediate search and/or examination of:

200 E Main St, Suite 500, Johnson City, Tennessee 37604

The aforementioned evidence should be preserved until such time this Honorable Court may weigh its evidentiary value in this investigation.

**I HEREBY DELIVER THIS SEARCH WARRANT FOR EXECUTION TO:**

Inv. Toma Sparks

at 8:52 o'clock AM, on this 19th day of Sept. 2020.

JUDGE, CRIMINAL COURT
Washington County, Tennessee

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

## STATE OF TENNESSEE
## COUNTY OF WASHINGTON

Inv. Toma Sparks  Of the Johnson City Police Department, who is a law enforcement officer as defined in TCA §39-11-106, personally appeared before The Honorable Judge Lisa Rice  CRIMINAL COURT  , Washington County, State of Tennessee, and now makes oath in due form of law that there is probable cause to believe that

Sean Williams

is in the possession and under the control of certain evidence of a crime, to wit: violations of state laws as set forth in Tennessee General Statute

TCA 39-13-201 (Attempted Criminal homicide)

and that evidence of said crimes will be found

200 E Main St, Suite 500, Johnson City, Tennessee 37604

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT
### STATE OF TENNESSEE
### COUNTY OF WASHINGTON

## Introduction and Affiant Background

1. I am a sworn law enforcement officer as described in Tenn. Code Ann. 39-11-106. I am a commissioned, Tennessee P.O.S.T. certified law enforcement officer and am empowered to conduct investigations of and to make arrests for offenses enumerated in Title 39 of the Tennessee Code Annotated.

2. I am currently assigned as a Criminal Investigator with the City of Johnson City, Johnson City Police Department. I have been employed by the Johnson City Police Department since October 2007 and have been assigned to the Criminal Investigations Division since March 2019. I make this sworn affidavit pursuant to an official criminal investigation in violation of Tennessee State law.

3. The information contained in this affidavit is based on my personal observations, observations of other law enforcement officers, my review of official police and government reports, and consultation with other witnesses and law enforcement officers involved in this investigation.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

Initials: Judge ____ Affiant TCS Date: 9/19/20

## The Relevant Facts and Probable Cause

On Saturday, September 19, 2020, at approximately 2:34 a.m. officers of the Johnson City Police Department were flagged down at 200 E Main St in Downtown Johnson City, Tennessee in reference to a female that fell from a fifth story window. Officers found Mikayla Evans on the ground, unresponsive.

Officers made contact with Sean Williams, who lives at 200 E Main St, Suite 500, Johnson City, Tennessee 37604. Williams told officers that Evans was inside his apartment. He stated that Evans was sitting in an open window sill and fell backwards out of the window. Williams told officers that another male was at the apartment, but he didn't know his name and that the male had left after Evans fell from the window.

Sean Williams showed Inv. Toma Sparks a video clip from the interior camera facing the entrance door to the apartment, and exterior camera facing the elevators from the entrance to the apartment. The video of the exterior camera shows Mikayla Evans, Sean Williams, and the other male enter the residence. He also showed Inv. Sparks a video clip of the interior camera showing Sean Williams and the other male exiting the residence after Mikalya Evans fell from the window. The video showed the other male walking out of the apartment with Sean Williams and getting into the elevator. When the other male was exiting the apartment he could be seen with his hands on his head. The other male did not stay and speak with officers or emergency personnel. While officers were inside the apartment, it was noted that there are video cameras inside the residence. Officers also noted that there were two video cameras that were directed towards the window that Mikayla Evans fell from. Sean Williams told Inv. Sparks that the camera's in the living room and kitchen area that would show the victim fall out the window didn't record anything on September 19, 2020. Sean Williams showed Inv. Sparks the video clips from his cell phone.

During the interview with Sean Williams, he told Inv. Justin Jenkins that he could text him the video. Inv. Jenkins asked him to email it, but he said that he would rather text it and because Inv. Jenkins had an Android phone it would not work well. Sean Williams eventually asked for an attorney. Investigator's seized his phone and powered it off. The phone was powered back on after he left to put it in airplane mode. When the phone was powered on, it had a message displaying that it was lost, which would suggest that Sean Williams has access to other devices in the residence that could be connected to the camera system.

### ITEMS TO BE SEIZED

1. Video surveillance cameras
2. Video surveillance storage devices
3. Any electronic device capable of connecting to the camera system, including but not limited to: Cell phones, computers, tablets, and personal digital assistants.
4. Any trace evidence that would suggest that an assault or struggle occurred.

## Description of Potential Charges

TCA 39-13-201 (Attempted Criminal homicide)

## Conclusion

Your affiant believes the facts set forth in this affidavit show there are reasonable grounds and probable cause to believe the property located

200 E Main St, Suite 500, Johnson City, Tennessee 37604

Therefore, based on the facts set forth in this application and affidavit, I respectfully request this Honorable Court to issue a search warrant on  Sean Williams  to provide information and /or evidence used to aid in the criminal prosecution of the case on  Sean Williams

**I SWEAR THE FOREGOING IS TRUE UNDER PENALTY OF PERJURY.**

_____   09/19/2020
AFFIANT                                                        DATE

Sworn to and subscribed before me this 19th day of Sept. 2020.

_____
JUDGE, CRIMINAL COURT
Washington County, Tennessee

# Johnson City Police Department
## THREAT ASSESSMENT FOR WARRANT SERVICE

**Date:** 09/19/20  **Case #:** W20011316  **Officer:** Sgt. David Hilton
**Search Warrant** ☑  **Arrest Warrant** ☐

**Arrest/Search Warrant Location:** 200 E Main St, Suite 500, Johnson City, TN 37604
**Arrest/Search Warrant Name:** Sean Williams  **DOB:** 11/08/1971

| I. Suspect Assessment | Yes | No | Unknown | Points |
|---|---|---|---|---|
| A. Known to use or propensity for violence: |  | ✓ |  |  |
| 1. Homicide |  | ✓ |  |  |
| 2. Armed Robbery |  | ✓ |  |  |
| 3. Assault | ✓ |  |  | 2 |
| 4. Resisting Arrest** |  | ✓ |  |  |
| 5. Assault on Peace Officer** |  | ✓ |  |  |
| 6. Other: |  |  |  |  |
| B. Is suspect on parole? |  | ✓ |  |  |
| C. Is suspect on probation? |  |  | ✓ | 1 |
| D. Is suspect a drug abuser? | ✓ |  |  |  |
| *If yes, what type(s)?* Marijuana |  |  |  |  |
| E. Is suspect an alcohol abuser? |  |  | ✓ | 1 |
| *If yes, does suspect have a history of violence while intoxicated?* |  |  |  |  |
| F. Is suspect mentally unstable? |  | ✓ |  |  |
| *If yes, describe condition:* |  |  |  |  |
| *From where was this info obtained?* |  |  |  |  |
| G. Does suspect have military/police background?** |  |  | ✓ | 2 |
| *If yes, describe branch of service/department, length of service, specialties, etc.* |  |  |  |  |
| H. Is the suspect currently/historically associated with an organization which is known or suspected of violent criminal activity? *e.g. Paramilitary, Gang, Terrorist, etc. If yes, what group or organization?* |  | ✓ |  |  |
| **Total from Suspect Assessment** |  |  |  | **6** |

**"Yes" = 2 points  "No" = 0 points  "Unknown" = 1 Point**
\* If "Yes" MANDATORY activation of SWAT, If "Unknown" 10 points   \*\* If "Yes" or "Unknown", double the point value

FM#1284
Revised 02-24-11

Case 2:23-cv-00072-JRG-CRW-JEM Document 39-6 Filed 04/30/24 Page 6 of 8 PageID #: 120
Case 2:20-cv-00170-CRW-JEM Document 79-6 Filed 04/30/24 Page 6 of 8 PageID #: 9299
PageID #: 9299

| II. Offense Assessment | Yes | No | Unknown | Points |
|---|---|---|---|---|
| A. Is the offense a felony? | | | ✓ | 1 |
| *If yes, list the offense:* | | | | |
| B. Is the offense a violent felony? | | | ✓ | 1 |
| C. Was a weapon used in the commission of the offense? | | | ✓ | 1 |
| D. Were victims injured during the commission of the offense? | | | ✓ | 1 |
| E. Was an officer injured during the commission of the offense? | | ✓ | | |
| **Total from Offense Assessment** | | | | **4** |

| III. Weapon Assessment | Yes | No | Unknown | Points |
|---|---|---|---|---|
| A. Is suspect known or believed to possess: | | | | |
|    1. Rifle - Semi-auto or bolt/lever action | | ✓ | | |
|    2. Rifle - full-auto* | | ✓ | | |
|    3. Shotgun | | ✓ | | |
|    4. Handgun | | ✓ | | |
|    5. Explosives* | | ✓ | | |
|    6. Knives | | ✓ | | |
|    7. Other: | | | | |
|       type: | | | | |
| **Total from Weapon Assessment** | | | | **0** |

| IV. Site Assessment | Yes | No | Unknown | Points |
|---|---|---|---|---|
| A. Are there geographic barriers or considerations? *If yes, describe:* | | ✓ | | |
| *(may include upstairs apartments or rooms, terrain features, etc.)* | | | | |
| B. Is the site fortified?** *If yes, describe:* | | ✓ | | |
| *(may include barricaded doors/windows, burglar bars, etc.)* | | | | |
| C. Does the site have counter surveillance personnel or monitoring devices? *If yes, describe:* | ✓ | | | 2 |
| F. Are <u>ARMED</u> counter surveillance personnel present?* | | ✓ | | |
| D. Are there more than 4 adults present at the site? | | | ✓ | 1 |
| E. Are there children, elderly persons, or handicapped persons present at the site? *If yes, describe:* | | | ✓ | 1 |
| **Total from Site Assessment** | | | | **4** |
| "Yes" = 2 points    "No" = 0 points    "Unknown" = 1 Point | | | | |
| * If "Yes" MANDATORY activation of SWAT, If "Unknown" 10 points    ** If "Yes" or "Unknown", double the point value | | | | |

Case 2:21-cv-00027-CRW-JEM Document 39-7 Filed 10/16/24 Page 7 of 8 PageID #: 121
Case 2:23-cv-00017-CRW-JEM Document 55-1 Filed 04/23/25 Page 7 of 8 PageID #: 9300

| V. Time Assessment | | <12 hrs | 12-24 hrs | >24 hrs. | Points |
|---|---|---|---|---|---|
| Time allowed for operational planning: | | ✓ | | | 4 |
| | **Total from Time Assessment** | | | | 4 |
| "Less than 12 hours" = 4 points   "12-24 hours" = 2 points   "Greater than 24 hours" = 0 Point | | | | | |
| * If "Yes" MANDATORY activation of SWAT, If "Unknown" 10 points    ** If "Yes" or "Unknown", double the point value | | | | | |

### Threat Assessment Score

| | | |
|---|---|---|
| **1-16 Points = SWAT Optional** | **Total from Suspect Assessment** | 6 |
| **17-24 Points = Consult SWAT Commander** | **Total from Offense Assessment** | 4 |
| **25+ Points = Mandatory SWAT Activation** | **Total from Weapon Assessment** | 0 |
| SWAT Not Activated    KS.  ☒ | **Total from Site Assessment** | 4 |
| SWAT Commander Consulted    ☐ | **Total from Time Assessment** | 4 |
| SWAT Activated    ☐ | **Overall Total** | 18 |

Investigating Officer Signature: _____ ID # _643_ Date: _09/19/20_

Officer's Supervisor Signature: _Sgt. D_____ ID # _564_ Date: _09-19-20_

*SWAT Commander's Signature: _Lt. _____ ID # _649_ Date: _9/19/20_

*Only required if SWAT is activated

*All Search Warrants MUST have a "Threat Assessment" completed prior to service of the warrant unless exigent circumstances exist for immediate service. Any pre-planned operation involving a Felony Arrest Warrant SHOULD have a "Threat Assessment" completed prior to warrant service, IF POSSIBLE. Copies of ALL completed "Threat Assessments" SHALL be given to and reviewed by the SWAT Commander or his designee within 24 hours of warrant service. Copies should include the actual warrant (or hit confirmation), CCH on the suspect and any other SWAT information used in completing the "Threat Assessment" for that case.*

If SWAT activation is not required then the approving supervisor should consider the risk factors when determining the resources needed to execute the warrant.

Notes/Comments: _____