| | | | |
|---|---|---|---|
| **600.07** | **May 10, 2007** | **May 10, 2007** | **Annually** |
| **Interview and Interrogation** | | **All Others** | **April 28, 2015** |

**PURPOSE**:

The purpose of this general order is to establish guidelines and procedures necessary in order to perform proper interviews and interrogations.

**DISCUSSION**:

Interviews as defined in Webster's Ninth New Collegiate Dictionary is "a meeting in which information is obtained from a person and a report or reproduction of information is obtained." Interviews may be conducted with persons that may have knowledge about a certain aspect of an investigation. Whenever possible, interviews should be conducted at a designated area within the Department. Interrogations as defined in Webster's Ninth New Collegiate Dictionary is "to question formally and systematically." Interrogations may be used for suspects and those persons directly involved in a criminal investigation. When conducting interviews or interrogations, it shall be the responsibility of the officer to strictly conform to the rights, established by the constitution, of the person being questioned (also see 600.02, Section J.). Interrogations, whenever possible, should be conducted at a designated area within the Department.

**PROCEDURES**:

A.    **Interview and Interrogation Procedures**:

      1.    Oral Interviews

            a.    Oral interviews may be conducted in everyday routine to gather information for filing of reports such as burglaries, thefts, accidents, etc.

600.07-01

2.      Non-Custodial Interviews

      a.      Non-custodial interviews will be written on Department Statement (Form #1087).

The following should be documented when conducting these interviews:

      Name of interviewee
      Address of interviewee
      Phone number of interviewee
      Date of birth of interviewee
      Date and time interview is conducted
      Narrative containing all information obtained during the interview
      Signature of interviewee
      Signature of interviewer
      Signature and I.D. of any witnesses

3.      Custodial Interviews and Interrogations

      a.      Custodial interviews and interrogations will be written on Department Statement (Form #1087) or may be video recorded.  If the statement is recorded, the officer will, in addition to the video statement, take a written statement documenting the important facts of the video statement.  This will be a condensed version of the video statement.

The following information shall be documented when conducting a custodial interview and interrogation:

      Name of interviewee
      Address of interviewee
      Date of birth of interviewee
      Phone number of interviewee
      Date and time interview is conducted
      Social Security Number or other I.D. of interviewee
      Miranda warnings, signed, date and time of signature
      Narrative containing as much information about the subject matter as possible
      Number of pages statement consist of
      Time and date the statement began and was completed
      Signature of interviewee (except those that refuse) on each page
      Signature of any witnesses to statement

4.      Custodial Interrogations of Juvenile

600.07-02

     a.     Personnel conducting custodial interrogations of juveniles shall follow procedures outlined in General Order 700.01 (Juvenile Operations).

5.     Narrative Contents

     a.     Narrative contents should answer as many of the following questions as possible along with any other information that may be obtained during the interview or interrogation:

     What? (What happened?)
     When?  (When did it happen?)
     Where?  (Where did it happen?)
     Why? (Why did it happen?)
     How?  (How did it happen?)
     Who?  (Who was involved?)
     Which?  (Which one did it?)

These are basic questions that should be asked in most interviews.  However in certain interrogations techniques, some of these questions may be inappropriate (such as why).  The interviewer should draw upon his/her interrogation training or seek the assistance of someone with more experience if he/she deems necessary.

**B.**  **Constitutional Rights Requirements**:

1.     In order to protect the constitutional rights of citizens involved in criminal investigation(s), the following procedures shall be adhered to:

     a.     Officers shall not coerce or attempt to obtain involuntary confessions or admissions from suspects.

     b.     Officers shall take no action that would in any way delay the arraignment of a person charged with a criminal offense.

     c.     Officers shall advise all suspects of the Department standard "Miranda Warning," (Form #1086) when the suspect has been placed under arrest, or deprived of their freedom.  The definition of a custodial interrogation can be confusing, so if there is doubt about a custodial interrogation the suspect should be advised of their constitutional rights.  Miranda Warnings are <u>not</u> necessary when:

     1)     A suspect has not been placed under arrest and realizes they are free to terminate the interview at any time.

     2)     An officer is conducting normal investigative questioning such as asking for name, address, etc.

600.07-03

    d.    The Miranda Warning in Spanish (Form #1086A) is available for instances involving persons speaking Spanish only, or Spanish-speaking persons with minimal English communication/comprehension skills. An officer capable of reading Spanish shall read the Miranda Warning to the subject, following the procedures listed in Section J. of this general order.

    e.    Once a defendant has expressed a desire to exercise his/her rights to counsel, officers shall make no additional attempt to interrogate him/her until he/she has accessed counsel. Access to counsel shall be permitted by allowing the defendant to use the telephone to access private counsel or taking the defendant before a judge and allowing the defendant to request access to appointed counsel.

    f.    In order to avoid improperly influencing pretrial publicity, which may prejudice a fair trial, media relations shall follow the guidelines established in General Order 200.48 (Public Information).

    g.    In accordance with T.C.A. 40-7-106, persons under custodial arrest shall not be "booked" until such time that the person has been allowed to successfully complete a telephone call to any person of his/her choice, within a reasonable time without undue delay. One hour shall constitute a reasonable time without undue delay.

2.    It is the responsibility of employees to gather intelligence/information legally, and ensure it meets the standard of reasonable suspicion. Intelligence/information that has been collected in violation of a person's constitutional rights is unusable and will be a hindrance to any further law enforcement action. Employees should also understand any activity protected by the First Amendment of the United States Constitution cannot be used to initiate a criminal or terrorism related investigation or intelligence gathering effort.

**<u>REVIEW PROCESS</u>**:

The Operations Division Commander shall conduct an annual review of this general order and shall make necessary revisions.

**<u>CANCELLATION</u>**:

This general order shall remain in force until revoked or revised by competent authority.

600.07-04