UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JANE DOE, *et. al.*, | ) |
| | ) Case No. 2:23-cv-71 |
| *Plaintiffs*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Jill E. McCook |
| JOHNSON CITY, TENNESSEE, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**ORDER**

Before the Court are Plaintiffs' objection to Magistrate Judge Jill E. McCook's order granting in part and denying in part Plaintiffs' motion for a protective order (Doc. 374) and Plaintiffs' motion to stay Magistrate Judge McCook's order pending the Court's ruling on their objection. (Doc. 382.) For the following reasons, the Court **OVERRULES** Plaintiffs' objection and **DENIES** Plaintiffs' motion to stay Magistrate Judge McCook's order.

I. BACKGROUND

On July 3, 2024, Plaintiffs filed a motion to quash or to alternatively limit the scope of depositions after counsel for Defendant Johnson City emailed subpoenas to Plaintiffs' counsel requesting depositions for Females 8, 9, and 12 in this case. (Doc. 245, at 4.) The parties initially discussed the scheduling of depositions in February 2024. (Doc. 307-1, at 2.) Consistent with these discussions, Defendants issued deposition notices to depose Female 9 on May 23, 2024, and Female 12 on June 12, 2024. (*Id.*) According to Defendants, Plaintiffs' counsel subsequently cancelled these depositions but offered to reschedule the deposition for Female 9. (*Id.*) On June 20, 2024, the parties discussed deposition dates via telephone, and

1

Defendants proposed potential dates for the depositions of Females 8, 9, and 12. (*Id.* at 2–3.) Plaintiffs' counsel then stated that they would only agree to the depositions of Females 8, 9, and 12 if Defendants agreed to a protective order beforehand. (*Id.* at 3.) The parties disagreed on the parameters of the protective order (*id.*), and Plaintiffs filed their motion to quash on July 3, 2024. (Doc. 245.)

In the motion, Plaintiffs argued that: (1) Defendants needed to obtain leave from the Court to issue deposition subpoenas on Females 8, 9, and 12 (*id.* at 13); (2) Defendants failed to show that the deposition of unnamed class members was warranted (*id.* at 13–19); and (3) Plaintiffs' proposed protective order governing these depositions (Doc. 246-1) was necessary to prevent questioning on "particular topics . . . [that] are incredibly sensitive and personal and irrelevant to issues of class certification or common issues in this case." (*Id.* at 19–20.)

Magistrate Judge McCook entered an order on September 24, 2024, denying in part and granting in part Plaintiffs' motion. (Doc. 345.) Magistrate Judge McCook rejected Plaintiffs' first argument, as she held that "Defendants have shown an agreement was reached to take the three depositions [of Females 8, 9, and 12]" and that Defendants were not required to seek leave of the Court to issue subpoenas for these depositions. (*See id.* at 10–11.) Next, Magistrate Judge McCook found that Females 8, 9, and 12 were not typical unnamed class members, and that "their depositions [are] warranted on this basis." (*See id.* at 11–16.) Then, Magistrate Judge McCook considered the proposed protective orders of Plaintiffs and Defendants. (*Id.* at 16–17.) Magistrate Judge McCook adopted the proposed order from Defendants, as there was some agreement between the parties as to the protective order, and Magistrate Judge McCook found that "Plaintiffs have not shown good cause to place [their] additional requested parameters on the depositions." (*Id.* at 17–19.)

Plaintiffs filed an objection to Magistrate Judge McCook's order on October 8, 2024. (Doc. 374.) Plaintiffs take issue with Magistrate Judge McCook's decision to adopt Defendants' proposed protective order. Plaintiffs argue that Magistrate Judge McCook "did not consider imposing any restrictions beyond what the parties had negotiated and did not address the cases Plaintiffs cited concerning protective orders regarding unnamed class members' depositions." (*Id.* at 3.) Plaintiffs also argue that further restrictions on the scope of the depositions are needed, as "unrestricted questioning concerning the 'witness's sexual conduct or any sexual assaults' . . . would retraumatize and harm these survivors needlessly and is precisely the type of questioning that places an undue burden on an absent class member and should be limited." (*Id.* at 4.)

Plaintiffs filed a motion to stay Magistrate Judge McCook's order pending the Court's ruling on their objection on October 11, 2024. (Doc. 382.)

## II.    STANDARD OF LAW

"A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law," and must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(A), (C); *see also* Fed. R. Civ. P. 72(a) (providing that "[a] party may serve and file objections" to a magistrate judge's ruling on a non-dispositive matter). Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply

3

summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

### III. ANALYSIS

Plaintiffs argue that Magistrate Judge McCook "did not consider" additional restrictions and failed to address "the cases Plaintiffs cited concerning protective orders regarding unnamed class members' depositions." (Doc. 374, at 3.) The Court finds this unconvincing. In her order, Magistrate Judge McCook explicitly outlined the reasoning supporting her decision to adopt Defendants' proposed protective order. (*See* Doc. 345, at 18–19.) Further, the cases Plaintiffs cite do not suggest Magistrate Judge McCook erred in any way. Plaintiffs offer two specific cases in their objection. (*See* Doc. 374, at 3.) In *Antoninetti v. Chipotle, Inc.*, the court found that unnamed class members "injected themselves into the litigation" and that the defendant was "not taking the proposed depositions in order to take undue advantage of class members or to harass class members." No. 06CV2671-BTM WMC, 2011 WL 2003292, at *2 (S.D. Cal. May 23, 2011) (internal quotation and citation omitted). As such, the court allowed the defendant to depose unnamed class members while limiting the depositions to one hour each. *Id.* In *Stephenson v. Fam. Sols. of Ohio, Inc.*, the court found that the defendants "failed to carry their burden of showing that the requested discovery would not be unduly burdensome or otherwise have the effect of harassing the absent class members" when the defendants failed to define "the nature or scope" of the questions they intended to ask unnamed class members in depositions. No. 1:18CV2017, 2022 WL 597261, at *12 (N.D. Ohio Feb. 28, 2022). Thus, the court held that the defendants could not depose unnamed class members. *Id.* Neither case is binding precedent upon this Court. Further, Magistrate Judge McCook sufficiently explained that Females 8, 9, and 12 "injected themselves into this litigation such that their depositions are warranted." (*See* Doc.

4

345, at 11–15 (citing *Antoninetti* at 12).) Magistrate Judge McCook also imposed restrictions on the scope of the depositions at issue, and accordingly, the "requested discovery [is] not unduly burdensome." (*See* Doc. 345, at 17–19.) Even if the cases Plaintiffs cite were binding upon the Court, Magistrate Judge McCook's order is consistent with their principles. Plaintiffs' disagreement with the parameters of the protective order Magistrate Judge McCook imposed is insufficient to sustain an objection. *See VanDiver*, 304 F. Supp. 2d at 937 ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context.").

Plaintiffs also argue that further restrictions on the scope of the depositions for Females 8, 9, and 12 are needed to protect these potential class members from harm and "undue burden." (Doc. 374, at 4.) Plaintiffs take particular issue with questioning regarding the "witness's sexual conduct or any sexual assaults." (*Id.*) This is an invalid objection to Magistrate Judge McCook's order. Plaintiffs' raised their concern regarding questioning about "sexual conduct or any sexual assaults" in their initial motion. (*See* Doc. 245, at 15–16, 20.) Essentially, Plaintiffs reiterate this argument after it was presented to Magistrate Judge McCook and after Magistrate Judge McCook found that the protective order she imposed was sufficient to meet the needs of this case. (*See* Doc. 345, at 19 ("Defendants have also agreed to some limitations with regard to certain topics, and the Court declines to impose any additional restrictions considering the allegations in the Amended Complaint; to the extent an issue arises during the depositions, the parties may contact Chambers if they cannot resolve any disputes.").) Thus, the Court deems this objection waived. *See VanDiver*, 304 F. Supp. 2d at 937; *United States v. Price*, No. 3:23-cr-35, 2023 WL 8370411, at 13 (E.D. Tenn. Dec. 4, 2023) ("[O]bjections [that] reiterate

arguments that [parties] have previously made . . . are considered general objections that do not sufficiently identify alleged errors in the [magistrate judge's order].").

Accordingly, Plaintiffs' objection to Magistrate Judge McCook's order (Doc. 374) is **OVERRULED**. Because this Order disposes of Plaintiffs' objection, the Court **DENIES** Plaintiffs' motion for a stay. (Doc. 382.)

## IV. CONCLUSION

For the reasons described above, Plaintiffs' objection to Magistrate Judge McCook's order (Doc. 374) is **OVERRULED**, and Plaintiffs' motion for a stay (Doc. 382) is **DENIED**.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**