IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on Behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| VERSUS | ) No. 2:23-cv-00071-TRM-CRW ) |
| CITY OF JOHNSON CITY, TENNESSEE, *et al* | ) ) |
| Defendants. | ) |

## NON-PARTY KEVIN PETERS' RESPONSE TO COURT ORDER (DE 388) CONCERNING PLAINTIFFS' FILING OF IRRELEVANT DISCOVERY MATERIAL (DE 335, p.1, "Exhibit 4")

Non-party Kevin Peters responds to the Court's text order DE 388 as follows:

Mr. Peters does not assert that the material that Plaintiffs filed at DE 335 as their "Exhibit 4" meets the standard for sealing from the public docket. Mr. Peters understands the Court's need to make public as much of the Court's docket as possible in the interest of transparency, and respects the "presumption of openness as to a court's record." (DE 6, *see* E.D. Tenn. L.R. 26.2).

Mr. Peters's objection is to the Plaintiffs filing this material <u>at all</u>, as it is not actually relevant to any matter before the Court. Plaintiffs should not file irrelevant discovery material that is protected by a protective order as part of a public *or* sealed record. This ESI material was produced as part of Mr. Peters's discovery responses early in the case, before the legal and factual issues were crystalized with multiple amendments to the suit. The ESI was produced, as ESI often is, due to hits from search terms, that do not necessarily render the material relevant to any issue in the case, but which terms are crafted as part of a process to ensure that relevant material *is* captured for production. The broad material was produced (not filed) in accordance with a protective order intended to protect the material from public disclosure. Plaintiffs have

disregarded the letter and spirit of that agreed protective order repeatedly, by filing material that is not appropriate, not relevant, and not necessary to the resolution of issues before the Court.

Parties should be able to rely on protective orders to produce discovery in good faith, in order to lessen discovery disputes, not to generate disputes over what should be sealed and not. Plaintiffs have flipped this in this case, and the Court has had to spend an inordinate amount of time on whether material should be sealed, all because the Plaintiffs simply do not appear to respect the provisions of the protective order or the need for those protections in order that parties may produce responsive material. See DE 211, 216, 224, 239, 247, 269, and the Court's Order requiring meet and confers and placeholders at DE 287.

The problem is not the need to meet and confer, the problem is Plaintiffs determination to file irrelevant material. The only discernible motivation is to make it appear from the volume of material filed that there is some substance to the case that simply is not there. Plaintiffs have repeatedly told the Court and the parties that there is some concrete evidence of corruption. It is crystal clear now that there is not.

This specific item at issue is a perfect example: this Exhibit 4 is a single text chain from December 2018, which has nothing whatsoever to do with anything to do with this case. It has no relationship whatsoever to any Plaintiff or Female/Jane Doe in this case. It is before the first report by anyone about Sean Williams. It is about something completely and wholly irrelevant to any fact or legal issue in this entire case. But Plaintiffs file it in order to claim that they need years of personal, post-retirement phone records from non-party Mike Street, who retired from the City years ago. Mr. Street's single text chain, one time, with a co-worker about a prior arrestee's guilty plea, has nothing in the entire world to do with any person relevant to this case, or any issue that even remotely touches on a matter relating to this case.

If Plaintiffs are permitted to file such completely irrelevant material that has nothing to do with the case, publicly, which was only produced under the assurance of a protective order, then parties are not incentivized to provide complete discovery responses, as they must necessarily recognize that the way Plaintiffs prosecute the case, a protective order is no protection at all.

Plaintiffs' earlier tactics illustrated what happens when parties refuse to provide basic material: Plaintiffs refused to provide even the most basic information. Thus, multiple motions to compel were necessary, and this has taken an inordinate amount of the Court's time. The Defendants have respected the protective order, and only highly relevant material has been filed, much of which has been heavily redacted and much of which has been placed under seal. Plaintiffs simply have not.

Mr. Peters laments Plaintiffs' failure to respect the protective order. He requests the Court simply strike this irrelevant "Exhibit 4" from the filing, rather than making it part of the public record. But Mr. Peters does acknowledge that it should not be sealed, it should simply not be filed at all.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

s/DANIEL H. RADER IV, BPR #025998
  DANIEL H. RADER IV / BPR #025998
  P. O. Box 3347
  Cookeville, TN 38502
  Phone: (931) 526-3311
  danny@moorerader.com
  Attorneys for Kevin Peters, individually

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: ashley@hmccivilrights.com

Heather Moore Collins
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com

Ms. Elizabeth A. Kramer
Mr. Kevin M. Osborne
Erickson, Kramer Osborne LLP
44 Tehama Street
San Francisco CA 94105
(415-635-0631)
Email: elizabeth@eko.law
Email: kevin@eko.law

Emily C. Taylor
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
*Attorney for the City of Johnson City, Tennessee, and Karl Turner, in his Individual Capacity*

Caroline Drinnon
HMC Civil Rights Law, PLLC
7000 Executive Center Dr.
Brentwood, TN 37027
615-724-1996
Email: caroline@hmccivilrights.com

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiff*

Mr. Keith H. Grant
Mr. Philip Aaron Wells
Ms. Laura Beth Rufolo
Robinson, Smith & Wells
633 Chestnut Street
Suite 700 Republic Centre
Chattanooga, TN 37450
Email: kgrant@rswlaw.com
Email: awells@rswlaw.com
Email: lrufolo@rswlaw.com

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
(423-929-7113)
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacities, Toma Sparks, in his official capacity, and Kevin Peters, in his official capacity*

Thomas J. Garland, Jr.
Milligan & Coleman, PLLP
230 W Depot St.
Greeneville, TN  37743
Email:  tgarland@milligancoleman.com
*Attorney for the City of Johnson City,
Tennessee, and Karl Turner, in his
Individual capacity*

Ms. Kristin E. Berexa
Mr. Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN  37027
615-254-3060
Email:  kberexa@fbb.law
ballen@fbb.law
*Attorneys for Toma Sparks*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA  94602
510-500-9634
Email: vanessa@advocatesforsurvivors.com

  This the 18th day of October, 2024.

        MOORE, RADER AND YORK, P. C.

        s/DANIEL H. RADER IV, BPR 025998
         DANIEL H. RADER IV / BPR #025998
         P. O. Box 3347
         Cookeville, TN  38502
         (931-526-3311)
         danny@moorerader.com