UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JANE DOE, *et. al.*, | ) |
|     *Plaintiffs*, | ) Case No. 2:23-cv-71 |
| v. | ) Judge Travis R. McDonough |
| JOHNSON CITY, TENNESSEE, *et al.*, | ) Magistrate Judge Jill E. McCook |
|     *Defendants*. | ) |

**ORDER**

Before the Court is Plaintiffs' motion for relief from Local Rule 83.2 (Doc. 366), a rule that bars an attorney from "mak[ing] or participat[ing] in making an extrajudicial statement . . . which a reasonable person would expect to be disseminated by means of public communication" under certain circumstances. E.D. Tenn. L.R. 83.2. Specifically, Counsel for Plaintiffs seek relief from the rule in order "to make a statement in accordance with Tennessee Rule of Professional Conduct 3.6(c)," which permits "a lawyer [to] make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client" as long as that statement is "limited to such information as is necessary to mitigate the recent adverse publicity." Tenn. Sup. Ct. R. 8, RPC 3.6(c). According to Local Rule 83.6, "[t]he minimum standards of professional conduct before this Court include the Rules of Professional Conduct adopted by the Supreme Court of Tennessee insofar as they relate to matters within the jurisdiction of this Court."

The Court finds it appropriate to grant relief from Local Rule 83.2 for the limited purpose of making a statement in accordance with Tennessee Rule of Professional Conduct 3.6(c). *See United States v. Oakley*, No. 3:07-cr-88, 2007 WL 2123907, at *3–4 (E.D. Tenn. July 20, 2007)

1

(granting relief from Local Rule 83.2 to permit counsel to make a statement pursuant to Tennessee Rule of Professional Conduct Rule 3.6(c)). Counsel for Plaintiffs seek to respond to public statements made by Johnson City's former city manager Cathy Ball concerning a possible real estate deal between Ball and Sean Williams. (Doc. 366, at 2–3.) Counsel's response must be carefully limited to what is "required to protect [their] client[s] from the substantial undue prejudicial effect" of the publicity, taking care only to include information "necessary to mitigate the recent adverse publicity." Tenn. Sup. Ct. R. 8, RPC 3.6(c). Plaintiffs' counsel shall not discuss any confidential information in this case and shall take care to discuss only the matters explicitly outlined in their motion (Doc. 366, at 2–3). The Court **GRANTS** Plaintiffs' motion for relief from Local Rule 83.2 (Doc. 366) but reiterates that any public statements shall be strictly limited to the real estate deal outlined in Plaintiffs' motion.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**