IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE GREENEVILLE DIVISION

| | | |
|---|---|---|
| B.P., H.A., and S.H., individually, and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| VERSUS | ) ) | No. 2:23-cv-00071-TRM-CRW |
| CITY OF JOHNSON CITY, TENNESSEE, *et al* | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR LEAVE TO DEPOSE MS. BAEHR-JONES

This memorandum is submitted on behalf of all Defendants, in support of their Motion for Leave to Depose Ms. Baehr-Jones. As set forth in the Motion, Defendants attempted to confer with Ms. Baehr-Jones concerning a deposition, including any appropriate limits with respect to privilege and/or work product, but Ms. Baehr-Jones ignored the written request to meet and confer, entirely. Recognizing the sensitivity of such a request, Defendants believe it is better to file this Motion to seek leave of court, than to simply issue a notice for Ms. Baehr-Jones to give a deposition. If leave is granted, Defendants will continue to try and work with Ms. Baehr-Jones concerning appropriate limits and scheduling.

Plaintiffs' counsel Ms. Baehr-Jones has made herself a necessary witness in this case through (1) her interrogation of District Attorney Finney during his deposition, (2) her own declarations filed in this case which detail substantive evidence, and (3) the depositions and discovery responses of BP and HA.

<u>DA Finney Deposition</u>:

Ms. Baehr-Jones herself highlighted her personal involvement with the underlying facts, during the deposition of non-party, independent witness District Attorney General Finney on July

17, 2024.  Ms. Baehr-Jones personally interrogated General Finney at considerable length **about her own interactions with him** about and involving the facts of the underlying case.  Plaintiffs have made a specific issue in this case about the fact that Sean Williams has still not been indicted or charged with sexual assault, which presumably goes at a minimum to Plaintiffs' damages claims and probably also to liability, considering the suit alleges that the Defendants' actions prevented the prosecution, as opposed to merely delaying it.  General Finney testified that Ms. Baehr-Jones personally impeded the charging and indictment of Sean Williams for the crimes allegedly perpetrated against the named Plaintiffs and her other clients, by specifically hindering General Finney's efforts to work with the named and unnamed Plaintiffs, and preventing them from cooperating with General Finney and his team to charge, indict, and try Mr. Williams for the crimes against plaintiffs.

Ms. Baehr-Jones's actions which were the subject of her interrogation of Mr. Finney had nothing to do with her representation of her clients in this civil litigation; these are actions that Ms. Baehr-Jones has taken outside the civil litigation, the facts of which are significant and material to this case.  Indeed, General Finney testified (in response to Ms. Baehr-Jones's own questions) about contacting the Tennessee Board of Professional Responsibility about her involvement in the underlying facts as an out-of-state attorney and that her *pro hac vice* admission in this federal civil litigation does not extend to her representation of these individuals as potential victims in criminal matters in state criminal court and entirely outside of this civil case.  Again, none of Defendants' counsel elicited this testimony at all; Ms. Baehr-Jones asked General Finney all of these questions herself.  Respectfully, it is not appropriate for Ms. Baehr-Jones to interrogate a witness about her own actions outside of this civil litigation; she is clearly a material witness in this case.

<u>Declarations of Ms. Baehr-Jones and Deposition Testimony and Discovery Response of BP and HA:</u>

Ms. Baehr-Jones's numerous Declarations filed in this case, as well as the testimony of named Plaintiffs H.A. and B.P., also make it clear that Ms. Baehr-Jones is an essential, material witness in this case.

As has been discussed in numerous filings with the Court, Plaintiffs have refused to provide documentation of any supposed corruption. But Plaintiffs themselves refused to identify any such evidence, directing Defendants to Plaintiffs' counsel:

Q. All right. Do you know anything that he [Kevin Peters] has done with respect to Sean Williams at all?

A. Specifically him?

Q. Yeah.

A. I do not know. That's not my job to know, so I would say that would be something my lawyers would know. I don't specifically know that information, those details about him.

\*  \*  \*

Q. All right. What is the basis for you to say that Kevin Peters was involved in any extortion involving Sean Williams, that individual?

A. That is not my job to explain. That is my lawyers' job.

\*  \*  \*

Q. So you don't -- you can't name a single witness today. Can you provide a single document today?

MS. KRAMER: Objection.

A. That is not my responsibility. It is the responsibility of my lawyers.

\*  \*  \*

Q. And so that's the question. What facts do you know of that are not in the filing that you claim that any of these individuals, not just some broad scattershot Johnson City Police Department, but any of these individuals, can you tell me any facts that are not in your filing?

MS. KRAMER: Objection.

A. I cannot tell you any facts that are not in the file. That is the responsibility of my lawyers as well as other Defendants in this case.

[Deposition of H.A., p. 276 line 19 through 282 line 9 (excerpted)].

Separately from all of that, Ms. Baehr-Jones has filed no fewer than 34 Declarations of herself in this case – before and after Defendants' written request to Ms. Baehr-Jones for a deposition – many of which are substantive in nature as opposed to simply authenticating documents. [DE 75-1; 99; 110-1; 113-1; 176-1; 190-1; 205-1; 217-1; 221-1; 226-2; 235-1; 237; 241; 245-1; 246; 268-1; 280-1; 283-1; 288-1; 298-1; 299-1; 325-1; 330-1; 334; 346-1; 350; 363-1; 371; 374-1; 366; 391-1; 393-1; 394; 406.].

With each of her Declarations, Ms. Baehr-Jones makes substantially the same blanket statement, affirmatively offering to testify: "I have personal knowledge of the foregoing matter and could, *and would*, testify competently thereto under penalty of perjury." (italics added)

As one example, an independent non-party witness, Female 4, testified about her own interactions with Ms. Baehr-Jones, personally. These were statements that Female 4 had also confirmed privately and contemporaneously to Plaintiff H.A. months before any depositions in this case (which H.A. surreptitiously recorded). <u>Ms. Baehr-Jones responded with a detailed Declaration of her own (DE 241), extensively contradicting the witness's sworn testimony</u> (as well as the witness's contemporaneous private conversation with Plaintiff H.A.), specifically in support of a Court filing in which the Plaintiffs' attorney Ms. Baehr-Jones claimed that this independent

non-party Female 4 was not credible: "Female 4 was not a credible witness during her deposition." (DE 240).

Further, substantively, Ms. Baehr-Jones testified in her Declaration that she has corroboration of the infamous Facebook post referenced in the operative complaint; yet no corroboration has been produced in discovery or identified by Plaintiffs in the Rule 26 disclosures. The <u>testimony</u> from Ms. Baehr-Jones regarding a conversation she had with Female 4 states: "I explained that I would not have included the Facebook posts in the complaint without having some corroboration, and I stated that I thought the truth would come out. I said I would appreciate it if she would share whatever the truth is about these posts. She stated she had never had anything to do with Williams' business for many years. She stated she had never even met Toma Sparks." (DE 241, PageID # 6818).

To be sure, Plaintiffs have not withdrawn their specious claims that Female 4 paid off Toma Sparks and other JCPD officers despite no evidence or testimony that has been adduced that such an event occurred. Thus, the secret corroboration Ms. Baehr-Jones *testified to the Court* that she has is critical to the case, and must be discovered. The Defendants are left with no understanding of what facts, if any, plaintiffs have to corroborate the Facebook post or any of their corruption allegations. Defendants should not be left to guess and speculate what proof plaintiffs have-this is the purpose of discovery. If the only way such evidence can be discovered is through the deposition of Mr. Baehr-Jones because she is the only one with such information, then defendants should be allowed to take her deposition.

Plaintiffs have also made the credibility of Female 4 a critical issue in the case: "What is far more probative is that Female 4 did not appear to testify credibly during her deposition…" (DE

283, PageID# 7426). Plaintiffs' election to place this credibility squarely at issue certainly makes Ms. Baehr-Jones's *testimony* on this subject highly "*probative*" (in Ms. Baehr-Jones's own words).

On other topics, Ms. Baehr-Jones has also offered *testimony* (as opposed to argument in a motion or response) about the credibility of non-party City employee Cathy Ball (whom Plaintiffs simultaneously threatened to add as a Defendant, DE 280, PageID# 7377): "After Ball's deposition, the City turned over additional discovery that undermined the credibility of Ball and her claim—made again at the press conference…" (DE 280-1, PageID# 7383).

Like she did concerning Female 4's testimony about her, Ms. Baehr-Jones also *testified* (as opposed to argument in a motion or response) apparently intending to bolster Ms. Baehr-Jones's own credibility, by criticizing Ms. Ball's statements about Plaintiffs' counsel: "During the press conference, Ball also took the opportunity to denigrate the reputation and credibility of Plaintiffs and their counsel…" (DE 280-1, PageID# 7384).

In yet two other Declarations, Ms. Baehr-Jones testified as to facts that she claims to know about the core elements of the case: "On August 2, 2023, I learned during a telephone call with U.S. Department of Justice Trial Attorney Julie Pfluger and FBI Special Agent Durant that many of my clients were depicted in images and/or videos found on Sean Williams' digital devices, including, but not limited to, B.P., H.A., Female 9, and Female 12." (DE 245-1, PageID# 6924; DE 246, PageID# 6930)

Notably, Ms. Pfluger, who Ms. Baehr-Jones claims to be the source of her information, is exempt from testifying pursuant to *Touhy v. Ragan*, 340 U.S. 462 (1951), and 28 C.F.R. § 16.22.

<u>Importantly</u>, the Department of Justice has rejected Defendant's attempts to obtain such information through other means, relying on *Touhy*. (See attached letter from U.S. Attorney Francis Hamilton). Thus, Ms. Baehr-Jones is the <u>sole source of discovery</u> on this important topic.

4861-3345-2695.3 Case 2:23-cv-00071-TRM-JEM Document 415 Filed 10/31/24 Page 6 of 14
PageID #: 9851

Confirming the independent testimony of General Finney previously discussed, it appears that Ms. Baehr-Jones also testified that her representation of these individuals extended outside this civil litigation, and that she represented them a year before this suit was even filed, in connection with state court criminal investigations into Sean Williams – the core underlying facts of this civil litigation. More troubling, Ms. Baehr-Jones testified about her own actions to interfere with General Finney's effort to charge and indict Sean Williams, by moving to conceal the identities of the victims from these prosecutors. This voluntary, affirmative, substantive testimony by Ms. Baehr-Jones in her declaration waives any claim that she should not give a deposition concerning her actions. Ms. Baehr-Jones testified:

> 12. In **July 2022** [nearly a year before this lawsuit was filed], I began representing certain victims of Williams in any criminal investigations into Williams' sexual assaults or JCPD officers' misconduct in relation to Williams. In this capacity, I communicated with U.S. Department of Justice prosecutors, who, in or around November 2022, opened an investigation into potential violations of 18 U.S.C. § 1591. Plaintiffs were interviewed by the FBI as part of the FBI's sex trafficking investigation in 2022-2023.
>
> 13. To my knowledge, the U.S. Department of Justice sex trafficking investigation into Sean Williams is ongoing.
>
> 14. On July 26, 2023, I met telephonically with District Attorney General Steven Finney and Assistant DA Abby Wallace *to discuss my clients' participation in the criminal prosecution(s) of Williams.* DOJ Trial Attorney Julie Pfluger and FBI Special Agent Paul Durant were also on the call. I took contemporaneous notes of the meeting. During the call, I represented that my clients desired criminal accountability for Williams *and were willing to cooperate in any criminal investigation which would lead to his prosecution for their assaults*. I asked for an update on the physical evidence submitted by my clients, and for any other updates the DA's office could provide on the status of the investigations, and specifically, whether there was a video of one of my clients' rapes. I also asked whether I could receive redacted versions of my clients' statements and police reports.
>
> 15. Ms. Wallace stated that she would be unable—as a matter of law— to give any information about this evidence or to provide victim statements or police reports.

16. Ms. Wallace indicated during the call that she would not be able to take any steps to protect the identities of the victims during a criminal prosecution. Ms. Wallace stated that she always filed indictments in rape cases publicly with the victim's full name listed. She further stated that there was no legal basis to ensure the confidentiality of a victim's identity, that she did not have a practice of obtaining protective orders, and she had never asked a court to seal any information pertaining to a rape victim's identity.

17. During the call, DA Finney stressed that it was important that the victims come into the DA's office in person in order for them to be able to move forward with prosecutions.

18. Ms. Wallace provided an estimate that indictments in the cases of Williams' sexual assault victims would be filed by the end of the year (2023).

19. **The following day, increasingly alarmed with the DA's office's response to my questions, I contacted SA Durant and Ms. Pfluger and requested that, for now, they not share the complete list of my clients' identities with the DA's office.**

[DE 221-1, PageID# 4525-4527] (emphasis added).

Ms. Baehr-Jones's testimony confirms that her interactions involved the criminal case, not this civil litigation. Ms. Baehr-Jones first testified that her clients would cooperate with any prosecution; then she testified that she prevented federal authorities from providing even the identity of the victims to the prosecutors.

This testimony is highly probative as to Plaintiffs' damage claims at a minimum, and likely as to liability as well. In multiple filings, Plaintiffs have reiterated how important it is to the Plaintiffs that Sean Williams be prosecuted: "For example, B.P. is adamant that she wanted her case to be investigated and prosecuted." (DE 235, Page ID# 5514). Ms. Baehr-Jones's personal interference with that effort at prosecution by non-parties is extremely probative on this point.

In addition, Ms. Baehr-Jones has expanded her attack, even writing to the Department of Justice's Office of the Inspector General and the FBI's Office of Professional Responsibility, to complain about FBI agents, and even an Assistant U.S. Attorney, in connection with Ms. Baehr-

Jones's own interactions with them, and her claims of bias. Ms. Baehr-Jones's own letter to the Office of Inspector General catalogs Ms. Baehr-Jones's own conduct. This letter is filed under seal accompanying this Motion.

Further, the caselaw in the Eastern District is fairly well-settled on this issue. The following is an unedited quote from well-respected Judge Susan Lee, explaining the standard in a case in which Judge Lee ordered the Plaintiffs' attorney to testify:

> Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "A party may, by oral questions, depose any person, ..." Fed. R. Civ. P. 30(a)(1). This Court has previously noted that while depositions of opposing counsel "are strongly disfavored," the Federal Rules of Civil Procedure do not prohibit such depositions. *Nisus Corp. v. Perma-Chink Sys., Inc*., No. 3:03- cv-120, 2004 WL 6081220, at *3 (E.D. Tenn. Sept. 17, 2004) (quoting *Alcon Lab., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 342 (S.D.N.Y. 2002)).
>
> Although opposing counsel is not absolutely immune from being deposed, "[d]iscovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose the opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *Chesher v. Allen*, 122 Fed.Appx. 184, 186 (6th Cir. 2005). The deposition of opposing counsel is appropriate where the relevant party witnesses testify "that they either could not testify to the scope of [counsel's] involvement [in an issue critical to the case], or that they cannot recall with the requisite specificity."

*Hamilton Co. Emer. Comm. Dist. v. Bellsouth Telecommunications LLC*, 2013 WL 11327675 at *2 (E.D. Tenn. 2013). See also *Eon Streams Inc. v. Clear Channel Communications, Inc*., 2007 WL 954181 (E.D.Tenn. 2007).

As the Eastern District caselaw consistently notes "Any person testifying to a contested issue is a necessary witness." *Eon Streams*, at *4. This standard is indisputably met here.

There is no one else who can testify to these disputed issues. Ms. Baehr-Jones clearly disputes anyone else's recollection of her interactions with them, even non-parties like Female 4 and District Attorney General Finney. With respect to Ms. Baehr-Jones's claim that she has secret corroboration of the corruption allegations, the named Plaintiffs refused to provide any information, directing Defendants to Ms. Baehr-Jones. Mr. Baehr-Jones has not provided any evidence of such corroboration--not even in interrogatories that were served to elicit this information from her clients.

This is precisely the example laid out in *Hamilton Co. Emer. Comm. Dist.*: "The deposition of opposing counsel is appropriate where the relevant party witnesses testify 'that they either could not testify to the scope of [counsel's] involvement [in an issue critical to the case], or that they cannot recall with the requisite specificity.'" Finally, the information is clearly not privileged: these are interactions with third-parties. Even if there were some privilege, it has long-since been waived by Ms. Baehr-Jones's actual testimony concerning same in her 21 Declarations.

<u>CONCLUSION</u>

For the foregoing reasons, the Defendants move for leave of court to depose Plaintiffs' counsel Ms. Baehr-Jones.

Respectfully submitted,

MOORE, RADER AND YORK, P. C.

By <u>DANIEL H. RADER IV, BPR 025998</u>
    DANIEL H. RADER IV, BPR 025998
    ANDRE S. GREPPIN, BPR 036706
    P. O. Box 3347
    Cookeville, TN  38502
    Phone: (931) 526-3311
    Fax: (931) 526-3092
    danny@moorerader.com
    Attorneys for Karl Turner in his

individual capacity

WATSON ROACH BATSON & LAUDERBACK

By <u>EMILY C. TAYLOR, BPR 027157</u>
 EMILY C. TAYLOR, BPR 027157
 P. O. Box 131
 Knoxville, TN 37901-0131
 864-637-1700
 etaylor@watsonroach.com
 Attorneys for the City of Johnson City, Tennessee, and Karl Turner, in his individual capacity

FARRAR BATES BEREXA

By <u>KRISTIN E. BEREXA, BPR 023274</u>
 KRISTIN E. BEREXA, BPR 023274
 BENJAMIN C. ALLEN, BPR 035923
 12 Cadillac Drive, Suite 480
 Brentwood, TN 37027
 615-254-3060
 kberexa@fbb.law
 ballen@fbb.law
 Attorneys for Toma Sparks, individually

ROBINSON, SMITH & WELLS

By <u>KEITH H. GRANT, BPR 023274</u>
 KEITH H. GRANT, BPR 023274
 PHILLIP AARON WELLS, BPR 036248
 LAURA BETH RUFOLO, bpr015622
 633 Chestnut Street
 Suite 700 Republic Centre
 Chattanooga, TN 37450
 423-756-5051
 kgrant@rswlaw.com
 awells@rswlaw.com
 lrufolo@rswlaw.com
 Attorneys for Justin Jenkins, individually

HERRIN, BOOZE & MCPEAK

By <u>K. ERICKSON HERRIN, BPR 012110</u>
   K. ERICKSON HERRIN, BPR 012110
   P. O. Box 629
   Johnson City, Tn 37605-0629
   423-929-7114
   lisa@hbm-lawfirm.com
   Attorneys for City of Johnson City

BURCH, PORTER & JOHNSON, PLLC

By <u>JONATHAN P. LAKEY, BPR 016788</u>
Jonathan P. Lakey, BPR # 016788
130 North Court Avenue
Memphis, TN 38103
Phone: (901) 524-5024
Email: jlakey@bpjlaw.com

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com
Email: ashley@hmccivilrights.com
*Attorney for Plaintiffs*

Emily C. Taylor
Reid A. Spaulding
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
Email: rspaulding@watsonroach.com
*Attorneys for the City of Johnson City, Tennessee, and Karl Turner, in his individual capacity*

Keith H. Grant
Laura Beth Rufolo
Philip Aaron Wells
Robinson, Smith & Wells, PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
423-756-5051
Email: kgrant@rswlaw.com
Email: lrufolo@rswlaw.com
Email: awells@rswlaw.com
*Attorneys for Justin Jenkins, in his individual capacity*

Jonathan P. Lakey
Burch, Porter & Johson, PLLC
130 N. Court Avenue

Kevin Osborne
Elizabeth Kramer
Julie C. Erickson
44 Tehama St.
San Francisco, CA 94105
Email: kevin@eko.law
Email: elizabeth@eko.law
Email: julie@eko.law
*Pro Hac Vice Attorneys for Plaintiffs*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiffs*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
423-929-7113
Email: lisa@hbm-lawfirm.com
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacity, Toma Sparks, in his official capacity, and, Kevin Peters, in his official capacity*

Kristin E. Berexa
Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
615-254-3060
Email: kberexa@fbb.law
Email: ballen@fbb.law
*Attorneys for Toma Sparks*

Memphis, TN 38103
901-524-5000
Email: jlakey@bpjlaw.com
*Attorney for City of Johnson City, Tennessee*

    This the 31st day of October, 2024.

                      MOORE, RADER AND YORK, P. C.

                      By DANIEL H. RADER IV, BPR 025998
                          DANIEL H. RADER IV, BPR 025998
                          P. O. Box 3347
                          Cookeville, TN 38502
                          Phone: (931) 526-3311
                          Fax: (931) 526-3092
                          danny@moorerader.com
                          Attorneys for Karl Turner in his individual capacity