UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:23-CV-71-TRM-JEM |
| CITY OF JOHNSON CITY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Notice of Lodging Documents Under Seal [Doc. 331]. Defendants City of Johnson City ("Johnson City") and Karl Turner filed a response to the motion [Doc. 362], and Plaintiffs filed a reply [Doc. 376]. The Court addressed the motion at a hearing on November 6, 2024. Attorneys Vanessa Baehr-Jones and Ashley Walter appeared on behalf of Plaintiffs. Attorneys Emily Taylor and Jonathan Lakey appeared on behalf of Defendant City of Johnson City ("Johnson City"). Attorneys Emily Taylor and Daniel Rader appeared on behalf of Defendant Karl Turner. Attorney Daniel Rader also appeared on behalf of Kevin Peters. Attorney Kristin Berexa appeared on behalf of Defendant Toma Sparks. Attorney Keith Grant appeared on behalf of Justin Jenkins and Defendant Jeff Legault.

This motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.2(a). For the reasons stated below, the Court **GRANTS IN PART, DENIES IN PART, and HOLDS IN ABEYANCE IN PART** the motion [**Doc. 331**].

I.     ANALYSIS

On June 21, 2023, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 6] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access" [*Id*. at 3]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

Plaintiffs' Notice relates to sealing Exhibits 4, 12,[1] 13, and 16 [SEALED Docs. 332-1 to 332-4] to the Declaration of Vanessa Baehr-Jones ("Baehr-Jones Declaration") in support of Plaintiffs' Opposition to Kevin Peters'[s] Motion to Quash and for Protective Order ("Opposition") [Doc. 310]. In addition, Plaintiffs' Notice relates to one redaction in the Opposition [SEALED Doc. 332].

A.     **Exhibit 4 and the Opposition [SEALED Docs. 332-1 and 332]**

Plaintiffs state that Exhibit 4 should be sealed because "it contains financial records and personal identifying information for [Johnson City Police Department ("JCPD")] officer Justin Jenkins" [Doc. 331 p. 1]. They submit that they "have met and conferred with [Mr.] Jenkins'[s] counsel regarding de-designating redacted versions of these bank records but have not been able to

---

[1] Plaintiffs manually filed Exhibit 12 because it is video recording.

reach an agreement" [*Id.*]. To the extent the parties do not resolve the issues, "Plaintiffs' counsel anticipates filing a motion to de-designate" [*Id.*].

Mr. Jenkins did not respond to the motion; however, the Court is familiar with Exhibit 4. The Court previously granted Mr. Jenkins's request to seal this document [*See* Doc. 389]. And Mr. Jenkins filed the same exhibit with limited redactions in the public record [*See* Doc. 338-1]. The Court therefore **GRANTS** the request to seal Exhibit 4 [**Doc. 332-1**], and it **SHALL REMAIN SEALED**.[2]

With respect to the Opposition, the only redaction is to Mr. Jenkins's total financing payments [*See* Doc. 330 p. 3]. Mr. Jenkins has now filed this number in the public record [*See* Doc. 338-1 p. 2]. The Court therefore **DENIES** the request to seal the Opposition and **DIRECTS** Plaintiffs to refile the Opposition in CM/ECF without redactions on or before **November 12, 2024**. In accordance with Rule 12.2 of the ECF Rules and Procedures, the Court **DIRECTS** the Clerk's Office to **DELETE** the Opposition [**SEALED Doc. 332**].

### B. Exhibits 12 and 13 [Manual Exhibit and Doc. 332-2]

According to Plaintiffs, "Exhibit 12 is a copy of the video taken of JCPD officers opening [Sean] Williams'[s] safe in September 2020" [Doc. 331 p. 1]. "Exhibit 13 contains property receipts from the search of [Sean] Williams'[s] property in September 2020 as part of Female 3's case" [*Id.*]. Plaintiffs contend that these exhibits should not be sealed [*Id.*].

Defendants Johnson City and Karl Turner state that Exhibits 12 and 13 "pertain to active criminal investigations" [Doc. 362 p.1]. They assert that Exhibit 13 "contains a description of all

---

[2] Plaintiffs did not file placeholders for the exhibits that are subject to the motion to seal [*See* Doc. 330]. Given that, instead of refiling Exhibit 4 in the record, the Court will refer to Mr. Jenkins's filings [SEALED Doc. 341-1 and Doc. 338-1] when adjudicating the underlying motion.

3

Case 2:23-cv-00071-TRM-JEM    Document 434    Filed 11/08/24    Page 3 of 9    PageID #: 10399

evidence that was seized as part of the investigation into Female 3's fall, which in turns means that [it] contains a description of the evidence that will be used at trial if any charges are brought against Sean Williams related to Female 3" [*Id*. at 1–2]. In support of their position, they cite to the previously filed Declaration of Emily Taylor [*Id*. at 2 (citing Doc. 294-1)]. In that declaration, Attorney Taylor stated, "Based on my correspondence with the First Judicial District Attorney General Steve Finney's Office, which the Plaintiffs in this case have publicly filed [*see* Doc. 221-17],[3] I learned that General Finney's office considered the cases involving Sean Williams as 'active'" [Doc. 294-1 ¶ 3 (citation omitted)]. She submitted:

> 7. When I learned that the Plaintiffs in this case wanted to publicly file documents pertaining to JCPD's investigative files regarding Sean Williams, I contacted General Finney's Office on June 1, 2024, to see if doing so would jeopardize his Office's pending criminal investigations.
>
> 8. On June 17, 2024, Investigator Michael Little from the First Judicial District Attorney's Office contacted me via telephone in response to my June 1, 2024 email to General Finney. In this phone call, Investigator Little informed me that the investigations involving Sean Williams remained open and pending. He also told me that, since the investigations involving Sean Williams were open investigations, publicly filing any investigative documents could jeopardize the investigations. Thus, he asked that the documents not be filed publicly at this time. Investigator Little told me that he would contact me in the event there was a change in the status of the investigations.
>
> 9. Since my June 17, 2024 phone call with Investigator Little, neither General Finney nor Investigator Little has communicated to me that the investigations involving Sean Williams are closed or inactive.

---

[3] This letter is from District Attorney General Steven R. Finney dated February 2, 2024, which states that "[a]s of today's date, all cases that originated in Johnson City are still being investigated and are active." [Doc. 221-17]. He contends that the only documents subject to discovery are those that are public and that "[a]ny other documents, recordings[,] or physical evidence are not discoverable at this could impede the status of active criminal cases" [Doc. 221-17].

4

> 10. To my knowledge, the criminal investigations regarding Sean Williams that originated with the Johnson City Police Department are open and active investigations.

[*Id.* ¶¶ 7–10 (citation omitted)]. Defendants filed a similar declaration to support their request here [*See* Doc. 362-1].[4] They state that the exhibits should remain sealed given that they pertain to active investigations [Doc. 362 p. 2 (citation omitted)].

Plaintiffs reply that the Court should deny Defendants' request to seal Exhibits 12 and 13, stating that "this Court has already denied an identical request from Defendant [Johnson] City to continue sealing evidence collected in Mikayla Evans's (Female 3's) case for failing to set forth any particularized basis for sealing, and because [Defendant Johnson] City's reliance on a purported instruction from the District Attorney's Office" [Doc. 376 p. 1]. Plaintiffs request that the Court "enter an order prohibiting [Defendant Johnson] City from seeking to seal City-produced documents from Sean Williams'[s] victims' case files, absent a specified justification other than an instruction from the District Attorney's Office" [*Id.* at 1–2 (footnote omitted)]. Plaintiffs contend that Defendants do not explain why Exhibit 12, the video recording of JCPD officers opening Sean Williams's safe "would interfere in any way with any ongoing investigation into [Ms.] Evans'[s] fall from the window of Sean Williams'[s] penthouse apartment on September 19, 2020" [*Id.* at 2]. "Similarly," Plaintiffs state, "[Defendant Johnson] City provides no basis for why public disclosure of Exhibit 13, the property receipts [that] contain the items seized from [Sean] Williams'[s] apartment, would interfere with any investigation relating to [Ms.] Evans" [*Id.*].

During the hearing, Attorney Rader argued that Plaintiffs did not comply with the Protective Order Governing the Testimony of Personnel in the District Attorney General's Office For the First Judicial District ("Protective Order") [Doc. 260]. It states:

---

[4] Indeed, the declarations are identical in substance, except the later filed declaration [Doc. 362-1] includes another paragraph about Defendant Turner's cell phone records.

> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must receipt the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

[*Id*. ¶ 6]. The parties must then participate in a meet and confer process [*Id*.]. If the parties do not resolve the issue, they may file motions [*Id*. ¶¶ 7–8].

Plaintiffs argued at the hearing that they have participated in many meet and confers over these exhibits, citing to their counsel's declaration. In support of Plaintiffs' reply, they filed the Declaration of Vanessa Baehr-Jones [Doc. 377]. It includes an email exchange with Senior Assistant Attorney General Mary McCullohs [*Id*. ¶ 4]. The first email, dated October 2, 2024, from Plaintiffs' counsel to Senior Assistant Attorney General Mary McCullohs states:

> As you may know, the City has designated Sean Williams' victims' case files "Confidential" under the Protective Order in our lawsuit based on an instruction from the District Attorney's office. The City is asserting this designation even if the victim PII and sensitive details about their assaults are redacted from the documents prior to any public filing.
>
> We litigated this issue with respect to Mikayla Evans' case files, and the Court ruled yesterday that the documents at issue be unsealed. See attached.
>
> We believe that documents produced by the City from Sean Williams' victims' case files can be filed publicly with appropriate redactions. As Plaintiffs' counsel, we would be filing this material only as needed to advocate for the rights of sexual assault survivors, and with careful protection of their privacy and dignity.
>
> We do not think the Protective Order allows the City to maintain the confidentiality designation of these documents (when redacted) based on an instruction from the DA's Office.
>
> Please advise if your office is continuing to instruct the City not to de-designate.

6

[Doc. 377-2 p. 2]. On October 8, 2024, Plaintiffs' counsel sent another email to Senior Assistant Attorney General Mary McCullohs [*Id.* at 1]. Plaintiffs' counsel states:

> I am following up on my October 2 email to you. Please advise by COB tomorrow if the DA's Office is maintaining its instruction to the City regarding Sean Williams' victims' case files.
>
> As explained below, we do not think the Protective Order allows the City to maintain the confidentiality designation of these documents (when redacted) based on that instruction, and particularly given the Court's recent order directly on point (attached again for your convenience). If we do not hear back, we will assume that the DA's instruction on this issue is no longer in effect.

[*Id.*]. On the same day, Senior Assistant Attorney General Mary McCullohs responds, "The First Judicial District Attorney's Office continues to assert any investigatory privilege related to the ongoing and active investigations of Sean Williams" [*Id.*].

Starting with the Protective Order, it does not appear that the Protective Order applies in this situation as it "govern[s] the Plaintiffs' depositions of any personnel in the [DA's Office]" [Doc. 260 p. 1]. Later, it states that the DA's Office's "rights under this Protective Order are limited to testimony, documents, evidence, or other tangible items produced or examined during the depositions of personnel from the [DA's Office]" [*Id.* ¶ 4]. There is no indication that Exhibits 12 or 13 were produced or examined during depositions of personnel from the DA's Office.

That leaves Defendant Johnson City's reliance on the same filings that the Court previously found insufficient. On September 3, 2024, the Court entered an order relating to sealing the photographs taken of Sean Williams's apartment as part of the investigation into Female 3's case [Doc. 312; *see also* Docs. 285, 285-1 to 285-7]. With respect to that dispute, Defendants relied on the same declaration that they filed here [*See* Doc. 294-1 and Doc. 362-1]. They also relied on the same case law in support of their request [*See* Docs. 262 and 294]. The Court's September 3 Order addressed both [Doc. 312]. The Court concluded, "Defendants do not sufficiently explain whether

these particular exhibits are part of an open investigation and how filing them would jeopardize the investigations considering the age of the exhibits and the information that is already public" [*Id.* at 6 (citation omitted)]. The Court, however, placed the exhibits under seal provisionally and directed Defendants or the District Attorney General's Office for the First Judicial District ("DA's Office") to provide supplemental "authority and/or evidence supporting the continued sealing of these documents" [*Id.*]. They did not do so, and the documents were later unsealed [*See* Doc. 358].

Because it appears that the DA's Office continues to assert confidentiality as to Sean Williams's case files but was not present at the hearing, the Court will afford it an opportunity to respond. The Court **ORDERS** Plaintiffs to provide the DA's Office written notice as soon as possible but no later than **November 12, 2024**, that it seeks to file Exhibits 12 and 13 in the public record. To the extent the DA's Office believes these exhibits should remain sealed, either the DA's Office or Defendants **SHALL** file supporting authority for its request on or before **November 14, 2024**.[5] The Court **HOLDS IN ABEYANCE** the request to seal Exhibits 12 and 13.

C. **Exhibit 16 [SEALED Doc. 332-3].**

Plaintiffs state that "Exhibit 16 contains phone records produced by Karl Turner, which [his] counsel has marked 'Attorneys' Eyes Only'" [Doc. 331 p. 1].

Defendants Johnson City and Turner state that Plaintiffs filed 34 pages of Defendant Turner's personal cell phone records under seal, but they "have not adequately explained why it is necessary to file [them] . . . particularly since he did not even obtain the personal cell phone at issue until after he retired from City of Johnson City" [Doc. 362 p. 3; *see also* Doc. 362-1 ¶ 11]. "Regardless," Defendants assert, "given the personal nature of these cell phone records, and the likelihood that the

---

[5] The Court finds an expedited schedule appropriate because the parties have already appeared before the Court for a motion hearing on the underlying matters and the DA's Office is receiving the parties' motions and the Court's orders according to its CM/ECF records.

records contain only personal calls between Mr. Turner and his family members, his attorneys medical providers, etc., [Defendants] submit[] that it is appropriate to seal these records, or at a minimum, redact all but the last two numbers of the telephone numbers reflected on the call log" [Doc. 362 p. 3]. While Plaintiffs propose "redacting all but these last four numbers[,]" Defendants contend that will "make[] it easy for someone to guess what the missing first three numbers are, particularly in a small community where there only a few different leading three numbers used by cell phone carriers" [*Id.*].

Plaintiffs filed a reply stating that they "consent to the additional digit redaction to bring the dispute to a faster close" [Doc. 376 p. 4].

The Court has reviewed Exhibit 16 and finds that Defendants have shown good cause to redact all but the last two numbers on the telephone number reflected on the call log. Exhibit 16 [**Doc. 332-3**] **SHALL REMAIN SEALED**. Plaintiffs **SHALL** file a redacted version of Exhibit 16 in the public record, consistent with the parties' agreement, on or before **November 12, 2024**.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART, DENIES IN PART, and HOLDS IN ABEYANCE IN PART** Plaintiffs' Notice of Lodging Documents Under Seal [**Doc. 331**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate