UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| B.P., H.A., S.H., individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:23-CV-71-TRM-JEM ) |
| CITY OF JOHNSON CITY, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Notice of Lodging Documents Under Seal [Doc. 347] and Justin Jenkins's Motion to File Documents Under Seal [Doc. 360]. Defendant City of Johnson City responded to the motions [Doc. 373]. The Court addressed the motions at a hearing on November 6, 2024. Attorneys Vanessa Baehr-Jones and Ashley Walter appeared on behalf of Plaintiffs. Attorneys Emily Taylor and Jonathan Lakey appeared on behalf of Defendant City of Johnson City ("Johnson City"). Attorneys Emily Taylor and Daniel Rader appeared on behalf of Defendant Karl Turner. Attorney Daniel Rader also appeared on behalf of Kevin Peters. Attorney Kristin Berexa appeared on behalf of Defendant Toma Sparks. Attorney Keith Grant appeared on behalf of Justin Jenkins and Defendant Jeff Legault.

These motions are ripe for adjudication. *See* E.D. Tenn. L.R. 7.2(a). For the reasons explained below, the Court **GRANTS IN PART AND HOLDS IN ABEYANCE IN PART** the motions [**Docs. 347 and 360**].

I.      ANALYSIS

On June 21, 2023, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 6] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Order explains, "It is highly unlikely that the Court will place entire motions and their supporting documents under seal. To do so would eliminate from the public record all bases for any ruling upon the motion by the Court thereby eviscerating the public's First Amendment right of access" [*Id*. at 3]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

A.      **Plaintiffs' Notice of Lodging Documents Under Seal [Doc. 347]**

Plaintiffs' Notice relates to sealing Exhibits 3 and 5 [SEALED Docs. 348, 348-1] to the Declaration of Vanessa Baehr-Jones in Support of Plaintiffs' Opposition to Justin Jenkins's Motion to Quash and for Protective Order ("Opposition") [Doc. 347]. Plaintiffs state that Exhibit 3 "contains Justin Jenkins['s] responses to [d]iscovery[,] which contains sensitive financial information and has been designated [c]onfidential by his counsel" [Doc. 341 p. 1]. Later, however, the parties met and conferred and agreed to file this exhibit with limited redactions in the public record [*See* Doc. 350 ¶ 5; *see also* Doc. 350-4]. The Court has reviewed the redactions, which are narrowly tailored, and it finds good cause to place the exhibit under seal. Exhibit 3 therefore [**Doc. 348**] **SHALL REMAIN SEALED**.

Plaintiffs state that Exhibit 5 "contains a record from Female's 3 case" [Doc. 347 p. 1]. Citing to the reasons explained in previous filings [*see* Docs. 284 and 299], "Plaintiffs do not agree that there is a legal basis to continue to seal all documents relating to Female 3's case" [Doc. 347-1].

Defendant Johnson City responds that Exhibit 5 "pertain[s] to an open and active criminal investigation" relating to Sean Williams [Doc. 373 p. 1]. In support of its request that Exhibit 3 remain sealed, it cites to case law and relies on the Declaration for Emily Taylor ("Taylor's Declaration") [Doc. 373-1]. In summary, Defendant states, "[T]he First Judicial District Attorney's Office has informed [defense] counsel for the City that publicly filing any investigative documents related to the pending investigations into Sean Williams could jeopardize the investigation" [Doc. 373 p. 1 (citation omitted)].

During the hearing, Attorney Rader argued that Plaintiffs did not comply with the Protective Order Governing the Testimony of Personnel in the District Attorney General's Office For the First Judicial District ("Protective Order") [Doc. 260]. It states:

> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must receipt the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

[*Id*. ¶ 6]. The parties must then participate in a meet and confer process [*Id*.]. If the parties do not resolve the issue, they may file motions [*Id*. ¶¶ 7–8]. Plaintiffs responded at the hearing that they have participated in many meet and confers.

As the Court previously found [*see* Doc. 434], it does not appear that the Protective Order applies as it "govern[s] the Plaintiffs' depositions of any personnel in the [DA's Office]" [Doc. 260 p. 1]. Later, it states that the DA's Office's "rights under this Protective Order are limited

3

to testimony, documents, evidence, or other tangible items produced or examined during the depositions of personnel from the [DA's Office]" [*Id.* ¶ 4].

During the hearing, Defendants also stated that Exhibit 5 was produced in *Dahl v. Turner*, No. 2:22-cv-72 [Doc. 1] (E.D. Tenn. June 23, 2022), and marked confidential in that case. Defendants stated that the exhibit relates to Female 3's case, which remains open. Plaintiffs countered that the exhibit relates to a "weapon law violation" that is no longer pending.

The Court has addressed Taylor's Declaration and the authority relied upon by Defendant Johnson City, and it has found them to be insufficient to support sealing [*See* Docs. 312, 358, 434]. Because it appears that the DA's Office continues to assert confidentiality as to Sean Williams's case files but was not present at the hearing, the Court will afford it an opportunity to respond. The Court **ORDERS** Plaintiffs to provide the DA's Office written notice on or before **November 12, 2024**, that they seek to file Exhibit 5 in the public record. To the extent the DA's Office believes this exhibit should remain sealed, either the DA's Office or Defendants **SHALL** file supporting authority for its request on or before **November 14, 2024**.[1] The Court **HOLDS IN ABEYANCE** the request to seal Exhibit 5.

    **B.    Mr. Jenkins's Motion to Seal [Doc. 360]**

Mr. Jenkins's motion relates to Exhibits 2 and 3 [SEALED Docs. 360-2, 360-3] to his Reply to Plaintiffs' Response in Opposition to Jenkins'[s] Motion to Quash and/or for Protective Order ("Reply") [Doc. 359]. In addition, he seeks to file a redacted version of his Reply, which cites portions of Exhibit 2 [SEALED Doc. 361-1]

---

[1]     The Court finds an expedited schedule appropriate because the parties have already appeared before the Court for a motion hearing on the underlying matters and the DA's Office is receiving the parties' motions and the Court's orders according to its CM/ECF records.

Mr. Jenkins states that Exhibit 2 was designated by Defendant Johnson City as confidential under the parties' Amended Protective Order [Doc. 360 p. 2]. Defendant Johnson City responded to the motion, stating that it "pertain[s] to an open and active criminal investigation" relating to Sean Williams [Doc. 373 p. 1]. It is the same response as referenced above. At the hearing, Plaintiffs argued that Exhibit 2 should not be sealed.

As discussed at the hearing, Exhibit 2 is similar to Exhibit 5 above. The Court therefore **ORDERS** Plaintiffs to provide the DA's Office written notice on or before **November 12, 2024**, that they request that the Court unseal Exhibit 2. To the extent the DA's Office believes this exhibit should remain sealed, either the DA's Office or Defendants **SHALL** file supporting authority for its request on or before **November 14, 2024**. The Court **HOLDS IN ABEYANCE** the request to seal Exhibit 2 and the Reply.

Mr. Jenkins states that "Exhibit 3 contains [his] personal and confidential financial information" [Doc. 360]. He has filed a redacted version of Exhibit 3 in the public record [Doc. 360-2]. The Court has reviewed the redactions, which are narrowly tailored, and finds good cause to seal this exhibit. Exhibit 3 [**Doc. 361-3**] **SHALL REMAIN SEALED**.

II.   **CONCLUSION**

For the reasons explained above, the Court **GRANTS IN PART AND HOLDS IN ABEYANCE IN PART** Plaintiffs' Notice of Lodging Documents Under Seal [**Doc. 347**] and Justin Jenkins's Motion to File Documents Under Seal [**Doc. 360**].

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge