UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

B.P., H.A., S.H., individually, and )
on behalf of all others similarly situated, )
)
Plaintiffs, )
)
v. ) No. 2:23-CV-71-TRM-JEM
)
CITY OF JOHNSON CITY, *et al.*, )
)
Defendants. )

# MEMORANDUM AND ORDER

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion for a Protective Order Pursuant to Fed. R. [Civ. P.] 26 and/or Motion to Quash Subpoena Duces Tecum Issued to Verizon Wireless Pursuant to Fed. R. Civ. P. 45 [Doc. 305], filed by Defendant City of Johnson City ("Johnson City"). Plaintiffs responded in opposition to the motion [Doc. 325], and Defendant Johnson City filed a reply [Doc. 340].

The parties appeared before the Court for a motion hearing on November 6, 2024. Attorneys Vanessa Baehr-Jones and Ashley Walter appeared on behalf of Plaintiffs. Attorneys Emily Taylor and Jonathan Lakey appeared on behalf of Defendant Johnson City. Attorneys Emily Taylor and Daniel Rader appeared on behalf of Defendant Karl Turner. Attorney Daniel Rader also appeared on behalf of Kevin Peters. Attorney Kristin Berexa appeared on behalf of Defendant Toma Sparks. Attorney Keith Grant appeared on behalf of Justin Jenkins and Defendant Jeff Legault.

Defendant Johnson City's motion relates to Plaintiffs' subpoenas directed to Verizon Wireless ("Verizon") for (1) Mike Street's ("Mr. Street") personal cell phone records, (2) Captain Mike Adams's ("Captain Adams") cell phone records from a cell phone issued by the Johnson City Police Department ("JCPD"), and (3) Lieutenant David Hilton's ("Lt. Hilton") personal cell phone records [*See* Doc. 305]. Prior to the hearing, the parties emailed Chambers a joint status report, stating that they resolved the issues relating to Mr. Street's personal cell phone records and Captain Adams's cell phone records. At the hearing, the Court denied as moot Defendant Johnson City's requests relating Mr. Street's and Captain Adams's cell phone records. The remaining issue relates to Lt. Hilton's personal cell phone records.

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** the motion [**Doc. 305**].

I.  BACKGROUND

Plaintiffs filed this action on June 21, 2023 [Doc. 1] and filed the Second Amended Class Action Complaint ("Amended Complaint") on March 1, 2024 [Doc. 121].[1] The Amended Complaint alleges that "[b]eginning in at least 2018 and continuing to 2021, Sean Williams, a known drug dealer and convicted felon, conspired with Alvaro Fernando Diaz-Vargas and others to drug and rape women, and sexually exploit children, in his apartment in downtown Johnson City" [*Id*. ¶ 18]. Plaintiffs state that "Defendant JCPD officers conspired with [Sean] Williams to participate in a venture, the purpose of which was to recruit, entice, harbor, provide, obtain, maintain, and solicit women and children, who had not attainted the age of 14 years, for the purpose of engaging in commercial sex acts" [*Id*. ¶ 57]. They state that JCPD officers were aware of the

---

[1] On November 2, 2024, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint [Doc. 419]. This motion is not ripe for adjudication [*See* Doc. 418].

complaints that Sean Williams had raped women and that "officers took overt acts in furtherance of Williams'[s] sex trafficking venture" [*Id*. ¶¶ 95–143]. And despite being aware of such complaints, Plaintiffs allege that the JCPD failed to investigate them [*Id*. ¶¶ 232–33]. This failure, according to Plaintiffs, "was motivated, in part, by the officers' discriminatory animus towards women" [*Id*. ¶ 242]. In addition, Plaintiffs allege that several Defendants accepted payments from Sean Williams "with either the implied or explicit understanding that Defendants would shield [him], permitting him to continue his practice of abuse and trafficking with impunity in exchange for the payments" [*Id*. ¶ 313].

Plaintiffs represent three classes: (1) "All individuals, including minors, who were sexually abused, drugged, or trafficked by Sean Williams or Alvaro Fernando Diaz-Vargas"; (2) "All members of the Sex Trafficking Survivor Class who were sexually assaulted by Sean Williams following the first report to the JCPD of Sean Williams'[s] alleged sexual violence on or about November 7, 2019"; and (3) "All women, including minors, who reported sexual abuse or trafficking by any person to JCPD from January 1, 2018, to April 25, 2023" [*Id*. ¶ 298]. They allege (1) sex trafficking claims, 18 U.S.C. §§ 1591, 1594, and 1595; (2) obstruction of enforcement, 18 U.S.C. §§ 1594, 1595, and 1591(d); (3) aiding and abetting a sex-trafficking venture, 18 U.S.C. §§ 2, 1591(a)(1) & (2), and 1595; (4) conspiracy to commit violations of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1594(c), 1591, and 1595; (5) violations of 42 U.S.C. § 1983; (6) liability under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-205; (7) negligence for the failure to train; and (8) negligence for the failure to supervise [*Id*. ¶¶ 311–423]. On August 21, 2024, United States Chief District Judge Travis A. McDonough entered an Order dismissing some Defendants [Doc. 301].

On August 12, 2024, Plaintiffs served a subpoena on Verizon requesting Lt. Hilton's personal cell phone records for twelve date ranges [Doc. 305-1; Doc. 305-2]. He is currently a lieutenant for the JCPD [Doc. 305-1 ¶ 5]. Plaintiffs and Defendant Johnson City met and conferred about the subpoena but were unable to reach an agreement [Doc. 305-1 ¶ 8]. Counsel for Defendant Johnson City therefore issued a subpoena to Verizon for Lt. Hilton's cell phone records [*See* Doc. 305-1 ¶ 3 (listing Lt. Hilton's cell phone number); Doc. 305-3]. Defendant Johnson City proposed that its counsel "would review the records and ensure that only the date ranges requested were received, redact the length of attorney-client privileged calls, mark the records as Confidential or Attorneys' Eyes Only, and produce them to Plaintiffs' counsel" [Doc. 305-1 ¶ 10]. Plaintiffs did not agree to this proposal [*Id.*].

On August 29, 2024, Defendant Johnson City filed its motion seeking a protective order and/or an order quashing the subpoena duces tecum under Rules 26(c) and Rule 45 of the Federal Rules of Civil Procedure [Doc. 305]. It argues that Plaintiffs' subpoena, which requests all call logs and data, seeks irrelevant information not proportional to the needs of the case [Doc. 306 pp. 9–10]. Defendant Johnson City asks the Court to quash the subpoena, and it proposes that it produce Lt. Hilton's cell phone records with limitations:

    a.    [Defendant Johnson] City can redact all data and calls from January 1, 2024 to the present.

    b.    The Plaintiffs must provide counsel for [Defendant Johnson] City with specific numbers and/or individuals to apply to the remaining data and call logs. All other calls and data will be redacted.

    c.    Alternatively, [Defendant Johnson] City will redact any personal and/or non-relevant calls and data from the logs.

    d.    The records will be produced subject to the parties Agreed Protective Order[.]

4

Case 2:23-cv-00071-TRM-JEM   Document 453   Filed 11/20/24   Page 4 of 11
PageID #: 10656

> e. The Plaintiffs are barred from contacting any of the numbers contained on the call logs.

[Doc. 305 p. 2].

Plaintiffs respond that Defendant Johnson City does not have standing to quash the subpoenas because it has not asserted a "privilege or other significant privacy interest in the documents" [Doc. 325 p. 4 (citations omitted)]. In addition, they argue that their subpoena seeks relevant information, explaining that "[Lt.] Hilton played an important role in [Sean] Williams-related police activity that is the focus of [their] case" [*Id*. at 5]. With respect to Defendant Johnson City's proposal that it first review the phone calls, Plaintiffs assert that it has not provided any legal basis for this request [*Id*. at 6]. "[Defendant Johnson] City's other suggestion—Plaintiffs provide a list of phone numbers for defense counsel to use to cross-check for relevant records—is also unworkable" [*Id*.]. They request the Court deny the motion [*Id*. at 7].

Defendant Johnson City replies that it has standing to challenge the Verizon subpoena because Lt. Hilton's personal cell phone "will undoubtedly contain information related to [his] duties as [a] JCPD employee[]" [Doc. 340 pp. 2–3]. Further, it argues that "the subpoena will subject its current . . . employee[] to embarrassment and harassment, and [it] undisputedly has an interest in protecting its current . . . employee[] from both" [*Id*. at 3 (citations omitted)]. In addition, Defendant Johnson City asserts that Plaintiffs have not shown how the records are relevant [*Id*. at 3–6]. It maintains that its proposal is workable and will allow it to "appropriately designate[]" the information "under the Protective Order" [*Id*. at 7].

## II. ANALYSIS

The Court will address the merits of Defendant Johnson City's request under Rule 26(c) of the Federal Rules of Civil Procedure. "Even in the absence of standing to move to quash, courts within the Sixth Circuit have interpreted Rule 26(c) to permit a party to seek a protective order to

5

preclude discovery demanded by a third-subpoena." *Id*. (footnote and citation omitted). This is because Rule 26(c)(1) allows a "party or any person from whom discovery is sought" to obtain a protective order. *See* Fed. R. Civ. P. 26(c)(1); *Brewer v. Air Prod. & Chems., Inc.*, No. 5:23-CV-00123, 2024 WL 3503041, at *1 (W.D. Ky. July 22, 2024) ("'Courts in the Sixth Circuit have interpreted the mention of "a party" as allowing parties to file a motion for a protective order for a non-party.'" (quoting *Proto Gage, Inc. v. Fed. Ins. Co.*, No. 21-12286, 2022 WL 1598621, at *3 (E.D. Mich. May 19, 2022)); *see also Stone v. Big Rivers Elec. Corp.*, No. 4:23-CV-00122, 2024 WL 4573583, at *2 (W.D. Ky. Oct. 23, 2024) (concluding that the defendant may seek a protective order for a subpoena issued to a non-party (collecting cases)); *Large ex. rel. Large v. Blazer*, No. 3:20-CV-1012, 2022 WL 99986, at *2 (M.D. Tenn. Jan. 10, 2022) ("Courts within the Sixth Circuit have interpreted Rule 26(c) to permit a party to seek a protective order to preclude discovery demanded by a third-party subpoena." (citation omitted)); *Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) (finding that a party has standing to challenge subpoenas served on non-parties under Rule 26(c) (collecting cases)).[2] The Court will therefore address the merits of Defendant Johnson City's request under Rule 26(c) of the Federal Rules of Civil Procedure, and because the request is well taken, the Court need not address whether Defendant Johnson City has standing under Rule 45. *See Brewer*, 2024 WL 3503041, at *1 (explaining that the court's analysis to a party's challenge to a subpoena served on a non-party "must be framed in terms of Rule 26(c)(1)").

---

[2] During the hearing, Plaintiffs relied on *Covert Manufacturing, Inc. v. Covert Innovations, LLC.*, No. 1:21-CV-1682-, 2024 WL 904404, at *2 (N.D. Ohio Mar. 1, 2024), and *South Fifth Towers, LLC v. Aspen Insurance UK, Ltd.*, No. 3:15-CV-151, 2016 WL 11200224, at *3 (W.D. Ky. Jan. 13, 2016), to challenge Defendant Johnson City's standing, but neither case analyzed standing under Rule 26(c).

Rule 26(c)(1) provides, "The court may, for good cause, issue an order to a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). The party requesting the protective order has the burden of establishing good cause. *Id*.

"A showing of irrelevancy of proposed discovery can satisfy the good cause requirement of Rule 26(c)." *Pictsweet Co.*, 2020 WL 12968432, at *4 (citing *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017)).

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). The term "relevant" as it is used in Rule 26(b)(1) "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in in the case." *Barrio Bros., LLC v. Revolucion, LLC*, No. 1:18-CV-02052, 2021 WL 282549, at *3 (N.D. Ohio Jan. 28, 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Courts have cautioned, however, that "[d]iscovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016).

If Plaintiffs show the subpoena seeks relevant information, then the burden shifts to Defendant Johnson City to demonstrate that good cause exists to issue a protective order. *Rogers*,

7

Case 2:23-cv-00071-TRM-JEM    Document 453    Filed 11/20/24    Page 7 of 11
PageID #: 10659

2023 WL 10675438, at *2 ("In sum, the Court should first consider whether the communications sought by [the plaintiff] are relevant under Rule 26(b)(1). If [the plaintiff] satisfies his burden, then the burden shifts to the [defendant] to demonstrate that 'good cause' exists to issue a protective order, under Rule 26(c), as to the communications on the personal electronic devices."). "Courts have broad discretion to determine whether a protective order is appropriate and what degree of protection is required." *Id*.

Plaintiffs' subpoena to Verizon seeks all call logs for Lt. Hilton for eight time frames.[3] They assert that he "played an important role in [Sean] Williams-related police activity that is the focus of [their] case" [Doc. 325 p. 5]. During the hearing, Plaintiffs explained how each time frame is relevant:

> (1) June 1, 2020 – June 30, 2020. The incident involving Female 2 occurred in the early morning of June 2, 2020, and that on June 25, 2020, she visited JCPD headquarters claiming that she had learned her lesson about reporting it.
>
> (2) September 19, 2020 – October 15, 2020. Mikayla Evans fell out of Sean Williams's apartment window on September 19, 2020. Lt. Hilton provided Kevin Peters, Defendant Turner, and other officers a detailed update about the incident and the need for a search warrant. Lt. Hilton was also present for the execution of the search warrant of Sean Williams's apartment. The remaining dates are to capture the officers' coordination after they seized evidence as a result of this investigation.
>
> (3) May 1, 2021 – May 30, 2021. JCPD "botches" the execution of the arrest warrant for Sean Williams. According to the allegations of the Third Amended Complaint, nine hours before the execution of the arrest warrant, Defendant Sparks sent an email to Defendant Turner about Sean Williams's devices that were in JCPD's possession for two years without being searched.

---

[3] The original subpoena requested call logs for twelve time frames [*see* Doc. 305-2 p. 4], but at the hearing, Plaintiffs clarified that they seek only eight time frames. In addition, the parties represented that the subpoena seeks only call logs and not content.

8

Case 2:23-cv-00071-TRM-JEM   Document 453   Filed 11/20/24   Page 8 of 11
PageID #: 10660

(4) April 18, 2023 – May 13, 2023. Sean Williams was arrested during this time frame.

(5) October 10, 2023 – October 24, 2023. Sean Williams escapes from custody during this time frame.

(6) December 7, 2023 – December 25, 2023. Plaintiffs sent defense counsel a draft copy of their Second Amended Complaint, which was the first time Plaintiffs made allegations about Female 4, including the extortion scheme. During this time frame, there are payments deposited in Justin Jenkins's account for which Plaintiffs claim are unaccounted.

(7) January 1, 2024 – March 20, 2024. On January 11, 2024, Female 4 receives a $20,000 check from a consignment shop allegedly for the sale of a necklace. During this time frame, Defendant Sparks conducts bank activities.

While Plaintiffs have somewhat narrowed their time frames, the subpoena still seeks all call logs during the requested times. Defendant Johnson City asserts, "By seeking all data and call logs, without any limitations as to . . . number[s], the Plaintiffs are essentially conceding that the information produced will include personal calls and data unrelated to the instant litigation" [Doc. 305 p. 2]. The Court agrees. Yet, at the hearing, Plaintiffs argued that anyone who worked with Sean Williams would have used a burner phone, and therefore, it is impossible for them to create a relevant list of numbers. But Plaintiffs did not submit any evidence of anyone using a burner phone. *See Rogers*, 2023 WL 10675438, at *3 ("Given the breath of the requests, and the speculation underpinning them, the Court is reticent to allow the disclosure of private communications on non-party employees' personal electronic devices without any evidence that *relevant* communications may exist."). Because Plaintiffs have not limited the scope of their request, the Court finds that it includes "largely irrelevant information." *C.H. v. Sch. Bd. of Okaloosa Cnty.*, No. 3:18-CV-2128, 2020 WL 6572430, at *3 (N.D. Fla. Nov. 4, 2020) ("Simply put, [p]laintiffs have failed to articulate the relevance of every call and text [the movant] made or

9

received from 2014 to 2019." (citation omitted)); *Al-Rayes v. Willingham*, No. 3:15–cv–107–J–34, 2016 WL 9527957, at *5 (M.D. Fla. June 22, 2016) (entering a protective order despite the plaintiff's argument that the "information [was] necessary to determine who [the d]efendant contacted and when[,] regarding the wire transfers and conspiracy at issue" finding that the subpoena sought "largely irrelevant information" that "encompass[ed] a great deal of irrelevant calls, text messages, and/or data usage that is entirely unrelated to any claim or defense in this case"); *Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2016 WL 720967, at *2 (S.D. Fla. Feb. 22, 2016) (granting a protective order where the defendants sought entirety of telephone records because, "[f]or instance, telephone records of calls or text messages between [the p]laintiff and his mother are irrelevant to the issues in this case"); *Smith v. Pefanis*, No. 1:08-CV-1042, 2008 WL 11333335, at *3 (N.D. Ga. Oct. 30, 2008) ("While defendants may be able to establish the relevance of some of plaintiff's phone records, they have not shown any reason that they should be granted unrestricted access to plaintiff's entire personal cell phone records during the time period specified in the subpoena." (citation omitted)).

The Court therefore enters a protective order forbidding the subpoena as written for Lt. Hilton's personal cell phone records. *See Rogers*, 2023 WL 10675438, at *3 ("By failing to demonstrate that the communications sought are, at a minimum, relevant, it is within this Court's discretion to enter a protective order to prevent the disclosure of such information." (citation omitted)).[4]

---

[4] The Court's protective order against this subpoena [Doc. 305-2] does not preclude Plaintiffs from seeking a more narrowly tailored subpoena. *See Al-Rayes*, 2016 WL 9527957, at *4 ("This Order does not preclude Plaintiffs from seeking to serve more narrowly tailored subpoenas on both entities."); *see also Sch. Bd. of Okaloosa Cnty.*, 2020 WL 6572430, at *3 (providing examples of ways to narrow the requests in the subpoena). Defendant Johnson City has offered to produce the records with certain limitations [Doc. 305 p. 2]. In light of this ruling, the Court encourages the parties to meet and confer about Defendant Johnson City's offer.

10

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART AND DENIES AS MOOT IN PART** Defendant City of Johnson City's Motion for a Protective Order Pursuant to Fed. R. [Civ. P.] 26 and/or Motion to Quash Subpoena Duces Tecum Issued to Verizon Wireless Pursuant to Fed. R. Civ. P. 45 [**Doc. 305**]. The Court enters a protective order forbidding the subpoena as written [Doc. 305-2] served on Verizon for Lt. Hilton's personal cell phone records. *See* Fed. R. Civ. P. 26(c)(1)(A).

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge