**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| JANE DOE, *et. al.*, | ) | |
| | ) | Case No. 2:23-cv-71 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| JOHNSON CITY, TENNESSEE, *et al.*, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Before the Court is Defendants' motion to disallow Plaintiffs' use of Eric Daigle's report in their motion for class certification and at trial (Doc. 416) and Plaintiffs' motion in response requesting that the Court deny the motion as moot or alternatively, grant Plaintiffs an extension of time to respond (Doc. 440).

Defendants filed their motion to disallow use of Eric Daigle's report ("the Daigle Report") on October 31, 2024. (Doc. 416.) On November 5, 2024, the Court denied Plaintiffs' motion for class certification as moot, as the issue of class certification will be decided following the Court's resolution of Plaintiffs' motion to amend their complaint. (*See* Docs. 418, 423.) Defendants argue Rule 407 of the Federal Rules of Evidence bars Plaintiffs from using the Daigle Report in their motion for class certification and at trial. (*See* Doc. 417, at 1.) While considering the report's admissibility at trial is certainly premature at this stage of litigation, considering whether the report may be used in Plaintiffs' motion for class certification is not.[1]

---

[1] To the extent that Defendants request that the Daigle Report be excluded at trial, their motion is **DENIED** at this time. The Court does not find sufficient "indication that

1

In their briefing, Defendants neglect to cite a single case discussing how the Rules of Evidence apply to class certification. (*See id.*) Notably, the Sixth Circuit has held that "evidentiary proof need not amount to admissible evidence" at the class-certification stage. *See Lyngaas v. Curaden Ag*, 992 F.3d 412, 428 (6th Cir. 2021); *see also Jenkins v. Macatawa Bank Corp.*, No. 1:03-CV-321, 2006 WL 3253305, at *2 (W.D. Mich. Nov. 9, 2006) ("For the purpose of class certification, the rules of evidence are not strictly applied and the Court may consider evidence that would be inadmissible at trial.") (citing *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 582 (W.D. Mich. 2001)). Defendants also failed to address this in their reply briefing after Plaintiffs explicitly discussed *Lyngaas*. (*See* Doc. 457; Doc. 442, at 3–4.)

Accordingly, Defendants are hereby **ORDERED** to file a supplement (1) explaining why the Court should decline to follow Sixth Circuit precedent, and (2) advising the Court whether they wish to persist in their motion to disallow Plaintiffs' use of the Daigle Report when moving for class certification. Defendants **SHALL** file their supplement on or before **December 1, 2024**.

      **SO ORDERED.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[Plaintiffs] will attempt to offer" the Daigle Report at trial. *See Crigger v. McIntosh*, 254 F. Supp. 3d 891, 901 (E.D. Ky. 2017). Using the Daigle Report in pleadings or a motion for class certification is markedly different than using the report at trial. Defendants may oppose the admission of the Daigle Report as trial evidence at an appropriate time.

Additionally, to the extent Defendants move to strike Plaintiffs' reference to the Daigle Report in the second amended complaint, it is **DENIED**. *See* Fed. R. Civ. P. 12(f) (requiring that a party file a motion to strike before responding to a pleading, or, "if a response is not allowed, within 21 days after being served with the pleading").