UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| B.P., H.A., and S.H., individually, and on behalf of all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF JOHNSON CITY, TENNESSEE, et al.,<br>    Defendants. | No. 2:23-cv-00071-TRM-CRW |

## SUPPLEMENTAL BRIEFING ORDERED BY COURT (DE 461)

Defendants do not suggest that the Court should disregard Sixth Circuit precedent. Defendants' Motion (DE 416) was intended to be broader than class certification, though the class certification motion was certainly the impetus that brought the issue to a head. While the Court's recent Order (DE 461) denies as premature the portion of Defendants' Motion insofar as the Motion sought exclusion of Plaintiffs' use of the Daigle report at trial, the Defendants' Motion did seek that relief, which conclusion Defendants contend should thereby bar the use of the report at class certification, even under *Lyngaas*. Separately, the *Lyngaas* holding appears to have been sharply limited by the Sixth Circuit just in the last week, the day after Defendants' Reply (DE 457) was filed on November 21. *See In re Nissan N. Am., Inc. Litig.*, 2024 WL 4864339, at *10 (6th Cir. Nov. 22, 2024), discussed *infra*.

In *Lyngaas*, the Sixth Circuit determined that, for nonexpert evidence, a district court was not *required* to determine at the class certification stage whether evidence would be admissible at trial, and a district court was not required to exclude evidence on the purely technical grounds of *authentication* at issue in *Lyngaas*.[1]

---

[1] *Lyngaas* suggested that when the trial court *later* determined the nonexpert evidence at issue to be inadmissible at the trial, that the proper route then would have been to move to decertify the class, rather than challenge the initial certification on appeal as the *Lyngaas* defendants did: "The defendants, however, did not move to decertify the class after the district court found at the bench trial that Lyngaas's evidence of the summary-report logs was inadmissible;

1

Defendants assert that Plaintiff's improper use of a subsequent remedial measure is not a technical evidentiary deficiency such as authentication, but is a substantive one. In other words, *Lyngaas* did <u>not</u> hold that a district court affirmatively *should* consider substantively inadmissible evidence at class certification stage, only that the court was not *required* to strictly apply the Rules of Evidence in a technical way to exclude nonexpert evidence at that stage.

As mentioned above, on November 22, 2024, the day after Defendants' Reply was due and filed, the Sixth Circuit issued a new opinion concerning the use of expert evidence at the class certification stage, requiring for the first time an approach by some other circuits mandating that district courts should substantively apply Rule 702 of the Rules of Evidence and *Daubert* to expert evidence at the class certification stage. *In re Nissan N. Am., Inc. Litig.*, 2024 WL 4864339, at *10 (6th Cir. Nov. 22, 2024). In so doing, the Sixth Circuit rejected the Plaintiffs' interpretation of *Lyngaas* that the district court must not make evidentiary determinations at the class certification stage:

> The plaintiffs argue that *Lyngaas v. Curaden Ag* forecloses this approach. 992 F.3d 412 (6th Cir. 2021). It does not. In *Lyngaas*, we held that the evidence rules **governing authentication** do not **necessarily** apply at the class-certification stage. *Id*. at 428–29. But we addressed "nonexpert evidence" in making the point. *Id*. Unlike the rules of authentication, *Daubert* "make[s] certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

*Id.* at *10 (emphasis added).

---

rather, they argue now that the district court improperly certified the class and, as discussed later, improperly established a claims-administration process based on the inadmissible evidence." *Lyngaas* at 428.

Defendants understand the *Lyngaas* holding to be that the Court is not *required* to make that determination concerning nonexpert evidence at the class certification stage, and further should not necessarily disregard evidence at the class certification stage on highly technical grounds such as authentication. But if the Court *has* determined that the evidence is inadmissible at trial (as Defendants' Motion sought), or inadmissible on substantive grounds (such as subsequent remedial measure as opposed to authentication), then Defendants contend the *Lyngaas* holding does not foreclose the Court's exclusion of the Daigle report at class certification stage. These conclusions appear consistent with the Sixth Circuit's very recent discussion of *Lyngaas* in *In re Nissan*.

Defendants contend that the Sixth Circuit's new case, *In re Nissan*, makes clear that a district court *may* consider evidentiary objections, it just does not "*necessarily*" have to as to technical matters on nonexpert evidence. Moreover, *In re Nissan* appears consistent with Defendants' view that *Lyngaas* is limited to application of technical rules such as authentication, as opposed to substantive evidentiary rules such as Rule 702, or as Defendants contend, Rule 407 concerning subsequent remedial measures.

Defendants also note that even if *Lyngaas* is considered in a vacuum and presumed to require a district court within the Sixth Circuit to disregard evidentiary objections entirely at the class certification stage, there appears to be a Circuit split on this issue at least as to the extent to which the Rules of Evidence strictly apply, and Defendants must preserve this issue by respectfully persisting in the objection. The Fifth Circuit has stated that class certification "must be made based on adequate admissible evidence." *Unger v. Amedisys Inc.*, 401 F.3d 316, 319 (5th Cir. 2005) (later rejected by the Sixth Circuit in *Lyngaas*); *see also Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (holding the FRE apply to FRCP 23(e) class settlement fairness hearings because those proceedings are not listed as an exception in FRE 1101(d)); *Allen v. Ollie's Bargain Outlet, Inc.,* 37 F.4th 890, 899 (3d Cir. 2022) (expressly declining to decide the question of whether nonexpert evidence must be admissible at the class certification stage); *but cf. Sali v. Corona Regional Med. Ctr.*, 909 F.3d 996, 1003-06 (9th Cir. 2018).

District courts have also required evidence be admissible in many instances. *See e.g.*, *Sicav v. Wang*, 2015 WL 268855, at *6 (S.D.N.Y. 2015) ("[To conduct a rigorous analysis of the FRCP 23 requirements] the Court must ensure that there is a basis in admissible evidence for each factual representation made in support of class certification to assure that a class is not certified based on conjecture as opposed to provable facts."); *see also Lujan v. Cabana Management, Inc.*, 284 F.R.D.

50, 64 (E.D.N.Y., 2012) ("After reviewing Second Circuit case law addressing the evidentiary standards applicable to Rule 23 motions, this Court is of the opinion that the Second Circuit would require that such declarations be admissible (i.e., based on personal knowledge and either non-hearsay or information subject to hearsay exceptions)").

Similarly, district courts have disallowed affidavits not based on personal knowledge, applying Rule 602:

> The demand for a rigorous analysis of the class qualifying factors at the critical class certification stage makes it important that the evidence to be used in making that decision be reliable. The Federal Rules of Evidence teach that personal knowledge is the predicate of reliability. Fed. R. Evid. 602. Of course, those rules "apply to proceedings in United States courts," subject to certain exceptions not applicable here. Fed. R. Evid. 101; Fed. R. Evid. 1101. A motion for class certification is, without doubt, such a proceeding. Thus, Fed. R. Evid. 602 applies to testimony, whether *ore tenus* or by affidavit or declaration, and it says in clear terms:
>
>> A witness *may testify* to a matter *only if* evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.
>
> Fed. R. Evid. 602 (emphasis added). Personal knowledge is just as important in conducting the rigorous analysis required for class certification as is personal knowledge in deciding a summary judgment motion.

*Soutter v. Equifax Information Services LLC*, 299 F.R.D. 126, 131 (E.D. Va. 2014).

Defendants further contend that the Sixth Circuit's recent decision, *In re Nissan*, itself limits the *Lyngaas* holding to nonexpert evidence, and creates a new rule in the Sixth Circuit of proper foundation for expert testimony at the class certification stage. Based on this post-briefing change in the law, Defendants further object to the use of the Daigle report under Rule 702 and *Daubert*, as both without foundation and also as unreliable (because rendering an expert opinion

is not what Daigle was engaged to do, and so Mr. Daigle factually did not engage in the scope of work necessary to form such an opinion).[2]

However, this objection pursuant to *In re Nissan* does in fairness appear to be premature in light of the Court's Order permitting Plaintiffs to refile their class certification motion, as Plaintiffs may attempt to lay a foundation with their revised motion.

Thus, Defendants would revise their earlier position in response to Plaintiffs' email, in light of this new Sixth Circuit opinion, and agree that this entire Motion would be appropriate to re-file following Plaintiffs' revised motion for class certification, so that the Court can consider the subsequent remedial measures objection and the *Daubert* and foundation objections all at one time.

## CONCLUSION

For the foregoing reasons, and in light of the November 22, 2024 decision from the Sixth Circuit of *In re Nissan*, the Court should reserve ruling on the subsequent remedial measures objection until after the Plaintiffs file a revised motion for class certification, and Defendant raises any *Daubert* challenges based on Plaintiffs' foundation (or lack thereof) at that time, resolving all objections at once.

---

[2] Defendants request an additional opportunity to brief these *Daubert* and foundation issues raised by the Sixth Circuit's new opinion. The Court's Order requiring supplementation by Sunday, December 1, over the Thanksgiving holiday, does not provide the parties adequate opportunity to fully brief the issues that the Sixth Circuit's new opinion raises, that decision coming after the prior briefing was completed.

Respectfully submitted,

MOORE, RADER & YORK, P.C.

/s/Daniel H. Rader IV
DANIEL H. RADER III / BPR #002835
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706
Attorneys for Defendant Karl Turner,
in his individual capacity
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com

WATSON ROACH BATSON & LAUDERBACK

/s/Emily C. Taylor
EMILY C. TAYLOR / BPR# 027157
Attorneys for Defendants Johnson City, Tennessee
and Karl Turner, in his individual capacity
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
etaylor@watsonroach.com

FARRAR BATES BEREXA

/s/Kristin E. Berexa
KRISTEN E. BEREXA / BPR# 014833
BENJAMIN C. ALLEN / BPR# 035923
Attorneys for Defendant Toma Sparks,
in his individual capacity
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
615-254-3060
kberexa@fbb.law

ROBINSON, SMITH & WELLS, PLLC

/s/Keith H. Grant
KEITH H. GRANT / BPR# 023274
PHILIP AARON WELLS / BPR# 036248
Attorneys for Defendant Justin Jenkins,
in his individual capacity
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
423-756-5051
kgrant@rswlaw.com

HERRIN MCPEAK & ASSOCIATES

/s/K. Erickson Herrin
K. ERICKSON HERRIN / BPR# 012110
Attorneys for Defendant Johnson City, Tennessee,
Karl Turner in his individual and official capacity,
and Toma Sparks in his official capacity
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
423-929-7113
erick@hbm-lawfirm.com

BURCH, PORTER & JOHNSON, PLLC

/s/Jonathan P. Lakey
JONATHAN P. LAKEY / BPR# 016788
Attorneys for Defendant Johnson City, Tennessee
130 N. Court Avenue
Memphis, TN 38103
901-524-5000
jlakey@bpjlaw.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Heather Moore Collins
Ashley Walter
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
Email: heather@hmccivilrights.com
Email: ashley@hmccivilrights.com
*Attorney for Plaintiffs*

Emily C. Taylor
Reid A. Spaulding
Watson Roach Batson & Lauderback
P. O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Email: etaylor@watsonroach.com
Email: rspaulding@watsonroach.com
*Attorneys for the City of Johnson City, Tennessee, and Karl Turner, in his individual capacity*

Keith H. Grant
Laura Beth Rufolo
Philip Aaron Wells
Robinson, Smith & Wells, PLLC
Suite 700, Republic Centre
633 Chestnut Street
Chattanooga, TN 37450
423-756-5051
Email: kgrant@rswlaw.com
Email: lrufolo@rswlaw.com
Email: awells@rswlaw.com
*Attorneys for Justin Jenkins, in his individual capacity*

Jonathan P. Lakey
Burch, Porter & Johnson, PLLC
130 N. Court Avenue

Kevin Osborne
Elizabeth Kramer
Julie C. Erickson
44 Tehama St.
San Francisco, CA 94105
Email: kevin@eko.law
Email: elizabeth@eko.law
Email: julie@eko.law
*Pro Hac Vice Attorneys for Plaintiffs*

Vanessa Baehr-Jones
Advocates for Survivors of Abuse
4200 Park Blvd., No. 413
Oakland, CA 94602
Email: vanessa@advocatesforsurvivors.com
*Pro Hac Vice Attorney for Plaintiffs*

K. Erickson Herrin
Herrin McPeak & Associates
515 E. Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
423-929-7113
Email: lisa@hbm-lawfirm.com
*Attorney for the City of Johnson City, Tennessee, Karl Turner, in his individual and official capacity, Toma Sparks, in his official capacity, and, Kevin Peters, in his official capacity*

Kristin E. Berexa
Benjamin C. Allen
Farrar Bates Berexa
12 Cadillac Drive, Suite 480
Brentwood, TN 37027
615-254-3060
Email: kberexa@fbb.law
Email: ballen@fbb.law
*Attorneys for Toma Sparks*

8

Memphis, TN  38103
901-524-5000
Email:  jlakey@bpjlaw.com
*Attorney for City of Johnson City, Tennessee*

    This the 1st day of December, 2024.

                MOORE, RADER & YORK, P.C.

                /s/Daniel H. Rader IV
                DANIEL H. RADER III / BPR #002835
                DANIEL H. RADER IV / BPR #025998
                ANDRÉ S. GREPPIN / BPR #036706