IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

    **Plaintiffs,**

v.                                            No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**

_____/

## PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO DEPOSE PLAINTIFFS' COUNSEL VANESSA BAEHR-JONES (ECF 414)

In their reply, Defendants reference—for the first time—an exhibit to the deposition of District Attorney Steven Finney, Exhibit 136, but Defendants do not include the exhibit itself in their filing. *See* ECF 458. Plaintiffs submit this sur-reply for the limited purpose of attaching Exhibit 136 and highlighting Defendants' misstatements concerning this exhibit.

I.     Defendants Misrepresent—Yet Again—that DA Finney Consulted with the Tennessee Board of Ethics Concerning Ms. Baehr-Jones' *Pro Hac Vice* Status

During DA Finney's deposition, Ms. Baehr-Jones asked him about a letter which he had sent Plaintiffs' counsel in November 2023, which appeared to threaten Ms. Baehr-Jones professionally. ECF 221-12 (Nov. 13, 2023, letter). Specifically, DA Finney wrote:

> As of this writing, it does not appear that you have the proper privileges necessary to provide legal representation of clients in the State of Tennessee. Therefore, any further involvement between you and any victim in the Sean Williams case with respect to legal advice or representation relating to the ongoing state criminal prosecution could be improper.

*Id.* at 2. Later in the letter, DA Finney claimed he had "conferred with the Tennessee Board of Professional Responsibility in this matter." *Id.*

1

During his sworn deposition, however, DA Finney acknowledged that he had not, in fact, consulted with the Tennessee Board of Professional Responsibility regarding whether it was improper for Ms. Baehr-Jones to represent her clients in the ongoing criminal investigations.[1] ECF 443-3 at 125:1-9 (Finney deposition excerpts). Exhibit 136 corroborates this testimony. Decl. of Vanessa Baehr-Jones ("Baehr-Jones Decl."), Exh. 1. The only issue DA Finney presented to the Board in his "Ethical Question" was whether he could contact Ms. Baehr-Jones' clients directly, rather than through their counsel, notwithstanding that they were represented parties. *Id.* The Board advised that he should seek a court order permitting him to do so to make sure he was not violating the relevant Tennessee professional responsibility rules. *Id.* As far as Plaintiffs' counsel are aware, DA Finney never sought such an order and has never attempted to contact their clients directly. Baehr-Jones Decl., ¶ 4.

To date, there have been no state indictments for any of Williams' rapes. Plaintiffs' counsel represent a minority of the more than 67 women who were victimized. *Id.* at ¶ 5. Thus, contrary to Defendants' repeated—and utterly baseless—assertions in their reply, whatever has been delaying such indictments is not particular to Plaintiffs' actions nor the actions of their counsel.

None of this is "crucial to the preparation of the case," *see Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987); however, Defendants have used their reply brief to misrepresent—yet again—that DA Finney "made *written* inquiry of the Tennessee Board of Professional Responsibility concerning Ms. Baehr-Jones's role as a *pro hac vice* admittee in

---

[1] Nor is there anything improper about such representation, as Heather Collins serves as local counsel in this case. *See* Tenn. R. Prof. Conduct 5.5(c). b

2

federal court." ECF 458 at 16 (emphasis in original). Defendants quote Exhibit 136, but fail to attach the full exhibit, which would demonstrate that DA Finney's ethics question had nothing to do with Ms. Baehr-Jones' conduct and solely concerned whether he could contact represented parties.[2] Defendants continue to misrepresent the record in a way that serves no purpose other than denigrating Plaintiffs' counsel and implying—falsely—that a DA has consulted the Tennessee Board of Professional Responsibility about her conduct, when *no* testimony or evidence supports this. Moreover, it is unethical for defense counsel to misrepresent the substance of a document and then fail to attach it as an exhibit to their reply brief.

For the reasons set forth in Plaintiffs' opposition, the Court should deny Defendants' motion, strike the motion and reply brief from the public record, and award sanctions.

Dated December 13, 2024.

Respectfully submitted,

Advocates for Survivors of Abuse PC

*/s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*/s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

---

[2] Notably, DA Finney failed to include in his factual summary that the victims here are also represented by Ms. Collins, an attorney barred in the State of Tennessee.

3

/s/ Julie C. Erickson
Julie C. Erickson (*pro hac vice*)
Elizabeth A. Kramer (*pro hac vice*)
Kevin M. Osborne (*pro hac vice*)
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on December 13, 2024 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants Johnson City, Tennessee, Karl Turner, in his individual and official capacity, Investigator Toma Sparks, in his official capacity, and Non-Party Kevin Peters in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins in his individual capacity*<br><br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 North Jefferson Avenue<br>P. O. Box 3347<br>Cookeville, TN 38501<br>danny@moorerader.com<br><br>*Counsel for Non-Party Kevin Peters in his individual Capacity* |

/s  Julie C. Erickson
Julie C. Erickson