# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| JANE DOE, *et. al.*, | ) | |
| | ) | Case No. 2:23-cv-71 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| JOHNSON CITY, TENNESSEE, *et al.*, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

---

# ORDER

---

Before the Court is Defendants' motion to disallow use of Eric Daigle's Report ("the Daigle Report") (Doc. 416) and the supplement the Court ordered Defendants to file to accompany their motion (Doc. 463). The Court ordered Defendants to file a supplement because Sixth Circuit precedent establishes that the rules of evidence are loosely applied at the class-certification stage of litigation and Defendants failed to address this issue once in their briefing. (*See* Doc. 461.) In their supplement, Defendants argue that the Court may consider objections based upon substantive evidentiary rules, like Rule 407, at the class-certification stage. (*See* Doc. 463, at 3.)

The Court declines to do so here. The purpose of Rule 407 is to "exclude evidence of subsequent remedial measures as proof of an admission of fault." Fed. R. Evid. 407, Advisory Committee Notes, 1972 Proposed Rules. This incentivizes defendants to continue undertaking corrective measures after malfeasance or negligence leads to an injury, and it excludes "poor proof" of wrongdoing. *See In re Air Crash Disaster*, 86 F.3d 498, 529–30 (6th Cir. 1996). It is unclear how applying Rule 407 at the class-certification stage would further this purpose. At the

1

class-certification stage, evidence must be reliable and relevant to ensure "that the Rule 23(a) prerequisites have been met 'in fact' through acceptable evidentiary proof." *See In re Nissan N. Am., Inc. Litig.*, No. 23-5950, 2024 WL 4864339, *9 (6th Cir. Nov. 22, 2024) (internal quotation marks and citation omitted). A court should refrain from considering the merits of a claim at the class-certification stage whenever possible. *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." (internal citation omitted)). If the merits are to be considered on a limited basis, the Court does not see how a ruling on class-certification would disincentivize corrective measures, as a class-certification ruling is not an adjudication on a defendant's guilt. Whether a defendant is at fault for a plaintiff's injury is not a relevant inquiry when a court decides to certify a class, and, accordingly, evidence of subsequent remedial measures should be considered if it can reliably help determine whether the perquisites of Rule 23 are met.

Defendants' motion to disallow Plaintiffs' use of the Daigle Report in their motion for class-certification under Rule 407 (Doc. 416) is **DENIED**.[1] Plaintiff's motion for an extension of time to respond (Doc. 440) is **DENIED AS MOOT**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] This holding is applicable to Plaintiffs' forthcoming motion for class certification.