IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

    **Plaintiffs,**

v.                                                   No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**

_____/

## UNOPPOSED MOTION TO DISMISS PURSUANT TO FRCP RULE 21

COME NOW Plaintiffs B.P., H.A., and S.H., on behalf of themselves individually and as proposed class representatives of all others similarly situated, to submit the following unopposed motion to dismiss certain parties and claims pursuant to Rule 21 of the Federal Rules of Civil Procedure. The Plaintiffs move to dismiss all TVPA, corruption, bribery, conspiracy, and any deliberate conduct claims and allegations because of the substantial risk of not meeting the applicable burdens of proof based on the evidence which has been adduced through extensive discovery. Accordingly, by way of this Motion, Plaintiffs seek to: (1) dismiss with prejudice Defendants Karl Turner, Toma Sparks, and Jeff Legault from this litigation; and (2) dismiss with prejudice all claims asserted against Defendant City of Johnson City by Plaintiffs B.P. and H.A. both individually and on behalf of the proposed Sex Trafficking Survivor Class and Williams Survivor Subclass.

### BACKGROUND

Plaintiffs commenced this action on June 21, 2023. ECF 1. Approximately one month later, on August 26, 2023, Plaintiffs filed a motion for leave to amend (ECF 12), which the Court granted on September 1, 2023 (ECF 20), and Plaintiffs filed their first amended complaint on September

6, 2023 (ECF 21). On December 12, 2023, Plaintiffs sought leave to file a second amended complaint, which sought to add class action allegations on behalf of two proposed classes under Federal Rule of Civil Procedure 23, withdraw certain named plaintiffs, add a class representative, add factual allegations discovered in the preceding three months, and name two additional defendants, Brady Higgins and Jeff Legault. ECF 93; 93-1.

On February 23, 2024, the Court granted in part Plaintiffs' motion for leave to amend but found the allegations of beneficiary liability under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1595, 1591(a)(1) & (2), (Count I) as to Defendants Jeff Legault and Brady Higgins were inadequate and therefore denied leave as to these allegations. ECF 119 at 14-16. Plaintiffs filed their Second Amended Complaint ("SAC") on March 1, 2024. ECF 121.

Between March 12 to April 1, 2024, Defendants Toma Sparks, Kevin Peters, Justin Jenkins, Jeff Legault, and Brady Higgins filed individual motions to dismiss various claims asserted against them in the SAC. ECF 129, 132, 138, 145, 147. Defendants City and Turner did not move to dismiss any claims asserted against them. Plaintiffs filed an omnibus opposition to these motions, and, on August 21, 2024, the Court issued an order granting in part and denying in part the individual Defendants' motions to dismiss. ECF 301. The Order made the following rulings:

- The Court dismissed the TVPA obstruction claim under 18 U.S.C. § 1591(d) (Count II) as to Jenkins, Peters, and Higgins. ECF 301 at 8-16. It sustained the claim as to Legault. *Id.* at 15-16.

- The Court dismissed the Substantive Due Process claim (Count VI) as to Jenkins, Peters and Higgins. *Id.* at 16-24. It upheld the claim on the shock-the-conscience theory as to Sparks and Legault (*id.* at 21, 23) but dismissed the state-created danger theory as to Sparks. *Id.* at 23-24.

- The Court ruled that the defendants were not entitled to qualified immunity at this stage. *Id.* at 24-27.

Thus, as of August 21, 2024, Peters, Jenkins, and Higgins were no longer parties to this case, as all claims brought against them were dismissed by the Court.

On November 1, 2024, Plaintiffs filed another Motion for Leave to file a proposed third amended complaint, which would have re-named Peters and Jenkins as defendants on various claims. ECF 419. Defendants opposed this motion on December 2, 2024. ECF 464, 466, and 467. Plaintiffs' reply was to be filed December 16, 2024.

On December 9, 2024, Plaintiffs and Defendant City engaged in a formal mediation. In light of continued settlement negotiations following the mediation, the parties stipulated to (and the Court granted) several continuances of Plaintiffs' deadline to file their reply in support of their motion for leave to amend. ECF 480, 482, 487. On February 13, 2025, the City Commission of Johnson City voted to approve a settlement between Plaintiffs and Defendant City.

Also on February 13, 2025, prior to filing a reply, Plaintiffs withdrew their Motion for Leave. ECF 488. As such, the operative complaint is the SAC, as modified by the Court's Order on the Motions to Dismiss (ECF 301).

This Motion seeks to effect the following:

1. Dismiss with prejudice individual Defendants Karl Turner, Toma Sparks, and Jeff Legault. Defendant City will be the sole remaining defendant.
2. Dismiss all claims asserted against Defendant City by Plaintiff H.A. on behalf of the Sex Trafficking Survivor Class. This includes:
    a. Count I: Sex Trafficking, 18 U.S.C. §§ 1591, 1594, and 1595;
    b. Count II: Obstruction of Enforcement of 18 U.S.C. § 1591, 18 U.S.C. §§ 1594, 1595 and 1591(d);

c. Count III: Aiding and Abetting a Sex-Trafficking Venture, 18 U.S.C. §§ 2, 1591(a)(1) & (2), 1595; and

d. Count IV: Conspiracy to Commit Violations of the TVPA, 18 U.S.C. §§ 1594(c), 1591, 1595.

3. Dismiss all claims asserted against Defendant City by Plaintiff B.P. on behalf of the Williams Survivor Subclass. This includes:

    a. Count V: Equal Protection, 42 U.S.C. § 1983, Unconstitutional Pattern or Practice as to Women Reporters of Sexual Assault; and

    b. Count VI: Equal Protection, 42 U.S.C. § 1983, Violation of Substantive Rights to Due Process.

4. Dismiss with prejudice claims asserted by Plaintiffs B.P. and H.A. individually under the Tennessee Government Tort Liability Act (T.C.A. 29-20-205) against Defendant City (Count VIII).

5. Dismiss Count IX (Negligence, Failure to Train) and Count X (Negligence, Failure to Supervise) against Defendant City as asserted by Plaintiffs B.P., H.A., and S.H., individually and on behalf of the Sex Trafficking Survivor Class, Williams Survivor Subclass, and Reporter Class, respectively.

6. Dismiss with prejudice all remaining claims brought by B.P. and H.A. individually under the TVPA and 42 U.S.C. § 1983.

The only remaining claim will be that asserted by S.H. individually and on behalf of the Reporter Survivor Class against Defendant City—that is, Count V, Equal Protection, 42 U.S.C. § 1983, Unconstitutional Pattern or Practice as to Women Reporters of Sexual Assault. Plaintiffs will shortly hereafter file a motion for leave to amend their operative complaint in order to reflect these dismissals.

I.  **ARGUMENT**

The Court has authority under Rule 21 to "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.[1] Counsel for all parties have met and conferred in connection with this Motion and agree that requested dismissals will not prejudice any party, will further the prompt and efficient disposition of the litigation, and are warranted under applicable law. If the Motion is granted, this Court will retain subject matter jurisdiction over the litigation pursuant to 28 U.S.C. § 1331, and S.H. individually and on behalf of the Reporter Survivor Class will proceed with claims under 42 U.S.C. § 1983 against Defendant City.

Plaintiffs seek these dismissals due to the substantial risk of not meeting the applicable burdens of proof based on the evidence adduced through extensive discovery. Plaintiffs also seek to dismiss the negligence claims against Defendant City (Counts IX and X) due to substantial risk of not being able to circumvent governmental immunity. *See* Tenn. Gov't Tort Liability Act, T.C.A § 29-20-101 *et seq.*; *Bowers ex rel. Bowers v. City of Chattanooga,* 826 S.W.2d 427, 431 (Tenn. 1992) (discussing governmental immunity under TGTLA); *Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 68 (Tenn. 2023) (same).

The parties agree there has been no finding of liability against, no admission of liability by, and no judgment entered against Defendants Karl Turner, Toma Sparks, or Jeff Legault.

S.H. individually and on behalf of the Reporter Survivor Class will pursue the remaining claim against Defendant City: Count V of the operative complaint, Equal Protection, 42 U.S.C. § 1983, Unconstitutional Pattern or Practice as to Women Reporters of Sexual Assault.

Accordingly, the requested dismissals should be granted.

---

[1] This Motion is filed pursuant to Rule 21, as opposed to Rule 41, because it seeks dismissal of specified parties and claims, and not the action in its entirety. *See* Fed. R. Civ. P. 41(a) ("…the plaintiff may dismiss **an action**…")(emphasis added).

Date: February 13, 2025

/s/ Julie C. Erickson
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

/s/ Heather Moore Collins
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

/s/ Vanessa Baehr-Jones
Vanessa Baehr-Jones CABN # 281715
*Pro Hac Vice*
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on February 13, 2025 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Defendant Jeff Legault and Former Defendant Justin Jenkins and their individual capacities*<br><br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 North Jefferson Avenue<br>P. O. Box 3347<br>Cookeville, TN 38501<br>danny@moorerader.com<br><br>*Counsel for Defendant Karl Turner and Former Defendant Kevin Peters in their individual Capacities* |

*/s/ Julie C. Erickson*
Julie C. Erickson