IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

    **Plaintiffs,**

v.                                                                           No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**

_____/

## MOTION FOR LEAVE TO AMEND

    COME NOW Plaintiffs B.P., H.A., and S.H., on behalf of themselves individually and as proposed class representatives of all others similarly situated, pursuant to Federal Rule of Civil Procedure 15, hereby submit the following unopposed Motion for Leave to Amend. Plaintiffs respectfully request that they be allowed to amend the operative complaint in this matter to conform it to reflect the Court's August 21, 2024 order granting in part and denying in part the motions to dismiss (ECF 301) and Plaintiffs' recent Rule 21 motion (ECF 489).

    The proposed Third Amended Complaint, filed herewith as Exhibit 1, will be limited to one claim by Plaintiff S.H. individually and on behalf of the proposed Reporter Class against Defendant City of Johnson City. Plaintiffs respectfully state to the Court as follows:

### I.    BACKGROUND

    Plaintiffs commenced this action on June 21, 2023. ECF 1. Approximately one month later, on August 26, 2023, Plaintiffs filed a motion for leave to amend (ECF 12), which the Court granted on September 1, 2023 (ECF 20), and Plaintiffs filed their first amended complaint on September 6, 2023 (ECF 21). On December 12, 2023, Plaintiffs sought leave to file a second amended complaint, which sought to add class action allegations on behalf of two proposed classes under Federal Rule of Civil Procedure 23, withdraw certain named plaintiffs, add a class

representative, add factual allegations discovered in the preceding three months, and name two additional defendants, Brady Higgins and Jeff Legault. ECF 93; 93-1.

On February 23, 2024, the Court granted in part Plaintiffs' motion for leave to amend but found the allegations of beneficiary liability under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1595, 1591(a)(1) & (2), (Count I) as to Defendants Jeff Legault and Brady Higgins were inadequate and therefore denied leave as to these allegations. ECF 119 at 14-16. Plaintiffs filed their Second Amended Complaint ("SAC") on March 1, 2024. ECF 121.

Between March 12 to April 1, 2024, Defendants Toma Sparks and Jeff Legault and then-defendants Kevin Peters, Justin Jenkins, and Brady Higgins filed individual motions to dismiss various claims asserted against them in the SAC. ECF 129, 132, 138, 145, 147. Defendants City and Turner did not move to dismiss any claims asserted against them. Plaintiffs filed an omnibus opposition to these motions, and, on August 21, 2024, the Court issued an order granting in part and denying in part the motions to dismiss. ECF 301. The Order made the following rulings:

- The Court dismissed the TVPA obstruction claim under 18 U.S.C. § 1591(d) (Count II) as to Jenkins, Peters, and Higgins. ECF 301 at 8-16. It denied the motion to dismiss filed by Legault and allowed that claim to proceed against him. *Id.* at 15-16.
- The Court dismissed the Substantive Due Process claim (Count VI) as to Jenkins, Peters and Higgins. *Id.* at 16-24. It allowed the claim on the shock-the-conscience theory as to Sparks and Legault to proceed (*id.* at 21, 23) but dismissed the state-created danger theory as to Sparks. *Id.* at 23-24.
- The Court ruled that the defendants were not entitled to qualified immunity at this stage. *Id.* at 24-27.

On November 1, 2024, Plaintiffs filed another Motion for Leave to file a proposed third amended complaint, which would have re-named Peters and Jenkins as defendants on various claims. ECF 419. Oppositions were filed on December 2, 2024. ECF 464, 466, and 467. Plaintiffs' reply was to be filed December 16, 2024.

On December 9, 2024, Plaintiffs and Defendant City engaged in a formal mediation. In light of continued settlement negotiations following the mediation, the parties stipulated to (and the Court granted) several continuances of Plaintiffs' deadline to file their reply in support of their motion for leave to amend. ECF 480, 482, 487. On February 13, 2025, the City Commission of Johnson City voted to approve a settlement between Plaintiffs and Defendant City. Following the Commission vote, Plaintiffs withdrew their Motion for Leave, prior to filing a reply. ECF 488. Plaintiffs then filed a Rule 21 motion requesting to dismiss Defendants Karl Turner, Toma Sparks, and Jeff Legault and all claims asserted against the City by Plaintiffs B.P. and H.A. individually (with prejudice) and on behalf of the proposed Sex Trafficking Survivor Class and Williams Survivor Subclass (without prejudice). ECF 489.

Plaintiffs now request leave of Court to file a Third Amended Complaint. In summary, the Third Amended Complaint, attached hereto as Exhibit 1, will make the following changes:

1. Remove Karl Turner, Toma Sparks, and Jeff Legault as named defendants.
2. Remove all claims asserted by Plaintiff B.P. on behalf of the Sex Trafficking Survivor Class against Defendant City. This includes:
    a. Count I: Sex Trafficking, 18 U.S.C. §§ 1591, 1594, and 1595;
    b. Count II: Obstruction of Enforcement of 18 U.S.C. § 1591, 18 U.S.C. §§ 1594, 1595 and 1591(d);
    c. Count III: Aiding and Abetting a Sex-Trafficking Venture, 18 U.S.C. §§ 2, 1591(a)(1) & (2), 1595;
    d. Count IV: Conspiracy to Commit Violations of the TVPA, 18 U.S.C. §§ 1594(c), 1591, 1595;
3. Remove all claims asserted by Plaintiff H.A. on behalf of the Williams Survivor Subclass against Defendant City. This includes:
    a. Count V: Equal Protection, 42 U.S.C. § 1983, Unconstitutional Pattern or Practice as to Women Reporters of Sexual Assault;
    b. Count VI: Equal Protection, 42 U.S.C. § 1983, Violation of Substantive Rights to Due Process;

4. Remove claims asserted by Plaintiffs B.P. and H.A. individually under the Tennessee Government Tort Liability Act (T.C.A. 29-20-205) against Defendant City (Count VIII).

5. Remove Count IX (Negligence, Failure to Train) and Count X (Negligence, Failure to Supervise) against Defendant City in full (as asserted by B.P., H.A., and S.H., individually and on behalf of the Sex Trafficking Survivor Class, Williams Survivor Subclass, and Reporter Survivor Class).

6. Remove all allegations of corruption, bribery, conspiracy, and deliberate conduct against Defendants Karl Turner, Toma Sparks, and Jeff Legault and former defendants Kevin Peters, Justin Jenkins and Brady Higgins.

7. Withdraw B.P. and H.A. as class representatives and plaintiffs and remove their names from the complaint.

As a result of these changes, the Third Amended Complaint will assert only one claim by S.H. individually and on behalf of the Reporter Class against Defendant City, namely, Count V, Equal Protection, 42 U.S.C. § 1983, Unconstitutional Pattern or Practice as to Women Reporters of Sexual Assault.

## II.  ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The determination of whether to allow an amendment to the pleadings is left to the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any apparent reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment—the leave sought should be freely given. *Id.*

The proposed Third Amended Complaint will conform the pleadings to reflect the current and accurate status of the relationship of Plaintiffs' claims vis-à-vis the Defendants. Having a conformed complaint will increase efficiency and avoid confusion as to what the currently pled claims are and whom they are alleged against. Accordingly, leave should be given to file the proposed Third Amended Complaint attached hereto as Exhibit 1.

Date: February 13, 2025

*/s/ Julie C. Erickson*
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*/s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*/s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones CABN # 281715
*Pro Hac Vice*
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on February 13, 2025 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Defendant Jeff Legault and Former Defendant Justin Jenkins and their individual capacities*<br><br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 North Jefferson Avenue<br>P. O. Box 3347<br>Cookeville, TN 38501<br>danny@moorerader.com<br><br>*Counsel for Defendant Karl Turner and Former Defendant Kevin Peters in their individual Capacities* |

*/s/ Julie C. Erickson*
Julie C. Erickson