IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

B.P., et al.,

    **Plaintiffs,**

v.                                             No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE, et al.,**

    **Defendants.**
_____/

### REPLY IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO DISMISS

Over a year and a half into this litigation, and over two months after a publicly disclosed mediation, followed by lengthy—and well-publicized—settlement negotiations, counsel for C.S. has appeared on the docket to oppose Plaintiffs' motion to dismiss claims asserted by Plaintiffs B.P. and H.A., both individually and on behalf of the proposed Sex Trafficking Survivor Class and Williams Survivor Subclass.[1] ECF 494. Plaintiffs' motion follows a successful settlement with Defendant Johnson City, reached on behalf of a group of survivors of Sean Williams,[2] as well as on behalf of the Reporter Survivor Class.[3]

C.S. did not file a substantive opposition to Plaintiffs' motion to dismiss but instead asks the Court to first consider C.S.'s motion to intervene. *Id*. There is no reason to delay the requested dismissal of B.P.'s and H.A.'s individual claims because doing so poses no prejudice to

---

[1] Counsel for C.S. has also moved to intervene in this litigation (ECF 493), claiming to be willing to assume the role of class counsel on behalf of the Sex Trafficking Survivor Class and Williams Survivor Subclass.

[2] The terms of the Williams survivors' settlement agreements are confidential.

[3] The settlement on behalf of the Reporter Survivor Class is, of course, subject to the Court's approval. Counsel will move the Court for preliminary approval of the class settlement as soon as possible. The proposed class settlement agreement will be filed publicly at that time.

1

C.S.—her rights and her ability to pursue her claims will be unchanged. Plaintiffs do not oppose the Court considering the motion to intervene before considering Plaintiffs' request to dismiss without prejudice the putative claims of absent members of the Sex Trafficking Survivor Class and Williams Survivor Subclass. Accordingly, the Court should grant Plaintiffs' unopposed motion at least as to B.P.'s and H.A.'s individual claims.[4]

Plaintiffs reserve the right to respond to the motion to intervene on or before the March 3, 2025, deadline to do so, but considering the importance of the litigation and of a correct record concerning settlement, Plaintiffs highlight below a number of factual errors and erroneous assumptions in C.S.'s motion to intervene.

## ARGUMENT

For over a year and a half, counsel for C.S. did not file a notice of appearance and made no effort to intervene. On February 15, 2025—a Saturday—counsel for C.S. contacted Plaintiffs' counsel to ask about the terms of the confidential settlements reached between Plaintiffs and Defendant Johnson City on February 13, 2025, and asked Plaintiffs' counsel to call him back over the holiday weekend (Monday was a federal holiday). Decl. of Vanessa Baehr-Jones ¶ 3. When Plaintiffs' counsel responded that they were unavailable until Tuesday, counsel for C.S. indicated he would not wait and filed this opposition along with a motion to intervene. *Id.* ¶ 4. Collectively, these filings rely on numerous assumptions about the case and the parties' settlement negotiations which are simply incorrect.

---

[4] Plaintiffs' motion also seeks to dismiss two negligence claims (Count IX, failure to train, and Count X, Failure to Supervise) asserted by Plaintiff S.H., both individually and on behalf of the Reporter Class, that relate to how JCPD responded to reports of sexual assault. *See* ECF 489 at 4. As C.S. did not report her assault to JCPD, she does not have a legal interest in these claims and therefore their dismissal would not prejudice her.

2

Most critically, contrary to C.S.'s assertion, nothing about Plaintiffs' dismissal hinders any non-settling member of the proposed Sex Trafficking Survivor Class or Williams Survivor Subclass from bringing their own claims individually. C.S. nevertheless lodges accusations against Plaintiffs' counsel, claiming—without any basis—that a sentence in the motion to dismiss will have a "practically harmful" effect on other Williams survivors' claims. *See* ECF 493 at 1-2. What practical effect? C.S. does not specify and admits the sentence has no legal effect. *Id.* Instead, counsel for C.S. accuses Plaintiffs' counsel of contradicting what they "told the Court." *Id.* at 5. Nonsense. There is nothing unusual or "shocking" about Plaintiffs' acknowledgement of the substantial risk of continuing to litigate novel Trafficking Victims Protection Act claims—a risk present in any case that does not settle and instead goes to a jury trial and then becomes subject to appeal. Plaintiffs stand by the strength of their case while acknowledging that risk.

Second, C.S. is wrong that Plaintiffs' counsel knew the identities of and could have "notified" all Williams' survivors prior to settling this case. *See id.* at 3. Neither Plaintiffs nor Defendants in this case are in possession of the names of the Sean Williams survivors identified by District Attorney Investigator Michael Little. *See* ECF 391-2 (Little affidavit). In fact, the District Attorney's Office for the First Judicial District ("D.A.'s Office") has asserted an investigatory privilege over discovery relating to Williams' sexual assaults, which the D.A.'s Office maintains are open and active investigations—a fact that is clear from a cursory review of the docket. *See, e.g.*, ECF 294, 294-1, 362.

While Plaintiffs' counsel were unable to "notify" Williams' survivors of the settlement negotiations, that hardly means these survivors were left unaware. This case was covered extensively by local and national media for over a year and a half before the parties' mediation.

3

This case was often the lead story in the local nightly news. Moreover, the fact and timing of the mediation were matters of public record and the press covered the fact that settlement negotiations were ongoing up until the City Commission vote on February 13, 2025. So, while it was impossible for Plaintiffs' counsel to directly contact all Williams' survivors, counsel have a degree of confidence that most—if not all—Williams' survivors are aware of this case and are free to contact counsel of their choice. There is no shroud of secrecy here, and there is nothing to hide: A number of Williams and sex-trafficking survivors are settling their claims on an individual basis (and the rest remain free to pursue their claims), and S.H., the representative of the Reporter Class, will soon propose a Rule 23 class settlement to the Court (and those who do not want to participate in any approved settlement can opt out).

Finally, C.S. is wrong that "the Williams victims whose abuse was not reported to the JCPD will not get any of the $28 million settlement." ECF 493 at 2. As is clear from prior filings in this case, Plaintiffs' counsel represents a group of Williams' survivors, not just B.P. and H.A.

## CONCLUSION

For the above reasons, the Court should grant Plaintiffs' motion to dismiss (1) claims asserted by Plaintiffs B.P. and H.A., both individually and on behalf of the proposed Sex Trafficking Survivor Class and Williams Survivor Subclass, and (2) two negligence claims (Count IX, failure to train, and Count X, Failure to Supervise) asserted by Plaintiff S.H., both individually and on behalf of the Reporter Class. Should the Court decide to first consider C.S.'s motion to intervene, the Court should still dismiss B.P.'s and H.A.'s individual claims, and the two negligence claims asserted by S.H.

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on February 24, 2025, to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins and Jeff Legault in their individual capacity*<br><br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 North Jefferson Avenue<br>P. O. Box 3347<br>Cookeville, TN 38501<br>danny@moorerader.com<br><br>*Counsel for Defendant Karl Turner in his individual Capacity* |

*/s/ Vanessa Baehr-Jones*
Vanessa Baehr-Jones