IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

S.H., individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.                                               No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE,

    Defendant.

_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

COMES NOW Plaintiff S.H., individually and as a proposed class representative for all those similarly situated ("Plaintiff"), through her undersigned counsel, to request an extension of time to file a motion for preliminary approval of the class action settlement between Plaintiff and Defendant City of Johnson City, Tennessee ("Defendant") (collectively "the Parties"), which will resolve the remaining claims in this matter.

On March 4, 2025, the Court set a deadline of March 24, 2025 by which the parties are to file a motion for preliminary approval. ECF 506. In that order, the Court stated the parties may seek an extension of this deadline for good cause. *Id.* Pursuant to that order, Plaintiffs requested, and the Court granted, an extension of the March 24 deadline to May 5, 2025. ECF 510.

The Parties have been working diligently to finalize the many components involved in this class action settlement yet require additional time. For the reasons described herein, Plaintiffs respectfully request a brief 14-day extension of the May 5th deadline to May 19, 2025. Counsel for the parties have met and conferred and the City consents to this extension. Declaration of Julie C. Erickson ("Erickson Decl."), ¶ 3.

**Background**

The Parties mediated this case on December 9, 2024. ECF 509-1, Erickson Decl., ¶ 3. While the Parties made significant progress that day, they did not reach an agreement. The Parties continued their negotiations over the next two months, finally executing a term sheet on February 13, 2025. *Id*. On February 13, 2025, the City Commission for the City of Johnson City voted unanimously in favor of the proposed settlement, understanding that ultimate approval authority is vested with the Court. *Id.* at ¶ 4. Following the Commission's approval, counsel for Plaintiffs began drafting the settlement agreement, which they provided to counsel for the City on March 11, 2025. *Id.* at ¶ 5.

On March 4, 2025, the Court set a deadline of March 24, 2025 by which the parties were to file a Motion for Preliminary Approval of Class Action Settlement ("Motion"). ECF 506. In that order, the Court stated the parties may seek an extension of that deadline for good cause. *Id*. On March 24, 2025, the Court granted Plaintiffs' request for an extension to file the Motion on May 5, 2025 and stayed all other deadlines pending the settlement approval process. ECF 510.

**Good Cause Supports the Requested Extension**

The Parties have been working diligently over the past eight weeks to draft, refine, negotiate, and finalize the terms of the proposed settlement agreement and numerous exhibits thereto. Erickson Decl., ¶ 6. Several rounds of drafts have been exchanged, each of which have needed close review and client sign-off. *Id.* at ¶ 8. All material terms have been agreed upon. However, there are a few remaining matters that require additional time to finalize, including coordinating with the settlement administrator regarding various logistical procedures. *Id.* at ¶ 8. After these items are resolved, the Parties will be able to execute the settlement agreement. The requested 14-day extension is reasonable and appropriate. *Id.*

The request should also be granted as there is no evidence of delay by the Parties or their counsel. To the contrary, Plaintiff and her counsel have advanced this litigation at a rapid pace and, indeed, have a duty to seek court approval of the settlement (and secure payment to settlement class members) as expeditiously as possible. *Id.* at ¶ 9.

For the reasons stated above, good cause exists and the Court should grant Plaintiffs' request for more time to move for preliminary approval and extend Plaintiffs' Motion deadline to May 19, 2025, which represents a 14-day extension of the current deadline.

Date: May 2, 2025

/s/ Julie C. Erickson
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
Erickson Kramer Osborne LLP
44 Tehama St.
San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

/s/ Heather Moore Collins
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

/s/ Vanessa Baehr-Jones
Vanessa Baehr-Jones (California Bar # 281715)
*Pro Hac Vice*
Advocates for Survivors of Abuse PC
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*Attorneys for Plaintiff and the Proposed Class*

3

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on May 2, 2025 to counsel of record:

K. Erickson Herrin
HERRIN, McPEAK & ASSOCIATES
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
erick@hbm-lawfirm.com
rachel@hbm-lawfirm.com

Emily C. Taylor
Maria Ashburn
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com
mashburn@watsonroach.com

*Attorneys to Defendant Johnson City, Tennessee*

Jonathan P. Lakey
Burch, Porter, & Johnson, PLLC
130 N. Court Ave.
Memphis, TN 38103
901-524-5000
jlakey@bpjlaw.com
mchrisman@bpjlaw.com

*Attorney to Defendant City of Johnson City, Tennessee*

*/s/ Elizabeth A. Kramer*
Elizabeth A. Kramer
