# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**S.H., individually, and on behalf
of all others similarly situated,**

    **Plaintiffs,**

v.                                               No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE,**

    **Defendant.**

_____/

# [PROPOSED] ORDER GRANTING MOTION FOR
# PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter before the Court is on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF 514) ("Motion for Preliminary Approval"). Plaintiff S.H., individually and on behalf of the proposed class ("Plaintiffs"), and Defendant City of Johnson City, Tennessee ("Defendant") have entered into a Settlement Agreement and Release (the "Settlement") (ECF 513) that, if approved, would resolve this litigation.

Having considered the Motion for Preliminary Approval, the Settlement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

    1.    Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Settlement.

    2.    The Court has jurisdiction over this litigation, Plaintiff, Defendant, and Class Members. Venue is proper in this Court.

## PRELIMINARY APPROVAL

    3.    The Court has reviewed the terms of the proposed Settlement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration submitted in

support of the motion. Based on its review of these papers, the Court finds that the Settlement is the product of serious, informed, non-collusive, arm's length negotiations between experienced counsel and conducted with the assistance of mediator Hon. Layn Phillips (ret.).

4. The Settlement confers substantial benefits upon the Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and appeal. The Settlement does not improperly grant preferential treatment to any individual or segment of the Class; does not exhibit any signs of collusion; compares favorably with the potential recovery when balanced against the risks of continued litigation; and falls within the range of possible approval as fair, reasonable, and adequate and thus is likely to be finally approved under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

5. The Court therefore **GRANTS** preliminary approval of the Settlement.

## PRELIMINARY FINDINGS ON SETTLEMENT CERTIFICATION

6. The Court finds that it will likely be able to certify the following Class for purposes of judgement on the proposed Settlement:

> All women, including minors, who reported sexual assault[1] by any person to JCPD from January 1, 2018 to December 31, 2022.

7. The Court preliminarily concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied. In support of this conclusion, the Court provisionally finds as follows:

  a. The number of Class Members is too numerous for their joinder to be practicable. The Settlement Class consists of approximately 375 individuals, whose identities are ascertainable through Defendant's records.

  b. There are questions of law and fact common to the Class, and these common questions predominate over individualized questions for settlement purposes. The common questions include whether JCPD's alleged discriminatory

---

[1] For purposes of this Order and the definition of "Class" or "Class Member", sexual assault is defined to include the following crimes: rape; sodomy; sex assault w/ object; forcible fondling; incest; and statutory rape.

practices were sufficiently widespread and pervasive to establish municipal liability against the City under 42 U.S.C. § 1983, and whether those practices violated the Equal Protection Clause of the U.S. Constitution.

    c.     Plaintiff's claims are typical of the claims of the Class in that her claim, like the claims of all class members, arise from the same allegedly widespread and pervasive practice of discriminatory conduct against women reporters of sexual assault.

    d.     Plaintiff has hired experienced counsel, actively participated in the prosecution of the lawsuit, and demonstrated that she is adequately representing the interests of the other Class Members. The Court hereby appoints Plaintiff S.H. as Class Representative.

    e.     Additionally, proposed Class Counsel—Erickson Kramer Osborne LLP, Advocates for Survivors of Abuse PC, and HMC Civil Rights Law, PLLC, are experienced in prosecuting class actions involving similar claims, have vigorously represented the Class, and are hereby appointed as Class Counsel.

    f.     A class action is a superior method for the fair and efficient resolution of this litigation considering the amenability of the claims to class treatment and the difficulty of bringing individual lawsuits to address the alleged harm.

    g.     If for any reason the Court does not grant final approval of the Settlement, or if the Effective Date does not occur, these preliminary certification findings shall be deemed null and void without further action of the Court or the parties. In such circumstances each party shall retain all its respective rights to seek or to oppose certification of this action under Fed. R. Civ. P. 23.

## **NOTICE AND ADMINISTRATION**

8.     The Court approves the Notice substantially in the forms attached as Exhibit A to the Settlement. The proposed notice plan, which includes direct notice to class members, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated to apprise Class Members of the nature and pendency of the litigation, the

scope of the Settlement Class, a summary of the class claims, that the Court will grant exclusion requests and the time and manner for doing so, that Class Members may object and the time and manner for doing so, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorney's fees and expenses and for service awards, and that Class Members may review and comment upon that motion in a time and manner that will be set out on the settlement website when the motion is filed. The plan and the Notice constitute due, adequate and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.

9. The Court hereby appoints JND Legal Administration to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a Settlement website and a toll-free number, distribute payments according to the distribution plan set forth in the Settlement, and perform any other administrative functions that are reasonably necessary or provided for in the Settlement.

10. The Court preliminarily approves the Allocation Plan annexed to the Settlement at Exhibit B, and finds that the proposed distribution meets the requirements of due process and Federal Rule of Civil Procedure 23.

11. The Court therefore directs the parties and the Settlement Administrator to provide notice pursuant to the terms of the Settlement and this Order.

## EXCLUSIONS AND OBJECTIONS

12. Class Members who wish to opt out and exclude themselves from the Settlement may do so by notifying the Settlement Administrator in writing postmarked no later than _____, 20____.

13. To be valid, each request for exclusion must:

- Include the Class Member's full name, address, and telephone number;
- Include the statement: "I want to be excluded from *S.H. v. City of Johnson City, Tennessee*, No. 2:23-cv-00071-TRM-JEM (E.D. Tenn.), and understand

that by excluding myself, I will not be able to get any money or benefits from the settlement" or substantially similar clear and unambiguous language;

- Include the Class Member's signature; and
- Be mailed to the Settlement Administrator at the following address:
  NAME
  INSERT c/o
  ADDRESS

14. Any Class Member who submits an opt out request with a postmark after the deadline set forth above shall be deemed to have waived any right to opt out of the Settlement and shall not be permitted to opt out of the proposed Class. In other words, any request to opt out postmarked after the deadline set forth in paragraph 13 of this order is ineffective and void, and this deficiency cannot be cured. If a Class Member's request to opt out is otherwise materially deficient as to the requirements listed above (and detailed in the Notice), the Settlement Administrator will send the Class Member a letter advising of the defect(s) and will give the Class Member an opportunity to cure. If a Class Member fails to cure the request for exclusion, the Settlement Administrator will have no further obligation with respect to that Class Member to give notice of a need to cure.

15. All Class Members who do not validly exclude themselves from the Settlement Class shall be bound by the terms of the Settlement upon entry of a final approval order and judgment.

16. Settlement Class Members who wish to object to the Settlement must do so in a written submission to the Court. Any such objection must:

- Include the Class Member's full name, address, and telephone number;
- Clearly identify the case name and number (*S.H. v. City of Johnson City, Tennessee*, No. 2:23-cv-00071-TRM-JEM (E.D. Tenn.));
- State with specificity the grounds for the objection;
- State whether the Settlement Class Member intends to personally appear and/or testify at the Final Approval Hearing;

- Include the name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member;
- State whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval Hearing, and if so, the identity of that attorney;
- Be submitted to the Court either by mailing to:
James H. Quillen United States Courthouse, 220 West Depot Street, Suite 200 Greeneville, Tennessee 37743, or by filing in person at any location of the Eastern District of Tennessee.

17. Any Settlement Class Member who does not timely submit a written objection in accordance with the procedures listed above (and detailed in the Notice) shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement and/or the final approval order and judgment by appeal or other means.

## FINAL APPROVAL HEARING AND SCHEDULE OF PROCEEDINGS

18. The Court will hold a Final Approval Hearing on _____, 2025 at _____ [a.m./p.m.], in Courtroom 3, 900 Georgia Avenue, Chattanooga, Tennessee 37402. The Court may continue the date of the Final Approval Hearing without further notice to Settlement Class Members. Settlement Class Members should check the Settlement website and/or the Court's online calendar for the date of the Final Approval Hearing.

19. At the Final Approval Hearing, the Court will consider: whether the Settlement is fair, reasonable, and adequate and should be granted final approval; whether the Settlement Class should be finally certified; whether a final judgment should be entered; and any other matters the Court may deem appropriate.

20. At the same time as the motion for final approval, Class Counsel will also file a motion for an award of attorney's fees, reimbursement of expenses, and a service payment to the Class Representative. Class Counsel's request for attorney's fees and reimbursement of expenses shall not exceed $1,400,000, as well as reimbursement of litigation costs actually incurred and advanced by Class Counsel in an amount not to exceed $20,000. Class Counsel will also request

6

a service award to the Class Representative not to exceed $20,000. All amounts approved for attorney's fees and expenses, and the service award will be paid from the Settlement Amount.

21. The Notice informs Class Members that Plaintiffs' motion for attorney's fees, expenses, and the service payment will be posted on the Settlement website as soon as it is filed. Settlement Class Members will have the opportunity to object to the motion. The Court will then consider the motion. Any appeal from an order relating solely to Class Counsel's motion for attorney's fees and expenses, and the service payment, or any reversal or modification of any such order, shall not operate to terminate the Settlement or to affect or delay the finality of a judgment approving the Settlement.

22. The parties and Settlement Class Members shall adhere to the following schedule unless otherwise ordered by the Court:

| **Event** | **Date** |
|---|---|
| Settlement Administrator sends Notice ("Notice Date") | Within 45 days after entry of this Order |
| Objection and Opt-out Deadline | 60 days after Notice Date |
| Deadline to File Motion for Final Settlement Approval and Motion for Attorney's Fees, Expenses and Service Award | 120 days after Notice Date |
| Final Approval Hearing | _____ [Parties propose not earlier than 170 days after Notice Date] |

## RESERVATION OF JURISDICTION

23. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or connected with the Settlement.

24. Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED, and all

hearings, deadlines, and other proceedings in the litigation, except the Final Approval Hearing and the matters set forth in this Order, are VACATED.

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: _____                    _____
                                             TRAVIS R. MCDONOUGH
                                             UNITED STATES DISTRICT JUDGE