IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

S.H., individually, and on behalf
of all others similarly situated,

    Plaintiff,

v.                                                 No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE,

    Defendant.

_____/

## MINOR VICTIM 1'S UNOPPOSED PETITION TO APPROVE MINOR SETTLEMENT

Minor Victim 1, by and through undersigned counsel and through his parents and legal guardians A.A. and H.H., brings this unopposed petition to seek Court approval of the proposed settlement entered into on his behalf. This motion is based upon the sealed Declarations of Vanessa Baehr-Jones, Heather Collins, Elizabeth Kramer, the sealed Declarations of Minor Victim 1's parents, A.A. and H.H., the Proposed Order Granting Motion to Approve Minor Settlement, and all pleadings and papers on file in this action.

//

//

# LEGAL STANDARD

**I. Jurisdiction to Approve the Minor Victim 1's Settlement Properly Rests with this Court**

Federal Rule of Civil Procedure 17(c) empowers a district court to make such order as it deems proper for the protection of a minor. Fed. R. Civ. P. 17(c).[1] While the local rules do not specifically address minor settlements, courts in this district routinely approve such settlements which have been reached as part of a federal civil action. *See, e.g.*, *Thrivent Fin. for Lutherans v. Camp*, 1:15-cv-146-SKL, 2015 WL 9587725 at *1 (E.D. Tenn. Dec. 30, 2015). In reviewing a settlement, the Court applies Tennessee law. *See, e.g.*, *Smith v. ABN AMRO Mortg. Grp., Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011) ("Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law."). In doing so, the Court "must make an independent determination that the settlement is in the minor's best interest." *Thrivent Fin. for Lutherans*, 2015 WL 9587725 at *1.

Courts also "must consider and then determine what constitutes fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise." *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988). The Tennessee Supreme Court provides that "a trial court should apply the factors set forth in [Rules of Professional Conduct ("RPC")] 1.5(a)(1)-(10) when determining a reasonable attorney's fee

---

[1] The Court, in its discretion, granted Plaintiffs' motion under Federal Rule of Civil Procedure 21 to dismiss certain claims and defendants, and allowed Plaintiffs to file the current operative class complaint. ECF 505. The Court nevertheless retains jurisdiction to approve a minor's settlement under Rule 17(c) where the minor's claims arose while the Second Amended Complaint was operative and neither settling party opposes the Court's adjudication of the minor's settlement. Additionally, both parties agree that the Court's adjudication of this petition is appropriate to secure the just and efficient determination of Minor Victim 1's petition, and that judicial economy weighs heavily in favor of the Court deciding this petition. Moreover, an order from the Court will ensure that the settlement is effectuated as quickly as possible.

2

regardless of the client's age." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 185 (Tenn. 2011). The RPC 1.5(a)(1)-(10) factors are as follows:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent;
>
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)-(10). These factors are not exclusive, and each factor may not be relevant in every case. *Wright* at 177 n.17.

## ARGUMENT

### I. The Proposed Settlement Reached on Behalf of Minor Victim 1 Is Fair and Reasonable

The settlement amount achieved on behalf of Minor Victim 1 will be a significant source of stability and support for Minor Victim 1 when he reaches the age of majority. *See* Baehr-Jones Decl., Exh. 1, Attachment to Petition and/or Order for Minor's Compromise (setting forth periodic payments under the structured settlement for Minor Victim 1) (filed under seal); *id.* ¶ 9 (describing structure). The proposed settlement amount and the structure are filed under seal to protect Minor Victim 1's privacy.

3

Case 2:23-cv-00071-TRM-JEM   Document 526   Filed 07/25/25   Page 3 of 11
PageID #: 11850

This settlement represents an excellent outcome for Minor Victim 1 given the complexity and risk of this litigation. This has been a contested case from its filing through settlement, and Defendant has demonstrated through its filings that it intended to dispute liability, damages, and the appropriateness of the certification of a class in this matter. This settlement eliminated the risk for Minor Victim 1 that he ultimately would have received nothing related to his claims. Moreover, the settlement award is appropriate even if he had succeeded in his lawsuit against Defendant, considering comparable damages awards in Tennessee federal court arising out of claims involving the sexual abuse of a minor. *See, e.g.*, *Mathis v. Wayne County Board of Education*, No. 09-cv-0034 (M.D. Tenn. 2009) ($200,000 verdict divided between two minor victims of sexual abuse and sexual assault); *Richards v. Williamson County Board of Education*, No. 3:14-cv-0730 (M.D. Tenn. 2015) ($100,000 judgment for minor victim of sexual harassment and assault).

Counsel was able to achieve this outcome even though Minor Victim 1 is too young to participate in this litigation in any way. Thus, Minor Victim 1 has benefited significantly from his counsel's representation of his interests during settlement negotiations with Defendants, and from the settlement reached on his behalf. The Court should approve the settlement as it is in the best interest of Minor Victim 1 and represents a fair and reasonable outcome considering the nature of the claims he could have brought against Defendant.

## II. The Attorneys' Fees and Costs Reimbursement Requested Are Fair and Reasonable

As set forth in the Declarations of counsel, counsel for Minor Victim 1 expended an extraordinary amount of time, effort, and resources litigating this action. Counsel has represented Minor Victim 1 since September 9, 2023, but began representing clients in this case in July 2022. Baehr-Jones Decl. ¶ 7. Thus, the settlement reached on Minor Victim 1's behalf represents the culmination of over two and a half years of effort on counsel's part to investigate and litigate this

4

case to a successful end. Because counsel's fees are contingent, counsel has not yet received any fees for their work on Minor Victim 1's behalf and have fronted all litigation costs associated with his claims. *See* Decl. of H.H., Exh. 2, Attorney Client Agreement with Minor Victim 1 (filed under seal). Minor Victim 1's share of the costs in this action are set forth in counsel's declaration and are minimal given the length and extent of litigation in this case and as a proportion of his settlement. Baehr-Jones Decl. ¶ 8. The attorneys' fees and costs reimbursements are fair and reasonable, applying the RPC 1.5(a)(1)-(10) factors here.

Considering the RPC 1.5(a)(1)-(10) factors in turn:

(1) The time and effort expended in this litigation was considerable. Counsel for Minor Victim 1 included seven lawyers from three separate law firms, with total billable attorney time of over 8,700 hours. *See* Baehr-Jones Decl. ¶ 4; Decl. of Heather M. Collins ("Collins Decl.") ¶ 4; Decl. of Elizabeth Kramer ("Kramer Decl.") ¶ 6. This case presented a host of novel legal issues, including questions of first impression on the scope of 18 U.S.C. §§ 1595, 1591(d), as applied to obstruction of justice civil claims; whether beneficiary liability applied to the alleged police officers' conduct under 18 U.S.C. §§ 1595, 1591(a); whether officers were protected by sovereign immunity from such claims; and whether a police department's discriminatory conduct towards women reporters of sexual violence gave rise to constitutional claims under the Equal Protection Clause, among the myriad of thorny legal issues presented during the litigation of this case. The docket illustrates the extent of counsel's work here: litigation spanned nearly 500 docket entries before counsel reached a settlement on Minor Victim 1's behalf.

This was also a case that demanded highly skilled counsel to brief the complex and novel legal issues presented; conduct depositions of police officers, as well as an expert in constitutional policing; and maintain a trauma-informed, victim-centered practice to minimize

5

retraumatizing the victims and their family members. Expertise was necessary in several disparate areas of law, including criminal procedure and practice, class action litigation, Tennessee municipality law, and constitutional law, among others.

Accordingly, factor one weighs heavily in favor of approving counsel's attorneys' fees.

(2) There was a high likelihood that this case would require nearly full-time effort from the attorneys litigating on behalf of Williams' survivors. By the time that counsel began representing Minor Victim 1 in September 2023, there had already been two amended complaints filed on behalf of the survivors, and motion practice with Defendants had already begun. *See, e.g.*, ECF 12, 23, 17, 26, 27. Each of these complaints was lengthy and complex, and required large amounts of legal research and investigation on the part of counsel. In addition to the civil case, counsel for Williams' survivors were concurrently advocating on behalf of Minor Victim 1 and other Williams' survivors in two ongoing federal criminal investigations and the state criminal investigations into Williams. Baehr-Jones Decl. ¶ 4. Thus, there was a high likelihood that the acceptance of Minor Victim 1 as a client in this matter would result in significant time and resources from Minor Victim 1's counsel. This factor also weighs in favor of approving counsel's attorneys' fees here.

(3) As set forth in the Declarations of counsel, their billing records in this case have been based off a national lodestar model, the Laffey Matrix, http://www.laffeymatrix.com, which accounts for local variability in setting standard billing rates for lawyers of similar experience levels nationwide. Given the complexity of this matter, and the fact that it required specialized skills in federal criminal investigations, constitutional law, and class action litigation, applying the Laffey Matrix is fair and appropriate here. All counsel for Minor Victim 1 have calculated their fees based on this standard. *See* Baehr-Jones Decl. ¶ 6; Collins Decl. ¶ 5; Kramer Decl. ¶ 7.

6

Case 2:23-cv-00071-TRM-JEM    Document 526    Filed 07/25/25    Page 6 of 11
PageID #: 11853

These billing rates show that the contingency award is fair and reasonable considering the value of the total number of hours the attorneys worked over the course of this action.

(4) The amount involved here related to significant economic and noneconomic damages resulting from childhood sexual abuse. Although these amounts can vary depending on a number of factors, these damage calculations are often high given the lifelong nature of the harm. The results obtained represent a significant settlement amount for Minor Victim 1. This factor weighs in favor of approving counsel's fees, as the amounts at issue are significant and warrant the attorneys' fees contemplated under the attorney client contract.

(5) This factor does not apply here as the attorney client agreement between counsel and Minor Victim 1 did not contemplate a limited scope of representation based on a specific number of hours billed or scope of work. The agreement provided unlimited representation as part of this class action litigation as well as representation in ongoing criminal investigations.

(6) This factor weighs in favor of the attorneys' fees sought as counsel has represented Minor Victim 1 since September 2023 and have been investigating the claims at issue since July 2022.

(7) Counsel all have significant experience and expertise in their areas of practice. Ms. Baehr-Jones served as a federal prosecutor for nearly a decade before opening her civil practice in 2021; has experience investigating, indicting, and preparing for trial federal sex trafficking cases; and has approximately 15 years of experience working with victims of sexual violence. Baehr-Jones Decl. ¶ 3. Ms. Kramer and her partners Julie Erickson and Kevin Osborne are among the small number of attorneys nationwide with significant experience litigating class action cases involving claims of sexual assault and abuse. Kramer Decl. ¶ 7. Ms. Collins has been litigating civil rights cases which raise constitutional claims for approximately thirty years

and has expertise in Tennessee tort claims and claims brought against Tennessee municipalities. Collins Decl. ¶ 6. This factor weighs in favor of approval of the attorneys' fees here.

(8) Here, the fee is contingent. A contingency fee arrangement permits plaintiffs' attorneys to take on high-risk, high-demand cases such as this, which otherwise would not be funded or pursued. As a practical matter, Minor Victim 1 would not have been able to pay attorneys' fees or the costs of the litigation if a contingency fee arrangement had not been available. Given the benefit of this model in vindicating the rights of Williams' survivors here, this factor weighs in favor of approving the contingent fees sought.

(9) Counsel for Minor Victim 1 do not advertise their fees. All three plaintiffs' firms rely solely on contingency models for collecting attorneys' fees. The rate applied here is standard in their practices for personal injury cases (including those involving sexual abuse) brought by individual plaintiffs. Baehr-Jones Decl. ¶ 6; Collins Decl. ¶ 4; Kramer Decl. ¶ 4.

(10) Finally, the fee agreement is in writing, which weighs in favor of approval of the fees, as the contingency rate was clearly set forth at the outset of the attorney client relationship.

Accordingly, most of the RPC 1.5(a)(1)-(10) factors weigh in favor of approval of counsel's fees, and the remainder are neutral and/or do not apply. The fees sought are reasonable and fair given the length and extent of the representation; the nature and complexity of the case; the high risk undertaken by Minor Victim 1's counsel in pursuing novel claims and expending significant resources without any guarantee of payment for over two and a half years; and the expertise required to achieve such a successful outcome for Minor Victim 1. Finally, Minor Victim 1's share of the costs of litigation is comparatively small given the length and extent of litigation to advance claims for Williams' survivors against Defendants, and reimbursement of the costs to counsel's law firms is reasonable and fair.

8

Case 2:23-cv-00071-TRM-JEM    Document 526    Filed 07/25/25    Page 8 of 11
PageID #: 11855

### III. The Provision for Deposit of Funds for Minor Victim 1 into a Structured Settlement Is Reasonable

The structured settlement proposed by Minor Victim 1, and approved by both parents of Minor Victim 1, is a reasonable method of preserving and disbursing the settlement funds to Minor Victim 1. This structure ensures that no one will be able to access the funds other than Minor Victim 1 once he turns 18 years old. It will preserve the funds and provide interest on the net settlement amount and will provide long-term stability for Minor Victim 1 once he reaches the age of majority. The structure also balances payments to Minor Victim 1 immediately upon turning 18 with maximizing the interest accumulated over the life of the structure and providing Minor Victim 1 with large pay-outs as he gains maturity. This is a reasonable method of structuring Minor Victim 1's settlement.

### IV. Representations by Plaintiff, his Next Friend, and Counsel

Finally, the Court should be advised Plaintiff, his Next Friend, and counsel believe the settlement, including all terms thereof, is fair, reasonable, and in the best interests of Plaintiff, pursuant to the provisions of T.C.A. §34-1-121. And counsel for Plaintiff verifies in accordance with T.C.A. §71-5-117(g) that any TennCare subrogation interest in this matter has been, or will be, resolved.

### CONCLUSION

For the reasons set forth above, the Court should grant Minor Victim 1's unopposed petition for Court approval of minor settlement.

Dated July 25, 2025.　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Advocates for Survivors of Abuse PC

　　　　　　　　　　　　　　　　　　*/s Vanessa Baehr-Jones*
　　　　　　　　　　　　　　　　　　Vanessa Baehr-Jones (*pro hac vice*)
　　　　　　　　　　　　　　　　　　4200 Park Boulevard No. 413
　　　　　　　　　　　　　　　　　　Oakland, CA 94602

510-500-9634
vanessa@advocatesforsurvivors.com

*s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com


*/s/ Elizabeth A. Kramer*
Julie C. Erickson (*pro hac vice*)
Elizabeth A. Kramer (*pro hac vice*)
Kevin M. Osborne (*pro hac vice*)
Erickson Kramer Osborne LLP
959 Natoma St.
San Francisco, CA 94103
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs and the Proposed Classes*

10

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on July 25, 2025 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON &<br>LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorneys to Defendant City of Johnson City, Tennessee* | |

/s Elizabeth A. Kramer
Elizabeth A. Kramer

11

Case 2:23-cv-00071-TRM-JEM   Document 526   Filed 07/25/25   Page 11 of 11
PageID #: 11858