IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**S.H., individually, and on behalf
of all others similarly situated,**

    **Plaintiffs,**

v.                                                       No: 2:23-cv-00071-TRM-JEM

**CITY OF JOHNSON CITY, TENNESSEE,**

    **Defendant.**

_____/

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO APPROVE MINOR SETTLEMENT

Minor Victim 1, by and through undersigned counsel and through his legal guardian A.A., hereby files this supplemental brief in support of his unopposed motion to seek Court approval of the proposed settlement entered into on his behalf.

**I.**     **Minor Victim 1's Settlement Arises from a Matter over which this Court Has Jurisdiction**

Minor Victim 1 was a class member in the matter *B.P., et al. v. City of Johnson City, Tennessee, et al.*, No. 2:23-cv-00071-TRM-JEM (E.D. Tenn.) (the "Sex Trafficking Class Case"), the facts of which are well known to the Court and are not repeated here. In settlement negotiations to resolve the Sex Trafficking Class Case, the Parties entered into the agreement that is currently before the Court. The Sex Trafficking Class Case and the Minor Victim 1's settlement agreement both arise from a common nucleus of operative facts, namely, the allegations set forth in the Second Amended Class Complaint which state claims under the

1

Trafficking Victims Protections Act, 18 U.S.C. §§ 1591(a)(1) & (2), 1591(d), and 1595, among other claims. The facts giving rise to Minor Victim 1's settlement are interdependent with and logically related to the facts that form the basis of the Sex Trafficking Class Case. Specifically, Plaintiffs alleged that Minor Victim 1 was a sex trafficking victim of Sean Williams during the time period of the alleged conspiracy, and therefore liability existed against Defendant Johnson City either under a beneficiary liability theory or an obstruction of a sex trafficking prosecution under § 1591(d). *See* ECF 121, Second Amended Complaint, ¶¶ 49-56, 298-300. The Sex Trafficking Class Case was/is properly before the Court under federal question jurisdiction.

**II.        The Court Has Ancillary Jurisdiction to Approve Minor Victim 1's Settlement**

In *Kokkonen*, the Supreme Court set forth the standard that district courts should apply to exercising jurisdiction over motions connected to a dismissed action. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994). Although district courts do not have inherent jurisdiction to enforce a settlement agreement in an action that has been dismissed, courts nevertheless retain jurisdiction over ancillary matters. *Id.* This doctrine of ancillary jurisdiction over collateral proceedings "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Id.* at 378.

The Court in *Kokkonen* held that a district court may exercise ancillary jurisdiction either (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent" or (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379.

While the first form of ancillary jurisdiction has been codified by 28 U.S.C. § 1367 as supplemental jurisdiction, the second form is non-statutory and governed by applicable caselaw. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 964-66 (9th Cir. 2014). Non-statutory ancillary jurisdiction "rests on the premise that a federal court acquires jurisdiction of a case or

2

Case 2:23-cv-00071-TRM-JEM    Document 533    Filed 09/29/25    Page 2 of 11
PageID #: 12025

controversy in its entirety. Incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice." *Jenkins v. Weinshienk,* 670 F.2d 915, 918 (10th Cir. 1982). It is this second form of ancillary jurisdiction that Minor Victim 1 asks the Court to exercise here.

### A. *Kokkonen* Framework for Determining Collateral Matters

In *Kokkonen*, the Supreme Court provided a framework for determining what matters are truly collateral under this doctrine and what matters would fall outside a court's ancillary jurisdiction. If the matter before the court involves facts and evidence extrinsic to the litigation, then there is no need for the district court's collateral jurisdiction, and a state court or other court of general jurisdiction can decide the issue. 511 U.S. at 381-82. The example the Court described was a typical breach of settlement claim, which would involve the court hearing new evidence about a discrete set of facts to determine breach—facts which would have no relation to the underlying litigation itself. *Id.* at 381. In such matters, collateral jurisdiction would not be necessary for the administration of justice. *Id.* In contrast, where a court's consideration of a motion involves matters bound up in the record already before the court, then the court's ancillary jurisdiction is a necessary part of the court's function.

This is exactly the analysis this Court recently applied in *Brawner v. Scott County, Tennessee*, in declining to exercise ancillary jurisdiction over a fee dispute post-settlement. *Brawner v. Scott Cnty., Tennessee*, No. 3:17-CV-108-JRG-JEM, 2024 WL 832886 (E.D. Tenn. Feb. 5, 2024), *report and recommendation adopted*, No. 317CV00108JRGJEM, 2024 WL 815499 (E.D. Tenn. Feb. 27, 2024). There, the Court's ruling on the dispute for fees between two different sets of Plaintiffs' counsel would have potentially required "additional pleading, presentation of defenses, discovery, and an evidentiary hearing or trial"—what the Court described as a "case within a case." *Id.* at *6. The Court explained that though it was "familiar

3

Case 2:23-cv-00071-TRM-JEM Document 533 Filed 09/29/25 Page 3 of 11
PageID #: 12026

with this action, the Court is less familiar with the facts and issues underlying the dispute about attorney's fees." *Id.*

This is the opposite scenario from what Minor Victim 1 asks the Court to do here: apply the facts of this litigation—a record with which this Court is extremely familiar—to approve the minor's settlement, including counsel's attorneys' fees and costs. The only facts relevant to the Court's determination are already before the Court and require no additional extrinsic evidence.

### B. The Other *Kokkonen* Factors Permit the Court's Exercise of Jurisdiction

Turning to the other *Kokkonen* considerations, there is no question that the Court has proper subject matter jurisdiction here and would have an independent basis for federal jurisdiction over Minor Victim 1's claims. *See Kokkonen*, 511 U.S. at 379–80. *See also L.A. Ins. Agency Franchising, L.L.C. v. Kutob*, 817 F. App'x 52, 58 (6th Cir. 2020) (applying *Kokkonen*'s ancillary jurisdiction doctrine in upholding district court's jurisdiction over settlement dispute post-dismissal and explaining "[t]he district court correctly held that 'the present dispute has an independent basis for federal jurisdiction [that is, it satisfies the requirements for federal diversity jurisdiction], is factually interdependent with the dismissed claims, and must be addressed to vindicate the Court's authority'"). Although Minor Victim 1 was not a party to the litigation, he was a putative class member in both the Sex Trafficking Survivor Class and the Williams Survivor Subclass, both of which alleged federal claims. *See* ECF 121, Second Amended Complaint, ¶¶ 298-300. Minor Victim 1's factual claims were specifically alleged in the Plaintiffs' class complaint, setting forth one of the theories of liability for the sex trafficking conspiracy alleged under §§ 1595, 1591(a)(1) & (2). *Id.* ¶¶ 49-56. Similarly, there are no other barriers to jurisdiction: Defendant Johnson City is properly before this Court and there is no dispute that the Court has jurisdiction to decide this motion. Thus, this Court has the necessary subject matter and personal jurisdiction to decide this matter.

### C. Approval of a Minor's Settlement Is a Collateral Matter

Courts have found ancillary jurisdiction exists where a matter is collateral to a primary matter. For example, a motion for attorneys' fees and costs is a well-established example of the second type of ancillary jurisdiction articulated in *Kokkonen*. *See K.C.*, 762 F.3d at 963 (collecting cases) (citing Wright et al., supra, § 3523.2 ("One of the best-established uses of ancillary jurisdiction is over proceedings concerning costs and attorney's fees.")). *See also Foretich v. Am. Broad. Companies, Inc.*, 198 F.3d 270, 273 (D.C. Cir. 1999); *Smith v. Phillips*, 881 F.2d 902, 905 n.9 (10th Cir.1989) ("Even after an appeal has been taken the district court may consider applications for attorneys' fees because they are considered wholly collateral to the merits . . . .") (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988)). Attorneys' fees and costs are matters dependent on the record before the court, not a separate set of facts extrinsic to the litigation. *See Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 167 (1939) (explaining the many case-specific factors that the court needed to consider in deciding the appropriateness of an award of attorneys' fees in a case over which it had presided).

In *K.C.*, for instance, the Ninth Circuit reversed the district court's denial of Plaintiffs' motion for attorneys' fees and costs post-dismissal. 762 F.3d 963. There, the district court ruled that it lacked jurisdiction to decide the motion because it was made after the period over which the district court had retained jurisdiction to enforce the settlement. *Id.* at 965. The Ninth Circuit disagreed, however, holding that a "district court has broad, inherent authority over collateral matters such as attorney's fees, and such ancillary jurisdiction extends beyond dismissal of the underlying lawsuit." *Id.* at 969.

A motion for approval of a minor's compromise necessitates the court's exercise of ancillary jurisdiction. In deciding whether the minor's settlement is fair and the attorneys' fees and costs appropriate, a court must consider the record of the litigation, the types of claims

5

Case 2:23-cv-00071-TRM-JEM    Document 533    Filed 09/29/25    Page 5 of 11
PageID #: 12028

alleged, the risk involved in litigating the claims, the fairness of the settlement, and the attorneys' role in the case. *See, e.g.*, *Thrivent Fin. for Lutherans v. Camp*, 1:15-cv-146-SKL, 2015 WL 9587725 at *1 (E.D. Tenn. Dec. 30, 2015). Unlike adjudicating a breach of settlement or a dispute between attorneys over fees, the court is not reviewing a new set of facts but instead is relying on its extensive knowledge of the litigation over which it has already presided.

Here, the Court's application of the Tennessee Rules of Professional Conduct ("RPC") 1.5(a)(1)-(10) factors will rely on the Court's understanding of the extensive record in this case. For example, the Court's evaluation of the fairness of counsel's billed hours and hourly rates depends on the Court's consideration of the work expended by counsel over more than two years of litigation, as well as its evaluation of counsel's expertise with respect to the claims presented here. *See* Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)-(10). The Court must also evaluate the "novelty and difficulty of the questions" involved in the claims of the putative class members like Minor Victim 1, which also depends on the Court's knowledge of the applicable federal case law and how it applies to the facts. *Id.* This is especially true here where the Court has invested significant judicial resources in ruling on the parties' numerous motions, including motions which addressed novel and complex areas of federal law. *See, e.g.*, ECF 119 (order granting motion to amend); ECF 301 (order ruling on motions to dismiss). Any other court would be ill-positioned to make such a determination about the fairness of Minor Victim 1's settlement and counsel's fees as it would lack knowledge of the underlying litigation and the record.

### D. Equity Urges the Court's Exercise of Ancillary Jurisdiction

The Court's exercise of ancillary jurisdiction here is also necessary to the fair administration of justice for Minor Victim 1. If the Court declines to exercise its ancillary jurisdiction, Minor Victim 1 would be left without a forum in which to seek approval for his settlement under Federal Rule of Civil Procedure 17(c). The requirement for court approval of a

6

minor's settlement is meant to ensure judicial oversight and promote fairness—to the benefit of the minor. *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997).[1] Without this Court's exercise of jurisdiction, however, Minor Victim 1's only recourse would be to file a new federal action solely for the purpose of seeking approval of his settlement. This would accomplish the exact opposite purpose of Rule 17: rather than protecting Minor Victim 1, he would be prejudiced by delay and the additional fees in filing a new case. And while it would be possible for Plaintiffs' counsel to ask the Court to relate the new case to this action, it would be a waste of the Court's administrative resources. In the end, Plaintiffs' counsel would still be requesting that this Court evaluate the fairness of Minor Victim 1's settlement in the context of this record to decide the RPC 1.5(a) factors. Such an added and unnecessary burden on Minor Victim 1 is precisely what ancillary jurisdiction serves to prevent. *See, e.g.*, *K.C.*, 762 F.3d at 970 ("Requiring a separate lawsuit—that hypothetically would invoke federal question jurisdiction—not only would interfere with the district court's powers to render a judgment that resolves the entire case and to effectuate its judgment, but also would harm judicial economy and efficiency.")

Finally, while it is true that Minor Victim 1 was never a party to the dismissed claims, but only a putative class member, this does not bar the Court from acting with "the power of equity in doing justice as between a party and the beneficiaries of his litigation." *Sprague*, 307 U.S. at 167. In *Sprague*, the Supreme Court recognized the district court's jurisdiction to award

---

[1] Indeed, *Green* supports the proposition that a district court has an obligation to use its authority to ensure fair outcomes for minors' claims—even after a dismissal request from the parties. *See Green*, 111 F.3d at 1301 ("Even if the attorney had signed the stipulation on behalf of Jacqueline's mother and next friend, the court would have been remiss if it had not made an independent determination that the settlement was in the minor's best interest.").

7

Case 2:23-cv-00071-TRM-JEM   Document 533   Filed 09/29/25   Page 7 of 11
PageID #: 12030

attorneys' fees and costs for recovery of funds to fourteen separate trusts—beneficiaries of the litigation who were never parties, nor part of any class. Nevertheless, the Court held this did not bar the lower court from exercising jurisdiction over the petition for fees and costs related to the recovery of these trusts' funds. The Court explained:

> That the party in a situation like the present neither purported to sue for a class nor formally established by litigation a fund available to the class, does not seem to be a differentiating factor so far as it affects the source of the recognized power of equity to grant reimbursements of the kind for which the petitioner in this case appealed to the chancellor's discretion.

*Id.* at 166. Because the issue before the court—the fairness of an attorneys' award "as between solicitor and client"—was an inherently collateral matter that depended on the court's review of the full record of the case before it, the court was best positioned to decide the petition. *See id*. The Court stressed that a court's "exercise of [its] discretionary power will alone retain equity as a living system and save it from sterility." *Id.* In other words, though federal courts are courts of limited jurisdiction, this should not prevent them from acting in the interests of justice and equity in carrying out their function.

Accordingly, ancillary jurisdiction is justified for the Court to function properly in its role of ensuring the settlement terms for Minor Victim 1, including the requested attorneys' fees and costs, are fair and just in the context of this litigation and to apply the factors set forth in RPC 1.5(a) to the record in this case.[2]

---

[2] During the September 22, 2025, hearing, Plaintiffs' counsel argued in the alternative that the Court could join Minor Victim 1 as a party to the litigation either under Federal Rules of

# CONCLUSION

For the reasons set forth above, the Court should exercise its ancillary jurisdiction to grant Minor Victim 1's unopposed motion for Court approval of minor settlement.

Dated September 29, 2025.  Respectfully submitted,

Advocates for Survivors of Abuse PC

*/s Vanessa Baehr-Jones*
Vanessa Baehr-Jones (*pro hac vice*)
4200 Park Boulevard No. 413
Oakland, CA 94602
510-500-9634
vanessa@advocatesforsurvivors.com

*s/ Heather Moore Collins*
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

*/s/ Elizabeth A. Kramer*
Julie C. Erickson (*pro hac vice*)
Elizabeth A. Kramer (*pro hac vice*)
Kevin M. Osborne (*pro hac vice*)
Erickson Kramer Osborne LLP
44 Tehama St.

---

Civil Procedure 19 or 20. This would require a much broader exercise of the Court's authority, however, than what is necessary here: Minor Victim 1 does not seek to join the litigation as a party in order to continuing litigating the dismissed claims; he only seeks the Court's approval of his settlement in light of the record already before the Court with respect to the putative class members' claims and Plaintiffs' counsel's role in litigating these claims. This relief is properly understood as an exercise of the Court's post-dismissal ancillary jurisdiction to administer justice in the case, rather than as a motion to join or intervene. Minor Victim 1 therefore withdraws this alternative argument.

9

San Francisco, CA 94105
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

*Attorneys for Plaintiffs and the Proposed Classes*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on September 29, 2025 to counsel of record:

| | |
|---|---|
| K. Erickson Herrin<br>HERRIN, McPEAK & ASSOCIATES<br>515 East Unaka Avenue<br>P. O. Box 629<br>Johnson City, TN 37605-0629<br>rachel@hbm-lawfirm.com<br><br>Emily C. Taylor<br>Maria Ashburn<br>WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.<br>P.O. Box 131<br>Knoxville, TN 37901-0131<br>etaylor@watsonroach.com<br>mashburn@watsonroach.com<br><br>*Attorneys to Defendants, Johnson City, Tennessee, Karl Turner, in his individual and official capacities, and Investigator Toma Sparks, in his official capacity*<br><br>Jonathan P. Lakey<br>Burch, Porter, & Johnson, PLLC<br>130 N. Court Ave.<br>Memphis, TN 38103<br>901-524-5000<br>jlakey@bpjlaw.com<br>mchrisman@bpjlaw.com<br><br>*Attorney to Defendant City of Johnson City, Tennessee* | Kristin Ellis Berexa<br>Ben C. Allen<br>FARRAR BATES BEREXA<br>12 Cadillac Drive, Suite 480<br>Brentwood, TN 37027-5366<br>kberexa@fbb.law<br>ballen@fbb.law<br>jdowd@fbb.law<br>msutton@fbb.law<br>gpatton@fbb.law<br><br>*Counsel for Toma Sparks in his individual Capacity*<br><br>Keith H. Grant<br>Laura Beth Rufolo<br>Robinson, Smith & Wells, PLLC<br>633 Chestnut Street, Suite 700<br>Chattanooga, TN 37450<br>kgrant@rswlaw.com<br>lrufolo@rswlaw.com<br>awells@rswlaw.com<br><br>*Counsel for Justin Jenkins and Jeff Legault in their individual capacity*<br><br>Daniel H. Rader IV<br>MOORE, RADER & YORK PC<br>46 North Jefferson Avenue<br>P. O. Box 3347<br>Cookeville, TN 38501<br>danny@moorerader.com<br><br>*Counsel for Defendant Karl Turner in his individual Capacity* |

/s Vanessa Baehr-Jones
Vanessa Baehr-Jones