IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

S.H., individually, and on behalf
of all others similarly situated,

    Plaintiffs,

v.                                                         No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE,

    Defendant.

_____/

## MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

COMES NOW Plaintiff S.H., individually and as a proposed class representative for all those similarly situated ("Plaintiffs"), to hereby respectfully submit this Motion for Final Approval of Class Action Settlement ("Motion"). Filed in support of this motion are the declarations of class counsel, Julie C. Erickson ("Erickson Decl."), and representative of settlement administrator JND Legal Administration, Susan Waskiewicz ("Waskiewicz Decl."), and all attachments thereto. In conferral on this motion, Counsel for Defendant City of Johnson City, Tennessee ("City") advised that, while the City disputes that it has liability in this matter, it believes that the Settlement is fair and in the best interests of it and the class members, and it consents to the relief requested herein, including entry of the [Proposed] Order Granting Motion for Final Approval of Class Action Settlement, filed contemporaneously with this motion.[1]

---

[1] The [Proposed] Order filed herewith is materially identical to the proposed final approval order filed as Exhibit D to the Settlement Agreement (ECF 514-4), which the Court approved in connection with granting preliminarily approval. *See* ECF 521.

1

# I. INTRODUCTION

Following the Court's preliminary approval of the proposed settlement, and effective implementation of the class notice program, Plaintiffs now request the Court grant final approval and enter final judgment in this matter.

This action involves allegations of gender discrimination by the Johnson City, Tennessee Police Department in connection with investigating reports of sexual assault. The parties vigorously litigated the action through discovery and motion practice over more than two years before engaging a highly respected mediator to attempt resolution. Robust, arms-length negotiations between experienced counsel ultimately let to the proposed settlement.

The Court previously determined that the terms of the proposed Settlement Agreement and Release (ECF 514) (hereinafter referred to as the "Settlement" or "SA"), are reasonable, fair, and adequate. ECF 521.[2] The Settlement provides for a monetary fund of $4,200,000, which will be distributed to class members equally. It also provides non-monetary relief in the form of improved JCPD policies and an oversight mechanism to ensure compliance with these policies.

The Court-approved class notice was distributed efficiently and successfully, according to the Court-approved notice program. Notice of the settlement and relief to be provided thereunder was met with a positive response from class members: no class member objected and only one individual opted out. This positive feedback weighs in favor of final approval.

Given the uncertainty of litigation, obstacles to Plaintiffs' success on the merits, and difficulties inherent in achieving and maintaining certification of a liability class for purposes of trial, the substantial benefits that the Settlement provides are a favorable result for the Class.

---

[2] All defined terms in this motion have the same meaning ascribed to them in the Settlement.

Accordingly, Plaintiffs move this Court for an order: (1) granting final approval of the proposed Settlement; (2) finally certifying the class for settlement purposes; and (3) entering final judgment in this matter.

## II. FACTUAL BACKGROUND

### A. Plaintiffs' Allegations, Procedural History, Discovery, and Mediation

For purposes of this motion, Plaintiffs presume the Court is familiar with the factual allegations and procedural background of this litigation, which are thoroughly detailed in Plaintiff's Motion for Preliminary Approval of Class Action Settlement (ECF 515, Sec. II.A & B), and Motion for Class Certification (ECF 391, Sec. II).

In short, Plaintiff S.H. represents a class of all women who reported a sexual assault to the Johnson City Police Department ("JCPD") from January 1, 2018 to December 31, 2022. ECF 121, Second Am. Compl. Plaintiffs allege that JCPD violated their constitutional right to equal protection of the law by customarily discriminating against them on the basis of their sex through certain well-established investigative practices. *Id.* at ¶¶ 231-50, 367-88. They further allege that these practices (and the resulting constitutional violations) were so wide-spread and ongoing that the City was on constructive notice but declined to take corrective action, instead employing a policy of deliberate indifference. *Id.*

For nearly two years, the parties engaged in hard-fought litigation and extensive discovery. Detailed descriptions of the litigation history and discovery conducted in this matter are provided in Plaintiff's Motion for Preliminary Approval of Class Action Settlement. ECF 515, Sec. II.B & C; *see also* ECF 516, Declaration of Julie C. Erickson In Support of Motion for Preliminary Approval, ¶¶ 4-9.

3

Case 2:23-cv-00071-TRM-JEM     Document 538     Filed 11/11/25     Page 3 of 18
PageID #: 12095

In December 2024, the parties engaged in a formal mediation overseen by a highly experienced mediator. ECF 516, ¶¶ 10-11. Following extensive post-mediation negotiations, the parties reached a final resolution. *Id.* at ¶¶ 12-13; *see also* ECF 515, Sec. II.D.

**B. Terms of the Proposed Settlement**

Under the Settlement, the City will pay $4.2 million to resolve the claims alleged in this litigation. SA, §§ 2.24-2.25. After court-approved deductions, the remainder will be distributed on an equal, *pro-rata* basis among all settlement class members. Class Counsel estimates an average recovery of over $7,000 per participant. Erickson Decl., ¶¶ 3, 15. Any residual funds, such as from uncashed checks, will be redistributed to class members or, with Court approval, directed to an appropriate cy pres beneficiary. *Id.* at ¶ 15; SA, § 7.6; ECF 514-2, Ex. B to SA (Allocation Plan).

The Settlement also provides equitable relief in the form of ongoing oversight into JCPD's practices with respect to sexual assault investigations. For two years following final approval, the City will provide Class Counsel quarterly audit reports completed by JCPD's Office of Professional Standards covering at least fifteen investigations conducted pursuant to the Department's revised protocol for investigating sex crimes. SA, §§ 4.1-4.2. These audits will allow Class Counsel to monitor JCPD's compliance with the constitutional policing standards in the revised protocol and, if necessary, seek relief from the Court. *Id.* at § 4.3; Erickson Decl., ¶ 4; *see also* ECF 516, ¶ 15.

The Settlement will resolve all class claims pending in the litigation. The class is defined as all women, including minors, who reported a sexual assault by any person to JCPD from January 1, 2018 to December 31, 2022. SA, § 2.4.

### C. Preliminary Approval of the Proposed Settlement

On May 19, 2025, Plaintiffs moved the Court for an order preliminarily approving the proposed Settlement. ECF 515. After a thorough hearing on the matter, the Court issued an order making the following findings:

1. The Settlement is the product of serious, informed, non-collusive, arm's length negotiations between experienced counsel and conducted with the assistance of mediator Hon. Layn Phillips (ret.);
2. The Settlement confers substantial benefits upon the Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and appeal;
3. The Settlement does not improperly grant preferential treatment to any individual or segment of the Class;
4. The Settlement does not exhibit any signs of collusion;
5. The Settlement compares favorably with the potential recovery when balanced against the risks of continued litigation;
6. The Settlement falls within the range of possible approval as fair, reasonable, and adequate and thus is likely to be finally approved under Rule 23(e)(2) of the Federal Rules of Civil Procedure; and
7. The Settlement's proposed distribution plan meets the requirements of due process and Federal Rule of Civil Procedure 23.

ECF 521, ¶¶ 3-5, 10.

The Court also concluded the Settlement Class was likely to satisfy the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3), for settlement purposes. In reaching this

determination, the Court made the following findings as to the certifiability of the Settlement Class:

1. The number of Class Members is too numerous for their joinder to be practicable. The Settlement Class consists of approximately 375 individuals, whose identities are ascertainable through Defendant's records;

2. There are questions of law and fact common to the Class, and these common questions predominate over individualized questions for settlement purposes. The common questions include whether JCPD's alleged discriminatory practices were sufficiently widespread and pervasive to establish municipal liability against the City under 42 U.S.C. § 1983, and whether those practices violated the Equal Protection Clause of the U.S. Constitution;

3. Plaintiff's claims are typical of the claims of the Class in that her claim, like the claims of all class members, arise from the same allegedly widespread and pervasive practice of discriminatory conduct against women reporters of sexual assault;

4. Plaintiff has hired experienced counsel, actively participated in the prosecution of the lawsuit, and demonstrated that she is adequately representing the interests of the other Class Members;

5. Proposed Class Counsel—Erickson Kramer Osborne LLP, Advocates for Survivors of Abuse PC, and HMC Civil Rights Law, PLLC—are experienced in prosecuting class actions involving similar claims, and have vigorously represented the Class; and

6. A class action is a superior method for the fair and efficient resolution of this litigation considering the amenability of the claims to class treatment and the difficulty of bringing individual lawsuits to address the alleged harm.

ECF 521, ¶¶ 6-7.  The Court appointed Plaintiff S.H. as Class Representative and appointed Erickson Kramer Osborne LLP, Advocates for Survivors of Abuse PC, and HMC Civil Rights Law, PLLC as Class Counsel.  *Id.* at ¶ 7(d)-(e).

Finally, the Court approved the proposed class notice and notice program, finding they constitute the best notice practicable under the circumstances and satisfy the requirements of Rule 23, due process, and all other applicable laws and rules.  ECF 521, ¶ 8 (citing ECF 514-1, Ex. A to SA).  The Court appointed JND Legal Administration ("JND") to serve as Settlement Administrator and directed notice be provided.  *Id.* at ¶¶ 9 & 11.

### D. The Class Notice Program Was Successful

Class notice was implemented according to the notice program approved of by the Court in its preliminary approval order.  First, JND was provided information from JCPD's records sufficient to identify 347 Class Members and their contact information.  Waskiewicz Decl., ¶¶ 4-7; SA, § 7.2.  JND then used industry-standard processes to verify the addresses provided.  Waskiewicz Decl., ¶ 8.  Following this, on July 23, 2025, JND sent the Court-approved Notice of Proposed Class Action Settlement via U.S. Postal Service first-class mail to the 345 class members with known, permanent addresses.  Waskiewicz Decl., ¶ 9; SA, § 7.2.  A representative sample of the Notice is attached as Exhibit A to the Declaration of Susan Waskiewicz from JND, filed contemporaneously herewith.  Waskiewicz Decl., ¶ 9, Ex. A.

The Notice informed members of their estimated payment amount and also included a unique identifier, which could be used to verify a class member's contact information and to select a payment method through the settlement website or by phone with the settlement administrator.  *See* Waskiewicz Decl., Ex. A.  Class members were also invited to provide their

7

Case 2:23-cv-00071-TRM-JEM    Document 538    Filed 11/11/25    Page 7 of 18
PageID #: 12099

social security number and be issued a Form 1099-MISC. *Id*. Settlement class members who take no action will be issued their settlement payment by mailed check. *Id*.

The settlement website and toll-free settlement phone number also went live on July 23, 2025. Waskiewicz Decl., ¶¶ 13, 15. As described in the notice program, the website (www.JCPDClassActionSettlement.com) provided access to downloadable copies of important case documents, including the Notice, contact information for JND, and answers to FAQs. Waskiewicz Decl., ¶ 13. The website, which Class Counsel promoted through local media outlets (*see* Erickson Decl., ¶ 9), saw meaningful engagement, with 517 unique users who registered 2,629 page views as of November 7, 2025. Waskiewicz Decl., ¶ 14. The toll-free settlement phone number has received 49 calls. *Id.* at ¶ 16.

As of November 7, 2025, 99 Notices (representing 91 class members) were returned to JND as undeliverable. Waskiewicz Decl., ¶ 10.[3] JND conducted advanced address searches and received updated address information for 58 of the 99 addresses. *Id.* at ¶ 10. JND re-mailed these 58 Notices (representing 56 Class Members), of which only 3 were returned as undeliverable. *Id*.

Thanks to the comprehensive notice program, of the 38 total class members for whom notices were returned as undeliverable, 4 later contacted JND and/or provided updated contact information through the settlement website. Waskiewicz Decl., ¶¶ 11-12. JND also received inquiries from individuals who believed they are class members but had not received a copy of the notice. *Id.* at ¶ 17. As provided by the Settlement, JND worked with these individuals to

---

[3] The number of undeliverable notices is higher than the number of affiliated class members because some class members were mailed notices to two addresses. Waskiewicz Decl., ¶¶ 7-11.

attempt to verify their class membership. Waskiewicz Decl., Ex. A, ¶¶ 5-6. These efforts resulted in identifying 6 additional class members. Waskiewicz Decl., ¶ 18.

In sum, of the 353 class members, notice remains undeliverable for only 34. This represents a highly successful notice program.

### E. Reaction from Class Members Was Overwhelmingly Positive

There have been no objections to the Settlement, and only one individual has requested exclusion from the Settlement. Waskiewicz Decl., ¶¶ 19-22.[4] This represents a highly favorable and positive reaction from the Class. Erickson Decl., ¶ 9.

### III. THE SETTLEMENT WARRANTS FINAL APPROVAL

Judicial approval of class action settlements typically proceeds through three stages: "(1) the court must preliminarily approve the proposed settlement, i.e., the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate[,] and reasonable." *Tennessee Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 920-21 (6th Cir. 1983)); Fed. R. Civ. P. 23.

At the final approval stage, the Court is to determine whether the settlement is "fair, adequate, and reasonable, as well as consistent with the public interest." *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990). In doing so, the Court should review the following factors:

---

[4] The individual who has requested exclusion is identified in Exhibit B to the Waskiewicz Declaration, which will be filed under seal to protect the individual's privacy.

9

(1) the plaintiff's likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;

(2) the complexity, expense and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the judgment of experienced trial counsel;

(5) the nature of the negotiations;

(6) the objections raised by the class members; and,

(7) the public interest.

*Brotherton v. Cleveland*, 141 F.Supp. 2d 894, 904-05 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)); *see also Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (listing same fairness factors with slightly different wording); Fed. R. Civ. P. 23(e)(2).

All of the above factors, with one exception,[5] were thoroughly analyzed in Plaintiffs' Motion for Preliminary Approval. Plaintiffs' motion (ECF 515, Sec. IV) and supporting declaration (ECF 516, ¶¶ 4-12, 27-33) provide extensive factual and legal support demonstrating each factor weighs in favor of approval. This is further evidenced by the Court's order granting preliminary approval. ECF 521. There have been no factual developments since the Court's July preliminary approval order that impact these analyses or in any way reduce the substantial weight with which the factors favor approval of the Settlement. Erickson Decl., ¶ 14. As such, rather than repeat those analyses in full here, Plaintiffs instead briefly summarize each factor, focusing on any aspects that have developed factually since the Court issued its preliminary

---

[5] The factor not previously addressed by Plaintiffs and the Court at preliminary approval stage is the objections raised by class members, because notice had not yet been issued at that time. Now ripe, this factor is addressed below and also weighs in favor of approval.

10

approval order, namely, the reaction of class members. Review of these factors favors final approval of the Settlement.

> Factors 1 & 2: The plaintiff's likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement; and the complexity, expense and likely duration of the litigation

While Plaintiffs were confident in the strength of their case and evidence, the claims alleged here are highly novel, and Plaintiffs faced significant risk by continuing to litigate, including denial of class certification, and loss at summary judgment, at trial, or on appeal. These risks are accompanied by significant cost and delay. ECF 515, Sec. IV.C.1 (describing the substantial costs, risks, and delay drawbacks associated with further litigation); ECF 516, ¶¶ 29-32 (same).

Settlement, on the other hand, avoids these risks and confers "substantial benefits" upon the Class. ECF 521, ¶ 4. As the Court found, "[t]he Settlement compares favorably with the potential recovery when balanced against the risks of continued litigation" and "falls within the range of possible approval as fair, reasonable, and adequate." ECF 521, ¶ 4. Each class member will receive a monetary payment estimated at $7,000 (Erickson Decl., ¶¶ 3, 15), and critically, the payments are going to women and girls who have already been identified through JCPD records, thus avoiding any onerous, retraumatizing, or invasive process to receive compensation. This significant monetary recovery matches or exceeds settlements in other civil rights class actions alleging violations of the Equal Protection Clause by law enforcement entities. *See, e.g., Snead v. CoreCivic of Tennessee, LLC*, Case No. 3:17-cv-00949, Dkt. 131, Order Granting Final Approval of Class Action Settlement (M.D. Tenn. Nov. 30, 2021); *Zelaya v. Hammer*, Case No. 3:19-cv-00062-TRM-CHS, Dkt. 780, Motion for Preliminary Approval of Class Settlement (E.D.

Tenn. Oct. 12, 2022); *see also* ECF 515, Sec. IV.C (relief secured under proposed settlement compares favorably to analogous civil rights cases). The amount and form of relief is additionally fair and equitable as it "does not improperly grant preferential treatment to any individual or segment of the Class." ECF 521, ¶ 4.

Factor 3: The stage of the proceedings and the amount of discovery completed

After nearly two years of extensive litigation and discovery, Class Counsel were highly informed and well-equipped to knowledgeably negotiate on behalf of the Class. ECF 521, ¶ 3 (the Settlement is a product of "informed" negotiations); *see also* ECF 515, Sec. IV.A (describing litigation and discovery conducted); ECF 516, ¶¶ 5-9 (same). This discovery "afforded the parties the opportunity to assess the strengths and weaknesses of each side," which "weighs in favor of finding the [settlement] fair, adequate, and reasonable." *Smith v. Ohio Dep't of Rehab. & Corr.*, 2012 WL 1440254, at *19 (S.D. Ohio Apr. 26, 2012).

Factor 4: The judgment of experienced trial counsel

Based on the extensive knowledge obtained through discovery and their experience litigating civil rights and sexual abuse class actions, Class Counsel believe that the settlement is fair, reasonable, and adequate. Erickdon Decl., ¶ 11; *see also* ECF 516, ¶ 28. This "positive outlook toward the fairness of the settlement weigh[s] in favor of approv[al]." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 899 (6th Cir. 2019). *See also In re Se. Milk Antitrust Litig.*, No. 2:07-CV-208, 2012 WL 2236692, at *3 (E.D. Tenn. June 15, 2012) ("[W]hen significant discovery has been completed, the Court should defer to the judgment of experienced trial counsel who has evaluated the strength of his case."); ECF 521, ¶ 3 (settlement was negotiated by "experience counsel").

Factor 5: The nature of the negotiations

Not only was litigation hard fought, so were the negotiations, which continued for months after the parties' formal mediation. As the Court found, "the Settlement is the product of serious, informed, non-collusive, arm's length negotiations between experienced counsel and conducted with the assistance of mediator Hon. Layn Phillips (ret.)." ECF 521, ¶ 3. It "does not exhibit any signs of collusion." *Id.* at ¶ 4; *see also* ECF 515, Sec. IV.B (describing contentious negotiations); ECF 516, ¶¶ 4-9, 11-12 (same); *Hillson v. Kelly Servs. Inc.*, No. 2:15-CV-10803, 2017 WL 279814, at *6 (E.D. Mich. Jan. 23, 2017) ("[T]he use of neutral, experienced mediators is an indication that the parties' agreement is noncollusive.").

Factor 6: The objections raised by the class members

The reaction of the Settlement Class to the news of the proposed Settlement was very positive. Erickson Decl., ¶ 9. Most importantly, there were no objections and only one person opted out. Waskiewicz Decl., ¶¶ 20, 22. This positive reaction weighs in favor of approval. *In re AME Church Employee Retirement Fund Litigation*, 2025 WL 2396514, at *4 (W.D. Tenn. Aug. 18, 2025) (small number of opt-outs and objections supports adequacy of settlement) (collecting cases); *Brotherhood*, *supra*, 141F.Supp.2d at 906 (same) (citing 2 Herbert Newberg & Alba Conte, Newberg on Class Actions, § 11.48 (3d ed. 1992)); *see also* Erickson Decl., ¶ 9 (evaluating reaction of class as positive based on extensive experience in class action litigation). Additionally, several class members expressed support and appreciation for the settlement in correspondence and phone calls with Class Counsel. Erickson Decl., ¶ 9.

Factor 7: The public interest

Approval of the proposed Settlement and the benefits provided thereunder are overwhelmingly consistent with the public interest. First, approval of the Settlement will confer immediate benefits on the Settlement Class, avoids lengthy and resource-heavy litigation, and

13

conserves judicial resources. Erickson Decl., ¶ 12. This serves the public interest. *Ganci v. MBF Inspection Servs., Inc.*, 2019 WL 6485159, at *5 (S.D. Ohio Dec. 3, 2019). Second, the equitable relief provided under the Settlement achieves a primary goal of this lawsuit— preventing sex-based discrimination at JCPD through updated policies, training, and ongoing audits and monitoring. Erickson Decl., ¶ 12. Society at large therefore benefits significantly from the Settlement. *See Myers v. Mem'l Health Sys. Marietta Mem'l Hosp.*, 2022 WL 4079559, at *6 (S.D. Ohio Sept. 6, 2022) (acknowledging societal benefit conferred through class action settlements).

For the reasons summarized above and fully explained in Plaintiffs' Motion for Preliminary Approval, and consistent with the factual and legal support provided therein, the Court should find—as it did previously—that the Settlement is fair, reasonable, and adequate, is consistent with the public interest, and warrants final approval.

### IV. THE SETTLEMENT CLASS MEETS ALL REQUIREMENTS OF RULE 23

If at the preliminary approval stage, "a class has not been certified, the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Note. The Court reached this conclusion in its Preliminary Approval Order. *See* ECF 521, ¶¶ 6-7. Nothing has changed since the Court made its findings in support of certification. It should, therefore, now certify, for settlement purposes only, the proposed Settlement Class pursuant to Rule 23(a) and Rule 23(b)(3). As with the above analysis of settlement fairness factors, the following section summarizes the certification requirements with reference to Plaintiffs' Motion for Preliminary Approval (ECF 515) and the Court's Preliminary Approval Order (ECF 521).

14

Numerosity. The number of Class Members is too numerous for their joinder to be practicable. The Settlement Class consists of approximately 352 individuals,[6] whose identities are ascertainable through Defendant's records. Waskiewicz Decl. ¶¶ 6, 17-18, 20; ECF 521, ¶ 7(a); ECF 515, Sec.V.A.1.

Typicality. Plaintiff's claims are typical of the claims of the Class in that her claim, like the claims of all class members, arise from the same allegedly widespread and pervasive practice of discriminatory conduct against women reporters of sexual assault. ECF 521, ¶ 7(c); ECF 515, Sec.V.A.3.

Adequacy of Representation. Plaintiff has hired experienced counsel, actively participated in the prosecution of the lawsuit, and demonstrated that she is adequately representing the interests of the other Class Members. ECF 521, ¶ 7(d)-(e); ECF 515, Sec.V.A.4.

Class Counsel—Erickson Kramer Osborne LLP, Advocates for Survivors of Abuse PC, and HMC Civil Rights Law, PLLC—are experienced in prosecuting class actions involving similar claims, have vigorously represented the Class. ECF 521, ¶ 6. Since preliminary approval was granted, Class Counsel has continued working to protect and advance the interests of the Class. *See, e.g.,* Erickson Decl., ¶¶ 8-9. This further demonstrates the adequacy of Class Counsel's representation under Rule 23(a)(2).

Commonality & Predominance. There are questions of law and fact common to the Class, and these common questions predominate over individualized questions for settlement purposes. The common questions include whether JCPD's alleged discriminatory practices were sufficiently widespread and pervasive to establish municipal liability against the City under 42

---

[6] At the time of preliminary approval, the class size was approximated to be 375 individuals. Based on the actual results of the notice program and opt out period, 352 individuals have been identified as members of the Settlement Class. Waskiewicz Decl. ¶¶ 6, 17-18, 20.

15

U.S.C. § 1983, and whether those practices violated the Equal Protection Clause of the U.S. Constitution.  ECF 521, ¶ 7(b); ECF 515, Sec.V.A.2 & Sec.V.B.1.

<u>Superiority</u>.  A class action is a superior method for the fair and efficient resolution of this litigation considering the amenability of the claims to class treatment and the difficulty of bringing individual lawsuits to address the alleged harm.  ECF 521, ¶ 7(f); ECF 515, Sec.V.B.2.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court grant Plaintiffs' Motion and sign and enter the [Proposed] Order filed herewith: (1) granting final approval of the proposed Settlement; (2) certifying the Settlement Class for settlement purposes only; and (3) entering final judgment in this matter.

 Respectfully submitted,

Date: November 11, 2025

<u>/s/ Julie C. Erickson</u>
Julie C. Erickson (California Bar # 293111)
Elizabeth A. Kramer (California Bar # 293129)
Kevin M. Osborne (California Bar #261367)
*Pro Hac Vice*
Erickson Kramer Osborne LLP
959 Natoma St.
San Francisco, CA 94103
415-635-0631
julie@eko.law
elizabeth@eko.law
kevin@eko.law

<u>/s/ Heather Moore Collins</u>
Heather Moore Collins (# 026099)
Ashley Shoemaker Walter (#037651)
HMC Civil Rights Law, PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com

/s/ Vanessa Baehr-Jones  
Vanessa Baehr-Jones (California Bar # 281715)  
*Pro Hac Vice*  
Advocates for Survivors of Abuse PC  
4200 Park Boulevard No. 413  
Oakland, CA 94602  
510-500-9634  
vanessa@advocatesforsurvivors.com  

*Attorneys for Plaintiff and the Proposed Class*

# CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on November 11, 2025 to counsel of record:

K. Erickson Herrin
HERRIN, McPEAK & ASSOCIATES
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
erick@hbm-lawfirm.com
rachel@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com

*Attorneys to Defendant City of Johnson City, Tennessee*

Jonathan P. Lakey
Burch, Porter, & Johnson, PLLC
130 N. Court Ave.
Memphis, TN 38103
901-524-5000
jlakey@bpjlaw.com
mchrisman@bpjlaw.com

*Attorney to Defendant City of Johnson City, Tennessee*

*/s/ Julie C. Erickson*
Julie C. Erickson

18

Case 2:23-cv-00071-TRM-JEM   Document 538   Filed 11/11/25   Page 18 of 18
PageID #: 12110