IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

S.H., individually, and on behalf
of all others similarly situated,

    Plaintiffs,

v.                                                            No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE,

    Defendant.

_____/

## [PROPOSED] ORDER GRANTINGMOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement. Plaintiff S.H., individually and on behalf of the proposed settlement class ("Plaintiffs"), and Defendant City of Johnson City, Tennessee ("Defendant") have entered into a Settlement Agreement ("Settlement") that, if approved, would resolve this litigation.

The Court conducted a Fairness Hearing on this matter on January 6, 2026 (the "Fairness Hearing"). Based on the Fairness Hearing and after carefully considering the motion and the Settlement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, and good cause appearing, the Court has determined: (a) the Settlement is fair, reasonable, and adequate, is consistent with the public interest, and should be finally approved; (b) the Settlement Class will be certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (c) the Notice to the Class was directed in a reasonable

1

and sufficient manner; (d) the nature and scope of claims released,[1] as set forth in the Settlement, are reasonable and enforceable; (e) jurisdiction is reserved and continued with respect to the motion for attorney's fees, reimbursement of litigation expenses, and service awards; (f) jurisdiction is reserved and continued with respect to implementation and enforcement of the terms of the Settlement; (g) Plaintiff is appointed Class Representative; and (h) the law firms of Erickson Kramer Osborne LLP, HMC Civil Rights Law, PLLC, and Advocates for Survivors of Abuse PC are appointed as Class Counsel.

IT IS HEREBY ORDERED as follows:

1. The Court has jurisdiction over this litigation, Plaintiff, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement. Venue is proper in this Court.

2. All capitalized terms shall have the same meaning ascribed to them in the Settlement.

3. Pursuant to Rule 23(e), the Court hereby finds the Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

    a. Rule 23(e)(2)(A) is satisfied because the Plaintiff and Class Counsel have vigorously represented the Class.

    b. Rule 23(e)(2)(B) is satisfied because the Settlement was negotiated at arm's length by informed counsel acting in the best interests of their respective clients, under the close supervision of an experienced mediator.

---

[1] The released claims are defined in the Settlement Agreement, as set forth in Section 6.2 of the Agreement (hereinafter referred to herein as the "Released Claims").

c. Rule 23(e)(2)(C) is satisfied because the $4,200,000.00 in relief provided for the Class is adequate considering the costs, risks, and delay of trial and appeal. The settlement distribution comports with due process and optimizes payments to Settlement Class Members.

d. The non-monetary relief is a valuable and meaningful component of the Settlement and will require the Johnson City Police Department ("JCPD") to utilize improved policies and procedures with regard to reports of sexual assault.

e. Rule 23(e)(2)(D) is satisfied because every Settlement Class Member is eligible for an equal pro rata payment from the Settlement Fund. This method of distribution is consistent with the theory of class-wide liability and harm advanced in the litigation and represents a fair and efficient method of making payments to Settlement Class Members.

f. The Released Claims set forth in the Settlement are reasonable and appropriate in both nature and scope and are hereby incorporated and adopted herein by reference as if fully set forth and approved.

4. The Court certifies, for settlement purposes only, the following Class:

All women, including minors, who reported sexual assault[2] by any person to JCPD from January 1, 2018 to December 31, 2022.

---

[2] For purposes of this Order and the definition of "Class" or "Class Member", sexual assault is defined to include the following crimes: rape; sodomy; sex assault w/ object; forcible fondling; incest; and statutory rape.

5. The Court concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied for the Settlement Class. In support of this conclusion, the Court finds as follows:

    a. The number of Settlement Class Members, approximately 352 individuals, is too numerous for their joinder to be practicable. The Settlement Class Members' identities were ascertainable through Defendant's records.

    b. There are common questions of law and fact that predominate over individualized questions, including whether JCPD's alleged discriminatory practices were sufficiently widespread and pervasive to establish municipal liability against the City under 42 U.S.C. § 1983, and whether those practices violated the Equal Protection Clause of the U.S. Constitution. A class action was the superior method for the fair and efficient resolution of this litigation.

    c. The Court's findings in the Preliminary Approval Order with respect to Plaintiff S.H.'s adequacy and typicality are confirmed.

    d. The Court's findings in the Preliminary Approval Order with respect to Class Counsel are confirmed.

6. In making all the foregoing findings, the Court has exercised its discretion in certifying a Settlement Class.

7. The Court finds that due notice was given in accordance with the Preliminary Approval Order (ECF 521), and that the form and content of that Notice, and the procedures for disseminating notice, satisfy the requirements of Rule 23(e) and due process and constitute the best notice practicable under the circumstances.

8. Adequate notice of the proceedings was given to Class Members, with a full opportunity to participate in the fairness hearing. Therefore, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order and Judgment.

9. Defendant properly notified the appropriate state and federal officials of the Settlement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715 on May 28, 2025. *See* ECF 537.

10. The Court GRANTS final approval of the Settlement and DIRECTS the parties, and the Settlement Administrator to implement the Settlement according to its terms and conditions.

11. This litigation is dismissed with prejudice, and the Released Claims and Releasing Defendant's Claims are released as set forth in the Settlement.

12. This Final Approval Order shall have no force or effect on the persons who have validly excluded themselves from the Class. The person identified in **Exhibit B** to the Declaration of Susan Waskiewicz, incorporated herein by reference and filed separately under seal, requested exclusion from the Settlement Class as of the Objection and Opt-Out Deadline. This person shall not share in the benefits of the Settlement, and this Final Approval Order and Judgment does not affect her legal rights to pursue any claims she may have against Defendant. All other members of the Settlement Class are hereinafter barred and permanently enjoined from prosecuting any Released Claims against Defendant in any court, administrative agency, arbitral forum, or other tribunal.

13. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Defendant,

Defendant's agents or employees, or any other Released Party, or (c) any fault or omission of Defendant, Defendant's agents or employees, or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.

14. Neither the application for attorneys' fees, reimbursement of litigation expenses, and service awards, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from this Judgment. Without affecting the finality of this Judgment, the Court reserves jurisdiction with respect to the motion for attorneys' fees, reimbursement of litigation expenses, and service awards.

15. The motion for attorney's fees, reimbursement of litigation expenses, and service awards (the "Motion") was posted on the Settlement website as soon as it was filed. Settlement Class Members had the opportunity to comment on the Motion. The Court will enter a separate order on the Motion.

16. Without affecting the finality of this Judgment, the Court reserves and continues jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, and all other matters related to the administration, consummation, and interpretation of the Settlement and/or this Final Approval Order and Judgment, including any orders necessary to effectuate the final approval of the Settlement and its implementation.

17. No person will have any claim against Defendant, Defendant's agents or employees, Defendant's Counsel, Plaintiff, Class Counsel, any person designated by Class Counsel or the Settlement Administrator arising from or relating to actions, determinations or distributions made substantially in accordance with the Settlement or Orders of the Court.

18. If the Settlement does not become effective, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and,

in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement.

19. <u>Entry of Judgment</u>.  This Order shall constitute a final judgment.

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: _____  _____
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE