IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

S.H., individually, and on behalf
Of all others similarly situated,

    Plaintiffs,

v.                                                 No: 2:23-cv-00071-TRM-JEM

CITY OF JOHNSON CITY, TENNESSEE,

    Defendant.

_____/

### DECLARATION OF JULIE C. ERICKSON IN SUPPORT OF
### MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

    I, Julie C. Erickson, declare as follows:

1.     I am a founding partner of Erickson Kramer Osborne LLP and serve as class counsel for Plaintiff and the proposed settlement class in this action. I submit this declaration in support of Plaintiff's contemporaneously filed Motion for Final Approval of Class Action Settlement. I have personal knowledge of the facts set forth below and can testify to them competently if called upon to do so.

### THE SETTLEMENT BENEFITS

2.     As thoroughly described in my declaration filed in support of preliminary approval (ECF 516), the proposed Settlement resolves all claims in this matter and achieves the litigation goals of fair compensation to the Settlement Class and meaningful equitable relief to prevent discrimination on the basis of sex at the Johnson City Police Department.

3.     Under the Settlement, the City will pay $4.2 million to resolve the claims alleged in this litigation. As detailed in the Motion for Attorney's Fees, Reimbursement of Litigation Expenses

& Service Award for Class Representative and declaration in support thereof, both filed November 11, 2025, my colleagues and I estimate an average recovery of over $7,000 per Settlement Class Member.

4. The Settlement also provides equitable relief in the form of ongoing oversight into JCPD's practices with respect to sexual assault investigations. For two years following final approval, the City will provide Class Counsel quarterly audit reports completed by JCPD's Office of Professional Standards covering at least fifteen investigations conducted pursuant to the Department's revised protocol for investigating sex crimes. These audits will allow Class Counsel to monitor JCPD's compliance with the constitutional policing standards set forth in the revised protocol and, if necessary, seek relief from the Court.

## THE SETTLEMENT ACHIEVED PRELIMINARY APPROVAL

5. The Court thoroughly evaluated the merits of the Settlement, including through a robust and lengthy hearing held on June 24, 2025.

6. The Court concluded that the Settlement merited preliminary approval and entered an order on July 2, 2025, authorizing notice to the class, and among other things, setting a date for the Court to consider a motion for final approval of the settlement. ECF 521.

## NOTICE OF SETTLEMENT AND REACTION OF CLASS MEMBERS

7. On July 23, 2025, Court-appointed settlement administrator, JND Legal Administration ("JND"), mailed direct notice to class members. The details of the notice plan and its efficacy are detailed in the Declaration of Susan Waskiewicz of JND, filed contemporaneously herewith.

8. In addition to the outlined steps of the notice program, my colleagues and I worked to increase public awareness of the Settlement by providing information and interviews to local media outlets in Johnson City and the Tri-Cities area, including WCYB-TV and the Johnson City Press, which then published and circulated that information to the public.

9. As of November 7, 2025, only one class member has opted out[1] and zero have objected. Several class members expressed support and appreciation for the settlement in correspondence

---

[1] The name of the class member who opted out will be submitted to the Court under seal as Exhibit B to Ms. Waskiewicz's declaration.

and phone calls with class counsel. In my opinion and experience, and that of my colleagues and partners, this is an overwhelmingly positive reaction by class members to news of settlement.

## THE SETTLEMENT WARRANTS FINAL APPROVAL

10. Approval of the Settlement will confer immediate benefits on the Settlement Class, avoids lengthy and resource-heavy litigation, and conserves judicial resources.

11. In my opinion and experience, and that of my colleagues and partners, the consideration secured under the settlement provides reasonable, adequate, and fair relief to the members of the class and is in their best interest. The monetary relief is equal to or larger than similar cases involving constitutional claims against law enforcement agencies and represents meaningful recovery.

12. The equitable relief will also benefit class members—as well as other members of the public who might be sexually assaulted in the future—by helping to ensure the JCPD identifies and eliminates gender bias.

13. Plaintiff's Motion for Preliminary Approval and my declaration in support thereof provide significant evidentiary and legal support demonstrating the robustness of the benefits conferred by the settlement, especially considering the nature of the claims and defendant involved in the present matter.

14. There have been no factual developments since the Court issued its July 2, 2025 preliminary approval order that impact the fairness factors analyzed in Plaintiff's Motion for Preliminary Approval or in any way reduce the substantial weight with which the factors favor approval of the Settlement.

## FURTHER PROCEDURES FOR SETTLEMENT FUND DISTRIBUTION

15. If the Court grants final approval, the settlement will provide payments of at least $7,000, with an anticipated additional payment in an amount based on the amount of funds unclaimed in the initial distribution. Any minimal amount remaining in the settlement fund after all reasonable efforts to distribute to class members will go an appropriate *cy pres* beneficiary, subject to Court approval and by separate motion from Class Counsel after substantial exhaustion of the settlement fund.

16. Final approval and effectuation of the settlement will bring complete resolution to the litigation. A proposed order granting final approval is being filed contemporaneously herewith.

This document was executed in San Mateo, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and based upon my own personal knowledge, and that if called upon to testify, I could verify the accuracy of the same.

Dated: November 11, 2025

*/s/ Julie C. Erickson*
Julie C. Erickson (California Bar # 293111)
*Pro Hac Vice*
Erickson Kramer Osborne LLP
959 Natoma Street
San Francisco, CA 94103
415-635-0631
julie@eko.law

*Attorney for Plaintiff and the Proposed Settlement Class*

# **CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on November 11, 2025 to counsel of record:

K. Erickson Herrin
HERRIN, McPEAK & ASSOCIATES
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629
erick@hbm-lawfirm.com
rachel@hbm-lawfirm.com

Emily C. Taylor
WATSON, ROACH, BATSON & LAUDERBACK, P.L.C.
P.O. Box 131
Knoxville, TN 37901-0131
etaylor@watsonroach.com

*Attorneys to Defendant*
*City of Johnson City, Tennessee*

Jonathan P. Lakey
Burch, Porter, & Johnson, PLLC
130 N. Court Ave.
Memphis, TN 38103
901-524-5000
jlakey@bpjlaw.com
mchrisman@bpjlaw.com

*Attorney to Defendant*
*City of Johnson City, Tennessee*

> /s/ *Julie C. Erickson*
> Julie C. Erickson