UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| S.H., *individually, and on behalf of all others similarly situated*, | ) ) ) | Case No. 2:23-cv-71 |
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Jill E. McCook |
| CITY OF JOHNSON CITY, TENNESSEE, | ) ) ) | |
| *Defendant*. | ) | |

**ORDER**

Before the Court is Plaintiffs' motion for attorneys' fees, reimbursement of litigation expenses, and service award for the class representative (Doc. 543). For the following reasons the Court will **GRANT** the motion (*id.*).

**I.      ATTORNEYS' FEES**

When considering whether attorneys' fees are reasonable for class counsel, a court must determine if such fees are "reasonable under the circumstances." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (citation and internal quotations omitted). To determine if the fees requested are reasonable, a court should consider:

> (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides.

*Id.* (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

1

The Court finds that all of these factors weigh in favor of granting Plaintiffs' requested $1,400,000 in attorneys' fees. (*See* Doc. 543, at 2.) Each class member will receive "a monetary payment of at least $7,000," and Plaintiffs secured equitable relief "requiring ongoing, audit-based monitoring of [the Johnson City Police Department's] sexual assault investigations." (*Id.* at 3.) Plaintiffs' attorneys' took this matter on contingency, and the amount they seek is significantly lower than the lodestar calculation for their work. (*See id.* at 5; Doc. 544, at 4.) Further, this litigation was very complex, as evidenced by the work Plaintiffs' counsel completed prior to settlement. Plaintiffs' counsel represents that they issued over 70 subpoenas, reviewed 200,000 documents, took dozens of depositions, and engaged in substantial motions practice. (Doc. 543, at 6.) The voluminous record in this matter supports this representation. Additionally, society would benefit by an award of fees here, as it incentivizes other attorneys to tackle similarly complex cases. *See In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003) ("Encouraging qualified counsel to bring inherently difficult and risky but beneficial class actions . . . benefits society."). Lastly, the attorneys for both sides demonstrated sufficient skill and knowledge to justify the award Plaintiffs' request.

"When using the percentage-of-the-fund method, courts in the Sixth Circuit generally approve of awards that are one-third (1/3) of the total settlement," *Hunter v. Booz Allen Hamilton Inc.*, No. 2:19-CV-00411, 2023 WL 3204684, at *8 (S.D. Ohio May 2, 2023) (citation omitted), and Plaintiffs seek a one-third award here. (*See* Doc. 543, at 2.) For the foregoing reasons, a one-third award is eminently reasonable under the circumstances of this case.

## II. LITIGATION EXPENSES

When determining whether litigations expenses should be compensable from a common fund, courts may consider "whether the particular costs are the type routinely billed by attorneys

to paying clients in similar cases." *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 635 (W.D. Ky. 2006), *aff'd sub nom. Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (quoting *In re Cardizem*, 218 F.R.D. at 535). The expenses outlined by Plaintiffs' counsel (*see* Doc. 544, at 5) are those typically "incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related [activities]." *See id.* (quoting *In re Cardizem*, 218 F.R.D. at 535). Further, the amount Plaintiffs' seek ($39,783.66) is reasonable considering Plaintiffs' counsels' total expense and the effort expended in this case. (*See* Doc. 544, at 3–5.) Plaintiffs and their counsel have demonstrated that they are entitled to the $39,783.66 in litigation costs that they request from the common fund.

### III. SERVICE AWARD

Service awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *In re Se. Milk Antitrust Litig.*, No. 2:07-CV 208, 2012 WL 12875983, at *5 (E.D. Tenn. July 11, 2012) (quoting *Rodriguez v. West Publ'g. Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009)).

S.H., the class representative in this matter, exposed herself to significant hardship in representing the class. S.H. avers that she "provid[ed] detailed statements about [her] experience" and "actively participat[ed] in the discovery process." (Doc. 545, at 2.) S.H. responded to discovery request, produced documents, and sat for day-long deposition. (*See id.*) S.H. also explains:

> There was a significant emotional toll to acting as class representative, including the stress of bringing allegations against a local police department in an area where my family and I still have ties, and the stress of raising allegations relating to my perpetrator who remains a prominent figure in communities to which I

3

> continue to have connections. While I used a pseudonym in the case, I ultimately revealed my participation in the lawsuit to family members and friends because of the amount of time I was dedicating to the case and the associated mental and emotional stress.

(*Id.*) As this testimony makes clear, S.H. endured substantial risks and hardships in acting as the class representative in this action. As such, the $20,000 service award she seeks is warranted, particularly considering that other courts have granted similar awards. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 2016 WL 5122565, at *7 (S.D. Ohio Sept. 21, 2016) (approving two service awards of $25,000 each from a $3 million settlement); *Davidson v. Henkel Corp.*, 2015 WL 13034891, at *3 (E.D. Mich. Dec. 8, 2015) (approving $15,000 service award from a $3,350,000 settlement).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees, litigation expenses, and a service award (Doc. 543) is **GRANTED**. Plaintiffs' counsel is hereby **AWARDED** $1,400,000 in attorneys' fees and $39,783.66 for reimbursement of litigation expenses. S.H. is **AWARDED** $20,000 for her efforts as the class representative.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**